# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LIQWD, INC. and OLAPLEX LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-14-JFB-SRF |
| | ) | **REDACTED** |
| L'ORÉAL USA, INC., L'ORÉAL USA | ) | **PUBLIC VERSION** |
| PRODUCTS, INC., L'ORÉAL USA S/D, INC., | ) | |
| and REDKEN 5TH AVENUE NYC, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPENING BRIEF IN SUPPORT OF DEFENDANTS'
## RENEWED MOTION TO STAY PENDING POST-GRANT REVIEW

Of Counsel:

Dennis S. Ellis
Katherine F. Murray
Adam M. Reich
Paul Hastings LLP
515 South Flower Street, 25th Floor
Los Angeles, CA, 90071
(213) 683-6000

Naveen Modi
Joseph E. Palys
Daniel Zeilberger
Paul Hastings LLP
875 15th Street, N.W.
Washington, D.C., 20005
(202) 551-1990

Scott F. Peachman
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

Dated: July 31, 2018

Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
Jason J. Rawnsley (#5379)
Katharine L. Mowery (#5629)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
moyer@rlf.com
rawnsley@rlf.com
mowery@rlf.com

***Attorneys for Defendants***
*L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, LLC*

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES .................................................................................................. ii

I. STATEMENT OF NATURE AND STAGE OF THE PROCEEDINGS ......................... 1

II. SUMMARY OF ARGUMENT ..................................................................................... 2

III. BRIEF STATEMENT OF RELEVANT FACTS ........................................................... 3

    A. Plaintiffs' Complaint History ............................................................................. 3

    B. Plaintiffs' PI Motion .......................................................................................... 4

    C. The Board Found All Asserted Claims of the '419 Patent to be
       Unpatentable ...................................................................................................... 4

    D. The New PGR Petitions Challenge All Claims of the '954 Patent ...................... 5

IV. ARGUMENT .............................................................................................................. 5

    A. The PGRs Will Simplify Issues and Streamline Trial by Likely
       Eliminating Patent Infringement from the Case .................................................. 6

    B. A Stay Will Not Unduly Prejudice Plaintiffs ...................................................... 10

       1. The Prompt Timing of Defendants' PGR Petitions and Requests
          for Stay Weigh in Favor of Defendants .................................................. 10

       2. The Stage and Duration of the PGRs Will Not Unduly Prejudice
          Plaintiffs .............................................................................................. 12

       3. The Relationship Between Plaintiffs and Defendants Favors a Stay ....... 13

    C. The Early Stage of Litigation Favors a Stay ....................................................... 14

    D. The Remaining Causes of Action Do Not Counsel Against a Stay ..................... 15

V. CONCLUSION .......................................................................................................... 16

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Adidas AG v. Nike, Inc.*,
No. 18-1180 (Fed. Cir. July 2, 2018)........................................................................9

*BodyMedia, Inc. v. Basis Set, Inc.*,
No. 12–CV–133(GMS), 2013 U.S. Dist. LEXIS 82830 (D. Del. Jun. 6, 2013)....................10

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*,
No. 12-1107 (GMS), 2014 WL 1369721 (D. Del. Apr. 7, 2014) .................................... *passim*

*Boston Scientific Corp, v. Cordis Corp.*,
777 F. Supp. 2d 783 (D. Del. 2011)........................................................................10

*Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1988).............................................................................5

*Husqvarna AB v. Toro Co.*,
No. 15-856-SLR, 2016 WL 5213904 (D. Del. Sept. 20, 2016) ................................................13

*L'Oréal USA, Inc. v. Liqwd, Inc.*,
No. PGR2017-00012, Paper 17 (P.T.A.B. Jul. 19, 2017).........................................5, 11

*L'Oréal USA, Inc. v. Liqwd, Inc.*,
No. PGR2017-00012, Paper 2 (P.T.A.B. Jan. 13, 2017) ................................................4, 5, 11

*L'Oréal USA, Inc. v. Liqwd, Inc.*,
No. PGR2018-00023, Paper 1 (P.T.A.B. Jan. 31, 2018) ...............................................5

*L'Oréal USA, Inc. v. Liqwd, Inc.*,
No. PGR2018-00024, Paper 4 (P.T.A.B. Jan. 31, 2018) ...............................................5

*L'Oréal USA, Inc. v. Liqwd, Inc.*,
No. PGR2018-00025, Paper 4 (P.T.A.B. Feb. 1, 2018).................................................5

*Liqwd, Inc. v. L'Oréal USA, Inc.*,
720 F. App'x 623 (Fed. Cir. 2018) .........................................................................4

*Liqwd, Inc. v. L'Oréal USA, Inc.*,
Case No. 16-cv-8708-R-AFM (C.D. Cal. Nov. 22, 2016)..............................................3

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
No. 12-1744 (GMS), 2013 WL 3353984 (D. Del. July 2, 2013)................................5, 7, 8, 14

*Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*,
No. 12-1461 (LPS), 2014 WL 3819458 (D. Del. Jan. 15, 2014).................................... *passim*

*Riverbed Tech. Inc. v. Silver Peak Sys. Inc.*,
No. 1:11-cv-00484-RGA, D.I. 170, slip op. (D. Del. Sept. 11, 2013) .....................................13

*Round Rock Research LLC v. Dole Food Co.*,
Nos. 11-1239-RGA, 11-1241-RGA, 11-1242-RGA,
2012 WL 1185022 (D. Del. Apr. 6. 2012) ..............................................................................10

*SAS Institute, Inc. v. Iancu*,
138 S. Ct. 1348 (2018) ............................................................................................................9

*Sirona Dental Sys. GmbH v. Dental Wings Inc.*,
C.A. No. 14-00460, D.I. 67 (D. Del. Mar. 22, 2016) ............................................................15

*Softview LLC v. Apple Inc.*,
No. 10-389-LPS, 2013 WL 4757831 (D. Del. Sep. 4, 2013) ................................................14

*Tinnus Enters., LLC v. Telebrands Corp.*,
No. 6:15-CV-551-RC-JDL, 2017 WL 379471 (E.D. Tex. Jan. 24, 2017) ...............................6

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014) .............................................................................................15

*Wall Corp. v. BondDesk Grp., L.L.C.*,
No. 07-844 (GMS), 2009 WL 528564 (D. Del. Feb. 24, 2009) .............................................10

*Wi-LAN, Inc. v. LG Elecs., Inc.*,
No. 3:17-cv-00358-BEN-MDD, 2018 WL 2392161 (S.D. Cal. May 22, 2018) ......................9

**Statutes**

35 U.S.C. § 326 ......................................................................................................................12

**Other Authorities**

37 C.F.R. § 42.200(c) ............................................................................................................9, 12

77 Fed. Reg. 48,756, 48768 (Aug. 14, 2012) ...........................................................................12

*Guidance on the Impact of SAS on AIA Trial Proceedings* (Apr. 26, 2018),
*available at* https://www.uspto.gov/patents-application-process/patent-trial-
and-appeal-board/trials/guidance-impact-sas-aia-trial (last visited July 31,
2018) .........................................................................................................................................9

# I. STATEMENT OF NATURE AND STAGE OF THE PROCEEDINGS

Defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, LLC (collectively, "Defendants") respectfully renew their motion to stay this litigation pending the outcome of several post-grant review ("PGR") proceedings at the Patent Trial and Appeal Board ("Board"). Defendants previously moved to stay this case, which the Court denied on April 23, 2018. (D.I. 234; *see also* D.I. 186.) The Court explained that "the PGR proceeding instituted by the PTAB does not address the '954 patent," "will not resolve or advance the trade secret and breach of contract claims at issue in this case," and that "Olaplex would suffer substantial prejudice from a stay because Olaplex and defendants are direct competitors in a two-player market, and Olaplex has faced price pressures and declining revenues as a result of the allegedly infringing conduct, causing it to suffer irreparable harm." (D.I. 186 at 50; D.I. 234 at 6-7.) However, since the Court last considered a stay, several significant events have occurred. First, the Board issued a final decision finding all of the asserted claims of U.S. Patent No. 9,498,419 ("the '419 patent") unpatentable. Second, Plaintiffs LIQWD, Inc. and Olaplex LLC (collectively, "Plaintiffs") characterized the other asserted patent, U.S. Patent No. 9,668,954 ("the '954 patent"), as *broader* than the '419 patent (D.I. 126 at 2, 5-6), suggesting that the Board will likewise find the asserted claims of the '954 patent unpatentable in three parallel PGR proceedings. And third, Plaintiffs' past claims of prejudice have turned out to be based on incorrect information.

Because Plaintiffs have focused the case on their motion for a preliminary injunction ("PI Motion") based on purported infringement of the now-determined-to-be-invalid '419 patent, (D.I. 318), this case is still at an early stage. Plaintiffs just recently received approval to amend their complaint (D.I. 234), document production does not close until November 5, 2018 (D.I. 192 at 4), the *Markman* hearing is not scheduled until November 8, 2018 (*id.* at 9-10), and trial is not

scheduled until July 15, 2019 (*id.* at 12). As such, and as explained in more detail below, staying this litigation to await the remaining Board decisions and any appeals by Plaintiffs will significantly simplify issues and conserve the Court's and the parties' resources without causing any undue prejudice to Plaintiffs.

## II.     SUMMARY OF ARGUMENT

1.     This motion for a stay should be granted in view of the Board's recent June 27, 2018 decision finding unpatentable claims 1-8 and 10 of the '419 patent (which includes all asserted '419 patent claims). To date, Plaintiffs have focused their litigation efforts on their demand for a preliminary injunction, which is entirely based on alleged infringement of the '419 patent. And given Plaintiffs' own assertion regarding the similarity of the asserted (and challenged) patent claims, the Board will likely also find the claims in the '954 patent to be unpatentable. Without a stay, Defendants and the Court will be burdened with litigating patent claims that either already have been found unpatentable or are likely to be held unpatentable.

2.     Recent evidence revealed during briefing on Plaintiffs' PI Motion also favors a stay. In particular, it became clear through discovery that Plaintiffs' market expert, Dr. Nisha Mody, based her analysis of irreparable harm on faulty data. (*See* D.I. 266; D.I. 308.) Based on an analysis of the newly-provided corrected data, Olaplex has not suffered the predicted harm in relation to the denial of its PI Motion. (*See* D.I. 271.) Thus, Olaplex will not face any undue prejudice from a temporary stay that is likely to entirely eliminate patent infringement claims from this case.

3.     The early stage of litigation also favors a stay. Discovery is ongoing, the scheduled *Markman* hearing date is four months away, and the scheduled trial date is a year away. (D.I. 192.) Moreover, Defendants' motion to dismiss Plaintiffs' Second Amended Complaint ("SAC") is still pending. (D.I. 302, 303.) The parties and the Court have not

expended resources on extensive claim construction issues, and the parties will still need to complete time-consuming discovery.

## III.    BRIEF STATEMENT OF RELEVANT FACTS

### A.    Plaintiffs' Complaint History

On November 22, 2016, Plaintiffs filed a complaint alleging, *inter alia*, patent infringement of the '419 patent in the Central District of California against Defendants. *See Liqwd, Inc. v. L'Oréal USA, Inc.*, Case No. 16-cv-8708-R-AFM (C.D. Cal. Nov. 22, 2016). After Defendants sent Plaintiffs a letter identifying deficiencies in the California Complaint, Plaintiffs dismissed their complaint and re-filed their case under seal in the District of Delaware on January 5, 2017, adding additional causes of action. (*See* D.I. 2.)

On March 20, 2017, Plaintiffs filed a First Amended Complaint ("FAC") (their third complaint), attempting to add L'Oréal S.A. as a party. (*See* D.I. 53.) However, L'Oréal S.A. was later dismissed from the case. (D.I. 186 at 41-45; D.I. 234 at 3-7.)

On June 21, 2017, Plaintiffs moved for leave to file the SAC—their fourth complaint. (*See* D.I. 126.) The SAC added new induced infringement allegations for the '419 patent and new infringement allegations for a second patent: U.S. Patent No. 9,668,954 ("the '954 patent"), infringement contentions which Plaintiffs characterized as "nearly identical to the claim on the '419 Patent with the sole substantive difference being that the '954 Patent does not include the 'hair coloring agent' claim term that is present and disputed in the claims of the '419 Patent." (*See* D.I. 126 at 5-6; *id.* at Ex. 2, ¶¶ 111, 116-139; D.I. 262, ¶¶ 110, 115-138.) On April 23, 2018, this Court granted Plaintiffs leave to file their SAC (D.I. 234), which Plaintiffs filed on May 14, 2018 (D.I. 262). Defendants recently moved to dismiss the SAC. (*See* D.I. 302, 303, 304, 334, 335, 343, 344.) That motion remains pending.

3

**B. Plaintiffs' PI Motion**

Following their initial complaint filings, Plaintiffs filed their PI Motion on January 17, 2017 based solely on Defendants' alleged infringement of the '419 patent. (*See* D.I. 15.) On July 6, 2017, this Court denied Plaintiffs' PI Motion, finding that Plaintiffs failed to demonstrate a likelihood of success in proving that Defendants infringed the '419 patent. (*See* D.I. 135, ¶¶ 8, 13-14.) On appeal, the Federal Circuit vacated this Court's findings of non-infringement and denial of the PI Motion as based on an erroneous claim construction and remanded. *Liqwd, Inc. v. L'Oréal USA, Inc.*, 720 F. App'x 623, 633 (Fed. Cir. 2018). Plaintiffs filed a renewed motion for preliminary injunction on April 26, 2018. (D.I. 239; D.I. 240.) During discovery related to the renewed PI Motion, it became apparent that the declarations of Plaintiffs' market expert, Dr. Mody, were based on faulty data and assumptions, and thus Defendants moved to strike Dr. Mody's unreliable declarations. (*See* D.I. 266; D.I. 308; D.I. 271 ¶ 15.) As Defendants' expert, Mr. Shoettelkotte, explained, Olaplex has not suffered the irreparable harm that Dr. Mody predicted (based on questionable data). (D.I. 271 ¶¶ 14-44.) Indeed, Olaplex's pricing has remained constant and its revenues ███████████████ (*Id.* ¶¶ 15-27.) The Court heard arguments on Plaintiffs' renewed PI Motion on June 21, 2018. (D.I. 232.)

**C. The Board Found All Asserted Claims of the '419 Patent to be Unpatentable**

Shortly after Plaintiffs filed their first complaint with this Court, Defendants filed a PGR petition challenging the patentability of claims 1-8 and 10 of the '419 patent, encompassing all asserted claims. *L'Oréal USA, Inc. v. Liqwd, Inc.*, No. PGR2017-00012, Paper 2 (P.T.A.B. Jan. 13, 2017). (*See* D.I. 2, ¶¶ 98, 100-102; D.I. 53, ¶¶ 106, 108-111; D.I. 126 at Ex. 1, ¶¶ 108, 110, 112, 113; D.I. 262, ¶¶ 107, 109-112.) On July 19, 2017, the PTAB instituted review of all challenged claims, finding that these claims "are more likely than not to be unpatentable as

obvious." *L'Oréal USA, Inc. v. Liqwd, Inc.*, No. PGR2017-00012, Paper 17 at 19, 26-27 (P.T.A.B. Jul. 19, 2017). After the PTAB instituted review, Defendants promptly moved for a stay with this Court on August 17, 2017. (D.I. 150; D.I. 151.) On April 23, 2018, however, the Court denied that stay motion. (D.I. 234; *see also* D.I. 186.) On June 27, 2018, the Board held all challenged claims (1-8 and 10) of the '419 patent to be unpatentable. (*See* D.I. 318; D.I. 339.)

### D. The New PGR Petitions Challenge All Claims of the '954 Patent

After Plaintiffs sought leave to amend their complaint to add allegations of infringement of the '954 patent, but before this Court granted leave to file another amended complaint, L'Oréal USA filed three PGR petitions each challenging the patentability of all claims (1-30) of the '954 patent. *L'Oréal USA, Inc. v. Liqwd, Inc.*, No. PGR2018-00023, Paper 1 (P.T.A.B. Jan. 31, 2018); *L'Oréal USA, Inc. v. Liqwd, Inc.*, No. PGR2018-00024, Paper 4 (P.T.A.B. Jan. 31, 2018); *L'Oréal USA, Inc. v. Liqwd, Inc.*, No. PGR2018-00025, Paper 4 (P.T.A.B. Feb. 1, 2018). Institution decisions are due in these three PGR proceedings by no later than August 21, 2018.

## IV. ARGUMENT

"A decision to stay litigation lies within the sound discretion of the court and represents an exercise of the court's 'inherent power to conserve judicial resources by controlling its own docket.'" *Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-1744 (GMS), 2013 WL 3353984, at *1, *5 (D. Del. July 2, 2013) (granting stay because the "*inter partes* review petition offers an opportunity for substantial issue simplification, and the fact that this case remains in its earliest stages only increases the prospect that a stay pending review will advance the interests of judicial economy"); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Indeed, the benefits of staying litigation pending resolution of a PTAB proceeding have not been lost on courts in this district, especially where litigation is in its early stages. *See Bonutti Skeletal*

*Innovations, L.L.C. v. Zimmer Holdings, Inc.*, No. 12-1107 (GMS), 2014 WL 1369721 (D. Del.

Apr. 7, 2014); *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, No. 12-1461 (LPS),

2014 WL 3819458, at *4 (D. Del. Jan. 15, 2014) (granting stay where the most significant case

events—*i.e.*, *Markman* hearing, completion of expert discovery, and filing of case dispositive

motions—had not yet occurred).

In determining whether to enter a stay pending resolution of a post-grant proceeding,

courts consider the following factors:

> (1) whether a stay will simplify the issues in question and trial of
> the case;
>
> (2) whether a stay would unduly prejudice or present a clear
> tactical disadvantage to the non-moving party; and
>
> (3) whether discovery is complete and [a] trial date has been set.

*Bonutti Skeletal Innovations*, 2014 WL 1369721, at *2 (citations omitted); *see also Tinnus*

*Enters., LLC v. Telebrands Corp.*, No. 6:15-CV-551-RC-JDL, 2017 WL 379471, at *2 (E.D.

Tex. Jan. 24, 2017) (considering the same standard in granting a stay pending PGR).  All three

factors strongly favor a stay in this case.

### A.    The PGRs Will Simplify Issues and Streamline Trial by Likely Eliminating Patent Infringement from the Case

The potential for issue simplification weighs strongly in favor of granting a stay.  Courts

in this district have acknowledged the potential for issue simplification where the asserted claims

are subject to a post-grant proceeding, such as a reexamination, IPR, and PGR.  For example, in

*Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, the Court set forth the many

important ways granting a stay can simplify issues:

> (1) all prior art presented to the court at trial will have been first
> considered by the PTO with its particular expertise, (2) many
> discovery problems relating to the prior art can be alleviated, (3) if
> patent is declared invalid, the suit will likely be dismissed, (4) the
> outcome of the reexamination may encourage a settlement without

> further involvement of the court, (5) the record of the reexamination would probably be entered at trial, reducing the complexity and the length of the litigation, (6) issues, defenses, and evidence will be more easily limited in pre-trial conferences and (7) the cost will likely be reduced both for the parties and the court.

*Id.* at \*5 (citing *Neste*, 2013 WL 3353984, at \*4); *see also Princeton Digital Image Corp.*, 2014 WL 3819458, at \*2.

The potential for issue simplification is particularly great in this case. The '419 patent PGR already held unpatentable every asserted claim (and other claims) of the '419 patent, and the result of the '954 patent PGRs is likely to be the same. This is evidenced by Plaintiffs' concession that "[t]he sole substantive difference between the two patents is that the '954 patent does not include the 'hair coloring agent' claim term that is present and disputed in the claims of the '419 patent." (D.I. 126 at 2, 5-6.) For the Court's convenience, a comparison of claim 1 of the newly-added '954 patent and claim 1 of the originally-asserted '419 patent (which has now been found unpatentable) is shown below:

| '954 Patent Claim 1 | '419 Patent Claim 1 (Found Unpatentable) |
|---|---|
| A method for bleaching hair comprising: | A method for bleaching hair comprising: |
| (a) mixing a bleach powder and a developer to form a bleaching formulation; | |
| (b) mixing an active agent formulation comprising an active agent with the bleaching formulation to form a mixture, wherein the active agent is maleic acid; and | (a) mixing a formulation comprising an active agent with a bleaching formulation, wherein the active agent has the formula $$O = \overset{\overset{\displaystyle OH}{|}}{C} \diagup \overset{\diagdown}{=} \diagup \overset{\overset{\displaystyle O}{\|}}{C} {-} OH$$ or salts thereof; and |

| (c) applying the mixture to the hair; | (b) applying the mixture to the hair; |
| wherein the active agent in the mixture is at a concentration ranging from about 0.1% by weight to about 50% by weight. | wherein the active agent in the mixture is at a concentration ranging from about 0.1% by weight to about 50% by weight; and |
| | wherein the mixture does not contain a hair coloring agent. |

(D.I. 262 at Ex. A at 25:42-26:5; *id.* at Ex. B at 25:58-67.)

Assuming the PTAB's final written decisions in the '954 patent PGRs will be consistent with the decision in the '419 PGR, which should be expected due to the admitted similarity of the claims, the PTAB determinations will entirely eliminate the issue of patent infringement from this case. (*See, e.g.*, D.I. 2, ¶¶ 98, 100-102 (original complaint asserting infringement of the '419 patent); D.I. 53, ¶¶ 106, 108-110 (FAC, same); D.I. 126 at Ex. 1, ¶¶ 108, 110, 112, 113 ([proposed] SAC adding allegations for the '954 patent); D.I. 262, ¶¶ 107, 109-112, 132, 134-136 (SAC including allegations of infringement of the '419 and '954 patents).)

To the extent the Court rules on this motion before the '954 PGRs are instituted, that should not preclude a stay. Courts in this district have granted stays pending PTAB review for potential issue simplification even where the petitions had not yet been instituted. *See, e.g., Princeton Digital Image Corp.*, 2014 WL 3819458, at *2 (granting a motion to stay when 34 of 43 challenged claims were at issue); *Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-cv-1744-GMS, 2013 WL 3353984, at *5 (D.Del. July 2, 2013). Compared to *Princeton Digital Image*, the PGRs here offer a greater likelihood and wider scope of potential issue simplification because (1) the PGR of the (admittedly similar) '419 patent has already rendered a final decision

of unpatentability and (2) every claim in the '954 patent is challenged in each of the PGR petitions. Additionally, due to the Supreme Court's decision in *SAS Institute, Inc. v. Iancu*, 138 S. Ct. 1348 (2018), the PTAB is now required to include all challenged claims when review is instituted. *See Wi-LAN, Inc. v. LG Elecs., Inc.*, No. 3:17-cv-00358-BEN-MDD, 2018 WL 2392161, at *2 (S.D. Cal. May 22, 2018) (staying case before institution of IPR proceedings in light of *SAS* even though "review is not guaranteed and, therefore, the benefits of review are only speculative at this juncture"). Furthermore, both the PTO and the Federal Circuit have now presented their view that not only all *claims* must be considered, but all also *grounds* on all challenged claims. *See Guidance on the Impact of SAS on AIA Trial Proceedings* (Apr. 26, 2018), *available at* https://www.uspto.gov/patents-application-process/patent-trial-and-appeal-board/trials/guidance-impact-sas-aia-trial (last visited July 31, 2018); *Adidas AG v. Nike, Inc.*, No. 18-1180 (Fed. Cir. July 2, 2018). Thus it is highly likely that all claims of the '954 patent will be subject to review at the PTAB.

Further, because the upcoming PGR proceedings will involve discovery, such as the direct and cross-examination testimony of experts (37 C.F.R. § 42.224), the positions of the parties relating to the patentability of the challenged claims in the '954 patent will be clarified. Such insight will simplify issues in this case for the parties and the Court. And even in the unlikely event that one or more claims survive the PGRs, a stay would still simplify issues for trial because the PGR would at least simplify some of Defendant's invalidity defenses. In contrast, forcing the parties to litigate issues relating to the '419 and '954 patents in parallel with the PGRs will make the case even more complex, and could lead to inconsistent findings. Indeed, judicial and party resources would be wasted if the parties and the Court address the construction, validity, and infringement of patent claims that have either already been found

unpatentable, or could ultimately be cancelled by the PTAB, amended or disclaimed by Plaintiffs, or affected by cancellation or disclaimer of other asserted claims. *See Round Rock Research LLC v. Dole Food Co.*, Nos. 11-1239-RGA, 11-1241-RGA, 11-1242-RGA, 2012 WL 1185022, at *1 (D. Del. Apr. 6. 2012). In contrast, a stay would conserve the Court's and the parties' resources. For instance, if the asserted claims of the '954 patent are deemed unpatentable (similar to the claims in the '419 patent), those claims will be removed from the case, thereby eliminating infringement and invalidity issues from being litigated.

Thus, issue simplification is highly likely and strongly favors a stay.

**B.     A Stay Will Not Unduly Prejudice Plaintiffs**

In determining whether a plaintiff would suffer undue prejudice, courts consider: (a) the timing of the request for post-grant review and the request for stay; (b) the status of the review proceeding; and (c) the relationship between the parties. *Bonutti Skeletal Innovations*, 2014 WL 1369721, at *2 (citing *Boston Scientific Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011)). Although staying a case pending a PGR may prolong a dispute, potential delay, by itself, does not establish undue prejudice. *See Bonutti Skeletal Innovations*, 2014 WL 1369721, at *2 (citing *BodyMedia, Inc. v. Basis Set, Inc.*, No. 12–CV–133(GMS), 2013 U.S. Dist. LEXIS 82830, at *4 (D. Del. June 6, 2013)); *see also Wall Corp. v. BondDesk Grp., L.L.C.*, No. 07-844 (GMS), 2009 WL 528564, at *2 (D. Del. Feb. 24, 2009) (finding delay from PTO reviews "does not, by itself, amount to undue prejudice") (citation omitted). As explained below, Plaintiffs will suffer no undue prejudice by staying this case.

**1.     The Prompt Timing of Defendants' PGR Petitions and
        Requests for Stay Weigh in Favor of Defendants**

Defendants quickly petitioned for PTO review in response to Plaintiffs' infringement allegations, and expeditiously moved for a stay before this Court. "The more diligent a

defendant is in seeking *inter partes* review [here PGR], the less likely it is that the non-movant will be prejudiced by a stay or that the court will find the defendant's filing of the IPR petition to be a dilatory tactic." *Bonutti Skeletal Innovations*, 2014 WL 1369721, at *2. Neither the timing of the PGR petitions nor the motions to stay suggest a dilatory or improper motive to gain a tactical advantage.

For the '419 patent, Plaintiffs filed their first complaint in the District of Delaware on January 5, 2017. (D.I. 2.) That same month, on January 31, 2017, Defendants filed a PGR petition challenging claims 1-8 and 10 of the '419 patent. PGR2017-00012, Paper 2. Defendants also promptly filed a motion to stay on August 17, 2017, only four weeks after the PTAB instituted review. *See* PGR2017-00012, Paper 17. (D.I. 150; D.I. 151.)

The '954 patent issued on June 6, 2017, and on June 15, 2017, Plaintiffs sought to add allegations of infringement of the '954 patent to this case. (D.I. 126.) Before this Court had decided whether to grant Plaintiffs leave to add the '954 patent to this case, Defendants filed three PGR petitions challenging the '954 patent—two on January 31, 2018 and one on February 1, 2018. *See L'Oréal USA, Inc. v. Liqwd, Inc.*, Nos. PGR2018-00023, -00024, -00025 (P.T.A.B.).

On June 27, 2018, the Board issued its Final Written Decision in PGR2017-00012 finding all challenged claims of the '419 patent to be unpatentable. In light of this development—and due to the admitted similarities between the previously-asserted '419 patent claims and newly-asserted '954 patent claims—Defendants promptly filed this renewed motion to stay the case. Thus, the early filing of the PGR petitions and requests for stay weigh in favor of Defendants.

## 2. The Stage and Duration of the PGRs Will Not Unduly Prejudice Plaintiffs

For this factor, the Court examines the current status of the PGR proceeding, and whether the expected duration of the PGR proceeding will likely prejudice the plaintiff. *Princeton Digital Image Corp.*, 2014 WL 3819458, at *5. Due to the one-year statutory deadline for rendering a final decision on PGR petitions, this District has considered post-grant proceedings to be "a more expeditious process," "which merits weight in this analysis." *See id.* (internal quotation marks omitted). Here, given the pace at which this case is proceeding, a stay would not cause any prejudicial delay to Plaintiffs. This litigation has not significantly progressed, largely because Plaintiffs funneled their efforts into pursuing a PI motion based solely on infringement of patent claims that have now been held unpatentable by the PTO.

Although the PTAB has not yet instituted the three PGR proceedings on the '954 patent, institution decisions are expected by no later than August 21, 2018. Defendants expect favorable institution decisions in at least one of the '954 patent PGRs—each of which challenges every claim in the '954 patent—due to the admitted similarity to the '419 patent claims, which were recently held unpatentable. (*See* D.I. 126 at 2, 5-6.) If instituted, final written decisions in those PGRs would be expected by no later than August 21, 2019 (i.e., one year from the deadline for institution). *See* 37 C.F.R. § 42.200(c); 35 U.S.C. § 326; 77 Fed. Reg. 48,756, 48768 (Aug. 14, 2012).

Plaintiffs would not be prejudiced by also waiting for the '954 patent PGRs to run their course because, like the public, this Court, and Defendants, Plaintiffs will benefit from the timely resolution of important patentability issues regarding the newly-asserted '954 patent. Also, Plaintiffs are directly involved in the PGRs and will be able to continue litigating their positions before the PTAB. Forcing the parties and the Court to litigate the same issues in parallel with

the PTAB proceeding would be prejudicial to all stake holders, including the public.

### 3. The Relationship Between Plaintiffs and Defendants Favors a Stay

Because both "parties are competitors that have aggressively pursued their respective legal options to further their respective business interests," Plaintiffs are no more disadvantaged by a stay than Defendants. *Husqvarna AB v. Toro Co.*, No. 15-856-SLR, 2016 WL 5213904, at *1 (D. Del. Sept. 20, 2016). In *Husqvarna*, although the parties were competitors, the Court found a stay pending a promptly filed reexamination would not disproportionately prejudice the plaintiff. *Id.* Even where the parties are competitors and the court finds some prejudice to the plaintiff, such prejudice is not undue provided the motion for post-grant proceedings and motion for stay were not unnecessarily delayed, as is the case here. *See Riverbed Tech. Inc. v. Silver Peak Sys. Inc.*, No. 1:11-cv-00484-RGA, D.I. 170, slip op. at 1 (D. Del. Sept. 11, 2013).

Contrary to Plaintiffs' repeated protestations, the evidence shows Plaintiffs have not been prejudiced by this Court's previous denial of Plaintiffs' PI motion (based on patent claims that have now been found unpatentable) and Plaintiffs would not be prejudiced by a stay pending the (likely similar) outcome in the '954 patent PGRs. Although Plaintiffs' presentation of erroneous arguments and faulty data (D.I. 268 at 15-16; *id.* D.I. 271 ¶ 15) earlier persuaded the Court that "Olaplex will continue to face price pressures and declining revenues based upon competition by the accused products" (D.I. 135 ¶ 22; D.I. 186 at 50; D.I. 234), this never happened. In fact, during the time since the Accused Products have been on the market, Olaplex's pricing has remained steady and its revenues ███████████. (D.I. 268 at 16-17; D.I. 271 ¶¶ 15-18, 21-27; D.I. 313 at 8-10.)

Thus, Plaintiffs would face no undue prejudice from a stay pending the result of the PGRs of the '954 patent and the final disposition of the '419 patent, whose claims have now been found unpatentable.

## C. The Early Stage of Litigation Favors a Stay

The early stage of litigation also weighs in favor of granting a stay. *Princeton Digital Image Corp.*, 2014 WL 3819458, at *3 ("Granting such a stay early in a case can be said to advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims") (internal quotation omitted); *see also Bonutti Skeletal Innovations*, 2014 WL 1369721, at *6; *Neste*, 2013 WL 3353984, at *5.

Although this case was first filed in this Court more than a year and a half ago, its age does not correspond to its maturity. The main contributor to this case's stunted growth is the actions of Plaintiffs in their single-minded pursuit of a preliminary injunction to prevent the infringement of patent claims that have now been held unpatentable. Thus far, no briefing on full claim interpretations has yet occurred[1] and the Court has not expended extensive resources conducting a *Markman* hearing dealing with all claim construction issues.[2] *See Princeton Digital Image Corp.*, 2014 WL 3819458, at *4 (granting stay where the most significant case events—*i.e.*, a *Markman* hearing, the completion of expert discovery, and the filing of case-dispositive motions—had not occurred); *Softview LLC v. Apple Inc.*, No. 10-389-LPS, 2013 WL 4757831, at *1 (D. Del. Sept. 4, 2013) (granting a stay pending IPR despite that fact discovery

---

[1] While the PI Motion involved construction issues of one claim term, the resolution of all relevant claim construction issues has not begun. (*See, e.g.*, D.I. 135.)

[2] If instituted, the records of the PGR proceedings will themselves constitute intrinsic evidence, which is a further reason to grant a stay pending the completion of those proceedings so that the Court could, if ultimately necessary, construe claims with the most complete record available. This is especially important in light of positions taken by Plaintiffs in the PTO that bear on this litigation. *See* Op. Br. of Defs. in Support of Mot. to Dismiss Am. Compl., D.I. 304 at 9–10, 14 (discussing testimony of Plaintiffs' expert in PGR proceedings).

and the *Markman* process were complete, noting that the IPR would likely be complete by the time case dispositive motions are filed); *Sirona Dental Sys. GmbH v. Dental Wings Inc.*, C.A. No. 14-00460, D.I. 67, at 24 (D. Del. Mar. 22, 2016) (granting a stay because the case was "still in the early stages," though dates for *Markman* and trial had been set). Additionally, as explained below, the other causes of action have not meaningfully progressed.

Thus, the lack of substantive movement regarding Plaintiffs' claims also weighs in favor of a stay.

### D. The Remaining Causes of Action Do Not Counsel Against a Stay

Plaintiffs would not be prejudiced by a limited duration stay of the remaining causes of action pending final PGR disposition, particularly considering Plaintiffs have thus far demonstrated no real urgency for those claims, instead focusing their efforts on patent infringement issues. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) ("[T]he fact that it was not worth the expense to ask for this remedy [PI] contradicts [plaintiff's] assertion that it needs injunctive relief as soon as possible.").

Furthermore, the breach of contract and trade secret causes of action asserted by Plaintiffs remain in their infancy, having been neglected by Plaintiffs. (*See, e.g.*, D.I. 285 at 5 (Olaplex admitting that "L'Oréal's [alleged] theft of Olaplex's trade secrets has not yet been materially litigated").) Substantively, recent testimony demonstrates the weakness in Plaintiffs' trade secret misappropriation claim. Particularly, L'Oréal USA's representative testified that ███████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████ (D.I. 313 SP Decl. Ex. G at 18:12-19:2, 23:12-24:21, 25:17-21, 39:11-15, 88:19-89:8, 91:7-13, 94:17-22.)

## V. CONCLUSION

For the foregoing reasons, Defendants request that the Court stay this case pending final

resolution of the PGR of the '419 patent (Case No. PGR2017-00012) and PGRs of the '954

patent (Case Nos. PGR2018-00023, -00024, -00025), including all appeals.


Of Counsel:

Dennis S. Ellis
Katherine F. Murray
Adam M. Reich
Paul Hastings LLP
515 South Flower Street, 25th Floor
Los Angeles, CA, 90071
(213) 683-6000

Naveen Modi
Joseph E. Palys
Daniel Zeilberger
Paul Hastings LLP
875 15th Street, N.W.
Washington, D.C., 20005
(202) 551-1990

Scott F. Peachman
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000


Dated: July 31, 2018

*/s/ Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
Jason J. Rawnsley (#5379)
Katharine L. Mowery (#5629)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
moyer@rlf.com
rawnsley@rlf.com
mowery@rlf.com

***Attorneys for Defendants***
*L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2018, true and correct copies of the foregoing document were caused to be filed with the Clerk of Court via CM/ECF, which will send notification of the filing to counsel of record, and I further certify that true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**VIA ELECTRONIC MAIL**
Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

**VIA ELECTRONIC MAIL**
Amardeep L. Thakur
Joseph M. Paunovich
Ali Moghaddas
Quinn, Emmanuel, Urquhart & Sullivan, LLP
865 S. Figueroa Street
Los Angeles, CA 90017
(213) 443-3000
amarthakur@quinnemanuel.com
joepaunovich@quinnemanuel.com
alimoghaddas@quinnemanuel.com

**VIA ELECTRONIC MAIL**
Adam J. DiClemente
Quinn, Emmanuel, Urquhart & Sullivan, LLP
55 Madison Avenue
22nd Floor
New York, NY 10010
adamdiclemente@quinnemanuel.com

**VIA ELECTRONIC MAIL**
Matthew K. Blackburn
Diamond McCarthy LLP
150 California Street
Suite 220
San Francisco, CA 94111
(415) 263-9200
mblackburn@diamondmccarthy.com

*/s/ Jason J. Rawnsley*
Jason J. Rawnsley
rawnsley@rlf.com