## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIQWD, INC. and OLAPLEX LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 17-14-JFB-SRF |
| | ) |
| L'ORÉAL USA, INC., L'ORÉAL USA | ) **UNDER SEAL** |
| PRODUCTS, INC., L'ORÉAL USA S/D, | ) |
| INC., and REDKEN 5TH AVENUE NYC, | ) |
| L.L.C., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this **30th** day of **August, 2018**, the court having considered the parties'

discovery dispute submissions and the arguments presented during the August 1, 2018 discovery

dispute hearing (D.I. 347; D.I. 349; D.I. 358; D.I. 368; D.I. 369; D.I. 370; D.I. 371; D.I. 374; D.I.

380; D.I. 381; D.I. 384; 8/1/18 Tr.; 8/29/18 Tr.), IT IS HEREBY ORDERED THAT the relief

requested by defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D,

Inc., and Redken 5th Avenue NYC, L.L.C. (collectively, "L'Oréal") is DENIED without

prejudice for the reasons set forth below.

**1.      Background.** Plaintiffs Liqwd, Inc. and Olaplex LLC ("Olaplex") brought this

civil action for patent infringement on January 5, 2017. (D.I. 2) Olaplex alleges causes of action

for infringement of United States Patent Nos. 9,498,419 ("the '419 patent") and 9,668,954 ("the

'954 patent") (together, the "patents-in-suit"). (D.I. 262 at ¶¶ 90-138) The patents-in-suit are

directed to formulations, kits, and methods of applying a bleaching mixture containing an active

agent of maleic acid to the hair during treatments to rebuild disulfide bonds. (*Id.*, Ex. A at

Abstract; Ex. B at Abstract)

**2. Analysis.** By way of its letter submissions, L'Oréal requests the entry of an order barring Olaplex's outside counsel, Mr. Matthew Blackburn, from further participation in the post-grant review ("PGR") proceedings relating to the patents-in-suit[1] in accordance with the terms of the protective order. (D.I. 358 at 2-4) In addition, L'Oréal seeks a modification to the existing protective order to preclude Olaplex's in-house counsel, Ms. Tiffany Walden, from continued access to L'Oréal's highly confidential information. (*Id.* at 4-5) For the following reasons, L'Oréal's requested relief on both grounds is denied.

**3. Mr. Blackburn's participation in PGR proceedings.** Following the filing of Olaplex's motion for leave to amend its complaint to add a cause of action for infringement of the '954 patent in June 2017, L'Oréal filed three PGR petitions challenging the patentability of all claims of the '954 patent. (D.I. 354 at 5) On May 18, 2018, Olaplex's outside patent prosecution counsel, Rivka Monheit, filed a statutory disclaimer with the United States Patent and Trademark Office ("PTO") pursuant to 35 U.S.C. § 253, disclaiming claim 17 of the '954 patent.[2] (D.I. 358, Ex. B; D.I. 370 at ¶ 5)

**4.** On August 10, 2018, the PTAB instituted PGR proceedings regarding the '954 patent based on one of L'Oréal's three PGR petitions. (D.I. 366, Ex. A) However, the Patent Trial and Appeal Board ("PTAB") excluded claim 17 from the institution of PGR proceedings on

---

[1] During the August 29, 2018 emergency discovery dispute teleconference, counsel for Olaplex indicated that L'Oréal has sought to expand the scope of requested relief regarding Mr. Blackburn to prohibit his receipt of L'Oréal's highly confidential information pursuant to the protective order. To the extent that L'Oréal seeks further modification of the protective order to prohibit Mr. Blackburn from receiving highly confidential information, the court denies the request for failure to show good cause.

[2] In accordance with 37 C.F.R. § 1.321(a) and Manual of Patent Examining Procedure § 1490, "[a] patentee owning the whole or any sectional interest in a patent may disclaim any complete claim or claims in a patent. . . . Such disclaimer is binding upon the grantee and its successors or assigns." A notice of disclaimer is thereafter recorded with the PTO.

2

the '954 patent in light of the statutory disclaimer. (*Id.*, Ex. A at 3 n.1) The PTAB declined to institute proceedings based on L'Oréal's two remaining petitions challenging the validity of the '954 patent. (D.I. 366, Exs. B-C)

**5.** The parties' dispute centers on whether the statutory disclaimer of claim 17 falls within the scope of the protective order's prohibition against "amendment or change to any claim" in PGR proceedings. (D.I. 54 at ¶ 12(c)) The protective order provides that "no person on behalf of Plaintiffs . . . shall, for a period commencing upon receipt of such information and ending one year following final disposition of this case engage in any Post Grant Activity . . . on behalf of any Party other than the Producing Party." (D.I. 54 at ¶ 12(b)) Pursuant to paragraph 12(c) of the protective order, "post grant activity" includes:

> any activity related to directly or indirectly providing any advice, counseling, preparing, prosecuting, editing, amending and/or drafting of any claim for any post grant proceeding involving the patent-in-suit patent or other patent or patent application claiming priority to or otherwise related to the patent-in-suit (including, but not limited to . . . post grant review . . .) before any domestic or foreign patent office or agency. The restrictions set forth in paragraphs 12(b-c) shall apply immediately upon a good faith belief that an amendment or change to any claim of the patent-in-suit . . . would be made or any new claims would be added in such a post grant proceeding.

(D.I. 54 at ¶ 12(c))

**6.** L'Oréal has failed to establish that Mr. Blackburn's PGR activities violate paragraph 12 of the protective order. The filing of the statutory disclaimer occurred outside the PGR proceeding because it was filed and recorded with the PTO. (D.I. 358, Ex. B) Consequently, when the PTAB issued its decisions regarding whether to institute proceedings on the '954 patent, claim 17 of the '954 patent did not factor into the analysis because Federal Circuit precedent dictates that the PTAB must treat statutorily disclaimed claims as though they

never existed. (D.I. 366, Ex. A at 3 n.1; Ex. B at 24; Ex. C at 17)³ (quoting *In re Yamazaki*, 702 F.3d 1327, 1332 (Fed. Cir. 2012)). In this context, the statutory disclaimer of claim 17 of the '954 patent does not constitute an "amendment or change" under the terms of the protective order. This is consistent with guidance from the Manual of Patent Examining Procedure ("MPEP"), which expressly distinguishes a statutory disclaimer from an amendment or addition to the claims, in keeping with the statutory language of 35 U.S.C. § 253 and 37 C.F.R. § 1.321. MPEP § 1490.

7.  Alternatively, to the extent that the statutory disclaimer of claim 17 could be construed as an indirect action on a claim "for any post grant proceeding" that falls within the scope of the protective order, L'Oréal has failed to establish Mr. Blackburn's direct or indirect participation in the decision to file the statutory disclaimer. The record reflects that Ms. Monheit filed the statutory disclaimer. (D.I. 358, Ex. B) L'Oréal cites no affirmative evidence in support of its speculative inferences of involvement by Mr. Blackburn.

8.  In assessing the risk of disclosure that could result from permitting Mr. Blackburn to continue in his role as lead counsel in the PGR proceedings while simultaneously participating in the instant litigation, the court concludes that the filing of the statutory disclaimer does not implicate the same policy concerns that might arise in the context of a modification or addition to existing claim language. *See, e.g.*, *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 184 (D. Del. 2010) ("Unlike patent prosecution, reexamination is a limited proceeding assessing only the patentability of existing claims against specific prior art references. Defendants' confidential

---

³ In deciding not to institute proceedings on two of the three PGR petitions filed by L'Oréal, the PTAB "decline[d] to address Petitioner's challenge" to claim 17, and proceeded to address the remaining claims in separate analyses. (D.I. 366, Ex. B at 24; Ex. C at 17) The statutory disclaimer of claim 17 did not affect the PTAB's decisions not to institute proceedings on any of the remaining claims.

information is 'basically irrelevant' to that particular determination."). L'Oréal articulates no actual or potential harm suffered as a result of the statutory disclaimer of claim 17.[4] Absent additional evidence of changed circumstances or a violation of the protective order by Mr. Blackburn, modification of the protective order to exclude Mr. Blackburn from participation in the PGR proceedings is not warranted.

**9.**     This ruling does not discount L'Oréal's reasonable concerns about the risk of intended or inadvertent use of its highly confidential materials for Olaplex's pending or future patent applications. Moreover, the court will consider further applications for relief under the protective order in the event of crafty maneuvering around the express terms of the order to defeat the intent of the PGR bar. In recognition of the potential for future claim amendments and changes in the PGR proceedings, L'Oréal's requested relief regarding Mr. Blackburn is denied without prejudice.

**10.**     The cases relied upon by L'Oréal do not conflict with the court's decision. In *Boston Scientific Corp. v. Cook Group Inc.*, the plaintiff sought to modify the existing protective order to permit participation in PGR proceedings by certain counsel with access to highly confidential information. C.A. No. 15-980-LPS-CJB, 2017 WL 547903, at *2 (D. Del. Feb. 10, 2017). The court concluded that the plaintiff failed to present sufficient evidence to establish good cause for modifying the existing protective order. The facts of the instant case present the

---

[4] L'Oréal appears to suggest that the PTAB "declined to institute another [PGR proceeding] at least in part because of the disclaimer of claim 17." (D.I. 374 at 2) A review of the PTAB's institution decisions on all three petitions relating to the '954 patent reveals that the PTAB's analysis of claim 17 was consistent. (D.I. 366, Exs. A-C) Specifically, the PTAB treated the disclaimed claim 17 as though it never existed in accordance with Federal Circuit precedent. The statutory disclaimer did not otherwise affect the institution analysis with respect to the remaining twenty-nine claims of the '954 patent. There is no evidence on the present record that the PTAB would have instituted proceedings on the two remaining PGR petitions but for the statutory disclaimer of claim 17.

inverse scenario, in which the protective order contemplated and permitted Mr. Blackburn's participation in the PGR proceedings, and L'Oréal now seeks to modify the protective order to exclude Mr. Blackburn's participation in the PGR proceedings. (D.I. 54 at ¶ 12) Similar to the circumstances in *Boston Scientific*, L'Oréal has failed to provide evidence in support of its request to modify the protective order for the reasons discussed *supra*. In *Xerox Corp. v. Google, Inc.*, the court recognized that an attorney's participation in both litigation and PTO proceedings does not automatically create an unacceptable risk of improper disclosure. 270 F.R.D. 182, 184 (D. Del. 2010).

**11.** The court concludes that the potential harm in denying Olaplex its PGR counsel of choice outweighs the "attenuated risk of competitive misuse of defendants' confidential information" in the present case. *See Xerox*, 270 F.R.D. at 185. The record reflects that L'Oréal was aware of Mr. Blackburn's dual roles in the PGR proceedings in the instant litigation since February 2017. (D.I. 369 at ¶ 5) Consequently, the parties considered Mr. Blackburn's role in the proceedings when they negotiated the language of paragraph 12 of the protective order. (D.I. 54 at ¶ 12) In view of L'Oréal's failure to affirmatively establish that Mr. Blackburn violated paragraph 12 of the protective order, Olaplex would suffer undue hardship if Mr. Blackburn were barred from further participation in the PGR proceedings. While Ms. Monheit has served a limited backup role in the PGR proceedings for the duration of the case, she functions primarily as prosecution counsel and "ha[s] not handled any depositions, motions, or hearings" in the PGR proceedings. (D.I. 370 at ¶ 4) In these circumstances, forcing Olaplex to obtain new PGR counsel at this stage of the proceedings would "increase costs and duplicate effort." *Xerox*, 270 F.R.D. at 185.

6

**12.     Ms. Walden's access to L'Oréal's highly confidential information.** The court
denies L'Oréal's request to bar Ms. Walden from accessing highly confidential information
under the protective order. Paragraph 12(d) of the protective order expressly provides that Ms.
Walden "may receive Protected Material that is designated as Highly Confidential and shall not
be precluded from engaging in the activities specified in 12(a-c) on behalf of Olaplex provided
Ms. Walden represents and warrants that she will not use L'Oréal's Highly Confidential
information in any of the activities described in 12(a-c)." (D.I. 54 at ¶ 12(d))

**13.** L'Oréal alleges that Ms. Walden's role at Olaplex has expanded since the
negotiation and entry of the protective order, justifying amendment of the protective order at this
stage to restrict her access to L'Oréal's highly confidential information. Nevertheless, L'Oréal
has failed to satisfy the good cause standard to warrant modification of the protective order. "A
party seeking a modification to a protective order . . . regarding an attorney's access to otherwise
protected information carries the burden of demonstrating 'good cause' for the modification."
*PhishMe, Inc. v. Wombat Security Techs., Inc.*, C.A. No. 16-403-LPS-CJB, 2017 WL 4138961,
at *2 (D. Del. Sept. 18, 2017) (citing *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1378
(Fed. Cir. 2010)). In considering whether a party has satisfied its burden to show good cause for
modification of a protective order, the Federal Circuit has held that the court must balance
whether the modification would result in an unacceptable risk of inadvertent disclosure or
competitive misuse of confidential information against the potential harm to the moving party in
the absence of such modification. *Id.*

**14.** "[T]he factual circumstances surrounding each individual counsel's activities,
association, and relationship with a party . . . must govern any concern for inadvertent or
accidental disclosure." *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1467-68 (Fed. Cir.

7

1984). The evidence of record does not support L'Oréal's position that Ms. Walden's role has substantially changed since the entry of the protective order, presenting a greater risk of inadvertent disclosure. L'Oréal relies on a professional networking page as evidence that Ms. Walden's official title changed from General Counsel to Chief Administrative Officer / Chief Legal Officer in June 2018, more than a year after the entry of the protective order. (D.I. 358, Ex. G at 1) However, the evidence does not demonstrate a substantive change in Ms. Walden's role following the recent title change. Instead, the record is replete with evidence establishing that L'Oréal has long been aware of Ms. Walden's role involving the business side of the company. (D.I. 18 at ¶ 1; D.I. 247 at ¶ 1; D.I. 358, Ex. F at 88:19-25)

**15.**    Despite Ms. Walden's known business role in the company prior to the entry of the protective order more than a year ago, L'Oréal offers only speculation in support of its position that Ms. Walden presents a high risk of misusing L'Oréal's highly confidential information. (D.I. 374 at 3) This is insufficient to warrant modification of the protective order previously agreed to by the parties. L'Oréal may not renege on the express terms of the protective order negotiated by the parties in the absence of a showing that the circumstances regarding Ms. Walden's role in the company have substantively changed. This ruling is without prejudice, should Ms. Walden's role in the company's business and competitive decision making continue to evolve, warranting a future application for relief under the protective order.

**16.    Conclusion.** In view of the foregoing analysis, IT IS SO ORDERED that L'Oréal's request to preclude Mr. Blackburn from participation in the PGR proceedings is denied without prejudice. L'Oréal's request to preclude Ms. Walden from receiving L'Oréal's highly confidential information under the terms of the protective order is denied without prejudice.

**17.** Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties should jointly submit a proposed redacted version by no later than **September 7, 2018**. The court will subsequently issue a publicly available version of its Memorandum Order.

**18.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

**19.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge

9