IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIQWD, INC. and OLAPLEX LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 17-14-JFB-SRF |
| ) | |
| L'ORÉAL USA, INC., L'ORÉAL USA ) | **UNDER SEAL** |
| PRODUCTS, INC., L'ORÉAL USA S/D, ) | |
| INC., and REDKEN 5TH AVENUE NYC, ) | |
| L.L.C., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

Presently before the court in this patent infringement action is the motion for issuance of a letter of request, filed by plaintiffs Liqwd, Inc. and Olaplex LLC ("Olaplex"), requesting international judicial assistance to take document and deposition discovery from third party L'Oréal S.A., the parent company of defendants L'Oréal USA, Inc. ("L'Oréal USA"), L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, L.L.C. (collectively, "L'Oréal") pursuant to Federal Rule of Civil Procedure 28 and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"). (D.I. 393) L'Oréal opposes the motion. (D.I. 409) For the following reasons, Olaplex's motion for the issuance of a letter of request is granted.

**II.   BACKGROUND**

On November 22, 2016, the '419 patent was issued by the United States Patent and Trademark Office ("USPTO"), and Olaplex filed a complaint against L'Oréal for infringement of the '419 patent and false advertising in the Central District of California (the "California

Action"). (D.I. 262 at ¶ 112; C.D. Cal. C.A. No. 16-8708-R-AFM, D.I. 1) Olaplex filed the present action on January 5, 2017 against L'Oréal after dismissing the California Action, asserting causes of action for the alleged infringement of the '419 patent, misappropriation of trade secrets under the Defend Trade Secrets Act, misappropriation of trade secrets under the Delaware Trade Secrets Act, unjust enrichment, breach of contract, and breach of the implied covenant of good faith and fair dealing. (D.I. 2) On January 17, 2017, Olaplex filed a motion for a preliminary injunction, alleging that it had suffered and would continue to suffer irreparable harm unless L'Oréal's infringement was enjoined. (D.I. 14)

Olaplex filed its first amended complaint on March 20, 2017, adding L'Oréal S.A. as a defendant. (D.I. 53) In response, L'Oréal filed its motion to dismiss the first amended complaint on April 17, 2017, alleging that Olaplex did not have standing to maintain the action under Rule 12(b)(1), and arguing that the causes of action failed to state a claim under Rule 12(b)(6). (D.I. 66) L'Oréal S.A. followed suit on June 15, 2017, filing a motion to dismiss for insufficiency of service of process, lack of personal jurisdiction, lack of standing, and failure to state a claim. (D.I. 117) On June 21, 2017, Olaplex moved for leave to file a second amended complaint, seeking to add a cause of action for infringement of the '954 patent, and striking its causes of action for unjust enrichment and breach of the implied covenant of good faith and fair dealing. (D.I. 126, Ex. 2)

On June 8, 2017, Judge Robinson heard argument on the motion for preliminary injunction and L'Oréal's motion to dismiss. (D.I. 114) Judge Robinson issued a memorandum order on July 6, 2017, denying Olaplex's motion for a preliminary injunction. (D.I. 135) Specifically, Judge Robinson found that Olaplex failed to demonstrate a likelihood of success on the merits, even though it established irreparable harm. (*Id.*) On July 11, 2017, Olaplex

appealed the ruling on the preliminary injunction to the Federal Circuit. (D.I. 136) The Federal Circuit issued its opinion on January 16, 2018, vacating the district court's denial of a preliminary injunction and remanding the case to the district court for further proceedings. (D.I. 176, Ex. 1) The Federal Circuit returned the mandate to this court on April 5, 2018, making the judgment of the Federal Circuit final. (D.I. 217)

On February 28, 2018, the court issued its Report and Recommendations, granting Olaplex's motion to amend the complaint, denying L'Oréal's motion to dismiss, and granting-in-part L'Oréal S.A.'s motion to dismiss. (D.I. 186) The district judge adopted the Report and Recommendations on April 23, 2018 and, in a subsequent June 26, 2018 Order, the district judge reaffirmed its conclusion that there is no personal jurisdiction over L'Oréal S.A., thereby dismissing L'Oréal S.A. from the litigation with prejudice. (D.I. 234; D.I. 317) Olaplex filed its second amended complaint on May 14, 2018. (D.I. 262) In response to the second amended complaint, on June 12, 2018, L'Oréal filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). (D.I. 302) The motion to dismiss remains pending, and oral argument on the motion is scheduled to go forward on December 5, 2018.

On August 29, 2018, L'Oréal produced documents to Olaplex relating to a May 19, 2015 acquisition meeting in which Olaplex shared confidential trade secret information with L'Oréal. On September 10, 2018, Olaplex filed the instant motion, positing that L'Oréal's August 29 document production establishes L'Oréal S.A.'s involvement in the acquisition discussions. (D.I. 393) On September 25, 2018, Olaplex deposed Roger Dolden, the former Executive Vice President of Business Development at L'Oréal, who participated in the May 2015 acquisition discussions. (D.I. 411, Ex. C)

3

### III. LEGAL STANDARD

The Hague Convention "prescribes certain procedures by which a judicial authority in one contracting nation may request evidence located in another nation." *In re Automotive Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 299 (3d Cir. 2004). The Hague Convention is not mandatory and "serves as an alternative or 'permissive' route to the Federal Rules of Civil Procedure for the taking of evidence abroad from litigants and third parties alike." *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 472 (D. Del. 2003) (citing *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct., D. Iowa*, 482 U.S. 522, 538 (1987)).

In this district,

> "[a] party which seeks the application of the Hague [Evidence] Convention procedures rather than the Federal Rules [of Civil Procedure] bears the burden of persuading the trial court[] of the necessity of proceeding pursuant to the Hague Evidence Convention. That burden is not great, however, since the Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention."

*Pronova BioPharma Norge AS v. Teva Pharms. USA, Inc.*, 708 F. Supp. 2d 450, 452-53 (D. Del. 2010) (alterations in original) (quoting *Tulip Computers Int'l*, 254 F. Supp. 2d at 474). "When discovery is sought from a non-party in a foreign jurisdiction, application of the Hague [Evidence] Convention, which encompasses principles of international comity, is virtually compulsory." *Tulip Computers Int'l*, 254 F. Supp. 2d at 474 (alteration in original) (internal citation and quotation marks omitted).

In determining whether to utilize the Convention procedures, district courts are instructed to consider: (1) the particular facts of the case; (2) the sovereign interests involved; and (3) the likelihood that resort to the Hague Convention will prove effective. *Societe Nationale*, 482 U.S. at 544; *see also In re Automotive Refinishing Paint Antitrust Litig.*, 358 F.3d at 301. Additional

4

factors relevant to the court's decision include: "considerations of comity,[1] the relative interests of the parties including the interest in avoiding abusive discovery,[2] and the ease and efficiency of alternative formats for discovery." *Tulip Computers Int'l*, 254 F. Supp. 2d at 474 (citation and quotation marks omitted).

The Third Circuit has explained that "the term[s] of [Fed. R. Civ. P. 28(b)] appear to give trial courts *limited* discretion to deny applications for the issuance of a [letter rogatory]." *In re Complaint of Bankers Trust Co.*, 752 F.2d 874, 890 (3d Cir. 1984). The Third Circuit reasoned:

> Prior to the 1963 amendment, Rule 28(b) said: "A commission or letters rogatory shall be issued *only when necessary or convenient*, on application and notice, and on such terms and with such directions as are just and appropriate." The amendment deleted the words "only when necessary or convenient" from the sentence. Although the Advisory Committee Note does not explain this change, it seems clear that the discretion trial courts formerly had in deciding whether to issue a commission or letters rogatory has been circumscribed.

*Id.* (citing Fed. R. Civ. P. 28(b)). The Third Circuit further explained that, "[a]lthough we do not dispute that it may be proper to refuse the issuance of . . . letters rogatory, there are cases in which courts have indicated that there must be some 'good reason' justifying the denial of this particular type of judicial assistance." *Id.* (citations omitted); *see also Ethypharm S.A. France*, 748 F. Supp. 2d at 358 ("Courts have found 'that some good reason must be shown by the

---

[1] In *Societe Nationale*, the Supreme Court identified the following five factors to be considered in a comity analysis: (1) the importance of the documents or information requested to the litigation; (2) the degree of specificity of the requests; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the requests would undermine important interests of the United States, or compliance of the requests would undermine important interests of the state where the information is located. *Id.* 482 U.S. at 543-44 & n.28.

[2] *See Schindler Elevator Corp. v. Otis Elevator Co.*, 657 F. Supp. 2d 525, 529 (D.N.J. 2009) ("In evaluating whether to require resort to the Convention, courts should be mindful of 'unnecessary, or unduly burdensome, discovery' that may place foreign litigants in a disadvantageous position." (quoting *In re Automotive Refinishing Paint Antitrust Litig.*, 358 F.3d at 301)).

opposing party for a court to deny an application for a letter rogatory.'" (citing *DBMS Consultants Ltd. v. Computer Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990))).

"In entertaining a request of letter pursuant to the Hague Convention, '[t]he exact line between reasonableness and unreasonableness in each case must be drawn by the trial court, based on its knowledge of the case and of the claims and interests of the parties and the governments whose statutes and policies they invoke.'"[3] *Purdue Pharma Products L.P. v. Par Pharm., Inc.*, C.A. No. 07-255-JJF, 2008 WL 3926158, at *1 (D. Del. Aug. 26, 2008) (quoting *Societe Nationale*, 482 U.S. at 546); *see also Abbott Labs. v. Teva Pharm. USA, Inc.*, C.A. No. 02-1512-KAJ, 2004 WL 1622427, at *3 (D. Del. July 15, 2004) (same). Furthermore, "[o]n an application for the issuance of a letter rogatory seeking a deposition in a foreign country, the Court will not ordinarily weigh the evidence to be elicited by deposition and will not determine whether the witness will be able to give the anticipated testimony." *AstraZeneca v. Ranbaxy Pharm., Inc.*, 2008 WL 314627, at *2 (D.N.J. Jan. 29, 2008) (internal citations and quotation marks omitted).

## IV. DISCUSSION

### A. Production of Documents

Olaplex seeks document discovery from L'Oréal S.A. pursuant to the Hague Convention regarding L'Oréal S.A.'s involvement in the 2015 acquisition meeting between Olaplex and L'Oréal, and its alleged possession and dissemination of Olaplex's confidential trade secret information. (D.I. 393 at 4-5) According to Olaplex, this discovery is relevant to its claims for

---

[3] Additionally, Fed. R. Civ. P. 28(b), which authorizes foreign discovery, "must be read together with Rule 26(c), which permits a court to make any order 'which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Ethypharm S.A. France*, 748 F. Supp. 2d at 359 (D. Del. 2010) (citations omitted).

infringement, trade secret misappropriation, and breach of contract, among others. In response, L'Oréal raises four primary arguments: (1) the information sought is not relevant and cannot establish this court's personal jurisdiction over L'Oréal S.A., (2) the requested discovery is more easily obtainable from L'Oréal USA, (3) Olaplex's letter of request fails to comply with French law, and (4) Olaplex's letter of request is facially deficient. (D.I. 409 at 10-19)

Olaplex seeks the following document discovery from L'Oréal S.A.:

1. All Documents and Communication relating to the potential acquisition of Olaplex and its technology, including but not limited to reports, analyses and determinations relating to the acquisition or technology; call and meeting notes relating to the acquisition or technology; Documents reviewed, sent or received relating to the acquisition or technology; and Documents relating to the conception and development of the Accused Products before, concurrently or after the time of the potential acquisition.

2. All Documents and Communications referring or relating to, or otherwise concerning projects "Olivia," "Lemon," or any other pseudonyms or aliases created or used by You for the analysis of the potential Olaplex acquisition or its technology.

3. All Documents and Communications referring or relating to, or otherwise concerning the Asserted Patents or any other patent or application assigned to Liqwd, Inc.

4. All Documents and Communications referring or relating to, or otherwise concerning the clean team, comprised of at least Fabien Boulineau, Frederic Cervantes, Katrina Cokleski, Roger Dolden, Bertrand Fontaine, Lisa Gigliotti, Caroline Goget, Marshall Gringauz, Stephan Habif, Jame Huether, Mohamed Kanji, Hugo Kunetz, Yoana Land, Stephen Martin, Anthony Potin, Roy Rabinowitz, Tom Re, Tom Sarakatsannis, Viny Srinivasan, Delphine Allard, Jean-Marc Ascione, Helene Azancot, Marie Certain, Yannick Chalme, Guillaume Dauchy, Benoit De La Source, Francis Deroy, Dominique Donnart, Alain Evrard, Julie Feger-Katz, Julie Laverriere, Frederic Legrand, Nicholas Milosh, Jose Monteiro, Jean-Francois Pahin, Denis Boulard, Murielle Fevier, Francoise Pataut, Vianney Pivet, Gerard Provot, Laurent Schmitt, Alexia Scott, Sabine Vermelle, Barbara De Laere, Mikael Henry and Jeroen Temmerman, that evaluated the potential acquisition of Olaplex and its technology, including its reports, analyses, determinations and Documents reviewed, sent or received relating to the acquisition, technology, and conception and development of the Accused Products before, concurrently or after the time of the potential acquisition.

> 5. All Documents and Communications referring or relating to, or otherwise concerning any analysis or opinion as to the validity, enforceability, or infringement of the Asserted Patents or any other patent or application assigned to Liqwd, Inc.
>
> 6. All U.S. or foreign patents or patent applications, issued, pending, or abandoned, filed by You relating to the Accused Products.
>
> 7. Documents sufficient to show Your unit sales and revenue by month (or the smallest available reporting period available) for each Accused Product by product (i.e., SKU), distributor and channel.

(D.I. 393, Ex. A at Ex. 1, 5-6)

Having evaluated the parties' respective arguments, the evidence of record, and the document requests at issue, the court concludes that Olaplex has met its burden of establishing the necessity of permitting discovery pursuant to the Hague Convention. As this court has previously recognized, the moving party's burden is "not great," because "the Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention." *Pronova BioPharma*, 708 F. Supp. 2d 450, 452-53 (internal citation and quotation marks omitted). Furthermore, the scope of discovery permitted under Rule 26(b) is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

The discovery sought from L'Oréal S.A., which is targeted to documents and communications regarding L'Oréal's May 2015 overtures to acquire Olaplex's technology, is relevant to Olaplex's causes of action for trade secret misappropriation, infringement, and breach

8

of contract. The record reveals that an employee of L'Oréal S.A., Delphine Allard, was a member of the "Clean Team" created by L'Oréal to view Olaplex's confidential information,[4] and Ms. Allard allegedly reviewed a copy of Olaplex's unpublished patent application at the May 19, 2015 meeting in that capacity. (D.I. 393, Ex. C at LO_USA0049952; D.I. 262 at ¶ 49) In addition, Roger Dolden, a former L'Oréal USA executive charged with leading the acquisition talks on behalf of L'Oréal USA, recently testified that L'Oréal S.A. led the decision making process in connection with all acquisitions. (D.I. 431, Ex. A at 166:13-167:4, 157:22-158:8, 156:12-157:21) Documents produced in discovery confirm that L'Oréal S.A. executives communicated among themselves, without including L'Oréal USA employees, regarding the potential of Olaplex's invention. (D.I. 431, Ex. B at LO_USA0035379;[5] Ex. C[6]) These documents are relevant to Olaplex's allegations that the May 2015 acquisition overtures were pretextual, and L'Oréal sought to misappropriate Olaplex's technology for its own benefit.

The circumstances presently before the court are distinguishable from the situation faced by the District of New Jersey when it denied a letter of request for discovery from United Kingdom-based inventors of prior art references in *Merck Sharp & Dohme Corp. v. Sandoz, Inc.*,

---

[4] L'Oréal argues that the "Clean Team" was comprised of eight individuals, and Olaplex's request for documents from forty-six individuals is therefore overbroad. (D.I. 409 at 1-2) However, the evidence before the court demonstrates that the forty-six individuals identified by Olaplex were each listed on the "Data Room/Clean Room Permission List for Confidential Information." (D.I. 393, Ex. C) Moreover, the parties do not dispute that Ms. Allard was among the eight individuals identified by L'Oréal as having access to the confidential information.

[5] This document is an email from L'Oréal S.A.'s CEO, Jean-Paul Agon, to other L'Oréal S.A. executives characterizing the innovation as a "must have," indicating "[i]t would have been preferable to invent it ourselves. . . . Now the choice is: either the [Research & Innovation] guarantee that it is able to develop an equivalent product within 12 months, [or] we have to buy it."

[6] This document contains minutes from a July 21, 2015 meeting among L'Oréal S.A. executives, in which L'Oréal S.A.'s head of Research & Innovation ("R&I"), Laurent Attal, expressed "doubts about our ability to develop effective formulas," and offered a "consensus recommendation . . . to move forward and not to [make] non-binding offers to Olivia."

2013 WL 12203112 (D.N.J. June 7, 2013). In *Merck*, the court reasoned that foreign inventors of prior art references did not possess information relevant to the obviousness inquiry because the witnesses were not offered as experts or as persons of ordinary skill in the art, and they were not listed inventors of the patents-in-suit. *Id.* at *3. As a result, testimony from the proposed witnesses regarding the prior art at the time of the filing of the patents-in-suit was irrelevant to the asserted cause of action for obviousness. In contrast, documents and communications from L'Oréal S.A. regarding the utilization of Olaplex's technology are directly relevant to L'Oréal's claims for misappropriation of trade secrets, infringement, and breach of contract.

Moreover, as a non-party located in a foreign jurisdiction, the Convention provides the only means of compelling discovery from L'Oréal S.A. *See Tulip Computers Int'l*, 254 F. Supp. 2d at 474 ("When discovery is sought from a non-party in a foreign jurisdiction, application of the Hague [Evidence] Convention, which encompasses principles of international comity, is virtually compulsory." (citation and internal quotation marks omitted)). L'Oréal's position that Olaplex could obtain the requested discovery from L'Oréal USA is contradicted by the evidence before the court, which suggests that L'Oréal S.A. executives exchanged communications regarding the potential acquisition without including L'Oréal USA employees. (D.I. 431, Ex. B at LO_USA0035379; Ex. C)

Turning to the alleged procedural deficiencies in Olaplex's letter of request, L'Oréal's contention that the document requests will likely be rejected by a French court is speculative. (D.I. 409 at 18-19) To the extent that Olaplex's letter of request does not include the requisite French translation, Olaplex is ordered to provide the translation in accordance with the issuance of this Memorandum Opinion. For the foregoing reasons, Olaplex's motion is granted.

### B. Deposition Testimony

Olaplex also seeks the deposition testimony from a L'Oréal S.A. corporate witness on the following topics:

> 1. The Documents and Communication produced by L'Oréal S.A. in response to the Letter of Request including authenticity, circumstances of creation and retention, and subject matter.
>
> 2. The evaluation of the potential acquisition of Olaplex and its technology and the conception and development of the Accused Products before, concurrently or after the time of the evaluation, including but not limited to an identification of all L'Oréal S.A. employees and Persons involved in the foregoing; Your participation in meetings, calls, analyses and decisions relating to the foregoing; the formation of a "clean team" related to the foregoing; Your reports, analyses and decisions relating to the foregoing.
>
> 3. L'Oréal S.A. Patent Applications issued, pending, or abandoned, relating to the Accused Products, including conception and reduction to practice of the alleged inventions.
>
> 4. The Asserted Patents including (a) Your awareness and analysis of any of the Asserted Patents, and (b) Your efforts to design around the Asserted Patents.
>
> 5. Your unit sales and revenue by month (or the smallest available reporting period available) for each Accused Product by product (i.e., SKU), distributor and channel, and accounting practices for tracking the foregoing, including sales and revenue of the Accused Products by Your subsidiaries and affiliates.
>
> 6. L'Oréal S.A.'s organizational structure including L'Oréal S.A.'s relationship with any and all subsidiaries and affiliates, including but not limited to L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, L.L.C.

(D.I. 393, Ex. A at Ex. 2, 4-5) L'Oréal raises no objections to the deposition topics apart from its opposition to the document requests. Accordingly, Olaplex's request for the issuance of process to compel the deposition testimony of a corporate witness of L'Oréal S.A. under the Hague Convention is granted. The testimony of a corporate witness from

L'Oréal S.A. is warranted to address the documents that will be produced by L'Oréal S.A. in accordance with the document requests.

## V. CONCLUSION

For the foregoing reasons, Olaplex's motion for the issuance of a letter of request is granted. (D.I. 393) Olaplex shall obtain a French translation of the letter of request, attached as Exhibit A to the motion, prior to issuance. An Order consistent with this Memorandum Opinion shall issue.

Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Opinion under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Opinion should be redacted, the parties should jointly submit a proposed redacted version by no later than **November 26, 2018**. The court will subsequently issue a publicly available version of its Memorandum Opinion.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: November 16, 2018

Sherry R. Fallon
United States Magistrate Judge