IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIQWD, INC. and OLAPLEX LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> L'ORÉAL USA, INC., L'ORÉAL USA ) <br> PRODUCTS, INC., L'ORÉAL USA S/D, ) <br> INC., and REDKEN 5TH AVENUE NYC, ) <br> L.L.C., ) <br> ) <br> Defendants. ) | Civil Action No. 17-14-JFB-SRF <br><br> **UNDER SEAL** |

## **MEMORANDUM ORDER**

At Wilmington this **29th** day of **November, 2018**, the court having considered the motion for redactions filed by defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, L.L.C. (collectively, "L'Oréal") (D.I. 412), as well as L'Oréal's letter requests for redactions to the court's October 15, 2018 Report and Recommendation (D.I. 449) and November 16, 2018 Memorandum Opinion (D.I. 513), IT IS HEREBY ORDERED THAT the motion for redactions at D.I. 412, and the letter requests at D.I. 449 and D.I. 513, are DENIED for the reasons set forth below.

1. **Background.** Plaintiffs Liqwd, Inc. and Olaplex LLC ("Olaplex") brought this civil action for patent infringement and other claims on January 5, 2017. (D.I. 2) Olaplex alleges causes of action for infringement of United States Patent Nos. 9,498,419 ("the '419 patent") and 9,668,954 ("the '954 patent") (together, the "patents-in-suit"), as well as causes of action for trade secret misappropriation and breach of contract. (D.I. 262) The patents-in-suit are directed to formulations, kits, and methods of applying a bleaching mixture containing an active agent of maleic acid to the hair during treatments to rebuild disulfide bonds. (*Id.*, Ex. A at

Abstract; Ex. B at Abstract) Dean Christal, the CEO of Olaplex LLC and Liqwd, Inc., worked with Drs. Pressly and Hawker to develop a hair product that would protect hair during chemical treatments. (*Id.* at ¶¶ 20-21) Drs. Pressly and Hawker are the named inventors of the '419 patent and the '954 patent.

2. In January 2015, Mr. Christal was contacted by a L'Oréal executive regarding a potential acquisition of Olaplex. (D.I. 262 at ¶ 40) Olaplex and L'Oréal subsequently met five times throughout 2015 to discuss a potential acquisition. After meeting on February 20, March 27, and April 14, Olaplex and L'Oréal executed a nondisclosure agreement ("NDA") effective May 15, 2015. (*Id.* at ¶¶ 41, 43-46; Ex. B) On May 19, 2015, Olaplex provided a copy of unpublished patent application 14/713,885 to L'Oréal pursuant to the terms of the NDA, disclosing the active ingredient and formula months before the application was published. (*Id.* at ¶ 47) Mr. Christal and Dr. Pressly met with L'Oréal representatives on the same day, providing an in-depth explanation of how the formula works and what testing is needed to ensure efficacy. (*Id.* at ¶¶ 50-57) The parties subsequently met on September 1, 2015, and a representative of L'Oréal informed Mr. Christal that L'Oréal was no longer interested in the acquisition. (*Id.* at ¶ 59)

3. On July 31, 2018, L'Oréal filed its renewed motion to stay pending post-grant review ("PGR"). (D.I. 353) Olaplex filed its answering brief on August 28, 2018, attaching as exhibits Olaplex's discovery requests. (D.I. 385, Exs. A-B) On the same day, Olaplex filed a letter regarding L'Oréal's motion to preclude Mr. Blackburn's future participation in PGR proceedings and Ms. Walden's access to confidential information under the protective order. (D.I. 384) These filings are the subject of the motion for redactions currently pending before the court. In addition, the parties dispute the proposed redactions to Olaplex's September 10, 2018

motion for issuance of letters rogatory as to L'Oréal S.A. (D.I. 393) The parties' dispute regarding redactions also extends to two decisions issued by this court, including the October 15, 2018 Report and Recommendation on Olaplex's renewed motion for a preliminary injunction, and the November 16, 2018 Memorandum Opinion on Olaplex's motion for issuance of letters rogatory. (D.I. 430; D.I. 502) By way of letter requests, L'Oréal seeks redactions to the Report and Recommendation and the Memorandum Opinion.[1] (D.I. 449; D.I. 513)

4. **Legal standard.** The parties dispute the appropriate legal standard applicable to L'Oréal's proposed redactions. Specifically, L'Oréal contends that the Rule 26(c) "good cause" standard should apply because Olaplex effectively seeks a modification of the operative protective order by supporting disclosure of the purportedly confidential information. In contrast, Olaplex seeks to apply case law pertaining to the propriety of redactions. Having concluded that the disclosure of the proposed redactions would not require a modification of the operative protective order, *see* ¶ 7, *infra*, the court proceeds to apply case authorities offering guidance on proposed redactions of the judicial record.

---

[1] The parties dispute L'Oréal's proposed redactions for the following documents:

| Docket No. | Date Filed | Title |
|---|---|---|
| D.I. 384 | 8/28/2018 | Plaintiff's Letter to The Hon. Sherry R. Fallon regarding Response to L'Oréal's August 28, 2018 Letter and the Court's August 28, 2018 Order |
| D.I. 385 | 8/28/2018 | Plaintiff's Answering Brief in Opposition to Motion to Stay Pending Post-Grant Review |
| D.I. 393 | 9/10/2018 | Plaintiff's Motion for Issuance of Letters Rogatory as to L'Oréal S.A. |
| D.I. 430 | 10/15/2018 | Report and Recommendations re: Motion to Strike Declaration of Dr. Nisha Mody and Motion for Preliminary Injunction |
| D.I. 502 | 11/16/2018 | Memorandum Opinion re: Motion for Issuance of Letters Rogatory |

5.      The Third Circuit recognizes a strong presumption in favor of public access to judicial records and documents, including "transcripts, evidence, pleadings, and other materials submitted by litigants. . . ." *United States v. Martin*, 746 F.2d 964, 968 (3d Cir. 1984). "[T]he party seeking the closure of a hearing or the sealing of part of the judicial record bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *SoftView LLC v. Apple Inc.*, C.A. No. 10-389-LPS, 2012 WL 3061027, at *9 (D. Del. July 26, 2012) (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). Courts in this district have held that redactions are not likely to seriously injure the party seeking redactions when the information is otherwise publicly available. *See id.* "Things that typically weigh against the necessity of sealing include that the information is old, or general, or already in the public record, and was relevant to the judicial proceeding." *ViaTech Techs., Inc. v. Microsoft Corp.*, C.A. No. 14-1226-RGA, D.I. 135 at 2 (D. Del. June 6, 2016).

6.      **Analysis.** In support of its motion for redactions, L'Oréal contends that its proposed redactions should apply to Olaplex's August 28, 2018 letter submission and the corresponding exhibits, as well as Olaplex's answering brief in opposition to L'Oréal's renewed motion to stay pending post-grant review, in accordance with the terms of the NDA and the stipulated protective order. (D.I. 413 at 6) In addition, L'Oréal seeks leave to apply its proposed redactions to Olaplex's September 10, 2018 motion for issuance of letters rogatory as to L'Oréal S.A. (D.I. 393; D.I. 402 at 1 n.1) According to L'Oréal, disclosure of this information will harm L'Oréal by publicly revealing its investment and acquisition strategies, and Olaplex has no proper purpose for seeking disclosure. (*Id.* at 7, 11-12) In response, Olaplex alleges that the

confidentiality provisions under the NDA are now expired by the NDA's own terms, and the disputed information is already publicly available. (D.I. 450 at 3-8)

7. L'Oréal's motion for redactions is denied because the information L'Oréal seeks to redact is publicly available. *See Martin*, 746 F.2d at 968; *SoftView*, 2012 WL 3061027, at *9. The stipulated protective order expressly excludes "information that . . . has become public knowledge other than as a result of improper disclosure by the Receiving Party or breach of this Order or other confidentiality agreement." (D.I. 54 at ¶ 18(d)) The record before the court reflects that the court disclosed the information L'Oréal seeks to redact in its decision on Olaplex's initial motion for a preliminary injunction.[2] (D.I. 135 at 2) Specifically, the court explained that

> [b]eginning in January 2015, various L'Oréal representatives and Olaplex CEO Dean Christal ("Christal") discussed the potential for L'Oréal to purchase Olaplex. In March 2015, a L'Oréal representative attempted to recruit Craig J. Hawker, PhD ("Dr. Hawker") and Eric D. Pressly, PhD ("Dr. Pressly"), the inventors of the '419 patent. In May 2015, Olaplex and L'Oréal executed a non-disclosure agreement ("NDA"). In May and June 2015, pursuant to the NDA with L'Oréal, Christal and Dr. Pressly disclosed Olaplex's financial information, pending but unpublished patent applications licensed to Olaplex, and detailed technical information about Olaplex's products. A L'Oréal representative met with Christal in September 2015 and informed him that "L'Oréal was no longer interested in acquiring Olaplex."

(*Id.* at 2-3) (internal citations omitted). Consequently, L'Oréal's proposal to redact any reference to the NDA and L'Oréal's potential acquisition of Olaplex would not preserve confidentiality,

---

[2] L'Oréal accuses Olaplex of improperly disclosing the information L'Oréal now seeks to redact in an apparent effort to trigger the carveout provision of paragraph 18(d) of the protective order. (D.I. 413 at 9 n.2) ("The only reason any such information became public was because Plaintiffs improperly made those materials public, in direct contravention of the NDA."). However, the court disclosed the disputed information in its July 6, 2017 Memorandum Order, and neither party sought redactions of the court's decision following its issuance.

and would instead serve to hinder "the public interest to be able to understand the proceedings before a judge."[3] *ViaTech Techs.*, C.A. No. 14-1226-RGA, D.I. 135 at 2.

8. The court's conclusion is consistent with the Federal Circuit's ruling addressing L'Oréal's requested redactions. Specifically, the Federal Circuit rejected certain proposed redactions, determining that the NDA and "descriptions of the parties' actions under that agreement . . . are discussed in the district court's public order, and the language from that order is marked confidential in the brief." *Liqwd, Inc. v. L'Oréal USA, Inc.*, Case No. 17-2295, Docket No. 29 at 2 (Fed. Cir. Sept. 1, 2017). The Federal Circuit concluded that redacting information which has already been made publicly available did not advance the policy considerations underlying requests for redactions.

9. Moreover, the record confirms that the confidential information at issue belongs to Olaplex, and the NDA does not contemplate confidential information provided by L'Oréal to Olaplex. The first line of the NDA states that L'Oréal is "interested in receiving certain non-public, confidential or proprietary information regarding LiQWD, Inc. . . . in connection with a possible acquisition transaction of Olaplex LLC and/or the Company involving all or part of their respective equity or assets." (D.I. 262, Ex. C at 1) In the July 6, 2017 Memorandum Order, the court reiterated that the NDA covered the disclosure of "Olaplex's financial information, pending but unpublished patent applications licensed to Olaplex, and detailed technical information about Olaplex's products." (D.I. 135 at 2) The evidence before the court does not support L'Oréal's assertion that it also exchanged proprietary, confidential information covered

---

[3] The court previously rejected redaction requests in this case that raised similar concerns. (D.I. 205) (denying L'Oréal's proposal to redact broad portions of the court's February 28, 2018 Report and Recommendations, effectively rendering the decision incomprehensible, based on the presumption in favor of public access to court documents).

by the NDA. Olaplex's opposition to the proposed redactions therefore weighs against granting L'Oréal's requested relief.

10. L'Oréal's concern about the disclosure of information relating to its "investment and acquisition strategies and actions" lacks the requisite specificity. (D.I. 413 at 7) L'Oréal fails to explain how its "detailed requests for information" from Olaplex regarding Olaplex's trade secrets constitute a business plan proprietary to L'Oréal. (D.I. 488 at 2) Furthermore, L'Oréal has not shown that this "is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking disclosure." *SoftView*, 2012 WL 3061027, at *9 (citing *In re Cendant*, 260 F.3d at 194).

11. In addition, the confidentiality provisions of the NDA expired by their own terms in May 2018. Paragraph 2 of the NDA states:

> Each party agrees that, without the prior written consent of the other party, it will not disclose to any person (other than its Representative) the fact that the Confidential Information has been made available to us, that discussions or negotiations are taking place or have taken place concerning a possible Transaction involving us and the Company or any of the terms, conditions or other facts with respect to any such possible Transaction, including the status thereof and the identities of the parties thereto . . . .

(D.I. 262, Ex. C at ¶ 2) Although Olaplex does not dispute that L'Oréal's proposed redactions fall within the scope of this provision, paragraph 11 explains that "[t]his Agreement, and all obligations hereunder, shall terminate on the earlier of (i) three (3) years from the date hereof and (ii) the entering into a Transaction Agreement between the parties hereto with respect to a Transaction. . . ." (*Id.* at ¶ 11) Consequently, the confidentiality provisions of the NDA do not extend to judicial records filed after May 2018.

12. L'Oréal's reliance on paragraph 4 of the NDA is misplaced. Paragraph 4 provides that, "[n]otwithstanding the return or destruction of Confidential Information pursuant to this

7

Section 4, we will continue to be bound by the confidentiality and other obligations under this Agreement." (D.I. 262, Ex. C at ¶ 4) This provision does not modify or otherwise extend the three-year term of the NDA under paragraph 11. Moreover, paragraph 11 does not contain a carveout to extend the confidentiality obligations under the NDA beyond the three-year term.

13. Turning to L'Oréal's letter request for redactions to the court's October 15, 2018 Report and Recommendation regarding Olaplex's renewed motion for a preliminary injunction, the court concludes that the same considerations apply and, therefore, the request is denied. In the Report and Recommendation, L'Oréal seeks to redact a paragraph in the factual background regarding the negotiation and execution of the NDA which mirrors a similar paragraph in the court's publicly-available July 6, 2017 Memorandum Order. (D.I. 449, Ex. A at 4-5; D.I. 135 at 2-3) A subsequent portion of the Report and Recommendation indicates that L'Oréal obtained the unpublished patent application leading to the '419 patent pursuant to the terms of the NDA.[4] (D.I. 449, Ex. A at 28) Redacting the content in the court's recent Report and Recommendation would not advance any policy considerations in light of the fact that the court previously disclosed nearly identical information in a decision issued more than a year ago which remains public today.

14. The foregoing conclusions also extend to L'Oréal's proposed redactions of the court's November 16, 2018 Memorandum Opinion on Olaplex's motion for issuance of letters rogatory. (D.I. 513, Ex. A at 3, 6-9) L'Oréal represents that its "proposed redactions are consistent with [L'Oréal's] positions presented in [the] Motion for Redactions." (D.I. 513 at 1)

---

[4] The public record reveals that L'Oréal and Olaplex executed the NDA, which gave L'Oréal access to Olaplex's confidential information including "pending but unpublished patent applications licensed to Olaplex." (D.I. 135 at 2) The July 6, 2017 Memorandum Order also links the disclosures made under the NDA to Olaplex's infringement claims regarding the '419 patent. (D.I. 135 at ¶¶ 3-4)

8

L'Oréal made no further showing of hardship unique to the contents of the Memorandum Opinion. Consequently, L'Oréal's request to redact the court's November 16, 2018 Memorandum Opinion is denied.

15. **Conclusion.** In view of the foregoing analysis, L'Oréal's motion for redactions (D.I. 412) and its October 25, 2018 and November 26, 2018 letter requests for redactions (D.I. 449; D.I. 513) are denied. This Memorandum Order shall not be construed as a continuing permission to redact. As noted at paragraph 16, *infra*, further requests for redactions must be made by motion, supported by a declaration, satisfying the good cause standard that disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotation marks and citation omitted).

| Docket No. | Date Filed | Title | Disposition of Redaction Request |
|---|---|---|---|
| D.I. 384 | 8/28/2018 | Plaintiff's Letter to The Hon. Sherry R. Fallon regarding Response to L'Oréal's August 28, 2018 Letter and the Court's August 28, 2018 Order | DENIED |
| D.I. 385 | 8/28/2018 | Plaintiff's Answering Brief in Opposition to Motion to Stay Pending Post-Grant Review | DENIED |
| D.I. 393 | 9/10/2018 | Plaintiff's Motion for Issuance of Letters Rogatory as to L'Oréal S.A. | DENIED |
| D.I. 430 | 10/15/2018 | Report and Recommendations re: Motion to Strike Declaration of Dr. Nisha Mody and Motion for Preliminary Injunction | DENIED |
| D.I. 502 | 11/16/2018 | Memorandum Opinion re: Motion for Issuance of Letters Rogatory | DENIED |

16. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the Memorandum

9

Order. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties should jointly submit a proposed redacted version by no later than **December 6, 2018**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotation marks and citation omitted). The court will subsequently issue a publicly available version of its Memorandum Order.

**17.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

**18.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge

10