IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIQWD, INC. and OLAPLEX LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 17-14-JFB-SRF |
| ) | |
| L'ORÉAL USA, INC., L'ORÉAL USA ) | |
| PRODUCTS, INC., L'ORÉAL USA S/D, ) | |
| INC., and REDKEN 5TH AVENUE NYC, ) | |
| L.L.C., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

Presently before the court in this patent infringement action is the renewed motion to stay pending post-grant review ("PGR"), filed by defendants L'Oréal USA, Inc. ("L'Oréal USA"), L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, L.L.C. (collectively, "L'Oréal"). (D.I. 353) For the following reasons, L'Oréal's motion to stay is denied.

**II.   BACKGROUND**

  **A.   Litigation History**

On November 22, 2016, United States Patent No. 9,498,419 ("the '419 patent") was issued by the United States Patent and Trademark Office ("USPTO"), and Olaplex filed a complaint against L'Oréal for infringement of the '419 patent and false advertising in the Central District of California (the "California Action"). (D.I. 262 at ¶ 112; C.D. Cal. C.A. No. 16-8708-R-AFM, D.I. 1) Olaplex filed the present action on January 5, 2017 against L'Oréal after dismissing the California Action, asserting causes of action for the alleged infringement of the

'419 patent, misappropriation of trade secrets under the Defend Trade Secrets Act, misappropriation of trade secrets under the Delaware Trade Secrets Act, unjust enrichment, breach of contract, and breach of the implied covenant of good faith and fair dealing. (D.I. 2) On January 17, 2017, Olaplex filed a motion for a preliminary injunction, alleging that it had suffered and would continue to suffer irreparable harm unless L'Oréal's infringement was enjoined. (D.I. 14)

Olaplex filed its first amended complaint on March 20, 2017, adding L'Oréal S.A. as a defendant. (D.I. 53) In response, L'Oréal filed its motion to dismiss the first amended complaint on April 17, 2017, alleging that Olaplex did not have standing to maintain the action under Rule 12(b)(1), and arguing that the causes of action failed to state a claim under Rule 12(b)(6). (D.I. 66) L'Oréal S.A. followed suit on June 15, 2017, filing a motion to dismiss for insufficiency of service of process, lack of personal jurisdiction, lack of standing, and failure to state a claim. (D.I. 117) On June 21, 2017, Olaplex moved for leave to file a second amended complaint, seeking to add a cause of action for infringement of United States Patent No. 9,668,954 ("the '954 patent"), and striking its causes of action for unjust enrichment and breach of the implied covenant of good faith and fair dealing. (D.I. 126, Ex. 2)

On June 8, 2017, Judge Robinson heard argument on the motion for preliminary injunction and L'Oréal's motion to dismiss. (D.I. 114) Judge Robinson issued a memorandum order on July 6, 2017, denying Olaplex's motion for a preliminary injunction. (D.I. 135) Specifically, Judge Robinson found that Olaplex failed to demonstrate a likelihood of success on the merits, even though it established irreparable harm. (*Id.*) On July 11, 2017, Olaplex appealed the ruling on the preliminary injunction to the Federal Circuit. (D.I. 136) The Federal Circuit issued its opinion on January 16, 2018, vacating the district court's denial of a

2

preliminary injunction and remanding the case to the district court for further proceedings. (D.I. 176, Ex. 1) The Federal Circuit returned the mandate to this court on April 5, 2018, making the judgment of the Federal Circuit final. (D.I. 217)

On February 28, 2018, the court issued its Report and Recommendations, granting Olaplex's motion to amend the complaint, denying L'Oréal's motion to dismiss, and granting-in-part L'Oréal S.A.'s motion to dismiss. (D.I. 186) The district judge adopted the Report and Recommendations on April 23, 2018 and, in a subsequent June 26, 2018 Order, the district judge reaffirmed its conclusion that there is no personal jurisdiction over L'Oréal S.A., thereby dismissing L'Oréal S.A. from the litigation with prejudice. (D.I. 234; D.I. 317) Olaplex filed its second amended complaint on May 14, 2018. (D.I. 262) In response to the second amended complaint, on June 12, 2018, L'Oréal filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). (D.I. 302) The motion to dismiss remains pending, and oral argument on the motion is scheduled to go forward on December 12, 2018.

On August 29, 2018, L'Oréal produced documents to Olaplex relating to a May 19, 2015 acquisition meeting in which Olaplex shared confidential trade secret information with L'Oréal. On September 10, 2018, Olaplex filed the instant motion, positing that L'Oréal's August 29 document production establishes L'Oréal S.A.'s involvement in the acquisition discussions. (D.I. 393) On September 25, 2018, Olaplex deposed Roger Dolden, the former Executive Vice President of Business Development at L'Oréal, who participated in the May 2015 acquisition discussions. (D.I. 411, Ex. C)

### B. PGR Proceedings

On January 13, 2017, L'Oréal filed a PGR petition challenging the patentability of all asserted claims of the '419 patent. (D.I. 354 at 4) The Patent Trial and Appeal Board ("PTAB")

3

instituted review of the challenged claims of the '419 patent on July 19, 2017. (*Id.* at 4-5) On June 27, 2018, the PTAB issued a final written decision finding all asserted claims of the '419 patent unpatentable. (D.I. 339, Ex. A) Olaplex appealed the final written decision to the Federal Circuit, and the appeal remains pending. (D.I. 373)

In late January and early February 2018, L'Oréal filed three PGR petitions challenging the patentability of all claims of the '954 patent. (D.I. 354 at 5) On August 10, 2018, the PTAB instituted PGR proceedings on one of the petitions, and denied institution on the remaining two PGR petitions. (D.I. 366, Exs. A-C)

### III. LEGAL STANDARD

The America Invents Act ("AIA") provides for the establishment of transitional post-grant review ("PGR") proceedings to reexamine the validity of issued patents, and considers the effect of these proceedings on related patent infringement actions, authorizing district courts to stay such parallel litigation under certain circumstances. 35 U.S.C. § 321; Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 6(d) (2011). Under 35 U.S.C. § 324(a), a PGR proceeding may only be instituted if the petition demonstrates "that it is more likely than not that at least 1 of the claims challenged in the petition is unpatentable," representing a higher threshold than the "reasonable likelihood" standard applicable to *inter partes* review proceedings. 35 U.S.C. §§ 314(a), 324(a).

District courts also have the discretionary power to stay litigation under their inherent power to control their own dockets. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). In determining whether to grant a discretionary stay, a court considers:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question

4

and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.

*Alloc, Inc. v. Unilin Décor N.V.*, 2003 WL 21640372, at *2 (D. Del. July 11, 2003) (internal quotation marks omitted); *see also Tinnus Enters., LLC v. Telebrands Corp.*, 2017 WL 379471, at *2 (E.D. Tex. Jan. 24, 2017) (applying same factors in context of PGR proceedings). "Courts have also referenced undue prejudice or hardship to the movant as a factor to be considered in evaluating a request to stay litigation." *Mission Abstract Data L.L.C. v. Beasley Broadcast Grp., Inc.*, 2011 WL 5523315, at *2 (D. Del. Nov. 14, 2011).

## IV. DISCUSSION

After considering the three stay-related factors, the court denies L'Oréal's renewed motion to stay.

### A. Simplification of Issues for Trial

In support of its renewed motion to stay, L'Oréal contends that a stay would simplify the issues for trial by potentially eliminating the infringement and invalidity claims regarding the patents-in-suit. Specifically, L'Oréal notes that the PTAB has already determined that the claims of the '419 patent are unpatentable, and its decision to institute proceedings on the related '954 patent suggests that both patents will likely be rendered invalid. (D.I. 354 at 6-10; D.I. 398 at 2-5) L'Oréal indicates that, even if the PTAB upholds the validity of the '954 patent, the PTAB's final written decision would simplify the remaining invalidity issues. (*Id.*)

In response, Olaplex alleges that the non-patent claims for trade secret misappropriation and breach of contract will remain viable even if the PTAB invalidates the '954 patent. (D.I. 385 at 6-13) Moreover, Olaplex expresses confidence that it will prevail on its appeal to the Federal

5

Circuit of the final written decision regarding the '419 patent, and notes that a final written decision on the '954 patent is not anticipated until August 2019. (*Id.*)

The court concludes that a stay of the present litigation is not likely to substantially simplify the issues for trial. The PGR proceeding on the '954 patent will not resolve or advance the trade secret misappropriation and breach of contract claims at issue in this case. *See FMC Corp. v. Summit Agro USA, LLC*, 14-51-LPS-CJB, 2014 WL 3703629, at *3-4 (D. Del. July 21, 2014); *Nippon Steel & Sumito Metal Corp. v. POSCO*, 2013 WL 1867042, at *8 (D.N.J. May 2, 2013). In fact, the PTAB acknowledged in its final written decision on the '419 patent that "the preponderance of the evidence suggests that [L'Oréal] used maleic acid because of its access to [Olaplex's] non-public information, rather than because of [L'Oréal's] own independent development." (D.I. 373 at 30) Moreover, Olaplex's infringement and invalidity claims could remain in the case if the Federal Circuit overrules the PTAB's decision on the '419 patent or the PTAB upholds the validity of the '954 patent in its final written decision. The PTAB's decision invalidating the '419 patent is not binding on the court. *See Tinnus Enters., LLC v. Telebrands Corp.*, 846 F.3d 1190, 1202 n.7 (Fed. Cir. 2017) ("The PTAB's [final written] decision is not binding on this court, and . . . it does not persuade us that the district court abused its discretion in granting the preliminary injunction. The parties are, of course, free to ask the district court to reconsider its preliminary injunction in light of the PTAB's Decision.").

### B. Prejudice

L'Oréal alleges that Olaplex would not suffer prejudice as a result of a stay because delay alone is insufficient to establish undue prejudice, and L'Oréal's PGR petitions and motions to stay were filed promptly. (D.I. 354 at 10-13) In response, Olaplex contends that the parties are direct competitors in a two-player market, and the harm suffered by Olaplex will grow as long as

6

the accused products remain in the marketplace. (D.I. 385 at 14-16) In addition, Olaplex observes that a stay would likely delay the resolution of the case by at least a year. (*Id.* at 17-18)

The court concludes that Olaplex would suffer substantial prejudice from a stay because Olaplex and L'Oréal are direct competitors in a two-player market, and Olaplex has faced irreparable harm as a result of the allegedly infringing conduct. (D.I. 430 at 29-34) Under similar circumstances involving direct competitors, courts in this district have declined to grant a stay of proceedings. *See Courtesy Prods., L.L.C. v. Hamilton Beach Brands, Inc.*, C.A. No. 13-2012-SLR, 2015 WL 5145526, at *2 (D. Del. Sept. 1, 2015); *ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*, C.A. No. 12-054-GMS-MPT, 2013 WL 663535, at *6 (D. Del. Feb. 25, 2013). Moreover, the Federal Circuit has recognized that a plaintiff's pursuit of a preliminary injunction supports a subsequent claim that it will be unduly prejudiced by a stay. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014).

As a practical matter, putting the case on hold until the PTAB issues a final written decision in the PGR proceedings on the '954 patent is likely less efficient than continuing on track through discovery. Delay is not favored in litigation. *See Copy Prot. LLC v. Netflix, Inc.*, C.A. No. 14-365-LPS, 2015 WL 3799363, at *1 (D. Del. June 17, 2015) ("[S]taying a case pending PTO review risks prolonging the final resolution of the dispute and thereby may result in some inherent prejudice to the plaintiff."); *see also TruePosition, Inc. v. Polaris Wireless, Inc.*, C.A. No. 12-646-RGA-MPT, 2013 WL 5701529, at *5 (D. Del. Oct. 21, 2013) ("[W]here the scope of the issues in litigation substantially exceeds the scope of the issues on review, a stay is disfavored."); *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co., Ltd.*, 2018 WL 3472700, at *3 (E.D. Tex. July 19, 2018) (suggesting that Samsung's motion to stay the litigation "appear[s] to be yet another attempt to draw out these proceedings."). There is nothing in the present record

to suggest that completing fact discovery, and proceeding to the July 15, 2019 trial pending a final written decision by the PTAB on the '954 patent, will unusually tax or waste the resources of the parties in light of the non-patent claims at issue.

### C. Stage of Proceedings

L'Oréal's arguments in support of its renewed motion to stay regarding the stage of the proceedings are largely moot. (D.I. 354 at 14-15) Claim construction briefing is now complete, and a *Markman* hearing was held on November 8, 2018. Olaplex notes that the parties have collectively taken twenty-nine depositions as of August 28, 2018, and substantial document production has occurred since then. (D.I. 385 at 18) The jury trial in this matter is scheduled to begin on July 15, 2019, one month before the PTAB is expected to render its final written decision on the patentability of the '954 patent. Given the expenditure of substantial resources in discovery and claim construction to date, as well as the need to resolve the non-patent claims regardless of the status of the infringement and validity claims, a stay would not serve the interests of efficiency in the present matter.

### V. CONCLUSION

For the foregoing reasons, L'Oréal's renewed motion to stay pending post-grant review is denied. (D.I. 353) An Order consistent with this Memorandum Opinion shall issue.

Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Opinion under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Opinion should be redacted, the parties should jointly submit a proposed redacted version by no later than **December 19, 2018**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted

material would "work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotation marks and citation omitted). The court will subsequently issue a publicly available version of its Memorandum Opinion.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: December 12, 2018

Sherry R. Fallon
United States Magistrate Judge