## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIQWD, INC. and OLAPLEX LLC,<br><br>Plaintiffs,<br><br>v.<br><br>L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., L'ORÉAL USA S/D, INC., and REDKEN 5TH AVENUE NYC, L.L.C.,<br><br>Defendants. | Civil Action No. 17-14-JFB-SRF |

## **MEMORANDUM ORDER**

At Wilmington this **14th** day of **January, 2019**, the court having considered the parties' letter submissions regarding the proposed modifications to the case schedule sought by defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, L.L.C. (collectively, "L'Oréal") (D.I. 596; D.I. 599; D.I. 600; D.I. 601; D.I. 603; D.I. 607; D.I. 609), IT IS HEREBY ORDERED THAT L'Oréal's request to modify the case schedule is GRANTED-IN-PART for the reasons set forth below.

**1.** **Background.** Plaintiffs Liqwd, Inc. and Olaplex LLC ("Olaplex") brought this civil action for patent infringement and other claims on January 5, 2017. (D.I. 2) Olaplex alleges causes of action for infringement of United States Patent Nos. 9,498,419 ("the '419 patent") and 9,668,954 ("the '954 patent") (together, the "patents-in-suit"), as well as causes of action for trade secret misappropriation and breach of contract. (D.I. 262) The patents-in-suit are directed to formulations, kits, and methods of applying a bleaching mixture containing an active agent of maleic acid to the hair during treatments to rebuild disulfide bonds. (*Id.*, Ex. A at Abstract; Ex. B at Abstract)

2. **Legal standard.** If a party seeks to extend a deadline imposed by the scheduling order, the court must apply the "good cause" standard in accordance with Rule 16 of the Federal Rules of Civil Procedure. *Carrier Corp. v. Goodman Global, Inc.*, 49 F. Supp. 3d 430, 433 (D. Del. 2014). Pursuant to Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "The good cause element requires the movant to demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner." *Venetec Int'l v. Nexus Med.*, 541 F. Supp. 2d 612, 618 (D. Del. 2010). "[T]he good cause standard under Rule 16(b) hinges on the diligence of the movant, and not on the prejudice to the non-moving party." *Id.* "Whether or not the requirements of Rule 16(b) have been met is a procedural issue not pertaining to the patent laws, and therefore regional circuit law applies to this question." *See Slip Track Sys., Inc. v. Metal-Lite, Inc.*, 304 F.3d 1256, 1270 (Fed. Cir. 2002).

3. **Analysis.** L'Oréal's request to modify the case schedule is granted-in-part as follows:

| Event | Previous Deadline | Amended Deadline |
|---|---|---|
| Completion of third party discovery | 12/21/2018 | 1/25/2019 |
| Opening expert reports | 1/11/2019 | 1/29/2019 |
| Rebuttal expert reports | 2/1/2019 | 2/12/2019 |
| Expert discovery close | 3/1/2019 | 3/7/2019 |
| Parties serve list of fact witnesses | One month after expert discovery closes | 4/5/2019 |
| Parties serve list of rebuttal fact witnesses | 3 weeks after receipt of list of fact witnesses | 4/26/2019 |
| Motions for summary judgment | 3/11/2019 | 3/14/2019 |
| Daubert motions | 3/11/2019 | 3/14/2019 |
| Oppositions to motions for summary judgment | 4/1/2019 | 4/4/2019 |
| Replies to motions for summary judgment | 4/15/2019 | 4/18/2019 |

2

| Meet and confer on schedule for pre-trial exchanges and MILs | 4/19/2019 | 4/23/2019 |
|---|---|---|
| Pretrial conference | 6/4/2019 | 6/4/2019 |
| Trial | 7/29/2019 | 7/29/2019 |

**4.** L'Oréal alleges that the requested extension is necessary to allow sufficient time for L'Oréal to consider the court's ruling on claim construction, complete third-party discovery, and address issues raised in its counterclaims prior to submitting its opening expert reports. (D.I. 603 at 1-4; Ex. F) L'Oréal stresses that any delay in seeking the above-mentioned modifications to the scheduling order is the result of Olaplex's ambivalence about whether it would stipulate to modify the schedule. (*Id.* at 4)

**5.** In response, Olaplex contends that L'Oréal has not demonstrated good cause because it could have sought third-party discovery sooner, having known about the role of the specified third parties for many months. (D.I. 607 at 2) Olaplex also challenges the relevance of the requested third-party discovery. (*Id.* at 2-3) With respect to L'Oréal's counterclaims, Olaplex alleges that L'Oréal delayed in filing its answer and counterclaims and fails to explain why expert discovery is needed to support the counterclaims. (*Id.* at 4) Olaplex suggests it will seek to bifurcate the counterclaims if they raise new issues of fact and law given the case's proximity to trial. (*Id.*)

**6.** Applying the good cause standard, the court finds that minor adjustments to the schedule are warranted under the present circumstances. During the December 12, 2018 hearing, the court indicated that it was willing to consider an extension to allow for third-party depositions noticed prior to the discovery cutoff if the parties could not resolve the issue through the meet and confer process. (D.I. 603, Ex. D at 165:4-167:2) The record reflects that L'Oréal made multiple attempts to reach agreement and obtain the requested discovery promptly, but

3

Olaplex's ambivalence resulted in delays. (*Id.* at 2 n.1; Ex. E) L'Oréal has adequately established that this discovery is relevant to its invalidity positions. The record before the court suggests that L'Oréal has seventeen (17) hours of additional deposition time remaining from its 100-hour allotment for fact witnesses.[1] (D.I. 609 at 4)

7. In addition, the record supports L'Oréal's position that it exercised diligence in filing its counterclaims. Specifically, L'Oréal indicates that its counterclaims stem from facts revealed during depositions following Olaplex's delayed production of over 20,000 pages of document discovery on December 3, 2018, nearly a month after the deadline for document production on November 5, 2018. (D.I. 603 at 4; D.I. 609 at 3) L'Oréal has shown that it exercised reasonable diligence in filing its counterclaims following a delay of Olaplex's own making. A limited extension of certain scheduling order deadlines is warranted in light of L'Oréal's showing of good cause.

8. The court will not grant the extensions proposed by L'Oréal, as to do so would compress the time available for the assigned District Judge to resolve motions for summary judgment and *Daubert* motions, thus, potentially jeopardizing the current trial date.

9. **Conclusion.** In view of the foregoing analysis, L'Oréal's request to modify the case schedule (D.I. 603) is granted-in-part as set forth at ¶ 3, *supra*.

10. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order.

---

[1] The calculation of remaining deposition hours is based on the chart attached to L'Oréal's reply letter brief. (D.I. 609 at 4) This chart reflects that Olaplex's calculation of deposition time included the deposition testimony of expert witnesses. The scheduling order provides for one hundred (100) hours per side of deposition testimony by fact witnesses. (D.I. 192 at ¶ 3(h)(iii)) Expert discovery is addressed in the following subsection of the scheduling order. (*Id.* at ¶ 3(i))

4

Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**11.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

                                                                                                                       _____
                                                                                                                       Sherry R. Fallon
                                                                                                                   United States Magistrate Judge