# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIQWD, INC. and OLAPLEX LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> L'ORÉAL USA, INC., L'ORÉAL USA ) <br> PRODUCTS, INC., L'ORÉAL USA S/D, ) <br> INC., and REDKEN 5™ AVENUE NYC, ) <br> L.L.C., ) <br> ) <br> Defendants. ) | Civil Action No. 17-14-JFB-SRF |

## MEMORANDUM ORDER

At Wilmington this **30th** day of **January, 2019**, the court having considered the motion to bifurcate filed by plaintiffs Liqwd, Inc. and Olaplex LLC (together, "Olaplex") (D.I. 616), IT IS HEREBY ORDERED THAT the motion to bifurcate is GRANTED-IN-PART for the reasons set forth below.

**1. Background.** On November 22, 2016, United States Patent No. 9,498,419 ("the '419 patent") was issued by the United States Patent and Trademark Office ("USPTO"), and Olaplex filed a complaint against defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5ᵗʰ Avenue NYC, L.L.C. (collectively, "L'Oréal") for infringement of the '419 patent and false advertising in the Central District of California (the "California Action"). (D.I. 592, Ex. 1 at ¶ 112; C.D. Cal. C.A. No. 16-8708-R-AFM, D.I. 1) Olaplex filed the present action on January 5, 2017 against L'Oréal after dismissing the California Action, asserting causes of action for the alleged infringement of the '419 patent, among other causes of action. (D.I. 2)

**2.** Olaplex filed its first amended complaint as a matter of right on March 20, 2017. (D.I. 53) In response, L'Oréal filed its motion to dismiss the first amended complaint on April 17, 2017. (D.I. 66) On June 21, 2017, Olaplex moved for leave to file a second amended complaint, seeking to add a cause of action for infringement of United States Patent No. 9,668,954 ("the '954 patent"), which issued on June 6, 2017. (D.I. 126, Ex. 2) On February 28, 2018, the court issued a Report and Recommendation granting Olaplex's motion to amend the complaint, denying L'Oréal's motion to dismiss, and granting-in-part L'Oréal S.A.'s motion to dismiss. (D.I. 186) The district judge adopted the Report and Recommendation on April 23, 2018. (D.I. 234)

**3.** Olaplex filed its second amended complaint on May 14, 2018, modifying the definition of "Accused Products" to encompass the Step 2 and Step 3 products. (D.I. 262) On June 12, 2018, L'Oréal filed a motion to dismiss the second amended complaint for failure to state a claim pursuant to Rule 12(b)(6). (D.I. 302) The court held oral argument on L'Oréal's motion to dismiss the second amended complaint on December 12, 2018. On December 17, 2018, the court issued its Report and Recommendation, recommending that the district judge grant L'Oréal's motion to dismiss and deny L'Oréal's request for judicial notice. (D.I. 579) In lieu of filing objections to the Report and Recommendation, Olaplex filed a motion for leave to file a third amended complaint ("TAC"). (D.I. 592 at 4) The TAC identifies the Matrix Bond Ultim8, Redken pH-Bonder, and L'Oréal Professionnel Smartbond three-step systems as the "Accused Products." (D.I. 592, Ex. 1 at 1, ¶ 61)

**4.** On January 11, 2019, L'Oréal filed its answer to the second amended complaint and asserted eleven counterclaims against Olaplex. (D.I. 608) On January 18, 2019, Olaplex filed the instant motion to bifurcate seven of the eleven counterclaims. (D.I. 616) Olaplex subsequently

2

sought leave to expedite briefing on the motion and request a resolution prior to the January 29, 2019 deadline for opening expert reports. (D.I. 618) The court granted the request to expedite briefing on January 23, 2019.

**5. Legal Standard.** Rule 42(b) of the Federal Rules of Civil Procedure provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b); *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 742 F. Supp. 2d 492, 495-96 (D. Del. 2010). In patent cases, judges often use bifurcation to simplify the issues and to manage the volume and complexity of evidence presented to the jury. *Masimo*, 742 F. Supp. 2d at 496 (citing *Enzo Life Scis., Inc. v. Digene Corp.*, C.A. No. 02-212-JJF, 2003 WL 21402512, at *4 (D. Del. June 10, 2003)).

**6. Analysis.** Olaplex's motion to bifurcate is granted with respect to L'Oréal's tenth and eleventh counterclaims for inequitable conduct. "Inequitable conduct defenses are tried to the Court, not a jury." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 763 F. Supp. 2d 671, 686 (D. Del. 2010) (citing *Gen. Electro Music Co. v. Samick Music Corp.*, 19 F.3d 1405, 1408 (Fed. Cir. 1994)). In accordance with the court's standard practice, L'Oréal may try its inequitable conduct counterclaims to the bench following the jury trial, on a schedule to be determined by the district judge.

**7.** Olaplex's motion to bifurcate is denied without prejudice with respect to L'Oréal's first, second, third, fourth, and fifth counterclaims. L'Oréal has established that the facts underlying L'Oréal's first counterclaim under the Lanham Act are related to its unjust enrichment defense and Olaplex's claim for damages. The evidence supporting L'Oréal's false promise counterclaim regarding L'Oréal's potential acquisition of Olaplex overlaps with

3

Olaplex's claims for trade secret misappropriation stemming from the same acquisition discussions. (D.I. 626, Ex. D at 64, Ex. E; D.I. 608 at ¶¶ 142-50) Similarly, L'Oréal's third and fourth counterclaims for breach of contract are based on alleged breaches of the same nondisclosure agreement ("NDA") that is the subject of Olaplex's causes of action for breach of contract. L'Oréal's fifth counterclaim for false marking is relevant to the availability of damages on Olaplex's infringement contentions, as well as secondary considerations of nonobviousness. Bifurcation of these counterclaims would not expedite or economize the litigation, but would instead result in separate trials retreading much of the same evidence.

**8.** Holding separate trials on L'Oréal's Lanham Act, false promise, breach of contract, and false marking counterclaims would result in prejudice to L'Oréal by requiring L'Oréal to present the same evidence at two separate trials. *See Synopsys, Inc. v. Magma Design Automation*, C.A. No. 05-701-GMS, 2006 WL 1452803, at *4 (D. Del. May 25, 2006) (declining to bifurcate antitrust claims from patent claims where "the evidentiary presentation in one case would likely be substantially duplicative of the evidentiary presentation in the other."). The evidence relating to L'Oréal's counterclaims overlaps with the evidence L'Oréal intends to present as a defense to Olaplex's affirmative claims, and L'Oréal will present the evidence at the first trial in connection with its defenses even if bifurcation is granted. For the same reason, bifurcation would not serve the interest of preventing juror confusion. Olaplex's assertion that it requires additional discovery on L'Oréal's counterclaims is belied by the fact that Olaplex is in possession of most of the evidence forming the basis for those counterclaims, and the record reflects that Olaplex took deposition discovery on topics relating to the counterclaims. (D.I. 617 at 6 n.7; D.I. 626 at ¶ 10, Ex. E)

**9. Conclusion.** For the foregoing reasons, Olaplex's motion to bifurcate is granted with respect to L'Oréal's tenth and eleventh counterclaims for inequitable conduct, and the motion is denied with respect to L'Oréal's first through fifth counterclaims. (D.I. 616)

**10.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to five (5) pages each.

**11.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE