IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LIQWD, INC. and OLAPLEX LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-14-JFB-SRF |
| | ) | |
| L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., L'ORÉAL USA S/D, INC., and REDKEN 5TH AVENUE NYC, L.L.C., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the court in this patent infringement action is the motion for leave to file a third amended complaint, filed by plaintiffs Liqwd, Inc. and Olaplex LLC (together, Olaplex"). (D.I. 592) For the following reasons, Olaplex's motion to amend is granted.

### II. BACKGROUND

On November 22, 2016, United States Patent No. 9,498,419 ("the '419 patent") was issued by the United States Patent and Trademark Office ("USPTO"), and Olaplex filed a complaint against defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, L.L.C. (collectively, "L'Oréal") for infringement of the '419 patent and false advertising in the Central District of California (the "California Action"). (D.I. 592, Ex. 1 at ¶ 112; C.D. Cal. C.A. No. 16-8708-R-AFM, D.I. 1) Olaplex filed the present action on January 5, 2017 against L'Oréal after dismissing the California Action, asserting causes of action for the alleged infringement of the '419 patent, among other causes of action. (D.I. 2) The original complaint identified the infringing products as the Matrix Bond Ultim8

Step 1 Amplifier, Redken pH-Bonder #1 Bond Protecting Additive, and L'Oréal Professionnel Smartbond Step 1 Additive. (*Id.* at 1)

Olaplex filed its first amended complaint as a matter of right on March 20, 2017. (D.I. 53) In response, L'Oréal filed its motion to dismiss the first amended complaint on April 17, 2017. (D.I. 66) On June 21, 2017, Olaplex moved for leave to file a second amended complaint, seeking to add a cause of action for infringement of United States Patent No. 9,668,954 ("the '954 patent"), which issued on June 6, 2017. (D.I. 126, Ex. 2) On February 28, 2018, the court issued a Report and Recommendation granting Olaplex's motion to amend the complaint, denying L'Oréal's motion to dismiss, and granting-in-part L'Oréal S.A.'s motion to dismiss. (D.I. 186) The district judge adopted the Report and Recommendation on April 23, 2018. (D.I. 234)

Olaplex filed its second amended complaint on May 14, 2018, modifying the definition of "Accused Products" to encompass the Step 2 and Step 3 products. (D.I. 262) On June 12, 2018, L'Oréal filed a motion to dismiss the second amended complaint for failure to state a claim pursuant to Rule 12(b)(6). (D.I. 302) The court held oral argument on L'Oréal's motion to dismiss the second amended complaint on December 12, 2018. On December 17, 2018, the court issued its Report and Recommendation, recommending that the district judge grant L'Oréal's motion to dismiss and deny L'Oréal's request for judicial notice. (D.I. 579) In lieu of filing objections to the Report and Recommendation, Olaplex filed the instant motion for leave to file a third amended complaint ("TAC"). (D.I. 592 at 4) The TAC identifies the Matrix Bond

2

Ultim8, Redken pH-Bonder, and L'Oréal Professionnel Smartbond three-step systems[1] as the "Accused Products." (D.I. 592, Ex. 1 at 1, ¶ 61)

Prior to the district judge's adoption of the February 28, 2018 Report and Recommendation, Olaplex served interrogatories and requests for production of documents in March 2018 that defined the "Accused Products" to include the Step 1, Step 2, and Step 3 products from each of L'Oréal's three accused product lines. (D.I. 334, Ex. C at 2, Ex. E at 2, Ex. F at 2, Ex. G at 2) Olaplex served its initial infringement contentions on June 1, 2018, outlining the basis for its infringement allegations regarding the Step 1, Step 2, and Step 3 products. (D.I. 280; D.I. 334, Ex. A) On September 11, 2018, Olaplex served its amended infringement contentions. (D.I. 397; D.I. 592, Ex. 3)

## III. LEGAL STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleading after a responsive pleading has been filed "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend lies within the court's discretion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment

---

[1] Olaplex's proposed amendment includes six additional products not identified in previous iterations of the pleading: Matrix Bond Ultim8 Step 2 Sealer, Matrix Bond Ultim8 Step 3 Sealing Treatment, Redken pH Bonder Step 2 Fiber Restorative Pre-Wash Concentrate, Redken pH Bonder Step 3 Post-Service Perfector, L'Oréal Professionnel Smartbond Step 2 Pre-Shampoo, and L'Oréal Professionnel Smartbond Step 3 Conditioner (the "Step 2 and Step 3 products").

3

should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

## IV. ANALYSIS

Applying the legal framework of Rule 15(a) to the present case, the court finds that there is no undue delay, bad faith, or dilatory motive on Olaplex's part. The court's consideration of undue delay "focus[es] on the movant's reasons for not amending sooner." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). The motion for leave to file a second amended complaint was timely filed on June 21, 2017. (D.I. 126) When the amended pleading was filed, L'Oréal responded with a motion to dismiss based in part on the fact that Olaplex exceeded the grant of permission to amend by including the Step 2 and Step 3 products in the definition of "Accused Products." (D.I. 302) The court recommended granting the motion to dismiss without prejudice. (D.I. 579) Without undue delay, Olaplex filed its procedurally proper motion for leave to file the TAC[2] less than two weeks after the court issued its Report and

---

[2] Counsel for Olaplex explained that the failure to change the definition of the Accused Products in the proposed second amended complaint was an oversight, and the proposed TAC is intended to correct the mistake and bring the definition in line with the remainder of the pleading. (D.I. 612, Ex. E at 19:10-21:19) The record before the court supports Olaplex's representation. The Step 2 and Step 3 products are accused of infringing the '954 patent, which was added to the case by way of the second amended complaint. The proposed second amended complaint includes the same discussion of the Step 2 and Step 3 products as the proposed TAC. (*Compare* D.I. 126, Ex. 2 at ¶¶ 76-79, *with* D.I. 592, Ex. 2 at ¶¶ 75-78) Olaplex's March 2018 discovery requests define the "Accused Products" to encompass the Step 2 and Step 3 products, as do the initial and amended infringement contentions served in June and September 2018, respectively. (D.I. 334, Ex. A, Ex. C at 2, Ex. E at 2, Ex. F at 2, Ex. G at 2; D.I. 280; D.I. 397; D.I. 592, Ex. 3) Olaplex's intention to include the Step 2 and Step 3 products in the definition of Accused Products was apparent at the time the second amended complaint was filed in May 2018. L'Oréal alleges that Olaplex has consistently defined the Accused Products to include only the Step 1 products. (D.I. 611 at 1, 4) However, the documents L'Oréal cites in support of its position include the original and first amended complaints, which were filed before the issuance of the '954 patent, and filings made in support of Olaplex's original and renewed motions for a preliminary injunction, which sought relief only in relation to the '419 patent. (D.I. 2; D.I. 18; D.I. 53; D.I. 247) The record reflects that Olaplex consistently defined the Accused Products to

4

Recommendation granting L'Oréal's motion to dismiss the second amended complaint. (D.I. 592)

While the court does not countenance the overreaching on Olaplex's part, a practical issue remains as to the best solution for both sides in this case. To deny Olaplex's motion to amend would have the practical effect of endorsing piecemeal litigation over the Accused Products by permitting litigation of the Step 1 products in isolation. Granting the motion to amend and permitting litigation on all Accused Products raises a related concern of whether L'Oréal would be unfairly prejudiced by the addition of the Step 2 and Step 3 products at this stage of the proceedings.

Having considered the case history and the parties' arguments, the court finds that the prejudice alleged by L'Oréal is insufficient to overcome the Third Circuit's liberal approach to the amendment of pleadings. The determination of prejudice focuses on the hardship to the non-movant if the amendment is permitted, and may include "additional discovery, cost, and preparation. . . ." *Cureton*, 252 F.3d at 273. The history of this case demonstrates that the alleged infringement of the Step 1 products has not been litigated in a vacuum. The Step 1 products are marketed and sold individually and also in kits along with Step 2 and Step 3 products. (D.I. 592 at 9 n.4; Ex. 1 at ¶¶ 66-67)

L'Oréal has been on notice of Olapex's intention to include the Step 2 and Step 3 products in the definition of "Accused Products" since the service of Olaplex's March 2018 discovery requests. (D.I. 334, Ex. C at 2, Ex. E at 2, Ex. F at 2, Ex. G at 2) Notwithstanding the objections to the discovery requests, L'Oréal cannot claim surprise regarding the inclusion of the Step 2 and Step 3 products. Moreover, the second amended complaint identifying the Step 2 and

---

include the Step 2 and Step 3 products in relation to the '954 patent following Olaplex's motion for leave to file a second amended complaint.

Step 3 products as Accused Products was filed on May 14, 2018, more than six months before the close of fact discovery. (D.I. 262) The motion to dismiss the second amended complaint did not preclude L'Oréal from taking discovery based on the allegations in that pleading.[3] Olaplex's infringement contentions regarding the Step 2 and Step 3 products provided sufficient information regarding the alleged bases for infringement to allow L'Oréal to formulate discovery requests. (D.I. 334, Ex. A; D.I. 592, Ex. 3) L'Oréal's claims of prejudice are not compelling after it made no efforts to pursue discovery on the Step 2 and Step 3 products during the final six months of the fact discovery period.

Olaplex has requested additional discovery limited to the supplementation of L'Oréal's interrogatory response concerning financials related to the Step 2 and Step 3 products. (D.I. 592 at 8; D.I. 334, Ex. D at 8) During the December 12, 2018 hearing, Olaplex requested a response to the financial interrogatory and a document associated with it regarding the Step 2 and Step 3 products, and represented that no further discovery was necessary on the Step 2 and Step 3 products. (12/12/18 Tr. at 16:15-19:6) The court granted Olaplex's motion to compel the production of financials for stand-alone Step 2 and Step 3 products by December 21, 2018 after L'Oréal confirmed that it already produced financials for Step 2 and Step 3 products sold as kits. (12/12/18 Tr. at 63:20-64:2, 72:15-20) No further discovery on the Step 2 and Step 3 products will be ordered absent a showing by Olaplex as to why the discovery ordered during the December 12 hearing did not satisfy the request.

---

[3] Discovery routinely proceeds while a motion to dismiss an amended pleading remains pending, and this case is no exception. (D.I. 392; D.I. 400; D.I. 414; D.I. 440; D.I. 510) Parties seeking to stay discovery pending resolution of a motion to dismiss typically file a motion to stay for that purpose. *See, e.g., Invista S.a.r.l. v. Rhodia S.A.*, C.A. No. 08-941-RBK, 2009 WL 1439407, at *3 (D. Del. May 20, 2009).

L'Oréal contends that the current case schedule would be unworkable if Olaplex is permitted to file the TAC because L'Oréal has not had an opportunity to seek discovery on the basis of Olaplex's infringement contentions for the Step 2 and Step 3 products, including depositions of Olaplex's witnesses. (D.I. 611 at 10) However, L'Oréal has not provided concrete examples of additional discovery that would be necessary as a result of the amendment. It is speculative at this time to conclude that the case will not remain on its current track.

With respect to futility, the TAC adequately pleads direct and induced infringement of the '954 patent by the Step 2 and Step 3 products under the Rule 12(b)(6) standard.[4] Specifically, the TAC defines the Accused Products as the three-step systems for L'Oréal's Bond Ultim8, pH-Bonder, and Smartbond products, and describes how those products infringe the '954 patent. (D.I. 592, Ex. 1 at ¶¶ 61, 116-138) While the focus of the pleading's allegations is on the Step 1 products, courts in this district permit a plaintiff's "use of exemplary—rather than exhaustive—lists of products and claims" if the allegations in the pleadings are supplemented with detailed infringement contentions. *Koninklijke Philips N.V. v. ASUSTeK Comput. Inc.*, C.A. No. 15-1125-GMS, 2016 WL 6246763, at *3-4 (D. Del. Oct. 25, 2016); *see also Promos Techs., Inc. v. Samsung Elecs. Co. Ltd.*, C.A. No. 18-307-RGA, 2018 WL 5630585, at *3 (D. Del. Oct. 31, 2018). The identification of an exemplary product in the pleading is sufficient, based on the facts specific to the instant case, to satisfy Rule 12(b)(6) because the court's Default Standard requires the plaintiff to separately serve infringement contentions "specifically identify[ing] the accused products and the asserted patent(s) they allegedly infringe, and produc[ing] the file history for each asserted patent" to "give the defendant fair notice of what the . . . claim is and

---

[4] L'Oréal's opposition to Olaplex's motion to amend does not challenge the sufficiency of the TAC's infringement allegations regarding the Step 1 products in the context of either the '419 patent or the '954 patent. (D.I. 611 at 9)

7

the grounds upon which it rests." D. Del. Default Std. ¶ 4.a; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). The infringement contentions served in the present case satisfy this requirement. (D.I. 592, Ex. 3) Furthermore, any substantive arguments about whether the Step 2 and Step 3 products allegedly infringe may be addressed in the course of expert discovery and in dispositive motions. Consequently, Olaplex's proposed amendments in the TAC are not futile.

## V.   CONCLUSION

For the foregoing reasons, Olaplex's motion for leave to amend is granted. (D.I. 592) Olaplex shall file its TAC on or before February 1, 2019. L'Oréal shall file a responsive pleading on or before February 8, 2019. Any discovery issues arising from this decision shall be raised during the discovery dispute teleconference scheduled for February 14, 2019. An Order consistent with this Memorandum Opinion shall issue.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: January 30, 2019

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE