IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIQWD, INC. and OLAPLEX LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 17-14-JFB-SRF |
| ) | |
| L'ORÉAL USA, INC., L'ORÉAL USA ) | |
| PRODUCTS, INC., L'ORÉAL USA S/D, ) | |
| INC., and REDKEN 5TH AVENUE NYC, ) | |
| L.L.C., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

At Wilmington this **7th** day of **March, 2019**, the court having considered the parties' joint letter submission regarding L'Oréal's[1] request that Olaplex[2] produce certain documents produced in *Liqwd, Inc. v. L'Oréal (U.K.) Ltd.* (the "UK Litigation") (D.I. 668), IT IS HEREBY ORDERED THAT L'Oréal's request for production is DENIED for the reasons set forth below.

**1. Background.** On November 22, 2016, United States Patent No. 9,498,419 ("the '419 patent") was issued by the United States Patent and Trademark Office ("USPTO"), and Olaplex filed a complaint against L'Oréal for infringement of the '419 patent and false advertising in the Central District of California (the "California Action"). (D.I. 592, Ex. 1 at ¶ 112; C.D. Cal. C.A. No. 16-8708-R-AFM, D.I. 1) Olaplex filed the present action on January 5, 2017 against L'Oréal after dismissing the California Action, asserting causes of action for the alleged infringement of the '419 patent, among other causes of action. (D.I. 2) The patents-in-suit are directed to formulations, kits, and methods of applying a bleaching mixture containing an active

---

[1] Defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, L.L.C. are collectively referred to herein as "L'Oréal."
[2] Plaintiffs Liqwd, Inc. and Olaplex LLC are collectively referred to herein as "Olaplex."

agent of maleic acid to the hair during treatments to rebuild disulfide bonds. (D.I. 636 at ¶¶ 90-138; Ex. A at Abstract; Ex. B at Abstract)

**2. Analysis.** L'Oréal requests the production of documents treated or marked as "confidential" by Olaplex in the UK Litigation, which are allegedly responsive to requests for production ("RFPs") 3, 6, 7, and 8 propounded by L'Oréal about a year ago. (D.I. 668, Ex. A) According to L'Oréal, the requested documents are relevant to this litigation because the UK Litigation involved the same Olaplex products and a UK patent related to the patents-in-suit. (D.I. 668 at 1)

**3.** In response, Olaplex contends that L'Oréal inappropriately expanded the scope of its request after the conclusion of the meet and confer process, and L'Oréal's request is untimely because it first raised the issue in its February 5, 2019 discovery letter filed nearly two months after the close of fact discovery. (D.I. 668 at 3) Olaplex alleges that L'Oréal cannot articulate any specific need for the requested documents, which supports Olaplex's position that production of the requested documents would be cumulative. (*Id.* at 4)

**4.** L'Oréal's request for the production of documents treated or marked as "confidential" in the UK Litigation is denied as untimely. The record before the court establishes that L'Oréal propounded RFPs 3 and 6 on February 17, 2017, and Olaplex served its responses and objections to these RFPs on March 10, 2017. (D.I. 668, Ex. A; Ex. I) RFPs 7 and 8 were propounded on March 26, 2018, and Olaplex served its responses and objections to these RFPs on April 25, 2018. (D.I. 668, Ex. A; Ex. J) Fact discovery closed on December 21, 2018. (D.I. 192) L'Oréal challenged the sufficiency of Olaplex's responses and objections relating to the confidential UK

2

Litigation documents for the first time in its February 5, 2019 discovery letter,[3] nearly a year after Olaplex's objections and responses were served. (D.I. 643 at 3) To the extent that L'Oréal believed Olaplex's responses and objections to the RFPs were deficient with respect to the confidential UK Litigation documents, the appropriate time to raise such concerns was during the fact discovery period. Allowing the requested discovery at this stage would risk delaying the case.

**5. Conclusion.** For the foregoing reasons, L'Oréal's request for the production of documents treated or marked as "confidential" in the UK Litigation is DENIED. (D.I. 668)

**6.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to five (5) pages each.

**7.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

---

[3] Although L'Oreal challenged Olaplex's responses and objections to certain of the RFPs at issue here in previous discovery disputes, L'Oreal did not seek discovery from the UK Litigation in those instances. (D.I. 347 at 3-4) (challenging Olaplex's response to RFP 6); (D.I. 525) (challenging Olaplex's response to RFP 81).