IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIQWD, INC. and OLAPLEX LLC,<br><br>Plaintiffs,<br><br>v.<br><br>L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., L'ORÉAL USA S/D, INC., and REDKEN 5TH AVENUE, NYC, L.L.C.,<br><br>Defendants. | **CIVIL ACTION NO. 17-14-JFB-SRF**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Magistrate Judge Fallon's Report and Recommendation, D.I. 430, regarding Plaintiff's Liqwd, Inc.'s ("Liqwd") and Olaplex, LLC's ("Olaplex") (collectively "Plaintiffs") renewed motion for a preliminary injunction, D.I. 239, and Defendants' L'Oréal USA, Inc, L'Oréal US Product, L'Oréal USA S/D, Inc., L'Oréal S.A., and Redken 5TH Avenue NYC, LLC (collectively "Defendants") motion to strike the declaration of Nisha Mody, Ph.D., D.I. 266. The magistrate judge recommended granting Plaintiffs' motion for preliminary injunction and denying Defendants' motion to strike.

**I.  Procedural History**

Plaintiffs brought this action alleging patent infringement under 35 U.S.C. § 1 *et seq.*, misappropriation of trade secrets under Defend Trade Secrets Act and Delaware Trade Secrets Act, and breach of contract (specifically, a nondisclosure agreement ("NDA")). D.I. 636, Third Amended Complaint. In particular, Plaintiffs argue that Defendants have infringed U.S. Patent No. 9,498,419 (the "'419 Patent") owned by Plaintiffs. D.I. 240, at 1. Defendants have alleged they are not infringing Plaintiffs' patents, the patents are invalid, and Plaintiffs have engaged in false advertising and

1

breach of contract. D.I. 650. The patents involve "Keratin Treatment Formulations and Methods" for hair care products. Olaplex filed the present action on January 5, 2017 against L'Oréal after dismissing a previously filed California case known as the "California Action," asserting causes of action for the alleged infringement of the '419 patent, misappropriation of trade secrets under the Defend Trade Secrets Act, misappropriation of trade secrets under the Delaware Trade Secrets Act, unjust enrichment, breach of contract, and breach of the implied covenant of good faith and fair dealing. D.I. 2. On January 17, 2017, Olaplex filed a motion for a preliminary injunction, alleging that it had suffered and would continue to suffer irreparable harm unless L'Oréal's infringement was enjoined. D.I. 14.

At the beginning stages of the case, Plaintiffs filed a motion for preliminary injunction, D.I. 14, which was denied by Judge Robinson. D.I. 135. The order denying the motion was appealed to the Federal Circuit. D.I. 136. The Federal Circuit vacated the denial of the preliminary injunction and remanded to the district court for further proceedings. D.I. 176, Ex. 1. The motion was referred to Magistrate Judge Fallon on April 4, 2018 and the motion was later terminated on April 27, 2018. Plaintiff filed a second amended complaint which this Court granted. D.I. 234. Defendant previously filed a motion to dismiss. D.I. 66. The Court denied the motion to dismiss. D.I. 234. Upon the motion being terminated, Plaintiffs made a renewed motion for preliminary injunction. D.I. 239. Plaintiffs accompanied their renewed motion with a declaration submitted by Nisha Mody, Ph.D., D.I. 243. Defendants filed a motion to strike Dr. Mody's declarations. D.I. 266.

On October 15, 2018, the magistrate judge filed a report and recommendation which addressed the renewed motion for preliminary injunction and the motion to strike. D.I. 430. The magistrate judge recommended granting the motion for preliminary injunction and denying the motion to strike. *Id.* After the report and recommendation was issued, Defendants filed an objection. D.I. 468. Additionally, Defendants have filed two motions to reopen and supplement the record relating to the renewed motion for preliminary injunction. D.I. 469 and D.I. 604.

II. **Legal Standard**

The standard of review for a report and recommendation is governed by 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Similarly, Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party.

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B). *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). Under subparagraph (B), a district court may refer a dispositive motion to a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B); *see EEOC v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017). The

product of a magistrate judge, following a referral of a dispositive matter, is often called a "report and recommendation." *Id.* "Parties 'may serve and file specific written objections to the proposed findings and recommendations' within 14 days of being served with a copy of the magistrate judge's report and recommendation." *Id.* (quoting Fed. R. Civ. P. 72(b)(2)).

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" EEOC, 866 F.3d at 99 (quoting 28 U.S.C. § 636(b)(1)).

### III. Plaintiffs' Renewed Motion for Preliminary Injunction

#### a. Legal Standard

"[A] preliminary injunction is a drastic and extraordinary remedy that is not to be routinely granted." *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993). Although injunctions are not specific to patent cases, under 35 U.S.C. § 283, a court may grant injunctions in patent cases "in accordance with the principles of equity to prevent the violation of any right secured by patent." To receive an injunction, a movant must establish: (1) a reasonable likelihood of success on the merits; (2) irreparable harm in the absence of an injunction; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1375-76 (Fed. Cir. 2009). Although the court must balance each of these factors before granting a motion for a preliminary injunction, "a movant cannot be granted a preliminary injunction unless it establishes both of the first two factors, i.e., likelihood of success on the merits and irreparable harm." *Amazon.com Inc. v.*

4

*Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001) (citing *Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc.*, 141 F.3d 1084, 1088 (Fed. Cir. 1998)).

b. *Discussion*

In their renewed motion for preliminary injunction, Plaintiffs argued that a preliminary injunction was warranted because (1) Plaintiffs are likely to succeed on the merits of the case; (2) they would likely suffer irreparable harm in the absence of an injunction; (3) equities favored the Plaintiffs; and (4) public interest supported the injunction. D.I. 240, at 10 (citing *Titan Tire Corp,* 566 F.3d at 1375-76). First, Plaintiffs argued that they are likely to succeed on the merits of the case. *Id.* This argument is primarily based upon the declarations of Dr. Edward Borish. *Id.;* D.I. 16; D.I. 242. Dr. Borish conducted a "detailed element-by-element infringement analysis" and concluded that Defendants' products (Matrix Bond Ultim8 Step 1 Amplifier, Redken pH-Bonder #1 Bond Protecting Additive, and L'Oréal Professional Smartbond Step 1 Additive (the "Accused Products") met each element of claim 1 of the '419 Patent. D.I. 240.

Second, Plaintiffs argue that they would suffer irreparable harm should the injunction not be granted. D.I. 240, at 18. Plaintiffs have presented the Supplemental Declaration of Dr. Nisha Mody to support this argument. Dr. Mody stated that the L'Oréal products which are accused of infringement will likely cause structural changes to the bond builder market and price erosion. D.I. 243, at 22.

Third, Plaintiff argues that the balance of equities favors a preliminary injunction. Plaintiffs argue that Defendants' were aware of the consequences when they breached the NDA agreement and therefore should be enjoined. D.I. 240, at 18.

Fourth, Plaintiffs argue that the public interest favors a preliminary injunction because the public has a strong interest in enforcing patent rights. *Id.* (citing *E.I. du Pont de Nemours & Co. v. Polaroid Graphics Imaging, Inc.*, 706 F. Supp. 1135, 1146 (D. Del. 1989), aff'd, 887 F.2d 1095 (Fed. Cir. 1989) (finding that the "public has an interest in protection of rights found in valid patents.")).

In contrast to Plaintiffs, Defendants argued that the preliminary injunction should not be granted because (1) Plaintiffs cannot show a likelihood of success on their claim of infringement; (2) Plaintiffs cannot show a likelihood of irreparable harm; (3) the balance of equities (hardship) and public interest weighs in favor of the Defendants. D.I. 268. Defendants argue that Plaintiffs cannot show a likelihood of success on the merits. *Id.* at 5. Additionally, Defendants argue that the claim 1 of the '419 Patent is invalid and heavily urged the magistrate judge to consider a Patent Trial and Appeal Board post-grant review which concluded that claims 1-8 and 10 of the '419 patent were "more likely than not unpatentable." D.I. 268 at 6, 10; D.I. 318.

The magistrate judge recommended granting the preliminary injunction. D.I. 430. The magistrate judge considered the fact that one of Defendant's experts, Dr. Robert John Warwick Hefford, testified that the Accused Products satisfy the disputed limitation, and its other expert, Dr. Benny Dean Freeman, offered no opinion regarding whether the Accused Products infringe the '419 patent. D.I. 430 at 12; D.I. 288, Ex. C at 98:24-99:19. Additionally, the magistrate judge considered the declaration of Dr. Borish who stated that the active agent required by the patent (generally, maleic acid) is sufficiently present in the Accused Products. D.I. 430 at 12; D.I. 16 at 74-76, 78-79, 82-83. Along with the rest of the presented record, the magistrate judge determined that Plaintiffs have a reasonable

likelihood of success on the merits of the cause of action for direct infringement and induced infringement. D.I. 430, at 15-16.

After the magistrate judge issued the report and recommendation, Defendants objected to the report and recommendation arguing that the magistrate judge did not properly consider the issue of invalidity, non-infringement, irreparable harm and the balance of hardships and public interest. D.I. 468.

This Court has reviewed the record presented by the parties *de novo* and finds the magistrate judge is correct as a matter of fact and law. First, the facts establish a likelihood of success on the merits by Olaplex. The Federal Circuit found that the district court's initial finding of no likelihood of success was clear error. *Liqwd, Inc. v. L'Oréal USA, Inc.*, 720 F. App'x 623, 628 (Fed. Cir. 2018). Second, the magistrate judge determined that Olaplex's new argument regarding infringement was within the scope of the remand. The magistrate judge concluded that Plaintiffs have established a reasonable likelihood of success on the merits of its cause of action for direct infringement of the '419 patent. D.I. 430, at 13. The Court agrees with the magistrate judge that "Olaplex has adequately established that the '419 patent satisfies a long-felt but unmet need, and that scientific data prior to the '419 patent teaches away from the invention. Although the record does not sufficiently support Olaplex's contentions of copying, the record as a whole demonstrates that Olaplex is likely to succeed on the merits regarding the non-obviousness of the '419 patent in view of Ogawa and Kim for the reasons previously stated." *Id.* at 28-29.

The Court also agrees that Olaplex has shown it will suffer irreparable harm absent a preliminary injunction. On appeal initially to the Federal Circuit, the Court agreed that

7

Olaplex would likely suffer irreparable harm. But, the Federal Circuit left open the possibility of reconsideration on remand. L'Oréal did re-open this question, contending it was based on incorrect data provided by Olaplex as well as market changes. The magistrate judge first noted that the alleged incorrect data had no bearing on this analysis, as the expert did "not offer a financials-based damages opinion." *Id*. at 29. The magistrate judge determined, and the Court agrees after reviewing the evidence, that Olaplex's largest sales appear to be made in 2015, which is prior to the Accused Products entering the market. *See* D.I. 430 at 31. Olaplex presented evidence showing actual monetary harm, and reputational harm, and L'Oréal did not submit sufficient evidence of a substantial change in the market, so as to change the initial finding of irreparable harm.

With regard to the balance of equities and public interest, the magistrate judge found:

> The remaining factors also weigh in favor of Olaplex. Specifically, Olaplex points to evidence demonstrating that the Accused Products constitute an insignificant portion of L'Oréal's overarching business. (D.I. 314, Ex. H at 48:4-18; Ex. J at 35:25-36:13) 13 In contrast, undisputed evidence on the record establishes that Olaplex's bond builder products constitute the entirety of its business. (D.I. 17 at ¶ 5; D.I. 135 at ¶ 22) For these reasons, the balance of equities and public interest weigh in favor of granting Olaplex's renewed motion for a preliminary injunction.

*Id*. at 34. The Court agrees. The balance of equities and the public interest clearly weigh in favor of Olaplex.

In its objections, L'Oréal contends that the magistrate judge erred in finding it did not establish a substantial question of invalidity, particularly where the PTAB's final decision determined that the asserted claim of the '419 patent was invalid. The Court notes that Judge Fallon was aware of the PTAB decision and distinguished the '419 Patent over the prior art raised in such proceedings. *See* D.I. 318; D.I. 329; and D.I. 430.

8

The Court concludes that Judge Fallon correctly stated the law and then did a very in-depth analysis on the likelihood of Olaplex prevailing on the merits in this case. *See Greentech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1364 (Fed. Cir. 1997). Olaplex has made a strong case supporting validity at this point in the case. *See Abbott Labs. v. Andrx Pharm., Inc.*, 452 F.3d 1331, 1335 (Fed. Cir. 2006). Further, this Court recently held that when "a PTAB finding is on appeal [it] does not have preclusive effect as to this action unless and until the appeal is resolved." *Hologic, Inc. v. Minerva Surgical, Inc.*, 325 F. Supp. 3d 507, 519 (D. Del. 2018) (Bataillon, J.) (denying motion to dismiss infringement claims based on PTAB decision finding patent claims invalid) (emphasis added). In fact, a decision by the PTAB is not generally binding on this Court, just last year in *Tinnus Enterprises, LLC. v. Telebrands Corp.*, 846 F.3d 1190, 1202 n.7 (Fed. Cir. 2017), the Federal Circuit upheld a preliminary injunction notwithstanding that the PTAB issued a Final Written Decision finding the patent-in-suit indefinite. The Circuit noted the "PTAB's decision is not binding on this court[.]" *Id.* (emphasis added). The Federal Circuit, in fact, reversed the PTAB decision in *Tinnus*. *Tinnus Enter., LLC. v. Telebrands Corp.*, 733 F. App'x 1011, 1022 (Fed. Cir. 2018) (unpublished). Further, the Court agrees with Judges Robinson and Fallon that L'Oréal is unlikely to succeed on its invalidity claim. *See* D.I. 135 at 11; D.I. 430 at 23. After a thorough review of the objections and the record, the Court also finds L'Oréal's remaining claims to be without merit.

Accordingly, for all the reasons stated herein and in the magistrate judge's report and recommendation, the Court will issue a preliminary injunction.

9

## IV. Defendants' Motion to Strike

### a. Legal Standard

Motions to exclude evidence are committed to the court's discretion. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 749 (3d Cir. 1994). The admissibility of expert testimony is a question of law governed by Rule 702 of the Federal Rules of Evidence and the Supreme Court's decision in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). In *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579,597 (1993), the Supreme Court explained that Federal Rule of Evidence 702 creates "a gatekeeping role for the [trial] judge" to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." The rule requires that expert testimony "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Expert testimony is admissible only if "the testimony is based on sufficient facts or data," "the testimony is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d); *see Elcock v. Kmart Corp.*, 233 F.3d 734, 741-46 (3d Cir. 2000). "[A]ny step that renders the [expert's] analysis unreliable under the Daubert factors renders the expert's testimony inadmissible." *In re Paoli*, 35 F.3d at 745.

The Third Circuit has explained that Rule 702 restricts testimony based on qualification, reliability, and fit. *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). The issues raised in the present matter primarily implicate the reliability of Dr. Mody's declarations. To prove reliability, the party must show that the expert's testimony is "based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation;' the expert must have 'good grounds' for

his or her belief." *Paoli*, 35 F.3d at 742 (quoting *Daubert*, 509 U.S. at 590). The expert's testimony must also be relevant for the purposes of the case and must assist the trier of fact. *Schneider*, 320 F.3d at 404. In *Daubert*, the Supreme Court explained that "Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Daubert*, 509 U.S. at 591-92. Neither expert testimony on the legal standards applicable to the case, nor testimony on factual matters involving common sense, assists the trier of fact. See *Int'l Market Brands v. Martin Int'l Corp.*, 882 F. Supp. 2d 809, 814-15 (W.D. Pa. 2012).

Dr. Nisha Mody filed a declaration in support of the original motion for a preliminary injunction. She is an expert in litigation damages and financial valuation. She has more than 15 years of experience in this regard. Dr. Mody submitted her report; was deposed; and submitted a rebuttal response. She also reviewed the defendant's expert report. Apparently, there were incorrect math calculations.[1]

L'Oréal moved to strike her opinion for the above stated reasons, arguing her qualifications, methodology and framework for her analysis are not supported by the evidence.

The magistrate disagreed finding that:

Dr. Mody based her opinions regarding the definition of the National Market on sales data from both Olaplex and L'Oréal, as well as data from The Kline Group, an independent global marketing intelligence firm. (D.I. 17 at ,r,r 8-9, Ex. B; D.I. 243 at ,r 15; D.I. 97 at ,r,r 24, 26-27) This data consistently shows that Salon Centric and Cosmoprof are the dominant suppliers in the industry. (Id) The parties agree that more than 80% of Olaplex's products are sold in the National Market. (D.I. 17 at ,r 7; D.I. 289 at ,r 34; D.I. 287, Ex. I at 77:7-79:24) L'Oréal's expert did not refute the accuracy of the data upon which Dr. Mody based her definition of the National Market. (D.I. 287, Ex. I at 77:7-79:24; D.I. 299, Ex. D at 50:22-51:7) Consequently, the record

---

[1] These calculations were revisited and corrections made.

11

reflects that Dr. Mody's definition of the National Market in this case is based on relevant, reliable data.

D.I. 430, at 39-40. The magistrate judge further concluded that the alleged discrepancies have no bearing on Dr. Mody's conclusion regarding the sales through the National Market. Disputes regarding the inaccuracies go to the weight, concluded the magistrate judge.

The Court agrees with the magistrate judge. The majority of the arguments herein deal with issues of weight. The opinions of Dr. Mody are relevant and are more than sufficient to constitute evidence in support of this preliminary injunction. The Court will deny the motion to strike.

## V. Motion to supplement and reopen the record

L'Oréal also moves to reopen the record and supplement the same. D.I. 469. L'Oréal filed a second motion to reopen and supplement the record. D.I. 604. Olaplex opposes these motions. D.I. 514 and D.I. 629. The Court finds that none of the facts alleged by L'Oréal in support of its motion are necessary to rule on the preliminary injunction. The various courts have worked for nearly two years on this <u>preliminary</u> injunction. The time to make a record was finally closed upon submission to Magistrate Judge Fallon. At this juncture, the Court is unwilling to review additional materials, the obligatory responsive and counter responsive materials. Accordingly, the motion to supplement is denied.

The Court has carefully reviewed the report and recommendations and finds the magistrate judge is correct as a matter of fact and law. The Court finds the determinations are not clearly erroneous. Accordingly, the Court will adopt the findings and recommendations of the magistrate judge.

THEREFORE, IT IS ORDERED THAT:

1. The report and recommendations of the magistrate judge, D.I. 430, is adopted in its entirety.

2. The renewed motion for preliminary injunction, D.I. 239, is granted.

3. The motion to strike, D.I. 266, is denied.

4. The motion to reopen and supplement the record, D.I. 469, is denied.

5. Defendant's second motion to reopen and supplement, D.I. 604, is denied.

6. The objections by L'Oréal, D.I. 468, to the report and recommendation, are overruled.

7. The joint stipulation to extend time, D.I. 614, is denied as moot.

Dated this 25th day of April, 2019.

                          BY THE COURT:

                          s/ Joseph F. Bataillon
                          Senior United States District Judge