IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LIQWD, INC. and OLAPLEX LLC,

        Plaintiffs,

  v.

L'ORÉAL USA, INC., L'ORÉAL USA
PRODUCTS, INC., L'ORÉAL USA S/D,
INC., and REDKENS 5TH AVENUE, NYC,
L.L.C.,

        Defendant.

**CIVIL ACTION NO. 17-14-JFB-SRF**

**MEMORANDUM AND ORDER**

This matter is before the Court on the objections, D.I. 575, by defendants to the report and recommendation of the magistrate judge, D.I. 524. Defendants contend that the magistrate judge erred in not granting their motion to protect confidential information contained in a nondisclosure agreement.[1]

## I.    Legal Standard

The standard of review for a report and recommendation is governed by 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Similarly, Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party.

---

[1] The magistrate judge outlined the facts in this case. The Court has reviewed her factual summary and finds them to be correct. Accordingly, the Court will incorporate them into this memorandum and order. *See* D.I. 524, at 1-3.

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B). *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). Under subparagraph (B), a district court may refer a dispositive motion to a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B); *see EEOC v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017). The product of a magistrate judge, following a referral of a dispositive matter, is often called a "report and recommendation." *Id.* "Parties 'may serve and file specific written objections to the proposed findings and recommendations' within 14 days of being served with a copy of the magistrate judge's report and recommendation." *Id.* (quoting Fed. R. Civ. P. 72(b)(2)).

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *EEOC, 866 F.3d at 99* (quoting 28 U.S.C. § 636(b)(1)).

## II. Discussion

Defendants filed a motion and two letters requesting redaction which were denied by the magistrate judge. A party seeking closure must demonstrate that the information "is the kind . . . that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *SoftView LLC v. Apple Inc.*, No. 10-389-LPS, 2012 WL 3061027, at *9 (D. Del. July 26, 2012).

The defendants contend that the magistrate judge erred in finding that the Non-Disclosure Agreement (hereinafter "NDA") between the parties imposed no confidentiality obligations after termination. In addition, the defendants contend that the magistrate judge erred in finding that the confidential information belongs to the plaintiffs.

Defendants contend they showed good cause and a clear and serious injury and are thus entitled to redactions. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994); *see also Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing Pansy, 23 F.3d at 787-91). Defendants rely on paragraph 2 "Discussion Information" of the NDA which provides:

> Each party agrees that, without the prior written consent of the other party, it will not disclose to any person (other than its Representatives) the fact that the Confidential Information has been made available to us, that discussions or negotiations are taking place or have taken place concerning a possible Transaction involving us and the Company or any of the terms, conditions or other facts with respect to any such possible Transaction, including the status thereof and the identities of the parties thereto (collectively, the "Discussion Information"). You shall be responsible for any breach of this paragraph by your Representatives to the same extent as if they were parties hereto.

(D.I. 262, Ex. C ¶ 2, page I.D. 14770). Paragraph 5 requires that the information shall be given confidential treatment. *Id.* at ¶ 5. Both plaintiffs and the magistrate judge agree that generally the redactions fall within the parameters of paragraph 2 of the NDA, absent a reason to the contrary. D.I. 524 ¶ 11.

As to the issue of the expiration of the NDA, defendants argue the confidential agreement extends beyond the three-year term, relying on the broad wording of ¶ 4. *See* D.I. 262, Ex. C ¶ 4 ("Notwithstanding the return or destruction of Confidential Information

pursuant to this Section 4, we will continue to be bound by the confidentiality and other obligations in this Agreement").

Defendants also argue that the confidential information, in addition to being covered by the NDA, is likewise covered under the Stipulated Protective Order which prohibits the parties from disclosing "protected information" denoted as "confidential" or "highly confidential." D.I. 54 ¶ 15.a. at page I.D. 1813. Defendants likewise disagree that this information is already public, and if it is public, it is likely due to the fact that plaintiff filed the complaint with confidential information. Defendants contend that the plaintiffs cannot benefit from this behavior. *See Sun Microsystems, Inc. v. Versata Enterprises, Inc.*, 630 F. Supp. 2d 395, 410 (D. Del. 2009) (a party may not benefit from its own inequitable conduct). Even if some of the information is public, defendants argue they are entitled to redact the rest of the information.[2] Defendants contend the information is proprietary, is covered by the NDA, and will harm its attempts at future acquisition efforts.

Plaintiffs opposed the redactions. *See* D.I. 384, 402. Plaintiffs argue the redactions were not warranted because the NDA expired on May 15, 2018. D.I. 402 at 1-2. The magistrate judge asked for additional briefing. In its brief plaintiffs again argued

---

[2] The Federal Circuit has previously found that some of the information is now public, stating:

Olaplex first contends that in order to properly develop its arguments it needs a significant number of additional markings to discuss a 2015 confidentiality agreement and descriptions of the parties' actions under that agreement. However, the agreement and some of the actions are discussed in the district court's public order, and the language from that order is marked confidential in the brief.

*Liqwd, Inc. v. L'Oréal USA, Inc.*, Case No. 17-2295, Docket No. 29 at 2 (Fed. Cir. Sept. 1, 2017).

the expiration of the confidentiality of the NDA agreement, and also argued that much of the disputed information is already publicly available.  *See* Briefs, D.I. 413 and 450.[3]

The magistrate judge denied defendants' motion and letters for redactions.  *See* D.I.'s 524; 412, 449, and 513.  The magistrate concluded that the redactions requested by L'Oreal are already publicly available. *See e.g.*, *United States v. Martin*, 746 F.2d 964,968 (3d Cir. 1984); *Soft View LLC*, 2012 WL 3061027, at *9.  As stated by the magistrate judge, "[t]he record before the court reflects that the court disclosed the information L'Oreal seeks to redact in its decision on Olaplex's initial motion for a preliminary injunction." (D.I. 135 at 2).  Specifically, the Court explained that

> [b]eginning in January 2015, various L'Oreal representatives and Olaplex CEO Dean Christal ("Christal") discussed the potential for L'Oreal to purchase Olaplex. In March 2015, a L'Oreal representative attempted to recruit Craig J. Hawker, PhD ("Dr. Hawker") and Eric D. Pressly, PhD ("Dr. Pressly"), the inventors of the '419 patent. In May 2015, Olaplex and L'Oreal executed a nondisclosure agreement ("NDA"). In May and June 2015, pursuant to the NDA with L'Oreal, Christal and Dr. Pressly disclosed Olaplex's financial information, pending but unpublished patent applications licensed to Olaplex, and detailed technical information about Olaplex's products. A L'Oreal representative met with Christal in September 2015 and informed him that "L'Oreal was no longer interested in acquiring Olaplex."

(*Id.* at 2-3) (internal citations omitted).  D.I. 524 at 5.  The magistrate stated, "the court disclosed the disputed information in its July 6, 2017 Memorandum Order, *and neither party sought redactions of the court's decision following its issuance.*"  *Id.* at f.n.2. (emphasis added).  The Federal Circuit likewise "concluded that redacting information

---

[3]The magistrate judge included redactions in two orders.  (D.I. 449 (directed to D.I. 430); D.I. 513 (directed to D.I. 502)).

which has already been made publicly available did not advance the policy considerations underlying requests for redactions." *Id.* at 6; *Liqwd, Inc. v. L 'Oreal USA, Inc.*, Case No. 17-2295, Docket No. 29 at 2 (Fed. Cir. Sept. 1, 2017). Further, the Court has previously denied requests from L'Oreal to redact. *See* D.I. 205.

Next, the magistrate judge noted that paragraph 11 of the NDR, states: *"[t]his Agreement, and all obligations hereunder*, shall terminate on the earlier of (i) *three (3) years from the date hereof* and (ii) the entering into a Transaction Agreement between the parties hereto with respect to a Transaction .... "D.I. 524 at ¶ 11) (emphasis added). Accordingly, she then concluded that the confidentiality provisions do not extend to judicial records filed after May of 2018. She also determined that any terminology in the agreement does not extend the three-year term of the NDA under paragraph 11.[4]

The magistrate judge also concluded that the confidential information at issue belongs to Olaplex. She determined that "the NDA does not contemplate confidential information provided by L'Oreal to Olaplex." D.I. 524 at 6. There is no evidence, concluded that magistrate judge, that supports L'Oreal's argument that shared propriety and confidential information is covered in the NDR. Further, the magistrate judge also found that L'Oreal has failed to show that this "is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking disclosure." *SoftView*, 2012 WL 3061027, at *9 (citing *In re Cendant*, 260 F.3d 183,194 (3rd Cir. 2001)).

_____

[4] The magistrate judge also determined that her conclusions regarding redactions also extend to the Court's November 16, 2018 Memorandum Opinion. D.I. 449-1; 513, Ex. A at 3, 6-9; 524 at 1.

After careful review of the evidence, the law, and the report and recommendation, the Court concludes that the magistrate judge is correct in all respects. First, and most importantly, the Court agrees that the NDA's language indicates it expressly expires at the end of three years. Section 4 does not override the explicitness of Section 11. D.I. 262, Ex. C at Sec. 11 Page I.D. 14772. Section 4 does not create an indefinite timeline on confidentiality. D.I. 262, Ex. C at Sec. 4, Page I.D. 14771. There is absolutely no evidence to support such an interpretation by the defendants. Further, the Court also agrees that this information is already in the public record, as noted numerous times by Magistrate Judge Fallon and the Federal Circuit. *See* D.I. 135 at 2; 5-6; D.I. 524. Defendants did not file request for redactions at the time it was published by the magistrate judge. In short summary, the NDA is expired, and the confidentiality agreement does not continue past the three years; the information in any event is already part of the public record.

THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's letters to redact, D.I. 449 and 513, are denied.

2. The motion for redaction, D.I. 412, is denied.

3. The report and recommendation of the magistrate judge, D.I. 524, is adopted in its entirety.

4. The objections of the defendants, D.I. 575, are overruled.

Dated this 26th day of April, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge