IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIQWD, INC. and OLAPLEX LLC,<br><br>Plaintiffs,<br><br>v.<br><br>L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., L'ORÉAL USA S/D, INC., and REDKENS 5TH AVENUE, NYC, L.L.C.,<br><br>Defendants. | **CIVIL ACTION NO. 17-14-JFB-SRF**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the objections, D.I. 729, filed by the defendants to the oral order of the magistrate judge entered on the docket sheet on March 8, 2019, Transcript D.I. 760, Ex. A, regarding discovery of post grant review (PGR) documents. The magistrate judge denied defendants' request to order plaintiffs to produce certain documents. Defendants object to this determination. In this patent infringement action filed by plaintiffs Liqwd, Inc. and Olaplex LLC (together, "Olaplex") against defendants L'Oreal USA, Inc., L'Oreal USA Products, Inc., L'Oreal USA S/D, Inc., and Redken 5th Avenue NYC, LLC (collectively, "L'Oreal"), Olaplex alleges infringement of United States Patent Nos. 9,498,419 ("the '419 patent") and 9,668,954 ("the '954 patent"). D.I. 262 at ¶¶ 90-138.

**STANDARD OF REVIEW**

The standard of review is governed by 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Similarly, Rule 72(b)(3)

1

requires de novo review of any recommendation that is dispositive of a claim or defense of a party.

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B). *Gomez v. United States,* 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). Under subparagraph (B), a district court may refer a dispositive motion to a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B); *see EEOC v. City of Long Branch,* 866 F.3d 93, 99–100 (3d Cir. 2017). The product of a magistrate judge, following a referral of a dispositive matter, is often called a "report and recommendation." *Id.* "Parties 'may serve and file specific written objections to the proposed findings and recommendations' within 14 days of being served with a copy of the magistrate judge's report and recommendation." *Id.* (quoting Fed. R. Civ. P. 72(b)(2)).

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *EEOC,* 866 F.3d at 99 (quoting 28 U.S.C. § 636(b)(1)).

**DISCUSSION**

The magistrate judge held a telephone conference to determine the discovery issues on March 8, 2018. The magistrate judge ordered:

> ORAL ORDER: Pursuant to the ruling on the record during today's teleconference, (1) In accordance with the court's February 14, 2019, Order compelling production of foreign patent files in the possession of Plaintiffs' patent prosecution counsel,

2

> Plaintiffs shall make a partial, rolling production of non-privileged foreign patent files commencing today, and shall complete the production of foreign patent files on or before March 12, 2019, along with a preliminary privilege log. A final privilege log is due on or before March 19, 2019. These are strict deadlines subject to no further extensions. (2) No supplementation of expert discovery, motions for summary judgment, or Daubert motions are permitted absent leave of court by motion made following the meet and confer procedures ordered by the court on February 14, 2019. If a party moves for leave to supplement, such motion must be made on or before March 29, 2019, and the court will strictly require a showing by the movant that such supplementation is directly related to new information produced in response to the court's orders of February 14 and this date and is not based on information previously produced in discovery. (3) Defendants' request for production of deposition transcripts and other documents filed in the PGR proceedings after the court's February 14, 2019 ruling is denied. Signed by Judge Sherry R. Fallon on 3/8/2019. (Polito, Rebecca) (Entered: 03/08/2019)

Oral Order entered March 8, 2019.

L'Oreal contends it is entitled to have the requested documents, arguing that (1) the documents comply with the PTAB's rules; and (2) they are relevant to this case. L'Oreal requested "All documents and things concerning the prosecution, examination, opposition, post-grant review, or any other patentability or validity activities for any and all of Your patent application(s) and/or patent(s) . . . .". Request No. 7, March 26, 2018. Plaintiffs refused to provide the additional documents. The Court, on August 1, 2018, initially ordered production of the PGR documents, stating: "I can't really see any reason not to compel at the very least the production of, you know, L'Oréal and Olaplex materials used in the PGR proceedings in this case. . . . [T]o the extent L'Oréal and Olaplex documents are produced in the PTAB, there's no reason not to produce them, as far as I can see." Tr. D.I. 647-1, at 79:9-22, 08/01/2018. Plaintiffs did not immediately produce these documents, so the Court ordered them to produce the "complete unredacted file history from the [co-pending] PGR to the extent it [had] not already been produced pursuant to [the Court's] August 1 ruling." D.I. 676, Ex. A at 86:14-22. Plaintiffs made the request to PTAB to produce the PGR documents to defendants.

3

On March 8, 2019, defendants asked the Court to require Olaplex to produce missing documents. D.I. 676 1-2. During a telephonic hearing on March 8, 2019, the magistrate judge found that it was "reluctant to compel production of materials" because it was "unclear . . . whether or not they will become part of the PTAB's proceedings." D.I. 729, (03/08/2019 Tr. at 48:17-21. The magistrate judge further stated that "on the request for production of the Christal and Dr. Edward Borish depositions and any other related documents that may have been filed subsequent to the order I previously entered for production of confidential filings in the PGRs through February 14, 2019 stand as previously stated. I'm not going to expand that ruling today**."** *Id.* at (03/08/2019 Tr. 729-1 at 48:22-49:5). Consequently, the Court did not order Olaplex to produce the further PGR documents.

Plaintiffs responded to the objections filed by the defendants. D.I. 760. Plaintiffs contend that Judge Fallon has repeatedly denied defendants' request for use of the PGR files. *See* D.I. 647, Ex. D, 8/1/2018 Hearing Tr. 80:2-81:2; D.I. 643 at 3; and D.I. 192. In the March 8, 2019 Order, Judge Fallon again denied Loreal's third request for additional confidential documents filed in the PGR proceedings. Judge Fallon stated that her August 1 Oral Order did not give a blanket ongoing order that everything that's filed then has to be turned around and produced**.** Transcript D.I. 729-1, Ex. A at 50:15-21, March 8, 2019 hearing transcript; 2/14/19 Hearing Tr. 760-1 at 86:15-17. Instead, the Court ordered Olaplex to supplement its production "through the present" (i.e., February 14, 2019). *Id.* at 86:21-22.

The Court has carefully reviewed the order of the magistrate judge, the record, the relevant law, and the arguments of the parties. The Court finds no clear error and no abuse of discretion in the analysis of the magistrate judge. The Court has found no

4

evidence that the requested documents and unredacted documents are relevant to this litigation. Fact discovery is done and has been so since December 21, 2018. Judge Fallon's claim construction order issued on January 8, 2019. Expert discovery and motions are completed. The Court agrees that discovery must end at some point, absent extenuating reasons which are not present in this case. Plaintiffs have already complied on two occasions and produced relevant PGR documents, once following Judge Fallon's August 1, 2018 ruling (D.I. 647-1, Ex. D, 8/1/18 Hearing Tr. at 80:2-81:2); and again, in accordance with Judge Fallon's February 14, 2019 ruling (D.I. 760-1, Ex. A, 02/14/19 Tr. at 86:14-22). The transcript as redacted of Dr. Borish is publicly available. D.I. 729, Ex. A at 49:6-9. "Discovery must have an end point, and the decision to cut off discovery is committed to the management skills of the district court." J.G. v. C.M., No. 11-2887-WJM, 2014 WL 1652793, at *2 (D.N.J. Apr. 23, 2014) (quoting Stevo v. Frasor, 662 F.3d 880, 886 (7th Cir. 2011)). The Court finds the objections to the magistrate judge lack merit and substance and must be overruled.

    THEREFORE, IT IS ORDERED THAT:

1. The objections of the defendants, D.I. 729, are overruled; and
2. The oral order of the magistrate judge dated March 8, 2018, as set forth on the record is adopted and affirmed in all respects.

Dated this 10th day of May 2019.

                                BY THE COURT:

                                s/ Joseph F. Bataillon
                                Senior United States District Judge