# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LIQWD, INC. and OLAPLEX LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C. A. No. 1:17-cv-00014-JFB-SRF |
| | ) | |
| L'ORÉAL USA, INC., L'ORÉAL USA | ) | **CONFIDENTIAL –** |
| PRODUCTS, INC., L'ORÉAL USA S/D, | ) | **FILED UNDER SEAL** |
| INC., and REDKEN 5TH AVENUE | ) | |
| NYC, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

## EXHIBIT 1:
## JOINT STATEMENT OF UNCONTESTED FACTS

## I.      PARTIES

1.      Plaintiff Liqwd, Inc. is a California corporation, with its principal place of business in Santa Barbara, California.

2.      Plaintiff Olaplex LLC (and together with Liqwd, Inc., "Olaplex") is a California limited liability company, with its principal place of business in Santa Barbara, California.

3.      Defendant L'Oréal USA, Inc. is a Delaware corporation, headquartered at 10 Hudson Yards, New York, New York.

4.      Defendant L'Oréal USA Products, Inc. is a Delaware corporation, headquartered at 10 Hudson Yards, New York, New York, and is a subsidiary of L'Oréal USA, Inc.

5.      Defendant L'Oréal USA S/D, Inc. is a Delaware corporation, headquartered at 10 Hudson Yards, New York, New York, and is a subsidiary of L'Oréal USA, Inc.

6.      Defendant Redken 5th Avenue NYC L.L.C. is a New York limited liability company, headquartered at 10 Hudson Yards, New York, New York, and is a subsidiary of L'Oréal USA, Inc.

7.      L'Oréal USA, Inc. manufactures and distribute hair care products under several brands, including "Matrix," "Redken," and "L'Oréal Professionnel."

8.      Olaplex formally launched its No. 1, No. 2 and No. 3 products (Olaplex Bond Multiplier, Bond Perfector, and Hair Perfector) via the Olaplex website in June 2014.

9.      In late 2014, SalonCentric, a subsidiary of L'Oréal USA, Inc., became a distributor for the Olaplex products.

## II.    THE NDA

10.     Olaplex and L'Oréal USA, Inc. met in person and corresponded at various times in 2015 to discuss a potential acquisition of Olaplex by L'Oréal USA, Inc.

11.     On May 18, 2015, in connection with the potential acquisition, Olaplex LLC, on the one hand, and L'Oréal USA, Inc., on the other hand, executed a Non-Disclosure Agreements whereby Olaplex could, among other things, share its confidential nonpublic information with L'Oréal USA, Inc.

12.     On May 23, 2015, in connection with the potential acquisition of Olaplex LLC, Liqwd, Inc., on the one hand, and L'Oréal USA, Inc., on the other hand, executed Non-Disclosure Agreements whereby Liqwd, Inc. could, among other things, share its confidential nonpublic information with L'Oréal USA, Inc., and the parties agreed to keep their discussions and the Non-Disclosure Agreements confidential in accordance with the terms therein.

## III.    ASSERTED PATENTS

### A.    U.S. Patent No. 9,498,419 ("the '419 Patent")

13.     The '419 Patent is entitled "Keratin Treatment Formulations and Methods."

14.     The '419 Patent was issued by the United States Patent and Trademark Office ("USPTO") on November 22, 2016.

15.     The '419 Patent issued from U.S. Patent Application No. 15/087,415, which was filed on March 31, 2016.

16.     U.S. Patent Application No. 15/087,415 is a continuation of Application No. 14/713,885, which was filed on May 15, 2015 (now U.S. Patent No. 9,326,926).

17.     U.S. Patent Application No. 14/713,885 was published as U.S. Patent Application Publication No. 2015/0328102 by the USPTO on November 19, 2015.

18.     U.S. Patent Application No. 14/713,885 was issued as U.S. Patent No. 9,326,926 by the USPTO on May 3, 2016.

19.     The '419 Patent claims priority to U.S. Provisional Application No. 61/994,709, which was filed on May 16, 2014.

20.     The '419 Patent lists Drs. Eric D. Pressly and Craig J. Hawker as the named inventors.

21.     Liqwd, Inc. is listed on the face of the '419 Patent as the Assignee.

22.     On May 20, 2014, as amended on October 31, 2016, Liqwd, Inc. and Olaplex LLC entered into a license agreement whereby certain intellectual property, including the '419 Patent, was exclusively licensed to Olaplex LLC.

**B.     U.S. Patent No. 9,668,954 ("the '954 Patent")**

23.     The '954 Patent is entitled "Keratin Treatment Formulations and Methods."

24.     The '954 Patent was issued by the USPTO on June 6, 2017.

25.     The '954 Patent issued from U.S. Patent Application No. 15/415,464, which was filed on January 25, 2017.

26.     U.S. Patent Application No. 15/415,464 was published as U.S. Patent Application Publication No. 2017/0128335 by the USPTO on May 11, 2017.

27.     U.S. Patent Application No. 15/415,464 is a continuation of U.S. Application No. 15/290,593, which was filed on October 11, 2016, which is a continuation of U.S. Application No. 15/087,415, filed on March 31, 2016 (now the '419 Patent).

28.     The '954 Patent claims priority to U.S. Provisional Application No. 61/994,709, which was filed on May 16, 2014.

29.     The '954 Patent lists Drs. Eric D. Pressly and Craig J. Hawker as the named inventors.

30.     Liqwd, Inc. is listed on the face of the '954 Patent as the Assignee.

31.     On May 20, 2014, as amended on October 31, 2016, Liqwd, Inc. and Olaplex LLC entered into a license agreement whereby certain intellectual property, including the '954 Patent, was exclusively licensed to Olaplex LLC.

## IV.    ACCUSED PRODUCTS

32.     Olaplex alleges that L'Oréal USA and its customers practice the claims of the '419 and '954 Patents when they use the Matrix Bond Ultim8, Redken pH-Bonder, and L'Oréal Professionnel Smartbond 3 step systems (collectively, "Accused Products") in accordance with the claimed methods for bleaching hair.

33.     The Matrix Bond Ultim8 products have been publically available for sale since September 2016.

34.     The Redken pH-Bonder products have been publically available for sale since August 2016.

35.     The L'Oréal Professionnel Smartbond products have been publically available for sale since September 2016.

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LIQWD, INC. and OLAPLEX LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C. A. No. 1:17-cv-00014-JFB-SRF |
| | ) | |
| L'ORÉAL USA, INC., L'ORÉAL USA | ) | **CONFIDENTIAL –** |
| PRODUCTS, INC., L'ORÉAL USA S/D, | ) | **FILED UNDER SEAL** |
| INC., and REDKEN 5TH AVENUE | ) | |
| NYC, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

**EXHIBIT 2:
OLAPLEX'S STATEMENT OF ISSUES OF FACT TO BE LITIGATED AT TRIAL**

Pursuant to Local Rule 16.3(c)(4), Plaintiffs and Counterclaim Defendants Liqwd, Inc. and Olaplex LLC (collectively, "Olaplex") submit this Statement of Issues of Fact that Remain to be Litigated, which is based on Olaplex's current understanding of the defenses and counterclaims of Defendants and Counterclaim Plaintiffs L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, L.L.C. (collectively, "L'Oréal") and the proceedings in this action to date.

The following statements are not exhaustive, and Olaplex reserves the right to prove any matters identified in its pleadings, documentary and testimony evidence, infringement contentions, interrogatory responses, expert reports, and on Olaplex's current understanding of L'Oréal's claims that were disclosed for the first time after the close of discovery and on which Olaplex has not had any chance to take discovery.  Olaplex also intends to offer evidence as to the issues of fact and issues of law identified in this pretrial order.  Olaplex further intends to offer evidence to rebut evidence offered by L'Oréal.  Olaplex reserves the right to modify or amend this statement to the extent necessary to reflect any future rulings by the Court and to supplement or amend this statement to fairly respond to any new issues that L'Oréal may raise. To the extent that Olaplex's Statement of Issues of Law to be Litigated at Trial (Exhibit 4) contains issues of fact, those issues are incorporated herein by reference.  Moreover, if any issue of fact identified below should properly be considered an issue of law, then such statement shall be considered to be part of Olaplex's Statement of Issues of Law to be Litigated at Trial. Olaplex incorporates by reference its expert reports in support of any proof to be presented by expert testimony.  By including a fact herein, Olaplex does not assume the burden of proof or production with regard to that fact.

**INFRINGEMENT OF U.S. PATENT NO. 9,498,419 ("THE '419 PATENT")
(CONDITIONAL ON DECISION OF PENDING MOTIONS)**

A.    **Infringement of the '419 Patent**

*Direct Infringement*

1.    Whether Olaplex has proven by a preponderance of the evidence that L'Oréal directly infringes the asserted claims of the '419 Patent by either having made, making, using, offering for sale, selling, and/or importing for sale the Accused Products.

*Induced Infringement*

2.    Whether Olaplex has proven by a preponderance of the evidence that L'Oréal induces infringement of the asserted claims of the '419 Patent by actively inducing others to use, offer for sale, and/or sell the Accused Products.

*Willful Infringement*

3.    Whether Olaplex has proven by a preponderance of the evidence that L'Oréal has willfully infringed the asserted claims of the '419 Patent.

B.    **Requested Relief for Infringement of the '419 Patent**

4.    Whether Olaplex has proven that it is entitled to a judgment that L'Oréal directly infringes the asserted claims of the '419 Patent.

5.    Whether Olaplex has proven that it is entitled to a judgment that L'Oréal induces infringement of the asserted claims of the '419 Patent.

6.    Whether Olaplex has proven that it is entitled to a judgment that L'Oréal willfully infringes the asserted claims of the '419 Patent.

7.      Whether Olaplex has proven that it is entitled to a permanent injunction enjoining L'Oréal, its parents, subsidiaries, affiliates, officers, directors, agents, employees, successors, assigns, and attorneys, and any and all persons others acting in privity or concert with it from further infringement of the asserted claims of the '419 Patent.

8.      Whether Olaplex has proven that it is owed damages for L'Oréal's infringement of the '419 Patent and, if so, in what amount.

9.      Whether Olaplex has proven that it is entitled to an accounting of damages and/or supplemental damages for all damages occurring after any discovery cutoff and through the Court's decision regarding the imposition of a permanent injunction and post-verdict infringement and, if so, in what amount.

10.      Whether Olaplex has proven that it is entitled to an award of prejudgment and post-judgment interest and, if so, in what amounts.

11.      Whether Olaplex has proven that it is entitled to enhanced damages under 35 U.S.C. § 284 for L'Oréal's willful infringement of the '419 Patent and, if so, in what amount.

12.      Whether Olaplex has proven that it is entitled to an award of attorneys' fees and costs under 35 U.S.C. § 285 and, if so, in what amount.

13.      Whether Olaplex has proven that it is entitled to any other relief as this Court deems just and proper.

## II.      INFRINGEMENT OF U.S. PATENT NO. 9,668,954 ("THE '954 PATENT")

### A.      Infringement of the '954 Patent

*Direct Infringement*

14.     Whether Olaplex has proven by a preponderance of the evidence that L'Oréal directly infringes the asserted claims of the '954 Patent by either having made, making, using, offering for sale, selling, and/or importing the Accused Products.

*Induced Infringement*

15.     Whether Olaplex has proven by a preponderance of the evidence that L'Oréal induces infringement of the asserted claims of the '954 Patent by actively inducing others to use, offer for sale and/or sell the Accused Products.

*Willful Infringement*

16.     Whether Olaplex has proven by a preponderance of the evidence that L'Oréal has willfully infringed the asserted claims of the '954 Patent.

**B.      Requested Relief for Infringement of the '954 Patent**

17.     Whether Olaplex has proven that it is entitled to a judgment that L'Oréal directly infringes the asserted claims of the '954 Patent.

18.     Whether Olaplex has proven that it is entitled to a judgment that L'Oréal induces infringement of the asserted claims of the '954 Patent.

19.     Whether Olaplex has proven that it is entitled to a judgment that L'Oréal willfully infringes the asserted claims of the '954 Patent.

20.     Whether Olaplex has proven that it is entitled to a permanent injunction enjoining L'Oréal, its parents, subsidiaries, affiliates, officers, directors, agents, employees, successors, assigns, and attorneys, and any and all persons others acting in privity or concert with it from further infringement of the asserted claims of the '954 Patent.

21.     Whether Olaplex has proven that it is owed damages for L'Oréal's infringement of the '954 Patent and, if so, in what amount.

22.     Whether Olaplex has proven that it is entitled to an accounting of damages and/or supplemental damages for all damages occurring after any discovery cutoff and through the Court's decision regarding the imposition of a permanent injunction and post-verdict infringement and, if so, in what amount.

23.     Whether Olaplex has proven that it is entitled to an award of prejudgment and post-judgment interest and, if so, in what amounts.

24.     Whether Olaplex has proven that it is entitled to enhanced damages under 35 U.S.C. § 284 for L'Oréal's willful infringement of the '954 Patent and, if so, in what amount.

25.     Whether Olaplex has proven that it is entitled to an award of attorneys' fees and costs under 35 U.S.C. § 285 and, if so, in what amount.

26.     Whether Olaplex has proven that it is entitled to any other relief as this Court deems just and proper.

## III.    OLAPLEX'S CLAIMS FOR MISAPPROPRIATION OF TRADE SECRETS

27.     Whether Olaplex has proven by a preponderance of the evidence that it possessed/possesses trade secret information.

28.     Whether Olaplex has proven by a preponderance of the evidence that L'Oréal and/or its Representatives (as defined in the NDAs) had access to Olaplex's trade secret information.

29.     Whether Olaplex has proven by a preponderance of the evidence that L'Oréal's and/or its Representatives' (as defined in the NDAs) access to Olaplex's trade secret information occurred pursuant to an understanding that L'Oréal would protect the secrecy of Olaplex's trade secret information.

30.     Whether Olaplex has proven by a preponderance of the evidence that L'Oréal and/or its Representatives (as defined in the NDAs) improperly used or disclosed Olaplex's trade secret information for its own benefit.

31.     Whether Olaplex has proven by a preponderance of the evidence that it has suffered damages as a result of L'Oréal's and/or its Representatives' (as defined in the NDAs) theft of its trade secret information.

32.     Whether Olaplex has proven by a preponderance of the evidence that it is entitled to injunctive relief prohibiting L'Oréal and its Representatives (as defined in the NDAs), and their parents, subsidiaries, affiliates, officers, directors, agents, employees, successors, assigns, and attorneys, and any and all persons others acting in privity or concert with them from using any of Olaplex's trade secret information.

33.     Whether Olaplex is entitled to attorneys' fees and costs as a result of L'Oréal's and/or its Representatives (as defined in the NDAs) use of Olaplex's trade secret information.

## IV.     OLAPLEX'S CLAIM FOR BREACH OF CONTRACT

34.     Whether Olaplex has proven by a preponderance of the evidence that L'Oréal and/or its Representatives (as defined in the NDAs) breached contractual obligations to Olaplex

under the parties' May 15 and 23, 2015 Non-Disclosure Agreements with Olaplex LLC and Liqwd, Inc., respectively (collectively "the NDAs").

35.     Whether Olaplex has proven by a preponderance of the evidence that it has suffered damage as a result of L'Oréal and/or its Representatives' (as defined in the NDAs) breaches of contractual obligations to Olaplex pursuant to the NDAs.

**L'OREAL'S COUNTERCLAIM FOR FALSE ADVERTISING**

Whether L'Oreal has proven that Olaplex made a false or misleading description or representation of fact, which misrepresents the nature, characteristics, qualities, or geographic origin of its or L'Oreal's goods or services.

Whether L'Oreal has proven that the specific statements identified by L'Oreal as alleged false advertising constitute "commercial advertising" within the meaning of 15 U.S.C. § 1125(a)(1)(B).

Whether L'Oreal has proven that the specific challenged statements actually deceive or at least have a tendency to deceive a substantial portion of the intended audience.

Whether L'Oreal has proven that any alleged deception is material in that it is likely to influence purchasing decisions.

Whether L'Oreal has proven that it suffered economic or reputational injury flowing directly from the specific misrepresentations it alleges.

Whether L'Oreal has proven that it is entitled to injunctive relief prohibiting Olaplex form engaging in false advertising.

Whether L'Oreal has proven that it is entitled to injunctive relief mandating that Olaplex issue corrective advertising.

**L'OREAL'S COUNTERCLAIM FOR FRAUD BY FALSE PROMISE**

Whether L'Oreal has proven that Olaplex made a false representation of fact.

Whether L'Oreal has proven that Olaplex knew or believed that the representation was false.

Whether L'Oreal has proven that Olaplex intended to induce L'Oreal to act or to refrain from acting.

Whether L'Oreal has proven that it justifiably relied on the representation.

Whether L'Oreal has proven that it suffered damages resulting from such reliance.

**L'OREAL'S COUNTERCLAIMS FOR BREACH OF CONTRACT**

36.    Whether L'Oréal has proven that Olaplex disclosed confidential information in breach of the Non-Disclosure Agreement attached as Exhibit C to Olaplex's Third Amended Complaint (D.I. 636) or the Non-Disclosure Agreement attached as Exhibit A to L'Oréal's Amended Counterclaims (D.I. 650).

37.    Whether L'Oréal has proven that it was harmed by Olaplex's alleged disclosure of confidential information in breach of the Non-Disclosure Agreement attached as Exhibit C to Olaplex's Third Amended Complaint (D.I. 636) or the the Non-Disclosure Agreement attached as Exhibit A to L'Oréal's Amended Counterclaims (D.I. 650).

**L'OREAL'S COUNTERCLAIM FOR FALSE PATENT MARKING**

Whether L'Oreal has proven that Olaplex falsely marked an unpatented article as patented under a proper construction of U.S. Patent No. 9,095,518 ("the '518 Patent").

Whether L'Oreal has proven that it suffered a competitive injury as a result of the false marking.

**L'OREAL'S COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

38.    Whether L'Oréal has proven that it is entitled to a declaratory judgment that use of the Accused Products does not infringe Asserted Claims 1 and 10 of the '419 patent.

Whether L'Oréal has proven that it is entitled to a declaratory judgment that use of the Accused Products does not infringe Asserted Claims 1, 4, 11-16, 19, 20, 24-26 and 30 of the '954 patent.

**L'OREAL'S COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY**

39.    Whether L'Oréal has proven by clear and convincing evidence that it is entitled to a declaratory judgment that claims 1 and 10 of the '419 Patent are invalid.

40.    Whether L'Oréal has proven by clear and convincing evidence that it is entitled to a declaratory judgment that claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent are invalid.

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LIQWD, INC. and OLAPLEX LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C. A. No. 17-cv-00014-JFB-SRF |
| | ) | |
| L'ORÉAL USA, INC., L'ORÉAL USA | ) | **CONFIDENTIAL –** |
| PRODUCTS, INC., L'ORÉAL USA | ) | **FILED UNDER SEAL** |
| S/D, INC., and REDKEN 5TH AVENUE | ) | |
| NYC, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

**EXHIBIT 3:**
**DEFENDANTS' STATEMENT OF ISSUES OF FACT THAT REMAIN TO BE**
**LITIGATED**

Pursuant to Local Rule 16.3(c)(4), Defendants and Counterclaimants L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc. and Redken 5th Avenue NYC, LLC (collectively "L'Oréal USA") hereby provide this Statement of Issues of Fact that Remain to be Litigated.  The following statement is based on the parties' pleadings, documentary and testimony evidence, expert reports, and on L'Oréal USA's current understanding of Olaplex's claims as they have evolved and changed throughout the case.  To the extent that L'Oréal USA's Statement of Issues of Law to be Litigated set forth in Exhibit 5 contains issues of fact, those issues are incorporated herein by reference.  Should the Court determine that any issue identified below is more appropriately considered an issue of law, L'Oréal USA incorporates such issue by reference into Exhibit 5.  L'Oréal USA incorporates by reference its expert reports in support of any proof to be presented by expert testimony.  By including a fact herein, L'Oréal USA does not assume the burden of proof or production with regard to that fact.  L'Oréal USA reserves the right to revise this statement in light of the Court's rulings.

L'Oréal USA contends that the issues of fact (or mixed questions of fact and law) that remain to be litigated at trial and decided by the jury are as follows:

## I.    NON-INFRINGEMENT OF THE '419 PATENT

1.    Whether Olaplex LLC can prove that it has standing to assert claims of infringement of the '419 Patent.

2.    Whether Liqwd Inc. can prove that it has standing to assert claims of infringement of the '419 Patent.

3.    Whether Olaplex can prove that L'Oréal USA, Inc. directly infringes the Asserted Claims 1 and 10 of the '419 Patent.

4.      Whether Olaplex can prove that L'Oréal USA, Inc. induces infringement of the Asserted Claims 1 and 10 of the '419 Patent.

5.      Whether Olaplex can prove that there was willful infringement of the Asserted Claims 1 and 10 of the '419 Patent by L'Oréal USA, Inc.

6.      Whether Olaplex can prove that L'Oréal USA Products, Inc. directly infringes the Asserted Claims 1 and 10 of the '419 Patent.

7.      Whether Olaplex can prove that L'Oréal USA Products, Inc. induces infringement of the Asserted Claims 1 and 10 of the '419 Patent.

8.      Whether Olaplex can prove that there was willful infringement of the Asserted Claims 1 and 10 of the '419 Patent by L'Oréal USA Products, Inc.

9.      Whether Olaplex can prove that L'Oréal USA S/D, Inc. directly infringes the Asserted Claims 1 and 10 of the '419 Patent.

10.      Whether Olaplex can prove that L'Oréal USA S/D, Inc. induces infringement of the Asserted Claims 1 and 10 of the '419 Patent.

11.      Whether Olaplex can prove that there was willful infringement of the Asserted Claims 1 and 10 of the '419 Patent by L'Oréal USA S/D, Inc.

12.      Whether Olaplex can prove that Redken 5th Avenue NYC, L.L.C. directly infringes the Asserted Claims 1 and 10 of the '419 Patent.

13.      Whether Olaplex can prove that Redken 5th Avenue NYC, L.L.C. induces infringement of the Asserted Claims 1 and 10 of the '419 Patent.

14.     Whether Olaplex can prove that there was willful infringement of the Asserted Claims 1 and 10 of the '419 Patent by Redken 5th Avenue NYC, L.L.C.

15.     Whether Olaplex can prove that L'Oréal USA, Inc. directly or indirectly infringes the Asserted Claims 1 and 10 of the '419 Patent in light of prosecution history estoppel and/or disclaimer based on representations made during prosecution of the '419 Patent before the USPTO.

16.     Whether Olaplex can prove that L'Oréal USA Products, Inc. directly or indirectly infringes the Asserted Claims 1 and 10 of the '419 Patent in light of prosecution history estoppel and/or disclaimer based on representations made during prosecution of the '419 Patent before the USPTO.

17.     Whether Olaplex can prove that L'Oréal USA S/D, Inc. directly or indirectly infringes the Asserted Claims 1 and 10 of the '419 Patent in light of prosecution history estoppel and/or disclaimer based on representations made during prosecution of the '419 Patent before the USPTO.

18.     Whether Olaplex can prove that Redken 5th Avenue NYC, L.L.C. directly or indirectly infringes the Asserted Claims 1 and 10 of the '419 Patent in light of prosecution history estoppel and/or disclaimer based on representations made during prosecution of the '419 Patent before the USPTO.

## II.     NON-INFRINGEMENT OF THE '954 PATENT

19.     Whether Olaplex LLC can prove that it has standing to assert claims of infringement of the '954 Patent.

20.     Whether Liqwd Inc. can prove that it has standing to assert claims of infringement of the '954 Patent.

21.     Whether Olaplex can prove that L'Oréal USA, Inc. directly infringes the asserted claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

22.     Whether Olaplex can prove that L'Oréal USA, Inc. induces infringement of the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

23.     Whether Olaplex can prove that there was willful infringement of the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent by L'Oréal USA, Inc.

24.     Whether Olaplex can prove that L'Oréal USA Products, Inc. directly infringes the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

25.     Whether Olaplex can prove that L'Oréal USA Products, Inc. induces infringement of the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

26.     Whether Olaplex can prove that there was willful infringement of the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent by L'Oréal USA Products, Inc.

27.     Whether Olaplex can prove that L'Oréal USA S/D, Inc. directly infringes the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

28.    Whether Olaplex can prove that L'Oréal USA S/D, Inc. induces infringement of the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

29.    Whether Olaplex can prove that there was willful infringement of the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent by L'Oréal USA S/D, Inc.

30.    Whether Olaplex can prove that Redken 5th Avenue NYC, L.L.C. directly infringes the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

31.    Whether Olaplex can prove that Redken 5th Avenue NYC, L.L.C. induces infringement of the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

32.    Whether Olaplex can prove that there was willful infringement of the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent by Redken 5th Avenue NYC, L.L.C.

33.    Whether Olaplex can prove that L'Oréal USA, Inc. directly or indirectly infringes the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent in light of prosecution history estoppel and/or disclaimer based on representations made during prosecution of the Asserted Patents before the USPTO.

34.    Whether Olaplex can prove that L'Oréal USA Products, Inc. directly or indirectly infringes the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent in light of prosecution history estoppel and/or disclaimer based on representations made during prosecution of the Asserted Patents before the USPTO.

35.    Whether Olaplex can prove that L'Oréal USA S/D, Inc. directly or indirectly infringes the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent in light of

prosecution history estoppel and/or disclaimer based on representations made during prosecution of the Asserted Patents before the USPTO.

36.     Whether Olaplex can prove that Redken 5th Avenue NYC, L.L.C. directly or indirectly infringes the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent in light of prosecution history estoppel and/or disclaimer based on representations made during prosecution of the Asserted Patents before the USPTO.

## III.   INVALIDITY

37.     Whether the Asserted Claims 1 and/or 10 of the '419 Patent are invalid for lack of written description.

38.     Whether the Asserted Claims 1 and/or 10 of the '419 Patent are invalid for lack of enablement.

39.     Whether the Asserted Claims 1 and/or 10 of the '419 Patent are invalid as obvious.

40.     Whether the Asserted Claims 1 and/or 10 of the '419 Patent are invalid as anticipated.

41.     Whether the claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent are invalid for lack of written description.

42.     Whether the claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent are invalid for lack of enablement.

43.     Whether the claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent are invalid as obvious.

## IV.     OLAPLEX'S CLAIMS FOR MISAPPROPRIATION OF TRADE SECRETS

44.     Whether Olaplex LLC can prove that it possessed/possesses trade secret information.

45.     Whether Olaplex LLC can prove that the information it identifies as its trade secret was not already known to the public or L'Oréal USA as of May 2015.

46.     Whether Olaplex LLC can prove that L'Oréal USA, Inc. acquired information that Olaplex LLC identifies as its trade secrets at the May 19, 2015 meeting.

47.     Whether Olaplex LLC can prove that L'Oréal USA Products, Inc. acquired information that Olaplex LLC identifies as its trade secrets which L'Oréal USA Products, Inc. knew or should have known was improperly acquired.

48.     Whether Olaplex LLC can prove that L'Oréal USA S/D, Inc. acquired information that Olaplex LLC identifies as its trade secrets which L'Oréal USA S/D, Inc. knew or should have known was improperly acquired.

49.     Whether Olaplex LLC can prove that Redken 5th Avenue NYC, L.L.C. acquired information that Olaplex LLC identifies as its trade secrets which Redken 5th Avenue NYC, L.L.C. knew or should have known was improperly acquired.

50.     Whether Olaplex LLC can prove that L'Oréal USA, Inc. disclosed any of the information Olaplex LLC identifies as its trade secrets without Olaplex LLC's consent.

51.     Whether Olaplex LLC can prove that L'Oréal USA Products, Inc. disclosed any of the information Olaplex LLC identifies as its trade secrets without Olaplex LLC's consent.

52.     Whether Olaplex LLC can prove that L'Oréal USA S/D, Inc. disclosed any of the information Olaplex LLC identifies as its trade secrets without Olaplex LLC's consent.

53.     Whether Olaplex LLC can prove that Redken 5th Avenue NYC, L.L.C. disclosed any of the information Olaplex LLC identifies as its trade secrets without Olaplex LLC's consent.

54.     Whether Olaplex LLC can prove that L'Oréal USA, Inc. used any of the information Olaplex LLC identifies as its trade secrets in developing the Accused Products.

55.     Whether Olaplex LLC can prove that L'Oréal USA Products, Inc. used any of the information Olaplex LLC identifies as its trade secrets in developing the Accused Products.

56.     Whether Olaplex LLC can prove that L'Oréal USA S/D, Inc. used any of the information Olaplex LLC identifies as its trade secrets in developing the Accused Products.

57.     Whether Olaplex LLC can prove that Redken 5th Avenue NYC, L.L.C used any of the information Olaplex LLC identifies as its trade secrets in developing the Accused Products.

58.     Whether Olaplex LLC can prove that it has suffered any damages as a result of L'Oréal USA, Inc.'s purported disclosure or use of the information Olaplex LLC identifies as its trade secrets.

59.     Whether Olaplex LLC can prove that it has suffered any damages as a result of L'Oréal USA Products, Inc.'s purported disclosure or use of the information Olaplex LLC identifies as its trade secrets.

60.     Whether Olaplex LLC can prove that it has suffered any damages as a result of L'Oréal USA S/D, Inc.'s purported disclosure or use of the information Olaplex LLC identifies as its trade secrets.

61.     Whether Olaplex LLC can prove that it has suffered any damages as a result of Redken 5th Avenue NYC, L.L.C's purported disclosure or use of the information Olaplex LLC identifies as its trade secrets.

62.     Whether Liqwd Inc. can prove that it possessed/possesses trade secret information.

63.     Whether Liqwd Inc. can prove that the information it identifies as its trade secret was not already known to the public or L'Oréal USA as of May 2015.

64.     Whether Liqwd Inc. can prove that L'Oréal USA, Inc. acquired information that Liqwd Inc. identifies as its trade secrets at the May 19, 2015 meeting.

65.     Whether Liqwd Inc. can prove that L'Oréal USA Products, Inc. acquired information that Liqwd Inc. identifies as its trade secrets which L'Oréal USA Products, Inc. knew or should have known was improperly acquired.

66.     Whether Liqwd Inc. can prove that L'Oréal USA S/D, Inc. acquired information that Liqwd Inc. identifies as its trade secrets which L'Oréal USA S/D, Inc. knew or should have known was improperly acquired.

67.     Whether Liqwd Inc. can prove that Redken 5th Avenue NYC, L.L.C. acquired information that Liqwd Inc. identifies as its trade secrets which Redken 5th Avenue NYC, L.L.C. knew or should have known was improperly acquired.

68.     Whether Liqwd Inc. can prove that L'Oréal USA, Inc. disclosed any of the information Liqwd Inc. identifies as its trade secrets without Liqwd Inc.'s consent.

69.     Whether Liqwd Inc. can prove that L'Oréal USA Products, Inc. disclosed any of the information Liqwd Inc. identifies as its trade secrets without Liqwd Inc.'s consent.

70.     Whether Liqwd Inc. can prove that L'Oréal USA S/D, Inc. disclosed any of the information Liqwd Inc. identifies as its trade secrets without Liqwd Inc.'s consent.

71.     Whether Liqwd Inc. can prove that Redken 5th Avenue NYC, L.L.C. disclosed any of the information Liqwd Inc. identifies as its trade secrets without Liqwd Inc.'s consent.

72.     Whether Liqwd Inc. can prove that L'Oréal USA, Inc. used any of the information Liqwd Inc. identifies as its trade secrets in developing the Accused Products.

73.     Whether Liqwd Inc. can prove that L'Oréal USA Products, Inc. used any of the information Liqwd Inc. identifies as its trade secrets in developing the Accused Products.

74.     Whether Liqwd Inc. can prove that L'Oréal USA S/D, Inc. used any of the information Liqwd Inc. identifies as its trade secrets in developing the Accused Products.

75.     Whether Liqwd Inc. can prove that Redken 5th Avenue NYC, L.L.C used any of the information Liqwd Inc. identifies as its trade secrets in developing the Accused Products.

76.     Whether Liqwd Inc. can prove that it has suffered any damages as a result of L'Oréal USA, Inc.'s purported disclosure or use of the information Liqwd Inc. identifies as its trade secrets.

77.     Whether Liqwd Inc. can prove that it has suffered any damages as a result of L'Oréal USA Products, Inc.'s purported disclosure or use of the information Liqwd Inc. identifies as its trade secrets.

78.     Whether Liqwd Inc. can prove that it has suffered any damages as a result of L'Oréal USA S/D, Inc.'s purported disclosure or use of the information Liqwd Inc. identifies as its trade secrets.

79.     Whether Liqwd Inc. can prove that it has suffered any damages as a result of Redken 5th Avenue NYC, L.L.C's purported disclosure or use of the information Liqwd Inc. identifies as its trade secrets.

80.     Whether Olaplex LLC and Liqwd Inc. are barred from recovering on their claims for trade secret misappropriation under the DTSA or the DUTSA in light of the fact that Defendants independently discovered that the Olaplex products contained maleic acid in August 2014; that the use of maleic acid in hair treatment processes, including bleaching, was described, detailed, and presented in publications, including, for example, prior patents and published applications; that the testing methods identified by Olaplex as trade secrets were and are common methods generally and publicly known before any meetings between the parties; and

that the other information identified by Olaplex as constituting trade secrets consists of information that has been described, detailed, and presented in publications and on publicly available Internet sites.

81.     Whether Olaplex LLC and Liqwd Inc. are barred from recovering on their claims for trade secret misappropriation under the DTSA or the DUTSA in light of the fact that Defendants independently developed the Accused Products without any information from Olaplex.

82.     Whether Olaplex LLC and Liqwd Inc. are barred from recovering on their claims for trade secret misappropriation under the DTSA or the DUTSA based on their failure to maintain the purported confidentiality of information they identify as trade secrets.

## V.     OLAPLEX'S CLAIM FOR BREACH OF CONTRACT

83.     Whether Olaplex LLC can prove that it provided confidential information to L'Oréal USA, Inc. under the Non-Disclosure Agreement between L'Oréal USA, Inc. and Olaplex LLC.

84.     Whether Olaplex LLC can prove that L'Oréal USA, Inc. disclosed confidential information belonging to Olaplex LLC to unauthorized parties under the Non-Disclosure Agreement between L'Oréal USA, Inc. and Olaplex LLC.

85.     Whether Olaplex LLC can prove that L'Oréal USA, Inc. disclosed confidential information belonging to Olaplex LLC for an unauthorized purpose.

86.     Whether Olaplex LLC can prove that it has suffered damage as a result of L'Oréal USA Inc.'s alleged disclosure of Olaplex LLC's confidential information.

87.     Whether Liqwd Inc. can prove that it provided confidential information to L'Oréal USA, Inc. under the Non-Disclosure Agreement between L'Oréal USA, Inc. and Liqwd Inc.

88.     Whether Liqwd Inc. can prove that L'Oréal USA, Inc. disclosed confidential information belonging to Liqwd Inc. to unauthorized parties under the Non-Disclosure Agreement between L'Oréal USA, Inc. and Liqwd Inc.

89.     Whether Liqwd Inc. can prove that L'Oréal USA, Inc. disclosed confidential information belonging to Liqwd Inc. for an unauthorized purpose.

90.     Whether Liqwd Inc. can prove that it has suffered damage as a result of L'Oréal USA, Inc.'s alleged disclosure of Liqwd Inc.'s confidential information.

91.     Whether Olaplex LLC and Liqwd Inc. are barred from recovering on their breach of contract claims based on their failure to maintain the purported confidentiality of the information they contend was disclosed by L'Oréal USA, Inc.

92.     Whether Olaplex LLC and Liqwd Inc. are barred from recovering on their breach of contract claims in light of their prior breaches of the Non-Disclosure Agreements, including but not limited to their disclosure of the parties' acquisition talks to third parties without L'Oréal USA, Inc.'s consent.

## VI.     NO DAMAGES ON OLAPLEX'S CLAIMS

93.     Whether Olaplex LLC is entitled to any damages for L'Oréal USA, Inc.'s alleged infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

94.     Whether Olaplex LLC is entitled to any enhanced damages for L'Oréal USA, Inc.'s alleged willful infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

95.     Whether Olaplex LLC can show this is an exceptional case justifying an award of attorney fees from L'Oréal USA, Inc.

96.     Whether Olaplex LLC is entitled to a permanent injunction based on L'Oréal USA, Inc.'s alleged infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

97.     Whether Olaplex LLC is entitled to any damages for L'Oréal USA Products, Inc.'s alleged infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

98.     Whether Olaplex LLC is entitled to any enhanced damages for L'Oréal USA Products, Inc.'s alleged willful infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

99.     Whether Olaplex LLC can show this is an exceptional case justifying an award of attorney fees from L'Oréal USA Products, Inc.

100.     Whether Olaplex LLC is entitled to a permanent injunction based on L'Oréal USA Products, Inc.'s alleged infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

101.   Whether Olaplex LLC is entitled to any damages for L'Oréal USA S/D, Inc.'s alleged infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

102.   Whether Olaplex LLC is entitled to any enhanced damages for L'Oréal USA S/D, Inc.'s alleged willful infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

103.   Whether Olaplex LLC can show this is an exceptional case justifying an award of attorney fees from L'Oréal USA S/D, Inc.

104.   Whether Olaplex LLC is entitled to a permanent injunction based on L'Oréal USA S/D, Inc.'s alleged infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

105.   Whether Olaplex LLC is entitled to any damages for Redken 5th Avenue NYC, L.L.C's alleged infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

106.   Whether Olaplex LLC is entitled to any enhanced damages for Redken 5th Avenue NYC, L.L.C's alleged willful infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

107.   Whether Olaplex LLC can show this is an exceptional case justifying an award of attorney fees from Redken 5th Avenue NYC, L.L.C.

108.    Whether Olaplex LLC is entitled to a permanent injunction based on Redken 5th Avenue NYC, L.L.C.'s alleged infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

109.    Whether Liqwd Inc. is entitled to any damages for L'Oréal USA, Inc.'s alleged infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

110.    Whether Liqwd Inc. is entitled to any enhanced damages for L'Oréal USA, Inc.'s alleged willful infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

111.    Whether Liqwd Inc. can show this is an exceptional case justifying an award of attorney fees from L'Oréal USA, Inc.

112.    Whether Liqwd Inc. is entitled to a permanent injunction based on L'Oréal USA, Inc.'s alleged infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

113.    Whether Liqwd Inc. is entitled to any damages for L'Oréal USA Products, Inc.'s alleged infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

114.    Whether Liqwd Inc. is entitled to any enhanced damages for L'Oréal USA Products, Inc.'s alleged willful infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

115.    Whether Liqwd Inc. can show this is an exceptional case justifying an award of attorney fees from L'Oréal USA Products, Inc.

116.    Whether Liqwd Inc. is entitled to a permanent injunction based on L'Oréal USA Products, Inc.'s alleged infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

117.    Whether Liqwd Inc. is entitled to any damages for L'Oréal USA S/D, Inc.'s alleged infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

118.    Whether Liqwd Inc. is entitled to any enhanced damages for L'Oréal USA S/D, Inc.'s alleged willful infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

119.    Whether Liqwd Inc. can show this is an exceptional case justifying an award of attorney fees from L'Oréal USA S/D, Inc.

120.    Whether Liqwd Inc. is entitled to a permanent injunction based on L'Oréal USA S/D, Inc.'s alleged infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

121.    Whether Liqwd Inc. is entitled to any damages for Redken 5th Avenue NYC, L.L.C's alleged infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

122.     Whether Liqwd Inc. is entitled to any enhanced damages for Redken 5th Avenue NYC, L.L.C's alleged willful infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

123.     Whether Liqwd Inc. can show this is an exceptional case justifying an award of attorney fees from Redken 5th Avenue NYC, L.L.C.

124.     Whether Liqwd Inc. is entitled to a permanent injunction based on Redken 5th Avenue NYC, L.L.C.'s alleged infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

125.     Whether Olaplex LLC is entitled to any damages for L'Oréal USA, Inc.'s alleged trade secret misappropriation under the DTSA or the DUTSA.

126.     Whether Olaplex LLC is entitled to any damages for L'Oréal USA Products, Inc.'s alleged trade secret misappropriation under the DTSA or the DUTSA.

127.     Whether Olaplex LLC is entitled to any damages for L'Oréal USA S/D, Inc.'s alleged trade secret misappropriation under the DTSA or the DUTSA.

128.     Whether Olaplex LLC is entitled to any damages for Redken 5th Avenue NYC, L.L.C's alleged trade secret misappropriation under the DTSA or the DUTSA.

129.     Whether Liqwd Inc. is entitled to any damages for L'Oréal USA, Inc.'s alleged trade secret misappropriation under the DTSA or the DUTSA.

130.     Whether Liqwd Inc. is entitled to any damages for L'Oréal USA Products, Inc.'s alleged trade secret misappropriation under the DTSA or the DUTSA.

131.    Whether Liqwd Inc. is entitled to any damages for L'Oréal USA S/D, Inc.'s alleged trade secret misappropriation under the DTSA or the DUTSA.

132.    Whether Liqwd Inc. is entitled to any damages for Redken 5th Avenue NYC, L.L.C's alleged trade secret misappropriation under the DTSA or the DUTSA.

133.    Whether Olaplex LLC is entitled to any damages for L'Oréal USA, Inc.'s alleged breach of contract.

134.    Whether Olaplex LLC is entitled to any damages for L'Oréal USA Products, Inc.'s alleged breach of contract.

135.    Whether Olaplex LLC. is entitled to any damages for L'Oréal USA S/D, Inc.'s alleged breach of contract.

136.    Whether Olaplex LLC is entitled to any damages for Redken 5th Avenue NYC, L.L.C's alleged breach of contract.

137.    Whether Liqwd Inc. is entitled to any damages for L'Oréal USA, Inc.'s alleged breach of contract.

138.    Whether Liqwd Inc. is entitled to any damages for L'Oréal USA Products, Inc.'s alleged breach of contract.

139.    Whether Liqwd Inc. is entitled to any damages for L'Oréal USA S/D, Inc.'s alleged breach of contract.

140.    Whether Liqwd Inc. is entitled to any damages for Redken 5th Avenue NYC, L.L.C's alleged breach of contract.

141.    Whether Olaplex LLC and Liqwd Inc. are barred from recovering on their breach of contract claims by failing to act reasonably and prudently mitigate any damages they may have incurred.

142.    Whether Olaplex LLC and Liqwd Inc. are barred from recovering on their claims for trade secret misappropriation and breach of contract because any damages they may have suffered would have been caused by independent, intervening, and/or superseding events, including, for example, Olaplex's public discussions with third parties and through social media regarding their patents and testing practices.

143.    Whether Olaplex LLC and Liqwd Inc. are barred from recovering on any of their claims on the grounds that any such recovery would constitute unjust enrichment, in light if the fact that information withheld by Olaplex until after the close of document discovery reveals that Olaplex engaged in an aggressive and illegal campaign to manipulate the market to artificially increase its market share while pushing competitors out of the market.

144.    Whether Olaplex and Liqwd. Inc. are barred from recovering any relief sought in this action due to their spoliation of evidence, including but not limited to evidence documenting the conception and reduction to practice of the inventions of the Asserted Patents, the manufacture of the Olaplex products and Olaplex's marketing and advertising activities, including but not limited to paid endorsements and social media outreach.

145.    Whether Olapex LLC and Liqwd Inc. are barred from recovering any relief sought in this action, including but not limited to any equitable relief sought, because they filed this lawsuit with unclean hands, including but not limited to the following acts:

a)   Engaging in a multifaceted, illegal scheme to block the sale of the L'Oréal USA products through false promises, false and misleading advertising, and false marking.

b)   Using undisclosed, paid endorsements and fake social media accounts to conceal any affiliation to Olaplex, while lauding the Olaplex products and denouncing competitors, including L'Oréal USA, Inc.

c)   Seeking injunctive relief and arguing that Olaplex LLC competes with L'Oréal USA, Inc. in a two-player market, without disclosing their own market conduct and manipulation.

d)   Refusing to produce discovery relating to its marketing activities for nearly two years, which discovery revealed Olaplex's market manipulation.

e)   Securing witnesses' unavailability, including threats to pull Olaplex's business from L'Oréal USA, Inc.'s subsidiary, SalonCentric, if Defendants proceeded with the deposition of Olaplex's co-founder.

f)   Blocking depositions of purported third parties on grounds that Olaplex does not control these third parties, when they were all represented by Olaplex's counsel at their depositions.

g)   Asking stylists who were testing the Redken product to provide Olaplex with non-public, confidential information about the product months before the product was launched and to record any conversations by Redken involving Olaplex.

## VII.   L'OREAL USA, INC.'S COUNTERCLAIM FOR VIOLATION OF THE LANHAM ACT

146.    Whether L'Oréal USA, Inc. can prove that Olaplex made or caused others to make false and/or misleading statements regarding the Olaplex products or L'Oréal USA, Inc.'s products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a).

147.    Whether L'Oréal USA, Inc. can prove that it suffered injury as a result of Olaplex's Lanham Act violations.

148.    Whether L'Oréal USA, Inc. can prove that it is entitled to injunctive relief prohibiting Olaplex from engaging in false advertising.

149.    Whether L'Oréal USA, Inc. can prove that it is entitled to injunctive relief mandating that Olaplex issue corrective advertising.

## VIII.   L'OREAL USA, INC.'S COUNTERCLAIM FOR FRAUD-FALSE PROMISE

150.    Whether L'Oréal USA, Inc. can prove that Olaplex made false representations to L'Oréal USA, Inc. during the parties' acquisition discussions, which it knew or believed were false.

151.    Whether L'Oréal USA can prove that Olaplex intended L'Oréal USA, Inc. to rely on its representations.

152.    Whether L'Oréal USA, Inc. can prove that it relied on Olaplex's false representations to its detriment.

## IX.    L'OREAL USA, INC.'S COUNTERCLAIM FOR BREACH OF CONTRACT

153.    Whether L'Oréal USA, Inc. can prove that Liqwd, Inc. disclosed confidential information in breach of the Non-Disclosure Agreement attached as Exhibit C to Olaplex's Third Amended Complaint (D.I. 636).

154.    Whether L'Oréal USA, Inc. can prove that Olaplex LLC disclosed confidential information in breach of the Non-Disclosure Agreement attached as Exhibit A to L'Oréal USA's Amended Counterclaims (D.I. 650).

## X.    L'OREAL USA, INC.'S COUNTERCLAIM FOR FALSE MARKING

155.    Whether L'Oréal USA, Inc. can prove that Olaplex LLC falsely marks its Step 1, Step 2, and/or Step 3 products under U.S. Patent No. 9,095,518, causing harm to L'Oréal USA, Inc.

## XI.    L'OREAL USA, INC.'S COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

156.    Whether L'Oréal USA, Inc. can prove that it is entitled to a declaratory judgment that use of the Accused Products do not infringe Asserted Claims 1 and 10 of the '419 patent.

157.    Whether L'Oréal USA, Inc. can prove that it is entitled to a declaratory judgment that use of the Accused Products do not infringe Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 patent.

## XII.    L'OREAL USA, INC.'S COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY

158.    Whether L'Oréal USA, Inc. can prove that it is entitled to a declaratory judgment that claims 1 and 10 of the '419 Patent are invalid.

159.    Whether L'Oréal USA, Inc. can prove that it is entitled to a declaratory judgment that claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent are invalid.

# EXHIBIT 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LIQWD, INC. and OLAPLEX LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C. A. No. 1:17-cv-00014-JFB-SRF |
| | ) | |
| L'ORÉAL USA, INC., L'ORÉAL USA | ) | **CONFIDENTIAL –** |
| PRODUCTS, INC., L'ORÉAL USA S/D, | ) | **FILED UNDER SEAL** |
| INC., and REDKEN 5TH AVENUE | ) | |
| NYC, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

## EXHIBIT 4:
## OLAPLEX'S STATEMENT OF ISSUES OF LAW TO BE LITIGATED AT TRIAL

## <u>TABLE OF CONTENTS</u>

<div align="right"><u>Page</u></div>

TABLE OF AUTHORITIES ............................................................................... iii

I.  INFRINGEMENT OF U.S. PATENT NO. 9,498,419 ("THE '419 PATENT") (CONDITIONAL ON DECISION OF PENDING MOTIONS) .........................................2

    A.  Infringement of the '419 Patent .........................................................................2

        1.  Issues of Law to be Litigated ...........................................................2

        2.  Legal Authority .................................................................................2

    B.  Requested Relief for Infringement of the '419 Patent ..................................16

        1.  Issues of Law to be Litigated .........................................................16

        2.  Legal Authority ...............................................................................17

II.  INFRINGEMENT OF U.S. PATENT NO. 9,668,954 ("THE '954 PATENT") ...............31

    A.  Infringement of the '954 Patent .......................................................................31

        1.  Issues of Law to be Litigated .........................................................31

        2.  Legal Authority ...............................................................................32

    B.  Requested Relief for Infringement of the '954 Patent ..................................32

        1.  Issues of Law to be Litigated .........................................................32

        2.  Legal Authority ...............................................................................33

III.  OLAPLEX'S CLAIMS FOR MISAPPROPRIATION OF TRADE SECRETS ...............33

        1.  Issues of Law to be Litigated .........................................................33

        2.  Legal Authority ...............................................................................34

IV.  OLAPLEX'S CLAIM FOR BREACH OF CONTRACT ................................................37

        1.  Issues of Law to be Litigated .........................................................37

        2.  Legal Authority ...............................................................................37

V.  L'OREAL'S COUNTERCLAIM FOR FALSE ADVERTISING ...................................38

    A.  Issues of Law to be Litigated ...........................................................................38

    B.  Legal Authority ...............................................................................................39

VI.  L'OREAL'S COUNTERCLAIM FOR FRAUD BY FALSE PROMISE ........................43

    A.  Issues of Law to be Litigated ...........................................................................43

    B.  Legal Authority ...............................................................................................43

VII.  L'OREAL'S COUNTERCLAIMS FOR BREACH OF CONTRACT ............................44

    A.  Issues of Law to be Litigated ...........................................................................44

    B.  Legal Authorities .............................................................................................44

VIII.  L'OREAL'S COUNTERCLAIM FOR FALSE PATENT MARKING..........................45

    A.    Issues of Law to be Litigated ...........................................................45

    B.    Legal Authorities ...........................................................................45

IX.  L'OREAL'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT...............................................................................46

    A.    Issues of Law to be Litigated ...........................................................46

    B.    Legal Authority...............................................................................46

X.  L'OREAL'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF INVALIDITY ..........................................................................................47

    A.    Issues of Law to be Litigated ...........................................................47

    B.    Legal Authority...............................................................................47

        1.    Anticipation........................................................................47

        2.    Obviousness .......................................................................48

        3.    Written Description .............................................................49

        4.    Enablement ........................................................................50

XI.  AFFIRMATIVE DEFENSES ................................................................51

    A.    Statute of Limitations.......................................................................51

    B.    Laches ...........................................................................................52

    C.    Unclean Hands ...............................................................................52

    D.    Spoliation of Evidence .....................................................................52

    E.    *Noerr-Pennington* Privilege..............................................................53

    F.    Material Breach...............................................................................54

    G.    Failure to Mitigate Damages..............................................................54

# **TABLE OF AUTHORITIES**

**Page**

## Cases

*A.C. Aukerman Co. v. R.L. Chaides Const. Co.*,
  960 F.2d 1020 (Fed. Cir. 1992) ........................................................................ 8

*Abbott Labs. v. Dey, L.P.*,
  287 F.3d 1097 (Fed. Cir. 2002) ........................................................................ 7

*Abraxis Bioscience, Inc. v. Mayne Pharma (USA), Inc.*,
  467 F.3d 1370 (Fed. Cir. 2006) ........................................................................ 6

*Accenture Global Services GMBH v. Guidewire Software Inc.*,
  581 F. Supp. 2d 654 (D. Del. 2008) ................................................................ 35

*Adams Arms, LLC v. Unified Weapon Sys., Inc.*, 16-1503,
  2016 WL 5391394 (M.D. Fla. Sept. 27, 2016) .............................................. 36

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*,
  261 F.3d 1329 (Fed. Cir. 2001) ........................................................................ 3

*Advanced Video Techs. LLC v. HTC Corp.*,
  No. 15-cv-4626, 2016 WL3434819 (S.D.N.Y. June 14, 2016) ...................... 15

*Allergan, Inc. v. Sandoz Inc.*,
  796 F.3d 1293 (Fed. Cir. 2015) .................................................................. 50, 51

*Amgen Inc. v. F. Hoffman-LaRoche Ltd.*,
  581 F. Supp. 2d 160 (D. Mass. 2008), *aff'd in relevant part*,
  580 F.3d 1340 (Fed. Cir. 2009) ...................................................................... 28

*Amstar Corp. v. Envirotech Corp.*,
  730 F.2d 1476 (Fed. Cir. 1984) ........................................................................ 4

*Apple Inc. v. Motorola, Inc.*,
  757 F.3d 1286 (Fed. Cir. 2014) ...................................................................... 23

*Apple Inc. v. Samsung Elecs. Co.*,
  809 F.3d 633 (Fed. Cir. 2015) ........................................................................ 27

*Apple Inc. v. Samsung Electronics Co., Ltd.*,
  839 F.3d 1034 (Fed. Cir. 2016) ...................................................................... 48

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
  258 F. Supp. 3d 1013 (N.D. Cal. 2017) .......................................................... 14

*Arachnid, Inc. v. Merit Indus., Inc.*,
  939 F.2d 1574 (Fed. Cir. 1991) ...................................................................... 15

*ART+COM Innovationpool GmbH v. Google Inc.*,
  155 F. Supp. 3d 489 (D. Del. 2016) ................................................................ 52

iii

*AstraZeneca LP v. Apotex, Inc.*,
  633 F.3d 1042 (Fed. Cir. 2010) ........................................................... 10

*Avis Rent A Car System, Inc. v. Hertz Corp.*,
  782 F.2d 381 (2d Cir. 1986) ............................................................... 41

*Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*,
  583 F.3d 832 (Fed. Cir. 2009) ........................................................... 15

*Beard Research, Inc. v. Kates*,
  8 A.3d 573 (Del. Ch. 2010) ............................................................... 37

*Beauty Time, Inc. v. VU Skin Sys., Inc.*,
  118 F.3d 140 (3d Cir. 1997) ......................................................... 40, 51

*BioLife Solutions, Inc. v. Endocare, Inc.*,
  838 A.2d 268 (Del. Ch. 2003) ........................................................... 54

*Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*,
  807 F.2d 964 (Fed. Cir. 1986) ........................................................... 25

*Biotec Biologische Naturverpackungen GmbH v. Biocorp, Inc.*,
  249 F.3d 1341 (Fed. Cir. 2001) ..................................................... 10, 12

*Blanchette v. Providence & Worcester Co.*,
  428 F. Supp. 347 (D.Del.1977) ........................................................... 52

*BMW of N. Am., Inc. v. Gore*,
  517 U.S. 559 (1996) ......................................................................... 13

*BOC Health Care, Inc. v. Nellcor Inc.*,
  892 F. Supp. 598 (D. Del. 1995) .......................................................... 6

*Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc.*,
  247 F.3d 79 ..................................................................................... 38

*In re BP Lubricants USA Inc.*,
  637 F.3d 1307 (Fed. Cir. 2011) ......................................................... 46

*Bristol-Myers Squibb Co. v. Teva Pharmas. USA, Inc.*,
  752 F.3d 967 (Fed. Cir. 2014) ........................................................... 49

*Broadcom Corp. v. Qualcomm Inc.*,
  543 F.3d 683 (Fed. Cir. 2008) ........................................................... 10

*In re Broadstripe, LLC*,
  435 B.R. 245 (Bankr. D. Del. 2010) .................................................... 54

*Bull v. United Parcel Service, Inc.*,
  665 F.3d 68 (3d Cir. 2012) ............................................................... 52

*Castrol Inc. v. Pennzoil Co.*,
  987 F.2d 939 (3d Cir. 1993) ............................................................. 41

*Cato Capital LLC v. Hemispherx Biopharma, Inc.*,
  70 F. Supp. 3d 607 (D. Del. 2014) ..................................................... 43

iv

*Cephalon, Inc. v. Watson Pharmas., Inc.*,
   707 F.3d 1330 (Fed. Cir. 2013) ............................................................. 50

*Chalumeau Power Sys. LLC v. Alcatel- Lucent*,
   No. CV 11-1175-RGA, 2014 WL 4675002 (D. Del. Sept. 12, 2014) ...................................... 30

*Chimie v. PPG Indus., Inc.*,
   218 F.R.D. 416 (D. Del. 2003) ............................................................. 13

*Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.*,
   145 F.3d 1303 (Fed. Cir. 1998) ............................................................. 10

*Cicle Francesco Moser, S.R.L. v. Cannondale USA, Inc.*,
   12 F. Supp. 2d 320 (S.D.N.Y. 1998) ............................................................. 41

*Cisco Systems, Inc. v. Cirrex Systems, LLC*,
   856 F.3d 997 (Fed. Cir. 2017). ............................................................. 49

*Comark Commc'ns, Inc. v. Harris Corp.*,
   156 F.3d 1182 (Fed. Cir. 1998) ............................................................. 12

*Congoo, LLC v. Revcontent LLC*,
   2017 WL 5076397 (D.N.J. Nov. 3, 2017) ............................................................. 41

*Convolve, Inc. v. Compaq Computer Corp.*,
   527 F. App'x 910 (Fed. Cir. 2013) ............................................................. 3

*Corning Glass Works v. Sumitomo Elec. U.S.A., Inc.*,
   868 F.2d 1251 (Fed. Cir. 1989) ............................................................. 8

*Cot'n Wash, Inc. v. Henkel Corp.*,
   56 F. Supp. 3d 613 (D. Del. 2014) ............................................................. 46

*Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*,
   246 F.3d 1336 (Fed. Cir. 2001) ............................................................. 14, 19, 24

*Cybor Corp. v. FAS Techs., Inc.*,
   138 F.3d 1448, 1454 (Fed. Cir. 1998) ............................................................. 3, 5

*Cypres Assocs., LLC v. Sunnyside Cogeneration Assocs. Project*,
   No. Civ. A. 1607-N, 2007 WL 148754 (Del. Ch. Jan. 17 2007) ............................................................. 38

*Del Mar Avionics, Inc. v. Quinton Instrument Co.*,
   836 F.2d 1320 (Fed. Cir. 1987) ............................................................. 23

*Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*,
   469 F.3d 1005 (Fed. Cir. 2006) ............................................................. 8

*Design Resources, Inc. v. Leather Indus. of Am.*,
   789 F.3d 495 (4th Cir. 2015) ............................................................. 42

*Diagnostic Med. Assocs. v. N.Y. City Dist. Council of Carpenters Welfare Fund*,
   No. 04-7662, 2006 WL 728486 (S.D.N.Y. Mar. 21, 2006) ............................................................. 14, 23

*Dickerman Assocs., Inc. v. Tiverton Bottled Gas Co.*,
   594 F. Supp. 30 (D. Mass. 1984) ............................................................. 36

*Douglas Dynamics, LLC v. Buyers Prods. Co.*,
    717 F.3d 1336 (Fed. Cir. 2013) ................................................................... 28

*Dow Chem. Co. v. Mee Indus., Inc.*,
    341 F.3d 1370 (Fed. Cir. 2003) ................................................................... 23

*E.R.R Presidents Conference v. Noerr Motor Freight, Inc.*,
    365 U.S. 127 (1961) .................................................................................... 44

*eBay, Inc. v. MercExchange L.L.C.*,
    126 S. Ct. 1837 (2006) .......................................................................... 27, 28

*Ecolab, Inc. v. Envirochem, Inc.*,
    264 F.3d 1358 (Fed. Cir. 2001) ..................................................................... 3

*Edwards Lifesciences AG v. CoreValve, Inc.*,
    No. 08–91–GMS, 2011 WL 446203 (D. Del. Feb. 7, 2011) ....................... 24

*Elenza, Inc. v. Alcon Labs. Holding Corp.*,
    183 A.3d 717 (Del. 2018) ............................................................................ 36

*Eli Lilly & Co. v. Actavis Elizabeth LLC*,
    435 F. App'x 917 (Fed. Cir. 2011) .............................................................. 10

*Eli Lilly and Co. v. Teva Pharmas. USA, Inc.*,
    619 F.3d 1329 (Fed. Cir. 2010) ................................................................... 48

*Emory Univ. v. Nova Biogenetics, Inc.*,
    No. 1:06-CV-0141-TWT, 2008 WL 2945476 (N.D. Ga. July 25, 2008) ........... 28, 41

*In re Energy Future Holdings Corp.*,
    904 F.3d 298 (3d Cir. 2018) ........................................................................ 52

*E.R.R Presidents Conference v. Noerr Motor Freight, Inc.*,
    365 U.S. 127 (1961) .................................................................................... 53

*Ericsson, Inc. v. D-Link Sys., Inc.*,
    773 F.3d 1201 (Fed. Cir. 2014) ................................................................... 23

*Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*,
    149 F.3d 1309 (Fed. Cir. 1998) ................................................................. 7, 8

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009) ................................................................. 2, 4

*Feld Entm't Inc. v. Am. Soc'y*,
    873 F. Supp. 2d 288 (D.D.C. 2012) ...................................................... 45, 53

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
    535 U.S. 722 (2002) .................................................................................. 5, 7

*Filmtec Corp. v. Allied-Signal Inc.*,
    939 F.2d 1568 (Fed. Cir. 1991) ................................................................... 15

*FMC Corp. v. Summit Agro USA, LLC*,
    2014 WL 6627727 (D. Del. Nov. 14, 2014).................................................. 40

*Forest Labs. Holdings Ltd. v. Mylan Inc.*,
  206 F. Supp. 3d 957 (D. Del. 2016) ...................................................................... 4, 9, 10

*Freedom Wireless v. Boston Comm'ns Group, Inc.*,
  220 F. Supp. 2d 16 (D. Mass. 2002) .......................................................................... 15

*Gaffin v. Teledyne, Inc.*,
  611 A.2d 467 (Del. 1992) ............................................................................................ 43

*Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp.*,
  60 F.3d 770 (Fed. Cir. 1995) ...................................................................................... 14

*Gen. Motors Corp. v. Devex Corp.*,
  461 U.S. 648 (1983) ............................................................................................. 17, 24

*Gentry Gallery, Inc. v. Berkline Corp.*,
  134 F.3d 1473 (Fed. Cir. 1998) .................................................................................... 3

*Georgia–Pacific Corp. v. United States Plywood Corp.*,
  318 F. Supp. 1116 (S.D.N.Y. 1970) ..................................................................... 20, 22

*Genentech, Inc. v. Novo Nordisk A/S*,
  108 F.3d 1361 (Fed. Cir. 1997) .................................................................................. 50

*Golden Blount, Inc. v. Robert H. Peterson Co.*,
  438 F.3d 1354 (Fed. Cir. 2006) ......................................................................... 9, 10, 13

*Grain Processing Corp. v. American Maize-Prods. Co.*,
  185 F.3d 1341 (Fed. Cir. 1999) .................................................................................. 17

*Graham v. John Deere Co. of Kansas City*,
  383 U.S. 1 (1966) ....................................................................................................... 48

*Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*,
  339 U.S. 605 (1950) ..................................................................................................... 6

*Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*,
  774 F.3d 192 (3d Cir. 2014) ....................................................................................... 42

*H. v. Dart Indus., Inc.*,
  862 F.2d 1564 (Fed. Cir. 1988) ............................................................................. 12, 20

*Haft v. Dart Group Corp.*,
  877 F. Supp. 896 (D. Del. 1995) ................................................................................ 38

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
  136 S. Ct. 1923 (2016) ............................................................................................... 11

*Hanson v. Alpine Valley Ski Area, Inc.*,
  718 F.2d 1075 (Fed. Cir. 1983) .................................................................................. 19

*Hilgraeve Corp. v. Symantec Corp.*,
  265 F.3d. 1336 (Fed. Cir. 2001) ............................................................................. 3, 11

*H-M Wexford LLC v. Encorp, Inc.*,
  832 A.2d 129 (Del. Ch. 2003) .................................................................................... 37

*Hoechst Celanese Corp. v. BP Chems. Ltd.*,
  78 F.3d 1575 (Fed. Cir. 1996) ........................................................................ 13

*HSMY, Inc. v. Getty Petroleum Marketing, Inc.*,
  417 F. Supp. 2d 617 (D. Del. 2006) ................................................................ 37

*Idenix Pharm. LLC v. Gilead Scis., Inc.*,
  C.A. No. 13-1987-LPS, 2016 WL 7380530 (D. Del. Dec. 4, 2016) .................. 13

*Imonex Servs., Inc. v. W.H. Munzprufer Dietmar Trenner GMBH*,
  408 F.3d 1374 (Fed. Cir. 2005) ................................................................ 12, 26

*Imperial Chem. Indus. Ltd. v. Nat'l Distillers & Chem. Corp.*,
  342 F.2d 737 (2d Cir. 1965) ............................................................................ 36

*Imperium (IP) Holdings, Inc. v. Apple, Inc.*,
  No. 4:11-CV-163, 2012 WL 2995697 (E.D. Tex. July 23, 2012).................... 14

*Insta-Foam Prods. Inc. v. Universal Foam Sys. Inc.*,
  906 F.2d 698 (Fed. Cir. 1990) .......................................................................... 6

*Interim Healthcare, Inc. v. Spherion Corp.*,
  884 A.2d 513 (Del. Sup. Ct. 2005).................................................................. 44

*Invista N. Am. S.A.R.L. v. M & G USA Corp.*,
  35 F. Supp. 3d 583 (D. Del. 2014) .................................................................. 28

*Johns Hopkins Univ. v. CellPro*,
  894 F. Supp. 819 (D. Del. 1995) ..................................................................... 19

*Johns Hopkins Univ. v. CellPro, Inc.*,
  152 F.3d 1342 (Fed. Cir. 1998) ....................................................................... 26

*Johnson & Johnson Merck Cons. Pharms. Co. v. Rhone-Poulenc Rorer Pharms., Inc.*,
  19 F.3d 125 (3d Cir. 1994) ........................................................................ 41, 42

*Joint Stock Scy v. UDV N. Am., Inc.*,
  53 F. Supp. 2d 692 (D. Del. 1999) ............................................................ 40, 51

*King Instruments Corp. v. Perego*,
  65 F.3d 941 (Fed. Cir. 1995) .......................................................................... 17

*Larry Pitt & Associates v. Lundy Law LLP*,
  294 F. Supp. 3d 329 (E.D. Pa. 2018) .............................................................. 41

*Lexmark Int'l, Inc. v. Static Ctrl Components, Inc.*,
  572 U.S. 118 (2014) ................................................................................... 40, 41

*Liquid Dynamics Corp. v. Vaughan Co.*,
  449 F.3d 1209 (Fed. Cir. 2006) ........................................................................ 4

*Loctite Corp. v. Ultraseal Ltd.*,
  781 F.2d 861 (Fed. Cir. 1985) .......................................................................... 6

*Lokai Holdings LLC v. Twin Tiger USA LLC*,
  306 F. Supp. 3d 629 (S.D.N.Y. 2018) ............................................................. 40

*Loughman v. Consol-Penn. Coal Co.*,
  6 F.3d 88 (3d Cir. 1993) .................................................................................. 25

*Loureiro v. Copeland*,
  No. 04C-12-014, 2006 WL 2685582 (Del. Super. Ct. Aug. 21, 2006) ................... 38

*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009) ........................................................................... 3

*Markman v. Westview Instruments, Inc.*,
  517 U.S. 370 (1996) ....................................................................................... 4, 12

*Martek Biosciences Corp. v. Nutrinova, Inc.*,
  579 F.3d 1363 (Fed. Cir. 2009) ........................................................................... 4

*Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*,
  370 F.3d 1354 (Fed. Cir. 2004) ......................................................................... 10

*Minn. Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.*,
  976 F.2d 1559 (Fed. Cir. 1992) ......................................................................... 13

*Mintz v. Dietz & Watson, Inc.*,
  679 F.3d 1372 (Fed. Cir. 2002). ........................................................................ 49

*Moba, B.V. v. Diamond Automation, Inc.*,
  325 F.3d 1306 (Fed. Cir. 2003) ........................................................................... 9

*Mobil Oil Corp. v. Amoco Chems. Co.*,
  915 F. Supp. 1333 (D. Del. 1995) .................................................................. 20, 22

*Moleculon Research*,
  793 F.2d at 1272 ............................................................................................. 10

*N. River Ins. Co. v. Mine Safety Appliances Co.*,
  105 A.3d 369 (Del. 2014) ................................................................................. 31

*nCUBE Corp. v. SeaChange Int'l, Inc.*,
  313 F. Supp. 2d 361 (D. Del. 2004), *aff'd*, 436 F.3d 1317 (Fed. Cir. 2006) .......... 25

*Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*,
  847 F.2d 795 (Fed. Cir. 1988) ........................................................................... 24

*Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharmas. Co.*,
  290 F.3d 578 (3d Cir. 2002) ............................................................................. 41

*Novozymes A/S v. Genencor Int'l, Inc.*,
  474 F. Supp. 2d 592 (D. Del. 2007) ................................................................... 28

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
  134 S. Ct. 1749 (2014) ................................................................................ 29, 30

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
  572 U.S. 545 (2014) ................................................................................... 44, 53

*Ogin v. Ahmed*,
  563 F. Supp. 2d 539 (M.D. Pa. 2008) ................................................................ 53

ix

*Orion IP, LLC v. Hyundai Motor Am.*,
   605 F.3d 967 (Fed. Cir. 2010) ................................................................ 47

*Overhead Door Corp. v. Chamberlain Group, Inc.*,
   194 F.3d 1261 (Fed. Cir. 1999) ............................................................... 7

*Pall Corp. v. Micron Separations, Inc.*,
   66 F.3d 1211 (Fed. Cir. 1995) ................................................................ 14

*Pandrol USA, LP v. Airboss Ry. Prod., Inc.*,
   320 F.3d 1354 (Fed. Cir. 2003) ............................................................... 14

*Panduit Corp. v. Stahlin Bros. Fibre Works*,
   575 F.2d 1152 (6th Cir. 1978) ........................................................... 18, 19

*Paper Converting Machine Co. v. Magna-Graphics Corp.*,
   745 F.2d 11 (Fed. Cir. 1984) .................................................................. 18

*Parallel Iron LLC v. NetApp Inc.*,
   70 Supp. 3d 585 (D. Del. 2014) .............................................................. 29

*Perricone v. Medicis Pharma. Corp.*,
   432 F.3d 1368 (Fed. Cir. 2005) ............................................................... 48

*In re PMTS Liquidating Corp.*,
   452 B.R. 498 (Bankr. D. Del. 2011) ........................................................ 44

*Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*,
   702 F.3d 1351 (Fed. Cir. 2012) ........................................................ 28, 29

*Presidio Components, Inc. v. American Technical Ceramics Corp.*,
   875 F.3d 1369 (Fed. Cir. 2017) ............................................................... 19

*QVC, Inc. v. Your Vitamins, Inc.*,
   714 F. Supp. 2d 291 (D. Del. 2010) ........................................................ 41

*Read Corp. v. Portec, Inc.*,
   970 F.2d 816 (Fed. Cir. 1992) .......................................................... 12, 26

*Rite-Hite Corp. v. Kelley Co., Inc.*,
   819 F.2d 1120 (Fed. Cir. 1987) .................................................... 12, 18, 19

*Robert Bosch LLC v. Pylon Mfg. Corp.*,
   632 F. Supp. 2d 362 (D. Del. 2009) ........................................................ 40

*Rodime PLC v. Seagate Tech., Inc.*,
   174 F.3d 1294 (Fed. Cir. 1999) ............................................................... 9

*Rohm & Haas Co. v. Adco Chem. Co.*,
   689 F.2d 424 (3d Cir. 1982) ................................................................... 36

*Sandoz Pharm. Corp. v. Richardson-Vicks, Inc.*,
   902 F.2d 222 (3d Cir. 1990) ................................................................... 42

*Sanofi-Aventis Deutschland GmbH v. Glemark Pharm. Inc.*,
   821 F. Supp. 2d 681 (D.N.J. 2011), *aff'd*, 748 F.3d 1354 (Fed. Cir. 2014) ............ 28

*Sanofi-Synthelabo v. Apotex, Inc.*,
    470 F.3d 1368 (Fed. Cir. 2006) ............................................................... 27, 29

*Schering-Plough Healthcare Products, Inc. v. Schwarz Pharma, Inc.*,
    586 F.3d 500 (7th Cir. 2009) ....................................................................... 41

*In re Seagate Tech., LLC*,
    497 F.3d 1360 (Fed. Cir. 2007) ................................................................... 11

*SEB, S.A. v. Montgomery Ward & Co., Inc.*,
    594 F.3d 1360 (Fed. Cir. 2010) ..................................................................... 9

*Servo Corp. of Am. v. Gen. Elec. Co.*,
    393 F.2d 551 (4th Cir. 1968) ....................................................................... 36

*Shiley, Inc. v. Bentley Labs., Inc.*,
    794 F.2d 1561 (Fed. Cir. 1986) ................................................................... 13

*Smithkline Beecham Corp. v. Excel Pharm., Inc.*,
    356 F.3d 1357 (Fed. Cir. 2004) ..................................................................... 7

*Smithkline Diagnostics, Inc. v. Helena Labs. Corp.*,
    926 F.2d 1161 (Fed. Cir. 1991) ............................................................... 18, 23

*Snac Lite, LLC v. Nuts 'N More, LLC*,
    2016 WL 6778268 (N.D. Ala. Nov. 16, 2016) ............................................ 42

*Sonos, Inc. v. D&M Holdings Inc.*,
    C.A. No. 14-1330-WCB, 2017 WL 5633204 (D. Del. Nov. 21, 2017) ................. 13

*Speedplay, Inc. v. Bebop, Inc.*,
    211 F.3d 1245 (Fed. Cir. 2000) ................................................................... 15

*SRI Int'l v. Matsushita Elec. Corp. of Am.*,
    775 F.2d 1107 (Fed. Cir. 1985) ................................................................. 4, 7

*SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*,
    127 F.3d 1462 (Fed. Cir. 1997) ................................................................... 12

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
    179 F. Supp. 3d 339 (D. Del. 2016) .............................................................. 3

*St. Clair Intellectual Prop. Consultants, Inc. v. Canon, Inc.*,
    No. CIV.A. 03-241 JJF, 2004 WL 2213562 (D. Del. Sept. 28, 2004) .................. 20

*State Indus., Inc. v. Mor-Flo Indus., Inc.*,
    883 F.2d 1573 (Fed. Cir. 1989) ............................................................... 18, 19

*Storer v. Clark*,
    860 F.3d 1340 (Fed. Cir. 2017) ................................................................... 50

*Story Parchment Co. v. Paterson Parchment Paper Co.*,
    282 U.S. 555 (1931) ................................................................................... 18

*Streck, Inc. v. Research & Diagnostic Systems, Inc.*,
    665 F.3d 1269 (Fed. Cir. 2012) ................................................................... 49

*Stryker Corp. v. Davol Inc.*,
    234 F.3d 1252 (Fed. Cir. 2000) ......................................................................... 6

*Sun Microsystems, Inc. v. Versata Enterprises, Inc.*,
    630 F. Supp. 2d 395 (D. Del. 2009) ............................................................... 52

*Sun Studs, Inc. v. ATA Equip. Leasing Inc.*,
    872 F.2d 978 (Fed. Cir. 1989) ......................................................................... 8

*Sunovion Pharm., Inc. v. Teva Pharm. USA, Inc.*,
    731 F.3d 1271 (Fed. Cir. 2013) ....................................................................... 3

*Syntel Sterling Best Shores Mauritius Ltd v. Trizetto Grp., Inc.*,
    2016 WL 5338550 (S.D.N.Y. Sept. 23, 2016) ............................................. 36

*Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*,
    549 F.3d 1381 (Fed. Cir. 2008) ..................................................................... 30

*Templeton, v. EmCare, Inc.*,
    868 F. Supp. 2d 333 (D. Del. 2012) ....................................................... 37, 38

*The Knit With v. Knitting Fever, Inc.*,
    625 F. App'x 27 (3d Cir. 2015) ..................................................................... 41

*Tillman v. Pepsi Bottling Grp., Inc.*,
    538 F. Supp. 2d 754 (D. Del. 2008) ............................................................. 43

*Time Warner Cable, Inc. v. DIRECTV, Inc.*,
    497 F.3d 144 (2d Cir. 2007) ......................................................................... 42

*Tinnus Enters., LLC v. Telebrands Corp.*,
    846 F.3d 1190 (Fed. Cir. 2017) ....................................................................... 4

*Toshiba Corp. v. Imation Corp.*,
    681 F.3d 1358 (Fed. Cir. 2012) ....................................................................... 9

*Transmatic, Inc. v. Gulton Indus., Inc.*,
    180 F.3d 1343 (Fed. Cir. 1999) ..................................................................... 25

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*,
    617 F.3d 1296 (Fed. Cir. 2010) ..................................................................... 48

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling USA, Inc.*,
    699 F.3d 1340 (Fed. Cir. 2012) ..................................................................... 20

*TruePosition Inc. v. Andrew Corp.*,
    611 F. Supp. 2d 400 (D. Del. 2009) ............................................................. 25

*TruePosition Inc. v. Andrew Corp.*,
    No. CIV. 05–747–SLR, 2009 WL 1651042 (D. Del. June 10, 2009) ..................... 24

*Trustees of Boston Univ. v. Everlight Electronics Co., Ltd.*,
    896 F.3d 1357 (Fed. Cir. 2018) ..................................................................... 51

*Uniloc USA, Inc. v. Microsoft Corp.*,
    632 F.3d 1292 (Fed. Cir. 2011) ..................................................................... 22

*United Mine Workers v. Pennington,*
    381 U.S. 657 (1965) ................................................................................ 44, 53

*U.S. Gypsum Co. v. Pacific Award Metals, Inc.,*
    438 F. Supp. 2d 1101 (N.D. Cal. 2006) ........................................................... 45

*U.S. Healthcare,*
    898 F.2d at 921 ...................................................................................... 40

*Varco, L.P. v. Pason Sys. USA Corp.,*
    436 F.3d 1368 (Fed. Cir. 2006) ................................................................ 7, 12

*Vasudevan Software, Inc. v. MicroStrategy, Inc.,*
    782 F.3d 671 (Fed. Cir. 2015) ..................................................................... 51

*Verve, LLC v. Crane Cams, Inc.,*
    311 F.3d 1116 (Fed. Cir. 2002) .................................................................... 47

*W.R. Grace & Co.-Conn. v. Intercat, Inc.,*
    60 F. Supp. 2d 316 (D. Del. 1999) ................................................................ 18

*Warner- Jenkinson Co., Inc. v. Hilton Davis Chem. Co.,*
    520 U.S. 17 (1997) .................................................................................... 5

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.,*
    520 U.S. 17 (1997) ........................................................................... 5, 6, 7, 8

*Warner-Lambert Co. v. Apotex Corp.,*
    316 F.3d 1348 (Fed. Cir. 2003) ..................................................................... 9

*Warsaw Orthopedic, Inc. v. NuVasive, Inc.,*
    834 F.3d 1344 (Fed. Cir. 2016) ................................................................. 9, 10

*Water Techs. Corp. v. Calco, Ltd.,*
    850 F.2d 660 (Fed. Cir. 1988) .................................................................. 5, 10

*Williamson v. Citrix Online, LLC,*
    792 F.3d 1339 (Fed. Cir. 2015) .................................................................... 23

*Zygo Corp. v. Wyko Corp.,*
    79 F.3d 1563 (Fed. Cir. 1996) ...................................................................... 6

## Statutory Authorities

6 Del. C. § 2001(2) ................................................................................ 34, 35

15 U.S.C. § 1117(a) ................................................................................... 42

15 U.S.C. § 1125(a) ................................................................................... 39

15 U.S.C. § 1125(a)(1) ................................................................................ 40

15 U.S.C. § 1125(a)(1)(B) ............................................................................. 39

18 U.S.C. § 1836(b)(l) ................................................................................ 35

18 U.S.C. § 1839(3)(A)(B) ............................................................................. 35

18 U.S.C. § 1839(5)(A)(B) ............................................................................... 35

35 U.S.C. § 271 ............................................................................................... 3

35 U.S.C. § 271(b) ......................................................................................... 9

35 U.S.C. § 283 ............................................................................................. 27

35 U.S.C. § 284 .............................................................. 17, 18, 24, 26, 33

35 U.S.C. § 285 ...................................................................... 17, 29, 33

35 U.S.C. § 292(a) ....................................................................................... 45

tit. 6, § 2001 ................................................................................................. 35

tit. 6, § 2002. ................................................................................................ 35

tit. 6, § 2004. ................................................................................................ 35

## Rules and Regulations

Local Rule 16.3(c)(5) ....................................................................................... 1

## Constitutional Provisions

U.S. Const.amend. I ....................................................................................... 44

## Additional Authorities

U.S. Patent No. 9,095,518 ............................................................................. 45

Pursuant to Local Rule 16.3(c)(5), Plaintiffs and Counterclaim Defendants Liqwd, Inc. and Olaplex LLC (collectively, "Olaplex") submit the following issues of law to be litigated at trial, including citations to the authorities upon which Olaplex relies.

The following statements are not exhaustive, and Olaplex reserves the right to prove any matters identified in its pleadings, documentary and testimony evidence, infringement contentions, interrogatory responses, expert reports, and on Olaplex's current understanding of L'Oréal's claims that were disclosed for the first time after the close of discovery and on which Olaplex has not had any chance to take discovery. Olaplex also intends to offer evidence as to the issues of fact and issues of law identified in this pretrial order. Olaplex further intends to offer evidence to rebut evidence offered by Defendants and Counterclaim Plaintiffs L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, L.L.C. (collectively, "L'Oréal"). Olaplex reserves the right to modify or amend this statement to the extent necessary to reflect any future rulings by the Court and to supplement or amend this statement to fairly respond to any new issues that L'Oréal may raise. To the extent that Olaplex's Statement of Issues of Fact to be Litigated at Trial (Exhibit 2) contains issues of law, those issues are incorporated herein by reference. Moreover, if any issue of law identified below should properly be considered an issue of fact, then such statement shall be considered to be part of Olaplex's Statement of Issues of Fact to be Litigated at Trial. Olaplex incorporates by reference its expert reports in support of any proof to be presented by expert testimony.

Olaplex objects to L'Oréal's insistence, for the first time in this Pre-Trial Order, that proof at trial be separated as to each Defendant. Throughout this case, both parties (and the Court) have treated all defendants collectively, including in all discovery requests and responses and in the Rule 30(b)(6) depositions of Defendants, for which L'Oreal designated representatives

on behalf of all Defendants collectively.  L'Oreal failed to distinguish between the Defendants in response to written and deposition discovery and should be estopped asserting otherwise at trial.

# I.    INFRINGEMENT OF U.S. PATENT NO. 9,498,419 ("THE '419 PATENT") (CONDITIONAL ON DECISION OF PENDING MOTIONS)

## A.    Infringement of the '419 Patent

### 1.    Issues of Law to be Litigated

*Direct Infringement*

1.    Whether Olaplex has proven by a preponderance of the evidence that L'Oréal directly infringes the asserted claims of the '419 Patent by either having made, making, using, offering for sale, selling, and/or importing the Accused Products.

*Induced Infringement*

2.    Whether Olaplex has proven by a preponderance of the evidence that L'Oréal induces infringement of the asserted claims of the '419 Patent by actively inducing others to use, offer for sale, and/or sell the Accused Products.

*Willful Infringement*

3.    Whether Olaplex has proven by a preponderance of the evidence that L'Oréal has willfully infringed the asserted claims of the '419 Patent.

### 2.    Legal Authority

***Direct Infringement***

4.    "Direct infringement requires a party to perform each and every step or element of a claimed method or product." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1320 (Fed. Cir. 2009) (internal quotation marks omitted).  However, "a finding of infringement can rest on as little as one instance of the claimed method being performed during the pertinent time

period." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009); *see also Convolve, Inc. v. Compaq Computer Corp.*, 527 F. App'x 910, 929 (Fed. Cir. 2013); *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 179 F. Supp. 3d 339, 365 (D. Del. 2016).

5.      35 U.S.C. § 271 provides: "Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States, or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."  To prevail on infringement, the patentee "must establish by a preponderance of the evidence that the accused device infringes one or more claims of the patent either literally or under the doctrine of equivalents." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 261 F.3d 1329, 1336 (Fed. Cir. 2001).

6.      "A patent infringement analysis requires two steps. First, the claim must be properly construed to determine its scope and meaning.  Second, the claim as properly construed must be compared to the accused device or process." *Hilgraeve Corp. v. Symantec Corp.*, 265 F.3d 1336, 1341 (Fed. Cir. 2001) (citing *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1476 (Fed. Cir. 1998)).  The first step of the infringement analysis, claim construction, is a question of law.  *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1451, 1454 (Fed. Cir. 1998) (en banc).  "After claim construction, the next step in an infringement analysis is comparing the properly construed claims with the allegedly infringing [methods].  This comparison is a question of fact." *Ecolab, Inc. v. Envirochem, Inc.*, 264 F.3d 1358, 1369 (Fed. Cir. 2001).

7.      "Infringement is a question of fact." *Sunovion Pharm., Inc. v. Teva Pharm. USA, Inc.*, 731 F.3d 1271, 1275 (Fed. Cir. 2013).

3

8.      A patent claim is infringed when each element of the claim is literally found in the accused product or method. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384-91 (1996).  "Direct infringement requires a party to perform each and every step or element of a claimed method or product." *Forest Labs. Holdings Ltd. v. Mylan Inc.*, 206 F. Supp. 3d 957, 973 (D. Del. 2016) (quoting *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1320 (Fed. Cir. 2009)).

9.      "Infringement . . . is determined by comparing an accused product not with a preferred embodiment described in the specifications . . . but with the properly and previously construed claims in suit." *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985).

10.      "A patentee may prove infringement by 'any method of analysis that is probative of the face of infringement,' and circumstantial evidence may be sufficient." *Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1372 (Fed. Cir. 2009) (citations omitted); *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1219 (Fed. Cir. 2006) ("A patentee may prove direct infringement . . . by either direct or circumstantial evidence.").  The Federal Circuit has made clear that "[a] patentee is entitled to rely on circumstantial evidence to establish infringement." *Tinnus Enters., LLC v. Telebrands Corp.*, 846 F.3d 1190, 1204 (Fed. Cir. 2017) (accused product's instruction manual was "circumstantial evidence of infringement").

11.      "An accused device [or method] cannot escape infringement by merely adding features, if it otherwise has adopted the basic features of the patent." *Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 1482 (Fed. Cir. 1984) (citation omitted).  Likewise, that an accused infringer has obtained patents on the accused product does not establish non-infringement.

*Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 669 (Fed. Cir. 1988) ("[I]t is elementary patent law that a patent may issue on an improvement which infringes another's patent.").

12.     "[I]ntent is not an element of direct infringement. . . . Infringement is, and should remain, a strict liability offense."  Hilton Davis Chem. Co. Warner-Kenkinson Co., 62 F.3d 1512, 1527 (Fed. Cir. 1995) (en banc), rev'd on other grounds by Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17 (1997).

13.     "The language in the patent claims may not capture every nuance of the invention or describe with complete precision the range of its novelty.  If patents were always interpreted by their literal terms, their value would be greatly diminished.  Unimportant and insubstantial substitutes for certain elements could defeat the patent, and its value to inventors could be destroyed by simple acts of copying."  Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., 535 U.S. 722, 731 (2002).  Accordingly, "[t]he scope of a patent is not limited to its literal terms but instead embraces all equivalents to the claims described."  Id. at 732; see also Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co., 520 U.S. 17, 21 (1997) (holding that "a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention").  Accordingly, "[a]n accused device that does not literally infringe a claim may still infringe under the doctrine of equivalents if each limitation of the claim is met in the accused device either literally or equivalently."  Cybor, 138 F.3d at 1459.

14.     "[T]here is no basis for treating an infringing equivalent any differently than a device [or method] that infringes the express terms of the patent.  Application of the doctrine of

equivalents, therefore, is akin to determining literal infringement, and neither requires proof of intent." *Warner-Jenkinson*, 520 U.S. at 35. "Infringement under the doctrine of equivalents is an equitable doctrine devised for 'situations where there is no literal infringement but [where] liability is nevertheless appropriate to prevent what is in essence a pirating of the patentee's invention.'" *Insta-Foam Prods. Inc. v. Universal Foam Sys. Inc.*, 906 F.2d 698, 702 (Fed. Cir. 1990) (quoting *Loctite Corp. v. Ultraseal Ltd.*, 781 F.2d 861, 870 (Fed. Cir. 1985)). "The doctrine of equivalents is an equitable doctrine designed to prevent parties from realizing the benefits of another's patent by designing around the patent's literal language." *BOC Health Care, Inc. v. Nellcor Inc.*, 892 F. Supp. 598, 604 (D. Del. 1995). "Infringement under the doctrine of equivalents may be found where those limitations of a claim not found exactly in the accused device are met equivalently." *Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1568 (Fed. Cir. 1996).

15.     Infringement under the doctrine of equivalents is a question of fact. *Stryker Corp. v. Davol Inc.*, 234 F.3d 1252, 1258 (Fed. Cir. 2000).

16.     The "essential inquiry" in determining infringement under the doctrine of equivalents is: "Does the accused product or process contain elements identical or equivalent to each claimed element of the patented invention?" *Warner-Jenkinson*, 520 U.S. at 40. The doctrine of equivalents involves an element-by-element comparison of the accused method or product and the claim. *Id.* One test for whether a step of an accused method is equivalent to a claim element is whether that step performs substantially the same function in substantially the same way, to obtain substantially the same result. *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608 (1950); *see also Abraxis Bioscience, Inc. v. Mayne Pharma (USA), Inc.*, 467 F.3d 1370, 1379 (Fed. Cir. 2006).

17.     Insubstantial differences may be found where the accused product or method performs substantially the same function in substantially the same way to achieve substantially the same result as the claim element.  *Overhead Door Corp. v. Chamberlain Group, Inc.*, 194 F.3d 1261, 1270-71 (Fed. Cir. 1999).  In other words, if one or more elements of the accused device performs the same function, in the same way, to achieve the same result as the corresponding element in the patent-in-suit, then that element is present under the doctrine of equivalents.  *Warner-Jenkinson*, 520 U.S. at 40; *Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 149 F.3d 1309, 1320 (Fed. Cir. 1998).  One may not use the doctrine of equivalents to vitiate a claim limitation entirely.  *See Warner-Jenkinson*, 520 U.S. at 39 n. 8; *Ethicon Endo-Surgery, Inc.*, 149 F.3d at 1316-17.  In addition, the doctrine of prosecution history estoppel prevents a patentee from using the doctrine of equivalents to recapture subject matter that was relinquished during prosecution of the patent.  *Abbott Labs. v. Dey, L.P.*, 287 F.3d 1097, 1103-04 (Fed. Cir. 2002).  If the claimed invention was limited during prosecution, and the patentee cannot overcome the presumption of estoppel, then the patentee is not entitled to the surrendered range of equivalents.  *Festo Corp.*, 535 U.S. at 741.

18.     The Federal Circuit has stated that technology developed after the date of invention is "the 'quintessential example of an enforceable equivalent.'"  *Varco, L.P. v. Pason Sys. USA Corp.*, 436 F.3d 1368, 1376 (Fed. Cir. 2006) (quoting *Smithkline Beecham Corp. v. Excel Pharm., Inc.*, 356 F.3d 1357, 1364 (Fed. Cir. 2004)).  Plainly, "[t]he law does not require the impossible.  Hence, it does not require that an applicant describe in his specification every conceivable and possible future embodiment of his invention."  *SRI Int'l v. Matsushita*, 775 F.2d at 1121.

7

19.     "Each element contained in a patent claim is deemed material to defining the scope of the patented invention, and thus the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole." *Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 469 F.3d 1005, 1016-17 (Fed. Cir. 2006) (quoting *Warner-Jenkinson*, 520 U.S. at 29).  In applying the "all elements rule" to determine infringement under the doctrine of equivalents, it is appropriate to identify "the role played by each element in the context of the specific patent claim." *Warner-Jenkinson*, 520 U.S. at 40.  This analysis "will thus inform the inquiry as to whether a substitute element matches the function, way, and result of the claimed element, or whether the substitute element plays a role substantially different from the claimed element." *Id.*

20.     The accused method must contain every claim element, but "not necessarily in a corresponding component." *Corning Glass Works v. Sumitomo Elec. U.S.A., Inc.*, 868 F.2d 1251, 1259 (Fed. Cir. 1989).  "A patentee is, for example, free to frame the issue of equivalency, if it chooses, as equivalency to a combination of limitations." *Id*. at 1259 n. 6 (citation omitted).  Courts have held that "'[o]ne-to-one correspondence of components is not required, and elements or steps may be combined without ipso facto loss of equivalency.'" *Ethicon Endo-Surgery*, 149 F.3d at 1320 (quoting *Sun Studs, Inc. v. ATA Equip. Leasing Inc.*, 872 F.2d 978, 989 (Fed. Cir. 1989), overruled on other grounds *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020 (Fed. Cir. 1992)).  A finding of infringement under the doctrine of equivalents is permissible unless "no reasonable jury could conclude that an element of an accused device is equivalent to an element called for in the claim, or that the theory of equivalence to support the conclusion of infringement otherwise lacks legal sufficiency." *Depuy Spine*, 469 F.3d at 1018-19.

*Induced Infringement*

21.     To state a claim for induced infringement, a plaintiff must allege facts showing that: (1) the plaintiffs patent is directly infringed, (2) the defendant induced that infringement by "aid[ing] and abett[ing] another's direct infringement of the patent," *Rodime PLC v. Seagate Tech., Inc.*, 174 F.3d 1294, 1306 (Fed. Cir. 1999), and (3) the defendant possessed the specific intent to encourage the third party to infringe, *see Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1363 (Fed. Cir. 2003).

22.     Section 271(b) states that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). If a company knowingly induces the direct infringement of its customers, it is liable for that infringement. *See Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1318 (Fed. Cir. 2003); *see also Forest Labs.*, 206 F. Supp. 3d at 974 (quoting *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012)). Proof of induced infringement requires evidence of an intent to cause the infringing acts. *See id.*

23.     The "knowledge-of-the-patent" requirement can be satisfied by showing that the accused infringer manifested a "deliberate indifference to" or "knew of and disregarded" a risk that its activities were covered by a patent. *SEB, S.A. v. Montgomery Ward & Co., Inc.*, 594 F.3d 1360, 1376 (Fed. Cir. 2010). "[W]illful blindness can satisfy the knowledge requirement for active inducement under § 271(b) (and for contributory infringement under § 271(c))." *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 834 F.3d 1344, 1347 (Fed. Cir. 2016).

24.     While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice. *See Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1362-64 (Fed. Cir. 2006) (affirming infringement liability based on packaging of

9

instruction manual with product); *see also Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1365 (Fed. Cir. 2004) (finding intent based on articles espousing use of product for infringing purpose); *Warsaw Orthopedic*, 834 F.3d at 1347; *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 699 (Fed. Cir. 2008) ("[t]he requisite intent to induce infringement may be inferred from all of the circumstances." (quoting *Water Techs.*, 850 F.2d at 669)).  "[L]iability for active inducement may be found 'where evidence . . . shows statements or actions directed to promoting infringement,'" and actions such as "instructing how to engage in an infringing use" demonstrate "an affirmative intent that the product be used to infringe."  *AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1059 (Fed. Cir. 2010); *see also Forest Labs.*, 206 F. Supp. 3d. at 975 ("'We have long held that the sale of a product specifically labeled for use in a patented method constitutes inducement to infringe that patent, and usually is also contributory infringement.'" (quoting *Eli Lilly & Co. v. Actavis Elizabeth LLC*, 435 F. App'x 917, 926 (Fed. Cir. 2011))).

25.     Inducement may be shown by an accused infringer's actions encouraging or instructing another on how to use an accused device in a way that infringes a patent such as through the provision of user manuals or advertisements.  *Golden Blount*, 438 F.3d at 1361-64; *see also Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.*, 145 F.3d 1303, 1311-12 (Fed. Cir. 1998).  Sales-related activities, including advertising, solicitation, and product instruction that encourage the infringing use may be acts constituting inducement.  S*ee Biotec Biologische Naturverpackungen GmbH v. Biocorp, Inc.*, 249 F.3d 1341, 1351 (Fed. Cir. 2001) (product manual instructed customers to use product so as to meet the patented limitation, thereby constituting an act of inducement); *Moleculon Research*, 793 F.2d at 1272 (citing instruction sheet, puzzle solution booklet).  "So too the sale of a device may induce infringement

10

of a method claim, even if the accused device is capable of non-infringing modes of operation in unusual circumstances." *Hilgraeve Corp.*, 265 F.3d. at 1343.

### *Willful Infringement*

26.     To state a claim for willful infringement, a patent owner must allege facts showing: (1) an objectively high likelihood that the defendant's actions constituted infringement, and (2) that the defendant either knew or should have known about the risk of infringement. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

27.     Under *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923 (2016), the jury must decide is whether it is more likely than not that L'Oréal's infringement was egregious. *Id.* at 1934.  Egregious conduct can be willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate. *Id.* at 1932.  "The subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Id.* at 1933. Thus, under *Halo*, the fact-finder must determine that the defendant's behavior was subjectively willful under a preponderance of the evidence standard.  *Id.* at 1934.

28.     Subjective willfulness is found when "the risk of infringement 'was either known or so obvious that it should have been known to the accused infringer.'" *Id.* at 1930 (quoting *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc)).

29.     Willfulness "is quintessentially a question of fact . . .." *Biotec Biologische*, 249 F.3d at 1356.

30.     There are several factors that a court and/or jury may use to assess whether the accused infringer's conduct was willful: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior as a party to the litigation; (4) defendant's size and financial condition; (5) closeness of the case; (6) duration of defendant's misconduct; (7) remedial action by the defendant; (8) defendant's motivation for harm.  *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826-27 (Fed. Cir. 1992), *abrogated in part on other grounds by Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).  These non-exhaustive *Read* factors underscore that "there are no hard and fast per se rules in respect of willfulness."  S*tudiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, 862 F.2d 1564, 1573 (Fed. Cir. 1988).  Courts often use the same non-exhaustive list of factors to determine if damages should be enhanced.  *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1469 (Fed. Cir. 1997).

31.     "Willfulness requires a showing that the totality of the circumstances evince the egregious conduct that constitutes willful infringement."  *nCube*, 436 F.3d at 1323-24 (quoting *Imonex Servs., Inc. v. W.H. Munzprufer Dietmar Trenner GMBH*, 408 F.3d 1374, 1377 (Fed. Cir. 2005)).  "In determining whether willfulness has been shown, [the court looks] to the totality of the circumstances, understanding that willfulness, 'as in life, is not an all-or-nothing trait, but one of degree.  It recognizes that infringement may range from unknowing, or accidental, to deliberate, or reckless, disregard of the patentee's legal rights.'"  *Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1190 (Fed. Cir. 1998) (quoting *Rite-Hite Corp. v. Kelley Co., Inc.*, 819 F.2d 1120, 1125-26 (Fed. Cir. 1987)).  "The extent to which the infringer disregarded the property rights of the patentee, the deliberateness of the tortious acts, or other manifestations of

unethical or injurious commercial conduct, may provide grounds for a finding of willful infringement." *Golden Blount*, 438 F.3d at 1367-68 (quoting *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1583 (Fed. Cir. 1996)); *see also BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575-76 (1996) ("[S]ome wrongs are more blameworthy than others. . . . '[T]rickery and deceit' are more reprehensible than negligence.").

32.     Evidence of pre-issuance conduct can be relevant to showing willful infringement. *See Sonos, Inc. v. D&M Holdings Inc.*, C.A. No. 14-1330-WCB, 2017 WL 5633204, at *3-4 (D. Del. Nov. 21, 2017) (noting that although "there can be no willful infringement before a patent is issued . . ..  That principle, however, does not answer the question whether evidence of pre-issuance conduct, such as copying of the plaintiff's products, is admissible to show post-issuance willfulness").  The Federal Circuit and this Court have repeatedly confirmed that an accused infringer's pre-issuance conduct can be relevant to willful infringement.  *See*, *e.g.*, *Minn. Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.*, 976 F.2d 1559, 1581 (Fed. Cir. 1992) ("[P]re-patent conduct may also be used to support a finding of willfulness."); *Shiley, Inc. v. Bentley Labs., Inc.*, 794 F.2d 1561, 1568 (Fed. Cir. 1986) (same). This Court's decisions are in accord.  *See Sonos*, 2017 WL 5633204, at *3-4; *Idenix Pharm. LLC v. Gilead Scis., Inc.*, C.A. No. 13-1987-LPS, 2016 WL 7380530, at *1 (D. Del. Dec. 4, 2016); *Chimie v. PPG Indus., Inc.*, 218 F.R.D. 416, 422 (D. Del. 2003).

33.     Likewise, conduct after becoming aware of the Patents-in-Suit and conduct after the lawsuit is filed are relevant to willfulness.  "[P]atent infringement is a continuing tort . . . . The filing of a lawsuit does not stop the clock insofar as culpability may arise from continuing disregard of the legal rights of the patentee." *Pall Corp. v. Micron Separations, Inc.*, 66 F.3d 1211, 1221-22 (Fed. Cir. 1995); *see also Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp.*, 60

13

F.3d 770, 776 (Fed. Cir. 1995) ("Whether Infanti was justified in producing chairs prior to the issuance of Gasser's patent is irrelevant to whether it was justified in doing so after being made aware of it."); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 258 F. Supp. 3d 1013, 1024-29 (N.D. Cal. 2017) (pre-suit and pre-issuance copying "is evidence of willfulness" in light of continued sale of accused product while refusing to switch to non-infringing alternative).  A party that continues its accused infringing activity after a patentee files suit can be guilty of willful infringement even if that party presents a non-frivolous defense to infringement.  *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1351-52 (Fed. Cir. 2001).

### *Standing*

34.     A signed and witnessed assignment executed and recorded before filing suit is effective to convey standing.  *Pandrol USA, LP v. Airboss Ry. Prod., Inc.*, 320 F.3d 1354, 1368 (Fed. Cir. 2003).  The assignment of rights to a nonexistent entity is ineffective to divest the assignor's interest, and the effect is that the rights remain the property of the assignor.  *See Diagnostic Med. Assocs. v. N.Y. City Dist. Council of Carpenters Welfare Fund*, No. 04-7662, 2006 WL 728486, at *8 (S.D.N.Y. Mar. 21, 2006); *see also Imperium (IP) Holdings, Inc. v. Apple, Inc.*, No. 4:11-CV-163, 2012 WL 2995697, at *2 (E.D. Tex. July 23, 2012) (affirming magistrate judge holding that "even if the assignment was intended to be assigned to ESS Technologies International, Inc., that entity did not exist at the time of the 2004 Pictos Assignment. Therefore, the 2004 Pictos Assignment would be void as a matter of law, and Pictos Technologies, Inc. would have retained their rights to the patents in-suit.").

35.     It is well settled that agreements which merely obligate inventors to grant rights in the future — *e.g.*, to a later formed company that will own and operate the intellectual property — do not vest legal title.  *See, e.g., Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1581

(Fed. Cir. 1991) (contract stating "[a]ny inventions conceived by [inventors] ... shall be the property of CLIENT, and all rights thereto will be assigned ... to CLIENT" reflected an agreement to assign, not a present conveyance); *Advanced Video Techs. LLC v. HTC Corp.*, No. 15-cv-4626, 2016 WL3434819, at *8-9 (S.D.N.Y. June 14, 2016) ("The words 'will assign,' read naturally, refer to something Hsiun is agreeing to do in the future. And indeed, that is how these words have been interpreted by the courts . . . 'Will' is the language of a promise to do something in the future; it does not suggest present action."); *Freedom Wireless v. Boston Comm'ns Group, Inc.*, 220 F. Supp. 2d 16, 18 (D. Mass. 2002) (contract stating "all inventions . . . belong to the Company" ineffective to transfer legal title).

36.     The Federal Circuit has held that language such as "hereby assign" or "hereby grant" is generally required to effect a present transfer of future patent rights.  *Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 583 F.3d 832, 841–42 (Fed. Cir. 2009) ("We have held that the contract language 'agree to assign' reflects a mere promise to assign rights in the future, not an immediate transfer of expectant interests . . . In contrast to the CPA, the VCA's language of 'do hereby assign' effected a present assignment of Holodniy's future inventions to Cetus."); *see also DDB Techs.*, 517 F.3d 1284 at 1290 ("agrees to and does hereby grant and assign" connotes present assignment); *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1253 (Fed. Cir. 2000) ("hereby conveys, transfers and assigns" connotes present assignment); *Filmtec Corp. v. Allied-Signal Inc.*, 939 F.2d 1568, 1570 & 1573 (Fed. Cir. 1991) ("agrees to grant and does hereby grant" connotes present assignment).

**B.      Requested Relief for Infringement of the '419 Patent**

      1.      **Issues of Law to be Litigated**

37.      Whether Olaplex has proven that it is entitled to a judgment that L'Oréal directly infringes the asserted claims of the '419 Patent.

38.      Whether Olaplex has proven that it is entitled to a judgment that L'Oréal induces infringement of the asserted claims of the '419 Patent.

39.      Whether Olaplex has proven that it is entitled to a judgment that L'Oréal willfully infringes the asserted claims of the '419 Patent.

40.      Whether Olaplex has proven that it is entitled to a permanent injunction enjoining L'Oréal, its parents, subsidiaries, affiliates, officers, directors, agents, employees, successors, assigns, and attorneys, and any and all others acting in privity or concert with it from further infringement of the asserted claims of the '419 Patent.

41.      Whether Olaplex has proven that it is owed damages for L'Oréal's infringement of the '419 Patent and, if so, in what amount.

42.      Whether Olaplex has proven that it is entitled to an accounting of damages and/or supplemental damages for all damages occurring after any discovery cutoff and through the Court's decision regarding the imposition of a permanent injunction and for post-verdict infringement and, if so, in what amount.

43.      Whether Olaplex has proven that it is entitled to an award of prejudgment and post-judgment interest and, if so, in what amounts.

44.     Whether Olaplex has proven that it is entitled to enhanced damages under 35 U.S.C. § 284 for L'Oréal's willful infringement of the '419 Patent and, if so, in what amount.

45.     Whether Olaplex has proven that it is entitled to an award of attorneys' fees and costs under 35 U.S.C. § 285 and, if so, in what amount.

46.     Whether Olaplex has proven that it is entitled to any other relief as this Court deems just and proper.

        2.     **Legal Authority**

*Damages*

47.     Upon a finding of infringement, the patentee shall be awarded "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court."  35 U.S.C. § 284.

48.     The patent statute "imposes no limitation on the types of harm resulting from infringement that the statute will redress.  The section's broad language awards damages for any injury as long as it resulted from the infringement."  *King Instruments Corp. v. Perego*, 65 F.3d 941, 947 (Fed. Cir. 1995).  "The phrase 'damages adequate to compensate' means full compensation for 'any damages' [the patent owner] suffered as a result of the infringement."  *Grain Processing Corp. v. American Maize-Prods. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999) (citing *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654 (1983)).  "Full compensation includes any foreseeable lost profits the patent owner can prove."  *Id*.  A damage award shall be "in no event less than a reasonable royalty," which sets the floor below which a damage award

may not fall.  *See Rite-Hite*, 56 F.3d at 1544.  "[T]he Supreme Court has interpreted [35 U.S.C. § 284] to mean that 'adequate' damages should approximate those damages that will fully compensate the patentee for infringement."  *Id*. at 1545.

49.     "[T]he amount of a prevailing party's damages is a finding of fact on which the plaintiff bears the burden of proof by a preponderance of the evidence."  *Smithkline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1164 (Fed. Cir. 1991).  The patentee, however, need not prove its damages with absolute certainty.  *See W.R. Grace & Co.-Conn. v. Intercat, Inc.*, 60 F. Supp. 2d 316, 321 (D. Del. 1999).  "[I]t will be enough if the evidence show [*sic*] the extent of the damages as a matter of just and reasonable inference, although the result be only approximate."  *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 563 (1931).  Moreover, "any doubt about the correctness [of damages] is resolved against the infringer."  S*tate Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1576 (Fed. Cir. 1989); *W.R. Grace*, 60 F. Supp. 2d at 321.  "[F]undamental principles of justice require us to throw the risk of any uncertainty upon the wrongdoer instead of upon the injured party."  *Paper Converting Machine Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 22 (Fed. Cir. 1984).

### Lost Profits

50.     To recover damages for lost profits, a patent owner must first demonstrate that, "but for" the alleged infringement, the patent owner would have made additional profits. *Panduit Corp. v. Stahlin Bros. Fibre Works*, 575 F.2d 1152 (6th Cir. 1978).

51.     In *Panduit Corp.,* the court found that a patent owner can establish the causal nexus needed to prove lost profits by establishing four conditions or factors: (1) demand for the patented product, (2) absence of acceptable noninfringing substitutes, (3) manufacturing and

marketing capability to exploit the demand, and (4) the amount of profit the patent owner would have made.  *Presidio Components, Inc. v. American Technical Ceramics Corp.*, 875 F.3d 1369, 1380 (Fed. Cir. 2017) (*citing Panduit Corp.*, 575 F.2d at 1152).

*Reasonable Royalty*

52.     "A patentee is entitled to no less than a reasonable royalty on an infringer's sales for which the patentee has not established entitlement to lost profits."  *Rite-Hite*, 56 F.3d at 1554.  "A patentee receives a reasonable royalty for any of the infringer's sales not included in the lost profit calculation."  *Crystal Semiconductor*, 246 F.3d at 1354.  "Thus, a patentee may obtain lost profit damages for that portion of the infringer's sales for which the patentee can demonstrate 'but for' causation and reasonable royalties for any remaining infring[ement]."  *Id.*

53.     "A reasonable royalty is the amount of money that would be agreed to in a hypothetical arms-length negotiation between the owners of the patent rights and the infringer, with both operating under the assumption that the negotiated patent is not invalid and is infringed."  *Johns Hopkins Univ. v. CellPro*, 894 F. Supp. 819, 838 (D. Del. 1995).  "[W]hat an infringer would prefer to pay is not the test for damages."  *Rite-Hite*, 56 F.3d at 1555.  "[T]hat the parties might have agreed to a lesser royalty is of little relevance, for to look only at that question would be to pretend that the infringement never happened; it would also make an election to infringe a handy means for competitors to impose a compulsory license policy upon every patent owner."  *Id.*  "There is no rule that a royalty be no higher than the infringer's net profit margin."  *State Indus.*, 883 F.2d at 1580.

54.     The hypothetical negotiation is presumed to take place on the eve of first infringement.  *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1079 (Fed. Cir. 1983).

"The Court also must assume, for purposes of the hypothetical negotiation, that all parties would have known all relevant information." *Mobil Oil Corp. v. Amoco Chems. Co.*, 915 F. Supp. 1333, 1353 (D. Del. 1995).  The hypothetical negotiation speaks of negotiations as of the time infringement began, yet a court may look to events and facts that occurred thereafter and that could not have been known to or predicted by the hypothetical negotiators.  *Studiengesellschaft Kohle*, 862 F.2d at 1571-72.  A jury may consider industry royalty rates in determining an applicable royalty rate, but these "do not necessarily establish a ceiling for the royalty that may be assessed after an infringement trial.  *Bio-Rad*, 739 F.2d at 617.

55.     The reasonable royalty may be based on the "supposed result of hypothetical negotiations between the plaintiff and defendant."  *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling USA, Inc.*, 699 F.3d 1340, 1357 (Fed. Cir. 2012).  "While the Federal Circuit has not prescribed a specific methodology for calculating a reasonable royalty, courts rely upon the fifteen factors set forth in *Georgia–Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970)."  *St. Clair Intellectual Prop. Consultants, Inc. v. Canon, Inc.*, No. CIV.A. 03-241 JJF, 2004 WL 2213562, at *2 (D. Del. Sept. 28, 2004).  These factors are:

(a)     The royalties received by the patentee for the licensing of the patent in suit, proving or tending to prove an established royalty.

(b)     The rates paid by the patentee, the licensee, or others for the use of other patents comparable to the patent in suit.

(c)      The nature and scope of the license, as exclusive or non-exclusive; or as restricted or nonrestricted in terms of territory or with respect to whom the manufactured product may be sold.

(d)      The licensor's established policy and marketing program to maintain his patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

(e)      The commercial relationship between the licensor and licensee, such as whether they are competitors in the same territory in the same line of business; or whether they are inventor and promotor.

(f)      The effect of selling the patented specialty in promoting sales of other products of the licensee; the existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales.

(g)      The duration of the patent and the term of the license.

(h)      The established profitability of the product made under the patent; its commercial success; and its current popularity.

(i)      The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results.

(j)      The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention.

(k)      The extent to which the infringer has made use of the invention; and any evidence probative of the value of that use.

21

(l)     The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions.

(m)     The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

(n)     The opinion testimony of qualified experts.

(o)     The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee – who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention – would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.  *Georgia–Pacific Corp.*, 318 F. Supp. at 1120.

56.     "[I]n conducting the hypothetical negotiation, the Court is permitted to look to events and facts that occurred after the infringement began."  *Mobil Oil*, 915 F. Supp. at 1353.  "[T]he patentee . . . must in every case give evidence tending to separate or apportion the defendants profits and the patentee's damages between the patented features and the unpatented features . . . or show that the entire market value of the whole machine, as a marketable article, is properly and legally attributable to the patented feature."  *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1318 (Fed. Cir. 2011).  Apportionment may be achieved in any number of legally-acceptable ways:  "Logically, an economist could do this in various ways — by careful

selection of the royalty base to reflect the value added by the patented feature, where that differentiation is possible; by adjustment of the royalty rate so as to discount the value of the product's non-patented features; or by a combination thereof.  The essential requirement is that the ultimate reasonable royalty award must be based on the incremental value that the patented invention adds to the end product." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226-27 (Fed. Cir. 2014).

57.     Even if evidence presented at trial falls short of supporting a party's specific royalty estimate, "the fact finder is still required to determine what royalty is supported by the record." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1327-28 (Fed. Cir. 2014) (citing cases) (overruled on other grounds *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1349 (Fed. Cir. 2015)).  "The statute is unequivocal that the district court must award damages in an amount no less than a reasonable royalty." *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381-82 (Fed. Cir. 2003); *see also Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1327 (Fed. Cir. 1987) ("The requirement to determine actual damages is not diminished by difficulty of determination.").  "Indeed, if the record evidence does not fully support either party's royalty estimate, the fact finder must still determine what constitutes a reasonable royalty from the record evidence." *Apple v. Motorola*, 757 F.3d at 1328.  "[T]he factual determination of a reasonable royalty, however, need not be supported, and indeed, frequently is not supported by the specific figures advanced by either party. . ..  [T]he district court may reject the extreme figures proffered by the litigants as incredible and substitute an intermediate figure as a matter of its judgment from all of the evidence." *SmithKline Diagnostics*, 926 F.2d at 1167-68.

23

*Post-Verdict Accounting*

58.     A patentee should also be entitled to an accounting of damages for pre-verdict and post-verdict sales of products found to infringe the patents-in-suit.  Se*e Mikohn Gaming Corp. v. Acres Gaming, Inc.*, No. 97 Civ 1383, 2001 WL 34778689, 2001 U.S. Dist. LEXIS 23416, at *52-65 (D. Nev. Aug. 1, 2001) (describing numerous instances of accountings in patent cases); *see also*, *e.g.*, *Edwards Lifesciences AG v. CoreValve, Inc.*, No. 08–91–GMS, 2011 WL 446203, at *16 (D. Del. Feb. 7, 2011), *aff'd in part*, *remanded in part*, 699 F.3d 1305 (Fed. Cir. 2012) ("The court will grant . . . an accounting of the number of [infringing] devices made, used, sold . . . through the date of the order accompanying this memorandum.").  Courts in this District have permitted additional discovery to properly complete an accounting of damages.  *TruePosition Inc. v. Andrew Corp.*, No. CIV. 05–747–SLR, 2009 WL 1651042, at *1 n.2 (D. Del. June 10, 2009), *aff'd*, 389 F. App'x 1000 (Fed. Cir. 2010).

*Prejudgment Interest*

59.     The patent statute authorizes awards of prejudgment interest.  35 U.S.C. § 284. The Supreme Court has held that "prejudgment interest should ordinarily be awarded."  *Gen. Motors*, 461 U.S. at 655.  "An award of prejudgment interest serves to make the patentee whole because the patentee also lost the use of its money due to infringement."  *Crystal Semiconductor*, 246 F.3d at 1361.  In *General Motors*, the Supreme Court held that prejudgment interest is the rule, not the exception.  *Id*.  "Prejudgment interest shall ordinarily be awarded absent some justification for withholding such an award."  *Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800 (Fed. Cir. 1988) (citing *Gen. Motors*, 461 U.S. at 657).  "[P]rejudgment interest should

24

be awarded from the date of infringement to the date of judgment." *Id.* (citing *Gen. Motors*, 461 U.S. at 656).

60.     "The rate of prejudgment interest and whether it should be compounded or uncompounded are matters left largely to the discretion of the district court. . ..  In exercising that discretion, however, the district court must be guided by the purpose of prejudgment interest, which is 'to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement.'" *Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986) (citation omitted).

*Post-Judgment Interest*

61.     Section 1961(a) of Title 28 of the United States Code states that "interest shall be allowed on any money judgment in a civil case recovered in a district court."  "Postjudgment interest is awarded on monetary judgments recovered in all civil cases," including ones for patent infringement.  *Transmatic, Inc. v. Gulton Indus., Inc.*, 180 F.3d 1343, 1347 (Fed. Cir. 1999).

62.     Post-judgment interest is governed by regional circuit law.  *Id.* at 1348.  Interest begins to accrue on the date of the entry of judgment.  *Loughman v. Consol-Penn. Coal Co.*, 6 F.3d 88, 97 (3d Cir. 1993).  Courts in this district routinely award post-judgment interest in patent infringement cases.  *See nCUBE Corp. v. SeaChange Int'l, Inc.*, 313 F. Supp. 2d 361, 392 (D. Del. 2004), *aff'd*, 436 F.3d 1317 (Fed. Cir. 2006) (awarding post-judgment interest to patentee for defendant's willful infringement); *TruePosition Inc. v. Andrew Corp.*, 611 F. Supp. 2d 400, 414 (D. Del. 2009), *aff'd*, 389 F. App'x 1000 (Fed. Cir. 2010) (awarding post-judgment interest for patent infringement).

*Enhanced Damages*

63.     35 U.S.C. § 284 provides in pertinent part that "the court may increase the damages up to three times the amount found or assessed."  The Court may enhance damages, up to trebling the actual damages, upon a finding of willful infringement.  *Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1364 (Fed. Cir. 1998).

64.     In determining whether to award enhanced damages, a Court should consider "egregiousness of the defendant's conduct based on all the facts and circumstances."  *Read*, 970 F.2d at 826-27.  In exercising its discretion to enhance damages, the Court should consider the weight of the evidence of the infringer's culpability in light of the following factors:

(a)     whether the infringer copied the ideas or design of another,

(b)     whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good faith belief that it was invalid or that it was not infringed,

(c)     the infringer's behavior as a party to the litigation,

(d)     the infringer's size and financial condition,

(e)     the closeness of the case,

(f)     the duration of the infringer's misconduct,

(g)     any remedial action of the infringer,

(h)     the infringer's motivation for harm, and

(i)      whether the infringer attempted to conceal its misconduct.

*Johns Hopkins*, 152 F.3d at 1352 n.16, 1364-65; *see also Imonex*, 408 F.3d at 1377 ("[The Federal Circuit] has identified several criteria for assessing damages, including, inter alia, whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed, and the duration of defendant's misconduct").

*Permanent Injunctive Relief*

65.      "[T]he public interest nearly always weighs in favor of protecting property rights in the absence of countervailing factors, especially when the patentee practices his inventions. '[T]he encouragement of investment-based risk is the fundamental purpose of the patent grant, and is based directly on the right to exclude.'"  *Apple Inc. v. Samsung Elecs. Co.*, 809 F.3d 633, 647 (Fed. Cir. 2015) (quoting *Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1383 (Fed. Cir. 2006)).

66.      Under 35 U.S.C. § 283, "[t]he several courts having jurisdiction of cases under th[e patent] title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable."  Further, "the Patent Act also declares that 'patents shall have the attributes of personal property,' § 261, including 'the right to exclude others from making, using, offering for sale, or selling the invention,' § 154(a)(1)."  *eBay, Inc. v. MercExchange L.L.C.*, 126 S. Ct. 1837, 1840 (2006).

67.      "[T]he decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent

with traditional principles of equity . . . ." *Id*. at 1838.  A plaintiff seeking a permanent injunction "must demonstrate:  (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id*. at 1839.

68.     The loss of the right to exclude can constitute irreparable harm.  *See Novozymes A/S v. Genencor Int'l, Inc.*, 474 F. Supp. 2d 592, 612 (D. Del. 2007).  Another factor supporting a finding of irreparable harm is when the infringer will enter the patentee's market as a direct competitor.  *See Sanofi-Aventis Deutschland GmbH v. Glemark Pharm. Inc.*, 821 F. Supp. 2d 681, 694 (D.N.J. 2011), *aff'd*, 748 F.3d 1354 (Fed. Cir. 2014); *Amgen Inc. v. F. Hoffman-LaRoche Ltd.*, 581 F. Supp. 2d 160, 212 (D. Mass. 2008), *aff'd in relevant part*, 580 F.3d 1340 (Fed. Cir. 2009); *Emory Univ. v. Nova Biogenetics, Inc.*, No. 1:06-CV-0141-TWT, 2008 WL 2945476, at *4-5 (N.D. Ga. July 25, 2008).

69.     "Where two companies are in competition against one another, the patentee suffers the harm—often irreparable—of being forced to compete against products that incorporate and infringe its own patented inventions."  *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1345 (Fed. Cir. 2013).  "Courts awarding permanent injunctions typically do so under circumstances in which the plaintiff practices its invention and is a direct market competitor."  *Invista N. Am. S.A.R.L. v. M & G USA Corp.*, 35 F. Supp. 3d 583, 608 (D. Del. 2014).  "Direct competition in the same market is certainly one factor suggesting strongly the potential for irreparable harm without enforcement of the right to exclude."  *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1363 (Fed. Cir. 2012).

70.      Monetary damages may be inadequate to compensate for injury when "Plaintiffs have suffered a loss of market share, harm to reputation, and price erosion, all of which are facts that tend to establish the inadequacy of a legal remedy." *Sanofi-Aventis*, 821 F. Supp. 2d at 694. In addition, the patent holder's refusal to license the technology and to instead engage in extensive litigation demonstrates that monetary damages are inadequate. *Id*.

71.      The balance of the hardships does not favor the defendant when "[a]ny harms Defendants may suffer as a result of an injunction 'were almost entirely preventable and were the result of its own calculated risk.'" *Id.* at 695 (quoting *Sanofi-Synthelabo*, 470 F.3d at 1383).

*Attorneys' Fees and Costs under 35 U.S.C. § 285*

72.      35 U.S.C. § 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  Determining whether a case is exceptional and whether attorneys' fees should be granted under 35 U.S.C. § 285 is a two-step process. *Tate Access Floors*, 222 F.3d at 964.  The first step is a factual determination whether the case is exceptional, and the second step, the Court exercises its discretion to determine whether attorneys' fees should be awarded. *Id*.

73.      To be a "prevailing party," a party "must win a dispute within the case in favor of it that materially alters the legal relationship between the parties at the time of the judgment." *Parallel Iron LLC v. NetApp Inc.*, 70 Supp. 3d 585, 589 (D. Del. 2014).

74.      In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014), the Supreme Court held that "an 'exceptional' case is simply one that stands out from others with respect to the substance strength of a party's litigating position (considering both the

governing law and the facts of the case) or the unreasonable manner in which the case was

litigated.)"  The Supreme Court added:  "District courts may determine whether a case is

exceptional in the case-by-case exercise of their discretion."  *Id*.; *see also id*. ("As in the

comparable context of the Copyright Act, there is no precise rule or formula for making these

determinations, but instead equitable discretion should be exercised in light of the considerations

we have identified.").  The prevailing party must prove entitlement to attorney fees under § 285

by a preponderance of the evidence.  *Id*. at 1758; *see also Chalumeau Power Sys. LLC v. Alcatel-

Lucent*, No. CV 11-1175-RGA, 2014 WL 4675002, at *2 (D. Del. Sept. 12, 2014).

75.  "[A]n 'exceptional' case is simply one that stands out from others with respect to

the substantive strength of a party's litigating position . . . or the unreasonable manner in which

the case was litigated."  *Octane Fitness*, 134 S. Ct. at 1756.  There is "no precise rule or formula"

for awarding attorneys' fees under § 285.  *Id*.  District courts should "consider[] the totality of

the circumstances."  *Id*.  A district court's "discretion should be exercised in light of the

considerations" underlying the grant of that discretion.  *Id*.  "[C]ulpability is generally measured

against the knowledge of the actor at the time of the challenged conduct," and such culpability

can be found if an infringer "acts knowing or having reason to know of facts which would lead a

reasonable man to realize his actions are unreasonably risky."  *Halo*, 136 S. Ct. at 1933

(emphasis in original and internal quotation omitted).

76.  A district court may also invoke its inherent power to impose sanctions in the

form of reasonable expert fees in excess of what is provided for by statute in cases involving bad

faith that cannot be otherwise reached by rules or statutes.  *Takeda Chem. Indus., Ltd. v. Mylan*

*Labs., Inc.*, 549 F.3d 1381, 1391 (Fed. Cir. 2008) (affirming the district court's award of expert

fees under the court's inherent power based on the generic companies' bad faith and vexatious litigation conduct).

*Other Permanent Injunctive Relief*

77.     Under Delaware law, "[t]o succeed in a request for a permanent injunction, a party must show (i) actual success on the merits; (ii) that it would suffer irreparable harm if the injunction is not granted; and (iii) that the balance of the equities favors it."  N. *River Ins. Co. v. Mine Safety Appliances Co.*, 105 A.3d 369, 380 n.47 (Del. 2014), *as revised* (Nov. 10, 2014).

## II.     INFRINGEMENT OF U.S. PATENT NO. 9,668,954 ("THE '954 PATENT")

### A.     Infringement of the '954 Patent

#### 1.     Issues of Law to be Litigated

*Direct Infringement*

78.     Whether Olaplex has proven by a preponderance of the evidence that L'Oréal directly infringes the asserted claims of the '954 Patent by either having made, making, using, offering for sale, selling, and/or importing the Accused Products.

*Induced Infringement*

79.     Whether Olaplex has proven by a preponderance of the evidence that L'Oréal induces infringement of the asserted claims of the '954 Patent by actively inducing others to use and/or sell the Accused Products.

*Willful Infringement*

80.     Whether Olaplex has proven by a preponderance of the evidence that L'Oréal has willfully infringed the asserted claims of the '954 Patent.

2.      **Legal Authority**

81.    *See supra* Section I.A.2.


B.      **Requested Relief for Infringement of the '954 Patent**

1.      **Issues of Law to be Litigated**

82.    Whether Olaplex has proven that it is entitled to a judgment that L'Oréal directly infringes the asserted claims of the '954 Patent.

83.    Whether Olaplex has proven that it is entitled to a judgment that L'Oréal induces infringement of the asserted claims of the '954 Patent.

84.    Whether Olaplex has proven that it is entitled to a judgment that L'Oréal willfully infringes the asserted claims of the '954 Patent.

85.    Whether Olaplex has proven that it is entitled to a permanent injunction enjoining L'Oréal, its parents, subsidiaries, affiliates, officers, directors, agents, employees, successors, assigns, and attorneys, and any and all others acting in privity or concert with it from further infringement of the asserted claims of the '954 Patent.

86.    Whether Olaplex has proven that it is owed damages for L'Oréal's infringement of the '954 Patent and, if so, in what amount.

87.    Whether Olaplex has proven that it is entitled to an accounting of damages and/or supplemental damages for all damages occurring after any discovery cutoff and through the Court's decision regarding the imposition of a permanent injunction and post-verdict infringement and, if so, in what amount.

88.     Whether Olaplex has proven that it is entitled to an award of prejudgment and post-judgment interest and, if so, in what amounts.

89.     Whether Olaplex has proven that it is entitled to enhanced damages under 35 U.S.C. § 284 for L'Oréal's willful infringement of the '954 Patent and, if so, in what amount.

90.     Whether Olaplex has proven that it is entitled to an award of attorneys' fees and costs under 35 U.S.C. § 285 and, if so, in what amount.

91.     Whether Olaplex has proven that it is entitled to any other relief as this Court deems just and proper.

### 2.     **Legal Authority**

92.     *See supra* Section I.B.2.

## III.     OLAPLEX'S CLAIMS FOR MISAPPROPRIATION OF TRADE SECRETS

### 1.     **Issues of Law to be Litigated**

93.     Whether Olaplex has proven by a preponderance of the evidence that it possessed/possesses trade secret information.

94.     Whether Olaplex has proven by a preponderance of the evidence that L'Oréal and/or its Representatives (as defined under the NDAs) had access to Olaplex's trade secret information.

95.     Whether Olaplex has proven by a preponderance of the evidence that L'Oréal's and/or its Representatives' (as defined in the NDAs) access to Olaplex's trade secret information occurred pursuant to an understanding that L'Oréal would protect the secrecy of Olaplex's trade secret information.

96.     Whether Olaplex has proven by a preponderance of the evidence that L'Oréal and/or its Representatives (as defined in the NDAs) improperly used or disclosed Olaplex's trade secret information for its own benefit.

97.     Whether Olaplex has proven by a preponderance of the evidence that it has suffered damages as a result of L'Oréal's and/or its Representatives' (as defined in the NDAs) theft of its trade secret information.

98.     Whether Olaplex has proven by a preponderance of the evidence that it is entitled to injunctive relief prohibiting L'Oréal, its Representatives (as defined in the NDAs), and their parents, subsidiaries, affiliates, officers, directors, agents, employees, successors, assigns, and attorneys, and any and all others acting in privity or concert with them from using any of Olaplex's trade secret information.

99.     Whether Olaplex is entitled to attorneys' fees as a result of L'Oréal's and/or its Representatives' (as defined in the NDAs) use of Olaplex's trade secret information.

## 2.     **Legal Authority**

100.    To prevail on a claim of trade secret misappropriation under the Delaware Uniform Trade Secrets Act ("DUTSA"), a plaintiff must show the "[a]cquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means" or, alternatively, the "[d]isclosure or use of a trade secret of another without express or implied consent" by a person who either: (1) acquired the secret by improper means; or (2) knew or had reason to know that their knowledge of the trade secret was (A) derived by another who acquired it by improper means, (B) "[a]cquired under circumstances giving rise to a duty to maintain its secrecy or limit its use," or (C) acquired by accident or mistake.  *See* 6 Del.

C. § 2001(2); *Accenture Global Services GMBH v. Guidewire Software Inc.*, 581 F. Supp. 2d 654,662 (D. Del. 2008) (citing Del. Code Ann. tit. 6, § 2001).

101.     Under the DUTSA, a trade secret "shall mean information, including a formula, pattern, compilation, program, device method, technique or process, that:

(a)     Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and

(b)     Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

6 Del. C. § 2001(2).

102.     Under the DUTSA, "[a]ctual or threatened misappropriation may be enjoined." Del. Code Ann. tit. 6, § 2002.  Furthermore, if willful and malicious misappropriation exists, the court may award reasonable attorney's fees to the prevailing party."  Del. Code Ann. tit. 6, § 2004.

103.     The federal Defend Trade Secrets Act ("DTSA") creates a private cause of action for the owner of a trade secret "if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce."  18 U.S.C. § 1836(b)(l).

104.     A "trade secret" under the DTSA includes "all forms and types" of information that derive value from being secret and that the owner took reasonable measures to keep secret. 18 U.S.C. § 1839(3)(A)(B).

105.     "Misappropriation" under the DTSA consists of (1) "acquisition of a trade secret" by a person who knows or should know the secret was improperly acquired, or (2) "disclosure or use of a trade secret of another without express or implied consent."  18 U.S.C. § 1839(5)(A)(B).

106.     The DTSA does not foreclose a use-based theory simply because the trade secret being used was misappropriated before the DTSA's enactment.  *Syntel Sterling Best Shores Mauritius Ltd v. Trizetto Grp., Inc.*, 2016 WL 5338550, at *6 (S.D.N.Y. Sept. 23, 2016) (holding that allegations of a continuing use were adequate to state a claim under the DTSA).  In fact, "Congress omitted from DTSA the following language from Section 11 of the [Uniform Trade Secret Act]: 'With respect to a continuing misappropriation that began prior to the effective date, the [Act] also does not apply to the continuing misappropriation that occurs after the effective date.'"  *Adams Arms, LLC v. Unified Weapon Sys., Inc.*, 16-1503, 2016 WL 5391394, at *6 (M.D. Fla. Sept. 27, 2016).

107.     "A trade secret can be the combination of steps into a process . . . even if all the component steps are known, so long as it is a unique process which is not known in the industry."  *Elenza, Inc. v. Alcon Labs. Holding Corp.*, 183 A.3d 717, 721 (Del. 2018).  *See also Imperial Chem. Indus. Ltd. v. Nat'l Distillers & Chem. Corp.*, 342 F.2d 737, 740 (2d Cir. 1965); *Servo Corp. of Am. v. Gen. Elec. Co.*, 393 F.2d 551, 555 (4th Cir. 1968) ("We do not believe that . . . General Electric should be allowed to avoid the consequences of the breach of confidence by piecing together in retrospect bits of information which had been disclosed in a variety of places and which as a combination were not clearly a matter of public knowledge."); *Rohm & Haas Co. v. Adco Chem. Co.*, 689 F.2d 424, 433 (3d Cir. 1982).

108.     The "speed with which" a trade secret defendant supposedly independently discovered a trade secret supports an inference that the secret was misappropriated.  *Dickerman Assocs., Inc. v. Tiverton Bottled Gas Co.*, 594 F. Supp. 30, 36 (D. Mass. 1984) ("Based upon the similarities of the two programs detailed earlier, DeYoung's notes, the availability of the JMS

manual to Vaill and DeYoung, their use of it, and the speed with which they assembled their system, the conclusion that they copied substantial portions of JMS is inescapable.").

109.    In a trade secret action, the plaintiff bears the burden of proving both the existence and misappropriation of a trade secret.  *Beard Research, Inc. v. Kates*, 8 A.3d 573, 590 (Del. Ch. 2010).

## IV.    OLAPLEX'S CLAIM FOR BREACH OF CONTRACT

### 1.    **Issues of Law to be Litigated**

110.    Whether Olaplex has proven by a preponderance of the evidence that L'Oréal and/or its Representatives (as defined in the NDAs) breached contractual obligations to Olaplex under the parties' May 15 and 23, 2015 Non-Disclosure Agreements with Liqwd, Inc. and Olaplex LLC (collectively, "the NDAs").

111.    Whether Olaplex has proven by a preponderance of the evidence that it has suffered damage as a result of L'Oréal's and/or its Representatives' (as defined in the NDAs) breach of contractual obligations to Olaplex pursuant to the NDAs.

### 2.    **Legal Authority**

112.    A claim for breach of contract under Delaware law requires a contractual obligation, a breach of that obligation, and injury to the plaintiff caused by the defendant's breach of the contractual obligation.  *See H-M Wexford LLC v. Encorp, Inc.*, 832 A.2d 129, 140 (Del. Ch. 2003); *HSMY, Inc. v. Getty Petroleum Marketing, Inc.*, 417 F. Supp. 2d 617, 620 (D. Del. 2006).

113.    Delaware law imposes an implied duty of good faith and fair dealing into every contract.  *Templeton, v. EmCare, Inc.*, 868 F. Supp. 2d 333 (D. Del. 2012).  Indeed, the implied

duty mandates that "a party in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits" of the contract. *Id.*

114.    The party asserting breach of contract bears the burden of proof on each of these elements. *See Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc.,* 247 F.3d 79, 102 ("[I]t is hornbook law that (when no fiduciary relationship exists) the party alleging a breach of contract bears the burden of proving the elements of a breach of contract."); *Loureiro v. Copeland,* No. 04C-12-014, 2006 WL 2685582, at *1 (Del. Super. Ct. Aug. 21, 2006) ("The Plaintiff bears the burden of proving its breach of contract by a preponderance of the evidence."). A party asserting an affirmative defense carries the burden of proof with respect to that defense. *See, e.g., Cypres Assocs., LLC v. Sunnyside Cogeneration Assocs. Project,* No. Civ. A. 1607-N, 2007 WL 148754, at * 18 (Del. Ch. Jan. 17 2007) ("[W]hen a contract provision ... is invoked defensively, ... it takes the form of an affirmative defense, and the burden of proof is on the defendant.").

115.    In a breach of contract case, a plaintiff's damages are "generally measured by what is necessary to put [plaintiff] in as good a position as [he] would have occupied had there been full performance of the contract." *Haft v. Dart Group Corp.*, 877 F. Supp. 896, 901 (D. Del. 1995).

## V.    L'OREAL'S COUNTERCLAIM FOR FALSE ADVERTISING

### A.    Issues of Law to be Litigated

116.    Whether L'Oreal has proven that Olaplex made a false or misleading description or representation of fact, which misrepresents the nature, characteristics, qualities, or geographic origin of its or L'Oreal's goods or services.

117.    Whether L'Oreal has proven that the specific statements identified by L'Oreal as alleged false advertising constitute "commercial advertising" within the meaning of 15 U.S.C. § 1125(a)(1)(B).

118.    Whether L'Oreal has proven that the specific challenged statements actually deceive or at least have a tendency to deceive a substantial portion of the intended audience.

119.    Whether L'Oreal has proven that any alleged deception is material in that it is likely to influence purchasing decisions.

120.    Whether L'Oreal has proven that it suffered economic or reputational injury flowing directly from the specific misrepresentations it alleges.

121.    Whether L'Oreal has proven that it is entitled to injunctive relief prohibiting Olaplex from engaging in false advertising.

122.    Whether L'Oreal has proven that it is entitled to injunctive relief mandating that Olaplex issue corrective advertising.

### B.    Legal Authority

123.    Under 15 U.S.C. § 1125(a): "Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any . . . false or misleading description of fact, or false or misleading representation of fact, which . . . (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

124.     The Lanham Act requires "false or misleading representation[s] of fact." 15 U.S.C. § 1125(a)(1).  Thus, "only statements of fact capable of being proven false are actionable," whereas opinions and statements marked by "broad, vague and commendatory language" are not.  *Robert Bosch LLC v. Pylon Mfg. Corp.*, 632 F. Supp. 2d 362, 365 (D. Del. 2009).

125.     Section 43(a) does not impose an affirmative duty of disclosure.  *Lokai Holdings LLC v. Twin Tiger USA LLC*, 306 F. Supp. 3d 629, 640 (S.D.N.Y. 2018) ("As courts have routinely held, the Lanham Act does not impose an affirmative duty of disclosure.") (collecting cases).  The Act covers affirmative, false representations, not failures to disclose.  *See U.S. Healthcare.*, 898 F.2d at 921 ("[F]ailure to disclose facts is not actionable."); *FMC Corp. v. Summit Agro USA, LLC*, 2014 WL 6627727, at *6 (D. Del. Nov. 14, 2014) ("[T]he language of Section 43(a) has been read by many courts to impose no affirmative duty of disclosure; instead, its language … appears to require that a defendant make an actionable affirmative statement in order to have violated the statute.").

126.     The Lanham Act borrows relevant limitations periods from state law.  *Beauty Time, Inc. v. VU Skin Sys., Inc.*, 118 F.3d 140, 143 (3d Cir. 1997).  Here, the period is three years.  Del. Code. Ann. § 8106 (1994) (fraud claims); *Joint Stock Scy v. UDV N. Am., Inc.*, 53 F. Supp. 2d 692 (D. Del. 1999).

127.     To have standing to assert a Lanham Act claim, the plaintiff "must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising."  *Lexmark Int'l, Inc. v. Static Ctrl Components, Inc.*, 572 U.S. 118, 133 (2014).  This "occurs when deception of consumers causes them to withhold trade from the plaintiff."  *Id.*; *see*

*also Congoo, LLC v. Revcontent LLC*, 2017 WL 5076397 (D.N.J. Nov. 3, 2017).  This causal link must be established between the "specific misrepresentations" alleged by the plaintiff and the plaintiff's alleged injury.  *Larry Pitt & Associates v. Lundy Law LLP*, 294 F. Supp. 3d 329, 341 (E.D. Pa. 2018).  To the extent that non-binding authority previously recognized a rebuttable presumption of causation upon proof of intent to deceive, those authorities did not survive the Supreme Court's *Lexmark* decision.  S*ee The Knit With v. Knitting Fever, Inc.*, 625 F. App'x 27, 40-41 (3d Cir. 2015).

128.    To be literally false (including literal falsity by necessary implication) a statement must either be unambiguous in context, or its equally plausible meanings must all be literally false.  *Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 945-48 (3d Cir. 1993); *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharmas. Co.*, 290 F.3d 578, 586 (3d Cir. 2002).  A statement which is virtually or substantially true is not literally false.  *QVC, Inc. v. Your Vitamins, Inc.*, 714 F. Supp. 2d 291 (D. Del. 2010).  Literally false statements are both explicit and false.  *Novartis*, 290 F.3d at 586.  A "literal" falsehood is bald-faced, egregious, undeniable, over the top; it is a patently false statement that means what it says to any linguistically competent person.  *Avis Rent A Car System, Inc. v. Hertz Corp.*, 782 F.2d 381, 385-86 (2d Cir. 1986); *Schering-Plough Healthcare Products, Inc. v. Schwarz Pharma, Inc.*, 586 F.3d 500, 512-13 (7th Cir. 2009).  A statement is not false on its face (literally false) merely because it is less specific than possible.  *Cicle Francesco Moser, S.R.L. v. Cannondale USA, Inc.*, 12 F. Supp. 2d 320 (S.D.N.Y. 1998).

129.    An advertising claim is literally false "by necessary implication" when (though not expressly stated) the unambiguous, false statement of fact would be recognized by the audience as readily as if it had been expressly stated.  *Johnson & Johnson-Merck Consumer*

*Pharmas. Co. v. Rhone-Poulenc Rorer Pharmas., Inc.*, 19 F.3d 125, 129 (3d Cir. 1994).  Thus, an advertisement is literally false even though no "combination of words between two punctuation signals" is untrue, if the clear meaning of the statement, considered in context, is false.  *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 154-55 (2d Cir. 2007).  The greater an audience's need to integrate components of an advertisement in order to conclude that the advertisement as a whole has made a specific, false, factual statement, the less likely that advertisement is to be false literally, even by necessary implication.  *Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 198-99 (3d Cir. 2014).  The likelihood becomes even lower when the audience is required to integrate information not included in the advertisement itself.  *Design Resources, Inc. v. Leather Indus. of Am.*, 789 F.3d 495 (4th Cir. 2015).

130.     To establish liability for claims that are not literally false, the plaintiff bears "the burden of proving actual deception by a preponderance of the evidence [and] cannot obtain relief by arguing how consumers could react; it must show how consumers actually do react."  *Id.* (quoting *Sandoz Pharm. Corp. v. Richardson-Vicks, Inc.*, 902 F.2d 222, 228-29 (3d Cir. 1990)).  This often requires a consumer survey or other objective, verifiable evidence,  because the "factfinder must determine whether the public was, in fact, misled."  *Id.* (citing *Johnson & Johnson Merck Cons. Pharms. Co. v. Rhone-Poulenc Rorer Pharms., Inc.*, 19 F.3d 125, 129 (3d Cir. 1994)).

131.     Under 15 U.S.C. § 1117(a): " In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."  This burden shift relates only to accounting for profits; it does nothing to shift the burden for establishing liability.  *Snac Lite, LLC v. Nuts 'N More, LLC*, 2016 WL 6778268, at *14 (N.D.

Ala. Nov. 16, 2016) ("[A] plaintiff is not entitled to disgorgement until the plaintiff has proved causation.").

## VI.   L'OREAL'S COUNTERCLAIM FOR FRAUD BY FALSE PROMISE

### A.   Issues of Law to be Litigated

132.   Whether L'Oreal has proven that Olaplex made a false representation of fact.

133.   Whether L'Oreal has proven that Olaplex knew or believed that the representation was false.

134.   Whether L'Oreal has proven that Olaplex intended to induce L'Oreal to act or to refrain from acting.

135.   Whether L'Oreal has proven that it justifiably relied on the representation.

136.   Whether L'Oreal has proven that it suffered damages resulting from such reliance.

### B.   Legal Authority

137.   To prevail on a fraud by false promise claim, a plaintiff must establish (1) a false representation, usually one of fact, made by the defendant; (2) defendant's knowledge or belief that the representation was false; (3) intent to induce the plaintiff to act or to refrain from acting; (4) plaintiff's justifiable reliance on the representation; and (5) damage resulting from such reliance. *Gaffin v. Teledyne, Inc.*, 611 A.2d 467, 472 (Del. 1992); *Tillman v. Pepsi Bottling Grp., Inc.*, 538 F. Supp. 2d 754, 783 (D. Del. 2008).

138.   "[T]he failure to fulfill a promise to perform future acts is not ground for a fraud action unless there existed an intent not to perform at the time the promise was made." *Cato Capital LLC v. Hemispherx Biopharma, Inc.*, 70 F. Supp. 3d 607, 627 (D. Del. 2014).  "[I]f a

43

speaker intended when she made a promise to perform it, but sometime later reneg[ed], no action for fraud arises." *In re PMTS Liquidating Corp.*, 452 B.R. 498, 511 (Bankr. D. Del. 2011).

## VII.   L'ORÉAL'S COUNTERCLAIMS FOR BREACH OF CONTRACT

### A.   Issues of Law to be Litigated

139.   Whether L'Oréal has proven that Olaplex disclosed confidential information in breach of the Non-Disclosure Agreement attached as Exhibit C to Olaplex's Third Amended Complaint (D.I. 636) or the the Non-Disclosure Agreement attached as Exhibit A to L'Oréal's Amended Counterclaims (D.I. 650).

140.   Whether L'Oréal has proven that it was harmed by Olaplex's alleged disclosure of confidential information in breach of the Non-Disclosure Agreement attached as Exhibit C to Olaplex's Third Amended Complaint (D.I. 636) or the the Non-Disclosure Agreement attached as Exhibit A to L'Oréal's Amended Counterclaims (D.I. 650).

### B.   Legal Authorities

141.   "Under Delaware law, the elements of a breach of contract claim are: (1) a contractual obligation; (2) a breach of that obligation; and (3) resulting damages." *Interim Healthcare, Inc. v. Spherion Corp.*, 884 A.2d 513, 548 (Del. Sup. Ct. 2005).

142.   The First Amendment guarantees the right "to petition the Government for a redress of grievances."  U.S. Const. amend. I.  Thus, litigants are immune from civil liability for petitioning the government, including through filing a lawsuit.  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555-56 (2014) (citing *E.R.R Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961) and *United Mine Workers v. Pennington*, 381 U.S. 657 (1965)) (referred to as the "*Noerr-Pennington*" doctrine).  "[P]ress conferences" and

"other statements to news outlets" are within the protection of *Noerr-Pennington* when the statements are "part of [a] publicity campaign to influence government action."  *Feld Entm't Inc. v. Am. Soc'y for the Prevention of Cruelty to Animals*, 873 F. Supp. 2d 288, 307-08 (D.D.C. 2012).

## VIII.   L'OREAL'S COUNTERCLAIM FOR FALSE PATENT MARKING

### A.   Issues of Law to be Litigated

143.   Whether L'Oreal has proven that Olaplex falsely marked an unpatented article as patented under a proper construction of U.S. Patent No. 9,095,518 ("the '518 Patent").

144.   Whether L'Oreal has proven that it suffered a competitive injury as a result of the false marking.

### B.   Legal Authorities

145.   Under 35 U.S.C. § 292(a): "Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented, for the purpose of deceiving the public . . . [s]hall be fined . . . ."  Under § 292(b): "A person who has suffered a competitive injury as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury."

146.   "Section 292 is penal in nature and, therefore, must be strictly construed."  *U.S. Gypsum Co. v. Pacific Award Metals, Inc.*, 438 F. Supp. 2d 1101, 1105 n.3 (N.D. Cal. 2006).

147.   "To establish a claim for false marking under this section, the claimant must demonstrate two elements: (1) that the defendant marked an unpatented article; and (2) that the defendant intended to deceive the public. . . .  Under the America Invents Act [], the claimant

must also show that it suffered a competitive injury as a result of the false marking." *Cot'n Wash, Inc. v. Henkel Corp.*, 56 F. Supp. 3d 613, 622-23 (D. Del. 2014) (internal citations and quotation marks omitted).

148.    "When the statute refers to an 'unpatented article' the statute means that the article in question is not covered by at least one claim of each patent with which the article is marked. Thus, in order to determine if an article is 'unpatented' for purposes of section 292, it must be first determined whether the claims of a patent cover the article in question. To make that determination, the claim in question must be interpreted to ascertain its correct scope, and then it must be ascertained if the claim reads on the article in question." Clontech Labs., Inc. v. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005).

149.    "[T]he bar for proving deceptive intent in false marking cases is particularly high, requiring that [claimants] show a purpose of deceit, rather than simply knowledge that a statement is false." *Id.* at 623 (quoting *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1313 (Fed. Cir. 2011)).

## IX.    L'OREAL'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

### A.    Issues of Law to be Litigated

150.    *See* supra, Section XLII(A)(1).

### B.    Legal Authority

151.    *See* supra, Section XLII(A)(2).

## X. L'OREAL'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF INVALIDITY

### A. Issues of Law to be Litigated

152.    Whether L'Oréal has proven that it is entitled to a declaratory judgment that claims 1 and 10 of the '419 Patent are invalid.

153.    Whether L'Oréal has proven that it is entitled to a declaratory judgment that claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent are invalid.

### B. Legal Authority

#### 1. Anticipation

154.    Under 35 U.S.C. § 102(a): "A person shall be entitled to a patent unless—(1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention; or (2) the claimed invention was described in a patent issued under section 151, or in an application for patent published or deemed published under section 122(b), in which the patent or application, as the case may be, names another inventor and was effectively filed before the effective filing date of the claimed invention."

155.    Although § 102 refers to "the invention" generally, the anticipation inquiry proceeds on a claim-by-claim basis. *Orion IP, LLC v. Hyundai Motor Am.*, 605 F.3d 967, 974 (Fed. Cir. 2010).  "[L]ack of novelty (often called 'anticipation') requires that the same invention, including each element and limitation of the claims, was known or used by others before it was invented by the patentee." Verve, LLC v. Crane Cams, Inc., 311 F.3d 1116, 1120 (Fed. Cir. 2002) (citation omitted).  A single reference must describe the claimed invention with sufficient precision and detail to establish that the subject matter existed in the prior art. *Id.*

156.    "[A] patent to an apparatus does not necessarily prevent a subsequent inventor from obtaining a patent on a new method of using the apparatus." *Perricone v. Medicis Pharma. Corp.*, 432 F.3d 1368, 1378 (Fed. Cir. 2005) (citation omitted).

### 2.    **Obviousness**

157.    Under 35 U.S.C. § 103: "A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made."

158.    "A determination of whether a patent claim is invalid as obvious under § 103 requires consideration of all four *Graham* factors, and it is error to reach a conclusion of obviousness until all those factors are considered." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 839 F.3d 1034, 1048 (Fed. Cir. 2016) (en banc); *see also Graham v. John Deere Co. of Kansas City*, 383 U.S. 1 (1966).  Thus, "[a]n obviousness determination[] is based on underlying factual inquiries including: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) objective evidence of nonobviousness." *Eli Lilly and Co. v. Teva Pharmas. USA, Inc.*, 619 F.3d 1329, 1336 (Fed. Cir. 2010).  "Objective indicia of nonobviousness ***must*** be considered in every case where present." *Apple Inc.*, 839 F.3d at 1048 (emphasis added); *see also Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1305 (Fed. Cir. 2010) ("We hold that the district court erred by failing to consider Transocean's objective evidence of nonobviousness.  Our case law is clear that this type of evidence must be considered in

evaluating the obviousness of a claimed invention.").  Secondary considerations include among other things "unexpected results, expert skepticism, copying, commercial success, praise by others (even from the accused infringer []), failure by others, and long-felt need." *Mintz v. Dietz & Watson, Inc.*, 679 F.3d 1372, 1379 (Fed. Cir. 2002).

159.   "A party seeking to invalidate a patent as obvious must demonstrate by clear and convincing evidence that a skilled artisan would have been motivated to combine the teachings of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success from doing so." *Bristol-Myers Squibb Co. v. Teva Pharmas. USA, Inc.*, 752 F.3d 967, 973 (Fed. Cir. 2014) (citation omitted).

### 3.   Written Description

160.   Under 35 U.S.C. § 112(a): "The specification shall contain a written description of the invention, and of the manner and process of making and using it . . . ."  "[T]he test for sufficiency is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Cisco Systems, Inc. v. Cirrex Systems, LLC*, 856 F.3d 997, 1007 (Fed. Cir. 2017) (citation omitted).  "[T]he level of detail required to satisfy the written description requirement varies depending on the nature and scope of the claims and on the complexity and predictability of the relevant technology." *Id.* (citation omitted).

161.   Because "[t]his test requires an objective inquiry into the four corners of the specification from the perspective of a person of ordinary skill in the art[,] in some instances, a patentee can rely on information that is well-known in the art to satisfy written description." *Streck, Inc. v. Research & Diagnostic Systems, Inc.*, 665 F.3d 1269, 1285 (Fed. Cir. 2012).

4.      **Enablement**

162.     Under 35 U.S.C. § 112(a), the written description must be "in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same."  "To prove that a claim is invalid for lack of enablement, a challenger must show by clear and convincing evidence that a person of ordinary skill in the art would not be able to practice the claimed invention without 'undue experimentation.'"  *Allergan, Inc. v. Sandoz Inc.*, 796 F.3d 1293, 1309 (Fed. Cir. 2015).

163.     "The boundary between a teaching sufficient to enable a person of ordinary skill in the field, and the need for undue experimentation, varies with the complexity of the science. Knowledge of the prior art is presumed, as well as skill in the field of the invention.  The specification need not recite textbook science, but it must be more than an invitation for further research."  *Storer v. Clark*, 860 F.3d 1340, 1350 (Fed. Cir. 2017) (citing *Genentech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1366 (Fed. Cir. 1997)).

164.     "The following factors may be considered when determining if a disclosure requires undue experimentation: (1) the quantity of experimentation necessary, (2) the amount of direction or guidance presented, (3) the presence or absence of working examples, (4) the nature of the invention, (5) the state of the prior art, (6) the relative skill of those in the art, (7) the predictability or unpredictability of the art, and (8) the breadth of the claims.  These factors while illustrative are not mandatory."  *Cephalon, Inc. v. Watson Pharmas., Inc.*, 707 F.3d 1330, 1336 (Fed. Cir. 2013) (citations omitted).

165.     "This is not to say that the specification must expressly spell out every possible iteration of every claim.  For instance, a specification need not disclose what is well known in

the art." *Trustees of Boston Univ. v. Everlight Electronics Co., Ltd.*, 896 F.3d 1357, 136 (Fed. Cir. 2018) (citation omitted). "[T]he artisan's knowledge of the prior art and routine experimentation can often fill gaps, interpolate between embodiments, and perhaps even extrapolate beyond the disclosed embodiments, depending upon the predictability of the art." *Id.*

166.    "[E]fficacy data are generally not required in a patent application.  Only a sufficient description enabling a person of ordinary skill in the art to carry out an invention is needed." *Allergan*, 796 F.3d at 1310.  "[T]he effort it took the inventor to reduce the invention to practice does not conclusively show a lack of enablement.  Title 35 does not require that a patent disclosure enable one of ordinary skill in the art to make and use a perfected, commercially viable embodiment, so the time it took to make a commercial-grade embodiment is not, itself, determinative of non-enablement." *Vasudevan Software, Inc. v. MicroStrategy, Inc.*, 782 F.3d 671, 684 (Fed. Cir. 2015).

## XI.    AFFIRMATIVE DEFENSES[1]

### A.    Statute of Limitations

167.    The Lanham Act borrows relevant limitations periods from state law.  *Beauty Time, Inc. v. VU Skin Sys., Inc.*, 118 F.3d 140, 143 (3d Cir. 1997).  Here, the period is three years.  Del. Code. Ann. § 8106 (1994) (fraud claims); *Joint Stock Scy. v. UDV N. Am., Inc.*, 53 F. Supp. 2d 692 (D. Del. 1999).

---

[1]    Because Olaplex has not yet answered L'Oreal's Amended Counter-Complaint, Olaplex reserves the right to supplement or modify the following section upon answering. Further, Olaplex has not been permitted to take discovery of L'Oreal's counterclaims, and thus additionally reserves the right to supplement or modify the following section in response to the proof offered by L'Oreal at trial.

### B.     Laches

168.     "The defense of laches is defined as the neglect or delay in bringing suit to remedy an alleged wrong, which taken together with lapse of time and other circumstances, causes prejudice to the adverse party and operates as an equitable bar." *ART+COM Innovationpool GmbH v. Google Inc.*, 155 F. Supp. 3d 489, 504 (D. Del. 2016). "Laches is an equitable doctrine . . . and the decision of whether to recognize it as a defense in a particular case is left to the discretion of the lower courts." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 310 (3d Cir. 2018).

### C.     Unclean Hands

169.     "The doctrine of unclean hands applies when (1) a party seeking affirmative relief (2) is guilty of conduct involving fraud, deceit, unconscionability, or bad faith (3) directly related to the matter in issue (4) that injures the other party (5) and affects the balance of equities between the litigants." *Sun Microsystems, Inc. v. Versata Enterprises, Inc.*, 630 F. Supp. 2d 395, 410 (D. Del. 2009) (internal quotation marks and citation omitted). "The inequitable conduct alleged "must have an immediate and necessary relationship to the equity which [the plaintiff] seeks to obtain in the matter in litigation." *Id.* (quoting *Blanchette v. Providence & Worcester Co.*, 428 F. Supp. 347, 357 (D.Del.1977)).

### D.     Spoliation of Evidence

170.     "Spoliation occurs where: the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." *Bull v. United Parcel Service, Inc.*, 665 F.3d 68, 73 (3d Cir. 2012).

171.    "The United States Court of Appeals for the Third Circuit has applied three (3) key considerations to determine whether a sanction for spoliation of evidence is appropriate. The considerations are: 1) the degree of fault of the party who altered or destroyed the evidence; 2) the degree of prejudice suffered by the opposing party; and 3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future.  When appropriate, a court may impose any potential sanction including: 1) dismissal of a claim or granting judgment in favor of a prejudiced party; 2) suppression of evidence; 3) an adverse inference, referred to as the spoliation inference; 4) fines; and 5) attorneys' fees and costs."  *Ogin v. Ahmed*, 563 F. Supp. 2d 539, 545 (M.D. Pa. 2008) (citation omitted).

### E.    *Noerr-Pennington* Privilege

172.    The First Amendment guarantees the right "to petition the Government for a redress of grievances."  U.S. Const. amend. I.  Thus, litigants are immune from civil liability for petitioning the government, including through filing a lawsuit.  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555-56 (2014) (citing *E.R.R Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961) and *United Mine Workers v. Pennington*, 381 U.S. 657 (1965)) (referred to as the  "*Noerr-Pennington*" doctrine).  "[P]ress conferences" and "other statements to news outlets" are within the protection of *Noerr-Pennington* when the statements are "part of [a] publicity campaign to influence government action."  *Feld Entm't Inc. v. Am. Soc'y for the Prevention of Cruelty to Animals*, 873 F. Supp. 2d 288, 307-08 (D.D.C. 2012).

### F.     Material Breach

173.    Delaware law supports the principle that 'a party [to a contract] is excused from performance ... if the other party is in material breach' of his contractual obligations.'" *In re Broadstripe, LLC*, 435 B.R. 245, 257 (Bankr. D. Del. 2010) (quoting *BioLife Solutions, Inc. v. Endocare, Inc.*, 838 A.2d 268, 278 (Del. Ch. 2003)).

### G.     Failure to Mitigate Damages

174.    "The duty of an aggrieved party to mitigate its damages upon breach by a counter-party is a well-established principle of contract law.  The amount recoverable by the damaged party must be reduced by the amount of losses which could have been avoided by that party's reasonable efforts to avoid them."  In re Sportsman's Warehouse, Inc., 457 B.R. 372, 401 (Bankr. D. Del. 2011) (citing RESTATEMENT (SECOND) OF CONTRACTS § 350(1) (1979)).

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LIQWD, INC. and OLAPLEX LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C. A. No. 1:17-cv-00014-JFB-SRF |
| | ) | |
| L'ORÉAL USA, INC., L'ORÉAL USA | ) | **CONFIDENTIAL –** |
| PRODUCTS, INC., L'ORÉAL USA | ) | **FILED UNDER SEAL** |
| S/D, INC., and REDKEN 5TH AVENUE | ) | |
| NYC, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

**EXHIBIT 5:**
**DEFENDANTS' STATEMENT OF ISSUES OF LAW TO BE LITIGATED AT TRIAL**

# TABLE OF CONTENTS

**Page**

I.   NON-INFRINGEMENT ................................................................. 1

    A.   Issues of Law to be Litigated ........................................... 1

    B.   Legal Authority .................................................................. 4

        1.   Standing ..................................................................... 4

        2.   Direct Infringement ................................................... 5

        3.   Literal Infringement .................................................. 6

        4.   Doctrine of Equivalents ............................................ 6

        5.   Inducement ................................................................ 9

        6.   Willfulness ................................................................10

II.   INVALIDITY .................................................................................11

    A.   Issues of Law to be Litigated ...........................................11

    B.   Legal Authority ..................................................................12

        1.   Anticipation ..............................................................12

        2.   Obviousness ..............................................................12

        3.   Written Description ...................................................15

        4.   Enablement ................................................................17

III.   OLAPLEX'S CLAIMS FOR MISAPPROPRIATION OF TRADE SECRETS ............19

    A.   Issues of Law to be Litigated ...........................................19

    B.   Legal Authority ..................................................................21

IV.   OLAPLEX'S CLAIM FOR BREACH OF CONTRACT ...........................................26

    A.   Issues of Law to be Litigated ...........................................26

    B.   Legal Authority ..................................................................27

V.   NO DAMAGES ON OLAPLEX'S CLAIMS ...............................................28

    A.   Issues of Law to be Litigated ...........................................28

        1.   Patent Issues..............................................................28

        2.   Non-Patent Issues .....................................................30

    B.   Legal Authority ..................................................................33

        1.   Patent Issues..............................................................33

        2.   Non-Patent Issues .....................................................38

# TABLE OF CONTENTS
(continued)

**Page**

VI.   L'OREAL USA'S COUNTERCLAIM FOR VIOLATION OF THE LANHAM ACT ...................................................................................................43

    A.   Issues of Law to be Litigated .........................................................43

    B.   Legal Authority ...............................................................................43

VII.   L'OREAL USA'S COUNTERCLAIM FOR FRAUD-FALSE PROMISE....................47

    A.   Issues of Law to be Litigated .........................................................47

    B.   Legal Authority ...............................................................................48

VIII.   L'OREAL USA'S COUNTERCLAIMS FOR BREACH OF CONTRACT.................49

    A.   Issues of Law to be Litigated .........................................................49

    B.   Legal Authority ...............................................................................49

IX.   L'OREAL USA'S COUNTERCLAIM FOR FALSE MARKING ..............................50

    A.   Issues of Law to be Litigated .........................................................50

    B.   Legal Authority ...............................................................................50

X.   L'OREAL USA'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT ....................................................................................51

    A.   Issues of Law to be Litigated .........................................................51

    B.   Legal Authority ...............................................................................51

XI.   L'OREAL USA'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF INVALIDITY .................................................................................................51

    A.   Issues of Law to be Litigated .........................................................51

    B.   Legal Authority ...............................................................................52

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*3M v. Pribyl*,
    259 F.3d 587 (7th Cir. 2001) .............................................................................. 40

*AbbVie Deutschland GmbH v. Janssen Biotech, Inc.*,
    759 F.3d 1285 (Fed. Cir. 2014) ......................................................................... 16

*Accent Designs, Inc. v. Jan Jewelry Designs, Inc.*,
    827 F. Supp. 957 (S.D.N.Y. 1993) .................................................................... 51

*Accenture Global Servs. GmbH v. Guidewire Software, Inc.*,
    581 F. Supp. 2d 654 (D. Del. 2008) ............................................................ 25, 38

*Adams Arms, LLC v. Unified Weapon Sys., Inc.*,
    No. 8:16-cv-1503-T-33AEP, 2016 WL 5391394 (M.D. Fla. Sept. 27, 2016) ................ 21, 26

*Adidas Am., Inc. v. Sketchers USA, Inc.*,
    No. 3:16-cv-1400-SI, 2017 U.S. Dist. LEXIS 89752 (D. Ore. June 12, 2017) ..................... 10

*Adtile Techs. Inc. v. Perion Network Ltd.*,
    No. 15-1193-SLR, 2016 WL 3457152 (D. Del. June 23, 2016) ........................................... 24

*Advanced Display Sys., Inc. v. Kent State Univ.*,
    212 F.3d 1272 (Fed. Cir. 2000) ......................................................................... 12

*Agilent Techs. v. Kirkland*,
    2010 Del. Ch. LEXIS (Feb. 8, 2010) ................................................................. 38

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015) ........................................................................... 6

*Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*,
    811 F.3d 1334 (Fed. Cir. 2016) ........................................................................ 7, 8

*Alfred E. Mann Found. For Sci. Research v. Cochlear Corp.*,
    604 F.3d 1354 (Fed. Cir. 2010) ........................................................................... 4

*Ames Publ'g Co. v. Walker-Davis Publ'ns, Inc.*,
    372 F. Supp. 1 (E.D. Pa. 1974) ......................................................................... 44

*Amgen Inc. v. Sanofi*,
    872 F.3d 1367 (Fed. Cir. 2017) ......................................................................... 18

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Apple Inc. v. Samsung Elecs. Co.*,
    735 F.3d 1352 (Fed. Cir. 2013) ...................................................................38

*Aptix Corp. v. Quickturn Design Sys. Inc.*,
    269 F.3d 1369.............................................................................................42

*Arachnid, Inc. v. Merit Indus., Inc.*,
    939 F.2d 1574 (Fed. Cir. 1991) ...................................................................5

*Arbitrium (Cayman Is.) Handels AG v. Johnston*,
    705 A.2d 225 (Del. Ch. 1997) ....................................................................49

*Ariad Pharms., Inc. v. Eli Lilly & Co.*,
    598 F.3d 1336 (Fed. Cir. 2010) ..........................................................15, 16

*Arrowhead Global Solutions, Inc. v. Datapath, Inc.*,
    166 F. App'x 39 (4th Cir. 2006) ................................................................24

*ASB Allegiance Real Estate Fund v. Scion Breckenridge Managing Member, LLC*,
    2013 Del. Ch. LEXIS 236 (Sept. 16, 2013) ...............................................48

*Auto. Techs. Int'l, Inc. v. BMW of N. Am., Inc.*,
    501 F.3d 1274 (Fed. Cir. 2007) ......................................................17, 18, 19

*Avaya Inc. v. Cisco Sys., Inc.*,
    2011 WL 4962817 (D.N.J. Oct. 18, 2011)..................................................25

*Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*,
    829 F. Supp. 2d 802 (D. Minn. 2011) .......................................................46

*Banjo Buddies, Inc. v. Renosky*,
    399 F.3d 168 (3d Cir. 2005) ......................................................................46

*Barry v. Medtronic, Inc.*,
    914 F.3d 1310 (Fed. Cir. 2019) ..................................................................14

*BASF Plant Sci., LP v. Nuseed Americas Inc.*,
    No. CV 17-421, 2017 WL 3573811 (D. Del. Aug. 17, 2017) .................4

*Bayer AG v. Elan Pharm. Res. Corp.*,
    212 F.3d 1241 (Fed. Cir. 2000) ..................................................................6

*BIC Leisure Prods. v. Windsurfing Int'l, Inc.*,
    1 F.3d 1214 (Fed. Cir. 1993) .....................................................................33

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Bilstad v. Wakalopulos*,
    386 F.3d 1116 (Fed. Cir. 2004) ...................................................................16

*Bos. Sci. Corp. v. Johnson & Johnson*,
    647 F.3d 1353 (Fed. Cir. 2011) ...................................................................16

*Bose Corp. v. JBL, Inc.*,
    112 F. Supp. 3d 138 (D. Mass. 2000) ..........................................................34

*Bracco Diagnostics, Inc. v. Amersham Health, Inc.*,
    627 F. Supp. 2d 384 (D.N.J. 2009) ..............................................................45

*Brinkmeier v. Graco Children's Prod. Inc.*,
    767 F. Supp. 2d 488 (D. Del. 2011) .......................................................50, 51

*Callaway Golf Co. v. Dunlop Slazenger Group Ams., Inc.*,
    318 F. Supp. 2d 205 (D. Del. 2004) .............................................................24

*Canton Bio-Med., Inc. v. Integrated Liner Tech., Inc.*,
    216 F.3d 1367 (Fed. Cir. 2000) .....................................................................8

*Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*,
    576 F.3d 1348 (Fed. Cir. 2009) .....................................................................5

*Castrol, Inc. v. Pennzoil Co.*,
    987 F.2d 939 (3d Cir. 1993) ........................................................................44

*CenTrak, Inc. v. Sonitor Techs., Inc.*,
    CA No. 14-183-RGA, 2017 U.S. Dist. LEXIS 139277 (D. Del. Aug. 30, 2017) ...........16, 17

*Cianci v. JEM Enter., Inc.*,
    2000 WL 1234647 (Del. Ch. Aug. 22, 2000) .................................................42

*Commil USA, LLC v. Cisco Sys., Inc.*,
    135 S. Ct. 1920 (2015) ..................................................................................9

*Commonwealth Sci. & Indus. Research Org. v. Cisco Sys., Inc.*,
    809 F.3d 1295 (Fed. Cir. 2015) ...................................................................36

*Cordis Corp. v. Medtronic AVE, Inc.*,
    339 F.3d 1352 (Fed. Cir. 2003) ...................................................................15

*Cosmetic Warriors Ltd. v. Nailush LLC*,
    No. 17-1475 (RBK/JS), 2017 U.S. Dist. LEXIS 183886 (D.N.J. Nov. 6, 2017) ...........37, 47

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*CVD, Inc. v. Raytheon Co.*,
  769 F.2d 842 (1st Cir. 1985)................................................................25

*CVI/Beta Ventures, Inc. v. Tura LP*,
  112 F.3d 1146 (Fed. Cir. 1997) ............................................................5

*Danvir Corp. v. City of Wilm.*,
  2008 WL 4560903 (Del. Ch. Oct. 6, 2008)........................................42

*Dow Chem. Canada, Inc. v. HRD Corp.*,
  656 F. Supp. 2d 427 (D. Del. 2009) ....................................................24

*Dow Chem. Canada, Inc. v. HRD Corp.*,
  909 F. Supp. 2d 340 (D. Del. 2012) ....................................................22

*DP Wagner Mfg. Inc. v. Pro Patch System, Inc.*,
  434 F. Supp. 2d 445 (S.D. Tex. 2006).................................................51

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) ............................................................9

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
  363 F.3d 1263 (Fed. Cir. 2004) .........................................................6, 9

*E-Pass Techs., Inc. v. 3Com Corp*,
  473 F.3d 1213 (Fed. Cir. 2007) ............................................................9

*Eastern Elec. & Heating, Inc. v. Pike Creek Professional Ctr.*,
  1987 Del. Super. LEXIS 1115 (Apr. 7, 1987)....................................27

*eBay Inc. v. MercExchange, L.L.C.*,
  547 U.S. 388 (2006)............................................................................38

*EMD Millipoe Corp. v. AllPure Techs., Inc.*,
  768 F.3d 1196 (Fed. Cir. 2014) ............................................................5

*Engel Indus., Inc. v. Lockformer Co.*,
  96 F.3d 1398 (Fed. Cir. 1996) ..............................................................6

*Enzo Biochem, Inc. v. Calgene, Inc.*,
  188 F.3d 1362 (Fed. Cir. 1999) ..........................................................18

*ePlus Inc. v. Lawson Software, Inc.*,
  700 F.3d 509 (Fed. Cir. 2012) ..............................................................5

vi

# TABLE OF AUTHORITIES

(continued)

**Page(s)**

*Evolved Wireless, LLC v. Apple, Inc.*,
   2019 WL 831112 (D. Del. Feb. 21, 2019) ...................................................50

*Exmark Mfg. Co. v. Briggs & Stratton Power Prods.*,
   879 F.3d 1332 (Fed. Cir. 2018) ................................................................36

*Fair Wind Sailing, Inc. v. Dempster*,
   764 F.3d 303 (3d Cir. 2014) .........................................................37, 46, 47

*Felix v. Am. Honda Motor Co.*,
   562 F.3d 1167 (Fed. Cir. 2009) ...................................................................8

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
   493 F.3d 1367 (Fed. Cir. 2007) ...................................................................8

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
   535 U.S. 722 (2002).....................................................................................8

*Fleer Corp. v. Topps Chewing Gum, Inc.*,
   539 A.2d 1060 (Del. 1988) ........................................................................40

*Flotec, Inc. v. S. Research, Inc.*,
   16 F. Supp. 2d 992 (S.D. Ind. 1998) .........................................................26

*Forest Grp., Inc. v. Bon Tool Co.*,
   590 F.3d 1295 (Fed. Cir. 2009) .................................................................50

*G6 Hosp. Franchising LLC v. HI Hotel Grp., LLC*,
   171 F. Supp. 3d 340 (M.D. Pa. 2016)..................................................37, 47

*Garretson v. Clark*,
   111 U.S. 120 (1884)...................................................................................36

*Gaudiosi v. Mellon*,
   269 F.2d 873 (3d Cir. 1959) ......................................................................42

*Gen. Steel Domestic Sales, LLC v. Chumley*,
   627 F. App'x 682 (10th Cir. 2015).............................................................46

*Genencor Int'l, Inc. v. Novo Nordisk*,
   766 A.2d 8 (Del. 2000) ........................................................................40, 50

*Genentech, Inc. v. Novo Nordisk A/S*,
   108 F.3d 1361 (Fed. Cir. 1997) .................................................................17

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Georgia-Pacific Corp. v. United States Plywood Corp.*,
    318 F. Supp. 116 (S.D.N.Y. 1970) ....................................................................35

*Gilead Sciences, Inc. v. Merck & Co., Inc.*,
    888 F.3d 1231 (Fed. Cir. 2018) .......................................................................43

*In re Gleave*,
    560 F.3d 1331 (Fed. Cir. 2009) .......................................................................12

*GOLO, LLC v. HighYa, LLC*,
    310 F. Supp. 3d 499 (E.D. Pa. 2018) ..............................................................44

*Graham v. John Deere Co. of Kansas City*,
    383 U.S. 1 (1966) ............................................................................................13

*Grain Processing Corp. v. Am. Maize-Prods. Co.*,
    185 F.3d 1341 (Fed. Cir. 1999) ...........................................................33, 34, 35

*Graver Tank & Mfg. Co. v. Linde Air Prods., Co.*,
    339 U.S. 605 (1950) ..........................................................................................7

*Greenstar, LLC v. Heller*,
    814 F. Supp. 2d 444 (D. Del. 2011) ..........................................................27, 49

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
    897 F.2d 508 (Fed. Cir. 1990) .........................................................................10

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016) ..............................................................................10, 37

*Hauspie v. Stonington Partners, Inc.*,
    945 A.2d 584 (Del. 2008) ................................................................................48

*Highmark, Inc. v. UPMC Health Plan, Inc.*,
    276 F.3d 160 (3d Cir. 2001) ...........................................................................44

*Hilgraeve Corp. v. Symantec Corp.*,
    265 F.3d 1336 (Fed. Cir. 2001) .........................................................................6

*Hill v. Best Med. Int'l, Inc.*,
    2010 WL 2546023 (W.D. Pa. June 24, 2010) .................................................23

*Hollander v. Ortho-Mcneil-Janssen Pharms., Inc.*,
    2012 U.S. Dist. LEXIS 3191 (E.D. Pa. Jan. 10, 2012) ...................................51

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*,
  343 F. Supp. 2d 272 (D. Del. 2004) ...................................................................42

*Hydrogen Master Rights, Ltd. v. Weston*,
  No. 16-474-RGA, 2017 WL 78582 (D. Del. Jan. 9, 2017) ............................ 22, 26

*IDX Sys. Corp. v. Epic Sys. Corp.*,
  285 F.3d 581 (7th Cir. 2002) ............................................................................23

*IOENGINE LLC v. Interactive Media Corp.*,
  No. CV 14-1571-GMS, 2017 WL 39563 (D. Del. Jan. 4, 2017) ...........................4

*John Doe v. Special Investigations Agency, Inc.*,
  1991 U.S. Dist. LEXIS 13854 (E.D. Pa. Sept. 25, 1991)....................................28

*John Petroleum, Inc. v. Parks*,
  2010 Del. Super. LEXIS 637, 2010 WL 3103391 (Del. Super. June 4, 2010.) ....................40

*Johnson v. IVAC Corp.*,
  885 F.2d 1574 (Fed. Cir 1989) ...........................................................................6

*Katz v. Executive Auto Leasing, Inc.*,
  282 A.2d 866 (1971) .........................................................................................41

*Kewanee Oil Co. v. Bicron Corp.*,
  416 U.S. 470 (1974)....................................................................................24, 25

*King Instr. Corp. v. Otari Corp.*,
  767 F.2d 853 (Fed. Cir. 1985) ...........................................................................11

*KSR Int'l Co. v. Teleflex Inc.*,
  550 U.S. 398 (2007)....................................................................................13, 14

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
  694 F.3d 51 (Fed. Cir. 2012) ..................................................................35, 36, 37

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
  134 S. Ct. 1377 (2014)......................................................................................45

*Liberty Bell Bank v. Rogers*,
  726 F. App'x 147 (3d Cir. 2018) .......................................................................48

*Liebel-Flarsheim Co. v. Medrad, Inc.*,
  481 F.3d 1371 (Fed. Cir. 2007) .........................................................................18

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Limelight Networks, Inc. v. Akamai Tech., Inc.*,
    134 S. Ct. 2111 (2014) ............................................................................5

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
    572 U.S. 915 (2014) ...............................................................................9

*LizardTech, Inc. v. Earth Resource Mapping, Inc.*,
    424 F. 3d 1336 (Fed. Cir. 2005) ...........................................................15

*M2M Solutions, LLC v. Enfora, Inc.*,
    167 F. Supp. 3d 665 (D. Del. 2016) ......................................................36

*MagSil Corp. v. Hitachi Glob. Storage Techs., Inc.*,
    687 F.3d 1377 (Fed. Cir. 2012) ............................................................17

*Mattern & Assocs., L.L.C. v. Seidel*,
    678 F. Supp. 2d 256 (D. Del. 2010) ......................................................22

*McNeilab, Inc. v. Am. Home Prod. Corp.*,
    501 F. Supp. 517 (S.D.N.Y. 1980) ........................................................45

*Medtronic Vascular, Inc. v. Advanced Cardiovascular Sys., Inc.*,
    No. 98-80-SLR, 2005 WL 388592 (D. Del. Feb. 2, 2005) .....................23

*MEMC Elecs. Mats., Inc. v. Mitsubishi Mats. Silicon Corp.*,
    420 F.3d 1369 (Fed. Cir. 2005) .............................................................9

*Mentor Graphics Corp. v. Eve-USA, Inc.*,
    851 F.3d 1275 (Fed. Cir. 2017) ....................................................*passim*

*Merck & Co. v. SmithKline Beecham Pharms. Co.*,
    1999 WL 669354 (Del. Ch. 1999) .........................................................23

*Micron Tech., Inc. v. Rambus Inc.*,
    917 F. Supp. 2d 300 (D. Del. 2013) ......................................................41

*Miles, Inc. v. Cookson Am., Inc.*,
    1994 WL 676761 (Del. Ch. 1994) .........................................................40

*Monsanto Co. v. Geertson Seed Farms*,
    130 S. Ct. 2743 (2010) .........................................................................38

*Motivation Innovation LLC v. Ulta Salon Cosmetics & Fragrances Inc.*,
    59 F. Supp. 3d 663 (D. Del. 2014) .........................................................7

**TABLE OF AUTHORITIES**

(continued)

**Page(s)**

*nCube Corp. v. Seachange Int'l, Inc.*,
  436 F.3d 1317 (Fed. Cir. 2006) ...................................................................10

*Norkei Ventures, LLC v. Butler-Gordon, Inc.*,
  2008 WL 4152775 (Del. Super. Aug.28, 2008) ............................................40

*Nova Chems., Inc. v. Sekisui Plastics Co.*,
  579 F.3d 319 (3d Cir. 2009) ........................................................................24

*Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*,
  290 F.3d 578 (3d Cir. 2002) ...................................................................44, 45

*Nucar Consulting, Inc. v. Doyle*,
  2005 WL 820706 (Del. Ch. 2005) ...........................................................39, 40

*O'Reilly v. Morse*,
  56 U.S. 62 (1854) .......................................................................................15

*Oliver B. Cannon and Son, Inc. v. Dorr-Oliver, Inc.*,
  394 A.2d 1160 (Del. Super. 1978) ................................................................40

*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*,
  575 F.2d 1152 (6th Cir. 1978) .....................................................................33

*Panther Sys., II, Ltd. v. Panther Computer Sys., Inc.*,
  783 F. Supp. 53 (E.D.N.Y. 1991) .................................................................25

*Pfaff v. Wells Elecs., Inc.*,
  525 U.S. 55 (1998) ......................................................................................14

*Pfizer, Inc. v. ICI Americas, Inc.*,
  No. 7785, 1984 WL 8262 (Del. Ch. Nov. 21, 1984) ......................................24

*Phillips v. Delaware Power and Light Co.*,
  201 A.2d 160 (1964) ...................................................................................40

*Planet Bingo, LLC v. GameTech Int'l, Inc.*,
  472 F.3d 1338 (2006).....................................................................................7

*Porous Media Corp. v.Pall Corp.*,
  110 F.3d 1329 (8th Cir. 1997) .....................................................................45

*qad.inc. v. ALN Assocs., Inc.*,
  1990 WL 93362 (N.D. Ill. June 20, 1990) ....................................................23

**TABLE OF AUTHORITIES**

(continued)

**Page(s)**

*Randall Mfg. v. Rea*,
    733 F.3d 1355 (Fed. Cir. 2013) ........................................................13

*Raza v. Siemens Med. Sols. USA Inc.*,
    607 F. Supp. 2d 689 (D. Del. 2009) ..................................................23

*Renna v. Cty. of Union*,
    No. 11-3328 (KM), 2015 U.S. Dist. LEXIS 1370 (D.N.J. Jan. 6, 2015) ........................38, 47

*ResQNet.com, Inc. v. Lanza, Inc.*,
    594 F.3d 860 (Fed. Cir. 2010) ..........................................................35

*Rexall Sundown, Inc. v. Perrigo Co.*,
    707 F. Supp. 2d 357 (E.D.N.Y. 2010) ..............................................46

*Rexnord, Inc. v. Laitram Corp.*,
    No. 85-C-1039, 1988 U.S. Dist. LEXIS 9354 (E.D. Wis. Jan. 28, 1988) ............................11

*Rivera v. ITC*,
    857 F.3d 1315 (Fed. Cir. 2017) ..................................................15, 16

*Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*,
    401 F.3d 123 (3d Cir. 2005) ..............................................................44

*Schiller & Schmidt, Inc. v. Wallace Computer Servs., Inc.*,
    1991 WL 270170 (N.D. Ill. 1991) ....................................................39

*Schmid v. Milwaukee Elec. Tool Corp.*,
    13 F.3d 76 (3d Cir. 1994) ................................................................41

*SI Handling Sys., Inc. v. Heisley*,
    753 F.2d 1244 (3d Cir. 1985) ..........................................................25

*Siemens Med. Solutions U.S., Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*,
    C.A. No. 07-190-SLR, 2008 U.S. Dist. LEXIS 1486 (D. Del. Jan. 8, 2008) ..........................8

*Sitrick v. Dreamworks, LLC*,
    516 F.3d 993 (Fed. Cir. 2008) ..........................................................18

*Slimfold Mfg. Co. v. Kinkead Indus.*,
    932 F.2d 1453 (Fed. Cir. 1991) ........................................................34

*Smithkline Diagnostics, Inc. v. Helena Labs., Corp.*,
    926 F.2d 1161 (Fed. Cir. 1991) ........................................................33

**TABLE OF AUTHORITIES**

(continued)

**Page(s)**

*Snow v. Opal,*
    2002 Del. C.P. LEXIS 26 (May 20, 2002) ............................................................49

*Sokol Crystal Products, Inc. v. DSC Commc'ns Corp.,*
    15 F.3d 1427 (7th Cir. 1994) ............................................................39

*Sonos, Inc. v. D&M Holdings Inc.,*
    No. 14-1330 WCB, 2017 WL 5633204 (D. Del. Nov. 21, 2017) ........................................11

*SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.,*
    127 F.3d 1462 (Fed. Cir. 1997) ............................................................11

*State Indus., Inc. v. A.O. Smith Corp.,*
    751 F.2d 1226 (Fed. Cir. 1985) ............................................................10

*State Indus., Inc. v. Mor-Flo Indus., Inc.,*
    883 F.2d 1573 (Fed. Cir. 1989) ............................................................34

*Streck, Inc. v. Research & Diagnostic Sys., Inc.,*
    665 F.3d 1269 (Fed. Cir. 2012) ........................................................17, 19

*In re Student Fin. Corp.,*
    382 B.R. 212 (Bankr. D. Del. 2007) ............................................................48

*Takeda Pharms. U.S.A., Inc. v. West-Ward Pharm. Corp.,*
    785 F.3d 625 (Fed. Cir. 2015) ............................................................9

*Telemac Cellular Corp. v. Topp Telecom, Inc.,*
    247 F.3d 1316 (Fed. Cir.2001) ............................................................8

*TNS Media Research, LLC v. TRA Global. Inc.,*
    984 F. Supp. 2d 205 (S.D.N.Y. 2013) ............................................................23

*Total Care Physicians, P.A. v. O'Hara,*
    2003 WL 21733023 (Del. Supr. July 10, 2003) ............................................................39

*Travelers Prop. & Cas. Co. v. Cooper Crouse-Hinds, LLC,*
    2007 WL 2571450 (E.D. Pa. Aug. 31, 2007) ............................................................41

*Tronzo v. Biomet, Inc.,*
    156 F.3d 1154 (Fed. Cir. 1998) ............................................................7

*Turner v. Hudson Transit Lines, Inc.,*
    142 F.R.D. 68 (S.D.N.Y. 1991) ............................................................41

# TABLE OF AUTHORITIES

(continued)

**Page(s)**

*Uniloc USA, Inc. v. Microsoft Corp.*,
   632 F.3d 1292 (Fed. Cir. 2011) ................................................................... 35, 36

*United Med. Supply Co. v. United States*,
   77 Fed. Cl. 257 (Fed. Cl. 2007) ........................................................................ 41

*United States v. Philip Morris USA Inc.*,
   566 F.3d 1095 (D.C. Cir. 2009) ........................................................................ 48

*Univ. of W. Virginia, Bd. of Trustees v. VanVoorhies*,
   342 F.3d 1290 (Fed. Cir. 2003) .......................................................................... 5

*Unwired Planet, LLC v. Apple Inc.*,
   829 F.3d 1353 (Fed. Cir. 2016) .......................................................................... 9

*W.M. Wrigley Jr. Co. v. Cadbury Adams USA LLC*,
   683 F.3d 1356 (Fed. Cir. 2012) ........................................................................ 10

*In re Wands*,
   858 F.2d 731 (Fed. Cir. 1988) .......................................................................... 18

*Wartner-Jenkinson Corp. v. Hilton Davis Corp.*,
   520 U.S. 17 (1997) .................................................................................... 5, 7

*Wechsler v. Macke Int'l Trade, Inc.*,
   486 F.3d 1286 (Fed. Cir. 2007) ........................................................................ 34

*Wirt v. Matthews*,
   2002 Del. C.P. LEXIS 17 (Feb. 7, 2002) ............................................................ 48

*Worldtech Sys., Inc. v. Integrated Network Solutions, Inc.*,
   609 F.3d 1308 (Fed. Cir. 2010) ........................................................................ 35

**Statutes**

6 Del. C.
   § 2001(4) ............................................................................................ 22, 23
   § 2003 .................................................................................................... 39
   § 2003(a) ................................................................................................ 38
   § 2003(b) ................................................................................................ 39

15 U.S.C.
   § 1117(a) ................................................................................................ 46
   § 1117(a)(3) ............................................................................................ 47

**TABLE OF AUTHORITIES**

(continued)

**Page(s)**

18 U.S.C.

§ 1836(b)(3) ........................................................................................................38
§ 1839(3) ...........................................................................................................22
§ 1839(5) ...........................................................................................................25
§ 1839(5)(A) .......................................................................................................25
§ 1839(5)(B)(i) ....................................................................................................25
§ 1839(6)(b) ........................................................................................................25

35 U.S.C.

§ 102(a) ..............................................................................................................12
§ 102(a)(1) ..........................................................................................................14
§ 102(b) ..............................................................................................................12
§ 103 ..............................................................................................................12, 13
§ 112(a) ....................................................................................................15, 16, 17
§ 271(a) ................................................................................................................5
§ 271(b) ................................................................................................................9
§ 284 ........................................................................................................10, 33, 37
§ 292 ............................................................................................................50, 51
§ 292(b) ..............................................................................................................50

1 Melvin F. Jager, Trade Secrets Law §5:8 (Oct. 2017) ............................................25

Defend Trade Secrets Act ....................................................................21, 22, 25, 26

Delaware Uniform Trade Secrets Act ....................................................21, 22, 25, 39

Lanham Act ........................................................................................43, 44, 45, 47

Lanham Act § 43(a), 15 U.S.C. § 1125(a) ..............................................43, 44, 46

Lanham Act § 1117 ........................................................................................46

Patent Act ....................................................................................................37

Pub. L. No. 114-153, § 2(e), 130 Stat. 376, 381-82 (2016) ..............................21, 26

UTSA § 1 cmt. (amended 1985) ......................................................................25

**Other Authorities**

Local Rule 16.3(c)(5) ........................................................................................1

## EXHIBIT 5

Pursuant to Local Rule 16.3(c)(5), Defendants and Counterclaimants L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc. and Redken 5th Avenue NYC, LLC (collectively "L'Oréal USA") hereby provide this Statement of Issues of Law to be Litigated. The following statement is based on the parties' pleadings, documentary and testimony evidence, expert reports, and on L'Oréal USA's current understanding of Olaplex's claims as they have evolved and changed throughout the case. To the extent that L'Oréal USA's Statement of Issues of Fact that Remain to be Litigated set forth in Exhibit 3 contains issues of law, those issues are incorporated herein by reference. Should the Court determine that any issue identified below is more appropriately considered an issue of fact, L'Oréal USA incorporates such issue by reference into Exhibit 3.

## I.     NON-INFRINGEMENT

### A.     Issues of Law to be Litigated

1.     Whether Olaplex LLC has proven it has standing to assert claims of infringement of the '419 patent.

2.     Whether Liqwd Inc. has proven it has standing to assert claims of infringement of the '419 Patent.

3.     Whether Olaplex has proven that L'Oréal USA, Inc. directly infringes the Asserted Claims 1 and 10 of the '419 Patent.

4.     Whether Olaplex has proven that L'Oréal USA, Inc. induces infringement of the Asserted Claims 1 and 10 of the '419 Patent.

5.     Whether Olaplex has proven that there was willful infringement of the Asserted Claims 1 and 10 of the '419 Patent by L'Oréal USA, Inc.

**EXHIBIT 5**

6.     Whether Olaplex has proven that L'Oréal USA Products, Inc. directly infringes the Asserted Claims 1 and 10 of the '419 Patent.

7.     Whether Olaplex has proven that L'Oréal USA Products, Inc. induces infringement of the Asserted Claims 1 and 10 of the '419 Patent.

8.     Whether Olaplex has proven that there was willful infringement of the Asserted Claims 1 and 10 of the '419 Patent by L'Oréal USA Products, Inc.

9.     Whether Olaplex has proven that L'Oréal USA S/D, Inc. directly infringes the Asserted Claims 1 and 10 of the '419 Patent.

10.     Whether Olaplex has proven that L'Oréal USA S/D, Inc. induces infringement of the Asserted Claims 1 and 10 of the '419 Patent.

11.     Whether Olaplex has proven that there was willful infringement of the Asserted Claims 1 and 10 of the '419 Patent by L'Oréal USA S/D, Inc.

12.     Whether Olaplex has proven that Redken 5th Avenue NYC, L.L.C. directly infringes the Asserted Claims 1 and 10 of the '419 Patent.

13.     Whether Olaplex has proven that Redken 5th Avenue NYC, L.L.C. induces infringement of the Asserted Claims 1 and 10 of the '419 Patent.

14.     Whether Olaplex has proven that there was willful infringement of the Asserted Claims 1 and 10 of the '419 Patent by Redken 5th Avenue NYC, L.L.C.

15.     Whether Olaplex LLC has proven prove it has standing to assert claims of infringement of the '954 Patent.

2

**EXHIBIT 5**

16.     Whether Liqwd Inc. has proven it has standing to assert claims of infringement of the '954 Patent.

17.     Whether Olaplex has proven that L'Oréal USA, Inc. directly infringes the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

18.     Whether Olaplex has proven that L'Oréal USA, Inc. induces infringement of the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

19.     Whether Olaplex has proven that there was willful infringement of the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent by L'Oréal USA, Inc.

20.     Whether Olaplex has proven that L'Oréal USA Products, Inc. directly infringes the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

21.     Whether Olaplex has proven that L'Oréal USA Products, Inc. induces infringement of the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

22.     Whether Olaplex has proven that there was willful infringement of the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent by L'Oréal USA Products, Inc.

23.     Whether Olaplex has proven that L'Oréal USA S/D, Inc. directly infringes the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

24.     Whether Olaplex has proven that L'Oréal USA S/D, Inc. induces infringement of the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

25.     Whether Olaplex has proven that there was willful infringement of the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent by L'Oréal USA S/D, Inc.

3

**EXHIBIT 5**

26.    Whether Olaplex has proven that Redken 5th Avenue NYC, L.L.C. directly infringes the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

27.    Whether Olaplex has proven that Redken 5th Avenue NYC, L.L.C. induces infringement of the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

28.    Whether Olaplex has proven that there was willful infringement of the Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent by Redken 5th Avenue NYC, L.L.C.

**B.    Legal Authority**

1.    **Standing**

29.    The Federal Circuit has held that "'ordinarily' the 'party holding legal title to the patent' has standing to bring an infringement claim." *BASF Plant Sci., LP v. Nuseed Americas Inc.*, No. CV 17-421, 2017 WL 3573811, at *4 (D. Del. Aug. 17, 2017) (quoting *Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1189 (Fed. Cir. 2007)). However, "[s]tanding becomes more complicated where the patent owner licensed some or all of its patent rights to another party." *Id.* An "exclusive licensee has sole standing to sue those suspected of infringing the patents' claims." *Alfred E. Mann Found. For Sci. Research v. Cochlear Corp.*, 604 F.3d 1354, 1359 (Fed. Cir. 2010). "[W]here an exclusive license transfers less than all substantial rights in the patents to the exclusive licensee, the exclusive licensee may still be permitted to bring suit against infringers, but the patent owner is an indispensable party who must be joined." *Id.* (quotations and citations omitted). "[O]nly the party who holds all legal rights to the patent as patentee or assignee of all patent rights can sue in their own name." *IOENGINE LLC v. Interactive Media Corp.*, No. CV 14-1571-GMS, 2017 WL 39563, at *2 (D. Del. Jan. 4, 2017).

4

**EXHIBIT 5**

30.     "Although an agreement to assign in the future inventions not yet developed may

vest the promisee with equitable rights in those inventions once made, such an agreement does

not by itself vest legal title to patents on the inventions in the promise." *Arachnid, Inc. v. Merit

Indus., Inc.*, 939 F.2d 1574, 1581 (Fed. Cir. 1991).  An entity "cannot base an ownership claim"

on an assignment that covers inventions related to but different from those embodied in a patent-

at-issue. *Univ. of W. Virginia, Bd. of Trustees v. VanVoorhies*, 342 F.3d 1290, 1296 (Fed. Cir.

2003).

## 2.     Direct Infringement

31.     Direct infringement requires a party to perform or use each and every step or

element/requirement of a claimed method or product. 35 U.S.C. § 271(a); *Wartner-Jenkinson

Corp. v. Hilton Davis Corp.*, 520 U.S. 17, 29 (1997).  "The patentee bears the burden of proving

infringement by a preponderance of the evidence." *CVI/Beta Ventures, Inc. v. Tura LP*, 112 F.3d

1146, 1161 (Fed. Cir. 1997). Infringement is a question of fact. *See, e.g.*, *EMD Millipoe Corp. v.

AllPure Techs., Inc.*, 768 F.3d 1196, 1200-01 (Fed. Cir. 2014).

32.     Direct infringement of a method claim requires proof that each and every step of

the claimed method is actually performed. *Limelight Networks, Inc. v. Akamai Tech., Inc.*, 134 S.

Ct. 2111, 2117 (2014); *see also ePlus Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 521 (Fed. Cir.

2012) ("ePlus's brief refers to the capability of the accused system, not an actual act of

infringement."); *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1358-59 (Fed.

Cir. 2009) (holding damages for infringement of a method claim are limited to "devices that

were shown to infringe" that method claim when the accused device could be used in either an

infringing or non-infringing manner). It also requires that each method step be "performed by or

5

**EXHIBIT 5**

attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015).

33.     "A patent infringement analysis requires two steps. First, the claim must be properly construed to determine its scope and meaning. Second, the claim as properly construed must be compared to the accused device or process." *Hilgraeve Corp. v. Symantec Corp.*, 265F.3d 1336, 1341 (Fed. Cir. 2001) (citing *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1476 (Fed. Cir. 1998)). Direct infringement is either literal or under the doctrine of equivalents. *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004).

### 3.     Literal Infringement

34.     To literally infringe a patent claim, an accused product or process must have or perform every limitation of the claim exactly as recited in the claim—i.e., the "properly construed claim reads on the device exactly." *Engel Indus., Inc. v. Lockformer Co.*, 96 F.3d 1398, 1405 (Fed. Cir. 1996). "If any claim limitation is absent from the accused device, there is no literal infringement as a matter of law." *Bayer AG v. Elan Pharm. Res. Corp.*, 212 F.3d 1241, 1247 (Fed. Cir. 2000); *see also Johnson v. IVAC Corp.*, 885 F.2d 1574, 1577-78 (Fed. Cir 1989) (the patentee must prove that "every limitations set forth in a claim must be found in an accused product or process exactly.").

### 4.     Doctrine of Equivalents

35.     Under the doctrine of equivalents, "a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements

**EXHIBIT 5**

of the patented invention." *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997). "Each element contained in a patent claim is deemed material to defining the scope of the patented invention, and thus the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole." *Id.*

36.     One test for the doctrine of equivalents considers whether the disputed step/element performs substantially the same function in substantially the same way, to obtain substantially the same result. *See Graver Tank & Mfg. Co. v. Linde Air Prods., Co.*, 339 U.S. 605, 608 (1950). Another common test for the doctrine of equivalents considers whether the disputed element and accused structure are interchangeable. *See Warner-Jenkinson*, 520 U.S. at 24-25.

37.     "[T]wo elements likely are not insubstantially different when they are polar opposites." *Motivation Innovation LLC v. Ulta Salon Cosmetics & Fragrances Inc.*, 59 F. Supp. 3d 663, 674 (D. Del. 2014) (citing *Brilliant Instr., Inc. v. GuideTech, LLC*, 707 F.3d 1342, 1347 (Fed. Cir. 2013)); *see also Planet Bingo, LLC v. GameTech Int'l, Inc.*, 472 F.3d 1338, 1344-45 (2006) (the Federal Circuit has generally "refused to apply the doctrine [of equivalents] . . . where the accused device contained the antithesis of the claimed structure.").

38.     "If a theory of equivalence would vitiate a claim limitation . . . then there can be no infringement under the doctrine of equivalents as a matter of law." *Tronzo v. Biomet, Inc.*, 156 F.3d 1154, 1160 (Fed. Cir. 1998); *see also Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*, 811 F.3d 1334, 1342 (Fed. Cir. 2016).

39.     When a defendant obtains its own patent on the allegedly equivalent feature following disclosure of the asserted patent during prosecution, that fact militates against a

7

**EXHIBIT 5**

finding of infringement under the doctrine of equivalents. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 493 F.3d 1367, 1379-80 (Fed. Cir. 2007); *Siemens Med. Solutions U.S., Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, C.A. No. 07-190-SLR, 2008 U.S. Dist. LEXIS 1486, at \*14-19 (D. Del. Jan. 8, 2008).

40.     "Broad and scant" expert testimony on the doctrine of equivalents is insufficient. *See, e.g., Akzo*, 811 F.3d at 1342-43; *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1329 (Fed. Cir.2001) ("Broad conclusory statements offered by [] expert are not evidence.").

41.     Prosecution history estoppel applies to prevent a patentee from using the doctrine of equivalents to recapture in litigation subject matter it surrendered via a narrowing amendment. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736 (2002) ("Estoppel arises when an amendment is made to secure the patent and the amendment narrows the patent's scope."). Arguments made during the prosecution history to distinguish prior art is enough to give rise to the prosecution history estoppel as "amendment is not essential when argument is made, and relied on, to distinguish the claimed subject matter from the prior art." *Canton Bio-Med., Inc. v. Integrated Liner Tech., Inc.*, 216 F.3d 1367, 1371 (Fed. Cir. 2000). "'The inquiry into whether a patentee can rebut the *Festo* presumption under the "tangential" criterion focuses on the patentee's objectively apparent reason for the narrowing amendment[, which must be] discernable from the prosecution history record[.]'" *Felix v. Am. Honda Motor Co.*, 562 F.3d 1167, 1184 (Fed. Cir. 2009) (quoting *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1369 (Fed. Cir. 2003)).

**EXHIBIT 5**

### 5.   **Inducement**

42.    "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Liability for induced infringement requires, and is predicated on, a showing of direct infringement. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014). It is insufficient to rely on speculation that perhaps someone, somewhere may have practiced a claimed method. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1277 (Fed. Cir. 2004); *see also E-Pass Techs., Inc. v. 3Com Corp*, 473 F.3d 1213, 1222-23 (Fed. Cir. 2007) ("If, as E-Pass argues, it is 'unfathomable' that no user in possession of one of the accused devices and its manual has practiced the accused method . . . E-Pass should have had no difficulty in meeting its burden of proof and in introducing testimony of even one such user.").

43.    Induced infringement also requires "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see also Unwired Planet, LLC v. Apple Inc.*, 829 F.3d 1353, 1364 (Fed. Cir. 2016) ("indirect infringement requires knowledge of the underlying direct infringement—not merely the knowledge of the existence of the patent."). Knowledge of patent infringement in the abstract does not amount to inducement; specific intent and action to induce infringement must also be proven. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006); *MEMC Elecs. Mats., Inc. v. Mitsubishi Mats. Silicon Corp.*, 420 F.3d 1369, 1380 (Fed. Cir. 2005). Merely showing that a defendant provides instructions and training for its customers alone does not evidence inducement; rather, the patentee must show that such instructions and training evidence "intent to encourage infringement." *Takeda Pharms. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 785 F.3d 625, 631 (Fed. Cir. 2015).

**EXHIBIT 5**

6.    **Willfulness**

44.    Enhanced damages under 35 U.S.C. § 284 "are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). The sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, ban-faith, deliberate, consciously wrong, flagrant, or – indeed – characteristics of a pirate." *Id.* The patentee bears the burden of establishing willfulness by a preponderance of evidence. *Id.* at 1934. "Willfulness requires a showing that the totality of the circumstances evince the egregious conduct that constitutes willful infringement." *nCube Corp. v. Seachange Int'l, Inc.*, 436 F.3d 1317, 1324 (Fed. Cir. 2006) (citing *Imonex Servs., Inc. v. W.H. Munzprufer Dietmar Trenner GMBH*, 408 F.3d 1374, 1377 (Fed. Cir. 2005)).

45.    "To willfully infringe a patent, the patent must exist and one must have knowledge of it." *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985); *see also Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510 (Fed. Cir. 1990) ("It is obvious that a party cannot be held liable for 'infringement', and thus not for 'willful' infringement, of a nonexistent patent."); *Adidas Am., Inc. v. Sketchers USA, Inc.*, No. 3:16-cv-1400-SI, 2017 U.S. Dist. LEXIS 89752, at *8 (D. Ore. June 12, 2017) (same).

46.    "[A] nexus between the copying and the novel aspect of the claimed invention [in the asserted claims] must exist." *W.M. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 683 F.3d 1356, 1364 (Fed. Cir. 2012). In addition, merely keeping track of the competition cannot rise to the level of deliberate copying. *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1235-36 (Fed. Cir. 1985). Further, relying on pre-issuance conduct in support of willfulness is allowed only when the pre-issuance conduct demonstrates "particularly egregious behavior." *See, e.g.,*

10

**EXHIBIT 5**

*Sonos, Inc. v. D&M Holdings Inc.*, No. 14-1330 WCB, 2017 WL 5633204, at *4 (D. Del. Nov. 21, 2017) (summarizing cases).

47.    The mitigating factors in determining whether there is willful infringement include alleged infringer's independent development and issuance of patents relating to the alleged infringer's accused products and technology. *See, e.g.*, *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1465 (Fed. Cir. 1997) (independent development a mitigating factor for willfulness); *Rexnord, Inc. v. Laitram Corp.*, No. 85-C-1039, 1988 U.S. Dist. LEXIS 9354, at *117 (E.D. Wis. Jan. 28, 1988) (independent research and development not "'utter disregard for the [] patents' or 'obnoxious conduct.'"); *King Instr. Corp. v. Otari Corp.*, 767 F.2d 853, 867 (Fed. Cir. 1985) (relying on its patent issuance over the patent-in-suit, defendant "might reasonably have believed that its actions were protected as within its own patentably distinct claims, while falling outside the [patent-in-suit].").

## II.    INVALIDITY

### A.    Issues of Law to be Litigated

48.    Whether claims 1 and 10 of the '419 patent are invalid as anticipated.

49.    Whether claims 1 and 10 of the '419 patent and claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 patent are invalid as obvious.

50.    Whether claims 1 and 10 of the '419 patent and claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 patent are invalid for lack of written description.

51.    Whether claims 1 and 10 of the '419 patent and claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 patent are invalid for lack of enablement.

**EXHIBIT 5**

**B.     Legal Authority**

        1.     **Anticipation**

52.     Under 35 U.S.C. § 102(a), "[a] person shall be entitled to a patent unless—(1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention; or (2) the claimed invention was described in a patent issued under section 151, or in an application for patent published or deemed published under section 122(b), in which the patent or application, as the case may be, names another inventor and was effectively filed before the effective filing date of the claimed invention," with certain exceptions outlined in 35 U.S.C. § 102(b).

53.     "[I]nvalidity by anticipation requires that the four corners of a single, prior art document describe every element of the claimed invention, either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation." *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000). However, "the reference need not satisfy an ipsissimis verbis test." *In re Gleave*, 560 F.3d 1331, 1334 (Fed. Cir. 2009). Moreover, "[a]s long as the reference discloses all of the claim limitations and enables the subject matter that falls within the scope of the claims at issue, the reference anticipates—no actual creation or reduction to practice is required." *Id.* (citations and quotations omitted).

        2.     **Obviousness**

54.     Under 35 U.S.C. § 103, "[a] patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed

**EXHIBIT 5**

invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains."

55.     *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17-18 (1966), set out an objective analysis for applying § 103: "[T]he scope and content of the prior art are . . . determined; differences between the prior art and the claims at issue are . . . ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented."

56.     "In *KSR*, the Supreme Court criticized a rigid approach to determining obviousness based on the disclosures of individual prior-art references, with little recourse to the knowledge, creativity, and common sense that an ordinarily skilled artisan would have brought to bear when considering combinations or modifications." *Randall Mfg. v. Rea*, 733 F.3d 1355, 1362 (Fed. Cir. 2013). Rather, the Court explained that the obviousness inquiry requires an "expansive and flexible approach." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 415 (2007). Exemplary rationales that may support a conclusion of obviousness include: (A) combining prior art features according to known methods to yield predictable results (*id*. at 416); (B) the simple substitution of one known feature, element, process, etc. for another to obtain predictable results (*id*. at 417); (C) the use of one or more known techniques, processes, features, etc. to improve similar processes, components, features, formulations, and the like in the same way (*id*.); (D) applying a known technique, process, of features to a known method or component, including formulations that were ready for improvement to yield predictable results (*id*.); choosing from a finite number of identified, predictable solutions, with a reasonable expectation of success (*id*. at

**EXHIBIT 5**

421);  (F) work in one field of endeavor that may prompt variations of it for use in either the same field or a different one based on design incentives or other market forces where such variations would have been predictable (*id.* at 417); (G) teachings, suggestions, or motivations in the prior art that would have led one of ordinary skill in the art at the relevant time to modify a process, formulations, components, or features described in a prior art reference or to combine prior art reference teachings to arrive at the claimed invention in the Asserted Claims (*id.* at 418). "[T]he analysis need not seek out precise teachings directed to the specific subject matter of the challenged claim, for a court can take account of the inferences and creative steps that a person of ordinary skill in the art would employ."  *Id.* at 418.

57.     Various sources of prior art are available for use in an obviousness analysis, including where there material is "patented, described in a printed publication, or in public use, on sale, or otherwise available to the public."  35 U.S.C. § 102(a)(1).  "[T]he on-sale bar applies when two conditions are satisfied before the critical date. First, the product must be the subject of a commercial offer for sale. . . . Second, the invention must be ready for patenting."  *Pfaff v. Wells Elecs., Inc.*, 525 U.S. 55, 67 (1998).  An invention can be shown to be ready for patenting either "by proof of reduction to practice before the critical date; or by proof that prior to the critical date the inventor had prepared drawings or other descriptions of the invention that were sufficiently specific to enable a person skilled in the art to practice the invention."  *Id.* at 67-68. Similarly,  "'[t]he public use bar is triggered where, before the critical date, the invention is in public use and ready for patenting.'"  *Barry v. Medtronic, Inc.*, 914 F.3d 1310, 1320 (Fed. Cir. 2019).

**EXHIBIT 5**

### 3.   **Written Description**

58.     The specification of a patent as filed must "contain a written description of the invention." 35 U.S.C. § 112(a). The test is "whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc). A patent does not meet the written description requirement where the specification fails "to demonstrate that the patentee possessed the full scope of the invention recited" in the claims. *LizardTech, Inc. v. Earth Resource Mapping, Inc.*, 424 F. 3d 1336, 1345 (Fed. Cir. 2005). A party "must show a lack of written description by clear and convincing evidence." *Rivera v. ITC*, 857 F.3d 1315, 1319 (Fed. Cir. 2017).

59.     The policy reasons behind the requirement were articulated by the Supreme Court in the landmark case of *O'Reilly v. Morse*, 56 U.S. 62, 120 (1854). Instead of promoting innovation (the goal of patent law), overbroad claiming suppresses innovation. *Id.* at 120-21 ("The evil is the same if [the inventor] claims more than he has invented, although no other person has invented it before him. He prevents others from attempting to improve upon the manner and process which he has described in his specification and may deter the public from using it, even if discovered."). Consequently, "[a patentee] can lawfully claim only what he has invented and described, and if he claims more his patent is void." *Id.* at 121; *see also Cordis Corp. v. Medtronic AVE, Inc.*, 339 F.3d 1352, 1356 (Fed. Cir. 2003) ("a broad claim is invalid when the specification clearly indicates that the invention is of much narrower scope.") (quoting *Cooper Cameron Corp. v. Kvaerner Oilfield Prod., Inc.*, 291 F.3d 1317, 1323 (Fed. Cir. 2002)).

60.     The test for sufficiency of the written description requirement "requires an objective inquiry into the four corners of the specification from the perspective of a person of

**EXHIBIT 5**

ordinary skill in the art" to determine if "the inventor actually invented the invention claimed." *Ariad*, 598 F.3d at 1351; *see also Riviera*, 857 F.3d at 1319. "[A] sufficient description of a genus requires the disclosure of either a representative number of species falling within the scope of the genus or structural features common to the members of the genus so that one of skill in the art can 'visualize or recognize' the members of the genus." *Ariad*, 598 F.3d at 1350. A statement merely naming a category of compounds in a specification is not sufficient, on its own, to satisfy the written description requirement. *See Bos. Sci. Corp. v. Johnson & Johnson*, 647 F.3d 1353, 1364 (Fed. Cir. 2011) ("An *ipsis verbis* disclosure of a claimed genus … is not *per se* sufficient to meet the written description requirement."). While in some instances "disclosure of a species may be sufficient written description support for a later claimed genus including that species," this is not the case in various situations such as where "the person skilled in the art would not readily discern that other members of the genus would perform similarly to the disclosed members." *Bilstad v. Wakalopulos*, 386 F.3d 1116, 1124-25 (Fed. Cir. 2004).

61.     While a patent need not describe the accused product in "exact terms," it must "at least describe some species representative" of the accused product. *AbbVie Deutschland GmbH v. Janssen Biotech, Inc.*, 759 F.3d 1285, 1301 (Fed. Cir. 2014); *see also Rivera*, 587 F.3d at 1321 ("written description support for broad claims covering a receptacle with integrated filter such as Solofill's accused product . . . is lacking"); *CenTrak, Inc. v. Sonitor Techs.*, Inc., No. 14-183-RGA, 2017 U.S. Dist. LEXIS 139277, at *23-26 (D. Del. Aug. 30, 2017) (Andrews, J.).

62.     While expert testimony may help explain and give context to what the specification describes, for purposes of §112(a), the focus is on the invention the inventors possessed. *Rivera*, 851 F.3d at 1322 (citing *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1571-72 (Fed. Cir. 1997)). A party may not use an expert to fill in subject matter that was not

**EXHIBIT 5**

described as the invention, even if a person of ordinary skill in the art "recognized the need" or was "aware" of the availability of a component of the accused device. *Id.* (rejecting patentee's attempted "gap-filling"); *see also CenTrak, Inc. v. Sonitor Techs., Inc.*, CA No. 14-183-RGA, 2017 U.S. Dist. LEXIS 139277, at *22-23 (D. Del. Aug. 30, 2017).

63.     It is well established that the Federal Circuit considers inventor testimony to be relevant in a §112 analysis. *Auto. Techs. Int'l, Inc. v. BMW of N. Am., Inc.*, 501 F.3d 1274, 1283-84 (Fed. Cir. 2007); *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1287 (Fed. Cir. 2012).

### 4.     Enablement

64.     The specification must "enable" the invention by describing the manner of its making and use "in such full, clear, concise, and exact terms as to enable any person skilled in the art . . . to make and use the same[.]" 35 U.S.C. § 112(a). "This important doctrine prevents both inadequate disclosure of an invention and overbroad claiming that might otherwise attempt to cover more than was actually invented." *MagSil Corp. v. Hitachi Glob. Storage Techs., Inc.*, 687 F.3d 1377, 1381 (Fed. Cir. 2012). Enablement requires that "the specification, not the knowledge of one skilled in the art, [] must supply the novel aspects of an invention . . . ." *Genentech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1366 (Fed. Cir. 1997); *see also Auto. Techs. Int'l, Inc. v. BMW of N. Am., Inc.*, 501 F.3d 1274, 1283 (Fed. Cir. 2007) (considering "the novel aspects of an invention" in assessing enablement). A specification is not enabling if a person of ordinary skill in the art would be unable to practice the full scope of the claimed invention without engaging in "undue experimentation." *MagSil*, 687 F.3d at 1380.

17

**EXHIBIT 5**

65.     The Federal Circuit has articulated a non-exhaustive list of factors a court may consider in the "undue experimentation" inquiry. *In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988) (the "Wands" factors); *see also Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1371 (Fed. Cir. 1999). The factor include: (1) the quantity of experimentation necessary, (2) the amount of direction or guidance presented, (3) the presence or absence of working examples, (4) the nature of the invention, (5) the state of the prior art, (6) the relative skill of those in the art, (7) the predictability or unpredictability of the art, and (8) the breadth of the claims. *Wands*, 858 F.2d at 737. Lack of prototypes is another factor relevant to enablement. *Liebel-Flarsheim Co. v. Medrad, Inc.*, 481 F.3d 1371, 1379 (Fed. Cir. 2007).

66.     When a claim covers two distinct types of embodiments, it must enable both. *Liebel-Flarsheim*, 481 F.3d at 1379; *Sitrick v. Dreamworks, LLC*, 516 F.3d 993, 1000 (Fed. Cir. 2008) ("Because the asserted claims are broad enough to cover both movies and video games, the patents must enable both embodiments"); *see also Auto. Techs.*, 501 F.3d at 1283, 1285 (holding although the claims covered the use of both electrical and mechanical sensors, these two types of sensors were "distinctly different sensors" and only mechanical sensors were enabled and that the claims were held invalid even though there was some disclosure of an electrical sensor).

67.     Disparagement of or teaching away from prior art in the specification "'is itself evidence that at least a significant amount of experimentation would have been necessary.'" *Liebel-Flarsheim*, 481 F.3d at 1379 (quoting *AK Steel Corp. v. Sollac*, 344 F.3d 1234, 1244 (Fed. Cir. 2003)). In addition, evidence of a later-developed species can support a finding that a patent fails to disclose a representative number of species to support a broad genus claim. *Amgen Inc. v. Sanofi*, 872 F.3d 1367, 1374 (Fed. Cir. 2017).

**EXHIBIT 5**

68.    It is well established that the Federal Circuit considers inventor testimony to be relevant in a §112 analysis. *Auto. Techs.*, 501 F.3d at 1283-84; *Streck*, 665 F.3d at 1287.

## III.    OLAPLEX'S CLAIMS FOR MISAPPROPRIATION OF TRADE SECRETS

### A.    Issues of Law to be Litigated

69.    Whether Olaplex LLC has proven that it possessed/possesses trade secret information.

70.    Whether Olaplex LLC has proven that the information it identifies as its trade secret was not already known to the public or L'Oréal USA as of May 19, 2015.

71.    Whether Olaplex LLC has proven that L'Oréal USA, Inc. acquired information that Olaplex LLC identifies as its trade secrets at the May 19, 2015 meeting.

72.    Whether Olaplex LLC has proven that L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc. or Redken 5th Avenue NYC, L.L.C. acquired information that Olaplex LLC identifies as its trade secrets which L'Oréal USA Products, Inc. knew or should have known was improperly acquired.

73.    Whether Olaplex LLC can prove that L'Oréal USA used or disclosed any of the information Olaplex LLC identifies as its trade secrets without Olaplex LLC's consent.

74.    Whether Olaplex LLC can prove that L'Oréal USA used or disclosed any of the information Olaplex LLC identifies as its trade secrets without Olaplex LLC's consent after May 11, 2016.

**EXHIBIT 5**

75.     Whether Olaplex LLC can prove that it suffered any damages as a result of L'Oréal USA's purported disclosure or use of the information Olaplex LLC identifies as its trade secrets.

76.     Whether Liqwd, Inc. has proven that it possessed/possesses trade secret information.

77.     Whether Liqwd, Inc. has proven that the information it identifies as its trade secret was not already known to the public or L'Oréal USA as of May 19, 2015.

78.     Whether Liqwd, Inc. has proven that L'Oréal USA, Inc. acquired information that Liqwd, Inc. identifies as its trade secrets at the May 19, 2015 meeting.

79.     Whether Liqwd, Inc. has proven that L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc. or Redken 5th Avenue NYC, L.L.C. acquired information that Liqwd, Inc. identifies as its trade secrets which L'Oréal USA Products, Inc. knew or should have known was improperly acquired.

80.     Whether Liqwd, Inc. can prove that L'Oréal USA used or disclosed any of the information Liqwd, Inc. identifies as its trade secrets without Liqwd, Inc.'s consent.

81.     Whether Liqwd, Inc. can prove that L'Oréal USA used or disclosed any of the information Liqwd, Inc. identifies as its trade secrets without Liqwd, Inc.'s consent after May 11, 2016.

82.     Whether Liqwd, Inc. can prove that it suffered any damages as a result of L'Oréal USA's purported disclosure or use of the information Liqwd, Inc. identifies as its trade secrets.

20

**EXHIBIT 5**

83.     Whether Olaplex LLC and Liqwd Inc. are barred from recovering on their claims for trade secret misappropriation under the DTSA or the DUTSA in light of the fact that Defendants independently discovered that the Olaplex products contained maleic acid in August 2014; that the use of maleic acid in hair treatment processes, including bleaching, was described, detailed, and presented in publications, including, for example, prior patents and published applications; that the testing methods identified by Olaplex as trade secrets were and are common methods generally and publicly known before any meetings between the parties; and that the other information identified by Olaplex as constituting trade secrets consists of information that has been described, detailed, and presented in publications and on publicly available Internet sites.

84.     Whether Olaplex LLC and Liqwd Inc. are barred from recovering on their claims for trade secret misappropriation under the DTSA or the DUTSA in light of the fact that Defendants independently developed the Accused Products without any information from Olaplex.

85.     Whether Olaplex LLC and Liqwd Inc. are barred from recovering on their claims for trade secret misappropriation under the DTSA or the DUTSA based on their failure to maintain the purported confidentiality of information they identify as trade secrets.

**B.     Legal Authority**

86.     The Defend Trade Secrets Act ("DTSA") applies only to acts of misappropriation commencing on or after May 11, 2016. *See* Pub. L. No. 114-153, § 2(e), 130 Stat. 376, 381-82 (2016); *see also Adams Arms, LLC v. Unified Weapon Sys., Inc.*, No. 8:16-cv-1503-T-33AEP, 2016 WL 5391394, at *6 (M.D. Fla. Sept. 27, 2016) (§ 2(e) requires alleging a prohibited act on

21

**EXHIBIT 5**

or after May 11, 2016 to state a "plausible claim for relief"); *Hydrogen Master Rights, Ltd. v. Weston*, No. 16-474-RGA, 2017 WL 78582, at *10 (D. Del. Jan. 9, 2017) (dismissing DTSA claim where "[t]he complaint d[id] not allege any acts on or after May 11, 2016 other than a conclusory allegation of continuing use and disclosure.")

87.     The Delaware Uniform Trade Secrets Act ("DUTSA") defines "trade secret" as information that the owner has reasonably tried to keep secret, which is not "generally [] known to, and not [ ] readily ascertainable by proper means by" others who might obtain fiscal value from its disclosure or use. *See* 6 Del. C. § 2001(4). *See also Mattern & Assocs., L.L.C. v. Seidel*, 678 F. Supp. 2d 256, 269 (D. Del. 2010). The Defend Trade Secrets Act ("DTSA") has a similar definition. See 18 U.S.C. § 1839(3).

88.     To prevail on a misappropriation of trade secrets claim under the DUTSA, a plaintiff must establish the following:

> The acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means, or alternatively, the disclosure or use of a trade secret of another without express or implied consent by a person who either: (1) acquired the secret by improper means; (2) knew or had reason to know that their knowledge of the trade secret was (A) derived by another who acquired it by improper means, (B) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, or (C) acquired by accident or mistake.

*Mattern & Assocs., L.L.C. v. Seidel*, 678 F. Supp. 2d 256, 269 (D. Del. 2010).

89.     A trade secret plaintiff must identify its trade secrets in a manner that provides "a reasonable degree of precision and specificity" that is "particular enough as to separate the trade secret from matters of general knowledge in the trade or of special knowledge of persons skilled in the trade." *Dow Chem. Canada, Inc. v. HRD Corp.*, 909 F. Supp. 2d 340, 346 (D. Del. 2012).

**EXHIBIT 5**

*See also IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 583-84 (7th Cir. 2002) (holding that "a plaintiff must do more than just identify a kind of technology and then invite the court to hunt through the details in search of items meeting the statutory definition" of a trade secret); *TNS Media Research, LLC v. TRA Global. Inc.*, 984 F. Supp. 2d 205, 238-39 (S.D.N.Y. 2013) (rejecting the plaintiff's "Dance of the Seven Veils approach to its trade secret claim" as "manifestly prejudicial . . . , and taxing to the Court"); *qad.inc. v. ALN Assocs., Inc.*, 1990 WL 93362, at *3 (N.D. Ill. June 20, 1990) (finding it "wrong as a matter of law" that a party could "simply persist in the blunderbuss statement that 'Everything you got from us was a trade secret'" and prevail on its trade secrets claim).

90.     To qualify as a protectable trade secret, the information must "[derive] independent economic value by virtue of its not being generally known or readily ascertainable by proper means." 6 Del. C. § 2001(4).

91.     If a plaintiff intends to point to a combination of known components as its trade secrets, it must "specifically describe what particular combination of components it has in mind, how these components are combined, and how they operate in unique combination." *Hill v. Best Med. Int'l, Inc.*, 2010 WL 2546023, at *4 n.8 (W.D. Pa. June 24, 2010). *See also Merck & Co. v. SmithKline Beecham Pharms. Co.*, 1999 WL 669354, *15 (Del. Ch. 1999) (noting that a commercial process composed of publicly known elements may constitute a trade secret "so long as it is a unique process which is not known in the industry.")

92.     Information in a published patent application is not a trade secret. *Medtronic Vascular, Inc. v. Advanced Cardiovascular Sys., Inc.*, No. 98-80-SLR, 2005 WL 388592, at *1 n.4 (D. Del. Feb. 2, 2005); *see also Raza v. Siemens Med. Sols. USA Inc.*, 607 F. Supp. 2d 689,

23

**EXHIBIT 5**

693 (D. Del. 2009) ("when a patent is published containing a trade secret, it destroys the trade secret."); *Dow Chem. Canada, Inc. v. HRD Corp.*, 656 F. Supp. 2d 427, 448 (D. Del. 2009) (granting summary judgment and finding that no reasonable jury could conclude that information in a patent application was a trade secret where the information was disclosed in a prior patent.). Likewise, "[o]nce a trade secret is posted on the Internet, it is effectively part of the public domain, impossible to retrieve."

93.     Information that is widely known also cannot be a trade secret. *See Adtile Techs. Inc. v. Perion Network Ltd.*, No. 15-1193-SLR, 2016 WL 3457152, at *3 (D. Del. June 23, 2016) ("Well-known and common-sense methods throughout [an] industry may not properly be considered proprietary information."); *Pfizer, Inc. v. ICI Americas, Inc.*, No. 7785, 1984 WL 8262, at *8 (Del. Ch. Nov. 21, 1984) (same); *Arrowhead Global Solutions, Inc. v. Datapath, Inc.*, 166 F. App'x 39, 45 (4th Cir. 2006) ("[o]nce a trade secret is posted on the Internet, it is effectively part of the public domain, impossible to retrieve."); *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 484 (1974) (A trade secret cannot be something that has been "placed in the public domain."); *Nova Chems., Inc. v. Sekisui Plastics Co.*, 579 F.3d 319, 327 (3d Cir. 2009) ("'[T]he most important characteristic of a trade secret is that it is in fact secret.'").

94.     A trade secret plaintiff cannot claim trade secret protection on ingredients it does not manufacture. *See Callaway Golf Co. v. Dunlop Slazenger Group Ams., Inc.*, 318 F. Supp. 2d 205, 211 (D. Del. 2004) ("Thus, the information Dewanjee received concerning the potential uses of PPDI in a golf ball cover originated with Uniroyal, and, as a matter of law, that information cannot be a Dunlop trade secret.") (citing *Bowser, Inc. v. Filters, Inc.*, 398 F.2d 7, 10 (9th Cir. 1968)) ("the ideas, formulae, designs, knowledge or skill asserted a constituting plaintiffs' trade secrets must have originated with the plaintiffs").

24

**EXHIBIT 5**

95.     Sources and costs of raw materials, are not trade secrets. *See SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1257 (3d Cir. 1985) ("'[m]aterial sources and costs' are 'something that would be learned in any productive industry.'") *See also Panther Sys., II, Ltd. v. Panther Computer Sys., Inc.*, 783 F. Supp. 53, 70 (E.D.N.Y. 1991) ("in general, the identity of suppliers is not a trade secret entitled to protection since they can be readily learned in any productive industry.")

96.     To establish misappropriation of trade secrets under the DUTSA and DTSA, a plaintiff must prove that a trade secret was improperly used or disclosed by the defendant to the injury of the plaintiff. *Accenture Global Servs. GmbH v. Guidewire Software, Inc.*, 581 F. Supp. 2d 654, 662 (D. Del. 2008) (*citing Savor, Inc. v. FMR Corp.*, 2004 WL 1965869, at *5 (Del. Super. July 15, 2004)); 18 U.S.C. § 1839(5)(A), (B)(i). *See also Avaya Inc. v. Cisco Sys., Inc.*, 2011 WL 4962817, at *3 (D.N.J. Oct. 18, 2011); *see also* DTSA, 18 U.S.C. § 1839(5) (requiring actual "acquisition" or "disclosure" of a trade secret). Thus, "mere knowledge" of a trade secret is not sufficient to maintain a trade secret misappropriation claim. 1 Melvin F. Jager, Trade Secrets Law §5:8 (Oct. 2017).

97.     A defendant's independent development of similar technology cannot support a trade secret claim. *See CVD, Inc. v. Raytheon Co.*, 769 F.2d 842, 850 (1st Cir. 1985) ("unlike a patent, a trade secret affords no rights against the independent development of the same technology or knowledge by others." *See also Kewanee Oil Co.*, 416 U.S. at 476 (trade secret law "does not offer protection against discovery by fair and honest means, such as by independent invention, accidental disclosure, or by so-called reverse engineering . . . ."); *accord* 18 U.S.C. § 1839(6)(b); UTSA § 1 cmt. (amended 1985).

25

**EXHIBIT 5**

98.     Where a defendant competitor is "experienced," speed of development does not show misappropriation. *Flotec, Inc. v. S. Research, Inc.*, 16 F. Supp. 2d 992, 1009 (S.D. Ind. 1998).

99.     The DTSA applies only to acts of misappropriation commencing on or after May 11, 2016. *See* Pub. L. No. 114-153, § 2(e), 130 Stat. 376, 381-82 (2016); *see also Adams Arms, LLC v. Unified Weapon Sys., Inc*., No. 8:16-cv-1503-T-33AEP, 2016 WL 5391394, at *6 (M.D. Fla. Sept. 27, 2016) (§ 2(e) requires alleging a prohibited act on or after May 11, 2016 to state a "plausible claim for relief"); *Hydrogen Master Rights, Ltd. v. Weston*, No. 16-474-RGA, 2017 WL 78582, at *10 (D. Del. Jan. 9, 2017) (dismissing DTSA claim where "[t]he complaint d[id] not allege any acts on or after May 11, 2016 other than a conclusory allegation of continuing use and disclosure.")

## IV.     OLAPLEX'S CLAIM FOR BREACH OF CONTRACT

### A.     Issues of Law to be Litigated

100.     Whether Olaplex has proven that L'Oréal USA, Inc. shared or disclosed information provided by Olaplex LLC or Liqwd Inc. pursuant to the parties' Non-Disclosure Agreements.

101.     Whether Olaplex LLC and Liqwd Inc. are barred from recovering on their breach of contract claims in light of their prior breaches of the Non-Disclosure Agreements, including but not limited to their disclosure of the parties' acquisition talks to third parties without L'Oréal USA, Inc.'s consent.

**EXHIBIT 5**

102.     Whether Olaplex LLC and Liqwd Inc. are barred from recovering on their breach of contract claims based on their failure to maintain the purported confidentiality of the information they contend was disclosed by L'Oréal USA, Inc.

103.     Whether Olaplex LLC and Liqwd Inc. are barred from recovering on their breach of contract claims because any damages they may have suffered would have been caused by independent, intervening, and/or superseding events, including, for example, Olaplex's public discussions with third parties and through social media regarding their patents and testing practices.

104.     Whether Olaplex LLC and Liqwd Inc. are barred from recovering on their breach of contract claims by failing to act reasonably and prudently mitigate any damages they may have incurred.

### B.     Legal Authority

105.     The elements for a breach of contract claim under Delaware law are: "(1) a contractual obligation; (2) a breach of that obligation by the defendant; and (3) resulting damage to the plaintiff[]." *Greenstar, LLC v. Heller*, 814 F. Supp. 2d 444, 450 (D. Del. 2011) (citing *WaveDivision Holdings, LLC v. Millennium Digital Media Sys.*, L.L.C., No. 2993–VCS, 2010 WL 3706624, at *13 (Del. Ch. Sept. 17, 2010); *H-M Wexford LLC v. Encorp, Inc.*, 832 A.2d 129, 140 (Del. Ch. 2003)).

106.     Prior breach of a contract may excuse a party's alleged non-performance. *Eastern Elec. & Heating, Inc. v. Pike Creek Professional Ctr.*, 1987 Del. Super. LEXIS 1115, at *12-13 (Apr. 7, 1987). In addition, a "voluntary disclosure of purportedly privileged or confidential material to a third-party . . . is generally considered inconsistent with the witness's claim of

**EXHIBIT 5**

confidentiality." *John Doe v. Special Investigations Agency, Inc.*, 1991 U.S. Dist. LEXIS 13854, at *5 (E.D. Pa. Sept. 25, 1991).

## V.      NO DAMAGES ON OLAPLEX'S CLAIMS

### A.      Issues of Law to be Litigated

#### 1.      Patent Issues

107.     Whether Olaplex LLC and/or Liqwd, Inc. is entitled to any damages for L'Oréal USA, Inc.'s alleged infringement of the Asserted Claims 1 and 10 of the '419 patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 patent.

108.     Whether Olaplex LLC and/or Liqwd, Inc. is entitled to any enhanced damages for L'Oréal USA, Inc.'s alleged willful infringement of the Asserted Claims 1 and 10 of the '419 patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 patent.

109.     Whether Olaplex LLC and/or Liqwd, Inc. can show this is an exceptional case justifying an award of attorney fees from L'Oréal USA, Inc.

110.     Whether Olaplex LLC and/or Liqwd, Inc. is entitled to a permanent injunction based on L'Oréal USA, Inc.'s alleged infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

111.     Whether Olaplex LLC and/or Liqwd, Inc. is entitled to any damages for L'Oréal USA Products, Inc.'s alleged infringement of the Asserted Claims 1 and 10 of the '419 patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 patent.

**EXHIBIT 5**

112.     Whether Olaplex LLC and/or Liqwd, Inc. is entitled to any enhanced damages for L'Oréal USA Products, Inc.'s alleged willful infringement of the Asserted Claims 1 and 10 of the '419 patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 patent.

113.     Whether Olaplex LLC and/or Liqwd, Inc. can show this is an exceptional case justifying an award of attorney fees from L'Oréal USA Products, Inc.

114.     Whether Olaplex LLC and/or Liqwd, Inc. is entitled to a permanent injunction based on L'Oréal USA Products, Inc.'s alleged infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

115.     Whether Olaplex LLC and/or Liqwd, Inc. is entitled to any damages for L'Oréal USA S/D, Inc.'s alleged infringement of the Asserted Claims 1 and 10 of the '419 patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 patent.

116.     Whether Olaplex LLC and/or Liqwd, Inc. is entitled to any enhanced damages for L'Oréal USA S/D, Inc.'s alleged willful infringement of the Asserted Claims 1 and 10 of the '419 patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 patent.

117.     Whether Olaplex LLC and/or Liqwd, Inc. can show this is an exceptional case justifying an award of attorney fees from L'Oréal USA S/D, Inc.

118.     Whether Olaplex LLC and/or Liqwd, Inc. is entitled to a permanent injunction based on L'Oréal USA S/D, Inc.'s alleged infringement of the Asserted Claims 1 and 10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

**EXHIBIT 5**

119.     Whether Olaplex LLC and/or Liqwd, Inc. is entitled to any damages for Redken

5th Avenue NYC, L.L.C.'s alleged infringement of the Asserted Claims 1 and 10 of the '419

patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 patent.

120.     Whether Olaplex LLC and/or Liqwd, Inc. is entitled to any enhanced damages for

Redken 5th Avenue NYC, L.L.C.'s alleged willful infringement of the Asserted Claims 1 and 10

of the '419 patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 patent.

121.     Whether Olaplex LLC and/or Liqwd, Inc. can show this is an exceptional case

justifying an award of attorney fees from Redken 5th Avenue NYC, L.L.C.

122.     Whether Olaplex LLC and/or Liqwd, Inc. is entitled to a permanent injunction

based on Redken 5th Avenue NYC, L.L.C.'s alleged infringement of the Asserted Claims 1 and

10 of the '419 Patent and Asserted Claims 1, 4, 11-16, 19, 20, 24-26, and 30 of the '954 Patent.

2.     **Non-Patent Issues**

123.     Whether Olaplex LLC and/or Liqwd, Inc. is entitled to any damages against

L'Oréal USA, Inc. for its claims of misappropriation of trade secrets.

124.     Whether Olaplex LLC and/or Liqwd, Inc. is entitled to any damages against

L'Oréal USA Products, Inc. for its claims of misappropriation of trade secrets.

125.     Whether Olaplex LLC and/or Liqwd, Inc. is entitled to any damages against

L'Oréal USA S/D, Inc. for its claims of misappropriation of trade secrets.

126.     Whether Olaplex LLC and/or Liqwd, Inc. is entitled to any damages against

Redken 5th Avenue NYC, L.L.C for its claims of misappropriation of trade secrets.

**EXHIBIT 5**

127.     Whether Olaplex LLC and/or Liqwd, Inc. is entitled to any damages against L'Oréal USA, Inc. for breach of contract.

128.     Whether Olaplex LLC and/or Liqwd, Inc. is entitled to any damages against L'Oréal USA Products, Inc. for breach of contract.

129.     Whether Olaplex LLC and/or Liqwd, Inc. is entitled to any damages against L'Oréal USA S/D, Inc. for breach of contract.

130.     Whether Olaplex LLC and/or Liqwd, Inc. is entitled to any damages against Redken 5th Avenue NYC, L.L.C for breach of contract.

131.     Whether Olaplex LLC and Liqwd Inc. are barred from recovering on their breach of contract claims by failing to act reasonably and prudently mitigate any damages they may have incurred.

132.     Whether Olaplex LLC and Liqwd Inc. are barred from recovering on any of their claims on the grounds that any such recovery would constitute unjust enrichment, in light if the fact that information withheld by Olaplex until after the close of document discovery reveals that Olaplex engaged in an aggressive and illegal campaign to manipulate the market to artificially increase its market share while pushing competitors out of the market.

133.     Whether Olaplex LLC and Liqwd. Inc. are barred from recovering any relief sought in this action due to their spoliation of evidence, including but not limited to evidence documenting the conception and reduction to practice of the inventions of the Asserted Patents, the manufacture of the Olaplex products and Olaplex's marketing and advertising activities, including but not limited to paid endorsements and social media outreach.

31

**EXHIBIT 5**

134.    Whether Olapex LLC and Liqwd Inc. are barred from recovering any relief sought in this action, including but not limited to any equitable relief sought, because they filed this lawsuit with unclean hands, including but not limited to the following acts:

a)    Engaging in a multifaceted, illegal scheme to block the sale of the L'Oréal USA products through false promises, false and misleading advertising, and false marking.

b)    Using undisclosed, paid endorsements and fake social media accounts to conceal any affiliation to Olaplex, while lauding the Olaplex products and denouncing competitors, including L'Oréal USA, Inc.

c)    Seeking injunctive relief and arguing that Olaplex LLC competes with L'Oréal USA, Inc. in a two-player market, without disclosing their own market conduct and manipulation.

d)    Refusing to produce discovery relating to its marketing activities for nearly two years, which discovery revealed Olaplex's market manipulation.

e)    Securing witnesses' unavailability, including threats to pull Olaplex's business from L'Oréal USA, Inc.'s subsidiary, SalonCentric, if Defendants proceeded with the deposition of Olaplex's co-founder.

f)    Blocking depositions of purported third parties on grounds that Olaplex does not control these third parties, when they were all represented by Olaplex's counsel at their depositions.

g)    Asking stylists who were testing the Redken product to provide Olaplex with non-public, confidential information about the product months before the product was launched and to record any conversations by Redken involving Olaplex.

**EXHIBIT 5**

### B.      Legal Authority

####       1.      Patent Issues

135.    "Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. "[T]he amount of a prevailing party's damages is a finding of fact on which the plaintiff bears the burden of proof by a preponderance of the evidence." *Smithkline Diagnostics, Inc. v. Helena Labs., Corp.*, 926 F.2d 1161, 1164 (Fed. Cir. 1991).

136.    **Lost Profits**. A patent owner seeking to recover lost profits must show "causation in fact" in a "but for" analysis where absent infringement, there is a reasonable probability that the patent owner would have made the infringer's sales. *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999). Because this is difficult to establish, Courts typically apply the four-factor test articulated in *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978) to determine "but for" causation. *BIC Leisure Prods. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214, 1217-18 (Fed. Cir. 1993). "Damages under *Panduit* are not easy to prove." *Mentor Graphics Corp. v. Eve-USA, Inc.*, 851 F.3d 1275, 1285 (Fed. Cir. 2017). Specifically, the patentee must establish "(1) demand for the patented product; (2) absence of acceptable noninfringing substitutes; (3) manufacturing and marketing capacity to exploit the demand; and (4) the amount of profit it would have made." *BIC Leisure Prods.*, 1 F.3d at 1217. Among other reasons, the *Panduit* test is difficult to prove because the first two factors, taken together, require patentees "to prove demand for the product as a whole and the absence of non-infringing alternatives," thereby tying lost profit damages "to specific claim limitations and

**EXHIBIT 5**

ensur[ing] that damages are commensurate with the value of the patented feature." *Mentor*, 851 F.3d at 1285.

137.    "The second factor, absence of acceptable non-infringing alternatives, often proves the most difficult obstacle for patent holders. Under this factor, if there is a noninfringing alternative which any given purchaser would have found acceptable and bought, then the patentee cannot obtain lost profits for that particular sale. For example, if the customer would have bought the infringing product without the patented feature or with a different, noninfringing alternative to the patented feature, then the patentee cannot establish entitlement to lost profits for that particular sale. And this determination is made on a customer-by-customer basis. For this reason, it is quite common to see damage awards where, as in this case, the patentee proves entitlement to lost profits for some of its sales, but not others." *Id.* at 1286 (citations omitted).

138.    In certain cases, a "market share approach" is allowed in order to calculate lost profits. *See State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1576 (Fed. Cir. 1989). However, even in cases where a "market share approach" is acceptable, it is still not a proxy for proving causation. *See, e.g.*, *Grain Processing*, 185 F.3d at 1350-51; *Slimfold Mfg. Co. v. Kinkead Indus.*, 932 F.2d 1453, 1458 (Fed. Cir. 1991); *Bose Corp. v. JBL, Inc.*, 112 F. Supp. 3d 138, 160 (D. Mass. 2000) ("the market share approach is not automatically applied . . . the patentee must still prove . . . that it would have captured the infringing sales.").

139.    "Only after the court has decided, as a matter of law, that lost profits are available does the jury then get to determine the amount of those lost profits." *Wechsler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286, 1293 (Fed. Cir. 2007).

**EXHIBIT 5**

140. **Reasonable Royalty**. "By statute, reasonable royalty damages are deemed the minimum amount of infringement damages 'adequate to compensate for the infringement.' Such damages must be awarded 'for the use made of the invention by the infringer.'" *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 66-67 (Fed. Cir. 2012) (citing 35 U.S.C. § 284). "A 'reasonable royalty' derives from a hypothetical negotiation between the patentee and the infringer when the infringement began. A comprehensive (but unprioritized and often overlapping) list of relevant factors for a reasonable royalty calculation appears in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 116, 1120 (S.D.N.Y. 1970)." *ResQNet.com, Inc. v. Lanza, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010) (internal citation omitted). "[A] reasonable royalty analysis requires a court to hypothesize, not to speculate." *Id.* "To prevent the hypothetical from lapsing into pure speculation, this court requires sound economic proof of the nature of the market and likely outcomes with infringement factored out of the economic picture." *Grain Processing*, 185 F.3d at 1350. "[T]he trial court must carefully tie proof of damages to the claimed invention's footprint in the market place." *ResQNet.com*, 594 F.3d at 869.

141. Although "[a]ctual licenses to the patented technology are highly probative as to what constitutes a reasonable royalty," it is well-established that "a loose or vague comparability between different technologies or licenses does not suffice." *LaserDynamics*, 694 F.3d at 79. Rather, "there must be a basis in fact to associate the royalty rates used in prior licenses to the particular hypothetical negotiation at issue." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1317 (Fed. Cir. 2011). "[C]omparisons of past patent licenses to the infringement must account for the technological and economic differences between them." *Worldtech Sys., Inc. v. Integrated Network Solutions, Inc.*, 609 F.3d 1308, 1320 (Fed. Cir. 2010); *ResQNet.com*, 594 F.3d at 873

35

**EXHIBIT 5**

(need "factual findings that accounted for the technological and economic differences between those licenses and the [patent-in-suit]."). Vague comparability is not enough to show technical or economic comparability. *See, e.g., LaserDynamics*, 694 F.3d at 79; *M2M Solutions, LLC v. Enfora, Inc.*, 167 F. Supp. 3d 665, 677 (D. Del. 2016) ("ambiguous conclusions of technological comparability" are not enough); *id.* at 678 ("These unsubstantiated conclusions about economic comparability, lacking in analysis, again provide nothing more than ipse dixit.").

142.    **Apportionment**. "[A]pportionment is an important component of damages law generally, and we believe it is necessary in both reasonable royalty and lost profits analysis." *Mentor*, 851 F.3d at 1287. Indeed, it is well-established that patent damages "'must reflect the value attributable to the infringing features of the product, and no more.'" *Commonwealth Sci. & Indus. Research Org. v. Cisco Sys., Inc.*, 809 F.3d 1295, 1301 (Fed. Cir. 2015) (quoting *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014)); *see also Garretson v. Clark*, 111 U.S. 120, 121 (1884). Further, "the patent owner must apportion or separate the damages between the patented improvement and the conventional components of the multicomponent product." *Exmark Mfg. Co. v. Briggs & Stratton Power Prods.*, 879 F.3d 1332, 1348 (Fed. Cir. 2018).

143.    The entire market value rule ("EMVR") is a narrow exception to apportionment. EMVR is only available if plaintiff demonstrates that the patented feature drives the demand for an entire multi-component product. *LaserDynamics*, 694 F.3d at 67. Under this "narrow exception," damages can be based on a percentage of revenues or profits attributable to the entire product but only if the patentee shows that "the patented feature creates the 'basis for customer demand' or 'substantially create[s] the value of the component parts.'" *Id.*; *Uniloc*, 632 F.3d at

36

## EXHIBIT 5

1318 (citation omitted).  Importantly, "[i]t is not enough to merely show that the [patented feature] is viewed as valuable, important, or even essential …" *LaserDynamics*, 694 F.3d at 68.

144.  **Enhanced Damages**. "Section 284 [of the Patent Act] gives district courts discretion in meting out enhanced damages." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1934 (2016).  However, "they are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." *Id.* at 1932.  "The sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id.*

145.  **Attorneys' Fees**. The court in exceptional cases may award reasonable attorney fees to the prevailing party. Exceptional cases include cases where the defendant has acted willfully and/or showed a lack of accountability for false statements during litigation. *See Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 315 (3d Cir. 2014) ("[A] district court may find a case 'exceptional,' and therefore award fees to the prevailing party, when (a) there is an unusual discrepancy in the merits of the positions taken by the parties or (b) the losing party has litigated the case in an 'unreasonable manner.'") (quoting *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014)); *G6 Hosp. Franchising LLC v. HI Hotel Grp., LLC*, 171 F. Supp. 3d 340, 349 (M.D. Pa. 2016) ("Although culpability is no longer a 'threshold requirement,' the Third Circuit in *Fair Wind Sailing, Inc.* stated that 'blameworthiness may well play a role in a district court's analysis of the 'exceptionality' of a case.'") (quoting *Fair Wind Sailing*, 764 F.3d at 315)); *see also Cosmetic Warriors Ltd. v. Nailush LLC*, No. 17-1475 (RBK/JS), 2017 U.S. Dist. LEXIS 183886, at *15-17 (D.N.J. Nov. 6, 2017) (awarding fees);

**EXHIBIT 5**

*Renna v. Cty. of Union*, No. 11-3328 (KM), 2015 U.S. Dist. LEXIS 1370, at \*15-22 (D.N.J. Jan. 6, 2015) (same).

146.   **Permanent Injunction**. "A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Specifically, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* However, "an injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 130 S. Ct. 2743, 2748 (2010). If "a less drastic remedy . . . [is] sufficient to redress [a plaintiff's] injury, no recourse to the additional and extraordinary relief of an injunction [is] warranted." *Id.* Moreover, a plaintiff must show a causal nexus between the alleged infringement and the alleged harm. *Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352, 1360 (Fed. Cir. 2013).

## 2.   **Non-Patent Issues**

147.   To recover for trade secret misappropriation, a plaintiff must show injury. *See Accenture Global Servs. GMBH*, 581 F. Supp. 2d at 662; *see also* 18 U.S.C. § 1836(b)(3).

148.   To recover monetary damages for the misappropriation of trade secrets, "the plaintiff must show either unjust enrichment of the defendant or economic harm to himself." *Agilent Techs. v. Kirkland*, 2010 Del. Ch. LEXIS (Feb. 8, 2010); 6 Del. C. § 2003(a); *see also* 18 U.S.C. § 1836(b)(3).

**EXHIBIT 5**

149.    Under the DUTSA, the plaintiff bears the burden of demonstrating that defendant's misappropriation proximately caused its unjust enrichment. *Total Care Physicians, P.A. v. O'Hara,* 2003 WL 21733023, at *2 (Del. Supr. July 10, 2003) ("Although the causation element is not defined further in the [DUTSA], and case law on the subject is sparse, statutory construction and deductive reasoning lead to the clear conclusion that causation referred to in the Act is proximate causation. . . .Our time honored definition of proximate cause. . .is that direct cause without which [an injury] would have not occurred" (internal quotations and citations omitted)). *See also* 6 Del. C. § 2003.

150.    When a trade secret plaintiff asserts that a defendant gained a "head start" by using its trade secrets, money damages are limited by the time it would have taken the defendants to develop a comparable product without the use of the plaintiff's trade secrets. *NuCar Consulting,* 2005 WL 820706, at *13 (granting unjust enrichment damages limited to the amount of time it would have taken the defendants to develop the trade secret through proper means). *See also Sokol Crystal Products, Inc. v. DSC Commc'ns Corp.,* 15 F.3d 1427, 1433 (7th Cir. 1994) ("It is true that, where a misappropriation of a trade secret only gives a competitor a 'head start' in developing a product, damages should be limited to the injury suffered in that 'head start' period."); *Schiller & Schmidt, Inc. v. Wallace Computer Servs., Inc.,* 1991 WL 270170, at *6 (N.D. Ill. 1991) (explaining that a plaintiff "is only entitled to protection for the period of time it would take a legitimate competitor to acquire the secret information on his own").

151.    Under the DUTSA, a court may award exemplary damages for willful and malicious misappropriation of a trade secret. *See* 6 Del. C. § 2003(b). Delaware courts have defined willfulness as "an awareness, either actual or constructive, of one's conduct and a

**EXHIBIT 5**

realization of its probable consequences," and malice as "ill-will, hatred or intent to cause injury." *Nucar Consulting, Inc. v. Doyle*, 2005 WL 820706, at *1100 (Del. Ch. 2005).

152.    The purpose of an injunction in a trade secrets misappropriation action is to "protect the secrecy of the misappropriated information, eliminate the unfair advantage obtained by the wrongdoer, and reinforce the public policy of commercial morality." *Miles, Inc. v. Cookson Am., Inc.*, 1994 WL 676761, at *20 (Del. Ch. 1994). An injunction would be inappropriate where the alleged "head start" period has already run. *See 3M v. Pribyl*, 259 F.3d 587, 609-610 (7th Cir. 2001).

153.    Under Delaware law, breach of contract damages are measured by what is necessary to put the plaintiff in the position it would have been in but for the defendant's breach. *Genencor Int'l, Inc. v. Novo Nordisk*, 766 A.2d 8, 11 (Del. 2000).

154.    In Delaware, a party has a general duty to mitigate damages if it is feasible to do so. *See Norkei Ventures, LLC v. Butler-Gordon, Inc.*, 2008 WL 4152775, at *2 (Del. Super. Aug.28, 2008). "[A] party cannot recover damages for loss that he could have avoided by reasonable efforts." *See John Petroleum, Inc. v. Parks*, 2010 Del. Super. LEXIS 637, 2010 WL 3103391, at *6 (Del. Super. June 4, 2010.)

155.    Unjust enrichment is "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Fleer Corp. v. Topps Chewing Gum, Inc.*, 539 A.2d 1060, 1062 (Del. 1988). A party cannot recover amounts greater than what is necessary to make it whole. *See, e.g., Phillips v. Delaware Power and Light Co.*, 201 A.2d 160 (1964); *Oliver B. Cannon and*

**EXHIBIT 5**

*Son, Inc. v. Dorr-Oliver, Inc.*, 394 A.2d 1160 (Del. Super. 1978); *Katz v. Executive Auto Leasing, Inc.*, 282 A.2d 866 (1971).

156.    A court may dismiss an action if it determines that a party spoliated evidence in bad faith and that such spoliation was prejudicial to the opposing party. *Micron Tech., Inc. v. Rambus Inc.*, 917 F. Supp. 2d 300, 324 (D. Del. 2013).   The Third Circuit has established three factors that a district court, under its inherent power to impose sanctions, should consider in this regard: (1) the degree of fault of the spoliating party; (2) the degree of prejudice to the adverse party; and (3) whether there is a less severe punishment that would avoid substantial unfairness to the adverse party while still serving to deter similar spoliation by others in the future. *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994).   The court's choice of sanction should ultimately promote the trifold aims of: (1) deterring future spoliation of evidence; (2) protecting the defendants' interests; and (3) remedying the prejudice defendants suffered as a result of the spoliating party's actions. *Micron Tech., Inc. v. Rambus Inc.*, 917 F. Supp. 2d 300, 315 (D. Del. 2013).

157.    Beyond dismissal, potential sanctions for spoliation include preclusion of evidence, an adverse or spoliation inference, and awarding of costs. *See, e.g. United Med. Supply Co. v. United States*, 77 Fed. Cl. 257, 276 (Fed. Cl. 2007) (precluding both cross-examination of plaintiff's expert and introduction of defense expert as a sanction for spoliation by defense); *Travelers Prop. & Cas. Co. v. Cooper Crouse-Hinds, LLC*, 2007 WL 2571450, at *12 (E.D. Pa. Aug. 31, 2007) (ordering an adverse inference jury instruction in lieu of judgment for defense as a sanction for plaintiff's spoliation of evidence); *Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 77-78 (S.D.N.Y. 1991) (awarding costs, including attorney fees, for destruction of evidence).

**EXHIBIT 5**

158.    To establish waiver, one must show that the other party "voluntarily and intentionally relinquished a known right." *Danvir Corp. v. City of Wilm.*, 2008 WL 4560903, at *7 (Del. Ch. Oct. 6, 2008). "A party cannot both accept the benefits which accrue under a contract on the one hand and shirk its disadvantages on the other." *Cianci v. JEM Enter., Inc.*, 2000 WL 1234647, at *12 (Del. Ch. Aug. 22, 2000).

159.    The doctrine of unclean hands is based on the fundamental principal that before a complainant has standing in court, he must not only show a good and meritorious cause of action, but also must come into court with clean hands. *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 343 F. Supp. 2d 272, 321 (D. Del. 2004). In other words, "[o]ne who comes in equity must come with clean hands and keep those hands clean throughout the pendency of the litigation even to the time of ultimate disposition by an appellate court." *Gaudiosi v. Mellon*, 269 F.2d 873, 882 (3d Cir. 1959). If a party "who sets the judicial machinery in motion to obtain a remedy, violates conscience, good faith or any other equitable principle 'then the doors of the court will be shut' and the court will refuse to acknowledge his right to any remedy." *Honeywell Int'l, Inc.* 343 F. Supp. 2d at 321. When faced with an unclean hands defense, the court is not bound by any formula, restraint or limitation which restricts the free and just exercise of its equitable discretion. *Id.* Rather, "[a]ny willful act, which can rightfully be said to transgress equitable standards, is sufficient." (citing *Precision Instrument Co. v. Automotive Maintenance Mach. Co.*, 324 U.S. 806, 815 (1945)). If unclean hands occurs during litigation, it bars any recovery by the offending party. *Honeywell Int'l, Inc.* 343 F. Supp. 2d at 321 (citing *Aptix Corp. v. Quickturn Design Sys. Inc.*, 269 F.3d 1369, 1375, 1376)).

160.    Unclean hands is also a defense to a claim for patent infringement. *See Aptix Corp. v. Quickturn Design Sys. Inc.*, 269 F.3d 1369, 1380 (Fed. Cir. 2001). A patent holder's

**EXHIBIT 5**

unclean hands may bar it from receiving equitable relief. *See Gilead Sciences, Inc. v. Merck & Co., Inc.*, 888 F.3d 1231, 1240 (Fed. Cir. 2018). The unclean hands defense requires that the asserted misconduct "in some measure affect the equitable relations between the parties in respect of something brought before the court." *Id*. at 1239.

## VI. L'OREAL USA'S COUNTERCLAIM FOR VIOLATION OF THE LANHAM ACT

### A.     Issues of Law to be Litigated

161.    Whether Olaplex made or caused others to make false and/or misleading statements regarding the Olaplex products or L'Oréal USA, Inc.'s products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a).

162.    Whether Olaplex's statements were true, misleading or made with the intent to deceive.

163.    Whether L'Oréal USA, Inc. is entitled to damages, attorneys' fees and costs for Olaplex's violations of the Lanham Act.

164.    Whether L'Oréal USA, Inc. is entitled to injunctive relief prohibiting Olaplex from engaging in false advertising.

165.    Whether L'Oréal USA, Inc. is entitled to injunctive relief mandating that Olaplex issue corrective advertising.

### B.     Legal Authority

166.    The Lanham Act provides "[a]ny person who, on or in connection with any goods or services, or any container for goods, uses in commerce any . . . false or misleading description of fact, or false or misleading representation of fact, which (A) is likely to cause confusion, or to

43

**EXHIBIT 5**

cause mistake . . . or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a).

167.    To show a qualifying false or misleading statement, a plaintiff must demonstrate that the defendant's statement was either (i) literally false or (ii) literally true or ambiguous but implicitly false, misleading in context, or likely to deceive. *See Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002); *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 136 (3d Cir. 2005). Thus, the Lanham Act recognizes two different theories of recovery for false advertising under Section 43(a): "(1) an advertisement may be false on its face; or (2) the advertisement may be literally true, but given the merchandising context, it nevertheless is likely to mislead and confuse consumers." *Castrol, Inc. v. Pennzoil Co.*, 987 F.2d 939, 943 (3d Cir. 1993).

168.    Liability can arise under the Lanham Act "if a website purporting to offer reviews are in reality stealth operations intended to disparage a competitor's product while posing as a neutral third party." *GOLO, LLC v. HighYa, LLC*, 310 F. Supp. 3d 499, 505 (E.D. Pa. 2018); see also A*mes Publ'g Co. v. Walker-Davis Publ'ns, Inc.*, 372 F. Supp. 1, 11 (E.D. Pa. 1974) (liability under the Lanham Act "extends to instances where the defendant creates a false impression").

169.    Proof of literal falsity relieves the plaintiff of its burden to prove actual consumer deception. *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 171 (3d Cir. 2001) ("If an advertisement is literally false, the plaintiff does not have to prove actual consumer deception.") A 'literally false' message may be either explicit or 'conveyed by necessary implication when,

**EXHIBIT 5**

considering the advertisement in its entirety, the audience would recognize the claim as readily as if it had been explicitly stated.'" *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 -87 (3d Cir. 2002) (quoting *Clorox Co. v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 35 (1st Cir. 2000)).

170.    Where a claim is not literally false, a plaintiff may assert a false advertising claim by proving:

> (1) that the defendant has made false or misleading statements as to his own product [or another's]; (2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; (3) that the deception is material in that it is likely to influence purchasing decisions . . .

*Id.* at 590 (quoting *Johnson & Johnson-Merck Consumer Pharm. Co. v. Rhone-Poulenc Rorer Pharms., Inc.,* 19 F.3d 125, 129 (3d Cir. 1994)).

171.    Plaintiffs must establish economic or reputational injury proximately caused by the unfair competition. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1384 (2014). However, if the challenged statements were made with the intent to deceive consumers, then a party asserting a Lanham Act need not prove causation. *See Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, 627 F. Supp. 2d 384, 481 (D.N.J. 2009) ("For example, a 'predicate finding of intentional [or willful] deception, as a major part of the defendant's marketing efforts, contained in comparative advertising[;]' will justify a rebuttable presumption of causation and injury in fact."); *McNeilab, Inc. v. Am. Home Prod. Corp.*, 501 F. Supp. 517, 530 (S.D.N.Y. 1980); *Porous Media Corp. v. Pall Corp.,* 110 F.3d 1329, 1337 (8th Cir. 1997) (holding that a party "need not have been required to present extrinsic evidence of confusion" because the defendant "violated the Lanham Act willfully and in bad faith").

**EXHIBIT 5**

172.      Section 1117 of the Lanham Act provides that, where there has been a violation of Section 1125(a), "the plaintiff shall be entitled . . . subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."

173.      In calculating defendant's profits, "the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." *Id.*; *Banjo Buddies, Inc. v. Renosky*, 399 F.3d 168, 176 (3d Cir. 2005). This "burden shifting" framework applies in false advertising cases. *See, e.g., Gen. Steel Domestic Sales, LLC v. Chumley*, 627 F. App'x 682, 686-87 (10th Cir. 2015) (Gorsuch, J.); *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, 829 F. Supp. 2d 802, 817-819 (D. Minn. 2011); *Rexall Sundown, Inc. v. Perrigo Co.*, 707 F. Supp. 2d 357, 361 (E.D.N.Y. 2010). "If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case." 15 U.S.C. § 1117(a).

174.      The Third Circuit considers the following factors in determining whether to award the defendant's profits: "(1) whether the defendant had the intent to confuse or deceive, (2) whether sales have been diverted, (3) the adequacy of other remedies, (4) any unreasonable delay by the plaintiff in asserting his rights, (5) the public interest in making the misconduct unprofitable, and (6) whether it is a case of palming off." *Banjo Buddies*, 399 F.3d at 175.

175.      The court in exceptional cases may award reasonable attorney fees to the prevailing party. Exceptional cases include cases where the defendant has acted willfully and/or showed a lack of accountability for false statements during litigation. *See Fair Wind Sailing,*

**EXHIBIT 5**

*Inc. v. Dempster*, 764 F.3d 303, 315 (3d Cir. 2014) ("[A] district court may find a case 'exceptional,' and therefore award fees to the prevailing party, when (a) there is an unusual discrepancy in the merits of the positions taken by the parties or (b) the losing party has litigated the case in an 'unreasonable manner.'") (quoting *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014)); *G6 Hosp. Franchising LLC v. HI Hotel Grp., LLC*, 171 F. Supp. 3d 340, 349 (M.D. Pa. 2016) ("Although culpability is no longer a 'threshold requirement,' the Third Circuit in *Fair Wind Sailing, Inc*. stated that 'blameworthiness may well play a role in a district court's analysis of the 'exceptionality' of a case.'") (quoting *Fair Wind Sailing*, 764 F.3d at 315)); *see also Cosmetic Warriors Ltd. v. Nailush LLC*, No. 17-1475 (RBK/JS), 2017 U.S. Dist. LEXIS 183886, at *15-17 (D.N.J. Nov. 6, 2017) (awarding fees); *Renna v. Cty. of Union*, No. 11-3328 (KM), 2015 U.S. Dist. LEXIS 1370, at *15-22 (D.N.J. Jan. 6, 2015) (same).

176.    The Lanham Act also allows a prevailing party "to recover . . . the cost of the action." 15 U.S.C. § 1117(a)(3).

## VII.    L'OREAL USA'S COUNTERCLAIM FOR FRAUD-FALSE PROMISE

### A.    Issues of Law to be Litigated

177.    Whether Olaplex made false representations to L'Oréal USA, Inc. during the parties' acquisition discussions, which it knew or believed were false.

178.    Whether Olaplex intended L'Oréal USA, Inc. to rely on its representations.

179.    Whether L'Oréal USA, Inc. relied on Olaplex's false representations, to its detriment.

47

**EXHIBIT 5**

180.     Whether L'Oréal USA is entitled to damages and attorneys' fees for Olaplex's fraud.

**B.      Legal Authority**

181.     The elements of a claim for false promise are: (1) a false representation, usually of fact; (2) the speaker knew or believed the representation was false, or made it with reckless indifference to the truth; (3) the speaker intended to induce the claimant to act or to refrain from acting (4) the claimant acted or did not act, in justifiable reliance upon the representation; and (5) damage as a result of the reliance. *Hauspie v. Stonington Partners, Inc.*, 945 A.2d 584, 586 (Del. 2008).

182.     A party asserting a fraud claim "may rely on circumstantial evidence to support [their] allegations of actual fraud, because '[a]ctual intent to defraud, by its nature, is rarely susceptible to direct proof, and, thus, circumstantial evidence must suffice.'" *In re Student Fin. Corp.*, 382 B.R. 212, 216 (Bankr. D. Del. 2007) (citations omitted). *See also Liberty Bell Bank v. Rogers*, 726 F. App'x 147, 154 (3d Cir. 2018) (affirming summary judgment on fraud-based RICO claim, holding that, despite "no 'smoking gun' evidence" of intent to defraud, intent was inferred through circumstantial evidence); *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1118 (D.C. Cir. 2009) ("[S]pecific intent to defraud may be, and most often is, inferred from the totality of the circumstances, including indirect and circumstantial evidence.").

183.     The measure of damages for fraud are those that are the direct and proximate result of a false representation or actual out-of-pocket loss, and may also include attorneys' fees where a litigant has brought a case in bad faith or where an action giving rise to the suit involved fraud or bad faith. *See Wirt v. Matthews*, 2002 Del. C.P. LEXIS 17 (Feb. 7, 2002); *ASB*

**EXHIBIT 5**

*Allegiance Real Estate Fund v. Scion Breckenridge Managing Member, LLC*, 2013 Del. Ch. LEXIS 236, at *17-18 (Sept. 16, 2013); *Arbitrium (Cayman Is.) Handels AG v. Johnston*, 705 A.2d 225, 232 (Del. Ch. 1997) (explaining that if a suit "involved bad faith, fraud, conduct that was totally unjustified, or the like," then attorneys' fees can be awarded "as an element of damages.").

184.    Punitive damages may be awarded if the fraud is gross, oppressive, or aggravated, or where it involves breach of trust or confidence. *Snow v. Opal*, 2002 Del. C.P. LEXIS 26 (May 20, 2002)

## VIII.   L'OREAL USA'S COUNTERCLAIMS FOR BREACH OF CONTRACT

### A.    Issues of Law to be Litigated

185.    Whether Liqwd, Inc. disclosed confidential information in breach of the Non-Disclosure Agreement attached as Exhibit C to Olaplex's Third Amended Complaint (D.I. 636).

186.    Whether Olaplex LLC disclosed confidential information in breach of the Non-Disclosure Agreement attached as Exhibit A to L'Oréal USA's Amended Counterclaims (D.I. 650).

187.    Whether L'Oréal USA, Inc. is entitled to damages and attorneys' fees for Olaplex's breaches.

### B.    Legal Authority

188.    The elements for a breach of contract claim under Delaware law are: "(1) a contractual obligation; (2) a breach of that obligation by the defendant; and (3) resulting damage to the plaintiff[]." *Greenstar, LLC v. Heller*, 814 F. Supp. 2d 444, 450 (D. Del. 2011) (citing *WaveDivision Holdings, LLC v. Millennium Digital Media Sys.*, L.L.C., No. 2993–VCS, 2010

**EXHIBIT 5**

WL 3706624, at *13 (Del. Ch. Sept. 17, 2010); *H-M Wexford LLC v. Encorp, Inc.*, 832 A.2d 129, 140 (Del. Ch. 2003))

189.     Under Delaware law, breach of contract damages are measured by what is necessary to put the plaintiff in the position it would have been in but for the defendant's breach. *Genencor Int'l, Inc. v. Novo Nordisk*, 766 A.2d 8, 11 (Del. 2000).

190.     Delaware law also allows for the recovery of nominal damages for breach of contract claims.  *See Evolved Wireless, LLC v. Apple, Inc.*, 2019 WL 831112 (D. Del. Feb. 21, 2019) ("Delaware law permits a jury to award nominal damages for breach of contract.").

## IX.     L'OREAL USA'S COUNTERCLAIM FOR FALSE MARKING

### A.     Issues of Law to be Litigated

191.     Whether Olaplex falsely marks its Step 1, Step 2, and/or Step 3 products under U.S. Patent No. 9,095,518, causing harm to L'Oréal USA, Inc.

192.     Whether L'Oréal USA, Inc. is entitled to damages for Olaplex's false marking.

### B.     Legal Authority

193.     Under 35 U.S.C. § 292(b), any "person who has suffered a competitive injury as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury."  False marking has two elements: (1) an unpatented article marked as patented, and (2) specific intent to deceive the public.  *Forest Grp., Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009).  "An article is 'unpatented,' and hence falsely marked within the meaning of Section 292 when it is 'not covered by at least one claim of each patent with which the article is marked.'" *Brinkmeier v. Graco Children's Prod. Inc.*, 767 F. Supp. 2d 488, 494 (D. Del. 2011) (citing *Clontech Labs. Inc.*

**EXHIBIT 5**

*v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir.2005)). "'Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true.'" *Id.*

194.    While there is no duty to mark a product if the patent only has method claims, 35 U.S.C. § 292 imposes liability on falsely marking "*any* unpatented articles." Courts have repeatedly found Section 292 to be violated when articles are falsely marked with a method patent. *See, e.g.*, *DP Wagner Mfg. Inc. v. Pro Patch System, Inc.*, 434 F. Supp. 2d 445 (S.D. Tex. 2006); *Accent Designs, Inc. v. Jan Jewelry Designs, Inc.*, 827 F. Supp. 957 (S.D.N.Y. 1993).

195.    A party prevailing on a false marking claim can recover damages adequate to compensate for its injury. *See Hollander v. Ortho-Mcneil-Janssen Pharms., Inc.*, 2012 U.S. Dist. LEXIS 3191, at *3-4 (E.D. Pa. Jan. 10, 2012)

## X.    L'OREAL USA'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

### A.    Issues of Law to be Litigated

196.    *See* supra, Section I.A.

### B.    Legal Authority

197.    *See* supra, Section I.B.

## XI.    L'OREAL USA'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF INVALIDITY

### A.    Issues of Law to be Litigated

198.    *See* supra, Section II.A.

**EXHIBIT 5**

**B.**     **Legal Authority**

199.    *See* supra, Section II.B.

# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LIQWD, INC. and OLAPLEX LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C. A. No. 1:17-cv-00014-JFB-SRF |
| | ) | |
| L'ORÉAL USA, INC., L'ORÉAL USA | ) | |
| PRODUCTS, INC., L'ORÉAL USA S/D, | ) | |
| INC., and REDKEN 5TH AVENUE NYC, | ) | |
| L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

**EXHIBIT 6:**
**PLAINTIFFS' LIST OF WITNESSES TO BE CALLED TO TRIAL**

Pursuant to Local Rule 16.3(c)(7), Plaintiffs and Counterclaim Defendants Liqwd, Inc. and Olaplex LLC (collectively, "Olaplex") submit this list of witnesses to be called at trial.

Subject to the availability of each witness at the time of trial, Olaplex intends to call the following witnesses at trial, either by live testimony or by deposition. Olaplex reserves the right to revise, amend, supplement, or modify its List of Witnesses based on any pretrial rulings by the Court and/or to address any additional issues, arguments, evidence or other developments in the case, including edits to the draft pretrial order, any meet and confers or other negotiations between the parties, pending and anticipated motions, and similar developments. Olaplex reserves the right to amend its answering/rebuttal witness list, in view of events at trial or other developments, including evidentiary rulings or other rulings by the Court. Olaplex also reserves the right not to call any of the witnesses (either live or by deposition) set forth in the list below, or to call by deposition any witnesses listed as a live witness below, or vice versa. The identification of a witness on this list is not an admission that the witnesses' testimony is admissible if called by L'Oréal, and Olaplex reserves their right to object to any witness or testimony that is objectionable or inadmissible. In addition to the witnesses identified below, Olaplex reserves the right to call anyone appearing on L'Oréal's witness list or as a corporate representative at trial.

**WITNESSES OLAPLEX INTENDS TO CALL TO TESTIFY LIVE AT A JURY TRIAL**

1. Dean Christal

2. Dr. Eric Pressly

3. Dr. Craig Hawker

4. Tiffany Walden

5.      Rivka Monheit

6.      Tracey Cunningham

7.      Vicki Laris

8.      All Experts

## II.   WITNESSES OLAPLEX MAY CALL TO TESTIFY AT A JURY TRIAL (LIVE OR BY DEPOSITION)

9.      Jordan Alexander

10.     Gregory Auer

11.     Eva Holz

12.     Vanessa Schneider

13.     Jeff Schwartz

14.     Tyler Krebs

15.     Joseph Santy

16.     Sara Lim

17.     Lisa Lorden

18.     Reuben Carranza

19.     Paul Shiraldi

20.     Melissa Bacallao (a.k.a. Lisa Morris)

21.    Leslie Marino

22.    Leslie Warner

23.    Roger Dolden

24.    Gina Meggo

25.    Steve Orzel

26.    Paul Sharnsky

27.    Fabien Boulineau

28.    Kimberly (Hamilton) Dreher

29.    Louis Zehil

30.    Alan Gold

31.    Courtney Tallman

32.    Esther Vasquez

33.    Sema Conde

# EXHIBIT 7

**EXHIBIT 7**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LIQWD, INC. and OLAPLEX LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-14-JFB-SRF |
| | ) | |
| L'ORÉAL USA, INC., L'ORÉAL USA | ) | |
| PRODUCTS, INC., L'ORÉAL USA S/D, | ) | |
| INC. and REDKEN 5TH AVENUE NYC, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**EXHIBIT 7:
DEFENDANTS' TRIAL WITNESS LIST**

**EXHIBIT 7**

Defendants and Counterclaimants L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc. and Redken 5th Avenue NYC, LLC (collectively "L'Oréal USA") hereby provide the following list of witnesses that it may call at trial, either live or by deposition testimony.  L'Oréal USA submits these witnesses without waiving any of its rights, including the right to object to the calling of the below witnesses at trial.  L'Oréal USA also reserves the right to revise, amend, supplement, or modify its Trial Witness List based on any pretrial rulings by the Court and/or to address any additional issues, arguments, evidence or other developments in the case.  The identification of a witness on this list is not an admission that the witnesses' testimony is admissible if called by Olaplex LLC or Liqwd Inc.  In addition to the witnesses identified below, L'Oréal USA reserves the right to call anyone appearing on any other party's witness list or as a corporate representative at trial.  L'Oréal USA also reserves the right to call as rebuttal or impeachment witnesses any percipient or expert witnesses not identified on this Trial Witness List.

**I.      WITNESSES L'ORÉAL USA INTENDS TO CALL LIVE OR BY DEPOSITION**

1.    Jordan Alexander

2.    Dean Christal

3.    Roger Dolden

4.    Kimberly Dreher

5.    Stephan Habif

6.    Evanice Holz

7.    Vanessa Schneider

8.    Paul Sharnsky

9.    Tiffany Walden

10.   Leslie Warner

**EXHIBIT 7**

    11.  All Experts

**II.**    **WITNESSES L'ORÉAL USA MAY CALL LIVE OR BY DEPOSITION**

    12.  Greg Auer

    13.  Delphine Allard

    14.  Melissa Bacallao

    15.  Fabien Boulineau

    16.  Brad Champion

    17.  Sema Conde

    18.  Tracey Cunningham

    19.  Sherylle Englander

    20.  Alan Gold

    21.  Caroline Goget

    22.  Jonathan Goff

    23.  Craig Hawker

    24.  Richard Hough

    25.  Norman Ingraham

    26.  Edward Kimble

    27.  Tyler Krebs

    28.  Vicki Laris

    29.  Sara Lim

    30.  Lisa Lorden

    31.  Leslie Marino

    32.  Gina Meggo

    33.  Rivka Monheit

**EXHIBIT 7**

34.  Steven Orzel

35.  Eric Pressly

36.  Mary Rector-Gable

37.  Joseph Santy

38.  Paul Schiraldi

39.  Jeff Schwartz

40.  Mark Spinks

41.  Dustin Stone

42.  Kerry Sullivan

43.  Courtney Tallman

44.  Esther Vasquez

45.  Louis Zehil

EXHIBIT 8

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| Fabien Boulineau, Ph.D. | | | | | |
|---|---|---|---|---|---|
| September 28, 2018 | | | | | |
| **Plaintiffs' Designations** | **Defendants' Objections** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Designations** | **Plaintiffs' Counter-Counter Designations** | **Defendants' Objections to Plaintiffs' Counter-Counter Designations** |
| 4:20-23 | REL, OBJ | | | | |
| 9:12-11:25 | | | | | |
| 12:11-16 | | | | | |
| 15:24-16:21 | | | | | |
| 18:19-20:16 | | | | | |
| 20:25-22:18 | HRS | | | | |
| 23:9-20 | | 23:3-8, 23:21-24:2 | F, Spec | | |
| 25:3-23 | SPC, ILO, HRS | | | | |
| 26:3-16 | SPC, AA | | | | |
| 26:19-27:22 | HRS | 27:23-28:3, 28:8-9 | F, Spec, 701 | | |
| 28:10-16 | SPC, HRS | | | | |
| 28:19-22 | | | | | |
| 29:25-30:16 | SPC, ILO, HRS | | | | |
| 30:21-31:15 | HRS | 31:17-24, 32:3-5 | F, Spec | | |
| 33:2-34:3 | | | | | |
| 34:24-36:23 | | | | | |
| 38:16-40:6 | | 40:19-41:4, 41:8-10 | F, Spec, V | 41:11-13 | |
| 41:15-18 | AMB | | | | |
| 41:20-22 | | | | | |
| 42:12-43:12 | | | | | |
| 45:6-20 | INC | 45:3-5, 45:21-25, 46:6-18 | | | |
| 47:13-16 | | | | | |
| 49:8-51:20 | | | | | |
| 52:21-54:24 | | | | | |
| 56:7-57:3 | | | | | |
| 65:22-66:6 | | | | | |
| 66:10-15 | | 66:16-22 | 402 | | |
| 68:13-69:12 | INC, HRS | 68:9-12, 69:13-15, 69:20-23 | F, Spec, NR | | |
| 69:24-70:20 | | 69:13-15, 69:20-23, 72:13-73:2 | F, Spec, NR | | |
| 76:8-21 | HRS | 76:22-77:6, 77:10-11, 77:13-20 | 402 | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Fabien Boulineau, Ph.D. | | | | | |
|---|---|---|---|---|---|
| September 28, 2018 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 77:21-78:6 | INC, HRS | 78:10-11 | | | |
| 78:12-79:8 | | | | | |
| 81:20-22 | AMB, HRS | | | | |
| 81:25-82:7 | | | | | |
| 84:7-14 | | 83:14-17, 83:23-24, 84:15-17, 84:23-25 | V, Hyp, 701 | | |
| 85:2-17 | HYP, ILO | | | | |
| 85:21-24 | | 85:25-86:7, 86:19-21, 86:25-87:10, 87:13-15 | F, Spec | | |
| 87:16-88:14 | | | | | |
| 89:9-90:4 | | | | | |
| 90:10-13 | | 90:14-22, 91:2-3 | F, Spec | | |
| 91:4-21 | SPC, FND | | | | |
| 91:25-92:18 | | | | | |
| 92:24-93:5 | | | | | |
| 94:2-15 | CPD, FND, AMB, HRS | | | | |
| 94:20-95:7 | CPD, FND, AMB, HRS | | | | |
| 95:11-97:12 | | 97:18-22 | | | |
| 97:24-98:15 | | | | | |
| 100:11-101:3 | HRS | 99:20-100:10, 101:4-8 | | | |
| 101:16-102:8 | | | | | |
| 105:17-21 | INC | 104:4-11, 104:18-105:2, 105:10-16 | | | |
| 106:4-6 | | | | | |
| 106:10-16 | AMB | | | | |
| 107:8-111:14 | MIS, ILO, FND, HRS | | | | |
| 112:5-113:3 | | | | | |
| 113:20-116:10 | OBJ | 117:19-20, 117:23-118:14 | 402 | | |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| | | | | | |
|---|---|---|---|---|---|
| | **Fabien Boulineau, Ph.D.** | | | | |
| | September 28, 2018 | | | | |
| **Plaintiffs' Designations** | **Defendants' Objections** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Designations** | **Plaintiffs' Counter-Counter Designations** | **Defendants' Objections to Plaintiffs' Counter-Counter Designations** |
| 131:21-25 | INC, FND, SPC | 118:22-119:2, 119:7-12, 122:14-123:5, 128:12-129:4, 129:8-130:17, 130:20-131:8, 131:13-20, 132:5-6, 132:12 | | | |
| 133:9-136:22 | HRS | | | | |
| 137:13-139:4 | HRS | | | | |
| 139:19-140:5 | | | | | |
| 140:16-141:17 | | 141:18-19, 141:22-23 | | 141:24-142:3 | INC, SPC, FND |
| 142:6-146:16 | OBJ | | | | |
| 146:21-147:16 | MIS, FND, ILO | | | | |
| 147:21-148:18 | MIS, AMB | | | | |
| 148:21-22 | AMB, INC | 148:25-149:2, 149:5-6 | 402 | | |
| 149:7-150:2 | | | | | |
| 150:6-10 | | | | | |
| 150:19-151:5 | | | | | |
| 151:8-153:22 | | | | | |
| 154:19-157:11 | OBJ | | | | |
| 158:17-159:9 | | 159:23-160:4 | 402 | | |
| 160:24-161:10 | | | | | |
| 162:17-23 | | | | | |
| 163:2-164:25 | SPC, OBI | | | | |
| 165:6-166:23 | | | | | |
| 167:4-8 | FND, AMB, ILO | | | | |
| 167:13-16 | | | | | |
| 167:19 | | | | | |
| 167:23-169:2 | | | | | |
| 169:8-21 | HRS | | | | |
| 170:2-5 | | | | | |
| 170:10-14 | | | | | |
| 170:19-171:3 | | | | | |
| 173:11-175:12 | INC, AMB, SPC, FND, HRS | 173:2 | I | | |
| 175:17-176:18 | AMB, SPC | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Fabien Boulineau, Ph.D. | | | | | |
|---|---|---|---|---|---|
| September 28, 2018 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 176:21 | | | | | |
| 180:5-181:6 | | | | | |
| 181:9-16 | | 181:20-182:2, 182:5-20, 183:2 | 402, I | 182:21 | REL |
| 185:3-16 | | | | | |
| 185:19-186:24 | MIS, SPC, FNDHRS | | | | |
| 187:5-8 | | | | | |
| 187:12-19 | AMB | | | | |
| 187:23-188:4 | SPC | | | | |
| 188:7-16 | | | | | |
| 188:19-20 | | | | | |
| 188:25-190:5 | AMB, HRS | | | | |
| 190:8-191:9 | INC, LC, MIS, HRS | 190:8 | | | |
| 191:15-16 | LC, ILO | | | | |
| 191:20-192:6 | LC, SPC, FND, HRS | | | | |
| 192:12-192:24 | LC, SPC, FND, INC | 193:10-14 | | 193:15-20 | OBJ, AMB, ARG, IMP |
| 193:21-194:2 | HYP, LC | | | | |
| 194:10-24 | | | | | |
| 195:9-196:4 | HRS | | | | |
| 198:3-18 | ILO, LC, FND, HRS | | | | |
| 199:4-15 | HYP, FND, ILO | | | | |
| 199:20-200:18 | SPC, FND | | | | |
| 200:22-201:15 | SPC, FND | | | | |
| 201:20-202:4 | SPC, FND | | | | |
| 202:6-19 | SPC, HYP | | | | |
| 203:2-10 | SPC, HYP | | | | |
| 203:15-19 | SPC, ILO | | | | |
| 203:23-204:25 | AA, SPC, HRS | | | | |
| 205:5-8 | | 205:9-207:5 | 402 | | |
| 207:8-20 | ILO, SPC, FND | | | | |
| 207:25-209:7 | | | | | |
| 209:12-16 | | | | | |
| 209:20-210:2 | SPC, FND | | | | |
| 210:16-211:25 | HRS | 210:10 | I | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| **Fabien Boulineau, Ph.D.** September 28, 2018 | | | | | |
| 212:5-10 | | | | | |
| 212:13-213:10 | SPC, LF | | | | |
| 213:13-214:6 | | | | | |
| 214:18-215:3 | HRS | | | | |
| 215:5-8 | SPC, HRS | | | | |
| 215:12-19 | MIS, AMB | | | | |
| 215:25-216:17 | SPC | | | | |
| 216:20-217:18 | AMB, SPC, FND, ILO, HRS | | | | |
| 217:24-218:12 | MIS, SPC | | | | |
| 218:18-219:11 | | | | | |
| 219:17-220:22 | | | | | |
| 220:24-221:2 | | | | | |
| 221:5-18 | SPC | | | | |
| 221:21-222:5 | | | | | |
| 222:16-24 | | | | | |
| 223:4-224:13 | REL, SPC | | | | |
| 224:15-21 | INC, MIS, REL | 225:15, 225:23-226:3, 226:11-13 | 402, Spec | | |
| 227:5-228:10 | | | | | |
| 228:12-229:5 | SPC | | | | |
| 229:8-13 | | | | | |
| 229:17-18 | | | | | |
| 229:25-233:22 | OBJ, AMB, ILO, HYP, HRS | | | | |
| 234:3-235:7 | AMB, SPC, HRS | | | | |
| 235:10-236:19 | MIS, FND, SPC | | | | |
| 236:24-238:19 | AMB, ARG, MIS, | | | | |
| 238:21 | AMB, ARG, MIS, | | | | |
| 239:8-240:3 | | 239:6-7 | | | |
| 240:6 | | | | | |
| 240:17-242:21 | OBJ | | | | |
| 243:2-4 | | | | | |
| 243:8-17 | | | | | |
| 243:22-244:13 | MIS, FND, ILO | | | | |
| 244:19-245:24 | AA | | | | |
| 246:5-249:8 | MIS, HRS | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Fabien Boulineau, Ph.D. | | | | | |
|---|---|---|---|---|---|
| September 28, 2018 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 250:5-9 | MIS | | | | |
| 250:14-20 | | | | | |
| 250:23-251:7 | | | | | |
| 251:12-253:3 | | | | | |
| 253:8-9 | | | | | |
| 254:3-257:2 | | | | | |
| 257:7-8 | | | | | |
| 257:11-261:12 | HRS | | | | |
| 261:16-263:20 | OBJ | | | | |
| 263:23-264:17 | | | | | |
| 264:22-265:8 | | | | | |
| 265:10-266:7 | | | | | |
| 267:25-269:4 | SPC, FND | | | | |
| 269:7-9 | | 269:10-17 | 402 | | |
| 269:22-24 | FND, SPC | | | | |
| 270:3-8 | MIS, FND | | | | |
| 270:12-276:21 | HRS | | | | |
| 276:25-277:3 | | 277:4-8, 282:20-21, 282:24-283:6 | 402, 701 | 283:7-9, 283:13-16 | FND, HRS, AMB |
| 284:21-285:12 | | | | | |
| 285:16-21 | | | | | |
| 286:4-9 | | | | | |
| 286:13-288:2 | | | | | |
| 288:7-290:10 | | | | | |
| 290:25-292:2 | OBJ | | | | |
| 294:24-296:7 | | | | | |
| 296:10-297:19 | FIRS | | | | |
| 297:23-298:4 | | | | | |
| 298:7-11 | | | | | |
| 298:20-299:13 | | | | | |
| 299:18-304:7 | OBJ | | | | |
| 304:10-305:23 | AMB | | | | |
| 305:25 | | | | | |
| 306:5-12 | AMB, ILO | | | | |
| 306:17-308:2 | | | | | |
| 308:6-310:7 | | | | | |
| 310:11-17 | | | | | |
| 311:4-312:23 | | | | | |
| 313:4-15 | | | | | |

# PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Fabien Boulineau, Ph.D. September 28, 2018 | | | | | |
|---|---|---|---|---|---|
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 313:21-315:12 | OBJ | | | | |
| 316:4-9 | | | | | |

| Brad Champion May 4, 2018 | | | | | |
|---|---|---|---|---|---|
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 39:2-39:14 | | | | | |
| 42:11-44:3 | OBJ | | | | |
| 50:11-51:3 | | | | | |

| Tracey Cunningham December 17, 2018 | | | | | |
|---|---|---|---|---|---|
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 148:17-154:4 | INC | 154:18-155:3, 156:5-23, 157:3-12, 157:17-158:4, 158:13-18, 159:9-22 | H, 402, 403 | 155:4-156:23; 114:7-115:9 | IMP, OBJ |

| Roger Dolden September 26, 2018 | | | | | |
|---|---|---|---|---|---|
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 14:7-15:7 | | | | | |
| 27:21-28:24 | | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| 29:11-29:20 | | | | | |
| 29:21-32:22 | REL, 403 | | | | |
| 37:9-71:18 | FIRS, REL, 403 | | | | |
| 72:17-79:20 | HRS, REL, 403 | | | | |
| 81:9-82:18 | | | | | |
| 84:7-85:20 | HRS, REL, 403 | | | | |
| 86:22-97:17 | HRS, REL, 403 | | | | |
| 97:20-100:18 | REL, 403, HRS | | | | |
| 100:19-110:4 | HRS, REL, 403 | | | | |
| 110:5-111:8 | FIRS, REL, 403 | | | | |
| 111:24-113:21 | HRS, REL, 403 | | | | |
| 114:2-117:24 | FIRS, REL, 403 | | | | |
| 119:22-120:20 | HRS, REL, 403 | | | | |
| 121:8-121:12 | HRS, REL, 403 | | | | |
| 121:13-123:20 | FIRS, REL, 403 | | | | |
| 124:8-131:16 | HRS, REL, 403 | | | | |
| 132:7-133:20 | HRS, REL, 403 | | | | |
| 136:20-137:8 | | | | | |
| 137:9-137:25 | REL, 403 | | | | |
| 138:2-140:2 | REL, 403 | | | | |
| 147:19-148:19 | REL, 403 | 146:18-147:18 | | | |
| 149:9-156:11 | HRS, REL, 403 | | | | |
| 157:22-158:8 | REL, 403 | | | | |
| 158:9-159:16 | | | | | |
| 160:12-161:6 | | | | | |
| 161:21-168:10 | HRS, REL, 403 | | | | |
| 168:22-169:10 | | | | | |
| 169:22-173:21 | HRS, REL, 403 | | | | |
| 173:22-180:3 | HRS, REL, 403 | | | | |
| 180:17-190:20 | REL, 403 | | | | |
| 190:21-204:16 | HRS, REL, 403 | | | | |
| 205:16-206:3 | | | | | |
| 206:4-207:19 | | | | | |
| 209:2-210:20 | HRS, REL, 403 | | | | |
| 210:21-226:7 | PRV, REL, 403, HRS | | | | |
| 226:17-238:4 | PRV, HRS, REL, 403 | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| | | Roger Dolden | | | |
|---|---|---|---|---|---|
| | | September 26, 2018 | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 241:3-246:10 | PRV, REL, 403, HRS | 290:9-14, 290:16 | V; Noquestionpending; MovetoStrike | | |
| 246:20-251:25 | PRV, HRS, REL, 403, MIS, AUTH | | | | |
| 252:20-253:11 | | | | | |
| 254:11-255:10 | HRS, REL, 403 | | | | |
| 255:11-270:12 | HRS, REL, 403, PRV | | | | |
| 272:3-283:7 | HRS, REL, 403 | | | | |
| 283:16-285:15 | | | | | |
| 319:5-331:21 | HRS, REL, 403, AUTH, PRV, FND, SPC, MIS | 312:8-14, 312:17-19, 312:21, 312:23-313:5, 313:8-11 | 312:8-14and312:17-19:NC, V, 611, SPC, Hyp, NR, MovetoStrike<br><br>312:21, 312:23-313:5, 313:8-11:NC, AF, V, C, 611, SPC, Hyp, NR, MovetoStrike | | |
| 326:15-326:23 | HRS, REL, 403 | | | | |

| | | Kim Dreher (Hamilton) | | | |
|---|---|---|---|---|---|
| | | May 22, 2017 | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 5:16-8:14 | 30(b)(6) | | | | |
| 9:2-13 | 30(b)(6) | | | | |
| 9:16-17 | 30(b)(6) | | | | |
| 9:20-24 | 30(b)(6) | | | | |
| 10:3-5 | 3((b)(6) | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Kim Dreher (Hamilton) | | | | | |
| --- | --- | --- | --- | --- | --- |
| May 22, 2017 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 10:8-10 | 30(b)(6) | | | | |
| 10:15-19 | 30(b)(6) | | | | |
| 10:21-24 | 30(b)(6) | | | | |
| 11:3-9 | AMB, 30(b)(6) | | | | |
| 11:12-16 | 30(b)(6) | | | | |
| 11:18-22 | 30(b)(6), INC | 12:5-6 | 402, NR | | |
| 11:5-6 | INC, AMB, 30(b)(6) | | | | |
| 17:10-12 | PRV, 30(b)(6) | 17:3-9 | 402, 403 | | |
| 17:15-22 | | | | | |
| 18:9-14 | MIS, AMB, FND | | | | |
| 18:16-18 | MIS, AMB, FND | | | | |
| 18:20-19:11 | MIS, 30(b)(6), AMB, SPC | | | | |
| 19:14-24 | 30(b)(6), AMB, SPC, FND | | | | |
| 20:3-8 | 30(b)(6), AMB, SPC, ILO | | | | |
| 20:11-12 | 30(b)(6), ILO, SPC, FND | | | | |
| 20:15-21 | ILO, LC, AMB, 30(b)(6) | | | | |
| 20:23-24 | 30(b)(6), LC, AMB, SPC, FND | | | | |
| 21:3-22:3 | MIS, 30(b)(6), AMB | | | | |
| 22:10-13 | MIS, 30(b)(6), AMB | | | | |
| 22:17-23:15 | | 23:16-25:7, 25:14-18, 25:20-26:17 | 402, NR | | |
| 27:9-15 | AMB, FND, SPC | | | | |
| 27:17-29:5 | AMB | | | | |
| 29:7-11 | MIS, SPC, AMB, FND | | | | |
| 29:13-31:4 | MIS, AMB, FND | | | | |
| 31:6 | MIS, AMB, FND | | | | |
| 31:8-20 | AA, AMB, FND | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| colspan="6" | **Kim Dreher (Hamilton)** May 22, 2017 |
| 31:23-32:5 | | 32:6-20, 32:22-33:11, 33:14-15, 34:5-16, 34:18-25, 35:3-11, 35:13-24, 36:2-3, 36:5-38:10, 38:13-10, 38:13-39:3, 39:6-12, 39:15-18 | 402 | | |
| 39:19-40:14 | | 32:6-20, 32:22-33:11, 33:14-15, 34:5-16, 34:18-25, 35:3-11, 35:13-24, 36:2-3, 36:5-38:10, 38:13-10, 38:13-39:3, 39:6-12, 39:15-18 | 402 | | |
| 40:16-42:21 | AMB | 42:22-23, 42:25-43:6, 43:8-12_43:14-15 | | | |
| 43:16-23 | AMB | | | | |
| 44:3-45:23 | 30(b)(6), AMB, SPC, FND, FIRS | | | | |
| 46:2-48:4 | HRS, AMB, MIS, SPC | 48:8-13, 48:15-16, 48:18-23, 48:25-49:6 | 402, F, Spec | | |
| 48:6-7 | | 48:8-13, 48:15-16, 48:18-23, 48:25-49:6 | 402, F, Spec | | |
| 49:7-9 | | 49:10-17, 49:19-50:6, 50:8-11, 50:13-19, 50:22-23, 51:7-15 | 402, F, Spec | | |
| 51:25-52:10 | | 52:11-14, 52:16-17 | 402 | | |
| 52:18-53:8 | AMB | | | | |
| 53:10-19 | AMB | | | | |
| 53:21-24 | AMB, MIS | 54:2-4, 54:6-7 | 402, NR | | |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| | | | | | |
|---|---|---|---|---|---|
| | | **Kim Dreher (Hamilton)** | | | |
| | | May 22, 2017 | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 54:8-9 | AMB, SPC, FND | | | | |
| 54:11-24 | | 54:25-55:6 | 402, F, Spec | | |
| 55:7-9 | AMB, SPC, MIS, FND | | | | |
| 55:11-12 | ABM, SPC, MIS, FND | | | | |
| 55:13-56:5 | ABM, SPC, MIS, FND, OJB | 56:6-57:4, 57:8-25, 58:3-59:3 | 402 | | |
| 59:5-8 | AMB | | | | |
| 59:10-60:3 | AMB | | | | |
| 60:5-61:11 | AMB | | | | |
| 61:13-20 | AMB, SPC, FND | | | | |
| 61:22-62:11 | AMB, FND | | | | |
| 62:13-19 | 30(b)(6), AMB, FND | | | | |
| 62:22-63:7 | | | | | |
| 63:13-15 | | | | | |
| 63:20-64:10 | SPC, AMB, FND, HRS | | | | |
| 64:12-16 | 30(b)(6), FND, SPC, AMB | | | | |
| 64:19-25 | 30(b)(6), FND, SPC, AMB | | | | |
| 65:4-7 | 30(b)(6), FND, SPC, AMB | | | | |
| 65:10-18 | 30(b)(6), FND, SPC, AMB, HRS | | | | |
| 65:20-23 | 30(b)(6), FND, SPC, AMB | | | | |
| 66:2 | 30(b)(6), FND, SPC, AMB | | | | |
| 66:4-7 | 30(b)(6), FND, SPC, AMB | | | | |
| 66:10-12 | 30(b)(6), FND, SPC, AMB | | | | |
| 66:15-67:5 | AMB, HRS | | | | |
| 67:7-18 | AMB, SPC, FND, HRS | | | | |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| | | | | | |

**Kim Dreher (Hamilton)**
May 22, 2017

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| 67:20-68:9 | 30(b)(6), AMB, SPC, FND | | | | |
| 68:12-69:11 | AMB, HRS | | | | |
| 69:13-70:20 | AMB, SPC, FND, HRS | | | | |
| 70:22-71:22 | 30(b)(6), SPC, FND, AMB | | | | |
| 71:25-72:5 | 30(b)(6), SPC, FND, AMB | | | | |
| 72:8-9 | AMB | | | | |
| 72:12-73:3 | HRS, AMB | | | | |
| 73:5-74:15 | 30(b)(6), SPC, FND, AMB, INC | | | | |
| 74:18-25 | AMB, HRS, INC | | | | |
| 75:7-24 | HRS, MIS, AMB, INC | | | | |
| 76:2-77:15 | AMB, HRS, INC | | | | |
| 77:17-79:23 | AMB, MIS, INC, HRS | | | | |
| 79:25-81:9 | AMB, MIS, FND, HRS, INC, | | | | |
| 81:11-22 | 30(b)(6), HRS, INC | 105:4-7, 105:10-12, 105:15-17, 105:20-21, 105:24-106:2 | 402, F, Spec, NR | | |
| 81:25-82:4 | 30(b)(6), HRS | | | | |
| 82:6-13 | 30(b)(6), MIS, FND, AMB, LC, HRS | | | | |
| 82:16-83:4 | 30(b)(6), AMB | | | | |
| 83:7-10 | 30(b)(6), MIS, FND | | | | |
| 83:13-15 | 30(b)(6), MIS, FND | | | | |
| 83:19-21 | 30(b)(6), MIS, FND, AMB | | | | |
| 83:23-84:3 | | 84:4-5, 84:8-10, 84:12-14, 84:17-19 | 402, F, Spec | | |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| | | **Kim Dreher (Hamilton)** May 22, 2017 | | | |
| 85:9-11 | AMB | 84:20-22 | 402 | | |
| 85:13-86:17 | HRS, 30(b)(6), CPD, SPC | | | | |
| 86:20-87:5 | HRS, SPC, 30(b)(6), FND | | | | |
| 87:8-16 | SPC, AMB | | | | |
| 87:18-23 | AMB, SPC | | | | |
| 87:25-88:9 | BER, OJB | 88:19-20 | | | |
| 88:23-89:8 | HRS, SPC, AMB, 30(b)(6), FND | | | | |
| 89:13-17 | HRS, SPC, AMB, 30(b)(6), FND | | | | |
| 89:20-21 | HRS, SPC, AMB, 30(b)(6), FND | | | | |
| 89:24-90:5 | SPC, AMB, 30(b)(6), FND | | | | |
| 90:8-12 | SPC, AMB, 30(b)(6), FND | | | | |
| 90:15-17 | SPC, AMB, 30(b)(6), FND | | | | |
| 90:20-23 | SPC, AMB, 30(b)(6), FND | | | | |
| 91:2-5 | SPC, AMB, 30(b)(6), FND | | | | |
| 91:8-10 | SPC, AMB, 30(b)(6), FND, LC | | | | |
| 91:14-19 | SPC, AMB, FND | | | | |
| 91:24-25 | | 92:15-16, 92:19-22, 92:25 | 402, F, Spec | 92:2-9, 92:12-14 | 30(b)(6) |
| 93:18-94:5 | INC, HRS, 30(b)(6), SPC, FND | 93:16-17 | | | |
| 94:8-13 | HRS, 30(b)(6), SPC, FND | | | | |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| colspan 6: **Kim Dreher (Hamilton)** May 22, 2017 | | | | | |
| 94:18-23 | HRS, 30(b)(6), SPC, FND | | | | |
| 95:2-6 | HRS, 30(b)(6), SPC, FND | | | | |
| 95:9-17 | HRS, 30(b)(6), SPC, FND | | | | |
| 95:21-24 | 30(b)(6), SPC, FND | | | | |
| 96:2 | 30(b)(6), SPC, FND | | | | |
| 96:4-11 | HRS, 30(b)(6), SPC, FND | | | | |
| 96:16-20 | HRS, MIS, 30(b)(6), SPC, FND | | | | |
| 96:23-97:5 | HRS, MIS, 30(b)(6), SPC, FND | | | | |
| 99:9-14 | HRS, MIS, 30(b)(6), SPC, FND | | | | |
| 99:18-100:7 | HRS, MIS, 30(b)(6), SPC, FND | | | | |
| 100:13-22 | HRS, MIS, 30(b)(6), SPC, FND | | | | |
| 100:25-101:2 | MIS, 30(b)(6), SPC, FND | | | | |
| 101:8-12 | HRS, MIS, 30(b)(6), SPC, FND | | | | |
| 101:15-102:2 | HRS, MIS, 30(b)(6), SPC, FND | | | | |
| 102:5-10 | HRS, MIS, 30(b)(6), SPC, FND, AMB | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| | | Kim Dreher (Hamilton) | | | |
|---|---|---|---|---|---|
| | | May 22, 2017 | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 102:13-16 | MIS, 30(b)(6), SPC, FND, MIS | | | | |
| 102:20-103:7 | MIS, 30(b)(6), SPC, FND | | | | |
| 103:10 | 30(b)(6), SPC, FND | | | | |
| 104:9-16 | HRS, 30(b)(6), SPC, FND, INC | 104:19, 105:4-7, 105:10-12, 105:15-17, 105:20-21, 105:24-2 | 402, F, Spec, NR | | |
| 106:3-106:23 | HRS, 30(b)(6), AMB | | | | |
| 107:2-3 | 30(b)(6), SPC, FND | | | | |
| 107:6-17 | HRS, FND, 30(b)(6), SPC | | | | |
| 107:20-108:4 | HRS, FND, 30(b)(6), SPC | | | | |
| 108:7-109:12 | HRS, FND, 30(b)(6), SPC | | | | |
| 109:15-110:4 | HRS, FND, 30(b)(6), SPC | 110:5-6, 110:8-111:12, 111:18-19 | 402, F, Spec | | |
| 111:20-113:19 | HRS, SPC, FND, 30(b)(6) | | | | |
| 113:21-24 | HRS, FND, 30(b)(6), SPC | | | | |
| 114:10-115:11 | SPC, AMB | | | | |
| 115:13-17 | | 115:18-21, 115:24-116:6, 116:8-19 | 402, NR | | |
| 116:21-23 | | 115:18-21, 115:24-116:6, 116:8-20 | 402, NR | | |
| 116:25-118:16 | HRS, 30(b)(6), SPC | | | | |
| 118:18-120:8 | HRS, 30(b)(6), SPC | 120:9-19 | 402 | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| colspan="6" | **Kim Dreher (Hamilton)** May 22, 2017 |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| 120:24-121:20 | SPC, FND | | | | |
| 121:22-122:2 | SPC, FND | | | | |
| 122:4-7 | SPC, FNDAMB | | | | |
| 122:9-123:7 | HRS | | | | |
| 123:15-17 | | | | | |
| 123:20-125:20 | SPC, FND, AMB, MIS | | | | |
| 125:22-128:18 | HRS, SPC | | | | |
| 129:2-15 | MIS, AMB | | | | |
| 129:19-130:12 | REL | 131:24-132:3, 132:6-8 | 402 | | |
| 132:10-134:7 | INC, SPC, HRS, 30(b)(6) | | | | |
| 134:11-24 | HRS, 30(b)(6), CMP | | | | |
| 135:3-6 | 30(b)(6), AMB, FND, SPC | | | | |
| 135:9-137:9 | HRS, SPC, 30(b)(6), FND | | | | |
| 137:11-138:5 | HRS, MISC, SPC | | | | |
| 138:7-9 | AMB, SPC, FND, 30(b)(6) | 138:10-12, 138:16-18 | 402 | | |
| 138:19-139:6 | HRS, CMP, AMB, SPC, FND, 30(b)(6) | | | | |
| 139:8-15 | 30(b)(6), SPC, AMB, FND | | | | |
| 139:18-21 | 30(b)(6), SPC, AMB | 140:4-9, 140:20-22, 140:25 | 402, F, Spec, I | | |
| 145:5-146:15 | HRS, | 146:16-17, 146:19-21 | 402, F, NR | | |
| 146:22-147:3 | MIS | | | | |
| 147:5-18 | SPC, 30(b)(6), FND | | | | |
| 147:22-148:4 | | | | | |
| 6:4-14 | | | | | |
| 6:22-7:2 | | | | | |
| 8:10-9:7 | | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| colspan="6" | **Kim Dreher (Hamilton)**<br>May 22, 2017 |||||
| 10:8-15 | OBJ | 16:7-22, 17:6-18:4 | 402 | | |
| 10:25-12:21 | | | | | |
| 13:7-14:9 | | | | | |
| 20:2-10 | FND, LC, 30(b)(6) | | | | |
| 20:18-21:3 | | | | | |
| 21:5-10 | CPD | | | | |
| 21:13-19 | | | | | |
| 21:25-22:9 | | | | | |
| 22:11-15 | FND | | | | |
| 22:18-23 | | | | | |
| 23:6-13 | | | | | |
| 23:16-22 | | | | | |
| 24:4-9 | | | | | |
| 24:15-17 | | | | | |
| 26:18-27:20 | INC | 27:21-23, 28:2-15, 28:22-29:4, 29:11-20, 30:2-3 | 402, 602, F, Spec | 28:16-21, 29:5-6 | |
| 30:4-21 | | 31:6-22, 32:10-35:17 | 402, 701, I | 32:2-3 | |
| 35:18-22 | AMB, FND, | | | | |
| 36:2-24 | | | | | |
| 37:3-14 | | | | | |
| 37:17-38:5 | | | | | |
| 38:8-39:21 | MIS, AMB | | | | |
| 39:25-40:11 | AMB | | | | |
| 40:13-17 | | | | | |
| 40:19-41:7 | | | | | |
| 41:10-42:7 | AMB, FND | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Kim Dreher (Hamilton) | | | | | |
|---|---|---|---|---|---|
| May 22, 2017 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 42:10-13 | AA | 42:14-15, 42:18-19, 43:2-4, 43:11-13, 43:11-16, 43:13-22, 44:12-17, 44:20-22, 44:25-45:14, 45:21-46:9, 46:19-47:23, 31:6-22, 48:19-51:17, 52:15-19, 53:3-20 | 402, I, 701, NT, NR | 43:23-44:2, 44:9-11 | FND, SPC, 30(b)(6) |
| 53:21-54:10 | | 54:11-55:7, 55:13-56:1 | 402, I | 55:11-12 | |
| 56:3-4 | | | | | |
| 56:13:15 | | | | | |
| 56:22-23 | | 56:24-25, 57:3-6, 57:8-9, 57:11-20, 57:22-25, 58:3-6 | 402, F, Spec | | |
| 58:7-12 | | | | | |
| 58:21-59:23 | | 60:18-23, 61:3-62:2, 62:15-63:15, 63:21-64:21, 65:4-10, 65:13-66:4, 66:6-68:4, 68:12-16 | I, NT, Spec | | |
| 68:17-70:11 | | 70:12-14, 70:16-71:12 | 402, NR | | |
| 71:13-16 | | | | | |
| 71:23-72:12 | | | | | |
| 72:16-23 | AMB, MIS | | | | |
| 73:2-3 | AMB | | | | |
| 73:5-8 | AMB | | | | |
| 73:10-14 | | | | | |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| Kim Dreher (Hamilton) | | | | | |
|---|---|---|---|---|---|
| May 22, 2017 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 73:16-20 | | 73:21-23, 74:5-25, 76:3-12, 75:14, 75:18-77:2, 77:11-20, 77:24-78:22-25, 79:3-13, 79:20-23, 79:25-80:4, 80:8-12, 80:16-17, 80:23-81:11 | F, Spec | 80:13, 80:15 | AA |
| 82:4-6 | AMB | | | | |
| 82:17-83:22 | MIS, AMB | | | | |
| 84:2-18 | | 84:19-24, 85:3-9, 85:11-15, 86:4-89:5, 89:7-20 | 402, 602 | | |
| 89:21-25 | AMB | | | | |
| 90:3-9 | | 90:10-13, 90:18-91, 91:11-22 | 402, F, Spec, I, NT | | |
| 91:23-92:3 | | | | | |
| 92:10-93:13 | | | | | |
| 93:17-94:3 | | | | | |
| 94:6-11 | | | | | |
| 95:9-96:9 | | | | | |
| 96:13-19 | | | | | |
| 96:21-97:2 | | | | | |
| 97:13-23 | | | | | |
| 98:3-16 | | 98:17-21, 98:23-99:3 | 402, F, Spec | | |
| 99:4-11 | | 99:12-14, 99:17-100:2 | | | |
| 100:3-101:23 | AMB | | | | |
| 101:25-102:22 | AMB, MIS, SPC | | | | |
| 103:2-14 | | | | | |
| 103:16-104:20 | FND, SPC | | | | |
| 104:24-105:7 | | 105:8-13, 105:17-24 | 402 | | |
| 105:25-106:18 | SPC | | | | |
| 106:21-107:2 | | | | | |
| 107:5-12 | | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Kim Dreher (Hamilton) | | | | | |
|---|---|---|---|---|---|
| May 22, 2017 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 107:14-15 | | 108:19-109:7, 110:5-23, 111:4-12, 111:20-112:6 | | 109:8-11, 109:15-20 | AMB, OBJ |
| 112:7-11 | MIS, SPC, FND | | | | |
| 112:22-114:20 | | | | | |
| 114:23-25 | | 115:2-4 | F | | |
| 115:5-13 | | | | | |
| 115:15 | | | | | |
| 115:17-116:8 | MIS | | | | |
| 116:12-25 | SPC | | | | |
| 117:6-10 | SPC | | | | |
| 117:15-18 | | | | | |
| 117:21 | | 117:22-24, 118:3-10 | Spec | | |
| 118:11-17 | | | | | |
| 118:23-119:6 | | 119:7-16, 119:18, 119:21-22, 119:24-120:10 | 402, F | 120:11-13, 120:20-21 | AMG, SPC, 30(b)(6) |
| 123:4-9 | | 120:22-121:9, 121:15-21, 122:2-8, 122:22-123:3 | 402 | 120:12 | INC, OBJ |
| 123:19-124:2 | | 124:3-8, 124:11-13 | 402, F | | |
| 124:14-16 | AMB | | | | |
| 124:18-125:5 | AMB | | | | |
| 125:8-126:10 | AMB | | | | |
| 126:12-16 | AMB, | | | | |
| 126:18-127:13 | | | | | |
| 127:19-21 | | | | | |
| 127:24-128:12 | | | | | |
| 128:17-22 | | 129:4-7, 129:11-25 | 402, F, NR | | |
| 131:8-132:15 | AMB, SPC | | | | |
| 132:18-133:5 | AMB, SPC | | | | |

# PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Kim Dreher (Hamilton) | | | | | |
|---|---|---|---|---|---|
| May 22, 2017 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 133:8-15 | | 134:4-17, 134:20-21, 134:5-4, 135:12-136:22, 136:24-137:22, 137:24-139:3 | 402, I, NT | | |
| 139:4-18 | | | | | |
| 139:20-23 | | | | | |
| 139:25-140:6 | | | | | |
| 140:12-25 | AMB | | | | |
| 141:4-142:12 | FND | | | | |
| 142:15-143:4 | MIS, AA, AMB | | | | |
| 143:10-25 | | 144:2-6, 144:9-12, 145:6-8, 145:10-12, 146:10-147:6 | 402 | 144:7-8, 144:13, 145:9 | |
| 151:12-152:15 | | | | | |
| 152:17-24 | | | | | |
| 153:2-19 | | | | | |
| 153:21-154:4 | | | | | |
| 154:6-156:4 | | | | | |
| 156:7-158:11 | | | | | |
| 158:22-160:25 | | | | | |
| 161:17-162:9 | OBJ | | | | |
| 162:16-18 | | | | | |
| 163:13-14 | | | | | |
| 163:19-167:14 | MIS, AMB | | | | |
| 167:17-168:9 | | 158:10-169:13 | 402, I, NT | | |
| 169:14-20 | | | | | |
| 169:24-170:5 | | | | | |
| 170:18-20 | | | | | |
| 170:23-172:6 | | | | | |
| 172:8-10 | AMB | 172:20-173:6 | 402, F, Spec | 172:11-14 | |
| 173:7-9 | | | | | |
| 173:11-174:7 | | | | | |
| 174:10-16 | | | | | |
| 174:18-175:19 | | | | | |
| 176:2-20 | AMB | | | | |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| **Kim Dreher (Hamilton)** May 22, 2017 | | | | | |
| 176:23-178:23 | MIS, FND | | | | |
| 179:2-182:16 | | | | | |
| 182:22-183:11 | | | | | |
| 183:14 | | | | | |
| 184:3-185:18 | MIS, FND | | | | |
| 185:21-187:13 | | | | | |
| 187:16-188:3 | | | | | |
| 188:8-25 | | | | | |
| 189:6-14 | | | | | |
| 189:19-190:23 | SPC | | | | |
| 191:2-15 | | 191:16-192:4 | 402 | | |
| 192:22-195:23 | | 195:24-196:3, 196:5-7 | 402, F | | |
| 196:8-22 | MIS | | | | |
| 197:2-18 | | | | | |
| 197:22-199:22 | AMB, OBJ, CMP | | | | |
| 199:24-200:2 | AMB, CMP, SPC | | | | |
| 200:5-203:15 | | | | | |
| 204:2-4 | | 204:5, 204:10-11, 204:17-21, 205:2-13, 205:22-206:7, 207:21-208:7, 208:16-20, | | | |
| 208:21-209:5 | | | | | |
| 211:13-214:2 | | | | | |
| 214:5-18 | | 214:19-22, 214:24-215:7, 215:10-216:10, 216:14-217:3 | 601, F, Spec | | |
| 217:4-9 | SPC | | | | |
| 217:12-218:2 | | | | | |
| 218:4-17 | | 218:19-22, 219:6-15, 219:18-220:5, 220:8-25, 221:5-14, 221:21-222:2 | 402, NR | | |

23

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| colspan | | | Kim Dreher (Hamilton) May 22, 2017 | | |
| 222:3-22 | SPC | | | | |
| 223:2-15 | SPC | | | | |
| 223:18-24 | AMB, SPC | | | | |
| 224:7-15 | | | | | |
| 224:24-225:9 | SPC | | | | |
| 225:19-25 | | | | | |
| 226:8-14 | | | | | |
| 226:24-227:6 | SPC, MIS | | | | |
| 227:16-24 | MIS, SPC | | | | |
| 228:11-229:17 | | | | | |
| 230:9-19 | CMP, AA, | | | | |
| 230:24-25 | CMP, AA | | | | |
| 231:19-232:3 | | 232:5-8, 232:13-17, 232:23-233:9, 233:11-17, 233:23-235:6 | 402, F, Spec | 232:18-19, 232:21-22 | AMB |
| 235:7-13 | | | | | |
| 235:15-22 | FND, AMB | | | | |
| 235:24-236:6 | FND, AMB | | | | |
| 236:8-18 | LC, AMB, SPC, ILO | | | | |
| 236:25-237:14 | | | | | |
| 237:22-25 | AA, SPC, ILO, AMB | | | | |
| 238:3-239:8 | SPC, FND, HYP | | | | |
| 239:10 | | | | | |
| 239:14-21 | FND, SPC, MIS | | | | |
| 239:25-240:9 | | | | | |
| 241:2-24 | FND, SPC | | | | |
| 242:4-17 | MIS, FND, CMP | | | | |
| 242:20-243:5 | SPC | | | | |
| 243:8-12 | AMB, SPC, FND | | | | |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| **Kim Dreher (Hamilton)** May 22, 2017 | | | | | |
| 243:16-244:2 | | 244:3-4, 244:7-13, 244:16-22, 245:5-13, 245:21-246:9, 246:16-247:5, 247:7-248:4, 248:9-249:3, 249:7-250:13 | 701, F, Spec | | |
| 252:13-253:6 | | 253:16-19, 254:8-11 | 402, I | 253:7-15 | |
| 254:12-14 | | | | | |
| 254:16-255:11 | MIS | | | | |
| 255:15-257:10 | ILO, 30(b)(6), SPC, AMB | | | | |
| 257:17-258:23 | MIS | | | | |
| 259:4-13 | SPC, FND | | | | |
| 259:20-261:9 | SPC, FND | | | | |
| 261:16-262:3 | SPC, FND | | | | |
| 262:12-263:7 | MIS, SPC, FND, AMB | | | | |
| 263:17-264:6 | MIS | | | | |
| 264:10-13 | | | | | |
| 264:18-265:12 | HYP, ILO, SPC, FND, AMC | | | | |
| 265:21-25 | | | | | |
| 266:9-20 | | | | | |
| 267:4-24 | FND | | | | |
| 268:3-17 | | 268:18-21, 268:23-269:19, 270:6-271:4, 271:7-12, 271:16-23, 272:5-8 | 402, F, Spec | | |
| 272:14-23 | | | | | |
| 273:2-23 | MIS, FND | | | | |
| 274:3-11 | | | | | |
| 274:15-275:8 | | | | | |
| 275:24-276:20 | SPC | | | | |
| 276:23-277:17 | SPC | | | | |

# PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Kim Dreher (Hamilton) | | | | | |
|---|---|---|---|---|---|
| May 22, 2017 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 277:25-279:6 | FND, MIS, SPC | | | | |
| 279:12-280:3 | MIS, SPC | | | | |
| 280:6-19 | SPC | | | | |
| 280:22-281:13 | | | | | |
| 281:15-286:9 | SPC | | | | |
| 286:12-287:9 | | | | | |
| 287:23-292:5 | MIS | | | | |
| 292:9-19 | AA | | | | |
| 292:22-294:21 | | 294:22-25, 295:7-25, 296:7-8, 296:10-19 | 402, F, Spec, 602, I | 295:2 | |
| 296:25-298:18 | | | | | |
| 299:5-25 | | | | | |
| 300:4-16 | | | | | |
| 301:9-22 | AMB, FND, MIS | | | | |
| 301:25-302:6 | AMB | | | | |
| 302:9-19 | | | | | |
| 302:22-305:2 | AA | | | | |
| 305:6-13 | CMP | | | | |
| 305:20-306:6 | | | | | |
| 306:8-20 | MIS, AMB | | | | |
| 306:22-307:2 | | | | | |

| Craig Hawker, Ph.D. | | | | | |
|---|---|---|---|---|---|
| March 28, 2017 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 7:14-23 | | 7:25-8:1, 8:4-13, 8:21-9:9 | 402; 403 | | |
| 22:5-7 | | 21:21-22:4, 22:8-12, 22:15-16, 22:18-23:1, 23:13-24:25:1, 25:9-12, 26:9-18, 28:4-15, 29:9-11, | 701(re:patentlaw); Spec; 402; 403; M | 34:17-24; 35:6-25; 36:8-37:1 | |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| | | **Craig Hawker, Ph.D.** March 28, 2017 | | | |
| | | 30:17-31:20, 33:5-34:16, 46:1-6, 46:8, 116:5-119:8, 119:12-127:9, 127:12-13, 127:15-21 | | | |
| 23:2-7 | | | | | |
| 49:4-52:5 | | 48:14-49:3 | | | |
| 52:19-54:12 | | 54:13-16 | | | |
| 56:14-17 | | 56:18-25, 87:19-92:7 | 402; 403 | | |
| 57:1-3 | | 57:4-19, 58:1-59:8, 59:12-17, 128:20-131:19, | 402; 403 | | |
| 59:18-60:5 | | | | | |
| 65:13-16 | | 65:20-21, 65:23-66:8 | | | |
| 66:9-67:6 | | 67:7-19 | | | |
| 67:24-69:10 | | 69:11-71:5, 71:24-72:6, 72:9-23, 73:1-4, 73:18-20, | Spec; 602 | | |
| 74:7-19 | | 73:14-16, 74:20-23, 75:13-23, 76:3-10, 76:14-16, 77:14-15, 77:18-19 | Spec; 602; I | 73:7-17 | |
| 78:20-81:2 | | 77:20-78:19 | | | |
| 81:10-23 | | 82:1-84:3 | V; M | | |
| 84:24-87:9 | | 84:3-23 | I | | |
| 92:23-93:4 | | 92:12-22, 93:5-7, 93:9-94:8 | | | |
| 95:1-3 | | 94:14-25, 95:4-14, 95:23-96:1, 96:8-97:2, 97:20-98:17 | Spec; M | | |
| 99:2-101:3 | | 98:19-22, 102:-103:20 | I | 101:13-25 | INC, IMP |
| 103:21-105:21 | | 105:22-106:10, 106:24-107:6 | | | |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| \| Craig Hawker, Ph.D. \n March 28, 2017 |||||| |
| 107:7-111:24 | | 112:2-14 | | | |
| 112:18-113:14 | | | | | |
| 113:19-115:25 | | 116:5-14 | | | |
| 134:11-137:7 | | 131:22-133:23, 134:10, 137:8-138:15 | I | | |
| 138:16-140:5 | | 140:6-25, 141:7-17, 141:23-13, 142:20-143:3, 143:6-23 | | | |
| 144:6-147:12 | | | | | |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| 6:15-21 | | | | | |
| 7:4-9:15 | | | | | |
| 11:18-13:8 | | | | | |
| 15:3-6 | | | | | |
| 15:10-16:11 | | | | | |
| 16:16-17:18 | | | | | |
| 17:19-18:23 | | | | | |
| 18:24-21:10 | | | | | |
| 21:11-22:9 | | | | | |
| 23:24-24:3 | | | | | |
| 24:7-25:17 | | | | | |
| 26:1-13 | | | | | |
| 28:2-5 | | | | | |
| 28:11-29:5 | | | | | |
| 29:8-13 | | | | | |
| 29:23-25 | | | | | |
| 30:6-31:13 | | | | | |
| 31:18-22 | | | | | |
| 31:24-33:19 | | | | | |

**Craig Hawker, Ph.D.**
December 20, 2018

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Craig Hawker, Ph.D. December 20, 2018 | | | | | |
|---|---|---|---|---|---|
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 34:3-6 | | | | | |
| 34:10-12 | | | | | |
| 34:22-35:22 | | | | | |
| 35:25-37:11 | | | | | |
| 37:22-39:12 | | | | | |
| 39:16-40:12 | | | | | |
| 40:18-41:8 | | | | | |
| 41:10-42:14 | | | | | |
| 43:13-44:6 | | | | | |
| 44:13-45:3 | | | | | |
| 45:23-47:1 | | | | | |
| 47:7-49:10 | | | | | |
| 49:14-51:3 | | | | | |
| 51:9-17 | | | | | |
| 51:19-21 | | | | | |
| 51:24-55:18 | | | | | |
| 56:25-57:6 | | | | | |
| 57:10-58:7 | | | | | |
| 63:12-65:4 | | | | | |
| 65:10-66:23 | | | | | |
| 67:7-11 | | | | | |
| 67:17-21 | | | | | |
| 67:14-25 | | | | | |
| 68:14-25 | | | | | |
| 69:21-71:4 | | | | | |
| 71:11-74:4 | | | | | |
| 74:11-15 | | | | | |
| 80:9-22 | | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| colspan="6" | **David Hernand**<br>December 19, 2018 |
| 7:22-8:13 | Daubert, REL, 403 | 5:16-17 | | | |
| 8:24-9:9 | Daubert, REL, 403 | | | | |
| 9:11-9:16 | Daubert, REL, 403 | | | | |
| 11:9-11:12 | Daubert, REL, 403 | | | | |
| 11:13-11:16 | Daubert, REL, 403 | | | | |
| 11:22-11:25 | Daubert, REL, 403 | | | | |
| 12:1-12:11 | Daubert, REL, 403 | | | | |
| 12:22-13:7 | | 13:9-14:3 | H, 402, 403 | | |
| 14:8-14:20 | | 15:2-4 15:6 | H, 402, 403 | | |
| 15:22-16:2 | | 15:18-21 | H, Spec, F, 402, 403 | | |
| 17:4-17:9 | | | | | |
| 17:11-17:19 | | | | | |
| 19:10-19:19 | | | | | |
| 22:15-22:17 | Daubert, REL, 403 | | | | |
| 24:25-25:11 | MIS, OBJ | | | | |
| 25:13-26:11 | | | | | |
| 26:13-27:2 | FND | | | | |
| 31:2-31:19 | | | | | |
| 31:20-33:5 | HRS, Daubert, REL, 403, SPC | | | | |
| 33:6-33:13 | | | | | |
| 34:5-34:8 | | | | | |
| 35:12-36:1 | | | | | |
| 36:2-37:3 | Daubert, REL, 403 | | | | |
| 37:4-37:17 | | | | | |
| 37:18-38:3 | INC | | | | |
| 38:6-38:11 | INC, SPC, FND | | | | |
| 39:12-39:18 | | | | | |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| \multicolumn{6}{c}{**David Hernand**} | | | | | |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| 39:19-40:18 | | | | | |
| 40:19-40:24 | | | | | |
| 43:11-43:15 | | | | | |
| 44:1-44:11 | | | | | |
| 44:12-45:1 | | | | | |
| 47:9-47:15 | | | | | |
| 51:14-51:15 | | | | | |
| 51:17-51:20 | OBJ | | | | |
| 52:1-52:3 | | | | | |
| 52:10-52:10 | | | | | |
| 52:18-53:6 | OBJ | | | | |
| 53:8-53:13 | | | | | |
| 53:23-54:2 | ARG, MIS, REL | | | | |
| 54:24-55:16 | OBJ | | | | |
| 55:18-56:8 | | | | | |
| 56:14-57:3 | | | | | |
| 57:4-57:20 | | | | | |
| 59:20-60:24 | HRS | | | | |
| 60:25-61:9 | | | | | |
| 61:25-62:20 | | | | | |
| 62:21-63:23 | | | | | |
| 63:24-65:3 | HRS, SPC | | | | |
| 65:23-66:7 | | | | | |
| 66:8-66:13 | | | | | |
| 66:14-66:17 | | | | | |
| 66:21-66:25 | | | | | |
| 67:2-67:5 | | | | | |
| 67:6-67:9 | | | | | |
| 67:21-68:1 | FND, SPC, CPD | | | | |
| 68:4-68:4 | INC, FND, SPC | | | | |
| 69:1-69:4 | | | | | |
| 69:5-69:21 | HRS | | | | |
| 70:2-70:16 | | | | | |
| 70:18-70:21 | | | | | |
| 70:22-71:3 | HRS | | | | |
| 71:13-71:22 | Daubert, REL, 403 | | | | |
| 72:1-72:1 | | | | | |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| colspan=6 | **David Hernand**<br>December 19, 2018 |
| 72:9-72:18 | | | | | |
| 73:12-73:15 | | | | | |
| 74:16-74:20 | | | | | |
| 75:5-75:7 | | | | | |
| 76:6-76:17 | | | | | |
| 76:17-76:23 | | | | | |
| 77:16-78:7 | | | | | |
| 79:13-79:19 | | | | | |
| 81:2-81:5 | | | | | |
| 81:6-81:16 | HRS | | | | |
| 81:21-82:9 | | | | | |
| 82:10-82:24 | SPC, FND | | | | |
| 83:5-83:21 | HRS | | | | |
| 83:22-84:7 | HRS | | | | |
| 84:18-84:24 | | | | | |
| 85:1-85:3 | Daubert, REL, 403 | | | | |
| 85:21-86:2 | Daubert, REL, 403 | | | | |
| 87:18-87:22 | Daubert, REL, 403 | | | | |
| 92:13-92:15 | | | | | |
| 94:25-95:14 | Daubert, REL, 403, OBJ | | | | |
| 96:2-96:11 | Daubert, REL, 403, OBJ | | | | |
| 96:13-97:5 | Daubert, REL, 403, OBJ | | | | |
| 97:7-97:16 | Daubert, REL, 403, INC | | | | |
| 97:18-97:19 | INC, Daubert, REL, 403 | | | | |
| 97:21-98:1 | INC, Daubert, REL, 403 | | | | |
| 98:3-98:16 | INC, Daubert, REL, 403 | | | | |
| 98:18-98:22 | INC, Daubert, REL, 403 | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| **David Hernand** December 19, 2018 | | | | | |
|---|---|---|---|---|---|
| **Plaintiffs' Designations** | **Defendants' Objections** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Designations** | **Plaintiffs' Counter-Counter Designations** | **Defendants' Objections to Plaintiffs' Counter-Counter Designations** |
| 98:24-98:24 | INC, Daubert, REL, 403 | | | | |
| 99:16-100:14 | Daubert, REL, 403, INC | | | | |
| 100:18-100:18 | INC, Daubert, REL, 403 | | | | |
| 100:20-101:16 | Daubert, REL, 403 | | | | |
| 103:16-103:21 | Daubert, REL, 403 | | | | |

| **Edward Kimble (Gelest Rule 30(b)(6))Vol 1** March 07, 2019 | | | | | |
|---|---|---|---|---|---|
| **Plaintiffs' Designations** | **Defendants' Objections** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Designations** | **Plaintiffs' Counter-Counter Designations** | **Defendants' Objections to Plaintiffs' Counter-Counter Designations** |
| 24:13-24:17 | | | | | |
| 29:12-30:1 | | | | | |

| **Edward Kimble (Gelest Rule 30(b)(6))Vol 2** March 22, 2019 | | | | | |
|---|---|---|---|---|---|
| **Plaintiffs' Designations** | **Defendants' Objections** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Designations** | **Plaintiffs' Counter-Counter Designations** | **Defendants' Objections to Plaintiffs' Counter-Counter Designations** |
| 143:1-143:8 | OBJ | 142:4-15, 142:17, 142:19-21, 142:24 | 402; 403; AF; F | | |
| 145:15-145:25 | | | | | |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| | | | | | |
|---|---|---|---|---|---|
| | | **Leslie Marino**<br>May 11, 2017 | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 5:17-5:23 | | 7:4-5 | | | |
| 7:21-7:25 | | | | | |
| 8:10-8:15 | | | | | |
| 9:20-10:8 | INC | 9:19 | | | |
| 16:2-16:10 | | 15:16-25 | F, 402, 403 | | |
| 33:24-34:22 | | 33:15-23 | | | |
| 35:9-35:18 | | 35:4-6, 35:19-21, 35:24-25 | Spec, F, 402, 403, 701 | | |
| 36:7-36:23 | 30(b)(6) | | | | |
| 37:2-37:2 | | | | | |
| 37:7-37:16 | | 37:3-6 | | | |
| 40:16-40:22 | | 38:9-39:18, 40:7-15 | Spec, F, 402, 403 | | |
| 40:25-43:25 | | | | | |
| 44:2-44:8 | | 44:16-45:12 | | | |
| 47:17-47:23 | | 47:24-48:6, 48:13-49:3 | | | |
| 49:4-49:6 | 30(b)(6) | | | | |
| 49:9-49:10 | | | | | |
| 49:11-49:14 | | | | | |
| 49:17-49:18 | | | | | |
| 58:10-58:11 | | 54:16-55:6 | | | |
| 58:17-58:25 | FND, HRS | | | | |
| 59:2-59:22 | | 60:2-23, 61:2-7, 61:9-19 | H, Spec, 402, 403 | | |
| 59:23-59:25 | | | | | |
| 63:16-64:2 | | 61:22-62:13, 62:23-63:15 | | | |
| 64:3-64:21 | | | | | |
| 64:22-64:24 | | | | | |
| 65:4-65:5 | | | | | |
| 65:11-65:15 | | | | | |
| 67:6-67:15 | | 67:16-24 | F, 402, 403 | | |
| 68:2-68:6 | | 68:7-16 | Spec, F, 402, 403 | | |
| 68:17-69:9 | | | | | |
| 69:10-69:17 | | | | | |
| 71:8-71:19 | | | | | |
| 75:17-75:20 | HRS | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Leslie Marino | | | | | |
|---|---|---|---|---|---|
| May 11, 2017 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 76:4-76:11 | | 76:12-20 | | | |
| 76:21-77:10 | | | | | |
| 77:11-77:14 | MIS, FND, SPC | | | | |
| 77:17-77:21 | | | | | |
| 77:22-78:12 | | | | | |
| 78:22-79:2 | | | | | |
| 79:3-79:25 | | 80:2-17, 80:22-25, 81:4-6 | | | |

| Leslie Marino | | | | | |
|---|---|---|---|---|---|
| June 12, 2019 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 17:25-20:6 | | 5:16-6:6, 9:22-25, 16:3-20 | | | |
| 21:9-22:8 | | 24:5-25:3 | | | |
| 23:9-24:4 | | | | | |
| 25:4-26:8 | | | | | |
| 35:14-35:24 | | 34:2-16, 35:6-13 | Spec, F, 402, 403 | | |
| 35:25-36:13 | | | | | |
| 60:11-62:22 | FDN, SPC | 52:21-53:21, 53:23-54:16, 54:18-55:6, 59:5-60:10 | H, F, 402, 403 | | |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| Leslie Marino | | | | | |
|---|---|---|---|---|---|
| December 14, 2018 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 22:10-22:14 | | 5:8-9 | | 23:15-27:16 | IMP, 30(b)(6), FND, SPC, LC, OBJ, AMB |
| 22:15-22:20 | | | | | |
| 27:17-28:4 | 30(b)6, FDN, SPC | | | | |
| 28:9-28:13 | | | | | |
| 28:14-29:23 | | | | | |
| 29:25-31:11 | | | | | |
| 32:7-32:18 | | 32:19-24 | | | |
| 32:25-33:23 | | | | | |
| 33:25-34:7 | | | | | |
| 34:21-35:17 | | | | | |
| 35:19-37:6 | | | | | |
| 37:10-37:16 | INC, 30(b)(6) | | | | |
| 37:23-40:10 | INC, 30(b)(6) | | | | |
| 40:14-46:8 | INC, 30(b)(6) | | | | |
| 46:11-47:13 | INC, 30(b)(6) | 47:21-22, 47:24-25 | | | |
| 47:23-47:23 | INC, 30(b)(6) | | | | |
| 48:2-48:2 | | | | | |
| 48:3-50:8 | | | | | |
| 50:9-50:12 | INC, 30(b)(6) | | | | |
| 50:15-50:15 | INC, 30(b)(6) | | | | |
| 50:17-50:23 | INC, 30(b)(6), FDN, SPC | | | | |
| 51:3-51:6 | INC, 30(b)(6), FDN, SPC | | | | |
| 51:9-51:13 | INC, 30(b)(6), FDN, SPC | | | | |
| 51:21-55:18 | INC, 30(b)(6), FDN, SPC | | | | |
| 56:5-57:25 | | | | | |
| 58:3-63:21 | | | | | |
| 63:23-75:19 | | | | | |
| 75:21-78:5 | | 78:6-12 | | | |
| 78:23-79:19 | | | | | |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| 79:20-80:6 | 30(b)(6), LC, FND, SPC, HYP | | | | |
| 80:15-80:17 | INC, 30(b)(6), LC, FND, SPC, HYP | | | | |
| 80:23-81:9 | INC | 81:10-23 | Spec, F, 402, 403 | | |
| 82:19-85:17 | INC, 30(b)(6), FND, SPC | | | | |
| 85:22-88:6 | | | | | |
| 88:13-88:17 | HRS | | | | |
| 89:7-91:9 | | | | | |
| 91:17-92:20 | INC, 30(b)(6), HRS | | | | |
| 93:3-94:5 | INC, 30(b)(6) | | | | |
| 94:7-94:7 | INC, MIS, 30(b)(6) | | | | |
| 94:10-94:17 | INC, MIS, 30(b)(6) | | | | |
| 94:22-96:9 | INC, 30(b)(6) | | | | |
| 96:13-97:2 | INC, 30(b)(6) | | | | |
| 97:6-97:16 | INC, 30(b)(6) | | | | |
| 97:24-98:3 | INC, 30(b)(6) | | | | |
| 98:9-98:23 | INC, 30(b)(6), FND, SPC | | | | |
| 99:3-99:6 | INC, 30(b)(6), FND, SPC | | | | |
| 99:7-99:25 | | 100:2-6, 100:10-11 | | 100:12-16 | |
| 100:23-105:18 | INC | | | | |
| 105:21-107:25 | INC | | | | |
| 108:2-109:5 | INC, 30(b)(6) | | | | |
| 109:9-111:2 | INC, 30(b)(6) | | | | |
| 111:3-111:12 | | | | | |
| 111:18-113:17 | | | | | |
| 113:20-116:4 | | | | | |
| 116:5-119:25 | HRS, FND | 120:2-4 | | | |
| 120:5-121:13 | | | | | |
| 121:16-122:13 | INC, MIS, AA | | | | |

37

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| 122:21-123:20 | INC, MIS, AA | | | | |
| 123:23-124:17 | INC, AA | | | | |
| 124:23-124:23 | INC, AA | | | | |
| 125:9-126:16 | | | | | |
| 127:13-130:20 | INC, FND, SPC, AMB, 30(b)(6) | | | | |
| 131:6-131:14 | INC, FND, SPC, AMB, 30(b)(6) | | | | |
| 131:17-134:11 | | | | | |
| 134:13-134:16 | HRS, FND | 136:4-6 | | | |
| 136:11-136:15 | | 136:16-18, 136:21-137:9 | | | |
| 137:11-140:23 | | | | | |
| 144:17-144:18 | HRS, FND, 30(b)(6) | 145:7-10, 145:17-18 | | | |
| 147:5-147:17 | HRS, FND, 30(b)(6) | | | | |
| 148:23-151:4 | HRS, FND, 30(b)(6) | | | | |
| 151:5-151:17 | HRS, FND, 30(b)(6), INC | | | | |
| 151:21-151:21 | INC, HRS, FND, 30(b)(6) | | | | |
| 153:3-154:3 | | | | | |
| 154:10-155:16 | INC, HRS | | | | |
| 156:4-156:16 | | | | | |
| 156:17-156:22 | | | | | |
| 156:23-156:25 | INC, FND, SPC, AMB | | | | |
| 157:4-157:6 | INC, FND, SPC, AMB | | | | |
| 158:14-158:16 | | | | | |
| 159:14-159:21 | | | | | |
| 160:19-160:23 | | 160:24-161:16, 163:25-164:12 | | | |
| 175:14-176:12 | | | | | |
| 176:14-176:16 | | | | | |
| 176:18-176:20 | | | | | |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| | | | | | |
|---|---|---|---|---|---|
| **Leslie Marino** December 14, 2018 | | | | | |
| **Plaintiffs' Designations** | **Defendants' Objections** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Designations** | **Plaintiffs' Counter-Counter Designations** | **Defendants' Objections to Plaintiffs' Counter-Counter Designations** |
| 183:19-184:13 | | 184:14-19, 186:11-18 | | 184:20-23 | |
| 184:24-185:8 | | | | | |
| 191:23-193:24 | | 189:21-25, 190:9-11, 190:17-22 | | | |
| 194:2-195:24 | | | | | |
| 197:6-198:16 | | 198:17-199:4 | | | |
| 200:9-200:18 | | | | | |
| 202:11-203:6 | | | | | |
| 205:10-205:23 | | | | | |
| 208:17-209:9 | | | | | |
| 212:20-216:6 | | | | | |
| 218:24-220:4 | | | | | |
| 220:5-221:10 | INC, 30(b)(6) | | | | |
| 221:15-221:21 | INC, 30(b)(6) | | | | |
| 221:25-222:4 | INC, 30(b)(6) | | | | |
| 222:10-222:21 | INC, 30(b)(6) | | | | |
| 222:24-223:24 | INC, 30(b)(6) | | | | |
| 224:4-224:9 | INC, 30(b)(6) | | | | |
| 226:6-226:9 | | | | | |
| 226:10-227:2 | FND, SPC, HRS, 30(b)(6) | 229:8-10 | | | |
| 229:11-230:23 | FND, HRS, 30(b)(6) | 230:24-231:4, 231:14-17 | | | |
| 235:2-235:4 | 30(b)(6) | | | | |
| 235:11-237:2 | INC, 30(b)(6) | | | | |
| 237:7-237:10 | INC, 30(b)(6) | | | | |
| 237:11-238:22 | 30(b)(6), SPC, AMB | | | | |
| 241:7-241:18 | INC, FND, SPC | | | | |
| 241:21-241:24 | INC, FND, SPC | | | | |
| 242:16-242:18 | INC, FND, SPC | | | | |
| 242:21-242:24 | INC, FND, SPC | | | | |
| 243:3-243:4 | INC, FND, SPC, OBJ | | | | |
| 243:17-243:19 | INC, FND, SPC, LC | | | | |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| | | | | | |
|---|---|---|---|---|---|
| **Leslie Marino**<br>December 14, 2018 | | | | | |
| **Plaintiffs' Designations** | **Defendants' Objections** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Designations** | **Plaintiffs' Counter-Counter Designations** | **Defendants' Objections to Plaintiffs' Counter-Counter Designations** |
| 244:9-244:22 | INC, FND, SPC | | | | |
| 244:25-244:25 | INC, FND, SPC | | | | |
| 245:3-245:19 | INC, FND, SPC | | | | |
| 245:25-246:2 | | | | | |
| 246:8-247:6 | REL | | | | |
| 247:8-247:12 | REL, 30(b)(6) | | | | |
| 247:15-247:16 | INC, REL, 30(b)(6) | | | | |
| 247:19-248:8 | INC | | | | |
| 248:11-248:12 | INC, FND, SPC, 30(b)(6) | 248:15-16 | | | |
| 248:18-248:22 | INC, FND, SPC, 30(b)(6) | | | | |
| 249:5-249:22 | NC, MIS | | | | |
| 249:25-249:25 | INC, MIS | | | | |
| 250:4-250:7 | INC | | | | |
| 250:11-250:15 | INC, 30(b)(6), FND, SPC | | | | |
| 251:6-251:7 | NC, 30(b)(6), FND, SPC, ARG | | | | |
| 251:13-251:14 | INC, 30(b)(6), FND, SPC | | | | |
| 252:2-252:11 | ARG, 30(b)(6), FND, SPC | | | | |
| 270:2-270:9 | INC, 30(b)(6), FND, SPC | | | | |
| 270:13-271:2 | INC, 30(b)(6), FND, SPC | | | | |
| 271:6-272:16 | INC, 30(b)(6), FND, SPC, HRS | | | | |
| 272:19-273:9 | INC, 30(b)(6), FND, SPC, HRS | 273:10-12, 273:16-20 | | | |
| 273:21-274:21 | INC, 30(b)(6), FND, SPC, HRS | | | | |
| 274:24-275:19 | INC, 30(b)(6), FND, SPC, HRS, AMB | | | | |
| 276:19-276:23 | INC, 30(b)(6), FND, SPC | | | | |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| Leslie Marino | | | | | |
|---|---|---|---|---|---|
| December 14, 2018 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 277:3-277:6 | INC, 30(b)(6), FND, SPC | | | | |
| 277:9-277:12 | INC, 30(b)(6), FND, SPC | | | | |
| 277:15-278:10 | INC, 30(b)(6), FND, SPC | | | | |
| 278:13-279:2 | INC, 30(b)(6), FND, SPC | | | | |
| 279:22-280:2 | 30(b)(6) | | | | |
| 280:25-281:15 | INC, FND, SPC | | | | |
| 283:16-284:5 | INC, FND, SPC, 30(b)(6) | 283:12-15 | | | |
| 284:10-285:16 | INC, FND, SPC, 30(b)(6) | | | | |
| 286:5-286:18 | INC, FND, SPC, 30(b)(6) | | | | |
| 286:21-289:16 | INC, FND, SPC, 30(b)(6) | | | | |
| 289:20-289:20 | INC | | | | |
| 289:25-293:9 | INC, FND, SPC, HRS | | | | |
| 289:25-293:10 | INC, FND, SPC, HRS | | | | |
| 293:14-293:23 | INC, FND, SPC, HRS | 294:2-12 | | | |
| 294:13-295:12 | INC, HRS, FND, SPC | | | | |
| 295:16-295:17 | INC, FND, SPC | | | | |
| 298:9-298:24 | HRS, FND | | | | |
| 299:8-299:22 | | 299:23-300:2, 300:6-301:11 | | | |
| 301:12-302:6 | | | | | |
| 315:10-315:24 | | | | | |
| 317:7-318:9 | FIRS | 321:3-19, 323:17-21, 324:2-325:5, 329:5-330:25, 331:4-19 | 402, 403 | 323:22-25, 331:20-332:24, 333:8-15 | |
| 318:24-319:10 | | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| | | | | | |
|---|---|---|---|---|---|
| **Leslie Marino** December 14, 2018 | | | | | |
| **Plaintiffs' Designations** | **Defendants' Objections** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Designations** | **Plaintiffs' Counter-Counter Designations** | **Defendants' Objections to Plaintiffs' Counter-Counter Designations** |
| 360:15-361:12 | FND, SPC | 359:11-360:13 | | 323:22-25, 331:20-332:24, 333:8-15 | |
| 362:10-363:9 | | 363:10-364:6, 364:9-24 | | 364:7-8 | |
| 366:25-367:22 | | | | | |
| 367:23-368:16 | | 368:17-20 | | | |
| 369:2-371:3 | | 371:4-17 | | | |
| 373:5-373:14 | | | | | |
| 376:20-378:2 | FND, SPC, HRS | | | | |
| 378:3-378:19 | 30(b)(6) | | | | |
| 381:4-381:17 | | 380:5-12, 380:15-18, 380:21-381:3, 381:18-19, 381:22-25 | L, 402, 403 | | |
| 382:6-382:24 | REL, 30(b)(6) | | | | |
| 383:5-383:13 | ARG, MIS | 383:17-384:16 | | | |
| 384:17-385:19 | MIS | | | | |
| 387:23-387:25 | | | | | |
| 388:8-388:13 | | | | | |
| 388:14-388:19 | | | | | |
| 388:20-388:24 | | 388:25-389:13, 391:14-17, 391:20-23 | H, L, 402, 403 | | |

| | | | | | |
|---|---|---|---|---|---|
| **Gina Meggo (SalonCentric Rule 30(b)(6))** December 11, 2018 | | | | | |
| **Plaintiffs' Designations** | **Defendants' Objections** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Designations** | **Plaintiffs' Counter-Counter Designations** | **Defendants' Objections to Plaintiffs' Counter-Counter Designations** |
| 5:16-5:19 | | | | | |
| 6:22-7:17 | | | | | |
| 7:18-7:20 | | | | | |
| 7:23-8:6 | | | | | |
| 8:7-8:14 | | | | | |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| | | **Gina Meggo (SalonCentric Rule 30(b)(6))** | | | |
| | | December 11, 2018 | | | |
| 8:23-10:17 | | | | | |
| 11:3-11:10 | | 11:11-21, 12:2-13:2, 13:16-14:2, 14:22-15:11 | | | |
| 20:8-20:25 | | 19:2-25 | | 20:2-7 | |
| 21:2-21:12 | | | | | |
| 24:15-24:25 | | | | | |
| 25:2-25:7 | | | | | |
| 26:2-26:6 | | | | | |
| 26:16-27:13 | | | | | |
| 27:14-28:2 | | | | | |
| 28:3-28:24 | | | | | |
| 29:20-31:7 | | | | | |
| 31:12-31:18 | | | | | |
| 33:19-34:5 | | | | | |
| 37:24-38:2 | | | | | |
| 38:6-38:10 | | 38:3-5 | | | |
| 38:11-39:12 | | 39:13-14 | | | |
| 39:15-39:22 | | | | | |
| 39:23-40:9 | | 40:10-17 | | 40:18-41:2 | REL; IMP; HRS |
| 41:24-43:9 | HRS | | | | |
| 44:3-44:23 | | | | | |
| 45:16-45:19 | | | | | |
| 45:20-46:24 | FIRS | | | | |
| 47:25-50:11 | FND, SPC, 30(b)(6) | | | | |
| 50:12-51:23 | | | | | |
| 51:24-52:12 | | | | | |
| 53:6-53:14 | | | | | |
| 55:11-55:18 | | | | | |
| 56:3-56:11 | | | | | |
| 56:12-57:21 | | 57:22-58:2, 58:5-9 | | 58:10-19 | 30(b)(6), FND, SPC, AMB, REL |
| 59:7-60:19 | | 58:20-25, 59:5-6 | F, V, 402, 403 | | |
| 62:23-64:24 | | 64:25-65:4 | 402, NR | | |
| 65:18-66:5 | | | | | |
| 66:9-67:4 | | | | | |
| 67:7-68:2 | | | | | |
| 68:3-68:16 | | | | | |

# PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

|  | Gina Meggo (SalonCentric Rule 30(b)(6)) |
|  | December 11, 2018 |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| 69:6-69:19 | | | | | |
| 69:20-70:8 | | | | | |
| 70:9-71:5 | | | | | |
| 71:6-71:23 | | | | | |
| 71:24-72:13 | | | | | |
| 72:24-76:4 | | | | | |
| 76:5-76:22 | | 76:23-77:21 | | | |
| 77:22-78:7 | | 78:8-14 | | | |
| 78:15-78:22 | | | | | |
| 78:23-79:4 | HRS, FND, SPC, 30(b)(6) | 79:22-80:8, 80:18-81:19, 82:16-83:3 | | 79:12-21, 81:20-82:15 | OBJ, IMP, FND, SPC, 30(b)(6) |
| 85:3-86:8 | | | | | |
| 86:9-88:10 | | | | | |
| 88:11-88:19 | | | | | |
| 88:20-89:10 | | | | | |
| 89:11-89:22 | | 89:23-90:18, 91:11-19, 91:24-92:22 | | 90:19-91:10 | IMP; AA |
| 92:23-93:8 | | 93:15-25, 94:4-95:6 | | 95:7-12 | IMP |
| 95:13-95:22 | FND, SPC, 30(b)(6) | | | | |
| 95:23-96:6 | | | | | |
| 98:4-98:7 | | | | | |
| 98:8-98:10 | | | | | |
| 98:11-99:3 | AMB | | | | |
| 99:4-99:23 | | | | | |
| 100:9-101:10 | | 101:11-15, 101:19-21 | | | |
| 102:2-103:3 | | | | | |
| 103:4-103:7 | | | | | |
| 103:8-103:13 | | 103:14-18 | | | |
| 105:15-106:18 | | 104:9-105:14 | | | |
| 107:15-108:19 | | | | | |
| 107:15-109:12 | | | | | |
| 108:17-108:23 | | | | | |
| 108:20-109:4 | | | | | |
| 109:5-109:12 | | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Gina Meggo (SalonCentric Rule 30(b)(6)) | | | | | |
|---|---|---|---|---|---|
| December 11, 2018 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 109:13-109:19 | | | | | |
| 109:20-110:2 | | | | | |
| 110:3-110:13 | | | | | |
| 110:14-111:7 | | | | | |
| 111:10-111:15 | 30(b)(6) | | | | |
| 111:16-111:19 | | 111:20-112:2 | | | |
| 112:3-112:12 | | | | | |
| 112:13-113:15 | 30(b)(6) | | | | |
| 114:6-115:13 | | | | | |
| 115:14-115:18 | | 115:19-21, 115:24-116:22 | | | |
| 116:23-117:3 | | 117:4-18 | | | |
| 117:19-118:5 | | | | | |
| 118:6-118:17 | | | | | |
| 118:25-119:23 | HRS | | | | |
| 119:24-120:18 | HRS | | | | |
| 120:24-121:13 | 30(b)(6) | | | | |
| 121:23-123:15 | HRS | | | | |
| 123:16-123:21 | 30(b)(6) | | | | |
| 123:22-124:3 | | 124:4-13 | | 124:14-20 | |
| 124:14-124:20 | | | | | |
| 125:6-125:19 | | 124:21-125:5 | 402, BSD | | |
| 125:25-126:8 | | 126:9-127:15 | | 127:16-128:5 | FND, SPC, REL, 403, HRS |
| 128:6-128:7 | | 128:8-11 | | | |
| 128:12-128:18 | 30(b)(6) | | | | |
| 128:19-128:23 | FND, HRS | 128:25-130:7130:12-15 | | | |
| 130:16-130:21 | | 130:22-131:4 | | | |
| 131:5-131:10 | FND, HRS | 131:12-17, 131:23-133:14 | 402, BSD | 131:18-22 | |
| 131:18-131:22 | | | | | |
| 133:15-134:7 | | | | | |
| 133:23-134:8 | FND, SPC, 30(b)(6) | | | | |
| 135:5-135:23 | HRS, FND | | | | |
| 136:13-136:21 | FND, SPC, 30(b)(6) | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Gina Meggo (SalonCentric Rule 30(b)(6)) | | | | | |
|---|---|---|---|---|---|
| December 11, 2018 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 136:22-136:25 | FND, SPC, 30(b)(6) | | | | |
| 138:15-139:9 | | 137:16-19, 138:7-14 | BSD | | |
| 139:24-140:17 | | | | | |
| 141:16-141:23 | | | | | |
| 142:13-143:8 | | | | | |
| 143:9-144:18 | HRS, FND | 160:6-161:16 | | | |
| 146:10-146:24 | | 146:25-147:10 | | 147:11-13 | INC |
| 147:11-147:14 | | | | | |
| 147:15-147:20 | | | | | |
| 147:21-148:20 | | 148:21-149:15, 149:19-150:9, 151:7-23, 152:4-18 | 402, BSD | | |
| 152:19-153:8 | | | | | |
| 153:9-153:17 | | | | | |
| 154:15-154:20 | | | | | |
| 154:21-155:5 | | 155:24-156:2, 156:5-9 | | 155:6-23, 156:10-18 | IMP, FND, SPC |
| 157:13-157:21 | | 156:19-21, 156:24-157:12, 157:22-25, 158:10-19 | 402, BSD | 158:2-9, 158:20-159:5 | FND, SPC |
| 161:17-162:5 | HRS, FND | | | | |
| 162:6-163:10 | HRS | | | | |
| 165:23-166:18 | OBJ | 164:21-24, 165:4-22 | | | |
| 166:19-167:6 | | | | | |
| 168:24-169:7 | | | | | |
| 169:8-169:21 | FND | | | | |
| 169:22-170:4 | | | | | |
| 170:5-171:11 | HRS | | | | |
| 171:12-171:18 | | | | | |
| 171:19-172:10 | | | | | |
| 172:11-175:3 | HRS | | | | |
| 175:21-176:18 | HRS | | | | |
| 176:22-177:23 | FND, SPC, HRS | | | | |
| 177:24-178:9 | HRS, FND, SPC | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Gina Meggo (SalonCentric Rule 30(b)(6)) | | | | | |
|---|---|---|---|---|---|
| December 11, 2018 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 178:10-178:17 | HRS, FND, SPC | | | | |
| 179:19-180:7 | | | | | |
| 180:8-180:15 | FND, SPC | | | | |
| 180:16-182:14 | | | | | |
| 183:25-184:14 | HRS, FND, SPC | | | | |
| 184:15-185:13 | REL | | | | |
| 185:16-187:6 | HRS, FND, SPC, REL | 188:21-190:19 | 402, BSD | 190:20-191:7 | IMP, CM, AA |
| 191:8-193:10 | HRS, FND, SPC, REL | | | | |
| 193:18-194:3 | HRS, FND, SPC, REL | | | | |
| 194:4-194:20 | REL | | | | |
| 194:21-195:21 | REL | 195:22-196:3 | | 196:4-7 | HRS, REL |
| 196:4-196:7 | HRS, REL | | | | |
| 196:8-197:7 | HRS | 197:8-198:8, 198:24-200:14 | Spec, F, 402, 403, BSD | 198:10-23, 200:15-202:3 | INC, IMP, SPC |
| 202:4-202:8 | | 201:4-202:3, 202:9-203:7 | 402, 403, BSD | 203:8-205:6 | HRS, IMP, SPC, FDN, 30(b)(6) |
| 208:10-208:23 | AMB, REL, FND, SPC | 205:16-22, 206:6-25, 207:6-11, 207:16-208:9 | 402, 403, BSD | 207:2-5 | CM, AA, IMP |
| 209:9-211:4 | HRS, FND, SPC, CMP, MIC, REL | | | | |
| 211:20-213:9 | HRS, OBJ, MIC, SPC, FND, ARG, REL | | | | |
| 216:7-217:4 | | | | | |
| 217:5-218:6 | | | | | |
| 218:20-219:21 | HRS, MIC, FND, SPC | | | | |
| 219:22-222:25 | | | | | |
| 224:7-225:13 | | | | | |
| 225:14-227:7 | HRS, MIC, FND, SPC, ARG, AA | | | | |
| 227:8-228:4 | HRS | | | | |
| 229:3-229:21 | | 229:22-24, 230:3-4 | | 230:5-8 | |
| 230:5-230:8 | | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| | Gina Meggo (SalonCentric Rule 30(b)(6)) | | | | |
|---|---|---|---|---|---|
| | December 11, 2018 | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 231:20-231:25 | | 231:4-19 | | | |
| 232:15-232:25 | | | | | |
| 233:2-233:16 | | | | | |
| 233:17-236:3 | | | | | |
| 236:16-236:25 | | 236:4-15 | | | |
| 237:2-237:20 | | | | | |
| 238:8-238:16 | | 238:17-241:15, 241:17-25 | | | |
| 242:2-242:15 | | | | | |
| 242:19-242:24 | | 244:6-245:5 | | | |
| 245:6-245:12 | | | | | |
| 245:13-246:16 | | 246:17-247:23, 248:17-25, 249:18-250:2 | 402, 403, BSD | 247:24-248:16, 249:2-17, 250:3-18 | HRS, IMP |
| 258:12-13 | INC, FND, SPC | | | | |
| 258:14-261:18 | OBJ, FND, SPC | | | | |
| 261:19-262:6 | FND, SPC | | | | |
| 262:7-262:15 | OBJ | | | | |
| 262:16-264:2 | REL, FND | | | | |
| 264:3-267:18 | | | | | |
| 267:19-267:25 | FND | | | | |
| 268:1-276:14 | | | | | |

| | Rivka Monheit | | | | |
|---|---|---|---|---|---|
| | December 17, 2018 | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 4:24-5:3 | | | | | |
| 49:16-51:7 | OBJ | | | | |
| 51:22-52:17 | | | | | |
| 77:10-78:16 | | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Lisa Morris aka Melissa Bacallao | | | | | |
|---|---|---|---|---|---|
| May 11, 2017 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 5:9-5:15 | | 6:21-22 | | | |
| 7:18-7:25 | | | | | |
| 9:19-10:5 | | | | | |
| 11:9-12:5 | | 10:21-11:8 | | | |
| 12:23-13:4 | | 12:6-22 | | | |
| 15:4-15:8 | | | | | |
| 16:4-16:18 | | 16:19-17:3 | | | |
| 17:4-17:12 | | 17:13-17 | | | |
| 17:18-17:23 | | | | | |
| 18:4-18:13 | | 17:24-18:3 | | | |
| 19:4-19:9 | | | | | |
| 20:13-20:25 | | | | | |
| 22:3-22:12 | | 22:13-15 | | | |
| 22:16-22:20 | | 22:21-23:4 | | | |
| 29:8-30:22 | | 27:22-28:16 | | | |
| 31:2-31:15 | | 30:23-25 | | | |
| 31:25-32:6 | | 32:7-9, 32:12-17, 32:21 | | | |
| 33:16-34:8 | | 33:13-15 | | | |
| 34:12-34:19 | | 34:20-38:15 | 402, 403, BSD | 34:12-19, 38:16-23 | HRS |
| 38:24-39:9 | | 39:10-16, 44:3-7, 50:25-51:8, 51:11-12 | Spec, F, 402, 403, BSD | | |
| 52:4-56:8 | HRS, LC, MIS, 30(b)(6) | | | | |
| 56:13-57:23 | | | | | |
| 60:16-60:25 | | 61:24-62:4 | | | |
| 62:5-63:12 | SPC, FND | | | | |
| 63:16-63:20 | | 64:4-21 | | 64:22-65:11 | CM, AA |
| 65:12-65:20 | | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Steven Orzel | | | | | |
|---|---|---|---|---|---|
| May 29, 2018 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 40:16-94:17 | CM, NP, HRS, OBJ, FND, SPC, INC, MIS, REL | 9:20-21, 9:25-10:7, 14:19-15:7, 18:13-14, 25:11-28:11 | 402, 403, BSD | 15:8-18, 18:5-12, 18:13-21, 28:12-29:4 | |
| 103:22-104:17 | | 104:19-23, 107:22-109:18, 112:15-113:6, 113:13-115:21, 117:23-118:25 | 402, 403, BSD | 115:22-116:6, 119:2-6 | |
| 134:17-136:12 | | | | | |
| 136:13-137:15 | FND, SPC, AA | 137:17-20, 138:5-142:13 | H, F, 402, 403 | 137:21-138:4 | |
| 142:14-144:10 | | 144:12-18 | | | |
| 150:8-150:12 | | 150:13-14 | | | |
| 154:23-155:10 | FND, SPC | 155:12-156:10, 159:5-24 | | 156:11-15 | |
| 161:23-162:19 | | 162:21-163:19, 163:22-166:12, 166:17-18 | 402, 403, BSD | 166:20-167:4 | |
| 167:5-167:13 | | | | | |
| 167:14-180:24 | AMB, HYP, SPC, MIS | | | | |
| 181:18-185:8 | | 185:9-186:8, 186:23-187:18, 188:20-190:5 | 402, 403, BSD | 186:9-22, | |
| 191:14-191:22 | FND, SPC | 191:4-13, 192:15-193:7, 193:16-194:8 | 402, 403, BSD | 193:8-15, 194:9-196:24 | HS, FND, SPC |
| 197:16-197:20 | | 196:25-197:15, 198:5-9, 202:14-203:17 | L, 402, 403, BSD | 194:9-196:24 | HS, FND, SPC |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| | | | | | |
|---|---|---|---|---|---|
|  | | | | | |

| Eric Pressly | | | | | |
|---|---|---|---|---|---|
| April 3, 2017 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 6:12-19 | | 7:13-8:15 | | | |
| 41:18-42:5 | OBJ | 7:13-8:15, 9:23-10:10, 11:2-13:20, 14:23-15:21, 16:8-18:5, 20:4-11, 24:15-25:11, 25:12-26:13, 26:14-27:18, 29:7-30:6, 30:10-31:18, 31:21-33:18, 35:4-36:10, 36:11-37:20, 38:23-39:14, 39:15-40:25, 41:9-17, 42:6-44:23, 45:5-7, 51:17-53:12, 54:9-22, 115:4-23, 129:9-13, 129:18, 129:20-130:18, 132:1-7 | 402; 403; FO; V; 611; M | 53:19-54:2 | |
| 70:23-71:13 | | 62:25-64:24, 65:2, 65:5-69:l, 69:5-70:17, 71:14-72:3 | 402; 403; FO; V; 611; I | | |
| 72:4-74:17 | | 62:25-64:24, 65:2, 65:5-69:l, 69:5-70:17, 74:23-75:11, 116:6-119:20, 120:4-12, 120:15-121:14, 121:24-125:16, 125:25-126:19, 126:25-127:4, 127:18-128:4 | 402; 403; FO; V; 611; I; M | | |
| 74:20-22 | | 74:18-19 | | | |
| 75:12-25 | | 76:1-4 | | | |
| 76:5-78:23 | | 78:24-81:l | 402 | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| colspan="6" | **Eric Pressly**<br>April 3, 2017 |
| 81:19-82:3 | | 81:2-18 | 402 | | |
| 83:4-88:11 | | 82:4-83:3, 88:12-90:19, | V; I; 611; FO; M | | |
| 91:5-15 | | 92:5-93:2 | 402; 403 | | |
| 93:3-15 | | 93:16-21 | 402 | | |
| 94:4-95:21 | | 93:22-94:3, 95:22-96:5, 95:22-96:5, 96:14-97:14, 97:18-22, 97:24-98:2, 98:5-100:2 | 611; V; FO; M; NT; I | | |
| 100:3-101:12 | | 101:18-103:18 | 611; V; FO; M; I | | |
| 103:19-105:10 | | 105:11-108:7 | 611; V; FO; M; I; 402; 403 | | |
| 108:10-109:6 | | 110:5-111:13 | 402; V; NT | | |
| 111:14-112:7 | | 112:8-114:14 | 611; V; FO; M | | |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| colspan="6" | **Eric Pressly**<br>December 19, 2018 |
| 6:9-16 | | 7:7-17 | | | |
| 9:19-10:5 | | | | | |
| 10:9-11:3 | | | | | |
| 11:8-14:12 | | | | | |
| 14:16-15:5 | | 15:11-22 | 402; 403; 602 | | |
| 16:16-22 | | | | | |
| 18:2-16 | | 17:3-15 | | | |
| 18:23-19:5 | | 19:6-13 | | | |
| 19:14-20:11 | | 20:12-14 | V; 402; 403 | | |
| 20:19-23:20 | | 23:21-22, 23:24-24:7 | FO; V; M; 602; 611; H | | |
| 24:8-25:4 | | | | | |
| 25:10-26:3 | | 25:5-7, 25:9, 26:4-7, 26:9-14 | C; V; NT; I | | |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| | | **Eric Pressly**<br>December 19, 2018 | | | |
| 26:15-28:12 | | 28:13-24, 29:3-6, 29:11-13, 29:15-30:8, 30:10-20, 21:22-31:5 | F; V; M; 402; 403; H | | |
| 31:6-32:23 | | 32:24-25, 33:2-4, 33:6 | F; V; 611 | | |
| 33:7-34:13 | | 34:18-35:14 | 611; F; 602; S; H | | |
| 38:23-39:7 | | 36:17-37:4, 37:6, 37:12-16, 37:18-23, 38:1-13, 38:16-18, 39:8-10, 39:12-24, 40:5-41:5, 41:7-13, 41:16-20, 41:22-42, 42:4-7, 42:10-14, 42:17-21, 42:24-43:5, 43:8-44:12, 44:15-45:11, 45:14-46:6, 46:84, 46:13-47:1 | 611; F; 402; 403; Spec; V; A; M; 701; H | | |
| 48:15-21 | | 46:9-10, 47:2-48:2, 48:5-8, 48:14, 48:22, 48:24 | 611; 701; V; F | | |
| 48:25-49:6 | | 49:7, 49:9-10 | V; | | |
| 49:11-18 | | 49:19-21, 50:1-2, 50:4-12 | F; V; | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Eric Pressly | | | | | |
|---|---|---|---|---|---|
| December 19, 2018 | | | | | |
| **Plaintiffs' Designations** | **Defendants' Objections** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Designations** | **Plaintiffs' Counter-Counter Designations** | **Defendants' Objections to Plaintiffs' Counter-Counter Designations** |
| 50:13-53:7 | | 53:8-9, 53:10-54:23, 55:1-6, 55:9-23, 56:1-16, 56:18-57:2, 57:13-15, 57:17-58:l, 58:6-13, 58:15-18, 58:20-25, 59:2-13, 59:15, 59:16-60:12, 61:25-62:5, 62:8-15, 62:18, 62:22-64:21, 64:25-66:6, 66:9-21, 67:5-68:11, 68:22-24, 69:3, | 701; 611; 402; 403; M; F; H; V | | |
| 74:16-76:17 | | 71:12-21, 71:23-72:2, 72:4-12, 72:21-23, 72:25, 73:1-74:15, 76:18-19 | F; V; M | | |
| 77:1-80:17 | | | | | |
| 80:25-81:19 | | 81:20-83:14 | | | |
| 83:21-84:10 | | 83:15-17, 83:19-20, 84:11, 84:13-85:11, 85:13-86:5, 86:8-9 | C; V; Spec; A; 611 | | |
| 86:10-18 | | 86:19-88:1 | 402; 403; FO; 611 | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| | | | | | |
|---|---|---|---|---|---|
| **Eric Pressly** | | | | | |
| December 19, 2018 | | | | | |
| **Plaintiffs' Designations** | **Defendants' Objections** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Designations** | **Plaintiffs' Counter-Counter Designations** | **Defendants' Objections to Plaintiffs' Counter-Counter Designations** |
| 88:2-89:5 | | 89:6-7:89:10-22, 89:24-90:l, 90:11-15, 90:18-22, 90:24-91:2, 91:4-7, 91:11-20, 91:23-24, 92:5-95:4, 95:6-96:14, 96:20-98:17, 98:21-99:8, 99:10-19, 99:21-102:15, 103:14-104:9, 104:12-23, 104:25-105:3, 105:5-21, 105:23, 105:25-106:2, 106, 4-107:4, 107:7-11, 107:13-109:9, 109:11-18, 128:20-25, 129:4-17, 129:21-130:7, 130:13-131:10, 131:13-19, 131:22-25, 132:4-133:3, 133:7-8, 133:17-24, 134:2-4, 134:22-25, 135:9-14, 135:20-136:25, 137:2-3, 137:5-15 | 701; 611; 402; 403; M; F; H; V; Spec | | |
| 113:9-17 | | 111:17-112:16, 112:18-113:3, 113:18-21, 113:23-25 | V; 403; 402; | | |
| 114:6-23 | | 114:24-115:19 | | | |

55

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| Eric Pressly | | | | | |
|---|---|---|---|---|---|
| December 19, 2018 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 115:24-5 | | 116:2-3, 116:5-8, 116:10-25, 117:2-10 | I; NT; F | | |
| 117:18-25 | | 118:1-2, 118:4-8, 118:11-25, 119:2-120:7, 120:10-12, 120:14-121:17, 121:22-123:19, 123:21-124:1, 124:4-8, 124:10-14, 124:18-125:14, 125:16-18, 125:23-126:18, 128:20-23 | 701; 611; 402; 403; M; F; H; V; Spec | | |
| 166:18-167:6 | LDG, AMB | 168:3-5, 168:7-20 | V; F | | |

| Joseph Santy | | | | | |
|---|---|---|---|---|---|
| May 14, 2018 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 45:8-46:9 | OBJ | 46:14-17, 46:19-21, 46:25-47:l, 47:11-13, 47:15-17 | H, 402, 403 | 47:3-9 | HRS |
| 81:6-81:21 | | 79:15-17, 79:19-80:3, 80:6-11, 80:13-20, 80:22-81:4 | H, M, L, 402, 403 | | |
| 82:11-83:4 | OBJ | | | | |
| 83:5-83:15 | OBJ | 83:17-84:4 | H, 402, 403 | | |
| 84:5-84:11 | OBJ | 84:13-20, 84:22-85:1 | | 85:2-12 | |
| 115:24-116:15 | OBJ | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Joseph Santy May 14, 2018 | | | | | |
|---|---|---|---|---|---|
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 121:20-122:3 | OBJ | 122:5-6, 122:8-12, 122:15-16, 122:18-19, 122:22-123:2 | Arg, M, L, 402, 403 | | |
| 123:3-123:25 | OBJ | 124:1-4, 124:6 | Arg, M, L, 402, 403 | 124:8-17 | OBJ, LDR, CPD, ARG |
| 164:4-164:21 | OBJ | 163:18-164:3 | | | |
| 168:13-169:4 | OBJ | 166:24-167:3, 167:5-10, 167:12-13, 168:2-6, 168:8-12 | Arg, M, L, 402, 403 | 167:15-24 | OBJ, LDR, AA |

| Joseph Santy December 17, 2018 | | | | | |
|---|---|---|---|---|---|
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 26:12-27:22 | OBJ | | | | |
| 39:2-39:19 | | | | | |
| 39:20-40:13 | OBJ | | | | |
| 41:6-41:15 | | | | | |
| 43:21-45:9 | OBJ | | | | |
| 51:18-52:9 | | | | | |
| 62:8-62:21 | | | | | |
| 62:22-63:23 | | | | | |
| 117:13-118:6 | OBJ, LDG | | | | |
| 118:7-119:1 | OBJ, LDG, FND | 119:2-7 | H | | |
| 120:20-121:12 | OBJ, LDG | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Paul Schiraldi | | | | | |
|---|---|---|---|---|---|
| May 11, 2017 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 13:2-13:12 | | 6:20, 8:18-24, 13:13-16 | | | |
| 14:10-14:15 | | | | | |
| 16:6-17:3 | | 17:4-18:18 | | | |
| 20:2-21:6 | | 19:22-25, 21:7-12 | | | |
| 23:2-24:8 | | | | | |
| 25:6-25:10 | | | | | |
| 27:2-27:20 | | 27:21-29:6 | | | |
| 29:7-29:22 | | 29:23-31:15 | | | |
| 31:17-32:7 | | | | | |
| 32:9-32:19 | | 34:22-38:4, 38:7-25 | | | |
| 39:2-39:3 | | | | | |
| 40:2-40:5 | | | | | |
| 40:8-41:10 | | 41:11-42:20 | | 42:21-43:4 | 30(b)(6), FND, SPC |
| 43:5-43:10 | | | | | |
| 43:14-43:22 | | | | | |

| Paul Schiraldi | | | | | |
|---|---|---|---|---|---|
| June 21, 2018 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 39:15-43:8 | MIS, ARG, AMB, | 6:13-16, 38:6-39:14, 43:9-16 | | | |
| 47:11-48:18 | | 48:19-24 | | | |
| 48:25-50:9 | | | | | |
| 55:4-55:15 | | 52:25-53:2, 53:4-8, 53:10-12 | | | |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| Paul Schiraldi | | | | | |
|---|---|---|---|---|---|
| December 21, 2018 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 22:14-24:9 | 30(b)(6), FND, SPC, AMB | 5:11-12 | | 112:11-114:22 | IMP, OBJ, 30(b)(6), FND, SPC |
| 25:2-27:16 | LC, AMB | | | | |
| 29:24-30:24 | | | | | |
| 30:25-32:15 | FND, SPC | | | | |
| 33:4-33:21 | | | | | |
| 34:10-40:9 | AMB, CPD, FND | 40:10-18, 41:3-13, 41:24-42:9 | | | |
| 42:10-44:19 | 30(b)(6), MIS, AMB | 44:20-45:3 | | | |
| 45:4-45:18 | | | | | |
| 46:3-55:20 | OBJ, MIS, 30(b)(6), AMB | | | | |
| 56:6-67:2 | | 67:3-68:17 | | | |
| 68:18-72:16 | | | | | |
| 73:16-92:5 | AMB, FND, SPC, MIS | | | | |
| 93:3-93:22 | | 92:6-20, 92:23-93:2, 93:23-94:18, 94:21-95:14, 95:16-19 | | | |
| 95:20-98:24 | | | | | |
| 99:14-100:10 | | | | | |
| 100:21-101:3 | | | | | |
| 101:18-105:3 | 30(b)(6), AMB | | | | |
| 114:23-116:5 | 30(b)(6) | | | | |
| 116:15-117:15 | 30(b)(6), AMB | | | | |
| 117:18-118:7 | | | | | |
| 118:12-122:22 | FND, SPC, HRS | 122:23-124:16 | | 124:17-24 | |
| 124:25-125:25 | HRS | | | | |
| 126:1-128:24 | FND, SPC, HRS, AMB, CPD | | | | |
| 129:5-136:4 | FND, SPC, 30(b)(6), HRS | | | | |
| 142:9-143:2 | HRS | 143:3-12, 143:14-19 | | 143:20-144:14 | FND, SPC |
| 146:6-150:7 | AMB, 30(b)(6) | 145:21-146:5 | | | |

**PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8**

| | | | | | |
|---|---|---|---|---|---|
| **Paul Schiraldi** December 21, 2018 | | | | | |
| **Plaintiffs' Designations** | **Defendants' Objections** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Designations** | **Plaintiffs' Counter-Counter Designations** | **Defendants' Objections to Plaintiffs' Counter-Counter Designations** |
| 160:3-169:16 | MIS, HRS, AMB, 30(b)(6), FND, SPC | | | | |
| 170:19-172:3 | 30(b)(6) | 173:10-24 | Spec, F, 402, 403 | | |
| 174:9-174:13 | | | | | |
| 179:16-182:20 | 30(b)(6), FND, SPC | | | | |
| 187:3-187:24 | | | | | |
| 188:21-198:25 | HRS, 30(b)(6), FND, SPC, AMB, CPD, | 199:2-20 | 402, 403 | | |
| 204:12-204:15 | | | | | |
| 204:16-204:18 | | | | | |
| 204:19-205:2 | | | | | |
| 205:24-206:4 | | | | | |
| 206:19-206:22 | | | | | |
| 207:23-209:9 | INC | 209:10-13 | | 209:14-210:5 | |
| 210:17-210:22 | AMB | 210:6-12 | | 209:14-210:5 | |
| 210:23-211:13 | 30(b)(6) | 211:14-25, 212:3-7 | | | |
| 212:8-212:10 | | | | | |
| 212:18-213:14 | AMB, SPC | 213:15-21, 214:2-4 | | 214:5-11 | |
| 214:12-214:24 | AMB, FND, SPC | | | | |
| 217:8-231:2 | CMP, FND, INC, AMB, 30(b)(6), SPC | | | | |
| 232:5-233:9 | | 231:9-11, 231:13-20, 231:22-232:4 | 402, 403 | | |
| 234:16-236:15 | FND, SPC, ILO | | | | |
| 236:16-241:22 | CMP, FND, INC, AMB, 30(b)(6), SPC | | | | |
| 242:5-255:5 | HRS, MIS, FNDSPC | | | | |
| 259:7-261:16 | HRS | | | | |
| 261:17-265:24 | 30(b)(6), HRS | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| **Paul Schiraldi** December 21, 2018 | | | | | |
| 266:10-292:14 | FND, SPC, AMB, ILO, 30(b)(6) | 292:15-22 | | | |
| 293:17-300:16 | MIS, AMB | 303:11-21, 304:25-305:12 | | 303:25-304:24, 305:13-17 | |
| 306:24-331:16 | AMB, MIS, LC, HRS, OBJ, FND, 30(b)(6) | 305:18-306:2, 332:5-14, 332:17-18, 332:22-333:5, 333:8-12 | Spec, F, L, 402, 403, 701 | 306:3-23 | |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| **Jeff Schwartz** December 18, 2018 | | | | | |
| 20:20-21:11 | HRS | | | | |
| 32:7-33:7 | HRS | | | | |
| 43:6-45:2 | REL, 403 | | | | |
| 48:17-49:3 | REL, 403 | | | | |
| 56:18-56:25 | | | | | |
| 100:10-101:1 | HRS, REL, 403 | | | | |
| 101:9-102:16 | HRS, REL, 403 | | | | |

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| **Paul Sharnsky** December 21, 2018 | | | | | |
| 20:2-20:19 | | 9:20-21, 10:5-9 | NT, 402 | | |
| 20:20-20:25 | | | | | |
| 21:2-21:9 | FND, SPC | | | | |
| 21:10-21:12 | | 21:15-22-2 | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| colspan="6" | **Paul Sharnsky**<br>December 21, 2018 |||||
| 22:19-25:9 | | | | | |
| 26:12-27:12 | | | | | |
| 33:7-33:20 | | 29:13-16 | | 30:8-31-16 | IMP |
| 35:21-36:15 | | | | | |
| 37:19-39:5 | | | | | |
| 39:11-39:22 | | | | | |
| 40:4-42:23 | | | | | |
| 46:17-47:6 | | 45:11-15 | | | |
| 47:7-47:16 | AMB | | | | |
| 47:17-48:2 | | 48:18-49:12, 49:22-50:18, 51:18-52:7 | | 50:19-25 | |
| 52:15-52:24 | | | | | |
| 56:20-59:14 | | 59:17-20, 59:22-60:19 | NR, NT, N | | |
| 60:25-63:25 | OBJ | | | | |
| 64:2-64:6 | ARG, OBJ, REL, 403 | | | | |
| 64:7-65:10 | | 65:11-66:3, 70:7-71:16 | NR, N | 67:3-12 | FND, SPC |
| 73:10-73:14 | | | | | |
| 73:15-73:17 | OBJ | | | | |
| 73:18-74:16 | | 76:18-79:11, 124:5-13, 124:17-20 | NR, N, NT, I | 79:12-80:20 | MIS |
| 81:2-82:6 | | | | | |
| 82:19-83:17 | | 83:23-84:6, 84:9-85:2 | I, NT, NR, | 84:7-8, 85:3-86:8 | OBJ |
| 86:10-88:9 | | 88:10-89:25 | | | |
| 90:7-90:11 | FND, SPC | | | | |
| 90:12-90:22 | | | | | |
| 90:23-91:7 | OBJ | | | | |
| 91:9-91:18 | | | | | |
| 93:4-93:19 | | 92:5-8, 92:11-93:2 | | | |
| 94:18-100:25 | | | | | |
| 101:3-101:16 | | | | | |
| 101:17-102:17 | | | | | |

# PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Paul Sharnsky | | | | | |
|---|---|---|---|---|---|
| December 21, 2018 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 108:8-110:22 | | 104:5-106:3, 106:20-108:7, 111:19-112:16 | | 112:17-113:7 | FND, SPC, REL |
| 113:14-114:14 | | 114:15-117:5 | | 117:6-16 | REL |
| 118:16-121:20 | | 117:22-24 | NT | | |
| 126:10-132:18 | HRS | | | | |
| 133:14-138:10 | HRS | | | | |
| 143:4-144:10 | | | | | |
| 146:11-151:3 | | | | | |
| 151:4-151:8 | OBJ | | | | |
| 151:9-151:17 | | 151:24-152:22, 154:18-155:19, 155:24-156:20 | 611, F, V, N, NT, 402 | | |

| Mark Spinks | | | | | |
|---|---|---|---|---|---|
| May 11,2018 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 48:2-48:21 | | | | | |
| 57:3-58:7 | OBJ | | | | |
| 75:9-75:18 | | | | | |

| Kerry Sullivan | | | | | |
|---|---|---|---|---|---|
| May 8, 2018 | | | | | |
| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
| 20:17-21:24 | | | | | |
| 31:18-32:4 | OBJ | | | | |

## PLAINTIFFS' DEPOSITION DESIGNATIONS – EXHIBIT 8

| Plaintiffs' Designations | Defendants' Objections | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Designations | Plaintiffs' Counter-Counter Designations | Defendants' Objections to Plaintiffs' Counter-Counter Designations |
|---|---|---|---|---|---|
| 82:25-83:3 | | | | | |
| 83:16-83:21 | | | | | |
| 84:11-84:17 | | | | | |
| 85:10-86:1 | AMB, LC, REL, FND, SPC | | | | |
| 86:12-95:8 | HRS, REL, LC, FND, SPC, AMB, OBJ | | | | |
| 96:12-97:5 | LC, SPC, FND | | | | |

*(Table title row, spanning across columns:)*

**Louis Zehil**
December 6, 2018

EXHIBIT 9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LIQWD, INC. and OLAPLEX LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-14-JFB-SRF |
| | ) | |
| L'ORÉAL USA, INC., L'ORÉAL USA | ) | |
| PRODUCTS, INC., L'ORÉAL USA S/D, INC., | ) | |
| and REDKEN 5TH AVENUE NYC, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## EXHIBIT 9
## DEFENDANTS' DEPOSITION DESIGNATIONS

Pursuant to D. Del. Local Rule 16.3(c)(7), Defendants provide the following list of deposition designations.  Defendants reserve the right to revise, amend, supplement, or modify the following list of deposition designations based on any pretrial rulings by the Court and/or to address any additional issues, arguments, evidence or other developments in the case, including edits to the draft pretrial order, any meet and confers or other negotiations between the parties, pending and anticipated motions, and similar developments.

| Gregory Auer December 11, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections[1] | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations[2] | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 6:13-17 | | | | | |
| 9:20-24 | | | | | |
| 9:25-10:4 | | | | | |
| 10:5-10 | | | | | |
| 10:11-13 10:16-20 | | | | | |
| 10:22-23 | | | | | |
| 10:24-11:2 | | | | | |
| 12:4-9 | | | | | |
| 12:10-12 | | | | | |
| 19:8-11 | | | | | |
| 19:12-14 | | | | | |
| 19:15-17 | | | | | |
| 19:18-19 | | | | | |
| 23:24-24:2 | | | | | |
| 25:17-18 25:21 | | | | | |
| 37:17-21 | | | | | |
| 37:22-25 | | | | | |
| 38:1-3 | | | | | |
| 47:4-9 | | | | | |
| 47:10-12 | | | | | |
| 47:13-15 | | | | | |
| 47:16-21 | | | | | |
| 47:22-48:2 | | | | | |
| 48:3-5 | | | | | |
| 48:6-8 48:11 | | | | | |
| 48:13-14 48:17-21 | | | | | |
| 49:9-13 | H, 402, 403 | | | | |
| 49:14-17 | 402, 403 | | | | |
| 49:18-20 | 402, 403 | | | | |
| 52:19-22 | H, 402, 403 | | | | |

---

[1]     A key for Plaintiffs' objection codes is provided at the end of this Exhibit.
[2]     A key for Defendants' objection codes is provided at the end of this Exhibit.

| Gregory Auer December 11, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections[1] | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations[2] | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 52:23-53:2 53:7-8 | H, 402, 403 | | | | |
| 53:10:14 | 402, 403 | | | | |
| 53:15-19 | 402, 403 | | | | |
| 53:20-24 | 402, 403 | | | | |
| 53:25-54:6 | 402, 403 | | | | |
| 54:7-10 | 402, 403 | | | | |
| 54:11-14 | 402, 403 | | | | |
| 54:15-22 | Hyp, Spec, 402, 403 | | | | |
| 54:23-24 55:2-8 | Spec, F, 402, 403 | | | | |
| 55:10-13 | 402, 403 | | | | |
| 55:14-18 | 402, 403 | | | | |
| 55:19-21 55:25-56:1 | M, L, 402, 403 | | | | |
| 55:1-21 | 402, 403 | | | | |
| 55:24-56:1 | 402, 403 | | | | |
| 81:5-10 | | | | | |
| 81:11-15 | | | | | |

| Fabien Boulineau September 28, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 6:20-23 | | 6:24-7:13 | OBJ, REL | 7:14-18 | |
| 9:8-11 | 402, 403, I, V | | | | |
| 9:12-14 | | | | | |
| 9:15-18 | | | | | |
| 10:6-10 | | 9:22-25 | | 10:2-12 | |
| 10:11-12 | | 10:13-16 | | 10:2-12 | |
| 10:17-21 | | | | | |
| 10:25-11:5 | | | | | |

| | Fabien Boulineau September 28, 2018 | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 11:6-10 | | 10:13-16 | | 10:2-12 | |
| 11:11-18 | | | | | |
| 11:19-22 | | | | | |
| 11:23-25 | | | | | |
| 12:19-21 | 402, V | | | | |
| 12:22-24 | 402, V | | | | |
| 14:3-10 | 402, I, Hyp, NR | | | | |
| 14:11-15 | 402, I, Hyp, NR | | | | |
| 14:16-17 | 402, I, Hyp, NR | | | | |
| 14:18-24 | 402, 602, F, V, 701 | | | | |
| 15:22-16:4 | | | | | |
| 16:5-7 | | | | | |
| 16:8-11 | | | | | |
| 16:12-14 | | | | | |
| 16:15-17 | | | | | |
| 16:18-21 | | | | | |
| 17:5-14 | 402, F, Spec, 701, NR | | | | |
| 17:15-16 | 402, I, V | | | | |
| 17:17-22 | 402, F, Spec, HR | | | | |
| 18:11-18 | Hyp, F, Spec, I, V, 701, | | | | |
| 18:19-24 | 402, 602, F, I | 18:25-19:22 | | | |
| 19:23-20:2 | | | | | |
| 20:3-6 | 602, F | | | | |
| 20:7-10 | 402, I, V | 20:7-16 | | 20:17-19, 20:22-24 | Spec, F, 402, 403 |
| 20:25-21:6 | NR | | | | |
| 21:7-10 | | | | | |
| 21:11-18 | | | | | |
| 23:9-14 | | | | | |
| 23:15-20 | | | | | |
| 32:9-14 | | | | | |
| 32:18-21 | | | | | |
| 32:22-25 | 402 | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Fabien Boulineau**<br>**September 28, 2018** | | | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 33:2-9 | | | | | |
| 33:10-14 | | | | | |
| 33:15-21 | | | | | |
| 33:22-34:3 | | | | | |
| 34:4-20 | 402, F, V, H, NR | | | | |
| 34:21-35:3 | | | | | |
| 35:4-9 | | | | | |
| 35:10-17 | 402, NR | | | | |
| 35:18-22 | | | | | |
| 35:23-25 | | | | | |
| 36:2-5 | 402, 403, V, NR | | | | |
| 36:6-17 | | | | | |
| 36:18-23 | | | | | |
| 38:16-22 | | | | | |
| 38:23-39:3 | | | | | |
| 39:4-6 | | | | | |
| 39:7-14 | | | | | |
| 39:15-17 | | | | | |
| 39:18-22 | | | | | |
| 39:23-40:6 | | | | | |
| 40:7-12 | | | | | |
| 40:15 | | | | | |
| 40:16-18 | | | | | |
| 41:23-42:7 | 602, H | | | | |
| 42:8-11 | 602, H | | | | |
| 42:12-20 | | | | | |
| 42:21-43:3 | | | | | |
| 43:4-7 | | | | | |
| 43:20-24 | 402, I, V | | | | |
| 43:25-44:8 | 402 | | | | |
| 44:9-11 | 402 | | | | |
| 44:12-13 | 402, 701 | | | | |
| 44:14-17 | 402, I, V | | | | |
| 44:22-45:2 | 402, 701 | | | | |
| 45:11-20 | | 45:6-10 | | | |

| | | | Fabien Boulineau | | |
| | | | September 28, 2018 | | |
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 47:13-16 | | | | | |
| 47:17-20 | | | | | |
| 47:21-24 | 402, NR | | | | |
| 48:4-8 | 402, NR | | | | |
| 48:9-14 | 402, NR | | | | |
| 51:21-52:2 | 402, NR | | | | |
| 52:3-5 | 402, NR | | | | |
| 52:21-23 | | | | | |
| 52:24-53:4 | | | | | |
| 53:5-8 | | | | | |
| 53:9-11 | | | | | |
| 53:12-17 | | | | | |
| 53:18-20 | | | | | |
| 53:21-25 | | | | | |
| 54:2-8 | | | | | |
| 54:9-19 | | | | | |
| 54:20-24 | | | | | |
| 54:25-55:5 | 402, I, NR | | | | |
| 55:6-8 | 402, I, NR | | | | |
| 55:9-23 | 402, NR | | | | |
| 55:24-56:6 | 402, NR | | | | |
| 56:7-8 | | | | | |
| 56:9-13 | 402, F | 56:14-23 | | | |
| 56:14-23 | | | | | |
| 56:24-57:3 | | | | | |
| 59:20-22 | 402 | | | | |
| 59:23-24 | 402 | | | | |
| 64:11-12 | 402 | | | | |
| 64:16-17 | 402 | | | | |
| 64:18-21 | 402 | | | | |
| 64:22-24 | 402 | | | | |
| 64:25-65:5 | 402, F, Spec, V | | | | |
| 65:22-24 | | | | | |
| 65:25-66:4 | 403, I | 66:5-6 | | | |
| 66:5-6 | | | | | |
| 66:10-12 | | | | | |
| 66:13-15 | | | | | |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 66:23-67:8 | 402, F, 602 | | | | |
| 67:14-15 | 402, F, 602 | | | | |
| 67:19-21 | 402, F, 602 | | | | |
| 67:25-68:6 | 402 | | | | |
| 68:7-8 | 402 | | | | |
| 82:8-9 | 701 | | | | |
| 82:12-13 | 701 | | | | |
| 82:14-18 | 701 | | | | |
| 82:19-21 | 701 | | | | |
| 82:22 | 701 | | | | |
| 83:7 | I, 701 | | | | |
| 83:8 | 701 | | | | |
| 83:13 | 701 | | | | |
| 89:9-14 | NR | | | | |
| 89:15-22 | | | | | |
| 89:23-90:2 | | | | | |
| 90:3-4 | | | | | |
| 90:10 | | | | | |
| 90:11-13 | | | | | |
| 91:4-11 | | | | | |
| 91:12-15 | | | | | |
| 91:16-18 | | | | | |
| 92:16-18 | | | | | |
| 92:24-93:3 | | | | | |
| 93:4-5 | | | | | |
| 93:6-9 | 402, F | | | | |
| 93:10-11 | 402, NR | | | | |
| 93:12-16 | 402, F, Spec, AF | | | | |
| 93:17-19 | 402, F, Spec | | | | |
| 93:23-25 | 402, F, Spec | | | | |
| 95:19-22 | | | | | |
| 96:3-7 | | | | | |
| 96:8-12 | | | | | |
| 96:13-18 | | | | | |
| 96:19-23 | | 96:24-97:12 | | 97:13-17 | |
| 97:24-98:3 | | | | | |

| Fabien Boulineau September 28, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 98:4-8 | | | | | |
| 98:9-10 | | | | | |
| 98:11-13 | | | | | |
| 98:14-15 | 402, F | | | | |
| 99:2-6 | 701 | | | | |
| 99:7-11 | 402, F, 701 | | | | |
| 99:16-19 | 402, F, 701 | | | | |
| 101:16-19 | 402 | | | | |
| 101:20-21 | 402, F | | | | |
| 101:22-23 | 402, F | | | | |
| 101:24-102:2 | 402 | | | | |
| 102:3-5 | 402 | | | | |
| 102:6-8 | 402 | | | | |
| 102:21-103:6 | 402, 403, V, NR | | | | |
| 103:8 | 402, 403, V, NR | | | | |
| 103:14-15 | 402, 403, V, NR | | | | |
| 107:12-15 | | | | | |
| 107:20-22 | | | | | |
| 107:23-108:6 | | | | | |
| 108:7-12 | | | | | |
| 108:13-16 | | | | | |
| 108:17-21 | | | | | |
| 108:22-24 | | | | | |
| 112:5-8 | | | | | |
| 112:9-12 | | | | | |
| 112:13-18 | | | | | |
| 112:19-24 | | | | | |
| 112:25-113:3 | | | | | |
| 113:13-16 | 402, I, NR | | | | |
| 113:19 | 402, I, NR | | | | |
| 113:20-22 | | | | | |
| 113:23-114:2 | | | | | |
| 114:3-7 | | | | | |
| 114:8-11 | | | | | |

| Fabien Boulineau September 28, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 114:12-14 | | | | | |
| 114:15-17 | | | | | |
| 114:18-20 | | | | | |
| 114:21-23 | | | | | |
| 114:24-115:3 | | | | | |
| 115:8-9 | | | | | |
| 115:10-15 | 402 | | | | |
| 115:16-18 | 402 | | | | |
| 115:19-25 | | | | | |
| 116:2-7 | | | | | |
| 116:8-10 | | | | | |
| 133:14-16 | | | | | |
| 133:21-22 | | | | | |
| 133:23-134:2 | | | | | |
| 134:7-10 | | 134:11-25 | | | |
| 134:19-25 | | | | | |
| 135:2-5 | | | | | |
| 135:6-9 | | 135:10-18 | | | |
| 137:17-19 | | 137:13-16 | | | |
| 137:20-24 | | | | | |
| 137:25-138:2 | | | | | |
| 138:3-12 | | | | | |
| 138:13-19 | | | | | |
| 138:20-139:4 | | | | | |
| 139:19-24 | I | 139:25-140:5 | | | |
| 139:25-140:5 | | | | | |
| 140:23-25 | | | | | |
| 141:6-8 | | | | | |
| 141:9-10 | | | | | |
| 141:11-17 | | | | | |
| 142:6-9 | | | | | |
| 142:10-11 | | | | | |
| 142:12-16 | | | | | |
| 142:17-21 | | | | | |
| 142:22-143:6 | 402, 602, F | | | | |
| 143:7-14 | | | | | |
| 143:15-23 | | | | | |

| Fabien Boulineau September 28, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 143:24-144:3 | | | | | |
| 144:4-12 | | | | | |
| 144:13-16 | | | | | |
| 144:17-19 | | | | | |
| 144:20-24 | | | | | |
| 145:5-9 | | | | | |
| 145:10-12 | | | | | |
| 145:13-16 | | | | | |
| 145:22-23 | | | | | |
| 145:24-146:2 | | | | | |
| 146:3-5 | | 146:6-16, 146:21-23 | | | |
| 146:25-147:5 | | | | | |
| 147:6-13 | | | | | |
| 147:14-16 | 402, 403, NR | | | | |
| 147:21-148:3 | 402, 403, NR | | | | |
| 148:4-5 | 402, 403, NR | | | | |
| 148:6-12 | 402, 403, NR | 148:13-18, 148:21-22, 148:25-149:2, 149:5-150:2, 150:6-8 | | | |
| 149:7-9 | | | | | |
| 149:10-11 | | | | | |
| 149:12-14 | | | | | |
| 149:15-24 | 403, F, 701 | | | | |
| 149:25-150:2 | | | | | |
| 150:6 | | | | | |
| 150:7-8 | | | | | |
| 150:9-10 | | | | | |
| 150:19-151:3 | | | | | |
| 151:4-5 | | | | | |
| 151:8-9 | | | | | |
| 151:10-11 | F | | | | |
| 151:12-17 | | | | | |
| 151:18-24 | | | | | |
| 151:25-152:4 | | | | | |

| Fabien Boulineau September 28, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 152:5-6 | | | | | |
| 152:7-8 | 602, F, Spec, AF | | | | |
| 152:9-11 | | | | | |
| 152:12-14 | | | | | |
| 152:15-17 | | | | | |
| 152:18-153:4 | | | | | |
| 153:5-10 | | | | | |
| 153:11-13 | Spec | | | | |
| 153:14-16 | 402, Spec | 153:17-22 | | | |
| 154:19-22 | | | | | |
| 154:23-25 | | | | | |
| 155:2-8 | | | | | |
| 155:9-13 | | | | | |
| 155:15 | | | | | |
| 155:16-19 | | | | | |
| 155:20-156:3 | | | | | |
| 156:4-23 | | | | | |
| 156:24-157:6 | | | | | |
| 157:7-11 | | | | | |
| 157:18-21 | 402 | | | | |
| 157:22-23 | 402 | | | | |
| 157:24-158:2 | 402 | | | | |
| 158:3-4 | 402 | | | | |
| 158:17-19 | | | | | |
| 158:24-159:2 | | | | | |
| 159:3 | | | | | |
| 159:5 | | | | | |
| 159:6-9 | | | | | |
| 159:10-14 | 402 | | | | |
| 159:15-22 | 402 | | | | |
| 160:24-161:2 | | | | | |
| 161:3-7 | | | | | |
| 161:8-10 | | | | | |
| 161:11 | 402 | | | | |
| 161:16-18 | 402 | 161:19-20, 161:24-26 | | | |

| Fabien Boulineau September 28, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 161:19-20 | 402 | | | | |
| 161:24-25 | 402 | | | | |
| 162:2-7 | | | | | |
| 163:4-8 | | | | | |
| 163:9-10 | | | | | |
| 163:14-17 | | | | | |
| 163 :18-21 | | | | | |
| 163:22-23 | | | | | |
| 163:24-164:5 | | | | | |
| 164:6-11 | | | | | |
| 164:12-15 | | | | | |
| 164:16-19 | | | | | |
| 164:20-25 | | | | | |
| 165:6-8 | | | | | |
| 165:9-11 | | | | | |
| 165:12-16 | | | | | |
| 166:8-13 | | | | | |
| 166:14-15 | | | | | |
| 166:16-17 | | | | | |
| 166:18-20 | | | | | |
| 166:21-23 | | | | | |
| 167:4-5 | | 167:6-8, 167:13 | | | |
| 167:14-16 | | | | | |
| 167:23-168:2 | | 168:3-5 | | | |
| 168:6-8 | | | | | |
| 168:9-13 | | | | | |
| 168:14-15 | | | | | |
| 168:16-22 | | | | | |
| 168:23-169:2 | | 169:8-12 | | | |
| 169:19-21 | | 169:13-18 | | | |
| 170:2 | | | | | |
| 170:3-4 | | 170:5 | | | |
| 170:10 | | | | | |
| 170:11-14 | | | | | |
| 170:19-21 | | | | | |
| 170:22-171:3 | | | | | |
| 171:4-7 | 402, F | | | | |

12

| Fabien Boulineau September 28, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 171:8-10 | 402, F | 181:4-6, 141:9-16 | | | |
| 171:11-17 | 402, F, 701 | | | | |
| 171:18-21 | | | | | |
| 172:2-10 | 402, F, 701, NR | | | | |
| 173:25-174:3 | | | | | |
| 174:4-7 | | | | | |
| 174:8-9 | | | | | |
| 174:10-14 | | | | | |
| 174:15-20 | | | | | |
| 174:21-22 | | | | | |
| 174:23-24 | | | | | |
| 176:11-14 | 602, F, Spec, AF | 176:15-18, 176:21 | AMB, SPC | | |
| 176:23-177:2 | 402, 403, I | 176:22 | | | |
| 177:3-5 | 402, 403 | | | | |
| 177:6-9 | 402, 403 | | | | |
| 177:10-11 | 402, 403 | | | | |
| 177:20-22 | 402, 403, I | 177:13 | | | |
| 177:23-24 | 402, 403 | | | | |
| 177:25-178:3 | 402, 403 | | | | |
| 178:4-6 | 402, 403 | | | | |
| 178:7-8 | 402, 403 | | | | |
| 178:9-12 | 402, 403 | | | | |
| 179:9-11 | | | | | |
| 179:12-16 | 402, V | | | | |
| 179:17-19 | 402 | | | | |
| 179:20-22 | 402 | | | | |
| 179:23-25 | 402 | | | | |
| 180:2-4 | 402 | | | | |
| 180:5-7 | | | | | |
| 180:8-13 | | | | | |
| 180:14-17 | | | | | |
| 180:18-24 | | | | | |
| 181:4-6 | | | | | |
| 181:9-13 | | 181:14-16 | | | |
| 183:11-13 | 402 | | | | |

| Fabien Boulineau September 28, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 183:14-17 | 402 | | | | |
| 183:18-25 | 402 | | | | |
| 184:5-8 | | | | | |
| 184:13 | 402, F, Spec | | | | |
| 184:14-16 | 402, F, Spec | 185:3-16, 185:19-22 | | | |
| 184:17-19 | 402, F, Spec | | | | |
| 184:24-185:2 | 402, F, Spec | | | | |
| 185:3-8 | | | | | |
| 185:9-13 | | | | | |
| 185:14-16 | | | | | |
| 185:19-22 | | | | | |
| 187:6-8 | | | | | |
| 187:12-13 | | | | | |
| 187:14-16 | | 187:17-19, 187:23-188:4, 188:7 | SPC | | |
| 188:8-10 | | | | | |
| 188:25-189:5 | | | | | |
| 189:6-10 | | | | | |
| 189:11-14 | | 189:15-24 | | | |
| 194:14-21 | | | | | |
| 194:22-24 | | | | | |
| 208:9-10 | | | | | |
| 208:20-22 | | | | | |
| 208:23-209:2 | | | | | |
| 209:3-5 | | | | | |
| 209:6-7 | | | | | |
| 209:12-13 | | | | | |
| 209:14-16 | | | | | |
| 209:20-23 | | 209:24-210:2 | | | |
| 210:10-12 | 402 | | | | |
| 210:13-15 | 402, F | | | | |
| 210:16-22 | | | | | |
| 211:7-9 | | | | | |
| 211:10-21 | | 211:22-25, 212:5 | SPC, FND | | |

14

| Fabien Boulineau September 28, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 212:6-10 | 402, F, Spec | | | | |
| 212:13 | 402, F, Spec | | | | |
| 218:22-219:7 | | | | | |
| 219:8-11 | | | | | |
| 219:17-22 | | | | | |
| 219:23-24 | | | | | |
| 220:7-10 | 402, NR | | | | |
| 220:11-14 | 402 | | | | |
| 222:21-24 | | | | | |
| 223:4-5 | | | | | |
| 223:6-10 | | | | | |
| 223:11-15 | | 223:16-22 | | | |
| 227:12-15 | 402, NR | 227:5-11 | | | |
| 227:16-19 | | | | | |
| 227:20-22 | | | | | |
| 227:23-25 | | | | | |
| 228:6-7 | | | | | |
| 228:8-9 | | | | | |
| 228:10 | | | | | |
| 228:12-14 | | | | | |
| 228:15-16 | | | | | |
| 228:17-18 | | 228:19-229:5, 229:8 | SPC | | |
| 229:9-11 | | | | | |
| 229:12-13 | | | | | |
| 229:17-18 | | | | | |
| 230:16-17 | | | | | |
| 230:18-20 | | | | | |
| 230:21-24 | I | 230:25 | IMP, OBJ | | |
| 231:2-7 | | | | | |
| 235:18-236:5 | | 231:11-14, 231:22-232:2, 233:10-19, 235:11-17 | | | |
| 236:6-10 | 402, 602, spec | | | | |
| 236:11-16 | | 236:17-19, 236:24 | MIS, FND, SPC | | |

15

| Fabien Boulineau September 28, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 237:14-16 | | | | | |
| 237:17-20 | | | | | |
| 237:21-238:8 | | | | | |
| 239:8-10 | | 238:9-19, 238:21, 239:6-7 | AMB, FND, MIS | | |
| 239:11-13 | | | | | |
| 239:14-16 | | | | | |
| 239:17-22 | | | | | |
| 239:23-25 | | | | | |
| 240:2-3 | I | 240:6 | | | |
| 240:17-241:3 | | | | | |
| 241:4-8 | | | | | |
| 241:9-242:2 | | | | | |
| 242:4-19 | F, 701 | | | | |
| 242:20-21 | | | | | |
| 243:2 | | | | | |
| 243:3-4 | | | | | |
| 243:8-13 | | | | | |
| 243:14-17 | | | | | |
| 243:22-244:2 | | | | | |
| 244:3-12 | | 244:13, 244:19-20 | MIS, FND, ILO | | |
| 244:21-245:12 | | | | | |
| 245:13-19 | | | | | |
| 246:7-11 | | 245:20-24, 246:5-6 | CMP, AA | | |
| 246:12-20 | | | | | |
| 246:21-23 | | | | | |
| 246:24-247:5 | | | | | |
| 247:6-9 | | | | | |
| 247:10-12 | | | | | |
| 247:13-248:5 | | | | | |
| 248:6-14 | | | | | |
| 250:5-7 | | 248:15-249:8 | MIS | | |
| 250:8-9 | | | | | |
| 250:14-15 | | | | | |
| 250:16-18 | | | | | |

| Fabien Boulineau September 28, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 250:19-20 | | | | | |
| 250:23-251:2 | | | | | |
| 251:3-7 | | | | | |
| 251:12 | | | | | |
| 251:13-17 | | | | | |
| 251:18-25 | | | | | |
| 252:2-9 | | | | | |
| 252:10-14 | | | | | |
| 252:15-24 | | | | | |
| 252:25-253:3 | | | | | |
| 253:8-9 | | | | | |
| 253:10-13 | 402, 403 | | | | |
| 253:24-254:12 | | | | | |
| 254:13-17 | | | | | |
| 255:17-19 | | 254:18-255:16 | | | |
| 255:20-256:5 | | | | | |
| 256:6-9 | | | | | |
| 256:10-12 | | | | | |
| 256:13-17 | | | | | |
| 256:18-21 | | | | | |
| 256:22-24 | | | | | |
| 256:25-257:2 | | | | | |
| 257:7 | | | | | |
| 257:8 | | | | | |
| 257:11-17 | | 257:18-25 | | | |
| 258:2-7 | | | | | |
| 258:8-18 | | | | | |
| 258:19-24 | | | | | |
| 258:25-259:3 | | | | | |
| 259:4-5 | | | | | |
| 259:6-7 | | | | | |
| 259:8-10 | | 259:11-24 | | | |
| 260:2-13 | | | | | |
| 260:14-22 | | | | | |
| 260:23-25 | | | | | |
| 261:2-6 | | | | | |
| 261:7-9 | | | | | |

| Fabien Boulineau September 28, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 261:10-12 | | | | | |
| 261:16 | | | | | |
| 261:17-23 | | | | | |
| 261:25-262:2 | | | | | |
| 262:3-7 | | | | | |
| 262:8-9 | | | | | |
| 262:10-13 | | | | | |
| 262:14-16 | | | | | |
| 262:17-21 | | | | | |
| 262:22-23 | | | | | |
| 262:24-25 | | | | | |
| 263:2-3 | | | | | |
| 263:8 | | | | | |
| 263:9-11 | | | | | |
| 263:12-13 | | | | | |
| 263:14-18 | | | | | |
| 263:19-20 | | | | | |
| 263:23-264:2 | | | | | |
| 264:3-11 | | | | | |
| 264:12-13 | | | | | |
| 264:14-17 | | | | | |
| 264:22-23 | | | | | |
| 264:24-265:4 | | | | | |
| 265:5-8 | | | | | |
| 265:10-266:2 | | | | | |
| 266:3-7 | | | | | |
| 268:10-13 | | 267:25-268:9 | | | |
| 268:14 | | | | | |
| 268:16-19 | I | 268:15 | IMP, OBJ | | |
| 268:20-24 | | | | | |
| 275:7-9 | | | | | |
| 275:10-16 | | | | | |
| 275:17-19 | | | | | |
| 275:20 | | | | | |
| 275:22-276:5 | | | | | |
| 276:6-9 | | | | | |
| 276:19-21 | | | | | |

| | | Fabien Boulineau September 28, 2018 | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 276:25-277:3 | | | | | |
| 277:23-25 | | | | | |
| 278:2-11 | | | | | |
| 278:12-13 | | | | | |
| 278:14-15 | | | | | |
| 278:19-23 | | | | | |
| 278:24-279:4 | | | | | |
| 279:10-15 | Spec | | | | |
| 279:16-19 | | | | | |
| 279:25-280:5 | NR | | | | |
| 281:17-25 | | 280:6-11, 280:14-16, 281:14 | AA | | |
| 282:2-7 | | | | | |
| 282:8-11 | | | | | |
| 282:12-13 | | | | | |
| 282:18-19 | | | | | |
| 284:21-24 | | | | | |
| 284:25-285:4 | | | | | |
| 285:5-10 | | | | | |
| 285:11-12 | | | | | |
| 285:16-19 | | | | | |
| 285:20-21 | | | | | |
| 286:4-7 | | | | | |
| 286:8-9 | | | | | |
| 286:13-24 | | | | | |
| 287:2-10 | | | | | |
| 287:11-17 | | | | | |
| 287:24-288:2 | | 287:18-23 | | | |
| 288:7-11 | | | | | |
| 288:12-19 | | 288:20-289:10 | | | |
| 289:11-13 | | | | | |
| 289:18-20 | | | | | |
| 289:21-24 | | | | | |
| 289:25-290:3 | | | | | |
| 290:4-10 | 402 | | | | |
| 290:11 | F, Spec | | | | |

19

| Fabien Boulineau September 28, 2018 | | | | | |
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 290:14-15 | F, Spec | | | | |
| 290:16-17 | F, Spec, NR | | | | |
| 290:20-24 | F, Spec, NR | | | | |
| 290:25-291:5 | | | | | |
| 291:6-8 | | | | | |
| 291:13-14 | | | | | |
| 291:15-16 | | | | | |
| 291:17-21 | | | | | |
| 291:23-292:2 | | | | | |
| 292:8-10 | 402, 403, V | 292:3-7, 292:11 | | | |
| 292:14-18 | | | | | |
| 291:19-21 | | | | | |
| 293:2-6 | NR | | | | |
| 293:7-11 | NR | | | | |
| 293:12-17 | 402, 403 | | | | |
| 293:18-19 | 402, 403 | | | | |
| 293:20-22 | 402, 403 | | | | |
| 293:23-294:8 | 402, 403 | | | | |
| 294:9-23 | 402, 403 | | | | |
| 294:24-25 | | | | | |
| 295:6-8 | | | | | |
| 295:9-10 | | | | | |
| 295:11-14 | | | | | |
| 295:24-296:7 | | | | | |
| 296:10 | | | | | |
| 296:11-16 | | | | | |
| 297:17-19 | | 296:17-297:16 | | | |
| 297:23-298:2 | | | | | |
| 298:3-4 | | | | | |
| 298:7 | | | | | |
| 298:8-10 | | | | | |
| 298:11 | | | | | |
| 298:20-299:10 | | | | | |
| 299:11-13 | | | | | |
| 299:18-20 | | 299:22-23 | | | |
| 299:24-25 | | | | | |
| 300:6-8 | | | | | |

20

| | | | | | |
|---|---|---|---|---|---|
| **Fabien Boulineau**<br>**September 28, 2018** | | | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 300:9-11 | | | | | |
| 300:12-16 | | | | | |
| 300:17-21 | NR | | | | |
| 300:22-301:4 | | | | | |
| 301:5-10 | | | | | |
| 301:11-16 | | | | | |
| 301:17-22 | | | | | |
| 302:3-7 | | 301:23-302:1 | | | |
| 302:8-11 | | | | | |
| 302:12-14 | | | | | |
| 302:15-17 | | | | | |
| 302:18-22 | | | | | |
| 302:23-303:2 | | | | | |
| 303:3-12 | | | | | |
| 303:13-21 | | | | | |
| 303:22-304:2 | | | | | |
| 304:3-7 | | | | | |
| 304:10-13 | | | | | |
| 304:14-17 | | | | | |
| 304:18-23 | | | | | |
| 304:24-305:8 | | | | | |
| 305:9-16 | | | | | |
| 305:17-19 | | | | | |
| 305:20-21 | | 305:22-23, 305:25, 306:5-12. 306:17-18 | AMB | | |
| 306:19-24 | | | | | |
| 306:25-307:7 | | | | | |
| 307:8-12 | | | | | |
| 307:13-17 | | | | | |
| 307:18-22 | | | | | |
| 307:23-24 | | | | | |
| 307:25-308:2 | | | | | |
| 308:6-23 | | 308:24-309:6 | | | |
| 309:7-9 | | | | | |
| 309:10-13 | | | | | |
| 309:14-17 | | | | | |

21

| | | Fabien Boulineau<br>September 28, 2018 | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 309:18-310:4 | | | | | |
| 310:5-7 | | | | | |
| 310:11-17 | | | | | |
| 311:9-13 | | | | | |
| 311:14-16 | | | | | |
| 311:17-23 | | | | | |
| 311:24-312:2 | | | | | |
| 312:4-17 | | 312:3 | IMP, OBJ | | |
| 312:18-20 | | | | | |
| 312:21-23 | | | | | |
| 313:4 | | | | | |
| 313:5-10 | | | | | |
| 313:11-15 | | | | | |
| 313:21-25 | | | | | |
| 314:2-9 | | | | | |
| 314:10-11 | | 314:12-21 | | | |
| 315:17-19 | 402, 403 | | | | |
| 315:20-23 | 402, 403 | | | | |
| 315:24-316:3 | 402, 403 | | | | |
| 319:18-23 | 402, I | 107:12-108:6, 110:7-13 | | | |
| 319:24-320:2 | 402, I, 611, M | 110:14-111:14 | | | |
| 320:8-9 | 402 | | | | |
| 320:10-12 | 402, I, 611 | 110:14-111:14 | | | |
| 320:14 | 402, 611 | | | | |
| 320:15-17 | 402, 611 | | | | |
| 320:18-21 | 402, 611 | | | | |
| 320:24-25 | 402, 611, NR | | | | |
| 321:2-4 | 402, 611 | | | | |
| 321:7-8 | 402, 611 | | | | |
| 321:9-11 | 402, 611 | | | | |
| 321:14-15 | 402, 611 | | | | |
| 321:18 | 402, 611 | | | | |
| 321:19-24 | 402, 611 | | | | |
| 322:3-4 | 402, 611 | | | | |
| 322:5-8 | 402, 611 | | | | |
| 322:15-323:5 | 402, NR, N | | | | |

22

| | | | | | |
|---|---|---|---|---|---|
| **Fabien Boulineau**<br>**September 28, 2018** | | | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 323:6-14 | 402, 701 | | | | |
| 323:15-21 | 402, I, V, M | 158:17-159:9, 168:6-169:2, 169:2-21, 170:2 | OBJ | | |
| 323:22-324:3 | C, 611 | | | | |
| 324:7 | C, 611 | | | | |
| 324:8-9 | 402 | | | | |
| 324:10-13 | 611 | | | | |
| 324:16 | 611 | | | | |
| 324:17-325:2 | 402, 701 | | | | |
| 325:3-7 | 402, 611, 701 | | | | |
| 325:10 | 402, 611, 701 | | | | |
| 325:11-15 | 402, 611, 701 | | | | |
| 325:18 | 402, 611, 701 | | | | |
| 325:19-25 | 402, 403, V | | | | |
| 326:2-6 | 402, 403, V | | | | |
| 326:7-11 | 402, I | | | | |
| 326:14-20 | 402, I, BSD | 238:9-19, 238:21, 239:8-240:3, 240:17-242:19 | MIS, AMB | | |
| 326:21-23 | 402, I, BSD | | | | |
| 326:24-327:4 | 402, BSD | 242:20-21, 243:2-4, 243:8-17, 243:22-244:13, 244:19-20 | | | |
| 327:5-7 | 402, 611, BSD | | | | |
| 327:10-12 | 402, 611, BSD | 327:5-7 | | | |
| 327:13-15 | 402 | | | | |
| 327:16-21 | 402 | | | | |
| 327:22-23 | 402 | | | | |
| 327:24-328:2 | 402 | | | | |
| 328:3-9 | 402, F, I, V, | 184:5-8, | IMP | | |

23

| Fabien Boulineau September 28, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| | 611, M | 184:13-19, 184:24-185:16, 185:19-22 | | | |
| 328:12 | 402, I, 611, M | | | | |
| 328:13-15 | 402, I, 611, M | | | | |
| 328:16-18 | 402, I, 611, M | | | | |
| 328:19-22 | 402, F, I, V, M | 185:3-13 | IMP | | |
| 328:23-329:2 | 402, F, I, V, 611 | 185:3-13 | IMP | | |
| 329:5-6 | 402, F, I, V, 611 | | | | |
| 329:9 | 402, F, I, V, 611 | | | | |
| 329:10-11 | 402, F, I, V, 611 | | | | |
| 329:12-13 | 402, F, I, V, 611, NR | | | | |
| 329:14-17 | 402, F, I, V, 611 | 185:3-13 | IMP | | |
| 329:18-20 | 402, F, I, V, NR | 185:3-13 | IMP | | |
| 329:21-22 | 402,F, I, V | 185:3-13 | IMP | | |
| 329:23-25 | 402,F, I, V | 185:3-13 | IMP | | |
| 330:2-7 | | | | | |
| 330:8-11 | 402, V, 611 | | | | |
| 330:14 | 402 | | | | |
| 330:15-18 | 402, V, 611 | | | | |
| 330:19-331:9 | 402, V | | | | |
| 331:10-12 | 402, 403, V | 311:4-13, 311:24-312:17 | | | |
| 331:13-18 | 402, 403, 611 | | | | |
| 331:21-23 | 402, 403, V | | | | |
| 332:2 | 402, NR | | | | |
| 332:3-4 | 402, V | | | | |
| 332:5-7 | 402, V, 611 | | | | |
| 332:10 | 402, NR | | | | |
| 332:11-15 | 402, V, NR | | | | |
| 332:16-19 | 402, V | | | | |

| Fabien Boulineau September 28, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 332:20-23 | 402, V | | | | |
| 332:24-333:3 | 402, V, F, M | | | | |
| 333:6 | 402, V, F, M | | | | |
| 333:7-11 | 402, V, F, M | | | | |
| 333:12-18 | 402, V, F | | | | |
| 333:19-23 | 402, V, F, Spec, 611 | | | | |
| 334:3 | 402, V, F, Spec, 611 | | | | |
| 334:4-25 | V, F, I, Spec | 311:4-13, 311:24-312:17 | | | |
| 335:2-6 | 402, V, F, Spec, 611 | | | | |
| 335:9-10 | 402, V, F, Spec, 611 | | | | |
| 335:11-12 | 402, V, F, Spec, 611 | | | | |
| 335:15-16 | 402, V, F, Spec, 611 | | | | |
| 335:19-22 | 402, V, F, Spec, 611 | | | | |
| 335:23-25 | 402, V | | | | |
| 336:4 | 402, V, NR | | | | |
| 336:5-22 | 402, V | | | | |
| 336:23-25 | 402, V, 611 | | | | |
| 337:4-6 | 402, V, 611 | | | | |
| 337:8-11 | 402, V, 611 | | | | |
| 337:12-17 | 402, V, 611 | | | | |
| 337:18-22 | 402, V, 611 | | | | |
| 337:25-338:3 | 402, V, 611 | | | | |
| 338:6-7 | 402, V, 611, NR | | | | |
| 338:8-9 | 402, V, 611 | | | | |
| 338:10 | 402, V, 611 | | | | |
| 338:13-14 | 402, V, 611 | | | | |
| 338:15-25 | 402, I, V, 611, M | 227:23-228:9 , 255:20-256:17, | IMP | 256:18-257:2, 257:7-8,: | H, 402, 403 |

| | | Fabien Boulineau<br>September 28, 2018 | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| | | 264:14-17, 264:22-265:8, 265:10-266:7 | | 257:11-17 | |
| 339:4-7 | 402, V, 611, M | | | | |
| 339:8-10 | 402, I, V, Hyp, 611, 701 | | | | |
| 339:13-14 | 402, I, V, Hyp, 611, 701 | | | | |
| 339:15-19 | 402, I, V | | | | |
| 339:20-25 | 402, I, V | | | | |
| 340:2-5 | 402, V, 611, M | | | | |
| 340:8 | 402, V, 611, M | | | | |
| 340:9-13 | 402, I, V, M | 227:23-228:9, 254:323-256:17 | IMP | | |
| 340:14-15 | 402, V, C, M | | | | |
| 340:18-341:4 | 402, V, C, M | | | | |
| 341:5-6 | 701 | | | | |
| 341:7-10 | 402, I, V, 611, M | | | | |
| 341:15-19 | 402, I, V, 611, M | | | | |
| 341:20-22 | 402, I, V | | | | |
| 341:23-342:5 | 402, F, Spec | | | | |
| 342:6-8 | | 158:20-159:9, 179:9-16, 180:5-17, | IMP | | |
| 342:9-13 | V | | | | |
| 342:14-15 | 402, I, V, 611, M | | | | |
| 342:18 | 402, I, V, 611, M | | | | |
| 342:19-20 | 402, I, V, 611, M | | | | |
| 342:23-25 | 402, I, V, 611, M | | | | |
| 343:2-3 | 402, I, V, M | | | | |
| 343:4-5 | 402, I, V, M | | | | |

26

| Fabien Boulineau September 28, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 343:8-10 | 402 | | | | |
| 343:11-17 | 402, I, V, 611, M | 150:9-10, 150:19-151:5, 151:8-24, 152:12-153:16, 158:5-12; 238:9-19, 238:21, 239:8-240:2, 240:6, 240:17-242:19, 311:4-312:20, 343:20-23 | IMP | | |
| 343:24-344:5 | 402, I, V, 611, M | 311:4-312:23, 313:4-10 | IMP | | |
| 344:8 | 402, I, V, 611, M | | | | |
| 344:9-17 | 403, I, V | 200:3-16, 201:2-15, 201:20-21 | IMP | | |
| 344:18-21 | 402, 611 | | | | |
| 344:24 | 402, 611 | | | | |
| 344:25-345:4 | 402, I, V, 611, M | | | | |
| 345:7-8 | 402, I, V, 611, M | | | | |
| 345:9-11 | 402 | | | | |
| 345:12-14 | 402, I, V, 611, M | | | | |
| 345:20-25 | 402, I, V, 611, M | 346:2-3, 346:6-13 | | 346:14-15, 346:18-22, 346:25-347:2 | 402, 403 |
| 346:2-3 | 402, I, V, 611, M | | | | |
| 346:6 | 402, I, V, 611, M | | | | |
| 346:7-8 | 402, I, V, 611, M | | | | |
| 346:9-13 | 402, I, V, 611, | | | | |

27

| | | | Fabien Boulineau September 28, 2018 | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| | M | | | | |
| 347:3-11 | 402, I, V, 611 | | | | |
| 347:14-15 | 402, I, V, 611 | | | | |
| 348:6-13 | 402, I, V | 12:25-13:8, 13:11-15, 13:19-23, 14:2-24 | IMP | | |
| 348:14-15 | 402 | | | | |
| 348:16-17 | 402, F, V, 611, 701 | | | | |
| 348:20-22 | 402, F, V, 611, 701 | | | | |
| 348:23-25 | 402, F, V, 701 | | | | |
| 349:5-21 | | | | | |
| 349:22-350:3 | | | | | |
| 350:4-5 | | | | | |
| 350:6-7 | | | | | |
| 350:8-12 | | | | | |

| | | | Brad Champion May 4, 2018 | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 5:11-14 | | | | | |
| 5:15-17 | | | | | |
| 5:20-22 | | | | | |
| 8:21-23 | | | | | |
| 8:24-25 | | | | | |
| 9:1-4 | | | | | |
| 9:5-6 | | | | | |
| 9:7-9 | | | | | |
| 9:13-16 | | | | | |

| Brad Champion May 4, 2018 | | | | | |
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 9:17-22 | | | | | |
| 10:14-17 | | | | | |
| 10:25-11:2 | | | | | |
| 14:4-8 | | | | | |
| 14:9-11 | | | | | |
| 14:15-16 | M, N | | | | |
| 14:18-22 | | | | | |
| 14:23-25 | | | | | |
| 15:1-5 | 611 | | | | |
| 15:6-9 | | | | | |
| 15:10-11 | | | | | |
| 15:12-13 | | | | | |
| 15:14-15 | | | | | |
| 15:16-18 | | | | | |
| 15:19-21 | | | | | |
| 15:22-16:2 | | | | | |
| 16:3-4 | | | | | |
| 16:5-7 | | | | | |
| 16:8-13 | | | | | |
| 16:14-16 | | | | | |
| 16:17-19 | | | | | |
| 16:20-22 | | | | | |
| 16:23-24 | | | | | |
| 16:25-17:1 | | | | | |
| 17:2-3 | | | | | |
| 17:6-8 | | | | | |
| 17:9-11 | | | | | |
| 17:12-14 | | | | | |
| 17:15-16 | | | | | |
| 17:17-20 | | | | | |
| 17:21-24 | | | | | |
| 17:25-18:1 | | | | | |
| 18:2-4 | | | | | |
| 18:6-9 | | | | | |
| 18:14-16 | | | | | |
| 18:23-19:2 | I | 19:3-10 | | | |
| 29:24-30:4 | | | | | |

| | | | Brad Champion | | |
| | | | May 4, 2018 | | |
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 30:5-12 | | | | | |
| 31:5-7 | | | | | |
| 31:8-11 | | | | | |
| 31:12-14 | | | | | |
| 31:15-18 | | | | | |
| 31:19-23 | | | | | |
| 31:24-25 | | | | | |
| 32:1-2 | | | | | |
| 32:7-8 | V | | | | |
| 32:10-13 | | | | | |
| 32:14-17 | N, M | | | | |
| 32:18-21 | | | | | |
| 32:22-23 | | | | | |
| 32:25 | | | | | |
| 33:1-3 | | | | | |
| 33:4-5 | | | | | |
| 33:6-8 | | | | | |
| 33:9-15 | | | | | |
| 33:16-19 | M | | | | |
| 33:21-24 | | | | | |
| 33:25-34:3 | | | | | |
| 34:4-6 | | | | | |
| 34:7-8 | | | | | |
| 36:15-17 | | | | | |
| 38:1-4 | | | | | |
| 38:5-6 | | | | | |
| 38:7-13 | | | | | |
| 38:14-18 | | | | | |
| 39:2-5 | | | | | |
| 39:6-12 | | | | | |
| 39:13-14 | | | | | |
| 39:15-17 | I | 39:18-25 | | | |
| 40:1-3 | | | | | |
| 40:4-8 | | | | | |
| 40:9-11 | | | | | |
| 40:12-14 | | | | | |
| 40:15-16 | C | | | | |

| Brad Champion May 4, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 40:18-21 | | | | | |
| 40:22-41:1 | | | | | |
| 42:11-14 | | | | | |
| 42:15-18 | | | | | |
| 43:2-4 43:6-16 | | | | | |
| 43:17-19 | | | | | |
| 43:20-44:3 | 402, 403, V, M, Spec, F | | | | |
| 44:4-17 | Arg, M, 402, 403 | | | | |
| 45:18-22 | 701, V, F | | | | |
| 46:22-24 47:1 | F, V | | | | |
| 47:2-6 | | | | | |
| 47:7-12 | | | | | |
| 47:13-15 | | | | | |
| 47:16-19 | | | | | |
| 47:20-21 47:23-24 | 701, V, F | | | | |
| 47:25-48:7 | | | | | |
| 48:8-10 | | | | | |
| 48:11-12 | | | | | |
| 48:13-15 | 701, V, F, I | 48:16-49:5 | | | |
| 50:11-12 | | | | | |
| 50:13-17 | | | | | |
| 51:4-6 | | | | | |
| 51:7-12 | | | | | |
| 51:13-14 | | | | | |
| 51:15-16 | | | | | |
| 51:17-18 | | | | | |
| 51:19-23 | | | | | |
| 53:10-13 | M, N, 701 | | | | |
| 53:14-15 | | | | | |
| 53:16-23 | 701, V, F | | | | |
| 53:24-54:1 54:3 | | | | | |

| Brad Champion May 4, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 54:4-8 | 701, F, Spec, V | | | | |
| 54:9-10 | 611 | | | | |
| 54:11-16 | AF, 401, V | | | | |
| 54:17-19 | Spec | | | | |
| 54:21-55:3 | M, 701 | | | | |
| 55:4-7 | Hyp, Spec, F, V | | | | |
| 55:10-22 | M, Spec, F, V | | | | |
| 55:23-56:1 | M, 701 | | | | |
| 65:12-15 | N | | | | |
| 65:16-18 | | | | | |
| 65:19-22 | | | | | |
| 65:23-66:4 | | | | | |
| 66:5-8 | | | | | |
| 66:9-10 | | | | | |
| 69:12-14 | 401 | | | | |
| 69:15-16 | | | | | |
| 69:17-18 | | | | | |
| 70:1-3 | | | | | |
| 70:4-5 | | | | | |
| 70:6-8 | | | | | |
| 70:9-11 | 401 | | | | |
| 70:12-16 | 401, Arg | | | | |
| 70:17-19 | 401 | | | | |
| 70:20-22 | 401, AF, Arg | | | | |
| 71:8-11 | 401 | | | | |
| 71:12-15 | 401 | | | | |
| 71:16-19 | 401 | | | | |
| 71:20-22 | 401 | | | | |
| 71:23-25 | 401 | | | | |
| 72:1-2 | 401, F | | | | |
| 72:3-5 | 401, F | | | | |
| 72:6-8 | 401, F | | | | |
| 72:9-12 | 401, F | | | | |
| 72:20-23 | 401, F | | | | |
| 72:24-25 | 401, F | | | | |
| 73:1-3 | 401, F | | | | |
| 73:5 | | | | | |

| Brad Champion May 4, 2018 | | | | | |
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| --- | --- | --- | --- | --- | --- |
| 73:6-8 | 401, F | | | | |
| 73:9-12 | 401, F | | | | |
| 73:13-14 | 401, F | | | | |
| 73:15-16 | 401, F | | | | |
| 73:17-20 | 401, F | | | | |
| 73:21-23 | 401, F | | | | |
| 74:7-16 | 401, F | | | | |
| 74:17-20 | 401, F | | | | |
| 74:21-75:1 | 401, F | | | | |
| 75:2-4 | 401, F | | | | |
| 75:5-7 | 401, F | | | | |
| 75:8-11 | 401, F | | | | |
| 78:4-5 78:7 | Spec, F | | | | |
| 78:8-11 | | | | | |
| 78:12-14 78:16-18 | Spec, F, 701 | | | | |
| 78:19-21 | Spec, F, V, 701 | | | | |
| 78:22-23 | | | | | |
| 78:24-79:3 | Spec, F, V, 701 | | | | |
| 79:4-7 | | | | | |
| 79:8-13 | Arg, N, M, 701, 401 | | | | |
| 79:14-16 79:18-20 | Arg, 611, M, 701, V | | | | |
| 79:21-25 | N, M, 701, 401, V | | | | |
| 80:1-5 | Arg, 701, 401, V | | | | |
| 81:1-4 | | | | | |

| Sema Conde | | | | | |
| March 8, 2019 | | | | | |
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 8:13-16 8:22-25 | | | | | |
| 10:21-24 | V | 9:1-4 | IMP | | |
| 10:25-11:2 | V, F, Spec | | | | |
| 11:3-5 11:8-23 | V, F, Spec, Arg, NT | | | | |
| 15:9-10 15:13 | V | 15:1-7 | OBJ | 12:3-7 13:12-13 13:16 | |
| 16:6-9 | | | | | |
| 16:10-12 | | 16:16-25 17:1-7 | | | |
| 16:13-15 | | 16:16-25 17:1-7 | | | |
| 17:8-10 | | 16:16-25 17:1-7 | | | |
| 17:11-13 | | 16:16-25 17:1-7 | | | |
| 17:20-21 17:23-24 | V, 402 | 17:16-18 | OBJ | | |
| 18:2-3 18:6-8 | | | | | |
| 18:9-10 18:12 | | | | | |
| 18:14-15 18:17-18 | V | | | | |
| 18:20-21 18:23 | | | | | |
| 18:25-19:2 19:4 | | | | | |
| 19:6-7 19:9-10 | V, 402 | | | | |
| 19:12-14 | | | | | |
| 19:16 | | | | | |
| 19:18-21 | | | | | |
| 19:22-25 | | | | | |
| 20:1-2 | | | | | |
| 20:3-6 | | | | | |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| **Sema Conde** **March 8, 2019** | | | | | |
| 20:11-12 | | | | | |
| 20:13-15 | | | | | |
| 20:16-17 | | | | | |
| 20:18-21 | | | | | |
| 20:21 20:24 | | | | | |
| 21:2-4 21:7 | | | | | |
| 21:9-12 | | | | | |
| 24:3-6 24:8-9 | | | | | |
| 24:11-13 | | | | | |
| 24:14-17 | | | | | |
| 24:20 24:23 | | | | | |
| 24:25-25:2 | | | | | |
| 25:5-6 25:9 | V, Spec, F, 402 | | | | |
| 25:11-13 | | | | | |
| 25:14 25:17-19 | H | 49:10-51:18 | | | |
| 25:21-22 | | 49:10-51:18 | | | |
| 25:23-24 26:1-2 | N, 402 | 49:10-51:18 | | | |
| 26:4-5 | N, H, 402 | 49:10-51:18 | | | |
| 26:6-10 | H | 49:10-51:18 | | | |
| 26:11-13 | | 49:10-51:18 | | | |
| 26:14-23 | N, H, 402 | 49:10-51:18 | | | |
| 26:24-25 | N, H, 402 | 49:10-51:18 | | | |
| 27:1-2 27:4-5 | | | | | |
| 27:7 27:10 27:12-13 | | | | | |
| 27:15-18 | | | | | |
| 27:19-20 | | | | | |
| 27:21-22 | | | | | |

35

| Sema Conde<br>March 8, 2019 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 27:23-24 | | | | | |
| 27:25-28:1 | | | | | |
| 28:2-3<br>28:6 | | | | | |
| 28:8-9 | | | | | |
| 28:10<br>28:13-14 | N | | | | |
| 28:16-17 | | | | | |
| 28:18-29:1 | H | | | | |
| 29:2-3 | | | | | |
| 29:4-5<br>29:7 | H | | | | |
| 29:9-11 | H | | | | |
| 29:12-14 | H | | | | |
| 29:17-19 | H | | | | |
| 30:2-3<br>30:5-6 | H | | | | |
| 30:8<br>30:10 | Spec, 402 | | | | |
| 30:12-13<br>30:16-18 | V, 402 | | | | |
| 30:20-23<br>30:25 | V, 402 | | | | |
| 31:2-4<br>31:10<br>31:12 | V, 402 | | | | |
| 31:14-15 | V, Spec, 402 | | | | |
| 31:16-17<br>31:21 | | | | | |
| 31:22-23<br>31:25 | V, 402 | | | | |
| 32:2-3 | V, 402 | | | | |
| 32:4-8<br>32:10-11 | V, H, 402 | | | | |
| 32:13-15<br>32:18-33:6 | V, H, 402 | | | | |
| 33:8-11 | | | | | |

36

| | Sema Conde March 8, 2019 | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 33:12-13 33:15 | H | | | | |
| 33:17 33:19-34:13 | H, 402 | | | | |
| 34:15-17 34:20 34:22 | Arg, H, 611, M, 402, 403 | 67:23-68:16 | OBJ, IMP | | |
| 34:24-25 | H, 402, 403 | 67:23-68:16 | OBJ, IMP | | |
| 35:1-5 | H, 611, M, 402, 403 | | | | |
| 35:8-9 35:11-36:12 | Arg, H, 611, M, 402, 403 | | | | |
| 36:14-17 | Arg, H, 611, M, 402, 403 | | | | |
| 36:18-19 36:21-37:8 | Arg, H, 611, M, 402, 403 | | | | |
| 39:2-9 39:12-16 | Arg, V, M, 402, 403 | 72:3-20 | OBJ, IMP | | |
| 39:18-21 39:25-40:2 | Arg, V, M, 402, 403 | 72:3-20 | OBJ, IMP | | |
| 40:3-14 40:16 | Arg, V, M, H, 402, 403 | 72:3-20 | OBJ | | |
| 40:18-20 40:23-41:2 | Arg, V, M, H, 402, 403 | 72:3-20 | OBJ | | |
| 41:4-5 41:7-10 | Arg, V, M, H, 402, 403 | 72:3-20 | OBJ | | |
| 41:12 41:15-19 | Arg, H, 402, 403 | 72:3-20 | OBJ | | |
| 41:21-42:3 | H, 402, 403 | 72:3-20 | OBJ | | |
| 42:5 42:7 | V, 402, 403 | 72:3-20 | OBJ | | |
| 42:9 42:13-15 | N, 402, 403 | 72:3-20 | OBJ | | |
| 42:16-17 | N, 402, 403 | 72:3-20 | OBJ | | |
| 42:18-19 42:21-25 | Arg, V, M, H, 402, 403 | 72:3-20 | OBJ | | |
| 43:2-4 43:6-16 | Arg, V, M, H, 402, 403 | 72:3-20 | OBJ | | |

| | | Sema Conde | | | |
| | | March 8, 2019 | | | |
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 43:18-21 43:23-44:8 | Arg, V, M, H, 402, 403 | 72:3-20 | OBJ | | |
| 44:10-11 44:13-19 | Arg, V, M, H, 402, 403 | 72:3-20 | OBJ | | |
| 44:21-25 45:3-4 | Arg, V, M, H, 402, 403 | | | | |
| 45:6 45:8 | 402, 403 | | | | |
| 45:10-12 | 402, 403 | | | | |
| 45:13-15 | 402, 403 | | | | |
| 45:16-18 45:20-46:12 | Arg, V, M, H, 402, 403 | | | | |
| 46:14-15 | | | | | |
| 46:16-17 | | | | | |
| 46:18-20 46:22-23 | Arg, V, M, 402, 403 | | | | |
| 46:25 47:2-12 | N, V, 402, 403 | | | | |
| 47:14-19 47:22-48:2 | Arg, V, M, H, 402, 403 | | | | |
| 48:4-7 48:10-12 | Arg, V, M, H, 402, 403 | 67:23-68:16 | OBJ | | |
| 48:14-17 48:20-21 | Arg, V, M, H, 402, 403 | 67:23-68:16 | OBJ | | |
| 48:23-49:1 | Arg, V, M, H, 402, 403 | 67:23-68:16 | OBJ | | |
| 51:20-22 51:24-52:14 | H | 49:10-51:18 | OBJ | | |
| 52:16-17 52:19-53:7 | Spec, F, 402 | | | | |
| 53:9-10 53:12-18 | H, 402 | | | | |
| 53:20-21 53:24-25 | H, 402 | | | | |
| 54:2-3 54:6-7 | H, 402 | | | | |
| 54:9-12 54:21-24 | H, 402 | | | | |

| Sema Conde March 8, 2019 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 54:25-55:9 | H, 402 | | | | |
| 55:10-11 55:13 | V, 402 | | | | |
| 55:15-20 | V, 402 | | | | |
| 55:21-23 | V, 402 | | | | |
| 55:25 | | | | | |
| 56:2-3 56:5 | V, 402 | | | | |
| 56:7-8 56:10-11 | V, 402 | | | | |
| 56:13-14 | | | | | |
| 56:15-17 | V, 402 | | | | |
| 56:18-19 56:21-57:5 | H, V, 402, 403 | | | | |
| 57:7-9 57:11 | H, V, 402, 403 | | | | |
| 57:13-14 57:17-18 | Hyp, V, 402, 403 | | | | |
| 57:22-24 58:1 | V, 402 | | | | |
| 58:3-4 58:6-12 | AF, V, 402 | | | | |
| 58:14-15 58:18-23 | AF, V, 402 | | | | |
| 58:25-59:1 | | | | | |
| 59:2-3 | L, V, 402 | | | | |
| 59:4-5 | V, 402 | | | | |
| 59:6-8 59:10 | L, AF, V, 402 | | | | |
| 59:12-14 | | | | | |
| 59:15-16 59:18-22 | | | | | |
| 59:24 60:1 | V, 402, 403 | | | | |
| 60:3-9 | | | | | |
| 60:10-13 | | | | | |

| Sema Conde March 8, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 60:14-15 | | | | | |
| 60:16-18 | | | | | |
| 60:19-21 60:23 | V, 402, 403 | | | | |
| 60:25-61:1 | V, 402, 403 | | | | |
| 61:2-3 | | | | | |
| 61:4-5 | | | | | |
| 61:6-16 | | | | | |
| 61:17-23 | | | | | |
| 61:24-25 62:2-4 | Hyp, Spec, F, 701, V, 402, 403 | | | | |
| 62:6-10 62:13-15 | Hyp, Spec, F, 701, V, 402, 403 | | | | |
| 62:17-18 | Hyp, Spec, F, 701, V, 402, 403 | | | | |
| 62:19-22 62:25-63:1 | Hyp, Spec, F, 701, V, 402, 403 | | | | |
| 63:3-6 | Hyp, 701, V, 402, 403 | | | | |
| 63:7-8 | | | | | |
| 63:9-10 63:13-16 | Hyp, Spec, F, 701, V, 402, 403 | | | | |
| 63:18-20 63:22-24 | 701, V, 402, 403 | | | | |
| 64:2-5 | Hyp, Spec, F, 701, V, 402, 403 | | | | |
| 64:9-16 | Hyp, Spec, F, 701, V, 402, 403 | | | | |
| 64:17-18 64:21-22 | | 64:19 | | | |
| 64:24-65:2 | | | | | |

| Sema Conde March 8, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 65:3-4 65:6 | | | | | |
| 65:8-9 | | | | | |
| 65:10-12 65:15-16 | | | | | |
| 65:18-22 | | | | | |
| 65:23-24 | | | | | |
| 66:1 | | | | | |
| 66:3-7 66:9 | V, 402 | | | | |
| 66:11-13 | V, 402 | | | | |
| 66:16-17 66:20-23 | H, V, 402 | | | | |
| 66:25-67:1 | Hyp, Spec, F, H, V, 402 | | | | |
| 67:2-3 67:5 | Hyp, Spec, F, H, V, 402 | | | | |
| 67:17-19 67:21 | Hyp, Spec, F, H, V, 402, 403 | 67:23-68:16 | OBJ, IMP | | |
| 68:18-21 | V, 402 | | | | |
| 68:25-69:4 | V, 402 | | | | |
| 69:5-7 | V, Spec, 402 | | | | |
| 69:8-21 | V, 402 | | | | |
| 69:22-24 | | | | | |
| 69:25-70:1 | | | | | |
| 70:2-3 | 402, 403 | | | | |
| 70:4-5 70:8-10 | Spec, 402 | | | | |
| 70:12-13 70:15 | V, 402 | | | | |
| 70:17-18 70:21-22 | Spec, V, 402 | | | | |
| 70:24-25 71:2 | V, 402 | 71:4-9 | IMP | | |
| 71:10-12 | 402, 403 | | | | |
| 71:13-15 71:21-22 | H, V, 402, 403 | | | | |

| Sema Conde March 8, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 71:23-24 72:1 | H, V, 402, 403 | | | | |
| 72:21-23 | | | | | |
| 73:1-2 | H, 402 | | | | |
| 73:8-13 | H, 402 | | | | |
| 73:14-15 | H, 402 | | | | |
| 77:24-78:2 78:4-8 | H, 402, 403 | | | | |
| 78:10-12 | H, 402, 403 | | | | |
| 78:13-15 | H, 402, 403 | | | | |
| 78:16-17 | H, 402, 403 | | | | |
| 79:23-24 80:6-15 80:17-19 | H, 402, 403 | 78:20-79:22 | OBJ | | |
| 80:21-23 80:25 | H, V, 402, 403 | | | | |
| 81:2-7 | H, V, 402, 403 | | | | |
| 81:8-10 81:13-25 | H, F, Spec, V, 402, 403 | | | | |
| 82:3 82:9-14 | H, 402, 403 | | | | |
| 82:15-19 82:21 | H, 402, 403 | | | | |
| 82:23-83:2 | H, 402, 403 | | | | |
| 83:3-6 83:8-10 | H, V, 402, 403 | | | | |
| 83:12-13 | | | | | |
| 83:14-19 | H, 402 | | | | |
| 83:20-22 | H, N, 402 | | | | |
| 83:25-84:7 | | | | | |
| 84:9-10 | F, 701, 402 | | | | |
| 84:11-14 | H, 402 | | | | |
| 84:15-17 84:19 84:21-85:1 | H, V, M, 402, 403 | | | | |
| 85:3-6 | | | | | |
| 85:7-12 | | | | | |

| | | | Sema Conde<br>March 8, 2019 | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 85:14-17 | | | | | |
| 85:19-21 | | | | | |
| 85:22-86:3 | | 86:4-87:6 | OBJ | | |
| 87:7-8 | | 86:4-87:6 | OBJ | | |
| 87:10-13 | | | | | |
| 87:15-16 | | | | | |
| 87:17-20 | | | | | |
| 87:21-88:1 | | | | | |
| 88:2-5 | | | | | |
| 88:6-8 | | 88:25-89:19 | OBJ | | |
| 89:23-90:1 | P, 402, 403 | | | | |
| 90:2-3 | P, 402, 403 | | | | |
| 90:4-5 | P, 402, 403 | | | | |
| 90:6-7 | P, 402, 403 | | | | |
| 90:8-9 | P, 402, 403 | | | | |
| 90:10-13 | 402, 403 | | | | |
| 90:14-15 | 402, 403 | | | | |
| 90:16-17 | 402, 403 | | | | |
| 90:18-25 | H, 402, 403 | | | | |
| 91:1-3 | H, 402, 403 | | | | |
| 91:15-18 | | | | | |
| 91:19-21 | H, 402, 403 | | | | |
| 91:22-92:2 | H, Arg, M, 402, 403 | | | | |
| 92:3-4 | | | | | |
| 92:5-8 | H, Arg, M, L, 402, 403 | | | | |
| 92:9-14 | H, 402, 403 | | | | |
| 92:15-17 | | | | | |
| 92:18-21 | Spec, F, 402 | | | | |
| 92:22-25 | Spec, F, 402 | | | | |
| 93:1-2 | 402 | | | | |
| 93:25-94:3 | 402 | | | | |
| 94:4-7 | 402 | | | | |
| 94:8-9 | 402 | | | | |
| 94:10-11 | 402 | | | | |
| 94:12-16 | 402 | | | | |

43

| | Sema Conde March 8, 2019 | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 94:17-19 | 402 | | | | |
| 94:20-21 | 402 | | | | |
| 94:22-95:2 | 402 | | | | |
| 95:3-7 | 402 | | | | |
| 95:8-9 95:13-17 | P, 402 | | | | |
| 95:18-19 | P, 402 | | | | |
| 95:20-22 | P, 402 | | | | |
| 95:23-96:1 | P, 402 | | | | |
| 96:2-7 | 402 | | | | |
| 96:8-9 96:12-24 | 402 | | | | |
| 97:2-3 97:5 | H, 402 | | | | |
| 97:7-12 | N, H, 402, 403 | | | | |
| 97:13-17 | N, H, 402, 403 | | | | |
| 97:18-98:5 | H, 402, 403 | | | | |
| 98:6-9 | 402, 403 | | | | |
| 98:10-13 | | | | | |
| 98:14-22 | F, Spec, 402, 403 | | | | |
| 98:23-99:2 | 402, 403 | 100:1-101:2 | OBJ, REL | | |
| 101:3-10 | H, 402, 403 | 100:1-101:2 | OBJ, REL | | |
| 101:22-102:1 | H, 402, 403 | | | | |
| 102:2-3 102:5-6 | H, P, 402, 403 | | | | |
| 102:8-11 | H, P, 402, 403 | | | | |
| 102:12-15 102:20-22 104:6-7 104:15 | H, P, 402, 403 | 103:7-8; 105:2-25; 107:10-21; 107:23-108:20; 116:22-120:24 | OBJ, IMP | 106:1-5 106:7-21 106:24 107:1-3 107:5-7 | H, 402, 403 |
| 104:17 | H, P, 402, 403 | 103:7-8; 105:2-25; | OBJ, IMP | 106:1-5 106:7-21 | H, 402, 403 |

44

| Sema Conde March 8, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| | | 107:10-21; 107:23-108:20; 116:22-120:24 | | 106:24 107:1-3 107:5-7 | |
| 104:21-22 104:24 | H, P, 402, 403 | 103:7-8; 105:2-25; 107:10-21; 107:23-108:20; 116:22-120:24 | OBJ, IMP | 106:1-5 106:7-21 106:24 107:1-3 107:5-7 | H, 402, 403 |

| Tracey Cunningham December 17, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 8:11-12 | | 22:18-23:6 | IMP | 23:7-15 | |
| 10:5-6 | 402, 403 | | | | |
| 11:2-4 | H, 402, 403 | | | | |
| 11:10-12 | 402, 403 | | | | |
| 11:13-17 | 402, 403 | | | | |
| 11:18-19 | 402, 403 | | | | |
| 11:20-23 | 402, 403 | | | | |
| 11:24-12:2 | 402, 403 | | | | |
| 12:3-5 | 402, 403 | | | | |
| 12:6-7 | 402, 403 | 13:16-20 | | | |
| 12:8-10 | 402, 403 | 13:16-20 | | | |
| 12:11-13 | 402, 403 | 13:16-20 | | | |
| 12:14-17 | 402, 403 | 13:16-20 | | | |
| 12:18-19 12:21 | 402, 403 | 13:16-20 | | | |
| 13:6-11 13:14 | 402, 403 | 13:16-20 | | | |
| 14:8-14 | 402, 403 | 13:16-20 | | | |
| 14:15-17 | 402, 403 | 14:18-15:4 | | | |
| 15:5-7 | 402, 403 | | | | |

| \multicolumn{6}{c}{Tracey Cunningham} |

| December 17, 2018 |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 15:8-10 | 402, 403 | 15:11-17:6 | | | |
| 17:1-6 | 402, 403 | 15:11-17:6 | | | |
| 17:7-9 | 402, 403 | | | | |
| 17:10-16 | 402, 403 | | | | |
| 24:1-2 | | 22:18-23:6 | IMP | 23:7-15 | |
| 24:3-5 | | 22:18-23:6 | IMP | 23:7-15 | |
| 24:12-13 | | | | | |
| 24:14-15 | | | | | |
| 24:16-19 | | | | | |
| 24:25-25:2 | | | | | |
| 27:16-20 | | 25:23-27:14 | | | |
| 30:10-12 | 402, 403 | | | | |
| 30:13-15 | 402, 403 | 30:16-32:7 | OBJ | | |
| 32:11-13 | 402, 403 | 30:16-32:7 | OBJ | | |
| 33:22-24 | 402, 403 | | | | |
| 33:25-34:1 | 402, 403 | | | | |
| 34:2-5 | 402, 403 | 34:6-14 | | | |
| 34:15-18 | 402, 403 | 34:6-14, 34:19-35:1 | | | |
| 37:24-38:3 | H, 402, 403 | | | | |
| 38:4-5 | H, 402, 403 | | | | |
| 38:6-7 | H, 402, 403 | | | | |
| 38:8-11 | H, 402, 403 | 38:12-39:3 | OBJ | | |
| 39:15-18 | H, 402, 403 | 38:12-39:3 | | | |
| 40:21-23 | | | | | |
| 40:24-25 | 402, 403 | 41:4-17 | OBJ | | |
| 41:2 | | | | | |
| 44:3-6 | | | | | |
| 44:7-9 | | | | | |
| 44:10-11 | | | | | |
| 44:12-13 | | | | | |
| 44:14-16 | | | | | |
| 44:19 | | | | | |
| 44:21-22 | | | | | |
| 44:24-25 | | | | | |
| 45:2-4 | | | | | |
| 45:5-6 | | 45:7-46:5 | OBJ | | |

| Tracey Cunningham December 17, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 49:3-7 | H, 402, 403 | | | | |
| 49:8-10 | 402, 403 | | | | |
| 49:11-13 | H, 402, 403 | | | | |
| 49:14-15 | H, 402, 403 | | | | |
| 49:16-17 | 402, 403 | | | | |
| 49:18-21 | H, 402, 403 | | | | |
| 49:22-24 | 402, 403 | | | | |
| 49:25-50:1 | 402, 403 | | | | |
| 50:2-3 | 402, 403 | | | | |
| 50:4-6 | 402, 403 | | | | |
| 50:9-10 | 402, 403 | | | | |
| 50:20-21 | 402, 403 | | | | |
| 50:22-24 | 402, 403 | | | | |
| 51:2-4 | 402, 403 | | | | |
| 51:6-11 | 402, 403 | 51:12-18 | | | |
| 53:2-5 | 402, 403 | | | | |
| 53:6-8 | 402, 403 | | | | |
| 53:9-11 | 402, 403 | | | | |
| 53:12-14 | 402, 403 | | | | |
| 53:15-17 | 402, 403 | | | | |
| 54:25-55:2 55:6 | 402, 403 | | | | |
| 59:13-16 59:18 | 402, 403 | 60:7-19 | OBJ | | |
| 60:21-24 61:9-11 | 402, 403 | 60:7-19 | OBJ | | |
| 62:14-19 | H, 402, 403 | | | | |
| 63:5-9 | | | | | |
| 63:10-12 | H, 402, 403 | | | | |
| 63:13-14 | | | | | |
| 63:15-19 | H, 402, 403 | | | | |
| 63:20-23 | H, 402, 403 | | | | |
| 63:24-64:3 | H, 402, 403 | | | | |
| 72:16-19 | 402, 403 | | | | |
| 72:23-24 | 402, 403 | | | | |
| 73:2-4 | 402, 403 | | | | |
| 73:5-6 | 402, 403 | | | | |

| Tracey Cunningham December 17, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 73:16-18 73:20 | 402, 403 | | | | |
| 73:22-23 74:2-3 74:6-7 | Spec, Hyp, 402, 403 | | | | |
| 74:9 74:12 | 402, 403 | 74:14-19 | OBJ | | |
| 75:15-17 | | | | | |
| 75:24-76:4 | | | | | |
| 76:5-12 | | | | | |
| 76:13-15 | | | | | |
| 76:16-18 | | | | | |
| 76:19-22 | | | | | |
| 76:23-25 | | | | | |
| 77:25-78:5 | H, 402, 403 | | | | |
| 78:13-14 | | | | | |
| 78:23-79:1 | | | | | |
| 79:2-3 79:5-6 | | | | | |
| 83:15-20 | H, 402, 403 | | | | |
| 83:21-84:9 | 402, 403 | | | | |
| 84:15-19 | | | | | |
| 87:10-12 | | | | | |
| 87:13-15 | | | | | |
| 87:16-18 | | | | | |
| 87:25-88:3 | H, 402, 403 | | | | |
| 88:4-5 | | | | | |
| 93:3-5 93:8 | | | | | |
| 93:10 93:13 | | | | | |
| 98:7-12 | H, 402, 403 | | | | |
| 98:13-16 | H, 402, 403 | | | | |
| 98:17-20 | | | | | |
| 103:12-14 | | | | | |
| 103:20-23 | | | | | |
| 105:8-13 | | | | | |

| | | Tracey Cunningham | | | |
|---|---|---|---|---|---|
| | | December 17, 2018 | | | |
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 105:14-15 | | | | | |
| 105:16-17 | | | | | |
| 106:8-12 | | | | | |
| 106:13-18 | H | | | | |
| 106:19-23 | H | | | | |
| 106:24-107:1 | H | | | | |
| 107:25-108:4 | | | | | |
| 108:5-6 | | | | | |
| 108:7-9 | | | | | |
| 108:10-11 | | | | | |
| 109:11-16 | H, 402, 403 | | | | |
| 111:13-16 | | | | | |
| 111:17-19 | | | | | |
| 111:20-22 111:25 | 402, 403 | 114:7-115:9 | OBJ | | |
| 112:2-3 | 402, 403 | 114:7-115:9 | OBJ | | |
| 112:4-5 | 402, 403 | 114:7-115:9 | OBJ | | |
| 112:6-7 | 402, 403 | 114:7-115:9 | OBJ | | |
| 112:8-9 | 402, 403 | 114:7-115:9 | OBJ | | |
| 113:9-12 | | | | | |
| 113:13-14 | | | | | |
| 113:23-114:6 | H, 402, 403 | 114:7-115:9 | OBJ | | |
| 121:21-23 | | | | | |
| 121:24-122:1 | | | | | |
| 123:7-10 | | | | | |
| 123:11-12 | | | | | |
| 123:13-14 | | | | | |
| 123:15-17 | | | | | |
| 123:23-24 | | | | | |
| 124:7-8 | | | | | |
| 124:9-11 | | | | | |
| 124:22-125:2 | | | | | |
| 125:3-5 | | | | | |
| 125:6-7 | | | | | |
| 125:8-11 | | | | | |
| 125:14-16 | | | | | |
| 125:17-20 | | | | | |

| Tracey Cunningham<br>December 17, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 125:21-23 | | | | | |
| 125:24-25 | | | | | |
| 126:1-2 | | | | | |
| 126:3-4 | | | | | |
| 126:5-8 | | | | | |
| 126:13-16 | | | | | |
| 126:23-24 | | | | | |
| 126:25-127:1 | | | | | |
| 127:2-5 | | | | | |
| 127:6-8 | | | | | |
| 127:9-11 | | | | | |
| 127:15-16 | | | | | |
| 127:17-18 | | | | | |
| 127:19-20 | | | | | |
| 127:21-22 | | | | | |
| 127:23-25 | | | | | |
| 128:4-6 | | | | | |
| 128:7-8 | | | | | |
| 128:9-12 | | | | | |
| 128:13-15 | | | | | |
| 128:16-19 | | | | | |
| 128:20-22 | | | | | |
| 128:23-24 | | | | | |
| 128:25-129:1 | | | | | |
| 129:2-4 | | | | | |
| 129:5-6 | | | | | |
| 129:7-8 | | | | | |
| 129:9-15 | | | | | |
| 130:4-9 | | | | | |
| 130:10-12 | | | | | |
| 130:24 | | | | | |
| 131:2-3 | | | | | |
| 131:5-8 | | | | | |
| 131:9-12 | | | | | |
| 131:13-16 | | | | | |
| 132:22-24 | | | | | |
| 133:2-5 | | | | | |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| Tracey Cunningham December 17, 2018 | | | | | |
| 133:6-7 | | | | | |
| 133:8-9 | | | | | |
| 133:10-12 | | | | | |
| 133:13-15 | | | | | |
| 133:16-19 | | | | | |
| 133:20-21 | | 133:22-134:10 | | | |
| 134:14-16 | | 133:22-134:10 | | | |
| 134:17-19 | | | | | |
| 134:20-22 | | | | | |
| 134:23-25 | | | | | |
| 135:1-8 | | | | | |
| 135:9-13 | | | | | |
| 135:14-15 | | | | | |
| 135:16-17 | | | | | |
| 135:18-20 | | | | | |
| 135:21-22 135:25-136:5 | Spec, 402, 403 | | | | |
| 136:7-10 136:13 | Spec, 402, 403 | | | | |
| 136:15-18 | Spec, 402, 403 | | | | |
| 136:19-20 | Spec, 402, 403 | | | | |
| 136:21-137:1 | 402, 403 | | | | |
| 137:2-3 137:6-7 | H, 02, 403 | | | | |
| 137:9-11 | H, 402, 403 | | | | |
| 137:14-18 | H, 402, 403 | | | | |
| 139:2-4 | | | | | |
| 139:7-9 | | | | | |
| 139:10-12 | | | | | |
| 139:20-21 | | | | | |
| 143:19-21 | | | | | |
| 143:22-23 | | | | | |
| 143:24-144:1 | | | | | |
| 144:2-4 | | | | | |
| 144:5-7 | | | | | |
| 144:8-10 | | | | | |
| 146:1-5 | 402, 403 | | | | |

| Tracey Cunningham December 17, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 146:6-7 | 402, 403 | | | | |
| 146:8-11 | 402, 403 | | | | |
| 147:21-25 | | | | | |
| 148:1-8 | | | | | |
| 148:9-13 | | | | | |
| 148:14-16 | | 148:17-154:4 | IMP | | |
| 154:18-19 | | 148:17-154:4 | IMP | | |
| 154:20-155:3 | | 155:4-156:23 | | | |
| 156:5-13 | | 155:4-156:23 | | | |
| 156:14-17 | | 155:4-156:23 | | | |
| 156:18-23 | | 155:4-156:23 | | | |
| 157:3-4 | | | | | |
| 157:5-7 | | | | | |
| 157:8-9 | | | | | |
| 157:10-12 | | | | | |
| 157:17-19 | | | | | |
| 157:20-23 | | | | | |
| 157:24-158:4 | | | | | |
| 158:13-16 | | | | | |
| 158:17-18 | | | | | |
| 159:9-11 | | | | | |
| 159:12-15 | | | | | |
| 159:16-20 | | | | | |
| 159:21-22 | 402, 403 | 114:7-115:9 | IMP, OBJ | | |
| 164:25-165:2 | | | | | |
| 165:3-4 | | | | | |
| 165:5-9 | | 165:10-18 | | | |
| 172:18-19 | | | | | |
| 172:22 | | | | | |
| 172:24-25 | | | | | |
| 173:14-15 | | | | | |
| 173:16-18 | | | | | |
| 173:23-174:2 | | | | | |
| 174:3-4 | | | | | |
| 174:5-7 | | | | | |
| 174:8-9 | | | | | |
| 174:11-15 | | | | | |

| Tracey Cunningham December 17, 2018 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 174:16-18 | | | | | |
| 174:19-21 | | | | | |
| 174:22-23 | | | | | |
| 176:5-7 | H | | | | |
| 176:8-9 | H | | | | |
| 178:13-15 | Spec, H | | | | |
| 178:16-18 | H | | | | |
| 178:19-179:7 | H | | | | |
| 179:8-9 | | | | | |
| 179:10-17 | | | | | |
| 179:18-19 | | | | | |
| 179:20-23 | | | | | |
| 180:3-11 | | 180:12-23 | | | |
| 180:24-181:6 | | 180:12-23, 181:6-9 | INC | | |
| 182:13-14 | | | | | |
| 182:15-16 | | | | | |
| 182:17-18 | | | | | |
| 182:19-23 | | | | | |
| 198:10-13 | | | | | |
| 198:14-15 | | | | | |
| 198:18-19 | | | | | |
| 201:4-6 201:8 | | | | | |
| 201:10-14 | | | | | |
| 201:15-18 | | | | | |
| 201:19-24 | | | | | |
| 201:25-202:2 | | | | | |
| 202:3-6 | | | | | |
| 205:6-12 | | | | | |
| 205:13-16 | | | | | |
| 205:17-19 | | | | | |
| 205:20-21 | | | | | |
| 205:22-25 | | | | | |
| 206:1-4 | | 206:5-20 | | | |
| 206:21-23 | | 206:5-20 | | | |
| 207:4-10 | H, 402, 403 | | | | |

| Tracey Cunningham December 17, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 207:11-12 | | | | | |
| 207:13-14 | | | | | |
| 207:15-17 | | | | | |
| 207:18-19 | | | | | |
| 207:20-23 | | | | | |
| 208:5-7 | | | | | |
| 208:8-10 | | | | | |
| 208:21-209:2 | H, 402, 403 | | | | |
| 209:3-5 | | | | | |
| 209:6-8 | | | | | |
| 209:9-11 | | | | | |
| 209:12-17 | H, 402, 403 | | | | |
| 209:21-25 | | | | | |
| 210:25-211:2 | | | | | |
| 212:16-19 | H, 402, 403 | | | | |
| 214:8-13 | H, 402, 403 | | | | |
| 214:14-20 | H, 402, 403 | | | | |
| 215:24-216:2 | H, 402, 403 | | | | |
| 216:6-8 | | | | | |
| 216:9-11 | | | | | |
| 216:12-13 | | | | | |
| 216:14-15 | | | | | |
| 216:16-18 | | | | | |
| 216:19-20 | | | | | |
| 216:21-217:4 | H | | | | |
| 217:5-8 | | | | | |
| 217:9-12 | | | | | |
| 217:13-17 | | | | | |
| 217:18-22 | | | | | |
| 217:23-218:3 | | | | | |
| 218:4-5 | | | | | |
| 218:6-11 | H | | | | |
| 218:12-15 | 402, 403 | | | | |
| 218:16-18 | | | | | |
| 218:25-219:4 | 402, 403 | | | | |
| 219:5-6 | | | | | |
| 219:7-8 | | | | | |

| Tracey Cunningham December 17, 2018 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 219:9-11 | | 219:12-220:11 | OBJ | | |
| 220:13-15 | | 219:12-220:11 | OBJ | | |
| 220:16-17 | | | | | |
| 220:18-19 | | | | | |
| 220:20-22 | | | | | |
| 221:6-24 | | | | | |
| 222:8-14 | H, 402, 403 | | | | |
| 222:20-23 | | | | | |
| 224:3-9 | H, 402, 403 | | | | |
| 224:12-14 | | | | | |
| 224:16-21 | H, 402, 403 | | | | |
| 225:14-19 | Spec, H, 402, 403 | | | | |
| 225:20-23 | Spec, H, 402, 403 | | | | |
| 226:3-7 | | | | | |
| 226:14-17 | H, 402, 403 | | | | |
| 226:19-227:8 | | | | | |
| 227:14-17 | | | | | |
| 228:6-9 | H, 402, 403 | | | | |
| 228:12-13 | | | | | |
| 228:15-16 | | | | | |
| 228:17-20 | | | | | |
| 228:21-25 | | | | | |
| 229:1-2 | H, 402, 403 | | | | |
| 229:3 | H, 402, 403 | | | | |
| 229:5-9 | | | | | |
| 230:4-8 | | | | | |
| 231:18-25 | H, 402, 403 | | | | |
| 232:1-5 | | | | | |
| 234:16-21 | H, 402, 403 | | | | |
| 234:22-235:1 | Spec, H, 402, 403 | | | | |
| 235:2-3 | | | | | |
| 235:4-5 | | | | | |
| 235:8-9 | | | | | |
| 235:11-13 | | | | | |
| 235:14-16 | | | | | |

| Tracey Cunningham December 17, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 235:17-19 | | | | | |
| 235:22-25 | | | | | |
| 236:1-2 236:14 | | | | | |
| 236:15-16 | | | | | |
| 236:17-18 | | | | | |
| 237:5-7 | | | | | |
| 240:6-8 | | | | | |
| 240:9-11 | | | | | |
| 241:5-8 | H, 402, 403 | | | | |
| 241:9-13 | H, 402, 403 | | | | |
| 244:8-10 | H, 402, 403 | | | | |
| 244:11-12 | H, 402, 403 | | | | |

| Roger Stuart Dolden September 26, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 6:17-18 | | 38:19-41:7 | IMP, OBJ, HRS | | |
| 6:19-20 | | 42:2-43:10 | IMP, OBJ, HRS | | |
| 6:21-23 | | 53:17-57:20 | IMP, OBJ, AMB, LC, HYP, FND, 403 | | |
| 14:7-14 | | 96:23-97:4 | IMP | | |
| 15:4-7 | | 136:25-137:8 | IMP | | |
| 23:5-13 | | 152:16-153:8 | IMP | | |
| 23:14-16 | | 154:25-156:11 | IMP, OBJ | | |
| 23:17-22 | | 234:8-234:15 | IMP, AMB, SPC, FND, OBJ | | |
| 24:23-25:3 | | 240:14-240:14 | IMP | | |
| 25:16-18 | | 254:23-255:10 | | | |
| 27:21-28:2 | | 260:23-261:11 | IMP, HRS, MIL | | |

| Roger Stuart Dolden September 26, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 28:3-10 | | 261:24-264:5 | IMP, LC, OBJ, MIS, MIL | | |
| 28:11-24 | | | | | |
| 28:25-29:10 | | | | | |
| 29:11-14 | | | | | |
| 29:15-20 | | | | | |
| 29:21-30:3 | | | | | |
| 30:9-13 | | | | | |
| 30:14-17 | | | | | |
| 30:18-20 | | | | | |
| 30:21-31:9 | | | | | |
| 31:24-32:2 | | | | | |
| 32:3-6 | | | | | |
| 34:5-9 | | | | | |
| 34:10-13 34:17 | | | | | |
| 34:18-23 | | | | | |
| 34:24-35:2 | | | | | |
| 35:3-11 | | | | | |
| 35:12-18 | | | | | |
| 35:19-24 36:4-10 | | | | | |
| 36:11-17 | | | | | |
| 36:18-24 | | | | | |
| 36:25-37:8 | | | | | |
| 41:8-12 41:17-21 | | | | | |
| 43:11-14 43:19-20 | | | | | |
| 43:21-25 | | | | | |
| 44:2-4 44:8-10 | | | | | |
| 44:11-13 44:17-21 | | | | | |
| 44:22-25 45:5 | | | | | |
| 45:6-8 | | | | | |

| Roger Stuart Dolden September 26, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 46:11-14 46:18 | | | | | |
| 46:19-47:4 | | | | | |
| 47:5 47:10-22 | | | | | |
| 47:23-48:4 | | | | | |
| 52:5-9 52:14-21 | | | | | |
| 52:22-53:4 | | | | | |
| 53:5-10 | | | | | |
| 53:11-16 | | | | | |
| 71:25-72:6 | | | | | |
| 86:17-19 86:22-87:2 | | | | | |
| 87:3-88:8 | | | | | |
| 89:23-90:2 90:5-9 | | | | | |
| 90:10-91:5 | | | | | |
| 94:12-96:22 | | | | | |
| 102:21-23 103:6-9 | | | | | |
| 103:10-11 | | | | | |
| 104:11-17 105:4-5 | | | | | |
| 105:6-14 | | | | | |
| 109:5-110:4 | | | | | |
| 135:2-4 135:9-13 | | | | | |
| 135:14-136:19 | | | | | |
| 136:20-24 | | | | | |
| 138:4-7 | | | | | |
| 138:8-22 | | | | | |
| 142:19-23 | | | | | |
| 151:17-152:15 | | | | | |
| 154:25-155:4 155:8-19 | | | | | |
| 158:11-14 | | | | | |

| Roger Stuart Dolden September 26, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 158:15-25 | | | | | |
| 159:2-6 | | | | | |
| 159:7-8 | | | | | |
| 159:9-16 | | | | | |
| 160:18-23 | | | | | |
| 160:24-161:6 | | | | | |
| 180:21-25 | | | | | |
| 181:2-8 | | | | | |
| 181:9-10 | | | | | |
| 181:11-13 | | | | | |
| 183:5-14 | | | | | |
| 199:17-25 | | | | | |
| 211:4-14 | | | | | |
| 211:15-17 | | | | | |
| 211:18-212:11 212:13 | | | | | |
| 232:20-23 | | | | | |
| 232:24-233:4 | | | | | |
| 233:5-17 | | | | | |
| 239:14-17 239:21 | | | | | |
| 239:22-240:9 | | | | | |
| 240:10-14 240:17-241:2 | | | | | |
| 250:11-15 250:19-22 | | | | | |
| 250:23-251:4 251:10-18 | | | | | |
| 251:19-25 | | | | | |
| 252:20-253:8 | | | | | |
| 253:9-11 | | | | | |
| 254:11-15 | | | | | |
| 254:16-22 | | | | | |
| 260:13-19 | | | | | |
| 260:20-22 | | | | | |
| 261:12-23 | | | | | |
| 264:12-16 | | | | | |

| Roger Stuart Dolden September 26, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 264:17-22 | | | | | |
| 264:23-265:3 | | | | | |
| 265:4-6 | | | | | |
| 265:7-9 | | | | | |
| 266:2 | | | | | |
| 266:9-13 | | | | | |
| 269:17-19 | | | | | |
| 269:20-21 | | | | | |
| 269:22-23 | | | | | |
| 269:24-270:2 | | | | | |
| 278:21-279:3 | | | | | |
| 279:4-5 | | | | | |
| 279:6-8 | | | | | |
| 279:12-16 | | | | | |
| 279:17-19 | | | | | |
| 289:10-13 | | | | | |
| 289:14-16 | | | | | |
| 289:17-23 | | | | | |
| 289:24-290:4 | | | | | |
| 290:5-8 | F, Spec | | | | |
| 293:4-7 | L, V | | | | |
| 293:10-15 | L, V | | | | |
| 298:19-25 | | | | | |
| 299:8-10 | Spec, L, V | | | | |
| 299:12-18 | | | | | |
| 299:19-300:9 | | | | | |
| 301:19-22 | | | | | |
| 301:23-302:5 | | | | | |
| 302:6-8 | | | | | |
| 302:9-11 | | | | | |
| 302:12-303:2 | | | | | |
| 303:3-6 | | | | | |
| 303:19-304:5 | | | | | |
| 304:8-17 | | | | | |
| 304:18-305:2 | L, V | | | | |
| 305:7 | | | | | |
| 305:15-21 | | | | | |

| Roger Stuart Dolden September 26, 2018 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 305:22-25 306:4-7 | L, V | | | | |
| 306:8-10 | | | | | |
| 307:8-10 | | | | | |
| 307:11-14 | | | | | |
| 307:15-17 | | | | | |
| 307:18-25 | | | | | |
| 308:14-309:4 | L, V | | | | |
| 309:21-310:3 310:5 | L, V | | | | |
| 310:6-9 | L, V | | | | |
| 310:10-13 | L, V | | | | |
| 310:14-17 310:19-20 | L, V | | | | |
| 314:2-6 | | | | | |
| 314:12-16 | | | | | |
| 317:2-7 317:10 | L, V | | | | |
| 317:11-14 317:16 317:18 | L, V | | | | |
| 317:19-23 | L, V | | | | |
| 318:2-6 318:9 | L, V | | | | |
| 318:10-14 318:17 | L, V | | | | |
| 322:20-24 | | | | | |
| 322:25-323:7 | | | | | |
| 330:11-13 | | | | | |

| Sherylle Mills Englander October 26, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 7:15-16 | | | | | |
| 7:17-18 | | | | | |
| 7:19-20 | 402, V | | | | |
| 7:21-22 | 402 | | | | |
| 7:23-24 | 402 | | | | |
| 7:25-8:2 | 402 | | | | |
| 8:3-4 | 402 | | | | |
| 8:5-9 | 402 | | | | |
| 8:10-20 | 402 | | | | |
| 8:21-9:1 | 402 | | | | |
| 9:2-6 | 402 | | | | |
| 10:6-8 | | | | | |
| 10:9-10 | | | | | |
| 10:11-13 | 402 | | | | |
| 10:14-15 | 402 | | | | |
| 10:16-17 | 402, I, V | | | | |
| 10:18-20 | 402, V | | | | |
| 10:21-23 | 402 | | | | |
| 16:3-4 | | | | | |
| 16:6-17 | | | | | |
| 16:18-19 | 402, V | | | | |
| 24:5-14 | 402, I, V | | | | |
| 24:15-17 | 402, I, V | | | | |
| 24:18-22 | 402, I, V | | | | |
| 49:9 49:13-16 49:19-21 | 402, 403 | | | | |
| 49:22-24 50:2 | 402 | | | | |
| 50:3-8 | | | | | |
| 50:9-13 | | | | | |
| 50:14-17 50:20-24 | 402 | | | | |
| 51:1-3 | 402 | | | | |
| 51:4-12 | | | | | |
| 54:19-22 | | 29:4-17 | IMP | | |
| 54:23-25 | | | | | |

| | | Sherylle Mills Englander October 26, 2018 | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 55:1-2 55:4-8 | 402, C | | | | |
| 55:9-12 55:15-16 | 402 | 96:2-4, 96:7-13, 96:17-97:1, 97:4-6, 97:9 | IMP | 95:13-15, 93:17-23, 95:25-96:1, 97:10-14, 97:17-20 | Spec, 402, 403 |
| 64:20-22 65:2 | 402, 602, F, AF, S | 59:15-17, 59:21, 66:3-6, 66:9 | IMP | 59:22-23, 59:25-60:8, 60:11-61-9, 61:13-17, 66:14-17, 66:21-25 | Hyp, Spec, 402, 403 |
| 77:23-25 78:3-7 | 402 | | | | |
| 78:8-10 | 402 | | | | |
| 81:2 81:6-13 81:17-24 | 402, 602, F, Spec, C, AF, S | 80:2-4, 80:7-81:1, | | | |
| 81:25-82:4 82:8-15 | 402, S | 82:16-20 | | | |
| 105:9-12 | | | | | |
| 105:13-23 | | | | | |
| 115:10-15 | | | | | |
| 115:16-21 | | Disclosure not required in any particular form | | | |
| 115:22-116:16 | | | | | |
| 116:17-21 | | | | | |
| 116:22-24 | | | | | |
| 116:25 117:3-6 | | | | | |
| 117:13-14 117:18-25 | I | 117:15 | | | |
| 118:1-3 118:6-7 | 402, S | | | | |
| 118:8-10 118:13 | 402, S | 120:1-121:14; 186:20-199:15 | IMP, INC, OBJ | 186:1-3, 186:6-10, 186:14-19 | Spec, BSD, 402, 403 |
| 125:9-12 | | | | | |
| 125:13-17 | | 105:24-107:11 | IMP | 107:12-22 | H, 402, 403 |

| Sherylle Mills Englander October 26, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 125:18-20 | | 201:6-202:1, 202:3-204:16 | IMP, LDG, AMB | 201:2-5 | |
| 128:8-13 | | | | | |
| 128:14-18 | | | | | |
| 128:19-129:1 | | | | | |
| 131:22-132:2 | | | | | |
| 181:22 | | | | | |
| 182:1-4 | | | | | |
| 182:5-7 | | | | | |
| 182:8-9 | | | | | |
| 182:10-15 | | | | | |
| 182:16-17 182:20-24 | 402, F, S | | | | |
| 183:7-9 183:12-20 | 402, F, S | | | | |
| 187:16-22 187:24-188:1 | 402, F, S | | | | |

| Alan Gold March 4, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 7:11-19 | | | | | |
| 7:20-23 | | | | | |
| 9:10-12 | | | | | |
| 9:13-14 | | | | | |
| 9:24-10:1 | | | | | |
| 10:2-4 | | | | | |
| 10:5-8 | | | | | |
| 10:9-10 | | | | | |
| 10:11-15 | | | | | |
| 10:16-17 | | | | | |

64

| Alan Gold March 4, 2019 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 10:18-20 | | | | | |
| 10:21-22 | | | | | |
| 11:10-11 | 402 | 11:16-18 | | | |
| 11:12-13 | 402 | | | | |
| 11:14-15 | 402 | | | | |
| 12:17-20 | 402 | 12:10-16 | | 11:19-20 | |
| 12:21-22 | 402 | 12:10-16 | | 11:19-20 | |
| 12:23 13:3-8 | 402 | 12:10-16; 13:12-15 | | 11:19-20 | |
| 13:9-11 | 402 | 12:10-16; 13:12-15 | | 11:19-20 | |
| 15:25-16:2 | | | | | |
| 16:3-4 16:8-9 | | | | | |
| 16:10-11 | | | | | |
| 16:17-20 | | | | | |
| 17:6-8 17:12-16 | | 18:21-19:11 | OBJ | | |
| 17:17-22 | | 18:21-19:11 | OBJ | | |
| 17:23-25 | | 18:21-19:11 | OBJ | | |
| 18:1-4 | | 18:21-19:11 | OBJ | | |
| 18:5-7 | | 18:21-19:11 | OBJ | | |
| 18:8-10 | | 18:21-19:11 | OBJ | | |
| 18:11-13 18:19 | | 18:21-19:11 | OBJ | | |
| 21:22-25 | | | | | |
| 22:1-2 | | | | | |
| 23:6-9 | 402; 403 | | | | |
| 23:10-13 | 402; 403; Spec | | | | |
| 23:14-15 | | | | | |
| 24:7-8 | 402; 403; Spec | | | | |
| 24:9-12 | 402; 403; Spec | | | | |
| 24:13-14 | 402; 403; Spec | | | | |
| 25:9-11 | 402; 403 | | | | |
| 25:12-14 | 402; 403 | | | | |
| 29:22-23 | | | | | |
| 30:3-4 | | | | | |

| Alan Gold March 4, 2019 | | | | | |
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 30:5-7 | 402 | | | | |
| 30:8-11 | | | | | |
| 30:12-14 | | | | | |
| 30:15-16 | Spec | | | | |
| 30:17-21 | | | | | |
| 30:22-25 | | | | | |
| 31:18-22 | 701; Spec | 32:9-13; 31: 17-18; 47:19-48:12 | OBJ | | |
| 31:23-24 | 701; Spec | 32:9-13; 31: 17-18; 47:19-48:12 | OBJ | | |
| 31:25-32:4 | 701; Spec | 32:9-13; 31: 17-18; 47:19-48:12 | OBJ | | |
| 32:5-8 | 701; Spec | 32:9-13; 31: 17-18; 47:19-48:12 | OBJ | | |
| 32:14-16 | 701; Spec | 32:9-13; 31: 17-18; 47:19-48:12 | OBJ | | |
| 32:17-18 | 701; Spec | 32:9-13 | OBJ | | |
| 32:19-21 | 701; Spec | 32:9-13 | OBJ | | |
| 32:22-24 | 701; Spec | 32:9-13 | OBJ | | |
| 44:6-14 | 701; Spec | 45:6-8 | OBJ | 36:2-14 | 402, 403 |
| 44:15-20 | 701; Spec | 45:6-8 | OBJ | 36:2-14 | 402, 403 |
| 44:21-45:1 | 701; Spec | 45:6-8 | OBJ | 36:2-14 | 402, 403 |
| 47:19-21 47:24-25 | 402; I | 47:22-23 | OBJ | | |
| 48:2-3 48:7 | 402; I | 48:4 | OBJ | | |
| 48:8-12 | 701; Spec; V; 611(c) | | | | |
| 48:13-15 | | | | | |
| 48:16-19 | | | | | |
| 48:20-21 | | | | | |
| 48:22-24 | | | | | |
| 48:25-49:5 | | | | | |
| 49:21-23 | | | | | |
| 49:24-25 | | | | | |
| 58:3-6 | I | 58:7 | OBJ | | |

| Alan Gold March 4, 2019 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 58:8 | | | | | |
| 58:10-12 | 402; 403; 611(c) | | | | |
| 58:13-14 | 402; 403; 611(c) | | | | |
| 58:15-16 | | | | | |
| 60:8-11 | | | | | |
| 60:25-61:16 | | | | | |
| 62:4-5 62:9-11 | 402; 403; NT | | | | |
| 62:12-17 | 402; 403; NT | | | | |
| 69:17-23 | 402, 403 | | | | |
| 69:24-70:2 | 402, 403 | | | | |
| 70:3-5 | 402, 403 | | | | |
| 70:6-10 | 402, 403, Spec | | | | |
| 70:11-13 | 402, 403 | | | | |
| 70:14-24 | 402, 403 | | | | |
| 73:13-20 | NT | 73:21-24 | OBJ | | |
| 74:1-2 74:5-6 | Spec; 402; 403; V | | | | |
| 74:8-9 | Spec; 402; 403; V | | | | |
| 74:10-14 | Spec; 402; 403; V | | | | |
| 74:15-19 | Spec; 402; 403; V | | | | |
| 74:20-22 | Spec; 402; 403; V | | | | |
| 75:6-9 | 402; 403; 611(c) | | | | |
| 75:10-14 | 402; 403 | | | | |
| 75:15-18 | 402; 403 | | | | |
| 75:19-21 | 402; 403 | | | | |
| 75:22-23 | 402; 403 | | | | |
| 75:24-76:1 | 402; 403; 611(c) | | | | |

| | | | Alan Gold<br>March 4, 2019 | | |
| --- | --- | --- | --- | --- | --- |
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 76:2-10 | 402; 403; 611(c) | | | | |
| 76:11-13 | 402; 403; 611(c) | | | | |
| 77:20-24<br>78:1<br>78:4-5 | 402; 403; Spec; V | | | | |
| 78:7-10 | 402; 403; Spec; V | | | | |
| 78:11-12 | 402; 403; Spec; V | | | | |
| 78:13-14 | 402; 403; Spec; V | | | | |
| 78:15-18 | 402; 403; Spec; V | | | | |
| 78:19-21 | 402; 403; V; 611(c) | | | | |
| 78:22-25 | 402; 403; V; 611(c) | | | | |
| 79:1-3 | 402; 403; V; 611(c); Spec | | | | |
| 79:4-5 | 402; 403; V; 611(c); Spec | | | | |

| | | | Craig Hawker<br>December 20, 2018 | | |
| --- | --- | --- | --- | --- | --- |
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 6:15-21 | | | | | |
| 7:4-9:15 | 402; 403; F | | | | |
| 11:18-13:8 | 402; 403; C; V; 611; 602; F | | | | |
| 15:3-6 | 402; 403; F | | | | |

| | | Craig Hawker<br>December 20, 2018 | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 15:10-16:11 | 402; 403; F | | | | |
| 16:16-17:18 | 402; 403; Spec; F | | | | |
| 17:19-18:23 | 402; 403; 701; F | | | | |
| 18:24-21:10 | 402; 403; F | | | | |
| 21:11-22:9 | 402; 403; F | | | | |
| 23:24-24:3 | 402; 403; F | | | | |
| 24:7-25:17 | 402; 403; C; F | | | | |
| 26:1-13 | 402; 403; F | | | | |
| 28:2-5 | NT | | | | |
| 28:11-29:5 | 402; 403; F; 701 | | | | |
| 29:8-13 | 402; 403; F; 701 | | | | |
| 29:23-25 | 402;403 | | | | |
| 30:6-31:13 | 611; V; 701 | | | | |
| 31:18-22 | 611; V; 701 | | | | |
| 31:24-33:19 | 611; V; 602; 701; | | | | |
| 34:3-6 | V; 602 | | | | |
| 34:10-12 | V; 602; 402; 403 | | | | |
| 34:22-35:22 | 403; Hyp | | | | |
| 35:25-37:11 | 403; AF; V | | | | |
| 37:22-39:12 | V; Spec | | | | |
| 39:16-40:12 | V; Hyp; 403 | | | | |
| 40:18-41:8 | V; Hyp; 403 | | | | |
| 41:10-42:14 | V; Hyp; 403; Spec | | | | |
| 43:13-44:6 | H | | | | |
| 44:13-45:3 | H; V; 611 | | | | |
| 45:23-47:1 | F; 402 | | | | |
| 47:7-49:10 | V; 402 | | | | |
| 49:14-51:3 | V; 402 | | | | |
| 51:9-17 | V; Spec; 611 | | | | |
| 51:19-21 | V; Spec; 611 | | | | |

| Craig Hawker December 20, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 51:24-55:18 | V; Spec; 602; 611 | | | | |
| 56:25-57:6 | 402 | | | | |
| 57:10-58:7 | 402; V; 602; Beyond scope | | | | |
| 63:12-65:4 | V; F; 611 | | | | |
| 65:10-66:23 | V; F; 611; Spec | | | | |
| 67:7-11 | V; 611; Spec | | | | |
| 67:17-21 | | | | | |
| 67:14-25 | V; 602 | | | | |
| 68:14-25 | V; 602; Spec; AF | | | | |
| 69:21-71:4 | 402 | | | | |
| 71:11-74:4 | 402; 611; V; F; Spec; 602 | | | | |
| 74:11-15 | | | | | |
| 80:9-22 | | | | | |

| Evanice Holz December 21, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 8:12-13 | | | | | |
| 13:4-6 | | | | | |
| 13:7-10 | | | | | |
| 13:11-16 | | | | | |
| 13:17-20 | | | | | |
| 13:21-22 | | | | | |
| 13:23-14:1 | | | | | |
| 18:16-18 | | | | | |
| 18:21-23 | | | | | |
| 18:24-19:5 | | | | | |

| Evanice Holz December 21, 2018 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 19:6-12 | | | | | |
| 19:13-16 | | | | | |
| 27:2-6 | | | | | |
| 27:7-10 | | | | | |
| 27:11-12 27:16 | | | | | |
| 27:18-21 | | | | | |
| 29:12-16 | | | | | |
| 29:17-23 | | | | | |
| 29:24-30:2 | | | | | |
| 30:3-9 | | | | | |
| 30:10-21 | | | | | |
| 30:22-31:4 | | | | | |
| 31:23-32:1 | | | | | |
| 32:10 | | | | | |
| 32:18-24 | | | | | |
| 32:25-33:2 | | | | | |
| 33:3-4 | | | | | |
| 33:5-8 | | 33:9-34:20 | IMP; REL | | |
| 34:23-35:1 | | | | | |
| 35:2-4 | | | | | |
| 35:5-8 | | | | | |
| 35:9-15 | | | | | |
| 35:16-18 35:20-36:5 | | | | | |
| 36:6-16 | | | | | |
| 36:17-19 | | | | | |
| 36:20-22 | | | | | |
| 36:23-24 | | | | | |
| 36:25-37:11 | | | | | |
| 37:12-15 | | | | | |
| 37:16-24 | | | | | |
| 37:25-38:9 | | | | | |
| 38:10-22 | | | | | |
| 38:23-39:3 | | | | | |
| 39:4-6 | | | | | |
| 39:7-8 | | | | | |

| | | | Evanice Holz<br>December 21, 2018 | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 39:9-15<br>39:17-40:4 | | | | | |
| 40:6-10<br>40:13-23 | | | | | |
| 40:25-41:9 | | | | | |
| 41:10-14 | | | | | |
| 41:15-42:4 | | | | | |
| 42:5-10 | | | | | |
| 42:11-25 | | | | | |
| 43:1-11 | | | | | |
| 43:12-23 | | | | | |
| 43:24-44:4 | | | | | |
| 44:5-6 | | | | | |
| 44:7-8 | | | | | |
| 44:9-10<br>44:13-21 | | | | | |
| 44:23-25 | | | | | |
| 45:1-5 | | | | | |
| 45:6-8 | | | | | |
| 45:9-11 | | 45:12-46:25 | IMP | | |
| 47:1-14 | | 47:15-48:21 | | | |
| 48:25<br>49:3-6 | | | | | |
| 49:8-11<br>49:14-17 | H | | | | |
| 49:18-19 | | | | | |
| 49:20-21 | | | | | |
| 49:22-25 | H, 402, 403 | | | | |
| 50:1-8 | | | | | |
| 50:9-11 | | | | | |
| 50:12-14 | | | | | |
| 50:15-17 | | | | | |
| 50:18-20 | | | | | |
| 50:21-51:1 | | | | | |
| 51:2-5 | | | | | |
| 51:6-11 | H, 402, 403 | | | | |
| 51:12-20 | | | | | |

| Evanice Holz December 21, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 51:21-23 | H, 402, 403 | | | | |
| 51:24-52:5 | H, 402, 403 | | | | |
| 52:6-13 | H, 402, 403 | | | | |
| 52:14-15 52:17-25 | H, 402, 403 | | | | |
| 53:2-4 | H, L, 402, 403 | | | | |
| 53:5-7 53:9 | H, 402, 403 | | | | |
| 53:11-16 | | | | | |
| 53:17-18 | | | | | |
| 53:19-22 | | | | | |
| 53:23-54:2 | H, 402, 403 | | | | |
| 54:3-6 | | | | | |
| 54:7-13 | | | | | |
| 54:14-21 | | | | | |
| 54:22-55:4 | | | | | |
| 55:5-10 | | | | | |
| 55:11-24 | | | | | |
| 55:25-56:3 | | | | | |
| 56:4-5 56:8 | | | | | |
| 56:10-13 | H, 402, 403 | | | | |
| 56:14-22 | H, 402, 403 | | | | |
| 56:23-25 | H, 402, 403 | | | | |
| 57:1-3 | H, N, 402, 403 | | | | |
| 57:4-6 | | | | | |
| 57:7-10 | | | | | |
| 57:11-19 57:21-25 | | | | | |
| 58:2-3 | | | | | |
| 58:4-14 | H, 402, 403 | | | | |
| 58:15-19 58:22-59:7 | L, M, 402, 403 | | | | |
| 59:9-18 | Spec, M, 402, 403 | | | | |
| 59:19-23 | H, 402, 403 | | | | |
| 59:24-60:4 | H, 402, 403 | | | | |

| | | | Evanice Holz<br>December 21, 2018 | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 60:5-18 | H, 402, 403 | | | | |
| 60:19-22 | H, Spec, M, L, 402, 403 | | | | |
| 60:23-24 | | | | | |
| 60:25-61:4 | H, 402, 403 | | | | |
| 61:5-6 | H, 402, 403 | | | | |
| 61:7-10 | H, 402, 403 | | | | |
| 61:11-13 | H, 402, 403 | | | | |
| 61:14-21 | H, 402, 403 | | | | |
| 61:22-62:1 | H, 402, 403 | | | | |
| 62:2-11 | H, 402, 403 | | | | |
| 62:12-14<br>62:17-22 | H, 402, 403 | | | | |
| 62:24-63:7 | H, 402, 403 | | | | |
| 63:8-11 | H, 402, 403 | | | | |
| 63:12-15<br>63:18-64:3 | H, 402, 403 | | | | |
| 64:4-9 | H, 402, 403 | | | | |
| 64:10-13 | H, 402, 403 | | | | |
| 64:14-22 | H, 402, 403 | | | | |
| 64:23-25<br>65:2-4<br>65:6<br>65:9-12 | H, 402, 403 | | | | |
| 65:14-17 | H, 402, 403 | | | | |
| 65:18-22 | H, 402, 403 | | | | |
| 65:23-66:3 | H, 402, 403 | | | | |
| 66:4-9 | H, 402, 403 | | | | |
| 66:10-11 | H, 402, 403 | | | | |
| 66:12-16<br>67:15-17 | H, 402, 403 | | | | |
| 67:19-20 | H, 402, 403 | | | | |
| 67:1-68:3 | NT, 402, 403 | | | | |
| 68:25-69:4 | H, Spec, F, 402, 403 | | | | |
| 69:5-16 | H, Spec, F, 402, | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Evanice Holz**<br>**December 21, 2018** | | | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| | 403 | | | | |
| 69:17-70:2 | H, 402, 403 | | | | |
| 70:3-9 | H, Spec, 402, 403 | | | | |
| 70:10-15 | H, Spec, 402, 403 | | | | |
| 70:16-23 | H, Spec, 402, 403 | | | | |
| 70:24-25 | H, Spec, 402, 403 | | | | |
| 71:1-5 | H, Spec, 402, 403 | | | | |
| 71:6-10 | H, Spec, 402, 403 | | | | |
| 71:11-14 | 402, 403 | | | | |
| 71:15-18 | 402, 403 | | | | |
| 71:19-22 | 402, 403 | | | | |
| 71:23-72:2 | H, F, 402, 403 | | | | |
| 72:3-5 | 402, 403 | | | | |
| 72:6-8 | Spec, F, 402, 403 | | | | |
| 72:9-10<br>72:15 | 402, 403 | 72:19-73:11 | INC; IMP | 72:16 | |
| 73:13-24 | H, 402, 403 | | | | |
| 73:25-74:1<br>74:3-5 | H, Spec, F, 402, 403 | | | | |
| 76:4-11 | 402, 403 | | | | |
| 76:12-13<br>76:16-22 | 402, 403 | | | | |
| 76:24-77:4 | H, 402, 403 | | | | |
| 77:5-7 | H, 402, 403 | | | | |
| 77:8-9<br>77:12-13 | Spec, F, M, 402, 403 | | | | |
| 77:15-16<br>77:19-20 | H, AF, L, 402, 403 | 77:22-78:3 | | | |
| 78:11-14<br>78:16-18 | H, 402, 403 | | | | |

| Evanice Holz December 21, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 78:20-79:2 | H, 402, 403 | | | | |
| 79:3-6 | 402, 403 | 79:7-11; 80:17-81:4; 81:25-82:6 | IMP; OBJ | | |
| 82:18-24 | H, 402, 403 | | | | |
| 82:25:83:2 | H, 402, 403 | | | | |
| 83:3-7 | H, 402, 403 | | | | |
| 83:8-10 | H, 402, 403 | | | | |
| 83:11-16 | H, 402, 403 | | | | |
| 83:17-20 | H, 402, 403 | | | | |
| 83:21-24 | H, 402, 403 | | | | |
| 83:25-84:4 | H, 402, 403 | | | | |
| 84:5-7 | Spec, H, 402, 403 | | | | |
| 84:8-9 | 402, 403 | | | | |
| 84:10-13 | H, 402, 403 | | | | |
| 84:14-16 | H, L, Spec, 402, 403 | | | | |
| 84:17-19 | H, L, 402, 403 | | | | |
| 84:20-23 | 402, 403 | | | | |
| 84:24-85:2 | H, 402, 403 | | | | |
| 85:3-15 | H, L, M, 402, 403 | | | | |
| 85:16-19 | H, L, M, 402, 403 | | | | |
| 85:20-22 | H, 402, 403 | | | | |
| 85:23-86:1 | 402, 403 | | | | |
| 86:2-9 | 402, 403 | 86:10-88:16 | IMP; OBJ | | |
| 89:4-6 | H, 402, 403 | | | | |
| 89:7-10 | H, 402, 403 | | | | |
| 89:13-17 | | | | | |
| 89:18-21 | H, 402, 403 | | | | |
| 89:2-90:2 | H, 402, 403 | | | | |
| 90:3-8 | | | | | |
| 90:24-91:2 | | | | | |
| 91:3-9 | | | | | |
| 93:21-24 | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Evanice Holz**<br>**December 21, 2018** | | | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 94:1-2 | | | | | |
| 94:4-6<br>94:8 | | | | | |
| 94:10-22 | L, M, 402, 403 | | | | |
| 94:23-25 | L, M, 402, 403 | | | | |
| 95:3-6 | | | | | |
| 95:8-12<br>95:15 | L, Spec, F, 402, 403 | | | | |
| 95:17-19 | H, 402, 403 | | | | |
| 95:20-23 | H, 402, 403 | | | | |
| 95:24-96:1 | H, 402, 403 | | | | |
| 96:2-5<br>96:8-12 | Spec, F, 402, 403 | | | | |
| 96:14-16<br>96:18-22 | 402, 403 | | | | |
| 96:24-97:2 | 402, 403 | | | | |
| 97:3-9 | 402, 403 | | | | |
| 97:10-13<br>97:15 | L, M, 402, 403 | | | | |
| 97:17-21<br>97:23-98:5 | Arg, L, M, Spec, 402, 403 | | | | |
| 98:7-9 | L, M, 402, 403 | | | | |
| 98:10-14 | L, M, 402, 403 | 98:15-99:3;<br>99:5-21 | IMP; OBJ | | |
| 99:22-100:2 | Spec, AF, 402, 403 | | | | |
| 100:3-6 | Arg, L, F, 402, 403 | | | | |
| 100:7-9 | Spec, L, F, 402, 403 | | | | |
| 100:10-12 | L, 402, 403 | | | | |
| 100:13-15<br>100:18-21 | Spec, F, 402, 403 | | | | |
| 100:22-24<br>101:6-8 | H, 402, 403 | | | | |
| 101:9-11 | H, 402, 403 | | | | |
| 102:11-13 | H, 402, 403 | | | | |

| Evanice Holz December 21, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 102:14-17 102:20 | H, 402, 403 | | | | |
| 102:22-25 104:24-105:3 | | | | | |
| 105:4-12 | | | | | |
| 105:13-20 | | | | | |
| 105:21-25 | | | | | |
| 106:1-3 106:6 106:9-11 | Spec, F, 402 | | | | |
| 106:13-14 | | | | | |
| 106:15-19 | H, 402 | | | | |
| 106:20-23 107:1 | H, 402 | | | | |
| 107:3-6 107:9-11 | H, 402 | | | | |
| 107:13-16 | H, 402 | | | | |
| 107:17-22 | H, 402 | | | | |
| 107:23-108:2 | L, Arg, 402 | | | | |
| 108:3-7 | H, 402 | | | | |
| 108:8-15 | H, 402 | | | | |
| 108:16-18 | H, 402 | | | | |
| 108:19-24 109:1-3 | H, 402 | | | | |
| 109:5-13 | H, 402 | | | | |
| 109:14-21 | H, 402 | | | | |
| 109:22-110:3 | H, 402 | | | | |
| 110:4-7 110:11-14 | H, 402 | | | | |
| 110:16-17 | H, 402 | | | | |
| 110:19-22 110:25-111:1 | H, 402 | | | | |
| 111:3-4 | H, 402 | 111:7-8 | | | |
| 116:3-13 | | | | | |
| 116:14-16 116:18-22 | | | | | |

78

| | | | | | |
|---|---|---|---|---|---|
| **Evanice Holz**<br>**December 21, 2018** | | | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 116:24-117:1 | | | | | |
| 117:2-3<br>117:7-8<br>117:11-12 | | 117:5 | | | |
| 117:14-16<br>117:18-25 | Arg, 402 | | | | |
| 118:2-4 | | | | | |
| 118:5-8 | | | | | |
| 118:9-10<br>118:12-14 | | | | | |
| 118:16-19<br>118:21-119:5 | | | | | |
| 119:7-11 | | | | | |
| 119:12-15 | | 120:18-121:8 | IMP; OBJ | | |
| 121:9-13<br>121:16-19 | | | | | |
| 121:20-23 | | | | | |
| 121:24-122:1 | | | | | |
| 122:2-11 | | | | | |
| 122:12-16 | | | | | |
| 122:17-20 | H, 402 | | | | |
| 122:2-123:3 | H, 402 | | | | |
| 123:4-5 | | | | | |
| 123:6-9 | | | | | |
| 123:10-12 | | | | | |
| 123:13-15 | H, 402 | | | | |
| 123:16-18 | | | | | |
| 123:19-124:2 | | | | | |
| 124:3-8 | | | | | |
| 124:9-16 | H, 402 | 126:15-127:2 | IMP; OBJ | | |
| 124:18-19 | | | | | |
| 127:4-5<br>127:7 | | | | | |
| 127:9-12 | | | | | |
| 127:13-15 | | | | | |
| 127:16-18 | | | | | |
| 127:19-21 | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Evanice Holz**<br>**December 21, 2018** | | | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 127:22-128:5 | | | | | |
| 128:6-21 | | | | | |
| 128:22-129:3 | | | | | |
| 129:4-20 | | | | | |
| 129:21-130:4<br>130:7-14 | H, 402, 403 | | | | |
| 130:15<br>130:18-19 | H, 402, 403 | | | | |
| 130:21-25 | H, 402, 403 | | | | |
| 131:1-4 | H, 402, 403 | | | | |
| 131:5-7<br>131:9 | H, 402, 403 | | | | |
| 131:11-12 | | | | | |
| 131:13-15<br>131:17-19 | Spec, F, 402, 403 | | | | |
| 131:21-23 | Spec, F, 402, 403 | | | | |
| 131:24-132:7<br>132:9 | H, 402, 403 | | | | |
| 132:11-16<br>132:18-20 | 402, 403 | | | | |
| 132:22-133:2 | 402, 403 | | | | |
| 133:3-6 | 402, 403 | | | | |
| 133:7-9 | 402, 403 | | | | |
| 133:10-17 | 402, 403 | | | | |
| 133:18-22 | 402, 403 | | | | |
| 133:23-25 | 402, 403 | | | | |
| 134:1-10 | 402, 403 | | | | |
| 134:11-14 | H, 402, 403 | | | | |
| 134:15-17 | 402, 403 | | | | |
| 134:18-22 | Spec, F, 402, 403 | | | | |
| 134:23-135:3 | H, 402, 403 | | | | |
| 135:4-6 | 402, 403 | | | | |
| 135:7-14 | 402, 403 | | | | |
| 135:15-17 | H, Spec, F, 402, 403 | | | | |

| Evanice Holz December 21, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 135:18-20 135:23 | L, M, F, 402, 403 | | | | |
| 135:25-136:6 | H, 402, 403 | | | | |
| 136:7-10 | H, 402, 403 | | | | |
| 136:11-14 | 402, 403 | | | | |
| 136:15-18 136:20-22 | H, 402, 403 | | | | |
| 136:24-137:1 | 402, 403 | | | | |
| 139:23-25 | | | | | |
| 140:1-6 | H, 402, 403 | | | | |
| 140:7-13 | 402, 403 | | | | |
| 140:14-21 | 402, 403 | | | | |
| 140:22-25 141:3 | Hyp, Spec, F, 402, 403 | | | | |
| 141:5-6 141:8-17 | 402, 403 | | | | |
| 141:19-142:1 | | | | | |
| 142:2-3 142:6-8 | | | | | |
| 142:10-12 142:15-18 | | | | | |
| 142:19-21 | | | | | |
| 142:22-23 | | | | | |
| 142:24-143:2 | | | | | |
| 143:3-8 | | | | | |
| 143:9-11 | H, 402, 403 | | | | |
| 143:12-14 | | | | | |
| 143:15-18 | H, 402, 403 | | | | |
| 143:19-23 | | | | | |
| 143:24-144:11 | | | | | |
| 144:12-21 | | | | | |
| 144:22-25 | | | | | |
| 145:1-5 | | | | | |
| 145:6-12 | H, 402, 403 | | | | |
| 145:13-19 | H, 402, 403 | | | | |
| 145:20-146:5 | Spec, F, 402, 403 | 146:6-25 | IMP; OBJ | | |

| Evanice Holz<br>December 21, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 147:2-4<br>147:6-8 | | 151:14-21 | IMP; OBJ | | |
| 151:22-24<br>152:2-4 | | | | | |
| 152:5-6 | | | | | |
| 152:7-10 | | | | | |
| 152:11-15 | | | | | |
| 152:16-17 | | | | | |
| 152:18-19 | | | | | |
| 152:20-153:6 | | | | | |
| 153:7-9 | | | | | |
| 153:10-16 | | | | | |
| 153:17-154:2 | | | | | |
| 154:3-6 | | | | | |
| 154:7-9 | | | | | |
| 154:10-12 | | | | | |
| 154:13-17 | | | | | |
| 154:19-20 | | | | | |
| 154:22-155:1 | | | | | |
| 155:2-4 | | | | | |
| 155:5-7<br>155:9 | | | | | |
| 155:11-16<br>155:19 | | | | | |
| 155:21-23 | | | | | |
| 155:24-156:2 | | | | | |
| 156:3-5<br>156:7-8 | | | | | |
| 156:10-13 | | | | | |
| 156:14-17 | | | | | |
| 156:18-20 | | | | | |
| 156:21-22 | | | | | |
| 156:23-25 | | | | | |
| 157:1-3 | | | | | |
| 157:4-7 | | | | | |
| 157:8-14 | | | | | |
| 157:15-25 | | | | | |

| Evanice Holz December 21, 2018 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 158:1-4 | | | | | |
| 158:5-6 | | | | | |
| 158:9 | | | | | |
| 158:11-12 | | | | | |
| 158:15 | | | | | |
| 158:17-20 | | | | | |
| 158:21-23 | | | | | |
| 159:1-6 | | | | | |
| 159:8-17 | | | | | |
| 159:18-22 | | | | | |
| 159:23-160:1 | | | | | |
| 160:2-3 | | | | | |
| 160:4-5 | | | | | |
| 160:6-7 | | | | | |
| 160:8-11 | | | | | |
| 160:12-13 | | | | | |
| 160:14-15 | | | | | |
| 160:16-17 | | | | | |
| 160:18-22 | | | | | |
| 160:23-161:2 | | | | | |
| 161:3-4 | | | | | |
| 161:5-6 | | | | | |
| 161:7-10 | | | | | |
| 161:11-19 | | | | | |
| 161:20-22 | | | | | |
| 161:23-25 | | | | | |
| 162:1-6 | | | | | |
| 162:7-8 | | | | | |
| 162:11-13 | | | | | |
| 162:15-17 | | | | | |
| 162:18-163:3 | | | | | |
| 163:4-6 163:9-164:11 | Arg, Spec, F, 402, 403 | | | | |
| 164:13-165:6 | H, 402, 403 | | | | |
| 165:7-14 | | | | | |
| 165:15-19 | | | | | |
| 166:7-11 | 402, 403 | 166:13-14 | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Evanice Holz**<br>**December 21, 2018** | | | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 166:16-167:3 | | | | | |
| 167:4-12 | | 167:13-168:3 | | | |
| 169:4-8 | 402, 403 | | | | |
| 169:9-16 | 402, 403 | | | | |
| 169:17-25 | 402, 403 | 170:1-6 | IMP | | |
| 176:5-8 | | | | | |
| 176:11-13 | | | | | |
| 176:14-16 | | | | | |
| 176:17-18 | | | | | |
| 176:19-21 | | | | | |
| 176:22-177:2 | | | | | |
| 178:8-19 | H, 402, 403 | | | | |
| 178:21-23 | | | | | |
| 178:25-179:1 | | | | | |
| 179:2-8 | | | | | |
| 179:17-22 | | | | | |
| 183:18-20 | H, 402, 403 | | | | |
| 183:21-184:2 | H, 402, 403 | | | | |
| 184:3-6 | H, 402, 403 | | | | |
| 189:15-17 | H, 402, 403 | | | | |
| 189:20-22 | | | | | |
| 189:23-25 | H, 402, 403 | | | | |
| 190:1-3 | H, 402, 403 | | | | |
| 190:4-7 | H, 402, 403 | | | | |
| 190:8-12 | H, 402, 403 | | | | |
| 190:13-15 | H, 402, 403 | | | | |
| 190:16-21 | H, 402, 403 | | | | |
| 190:22-191:1 | H, 402, 403 | 191:10-192:21 | OBJ; IMP | | |
| 193:6-11 | | 193:19-196:7 | IMP | | |
| 193:12-13 | | | | | |
| 193:14-16 | | | | | |
| 193:17-18 | | | | | |
| 197:21-24 | | | | | |
| 198:2-4 | | | | | |
| 198:5-6 | | 198:7-17 | IMP; OBJ | | |
| 198:19-23 | | | | | |
| 198:24-199:1 | | | | | |

| Evanice Holz December 21, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 199:3-7 | | | | | |
| 199:9-12 | | | | | |
| 199:13-20 | | | | | |
| 199:21-25 | | | | | |
| 200:1-4 | | | | | |
| 200:7 | | | | | |
| 200:9-10 | | | | | |
| 200:13 | | | | | |
| 200:15-18 | | 200:19-22 | OBJ | | |
| 200:24-201:3 | | | | | |
| 201:4-8 | | | | | |
| 201:9-11 | | | | | |
| 201:12-13 | | | | | |
| 201:14-16 | | | | | |
| 201:17-19 | | | | | |
| 201:20-23 | | | | | |
| 201:24-25 | | | | | |
| 202:3 | | | | | |
| 202:5-7 | | | | | |
| 202:8-12 | | | | | |
| 202:13-14 | | | | | |
| 202:15-18 | | | | | |
| 202:19-20 | | | | | |
| 202:22-23 | | | | | |
| 202:25-203:7 | | | | | |
| 203:9 | | | | | |
| 203:11-13 | | | | | |
| 203:16-19 | | | | | |
| 203:20-22 | | | | | |
| 203:23-25 | | | | | |
| 204:1-3 | | | | | |
| 204:4-11 | | | | | |
| 204:12-14 | | | | | |
| 204:15-18 | | | | | |
| 204:19-21 | | | | | |
| 204:22-24 | | | | | |
| 204:25-205:6 | | | | | |

| Evanice Holz<br>December 21, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 205:9-10 | | | | | |
| 205:12-14 | | | | | |
| 205:15-18 | | | | | |
| 205:19-22 | | | | | |
| 205:23-25<br>206:2 | | | | | |
| 206:4-5 | | | | | |
| 206:6<br>206:8-9 | | | | | |
| 206:12-20 | | | | | |
| 206:21-22 | | | | | |
| 206:23-25 | | | | | |
| 207:1-4 | | | | | |
| 207:5-7 | | | | | |
| 207:8-10 | | | | | |
| 209:16-20 | | | | | |
| 209:23-210:2 | | | | | |
| 210:3-5 | | | | | |
| 210:6-16 | | | | | |
| 210:17-19<br>210:21 | | | | | |
| 210:23-24 | | | | | |
| 210:25-211:2<br>211:4-5 | | | | | |
| 211:7-12<br>211:14-17 | | | | | |
| 211:19-24 | | | | | |
| 211:25-212:2 | | | | | |
| 212:3-7 | | | | | |
| 212:8-10 | | | | | |
| 212:11-22<br>212:24-25 | | | | | |
| 213:2-4<br>213:6 | | | | | |
| 213:8-10<br>213:12 | F, 402, 403, 701 | | | | |
| 214:8-9 | | | | | |

| Evanice Holz December 21, 2018 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 214:10-15 | | | | | |
| 214:16-19 | | | | | |
| 214:20-215:6 | | | | | |
| 215:7-11 | | | | | |
| 215:12-17 | | | | | |
| 215:18-25 | | | | | |
| 216:1-14 | | | | | |
| 216:15-17 216:20 | | | | | |
| 216:22-217:4 | | | | | |
| 217:5-6 | | | | | |
| 217:7-10 | | | | | |
| 217:11-14 | | | | | |
| 217:15-18 | | | | | |
| 217:19 217:21-22 217:24-218:1 | | | | | |
| 218:2-3 | | | | | |
| 218:4-6 | | | | | |
| 218:7-10 | | | | | |
| 218:15-18 | | | | | |
| 218:19 219:1 219:4-7 | | | | | |
| 219:9-16 | | | | | |
| 219:17-18 219:21-22 | | | | | |
| 220:22-25 | | | | | |
| 221:1-2 | | | | | |
| 221:3-22 | | | | | |
| 221:23-222:5 | | | | | |
| 222:6-8 | | | | | |
| 222:9-11 222:13-15 | | | | | |
| 222:17-21 | | | | | |
| 222:22-23 223:1 | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Evanice Holz**<br>**December 21, 2018** | | | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 223:3-8<br>223:11-12 | | | | | |
| 223:14-15<br>223:17-23 | | | | | |
| 223:25-224:5<br>224:7 | | | | | |
| 224:9-12<br>224:14-15 | | | | | |
| 224:17-23 | | | | | |
| 224:24-225:1 | | | | | |
| 225:2-10<br>225:12-13 | | | | | |
| 225:15-19<br>225:22-226:14 | | | | | |
| 226:16-20<br>226:22-23 | | | | | |
| 226:25-227:2 | | | | | |
| 227:3-7 | | | | | |
| 227:8-11 | | | | | |
| 227:12-14<br>227:16-23 | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Richard Hough**<br>**March 12, 2019** | | | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 9:12-13 | | | | | |
| 9:14-17 | | | | | |
| 9:18-19 | | | | | |
| 10:11-13 | | | | | |
| 10:14-16 | | | | | |
| 10:17-19 | | | | | |
| 16:15-18 | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| | | **Richard Hough**<br>**March 12, 2019** | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 16:19-20 | | | | | |
| 16:21-22 | | | | | |
| 17:6-10 | | | | | |
| 17:12-14 | | | | | |
| 17:15-17 | | | | | |
| 17:18-20 | | | | | |
| 17:21-18:1 | | | | | |
| 18:2-5 | | | | | |
| 18:6-7 | | | | | |
| 18:8-9 | | | | | |
| 18:10 | H, 402 | | | | |
| 18:12-13 | | | | | |
| 18:15 | H, 402 | | | | |
| 18:17 | | | | | |
| 18:19-21 | 402, 403 | 18:22-20:5 | OBJ | | |
| 20:6-10 | | | | | |
| 20:11-13 | | | | | |
| 20:14-16 | | | | | |
| 20:17-19 | | | | | |
| 20:20-21 | H, 402, 403 | | | | |
| 20:24-25 | | | | | |
| 21:2-6 | N, F, 402, 403 | | | | |
| 21:7-9 | | | | | |
| 21:10-12 | | | | | |
| 21:14 | | | | | |
| 21:16 | | | | | |
| 21:18-19 | | | | | |
| 21:21-23 | | | | | |
| 21:24-25 | | | | | |
| 22:1-2 | | | | | |
| 24:4-8 | | | | | |
| 24:9-10 | | | | | |
| 24:12 | | | | | |
| 24:14-15 | | | | | |
| 24:17-18 | | | | | |
| 24:20-23 | | | | | |
| 25:10-12 | | | | | |

| Richard Hough March 12, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 25:13-16 | Arg, V, H, 402, 403 | | | | |
| 25:17 25:22 | Arg, V, H, 402, 403 | | | | |
| 26:4-6 26:10-13 | F, 701, V, 402 | | | | |
| 26:14-20 | | | | | |
| 26:21-23 | | | | | |
| 26:24-27:3 | H | | | | |
| 27:4-6 | | | | | |
| 27:7-8 27:10 | | | | | |
| 27:12-15 | | | | | |
| 27:16-18 | | | | | |
| 27:19-21 | | | | | |
| 27:22-24 28:1 | 402, 403 | | | | |
| 28:3-5 | | | | | |
| 28:6-7 | | | | | |
| 28:8-12 | | | | | |
| 28:13-15 | F, 402, 403 | | | | |
| 30:17-21 30:22-31:1 | | 30:1-15 | OBJ | | |
| 31:2-4 | | | | | |
| 31:5-7 | | | | | |
| 31:8-11 | | 31:12-25 | OBJ | | |
| 32:2-5 | H | | | | |
| 32:6-8 | | | | | |
| 32:9-12 | | | | | |
| 32:13-16 | H | | | | |
| 32:17-19 | | | | | |
| 32:20-23 | | | | | |
| 32:24-33:2 | H | | | | |
| 33:3-5 | | | | | |
| 33:6-9 | | | | | |
| 33:10-12 | H, 402, 403 | | | | |
| 33:13-15 | H, 402, 403 | | | | |

| Richard Hough March 12, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 33:16-19 | H, 402, 403 | | | | |
| 33:20-22 | H, 402, 403 | | | | |
| 33:23-25 | H, 402, 403 | | | | |
| 34:1-2 | H, 402, 403 | | | | |
| 34:3-6 | H, 402, 403 | | | | |
| 34:7-9 | | | | | |
| 34:10-11 34:13-14 | | | | | |
| 34:16-19 | V, 402, 403 | | | | |
| 34:20-23 | V, 402, 403 | | | | |
| 35:1-4 | V, 402, 403 | | | | |
| 35:5-7 35:9-12 | V, 402, 403 | | | | |
| 36:1-3 | | 30:1-15 | OBJ, IMP | | |
| 36:20-21 36:24-25 | V, 402, 403 | | | | |
| 37:2-9 | V, 402, 403 | | | | |
| 37:10-11 37:13-15 | V, Spec, 402, 403 | | | | |
| 37:17-18 37:20-22 | V, 402, 403 | 37:24-38:9 | | | |
| 38:10-14 | H | | | | |
| 38:15-21 | H | | | | |
| 38:22-39:1 | H | | | | |
| 39:2-4 | Spec, H | | | | |
| 39:5-7 | H | | | | |
| 39:13-16 | | | | | |
| 39:17-22 | | | | | |
| 39:23-40:3 | | | | | |
| 40:4-5 | | | | | |
| 40:6-9 | H | | | | |
| 42:9-11 | | | | | |
| 42:12-14 | | | | | |
| 42:15-19 | | | | | |
| 43:12-14 | | | | | |
| 43:15-19 | | | | | |
| 43:20-22 | | | | | |

91

| | | | | | |
|---|---|---|---|---|---|
| **Richard Hough**<br>**March 12, 2019** | | | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 43:23-44:3 | | | | | |
| 44:4-6 | | | | | |
| 44:7-9 | | | | | |
| 44:10-12 | | | | | |
| 45:15-17<br>45:20-24 | | | | | |
| 46 :2-8 | | 46:9-13 | | | |
| 46:14-16 | H | | | | |
| 46:17-19 | | | | | |
| 46:20-22 | | | | | |
| 46:23-24 | | | | | |
| 46:25-47:5 | H | | | | |
| 47:6-8 | | | | | |
| 47:9-11 | | | | | |
| 47:12-14 | | | | | |
| 47:15-17<br>47:23 | | | | | |
| 47:25-48:2 | H | | | | |
| 48:3-5 | | | | | |
| 48:6-9<br>48:14-15 | | | | | |
| 48:17-22 | 402 | | | | |
| 48:23-25 | 402 | | | | |
| 49:1-5 | F, Spec, 402 | | | | |
| 49:6-8 | | | | | |
| 49:9-12 | | | | | |
| 49:13-15<br>49:18 | | | | | |
| 49:20-25 | L, M, 402 | | | | |
| 50:1-4 | | | | | |
| 50:5-11 | 402 | 50:12-16 | | | |
| 50:17-22 | 402 | 50:23-51:5 | | | |
| 53:23-54:1 | H, Spec, F | | | | |
| 54:2-3<br>54:5-6 | | | | | |
| 54:8-11 | Spec, F, 402 | | | | |
| 54:12-17 | H | | | | |

| Richard Hough March 12, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 54:18-21 | | | | | |
| 54:22-25 | H | 55:1-7 | | | |
| 55:8-10 | H, 402 | | | | |
| 55:11-12 | H, 402 | | | | |
| 55:13-14 55:17 | H, 402, 403, 701 | | | | |
| 55:19-22 | | | | | |
| 55:23-56:3 | | | | | |
| 56:7-11 | | | | | |
| 56:12-15 | | | | | |
| 56:16-21 | | | | | |
| 56:22-23 57:1 | | | | | |
| 57:3-4 57:7 | | 57:9-58:9 | OBJ, IMP | 58:10-12 | |
| 58:25-59:2 | H, 402, 403 | | | | |
| 59:3-5 | 402, 403 | | | | |
| 59:6-10 | 402, 403 | 59:11-18 | | 59:19-23 | |
| 60:7-10 | | | | | |
| 60:11-15 | | | | | |
| 60:16-17 | | | | | |
| 60:18-21 | | | | | |
| 60:22-25 | | | | | |
| 61:1-5 | | | | | |
| 61:12-15 | H, 402, 403 | | | | |
| 61:16-17 | H, 402, 403 | | | | |
| 61:18-20 | H, 402, 403 | | | | |
| 61:21-23 | H, 402, 403 | | | | |
| 61:24-25 62:2-3 | H, 402, 403 | | | | |
| 62:5-7 | | | | | |
| 62:8-11 | H | | | | |
| 62:12-13 | | | | | |
| 62:14-21 | H | | | | |
| 62:22-23 | H | | | | |
| 62:24-25 | H | | | | |
| 63:1-2 | H | | | | |

93

| Richard Hough March 12, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 63:3-6 | H | | | | |
| 63:7-10 | H | | | | |
| 63:11-13 | H | | | | |
| 63:14-16 | H | | | | |
| 63:17-19 | H | | | | |
| 63:20-24 | H | | | | |
| 63:25-64:2 | H | | | | |
| 64:3-5 | H | | | | |
| 64:6-9 | H | | | | |
| 64:10-15 | H | | | | |
| 64:16-18 | H | 64:19-20 | | | |
| 64:21-23 | H | | | | |
| 64:24-65:2 | H | | | | |
| 65:3-7 | H, F | | | | |
| 65:8-10 | | 65:11-16 | | | |
| 65:17-21 | | | | | |
| 65:22-23 | | | | | |
| 65:24-66:1 | | | | | |
| 66:2-3 | | | | | |
| 66:4-5 | | | | | |
| 66:6-8 | | | | | |
| 66:25-67:3 | | | | | |
| 67:4-6 | | | | | |
| 67:7-9 | | | | | |
| 67:22-24 | | | | | |
| 67:25-68:2 | | | | | |
| 68:3-5 | | | | | |
| 68:6-9 | | | | | |
| 68:10-16 | | | | | |
| 68:17-19 | | | | | |
| 68:20-24 | | | | | |
| 68:25-69:3 | | | | | |
| 71:6-11 | | | | | |
| 71:20-24 | F, 402, 403 | | | | |
| 72:1-3 | F, 402, 403 | | | | |
| 73:21-23 | | | | | |
| 73:24-74:1 | | | | | |

| Richard Hough March 12, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 74:2-4 | | | | | |
| 74:5-8 | | 74:9-25 | | | |
| 75:1-4 | | | | | |
| 75:5-8 | | | | | |
| 75:16-18 | | | | | |
| 75:19-22 | | | | | |
| 75:23-25 | | | | | |
| 76:1-3 | | | | | |
| 76:4-6 | | | | | |
| 76:7-9 | | | | | |
| 76:10-12 | | | | | |
| 76:13-16 | H | | | | |
| 76:17-20 | H | | | | |
| 76:21-23 | H | | | | |
| 76:24-77:1 | | | | | |
| 77:2-4 | | | | | |
| 77:5-7 | | | | | |
| 77:8-12 | H | | | | |
| 77:13-14 | H | | | | |
| 77:15-18 | | | | | |
| 77:19-21 | H | | | | |
| 77:22-24 | | | | | |
| 77:25-78:2 | | | | | |
| 78:3-6 | H | | | | |
| 78:7-9 | H | | | | |
| 78:10-15 | | | | | |
| 78:16-18 | | | | | |
| 78:19-21 | | | | | |
| 78:22-24 | | | | | |
| 78:25-79:3 | | | | | |
| 79:4-6 | | | | | |
| 79:7-12 | | | | | |
| 79:13-14 79:16 | V, H, 402, 403 | | | | |
| 79:18-22 | V, H, 402, 403 | | | | |

| Edward Kimble March 7, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 7:11-12 | | | | | |
| 7:13-14 | | | | | |
| 7:15-18 | | | | | |
| 7:19-20 | | | | | |
| 8:13-15 | | | | | |
| 8:16-18 | | | | | |
| 8:19-21 | | | | | |
| 8:22-24 | | | | | |
| 8:25-9:1 | | | | | |
| 9:2-3 | | | | | |
| 9:4-7 | | | | | |
| 9:8-10 | | | | | |
| 9:11-12 | | | | | |
| 9:13-14 | | | | | |
| 9:15-16 | | | | | |
| 9:21-22 | | | | | |
| 9:23-24 | | | | | |
| 11:23-12:4 12:10-12 | 403 | | | | |
| 12:18-21 | 403 | | | | |
| 13:3-6 | 403 | | | | |
| 13:13-16 | 403 | | | | |
| 13:22-25 | 403 | | | | |
| 14:6-8 | 403 | | | | |
| 14:12-16 | | | | | |
| 17:22-25 | | | | | |
| 18:1-4 | | | | | |
| 19:20-23 | 611; 402; 403 | | | | |
| 19:24-20:2 | 402; 403 | 20:7-10 | | | |
| 20:3-6 | 611 | 20:7-10 | | | |
| 21:7-12 | | | | | |
| 21:13-18 | | | | | |
| 21:19-24 | | | | | |
| 21:25-22:4 | | | | | |
| 22:5-8 | | | | | |
| 22:9-14 | | | | | |
| 24:7-9 | | | | | |

| Edward Kimble March 7, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 24:10-12 | | | | | |
| 24:13-17 | | | | | |
| 24:18-20 | M; F | | | | |
| 24:21-23 | M; F; Spec | | | | |
| 24:24-25:1 | M; F; Spec | | | | |
| 25:2-9 | M; F; Spec; 611 | | | | |
| 25:10-12 | M; F; Spec; 611 | | | | |
| 27:2-7 | V | | | | |
| 27:8-10 | V | | | | |
| 27:11-13 | V | | | | |
| 27:14-16 | V | | | | |
| 29:12-15 | 611 | | | | |
| 29:16-17 | | | | | |
| 29:18-20 | | | | | |
| 29:21-30:1 | 611; M; F; 402; 403 | | | | |
| 30:2-3 | 611; F; 402; 403 | | | | |
| 30:4-6 | 402; 403; F | | | | |
| 30:7-11 | Spec; 402; 403; F | | | | |
| 30:12-16 | Spec; 402; 403; F | | | | |
| 32:13-16 | 402; 403 | | | | |
| 32:17-24 | 402; 403 | | | | |
| 32:25-33:3 | 402; 403 | | | | |
| 33:4-6 | 402; 403 | | | | |
| 33:7-9 | 402; 403 | | | | |
| 40:4-6 | 611 | | | | |
| 40:7-9 | | | | | |
| 40:10-12 | M; F; Spec; 611; 403 | | | | |
| 40:13-15 | M; F; Spec; 611; 403 | | | | |
| 40:16-18 | F; Spec; | | | | |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| **Edward Kimble** **March 7, 2019** | | | | | |
| | 611;403 | | | | |
| 41:1-3 | F; Spec; 611; 403 | | | | |
| 41:4-9 | F; Spec; 403 | | | | |
| 41:10-13 | F; Spec; 611; 403 | 103:10-16; 103:19-22 | IMP, LDG | | |
| 41:14-16 | F; Spec; 611; 403 | 103:10-16; 103:19-22 | IMP, LDG | | |
| 41:17-20 | F; Spec; 611; 403 | 103:10-16; 103:19-22 | IMP, LDG | | |
| 41:21-22 | F; Spec; 611; 403 | 103:10-16; 103:19-22 | IMP, LDG | | |
| 42:5-8 | F; Spec; 611; 403 | 103:10-16; 103:19-22 | IMP, LDG | | |
| 42:9-13 | F; Spec; 611; 403 | 103:10-16; 103:19-22 | IMP, LDG | | |
| 42:14-16 | F; Spec; 611; 403 | 103:10-16; 103:19-22 | IMP, LDG | | |
| 42:17-19 | F; Spec; 611; 403 | 103:10-16; 103:19-22 | IMP, LDG | | |
| 42:20-23 | F; Spec; 611; 403; 701 | 103:10-16; 103:19-22 | IMP, LDG | | |
| 42:24-43:1 | F; Spec; 611; 403; 701 | 103:10-16; 103:19-22 | IMP, LDG | | |
| 43:13-16 | F; Spec; 611; 403 | 43:19-21 | | 43:22-25 | |
| 44:1-4 | F; Spec; 611; 403; I | 103:25-2; 104:4; 104:6-7; 104:9; 104:11-13; 104:15-16 | IMP, AMB, LDG | | |
| 44:5-12 | F; Spec; 611; 403; I | 103:25-2; 104:4; 104:6-7; 104:9; 104:11-13; 104:15-16 | IMP, AMB, LDG | | |
| 44:13-15 | F; Spec; 611; 403; | 103:25-2; 104:4; | IMP, AMB, LDG | | |

| | | Edward Kimble | | | |
| | | March 7, 2019 | | | |
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| | I | 104:6-7; 104:9; 104:11-13; 104:15-16 | | | |
| 44:16-18 | F; Spec; 611; 403; I | 103:25-2; 104:4; 104:6-7; 104:9; 104:11-13; 104:15-16 | IMP, AMB, LDG | | |
| 44:19-20 | F; Spec; 611; 403 | 103:25-2; 104:4; 104:6-7; 104:9; 104:11-13; 104:15-16 | IMP, AMB, LDG | | |
| 44:21-24 | F; Spec; 611; 403 | 103:25-2; 104:4; 104:6-7; 104:9; 104:11-13; 104:15-16 | IMP, AMB, LDG | | |
| 44:25-45:3 | F; Spec; 611; 403; I | 103:25-2; 104:4; 104:6-7; 104:9; 104:11-13; 104:15-16 | IMP, AMB, LDG | | |
| 45:4-8 | F; Spec; 611; 403; I; AF | 103:25-2; 104:4; 104:6-7; 104:9; 104:11-13; 104:15-16 | IMP, AMB, LDG | | |
| 45:9-12 | F; Spec; 611; 403; I; AF | 103:25-2; 104:4; 104:6-7; 104:9; 104:11-13; 104:15-16 | IMP, AMB, LDG | | |
| 45:13-17 | F; Spec; 611; 403; I; AF | 103:25-2; 104:4; 104:6-7; 104:9; 104:11-13; 104:15-16 | IMP, AMB, LDG | | |

| Edward Kimble March 7, 2019 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 52:16-20 52:21-22 | 403 | | | | |
| 52:23-25 | F; Spec; 611; 403 | | | | |
| 53:1-3 | F; Spec; 611; 403 | | | | |
| 53:4-6 | F; Spec; 611; 403 | | | | |
| 54:5-8 | F; Spec; 611; 403 | | | | |
| 54:9-13 | F; Spec; 403 | | | | |
| 55:8-12 | F; Spec; 611; 403 | | | | |
| 59:18-20 | | | | | |
| 59:21-22 | F; Spec; 611; 403 | | | | |
| 59:23-60:2 | F; Spec; 611; 403 | | | | |
| 61:3-8 | F; Spec; 611; 403 | | | | |
| 61:9-13 | F; Spec; 403 | | | | |
| 61:14-16 | F; Spec; 403 | | | | |
| 61:17-21 | Spec; 611; 403 | | | | |
| 61:22-25 | | | | | |
| 62:1-4 | Spec; 611; 403 | | | | |
| 62:5-9 | Spec; 611; 403 | | | | |
| 62:10-15 | F; Spec; 611; 403; I | | | | |
| 62:16-17 | F; Spec; 611; 403; I | | | | |
| 62:18-21 | Spec; 611; 403 | | | | |
| 62:22-25 | Spec; 611; 403; 702 | | | | |
| 63:1-4 | Spec; 611; 403; 702 | | | | |
| 63:5-9 | Spec; 611; 403; | | | | |

| Edward Kimble March 7, 2019 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| | 702 | | | | |
| 63:10-12 | Spec; 611; 403; 702 | | | | |
| 63:20-21 63:25-64:3 | Spec; 611; 403; 702 | | | | |
| 64:4-8 | Spec; 611; 403; 702 | | | | |
| 64:9-12 | Spec; 611; 403; 702 | | | | |
| 66:4-7 | 402; 403; Spec | | | | |
| 66:8-10 | 402; 403; Spec | | | | |
| 69:2-4 | 403 | | | | |
| 69:5-8 | 403 | | | | |
| 69:9-10 | | | | | |
| 69:11-13 | | | | | |
| 69:14-16 | 611; 403; H; AF | | | | |
| 69:17-22 | 611; 403; H; AF | | | | |
| 69:23-70:2 | 611; Spec; H; 403; AF | | | | |
| 70:3-7 | 611; Spec; H; 403; AF | | | | |
| 70:8-12 | 611; Spec; H; 403; AF | | | | |
| 70:16-18 | | | | | |
| 70:19-21 | | | | | |
| 71:4-7 | H; 611; Spec; 403; AF | | | | |
| 71:8-10 | H; 611; Spec; 403; AF | | | | |
| 71:11-13 | H; Spec; 403; AF | | | | |

| Edward Kimble March 7, 2019 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 75:1-3 | | | | | |
| 75:4-5 | 403 | | | | |
| 75:9-10 | 403 | | | | |
| 75:13-14 | 403 | | | | |
| 75:17-19 | 403 | | | | |
| 75:23-76:1 | 403 | | | | |
| 76:2-6 | 403; Spec; AF; H; 402; | | | | |
| 76:7-9 | 611; H | | | | |
| 76:10-12 | | | | | |
| 76:13-15 | | | | | |
| 76:16-20 | | | | | |
| 77:1-3 | | | | | |
| 77:4-9 | Spec; AF; 403 | | | | |
| 77:10-12 | Spec; AF; 403 | | | | |
| 77:13-14 | Spec; AF; 403 | | | | |
| 77:15-18 | Spec; AF; 403 | | | | |
| 77:19-23 | Spec; AF; 403 | | | | |
| 77:24-78:2 | 611; AF; 403; F | | | | |
| 78:3-5 | 611; AF; 403; F | | | | |
| 78:6-10 | 611; AF; 403; F | | | | |
| 78:11-15 | 403; F | | | | |
| 78:16-20 | AF; 403; F; 701 | | | | |
| 78:21-25 | AF; 403; F; 701 | | | | |
| 79:1-4 | AF; 403; F | | | | |
| 79:5-8 | | | | | |
| 79:9-10 | | | | | |
| 79:11-13 | | | | | |
| 79:14-17 | 611; AF | | | | |
| 79:23-80:3 | 403 | | | | |
| 80:4-6 | | | | | |
| 82:16-22 | H; 403 | | | | |
| 83:15-17 | | | | | |
| 83:18-20 | 403 | | | | |
| 83:21-25 | | | | | |
| 84:1-3 | | | | | |

| Edward Kimble March 7, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 84:4-7 | Spec | | | | |
| 84:8-12 | | | | | |
| 84:13-17 | Spec; 403 | | | | |
| 84:18-24 | Spec; 403 | | | | |
| 84:25-85:3 | Spec; 403 | | | | |
| 85:4-7 | Spec; 403; 611 | | | | |
| 85:8-10 | Spec; 403 | | | | |
| 85:11-16 | Spec; 403 | | | | |
| 85:17-23 | Spec; 403; 701 | | | | |
| 85:24-86:2 | Spec; 403; 701 | | | | |
| 86:3-5 | Spec; 403; 701 | | | | |
| 86:6-9 | Spec; 403; 701 | | | | |
| 86:10-14 | Spec; 403; 701 | | | | |
| 86:15-17 | Spec; 403; 701 | | | | |
| 86:18-19 | Spec; 403; 701 | | | | |
| 86:20-22 | Spec; 403; 701 | | | | |
| 87:3-6 | H; 403; Spec | | | | |
| 88:1-4 | H | | | | |
| 88:5-8 | | | | | |
| 88:24-25 89:3-7 | 403 | | | | |
| 89:8-11 | 403; 701; H; Spec; V | | | | |
| 89:12-16 | 403; 701; H; Spec; V | | | | |
| 89:17-19 | 403; 701; H; Spec; V | | | | |
| 89:20 89:25 | 403; 701; H; Spec; V | | | | |
| 90:2-3 | 403; 701; H; Spec; V | | | | |
| 90:23-91:1 | | | | | |

| Edward Kimble March 7, 2019 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 91:2-3 | | | | | |
| 91:4-6 | | | | | |
| 91:12-15 | 403; 701; H; Spec | 111:19-24; 112:2-4; 112:7-8; 113:24-25; 114:3; 114:5-6; 114:8; 114:10-14 | IMP, AMB | 110:10-19, 110:22-111:3, 111:6, 111:8-13, 111:16 | |
| 91:16-20 | 403; 701; H; Spec | 111:19-24; 112:2-4; 112:7-8; 113:24-25; 114:3; 114:5-6; 114:8; 114:10-14 | IMP, AMB | 110:10-19, 110:22-111:3, 111:6, 111:8-13, 111:16 | |
| 91:21-24 92:4-7 | 403; 701; Spec | 111:19-24; 112:2-4; 112:7-8; 113:24-25; 114:3; 114:5-6; 114:8; 114:10-14 | IMP, AMB | 110:10-19, 110:22-111:3, 111:6, 111:8-13, 111:16 | |
| 92:8:12 | 403; 701; Spec | 111:19-24; 112:2-4; 112:7-8; 113:24-25; 114:3; 114:5-6; 114:8; 114:10-14 | IMP, AMB | 110:10-19, 110:22-111:3, 111:6, 111:8-13, 111:16 | |
| 92:18-21 92:23-25 | 403; 701; Spec | 111:19-24; 112:2-4; 112:7-8; 113:24-25; 114:3; 114:5-6; 114:8; 114:10-14 | IMP, AMB | 110:10-19, 110:22-111:3, 111:6, 111:8-13, 111:16 | |
| 97:4-8 | | | | | |

| Edward Kimble<br>March 7, 2019 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 116:18-20 | | | | | |
| 116:21-22 | | | | | |
| 116:23-25 | 403 | | | | |
| 117:1-4 | | | | | |
| 117:5-8 | | | | | |
| 117:12-16 | Spec, M, 611 | | | | |
| 117:17-20 | Spec, 611 | | | | |
| 117:21-118:4 | M; Spec; 403; 611 | | | | |
| 118:5-7<br>118:9-13 | 611; M; 403 | | | | |
| 118:15-19 | F; M; 611; 403 | | | | |
| 118:20-23 | | | | | |
| 118:24-25<br>119:2-5 | 611; M; 403 | | | | |
| 119:7-14 | 611; M; 403 | | | | |
| 119:15-21<br>119:23-24 | 611; M; 403 | 103:10-16; 103:19-22 | IMP, LDG | | |
| 120:1-4 | 611; M; 403 | 103:10-16; 103:19-22 | IMP, LDG | | |
| 120:8-10<br>120:12-13 | 611; M; 403 | 103:10-16; 103:19-22 | IMP, LDG | | |
| 120:15-16 | 611; M; 403 | 103:10-16; 103:19-22 | IMP, LDG | | |
| 121:5-8 | 611; M; 403 | | | | |
| 121:9-16 | 611; M; 403 | | | | |
| 121:17-23 | 611; M; 403 | | | | |
| 121:24-122:4 | 611; M; 403 | | | | |
| 122:5-7 | 403 | | | | |
| 122:8-11 | 611; M; 403; 701 | | | | |
| 122:12-18 | 611; M; 403; 701 | | | | |
| 122:19-22 | 611; M; 403; 701 | | | | |
| 122:23-123:2 | 611; M; 403; 701 | | | | |

| | | | Edward Kimble<br>March 7, 2019 | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 123:3-7 | 611; M; 403; 701 | | | | |

| | | | Edward Kimble<br>March 22, 2019 | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 133:8-9 | | | | | |
| 133:10-11 | | | | | |
| 133:12-15 | | | | | |
| 133:16-20 | | | | | |
| 133:21-23 | | | | | |
| 133:24-134:2 | | | | | |
| 134:22-135:5 | 403 | | | | |
| 135:6-7 | 403 | | | | |
| 135:8-10 | 403 | | | | |
| 135:24-136:1 | 403 | | | | |
| 136:2-4 | 403 | | | | |
| 136:5-9 | 403 | | | | |
| 136:10-13 | 403 | | | | |
| 136:14-17 | 403; 701 | | | | |
| 138:13-15 | 403; 701; 611; V | | | | |
| 138:16<br>138:18 | 403; 701; 611; V | | | | |
| 138:20-22 | 403; 701; 611; V | | | | |
| 138:23-139:1 | 403; 611; V | | | | |
| 139:2-4<br>139:6 | 403; 611; V | | | | |
| 139:8-11 | 403; 701; 611 | 111:19-24; 112:2-4; 112:7- | IMP, AMB | 110:10-19, 110:22-111:3, | |

| | | Edward Kimble<br>March 22, 2019 | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| | | 8;<br>113:24-25;<br>114:3;<br>114:5-6; 114:8;<br>114:10-14 | | 111:6, 111:8-13,<br>111:16 | |
| 139:12-15 | 403; 701; 611 | 111:19-24;<br>112:2-4; 112:7-8;<br>113:24-25;<br>114:3;<br>114:5-6; 114:8;<br>114:10-14 | IMP, AMB | 110:10-19,<br>110:22-111:3,<br>111:6, 111:8-13,<br>111:16 | |
| 139:16-19<br>139:21-22 | 403; 701; 611 | 111:19-24;<br>112:2-4; 112:7-8;<br>113:24-25;<br>114:3;<br>114:5-6; 114:8;<br>114:10-14 | IMP, AMB | 110:10-19,<br>110:22-111:3,<br>111:6, 111:8-13,<br>111:16 | |
| 141:23-25<br>142:2 | 403; 701; M;<br>611 | | | | |
| 143:10-13 | 403; 701; 611 | | | | |
| 143:14-18 | 403; 701; 611 | | | | |
| 143:19-21 | 403; 701; 611 | | | | |
| 143:22-25<br>144:2 | 403; 701; 611 | | | | |
| 144:4-12 | 403; 611; M | | | | |
| 144:13-14 | 403; 611; M | | | | |
| 144:15-18 | 403; 611; M | | | | |
| 144:19-22 | 403; 611; M | | | | |
| 144:23-145:7 | 403; 611 | | | | |
| 145:8-11 | 403 | | | | |
| 145:12-14 | 403 | | | | |
| 145:15-18 | 403 | | | | |
| 145:19-25 | 403 | | | | |
| 148:19-21 | 403; V | | | | |
| 148:22-24 | 403; V | | | | |
| 148:25-149:2 | 403; V | | | | |

| | | | Edward Kimble<br>March 22, 2019 | | | |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 149:3-8 | 403; V | | | | |
| 154:12-17 | 403; V; 402 | | | | |
| 154:18-21 | 403; V; 402 | | | | |
| 154:22-24 | 403; V; 402 | | | | |
| 155:1-3 | 403; V; 402 | | | | |
| 155:5-6 | 403; V; 402 | | | | |
| 155:7-9 | 403; V; 402 | | | | |
| 155:12-14 | | | | | |
| 156:20-22 | | | | | |
| 156:23-25 | | | | | |
| 157:1 | | | | | |
| 157:3-6 | | | | | |
| 157:11-13 | 403; 701; 611 | | | | |
| 157:14-16 | 403; 701; 611 | | | | |
| 157:17-18 | 403; 701; 611 | | | | |
| 157:20 | | | | | |
| 157:22-24 | 403; 701; 611 | | | | |
| 157:25-158:2 | | | | | |
| 158:3-7 | 403; 701; 611 | | | | |
| 158:8-9 | 403; 701; 611 | | | | |
| 158:10-13 | 403; 701; 611 | | | | |
| 158:14-17 | 403; 701; 611 | | | | |
| 158:25-159:3 | 403; 701; 611 | | | | |
| 159:4-5 | 403; 701; 611 | | | | |
| 159:8-10 | | | | | |
| 159:11-13 | 403; 701; 611 | | | | |
| 159:14-16 | 403; 701; 611 | | | | |
| 159:17-19 | 403; 701; 611 | | | | |
| 159:20-21 | 403; 701; 611 | | | | |
| 159:22-23 | 403; 701; 611 | | | | |
| 159:25 | | | | | |
| 160:2-5 | 403; 701; 611 | | | | |
| 160:6-7 | 403; 701; 611 | | | | |
| 160:9 | | | | | |
| 163:3-5 | 403; 701; 611 | | | | |
| 163:8 | | | | | |
| 163:10-11 | 403; 701; 611 | | | | |

| Edward Kimble March 22, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 163:15-16 | Spec | | | | |
| 163:18-21 | 403; 701; 611 | | | | |
| 163:22-24 | 403; 701; 611 | | | | |
| 163:25-164:2 | 403; 611 | | | | |
| 164:3-5 | 403; 611 | | | | |
| 164:6-8 | 403; 611 | | | | |
| 164:9-11 | 403; 611 | | | | |
| 164:12-14 | 403; 611 | | | | |
| 165:7-9 | | | | | |
| 165:10-12 | V | | | | |
| 166:2-3 | | | | | |
| 166:6 | | | | | |
| 166:8-10 | | | | | |
| 166:25-167:3 | | | | | |
| 167:7-11 | S | | | | |
| 167:12-17 | S | | | | |

| Tyler Krebs December 18, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 8:20-23 | | | | | |
| 11:5-15 | | | | | |
| 11:23-24 | | | | | |
| 11:25-12:2 | | | | | |
| 13:9-12 | | | | | |
| 13:13-14 | | | | | |
| 13:15-18 | | | | | |
| 13:19-21 | | | | | |
| 15:2-11 | | | | | |
| 15:12-14 | | | | | |
| 15:15-20 | | | | | |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| \multicolumn{6}{c}{**Tyler Krebs** — **December 18, 2018**} |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 15:21-22 | | 15:23-16:4 | IMP; OBJ | | |
| 16:6-7 | | | | | |
| 16:10-15 | | | | | |
| 16:18-21 | | | | | |
| 16:22-17:1 | | | | | |
| 17:2-4 | | | | | |
| 17:6-11 | | | | | |
| 17:13-14 | | | | | |
| 17:16 | | | | | |
| 17:18-19 | | 18:5-14 | IMP | | |
| 17:21-18:3 | | | | | |
| 19:11-13 | V, 402 | | | | |
| 19:14-16 | H, V, 402 | | | | |
| 19:17-18 | H, V, 402 | | | | |
| 19:19-21 | F, V, 402 | | | | |
| 19:22-24 | F, V, 402 | | | | |
| 20:2-3 | | | | | |
| 20:5-6 | F, V, 402 | 20:12-23:14 | IMP | | |
| 20:8-10 | | | | | |
| 23:16-19 | | | | | |
| 23:20-23 | | | | | |
| 23:24-24:1 | | | | | |
| 24:2-4 | | | | | |
| 24:5-9 | V, Spec, F, 402 | | | | |
| 24:10-12 | | | | | |
| 24:13-14 | | | | | |
| 24:15-18 | | | | | |
| 24:19-24 | | | | | |
| 24:25-25:4 | | | | | |
| 25:5-7 | | | | | |
| 26:16-17 | | | | | |
| 26:20-24 | | | | | |
| 27:1-7 | | | | | |
| 27:8-13 | | | | | |
| 27:14-16 | | | | | |
| 27:17-19 | | | | | |
| 27:20-22 | | | | | |

| Tyler Krebs December 18, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 27:23-28:3 | | | | | |
| 28:4-6 | | | | | |
| 28:7-8 | | | | | |
| 28:9-11 | | | | | |
| 28:12-14 | | | | | |
| 28:15-16 | | | | | |
| 28:17-19 | | | | | |
| 28:20-22 | | | | | |
| 28:23-24 | | | | | |
| 28:25-29:5 | | | | | |
| 29:6-12 | | | | | |
| 29:13-15 | | | | | |
| 29:16-17 | | | | | |
| 29:18-21 | | | | | |
| 29:22-24 | | | | | |
| 29:25-30:7 | | | | | |
| 30:8-10 | | | | | |
| 30:11-31:2 | | | | | |
| 31:3-17 | | | | | |
| 31:18-21 | | | | | |
| 31:22-32:9 | | | | | |
| 32:10-12 | | | | | |
| 32:13-15 | | | | | |
| 32:16-18 | | | | | |
| 32:19-21 | | | | | |
| 32:22-33:6 | | | | | |
| 33:7-9 | | | | | |
| 33:10-15 | | | | | |
| 33:18-20 | | | | | |
| 33:22-34:5 | | | | | |
| 34:6-10 | | | | | |
| 34:11-16 | | | | | |
| 34:17-19 | | | | | |
| 34:20-21 | | | | | |
| 34:22-24 | | | | | |
| 34:25-35:2 | | | | | |
| 35:4-6 | | | | | |

| Tyler Krebs December 18, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 35:8-13 | | | | | |
| 35:14-24 | | | | | |
| 35:25-36:2 36:4-5 | | | | | |
| 36:7-12 | | | | | |
| 36:13-15 36:18-19 | | 36:25-37:17 | OBJ; REL | | |
| 37:18-21 | | | | | |
| 37:22-38:1 | V, F, 402 | | | | |
| 38:2-4 38:6-15 | V, F, 701, 402, 403 | | | | |
| 38:17-19 38:21-23 | Spec, V, F, 402, 403 | | | | |
| 38:25-39:3 39:5-10 | Hyp, V, 402, 403 | | | | |
| 39:12-16 | Hyp, V, 402, 403 | | | | |
| 39:17-40:8 | Hyp, V, 402, 403 | | | | |
| 40:9-12 40:14-20 | Hyp, V, 402, 403 | | | | |
| 40:22-41:7 | Arg, V, L, 402, 403 | | | | |
| 41:8 41:10-13 | Arg, V, AF, L, M, 402, 403 | | | | |
| 41:15-42:1 | Arg, V, AF, L, M, 402, 403 | | | | |
| 42:2-12 | Arg, V, AF, L, M, 402, 403 | | | | |
| 42:13-43:2 | Arg, V, AF, L, M, 402, 403 | | | | |
| 43:15-19 | | | | | |
| 43:20-25 | | | | | |
| 44:1-7 | | | | | |
| 44:8-11 | | | | | |
| 44:12-15 | | | | | |
| 44:16-22 | | | | | |

112

| | | | | | |
|---|---|---|---|---|---|
| **Tyler Krebs**<br>**December 18, 2018** | | | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 44:23-25 | | | | | |
| 45:1-4 | | | | | |
| 45:5-9 | | | | | |
| 45:10-20 | | | | | |
| 45:21-23 | | | | | |
| 45:24-46:10 | | | | | |
| 46:11-14 | | | | | |
| 46:15-19 | | | | | |
| 46:20-47:1 | | | | | |
| 47:2-9 | | | | | |
| 47:10-13 | | | | | |
| 47:16-21 | | | | | |
| 47:22-48:2 | | | | | |
| 48:3-4 | | | | | |
| 48:5-9 | | | | | |
| 48:10-14 | | | | | |
| 48:15-19 | | | | | |
| 48:20-21 | | | | | |
| 48:22-23 | | | | | |
| 48:24-49:1 | | | | | |
| 49:2-11 | | | | | |
| 49:12-15 | | | | | |
| 49:16-50:3 | | | | | |
| 50:4-12 | | | | | |
| 50:13-15 | | | | | |
| 50:16-23 | | | | | |
| 50:24-51:1 | | | | | |
| 51:2-12 | | | | | |
| 51:13-17 | | | | | |
| 51:18-52:9 | | | | | |
| 52:10-16 | | | | | |
| 52:17-22 | | 52:24-53:17; 54:5-23 | IMP | | |
| 55:13-19 | | | | | |
| 55:20-25 | | | | | |
| 56:1-9 | | | | | |
| 56:10-25 | | | | | |

113

| Tyler Krebs<br>December 18, 2018 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 57:1-8 | V, 402, 403 | | | | |
| 57:9-16 | V, 402, 403 | | | | |
| 57:17-20 | | | | | |
| 57:21-24 | H, 402, 403 | | | | |
| 57:25-58:3 | H, 402, 403 | | | | |
| 58:4-6 | | | | | |
| 58:7-10 | | | | | |
| 58:11-12 | | | | | |
| 58:13-14 | | | | | |
| 58:15-17 | | | | | |
| 58:18-19 | | | | | |
| 58:20-23 | H, 402, 403 | | | | |
| 58:25 | | | | | |
| 59:2-7 | | | | | |
| 59:8-11 | | | | | |
| 59:14-19 | | | | | |
| 59:21-25 | | 60:1-3 | IMP; FND | | |
| 60:15-20 | 402 | | | | |
| 60:21-24 | 402 | | | | |
| 60:25-61:5 | 402 | | | | |
| 61:6-8 | 402 | 61:9-62:5 | OBJ | | |
| 65:5-11 | F, V, 402, 403 | | | | |
| 65:14-17 | | | | | |
| 65:19-22 | F, V, 402, 403 | | | | |
| 65:25-66:1 | | | | | |
| 66:3-16 | F, V, 402, 403 | | | | |
| 66:17-67:5 | | | | | |
| 67:6-15 | F, V, L, M, 402, 403 | | | | |
| 67:16-68:5 | V, 402, 403 | 100:10-102:1 | IMP; FDN; AMB | | |
| 68:6-14 | Hyp, V, 402, 403 | 100:10-102:1 | IMP; FDN; AMB | | |
| 68:15-69:2 | Hyp, V, 402, 403 | 100:10-102:1 | IMP; FDN; AMB | | |
| 69:3-9 | H, V, 402, 403 | 100:10-102:1 | IMP; FDN; AMB | | |

114

| | | | Tyler Krebs December 18, 2018 | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 69:10-15 | Hyp, V, 402, 403 | 100:10-102:1 | IMP; FDN; AMB | | |
| 69:16-19 | Hyp, V, 402, 403 | 100:10-102:1 | IMP; FDN; AMB | | |
| 74:21-75:3 75:6-7 | H, 402 | | | | |
| 75:9-11 | | | | | |
| 79:3-7 | H, V, 402, 403 | | | | |
| 79:8-10 | | | | | |
| 79:11-15 | H, V, 402, 403 | 79:16-4 | IMP; NR; AMB | | |
| 80:5-11 | H, V, 402, 403 | | | | |
| 80:12-14 | H, V, 402, 403 | | | | |
| 80:15-25 | V, Arg, M, 402, 403 | | | | |
| 81:1-3 81:5 | V, Arg, M, 402, 403 | 81:7-13 | IMP | | |
| 82:8-10 82:12-13 | V, 402, 403 | | | | |
| 82:15-17 82:20-21 | L, V, 402, 403 | | | | |
| 82:23-24 83:1-5 | F, L, V, 402, 403 | | | | |
| 83:7-17 | Hyp, F, Spec, V, 402, 403 | | | | |
| 83:18-23 | Hyp, F, Spec, V, 402, 403 | | | | |
| 84:1-6 | Hyp, F, Spec, V, 402, 403 | | | | |
| 84:8-10 84:12 | Hyp, F, Spec, V, 402, 403 | | | | |
| 84:14-17 84:20-23 | Hyp, F, Spec, V, 402, 403 | | | | |
| 89:4-8 | V, 402, 403 | | | | |
| 89:11-15 | | | | | |
| 89:22-23 | | | | | |

115

| Tyler Krebs December 18, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 89:25-90:2 90:4 | V, 402, 403 | | | | |
| 90:6-22 | V, 402, 403 | | | | |
| 90:23-24 91:1-2 | V, 402, 403 | | | | |
| 91:4-7 | H, V, 402, 403 | | | | |
| 91:8-10 | H, V, 402, 403 | | | | |
| 91:11-14 | H, V, 402, 403 | | | | |
| 91:15-18 | H, L, V, 402, 403 | | | | |
| 91:19-24 | | | | | |
| 91:25-92:1 | | | | | |
| 92:2-5 | | | | | |
| 92:6-8 | | | | | |
| 92:9-10 | | | | | |
| 92:11-13 | | | | | |
| 92:14 92:17-18 | Hyp, 701, V, 402, 403 | | | | |
| 92:20-21 | Hyp, 701, V, 402, 403 | | | | |
| 92:22-23 | Hyp, 701, V, 402, 403 | | | | |
| 92:24-93:2 | Hyp, 701, V, 402, 403 | | | | |
| 93:3-5 | | | | | |
| 93:6-16 | H, 402, 403 | | | | |
| 93:17-20 | H, 402, 403 | | | | |
| 93:21-23 94:1-3 | Arg, H, V, L, 402, 403 | | | | |
| 94:5-7 94:9-14 | H, V, L, 402, 403 | | | | |
| 94:16-21 | V, 402, 403 | | | | |
| 94:22-95:3 95:5-6 | Hyp, V, 402, 403 | | | | |
| 95:8-9 | V, 402, 403 | | | | |
| 95:10-11 95:13-18 | V, 402, 403, 701 | | | | |

| Tyler Krebs December 18, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 95:20-96:1 | | | | | |
| 96:2-10 | | | | | |
| 96:11-13 | | | | | |
| 96:14-16 | | | | | |
| 99:3-8 | Hyp, V, 402, 403 | | | | |
| 99:10-12 | | | | | |
| 99:14-16 | | | | | |
| 99:18-20 | | | | | |
| 99:22-25 | H, 402, 403 | 100:10-102:1 | IMP; FDN; AMB | | |

| Vicki Laris February 28, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 6:6-9 | | | | | |
| 8:22-24 | 402, 403 | | | | |
| 8:25-9:1 | 402, 403 | | | | |
| 9:2-4 | 402, 403 | | | | |
| 9:5-6 | 402, 403 | | | | |
| 9:7-9 | 402, 403 | | | | |
| 9:10-11 | 402, 403 | | | | |
| 9:12-15 | 402, 403 | | | | |
| 9:16-17 | 402, 403 | | | | |
| 9:18-22 | NT, 402, 403 | | | | |
| 9:24-10:1 | 402, 403 | | | | |
| 10:2-3 | 402, 403 | | | | |
| 10:4-5 | 402, 403 | | | | |
| 10:6-9 | 402, 403 | | | | |
| 10:10-11 | 402, 403 | | | | |
| 10:12-14 | 402, 403 | | | | |
| 10:15-16 | Spec, F, 402, | | | | |

| | | | Vicki Laris<br>February 28, 2019 | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| | 403 | | | | |
| 13:3-6 | 402, 403 | | | | |
| 13:7-10 | 402, 403 | | | | |
| 13:11-13 | 402, 403 | | | | |
| 13:14-17 | 402, 403 | | | | |
| 13:18-20 | 402, 403 | | | | |
| 15:13-15 | | | | | |
| 15:19 | | | | | |
| 15:21-24 | | | | | |
| 16:6-8 | | | | | |
| 16:9-12 | | | | | |
| 16:13-15 | | | | | |
| 16:16-19 | | | | | |
| 16:20-21 | | | | | |
| 16:22-24 | | | | | |
| 16:25-17:2 | | | | | |
| 17:3-5 | | | | | |
| 17:6-7 | | | | | |
| 17:8-9 | | | | | |
| 17:10-12 | | | | | |
| 17:13-15 | | | | | |
| 17:16-18 | | | | | |
| 17:19-21 | | | | | |
| 17:22-24 | | | | | |
| 17:25-18:1 | | | | | |
| 18:2-4 | | | | | |
| 18:5-7 | | | | | |
| 18:8-11 | | | | | |
| 18:12-15 | | | | | |
| 18:16-17 | | | | | |
| 18:18-20 | | | | | |
| 18:21-23 | | | | | |
| 18:24-19:1 | | | | | |
| 19:2-4 | Arg, 402, 403 | | | | |
| 19:5 | 402, 403 | | | | |
| 19:9-11 | | | | | |
| 19:12-13 | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Vicki Laris** **February 28, 2019** | | | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 19:14-15 | | | | | |
| 19:16-17 | | | | | |
| 19:18-19 | | | | | |
| 19:20-22 | | | | | |
| 19:23-25 | | | | | |
| 20:1-2 | | | | | |
| 20:3-5 | | | | | |
| 20:6-7 | | | | | |
| 20:8-9 | | | | | |
| 20:10-11 | | | | | |
| 20:12-13 | | | | | |
| 20:14-15 | | | | | |
| 20:16-17 | | | | | |
| 20:18-19 | | | | | |
| 20:20-21 | | | | | |
| 20:22-24 | | | | | |
| 20:25-21:2 | | | | | |
| 21:3-6 | | | | | |
| 21:7-10 | | | | | |
| 21:11-13 | | | | | |
| 21:14-15 | | | | | |
| 21:16-17 | | | | | |
| 21:18-19 | | | | | |
| 21:20-22 | | | | | |
| 21:23-25 | | | | | |
| 22:1-2 | | | | | |
| 22:3-5 | | | | | |
| 22:6-8 | | 22:9-17 | IMP | | |
| 32:8-14 | | | | | |
| 37:16-22 38:3 | | | | | |
| 38:4-5 38:8 | | | | | |
| 38:10-12 | | | | | |
| 38:13-15 | | | | | |
| 38:16-18 | | | | | |
| 38:19-21 | | | | | |

| Vicki Laris February 28, 2019 | | | | | |
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 38:22-23 | | | | | |
| 39:2-4 | | | | | |
| 39:5-7 | | | | | |
| 39:8-14 | | | | | |
| 40:2-4 | | | | | |
| 40:5-6 | | | | | |
| 40:7-8 | | | | | |
| 40:9-10 | | | | | |
| 40:11-15 | | | | | |
| 40:16-18 | | | | | |
| 40:19-22 | | | | | |
| 40:23-24 | | | | | |
| 40:25-41:3 | | | | | |
| 41:4-6 | | | | | |
| 41:7-9 | | | | | |
| 41:10-12 | | | | | |
| 41:13-15 | | | | | |
| 41:16-18 | | | | | |
| 41:19-22 | | | | | |
| 41:23-42:1 | | | | | |
| 42:2-4 | | | | | |
| 42:5-6 | | | | | |
| 42:10 | | | | | |
| 42:12-13 | | | | | |
| 42:19-21 | | | | | |
| 43:1 | | | | | |
| 43:2-4 | | | | | |
| 43:5-7 | | | | | |
| 43:8-9 | | | | | |
| 43:10-12 | | | | | |
| 43:13-14 | | | | | |
| 43:15-19 | | | | | |
| 43:20-22 | | | | | |
| 43:23-24 | | | | | |
| 43:25-44:2 | | | | | |
| 44:3-5 | | | | | |
| 44:6-10 | | | | | |

| Vicki Laris February 28, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 44:11-15 | | | | | |
| 46:6-10 | | | | | |
| 46:11-13 | | | | | |
| 46:14-17 | | | | | |
| 46:18-19 | | | | | |
| 46:20-22 | | | | | |
| 46:23-25 | | | | | |
| 47:1-2 | | | | | |
| 47:3-5 | | | | | |
| 47:6-9 | | | | | |
| 47:10-12 | | | | | |
| 47:13-14 | | | | | |
| 47:15-17 | | | | | |
| 47:18-21 | | | | | |
| 47:22-23 | | | | | |
| 47:24-25 | | | | | |
| 48:1-4 | | | | | |
| 48:5-6 | | | | | |
| 48:7-10 | | | | | |
| 48:11-12 | | | | | |
| 48:13-15 | | | | | |
| 48:16-18 | | | | | |
| 48:19-21 | | | | | |
| 48:22-24 | | | | | |
| 48:25-49:2 | | | | | |
| 49:3-5 | | | | | |
| 49:6-8 | | | | | |
| 49:9-10 | | | | | |
| 49:11-13 | | | | | |
| 49:14-16 | | | | | |
| 49:17-20 | | | | | |
| 49:21-22 | | | | | |
| 50:2 | | | | | |
| 50:4-6 | | | | | |
| 50:7-9 | | | | | |
| 50:10-11 | | | | | |
| 50:12-18 | | | | | |

| Vicki Laris February 28, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 50:19-21 | | | | | |
| 50:22-24 | | | | | |
| 50:25-51:3 | | | | | |
| 51:4-6 | | | | | |
| 51:7-8 | | | | | |
| 51:9-11 | | | | | |
| 51:12-13 | | | | | |
| 51:14-16 | | | | | |
| 51:17-19 | | | | | |
| 51:20-22 | H, 402, 403 | | | | |
| 51:23-25 | Hyp, Spec, F, 402, 403 | | | | |
| 52:4-6 | H, 402, 403 | | | | |
| 52:7-10 | | | | | |
| 52:11-14 | | | | | |
| 52:15-17 | | | | | |
| 52:18-19 | | | | | |
| 52:20-22 | | | | | |
| 52:23-53:3 | | | | | |
| 53:4-5 | | | | | |
| 53:6-7 | | | | | |
| 53:8-9 | | | | | |
| 53:10-11 | | | | | |
| 53:12-13 | | | | | |
| 53:14-17 | | | | | |
| 53:18-20 | | | | | |
| 53:21-23 | | | | | |
| 53:24-54:2 | | | | | |
| 54:3-5 | | | | | |
| 54:6-9 | | | | | |
| 54:10-11 | | | | | |
| 54:12-13 | | | | | |
| 54:14-18 | | | | | |
| 54:19-22 | | | | | |
| 54:23-55:1 | | | | | |
| 55:2-4 | | | | | |
| 55:5-8 | | | | | |

122

| Vicki Laris February 28, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 55:9-10 | | | | | |
| 55:11-13 | | | | | |
| 55:14-16 | | | | | |
| 55:17-19 | | | | | |
| 55:20-23 | | | | | |
| 55:24-56:2 | | | | | |
| 56:3-4 | | | | | |
| 56:5-9 | | | | | |
| 56:10-11 | | | | | |
| 56:15-16 | | | | | |
| 56:17-18 | | | | | |
| 56:21 | | | | | |
| 56:23-25 | | | | | |
| 57:1-2 | | | | | |
| 57:8-9 | | | | | |
| 57:10-12 | | | | | |
| 57:13-17 | | | | | |
| 57:18-19 | | | | | |
| 57:20-22 | | | | | |
| 57:23-25 | | | | | |
| 58:1-2 | | | | | |
| 58:8-9 | | | | | |
| 58:10-12 | | | | | |
| 58:13-17 | | | | | |
| 58:18-21 | | | | | |
| 58:22-23 | | | | | |
| 59:3 | | | | | |
| 59:5-8 | | | | | |
| 59:9-10 | | | | | |
| 59:11-16 | H, 402, 403 | | | | |
| 59:17-18 | Spec, 402, 403 | | | | |
| 59:22-23 | | | | | |
| 59:24-25 | 402, 403 | | | | |
| 60:4 | | | | | |
| 60:6-13 | H, 402, 403 | | | | |
| 60:14-16 | | | | | |
| 60:17-19 | | | | | |

123

| Vicki Laris February 28, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 60:20-22 | | | | | |
| 61:4-5 | | | | | |
| 61:6-15 | H, 402, 403 | | | | |
| 61:16-18 | | | | | |
| 61:19 | | | | | |
| 61:23-25 | | | | | |
| 62:1-7 | H, 402, 403 | | | | |
| 62:8-12 | | | | | |
| 62:13-15 | | | | | |
| 62:16-18 | | | | | |
| 62:19-20 | | | | | |
| 62:21-22 | | | | | |
| 62:23-24 | | | | | |
| 62:25-63:1 | | | | | |
| 63:2-7 | H, 402, 403 | | | | |
| 63:8-11 | H, 402, 403 | | | | |
| 63:12 | | | | | |
| 63:17 | | | | | |
| 63:19-24 | H, 402, 403 | | | | |
| 64:3-4 | | | | | |
| 64:6-8 | | | | | |
| 64:9-13 | H, 402, 403 | | | | |
| 64:17 | | | | | |
| 64:19-24 | H, 402, 403 | | | | |
| 64:25-65:6 | H, 402, 403 | | | | |
| 65:7-9 | | | | | |
| 65:10-11 | | | | | |
| 65:17-18 | | | | | |
| 65:19-22 | | | | | |
| 65:23-25 | H, 402, 403 | | | | |
| 66:1-3 | 402, 403 | | | | |
| 66:4-6 | 402, 403 | | | | |
| 66:7-12 | H, 402, 403 | | | | |
| 66:13-19 | H, 402, 403 | | | | |
| 66:20-22 | 402, 403 | | | | |
| 66:23-67:1 | AF, 402, 403 | | | | |
| 67:2-3 | | | | | |

| Vicki Laris February 28, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 67:9-11 | | | | | |
| 67:12-16 | H, 402, 403 | | | | |
| 67:17-19 | 402, 403 | | | | |
| 67:20-22 | 402, 403 | | | | |
| 67:23-68:4 | H, 402, 403 | | | | |
| 68:5 | | | | | |
| 68:11-12 | | | | | |
| 68:13-15 | | | | | |
| 68:16-22 | H, 402, 403 | | | | |
| 69:2 | | | | | |
| 69:4-9 | H, 402, 403 | | | | |
| 69:10-16 | H, 402, 403 | | | | |
| 69:17-19 | 402, 403 | | | | |
| 69:20-25 | H, 402, 403 | | | | |
| 70:4 | | | | | |
| 70:6-8 | 402, 403 | | | | |
| 70:9-12 | | | | | |
| 70:13-14 | | | | | |
| 70:20-21 | | | | | |
| 70:22-25 | | | | | |
| 71:1-5 | | | | | |
| 71:6-10 | | | | | |
| 71:11-12 | | | | | |
| 71:13-19 | | | | | |
| 71:20-22 | | | | | |
| 71:23-25 | | | | | |
| 72:1-5 | | | | | |
| 72:6-8 | | | | | |
| 72:9-10 | | | | | |
| 72:16-17 | | | | | |
| 72:18-20 | | | | | |
| 72:21-22 | | | | | |
| 72:23-73:1 | | | | | |
| 73:2-4 | | | | | |
| 73:5-7 | | | | | |
| 73:8-11 | | | | | |
| 73:12-13 | | | | | |

125

| Vicki Laris | | | | | |
| February 28, 2019 | | | | | |
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 73:14-16 | | | | | |
| 74:2-6 | | | | | |
| 74:7-9 | | | | | |
| 74:10-12 | | | | | |
| 74:13-15 | | | | | |
| 74:16 | | | | | |
| 74:20-22 | | | | | |
| 74:23-25 | | | | | |
| 75:1-3 | | | | | |
| 75:4-7 | | | | | |
| 75:8-10 | | | | | |
| 75:11-12 | | | | | |
| 75:13-16 | | | | | |
| 75:17-19 | | | | | |
| 75:20-22 | | | | | |
| 75:25 | | | | | |
| 76:1-3 | | | | | |
| 82:17-24 | | | | | |
| 82:25-83:2 | | | | | |
| 83:3-4 | | | | | |
| 83:8-9 | | | | | |
| 83:10-14 | | | | | |
| 83:15-18 | | | | | |
| 83:19-21 | | | | | |
| 83:22-84:1 | | | | | |
| 84:2-4 | | | | | |
| 84:5-7 | | | | | |
| 84:8-9 | | | | | |
| 84:10-11 | | | | | |
| 84:17-18 | | | | | |
| 84:19-20 | | | | | |
| 84:21-22 | | | | | |
| 84:23-24 | | | | | |
| 84:25-85:2 | | | | | |
| 85:3-4 | | | | | |
| 85:5-6 | | | | | |
| 85:7-9 | | | | | |

| Vicki Laris February 28, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 85:10-21 | | | | | |
| 85:22-86:3 | | | | | |
| 86:4-5 | | | | | |
| 86:6-9 | | | | | |
| 86:10-13 | | | | | |
| 86:14-17 | | | | | |
| 86:18-22 | | | | | |
| 86:23-87:1 | | | | | |
| 87:2-4 | | | | | |
| 87:5-6 87:9-10 | | | | | |
| 87:11-14 87:18 | | | | | |
| 87:20-22 | | | | | |
| 87:23-25 | | | | | |
| 88:1-2 | | | | | |
| 88:3-5 | | | | | |
| 88:6-7 | | | | | |
| 88:8-11 | | | | | |
| 88:12-16 | | | | | |
| 88:17-20 | | | | | |
| 88:21-25 | | | | | |
| 89:25-90:4 | | | | | |
| 90:5-7 | | | | | |
| 90:8-10 | | | | | |
| 90:11-12 | | | | | |
| 90:13-15 | | | | | |
| 90:19-21 | | | | | |
| 90:22-23 | | | | | |
| 90:24-25 | | | | | |
| 91:1-3 | | | | | |
| 91:4-6 | | | | | |
| 91:7-8 | | | | | |
| 91:9-10 | | | | | |
| 91:11 91:15 | | | | | |
| 91:17-19 | | | | | |

| Vicki Laris February 28, 2019 | | | | | |
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 91:20-21 | | | | | |
| 91:22-23 | | | | | |
| 91:24-25 | | | | | |
| 92:1-3 | | | | | |
| 92:4-5 | | | | | |
| 92:6-7 | | | | | |
| 92:8-11 | | | | | |
| 92:12-15 | | | | | |
| 92:16-17 | | | | | |
| 92:18-19 | | | | | |
| 92:20-23 | | | | | |
| 92:24-93:2 | | | | | |
| 93:3-4 | | | | | |
| 93:5-6 | | | | | |
| 93:7-10 | | | | | |
| 93:21-23 | | | | | |
| 93:24-94:1 | | | | | |
| 94:2-4 | | | | | |
| 94:5-7 | | | | | |
| 94:8-10 | | | | | |
| 94:11-13 | | | | | |
| 94:14-16 | | | | | |
| 94:17-19 | | | | | |
| 94:20-22 | | | | | |
| 94:23-95:1 | | | | | |
| 95:2-4 | | | | | |
| 96:18-19 | | | | | |
| 96:20-22 | | | | | |
| 97:2-4 | | | | | |
| 97:9 | | | | | |
| 97:11-13 | | | | | |
| 97:14-16 | | | | | |
| 97:17-19 97:23 | | | | | |
| 97:24-98:2 | | 98:3-21 | OBJ, LDG, HRS | | |
| 99:20-21 100:1 | | | | | |

128

| Vicki Laris February 28, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 100:2-4 | | | | | |
| 100:7-9 | | | | | |
| 100:14 | | | | | |
| 100:19-21 | | | | | |
| 100:22-24 | | | | | |
| 100:25-101:1 | | | | | |

| Sara Lim March 21, 2017 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 6:19-20 | | | | | |
| 6:21-24 | | | | | |
| 6:25-7:1 | | | | | |
| 13:4-5 | 402, 403 | | | | |
| 13:9-10 | | | | | |
| 13:12-14 | H, 402, 403 | | | | |
| 13:15-18 | H, 402, 403 | | | | |
| 13:19-21 | H, 402, 403 | | | | |
| 13:22-23 | H, 402, 403 | | | | |
| 13:14-25 | H, 402, 403 | | | | |
| 14:1-3 | H, 402, 403 | | | | |
| 14:15-18 | | | | | |
| 14:19-20 | | | | | |
| 14:21-22 | Spec, 402, 403 | | | | |
| 14:23-15:1 | H, 402, 403 | | | | |
| 15:2-5 | H, 402, 403 | | | | |
| 15:6-8 | H, 402, 403 | 15:11-16 | | | |
| 15:9-10 | | | | | |
| 15:20-22 | | | | | |
| 15:23-25 | | | | | |
| 16:1-4 | Spec, F, 402, | | | | |

| | | Sara Lim<br>March 21, 2017 | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| | 403, 701 | | | | |
| 47:18-22 | | | | | |
| 47:23-48:1 | | 48:2-8;<br>57:14-58:9 | IMP | | |
| 60:11-14 | | | | | |
| 60:15-16 | | | | | |
| 60:17-18 | | | | | |
| 60:19-21 | | | | | |
| 60:22-23 | | | | | |
| 60:24-61:1 | | | | | |
| 61:2-3 | | | | | |
| 61:4-5 | H, 402, 403 | | | | |
| 61:6-7 | H, 402, 403 | | | | |
| 61:8-9 | H, 402, 403 | 61:10-15 | | | |
| 62:7-8 | | | | | |
| 62:9-11 | | | | | |
| 62:12-13 | | | | | |
| 62:14-17 | | | | | |
| 62:25-63:2 | | | | | |
| 63:3-8 | | | | | |
| 63:9-11 | | 63:12-64:1 | OBJ | | |
| 64:2-4 | | | | | |
| 64:5-6 | | | | | |
| 64:7-9 | | | | | |
| 64:10-11 | | | | | |
| 64:12-15 | | | | | |
| 64:16-17 | | | | | |
| 65:15-17 | | 65:18-66:12 | | | |
| 67:24-68:3 | | 68:4-18 | | | |
| 68:19-21 | | | | | |
| 68:22-24 | | | | | |
| 68:25-69:4 | | | | | |
| 69:5-8 | | | | | |
| 69:9-11 | | | | | |
| 69:12-18 | | | | | |
| 69:19-20 | | | | | |
| 69:21-25 | | | | | |

| Sara Lim March 21, 2017 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 71:3-8 | | | | | |
| 71:9-13 | | 72:8-75:4 | HRS | 71:17-20 | H, 402, 403 |
| 75:5-7 | | | | | |
| 75:8-9 | | | | | |
| 75:13-16 | | | | | |
| 75:17-19 | | | | | |
| 75:20-23 | | 75:24-76:12 | | | |
| 76:13-16 | | | | | |
| 76:17-20 | | | | | |
| 76:21-22 | | | | | |
| 76:23-24 | | | | | |
| 77:17-20 | | | | | |
| 77:21-22 | | 77:23-78:9 | | | |
| 78:10-12 | | | | | |
| 78:13-14 | | | | | |
| 78:15-16 | | | | | |
| 78:17-18 | | | | | |
| 78:19-22 | | 78:23-80:23 | | | |
| 81:2-5 | | | | | |
| 81:6-8 | | | | | |
| 81:9-12 | | | | | |
| 81:13-14 | | | | | |
| 81:15-17 | | | | | |
| 81:18-20 | | | | | |
| 81:21-23 | | | | | |
| 82:1-7 | | | | | |
| 85:25-86:5 | | | | | |
| 86:6-8 | | 86:9-11 | | | |
| 87:5-6 | | 86:19-87:4 | | | |
| 87:7-10 | | | | | |
| 87:11-16 | | 87:17-24 | | | |
| 89:21-24 | | | | | |
| 90:4-7 | 402, 403 | | | | |
| 90:8-10 | 402, 403 | | | | |
| 90:11-13 | 402, 403 | | | | |
| 90:14-15 | 402, 403 | | | | |
| 90:16-18 | | | | | |

| Sara Lim March 21, 2017 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 97:3-9 | H, 402, 403 | | | | |
| 97:10-14 | | | | | |
| 97:15-16 | | | | | |
| 97:17-19 | | 98:17-99:8 | | 99:9-100:7 | |
| 100:8-13 | | 99:9-100:7 | | | |
| 100:14-19 | | | | | |
| 100:20-22 | | | | | |
| 100:23-24 | | | | | |
| 104:6-13 | | | | | |
| 104:14-15 | H, 402, 403 | | | | |
| 104:20-105:2 | | | | | |
| 105:3-10 | H, 402, 403 | | | | |
| 105:14-17 | H, 402, 403 | | | | |
| 105:18-20 | H, 402, 403 | | | | |
| 105:21-24 | Spec, F, 402, 403 | | | | |
| 105:25-106:3 | H, 402, 403 | | | | |
| 106:4-6 | L, 402, 403 | | | | |
| 106:9-10 | | | | | |
| 106:12-16 | | | | | |
| 106:17-21 | | | | | |
| 106:22-107:1 | | | | | |
| 107:2-3 | | 107:4-6 | | | |
| 107:7-10 | | | | | |
| 107:11-12 | | | | | |
| 107:13-15 | | | | | |
| 107:16-23 | | | | | |
| 109:14-20 | | | | | |
| 109:21-22 | | | | | |
| 109:23-24 | | | | | |
| 109:25-110:5 | | | | | |
| 110:6-17 | | | | | |
| 110:18-20 | | 113:19-114:4 | IMP, HRS | | |
| 114:5-9 | | | | | |
| 114:10-11 | | | | | |
| 114:12-18 | | | | | |
| 114:19-23 | | | | | |

| Sara Lim March 21, 2017 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 114:24-115:1 | | | | | |
| 115:2-6 | | | | | |
| 115:7-11 | | | | | |
| 115:12-14 | | | | | |
| 115:15-17 | | | | | |
| 115:18-19 | | | | | |
| 115:20-21 | | | | | |
| 115:22-24 | | | | | |
| 115:25-116:3 | | | | | |
| 116:4-6 | | | | | |
| 116:7-9 | | | | | |
| 116:10-13 | | | | | |
| 116:14-18 | | | | | |
| 116:19-21 | | | | | |
| 119:1-7 | | | | | |
| 119:12-14 | | | | | |
| 119:15-19 | | | | | |
| 128:21-25 | | | | | |
| 129:1-3 | | | | | |
| 129:4-5 | | | | | |
| 129:6-9 | | | | | |
| 129:10-14 | | | | | |
| 129:15-17 | | | | | |
| 129:18-20 | | | | | |
| 131:14-17 | | | | | |
| 131:18-19 | | | | | |
| 131:20-21 | | | | | |
| 131:22-24 | | | | | |
| 133:6-9 | | | | | |
| 133:10-11 | | | | | |
| 133:12-13 | | | | | |
| 133:14-16 | | | | | |
| 133:17-18 | | | | | |
| 133:19-21 | | | | | |
| 133:22-25 | | | | | |
| 134:7-9 | | | | | |
| 134:10-12 | | | | | |

133

| Sara Lim March 21, 2017 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 135:7-11 | | | | | |
| 135:12-13 | | | | | |
| 135:14-15 | | | | | |
| 135:16-17 | | | | | |
| 135:18-24 | | | | | |
| 135:25-136:2 | | | | | |
| 136:6-12 | | | | | |
| 136:13-17 | | | | | |
| 138:24-139:3 | | | | | |
| 139:12-15 | | 139:16-21 | | | |
| 140:5-7 | | | | | |
| 140:8-9 | | | | | |
| 140:10-11 | | | | | |
| 140:12-13 | | | | | |
| 140:14-16 | | | | | |
| 140:17-18 | | | | | |
| 140:19-24 | | 140:25-141:2 | | | |
| 141:3-8 | | | | | |
| 141:9-12 | | | | | |
| 141:13-14 | | | | | |
| 141:15-17 | | 141:18-22 | | | |
| 141:23-24 142:1-2 | | 142:4-8; 142:9-143:5 | | | |
| 143:9-11 | | | | | |
| 143:12-15 | | | | | |
| 144:3-8 | H, 402, 403 | | | | |
| 144:9-10 | H, 402, 403 | | | | |
| 144:11-12 | H, 402, 403 | | | | |
| 144:13-16 | H, 402, 403 | | | | |
| 144:17-19 | H, 402, 403 | | | | |
| 144:20-21 | | | | | |
| 145:20-23 | | | | | |
| 145:24-146:1 | | | | | |
| 146:2-6 | | | | | |
| 146:7-9 | | | | | |
| 146:10-13 | | | | | |
| 146:14-17 | | 146:18-19 | | | |

| Sara Lim March 21, 2017 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 149:21-24 | Spec, F, L, 402, 403 | | | | |
| 151:4-8 | | | | | |
| 152:3-7 | | | | | |
| 152:8-12 | | | | | |
| 155:5-8 | | | | | |
| 155:9-10 | | | | | |
| 155:11-12 | | | | | |
| 155:20-24 | | | | | |
| 155:25-156:1 | | | | | |
| 156:2-6 | 402, 403 | | | | |
| 156:7-9 | Spec, F, L, 402, 403 | | | | |
| 156:10-16 | | | | | |
| 156:17-20 | Spec, F, 402, 403 | | | | |
| 158:6-12 | Spec, F, 402, 403, 701 | | | | |
| 158:13-15 | Spec, F, 402, 403, 701 | | | | |
| 158:18-20 | Spec, F, 402, 403, 701 | | | | |
| 158:21-159:1 159:3-6 | Spec, F, 402, 403, 701 | | | | |
| 159:8-15 159:18-20 | Spec, F, 402, 403, 701 | 160:4-23 | | 159:25-160:3 | Spec, Hyp, 402, 403 |
| 160:24-161:4 | | 160:4-23 | IMP, FND, SPC | | |
| 161:5-10 | | | | | |
| 161:11-13 | | 161:14-162:19 | FND, SPC, REL | | |
| 163:12-14 | | | | | |
| 164:3-7 | | | | | |
| 164:8-10 | | | | | |
| 164:11-13 | | | | | |
| 164:14-17 | | | | | |
| 165:2-4 | 402, 403 | 164:18:21 | | | |
| 165:5-6 | 402, 403 | | | | |
| 165:7-9 | 402, 403 | | | | |

| Sara Lim March 21, 2017 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 165:10-11 | | | | | |
| 165:12-14 | 402, 403 | | | | |
| 165:15-16 | 402, 403 | | | | |
| 165:17-18 | 402, 403 | | | | |
| 169:20-170:1 | | | | | |
| 170:2-5 | | | | | |
| 170:6-10 | | | | | |
| 170:11-14 | | 170:15-21 | | 170:22-25; 171:2 | Hyp, F, 402, 403 |
| 171:11-14 | | | | | |
| 171:15-16 | | | | | |

| Lisa Lorden June 12, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 6:9-10 | | | | | |
| 6:9-10 | | | | | |
| 6:11-14 | | | | | |
| 6:15-16 | | | | | |
| 6:17-7:10 | | | | | |
| 27:4-6 | | | | | |
| 27:7-10 | | | | | |
| 27:11-12 | | | | | |
| 27:13-15 | | | | | |
| 27:16-18 | | | | | |
| 27:19-23 | | | | | |
| 27:24-25 | | | | | |
| 28:1-2 | | | | | |
| 28:18-20 | | | | | |
| 28:21-22 | | | | | |
| 28:23-24 | | | | | |
| 29:16-19 | | | | | |

136

| Lisa Lorden June 12, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 29:20-24 | | | | | |
| 30:18-22 | | | | | |
| 31:2-5 | | | | | |
| 31:6-7 | | | | | |
| 31:8-10 | | | | | |
| 31:11-12 | | | | | |
| 31:13-14 | | | | | |
| 31:15-16 | | | | | |
| 31:17-22 | | | | | |
| 34:13-16 | 402 | | | | |
| 34:17-19 | 402 | | | | |
| 34:20-22 | 402 | | | | |
| 34:23-25 | 402 | | | | |
| 35:1-3 | | | | | |
| 35:4-7 | 402 | | | | |
| 35:23-25 | 402 | | | | |
| 36:1-2 | 402 | | | | |
| 36:3-4 | 402 | 36:7-8 | | | |
| 38:16-18 | | | | | |
| 38:19-20 | | | | | |
| 38:21-23 | 402 | | | | |
| 51:23-52:1 | | | | | |
| 52:2-3 | | | | | |
| 52:4-5 | | | | | |
| 52:6-9 | | | | | |
| 52:10-12 | | | | | |
| 52:13-15 | | | | | |
| 52:16-18 | | | | | |
| 52:19-20 | | | | | |
| 52:21-23 | | | | | |
| 55:16-18 | | | | | |
| 58:6-9 | | | | | |
| 60:7-11 | | | | | |
| 60:12-13 | | | | | |
| 60:14-15 | | | | | |
| 60:16-19 | | | | | |
| 60:20-21 | | | | | |

| Lisa Lorden June 12, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 60:22-24 | | | | | |
| 60:25-61:1 | | | | | |
| 61:2-4 | | | | | |
| 61:5-6 | | | | | |
| 61:7-8 | | | | | |
| 61:9-11 | | | | | |
| 61:12-13 | | | | | |
| 61:14-15 | | | | | |
| 61:18-20 | | | | | |
| 61:21-24 | | | | | |
| 61:25-62:1 62:8-10 | | | | | |
| 62:11-15 | | | | | |
| 62:16-18 | | | | | |
| 62:19-21 | | | | | |
| 63:4-9 | | | | | |
| 63:10-14 | | | | | |
| 63:15-17 | | | | | |
| 64:12-14 | | | | | |
| 64:15-18 | | | | | |
| 64:19-20 | | | | | |
| 65:12-15 | | | | | |
| 69:14-18 69:22 69:24-70:1 | | | | | |
| 70:3-5 | | | | | |
| 70:6-7 | | | | | |
| 70:8-9 | | | | | |
| 70:10-12 | | | | | |
| 70:13-15 | | | | | |
| 70:16-18 | | | | | |
| 70:19-20 | | | | | |
| 71:1-3 71:7 | | | | | |
| 71:9-11 | | | | | |
| 71:12-13 | | | | | |
| 73:2-4 | | 71:14-73:1 | | | |

| Lisa Lorden June 12, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 73:5-7 | | | | | |
| 74:24-75:3 | | | | | |
| 75:6 | | | | | |
| 75:8-10 | | | | | |
| 75:11-13 | | | | | |
| 75:14-20 | | | | | |
| 75:21-25 | | | | | |
| 82:11 | | | | | |
| 82:16-22 | | | | | |
| 82:23-83:1 | | | | | |
| 83:2-3 | | | | | |
| 83:6-7 | | | | | |
| 83:8-9 | | | | | |
| 83:10 | | | | | |
| 83:13-15 | | | | | |
| 83:16-19 | | | | | |
| 83:20-22 | | | | | |
| 83:24 | | | | | |
| 84:2-8 | | | | | |
| 84:9-10 | | | | | |
| 84:11-13 | | | | | |
| 84:14-16 | | | | | |
| 84:17-19 | | | | | |
| 85:6-8 | | | | | |
| 85:9-11 | | | | | |
| 85:12-13 | | | | | |
| 85:14-15 | | | | | |
| 85:16-19 | | | | | |
| 86:19-21 | | | | | |
| 86:24 | | | | | |
| 87:8-10 | | | | | |
| 87:11-13 | | | | | |
| 87:15-16 | | | | | |
| 87:18-23 | | | | | |
| 87:24-88:2 | | | | | |
| 88:25-89:4 | | | | | |
| 89:5-8 | | | | | |

| Lisa Lorden June 12, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 89:9-11 | | | | | |
| 89:12-19 | | | | | |
| 89:20-21 | | | | | |
| 89:22-24 | | | | | |
| 89:25-90:5 | | | | | |
| 90:6-8 | | | | | |
| 90:9-11 | | | | | |
| 90:12-15 | | | | | |
| 90:16 | | | | | |
| 90:19-21 | | | | | |
| 90:22-24 | | | | | |
| 91:2-3 | | | | | |
| 91:5-8 | | | | | |
| 91:11-13 | | | | | |
| 91:14-17 | | | | | |
| 91:18-19 | | | | | |
| 91:20-22 | | | | | |
| 91:23-24 | | | | | |
| 91:25-92:1 | | | | | |
| 92:12-18 | | | | | |
| 92:24-93:4 | | | | | |
| 93:7 | | | | | |
| 93:9-12 | | | | | |
| 93:13-15 | | | | | |
| 93:16-18 | | 93:19-94:1 | | | |
| 94:2-5 | | | | | |
| 94:7 | | | | | |
| 94:9-11 | | | | | |
| 94:12-19 | 402, 403 | | | | |
| 94:20-22 | 402, 403 | | | | |
| 94:23-25 | 402, 403 | | | | |
| 95:15-19 | 402, 403 | | | | |
| 97:8-9 | 402, 403 | | | | |
| 97:10-11 | 402, 403 | | | | |
| 97:16-20 | | | | | |
| 97:23-24 | | | | | |
| 98:2 | | | | | |

| Lisa Lorden June 12, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 98:5 | | | | | |
| 98:7-8 | | | | | |
| 98:23-99:7 | | | | | |
| 102:23-103:2 | | | | | |
| 106:23-107:1 | | | | | |
| 107:2-4 107:8-11 | H, F, 402, 403 | | | | |
| 107:25-108:6 | H, F, 402, 403 | | | | |
| 108:7-14 108:17-18 | H, F, 402, 403 | | | | |
| 108:20-24 | H, F, 402, 403 | | | | |
| 109:8-12 | H, F, 402, 403 | | | | |
| 109:13-19 109:22 | H, F, 402, 403 | | | | |
| 109:24-110:4 110:7-8 | H, F, 402, 403 | | | | |
| 110:10-13 | | | | | |
| 110:14-17 110:22 | H, Spec, F, 402, 403 | | | | |
| 110:24-25 111:2 | Arg, 402, 403 | | | | |
| 111:4-5 | Arg, 402, 403 | | | | |
| 111:6-8 | Arg, L, 402, 403 | | | | |
| 111:9-10 111:13 | | | | | |
| 111:15-16 111:18 | | | | | |
| 111:20-22 111:24-25 | H, 402, 403 | | | | |
| 136:13-20 | | | | | |
| 136:21-25 | | | | | |
| 137:1-4 | | | | | |
| 137:5-7 | | | | | |
| 137:8-9 | | | | | |
| 137:23-138:1 | | | | | |
| 138:2-4 | | | | | |

| Lisa Lorden June 12, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 138:5-7 | | | | | |
| 138:8-9 | | | | | |
| 138:10-20 | | | | | |
| 138:21-23 | | | | | |
| 138:24-139:2 | | | | | |
| 139:3-5 | | | | | |
| 139:6-7 | | | | | |
| 139:8-9 | | | | | |
| 147:3-6 | H, 402, 403 | | | | |
| 147:7-9 | H, 402, 403 | | | | |
| 147:16-18 | H, Spec, F, 402, 403 | | | | |
| 147:19-21 | 402, 403 | | | | |
| 148:4-6 | Hyp, 402, 403 | | | | |
| 152:15-20 | | | | | |
| 168:18-23 | 402, 403 | | | | |
| 168:24-169:2 | 402, 403 | | | | |
| 169:3-5 | 402, 403 | | | | |
| 169:6-8 | 402, 403 | | | | |
| 169:9-10 | 402, 403 | | | | |
| 169:11-13 | 402, 403 | | | | |
| 169:14-15 | 402, 403 | | | | |
| 175:21-23 | | 174:15-175:7 | IMP, SPC, FND, AMB | | |
| 176:8-12 | | 174:15-175:7 | IMP, SPC, FND, AMB | | |
| 176:13-14 | | 174:15-175:7 | IMP, SPC, FND, AMB | | |
| 176:15-17 | | 174:15-175:7 | IMP, SPC, FND, AMB | | |
| 176:18-20 | | 174:15-175:7 | IMP, SPC, FND, AMB | | |
| 176:21-23 | | 174:15-175:7 | IMP, SPC, FND, AMB | | |

| | | | | | |
|---|---|---|---|---|---|
| **Jordan Alexander Mesry**<br>**December 14, 2018** | | | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 7:7-9 | | | | | |
| 7:10-11 | | | | | |
| 12:18-24 | | | | | |
| 12:25-13:2 | | | | | |
| 13:3-5 | | | | | |
| 13:24-25 | | | | | |
| 14:1-3 | | | | | |
| 14:4-5 | | | | | |
| 14:6-8 | | | | | |
| 14:9-10 | | | | | |
| 14:11-14 | | | | | |
| 14:15-19 | | | | | |
| 14:20-21 | | | | | |
| 14:22-25 | | | | | |
| 15:1-5 | | | | | |
| 19:21-20:4 | | | | | |
| 20:5-8 | | | | | |
| 20:9-13 | | | | | |
| 20:14-16 | | | | | |
| 20:17-19 | | | | | |
| 20:20-22 | | | | | |
| 20:23-24 | | | | | |
| 20:25-21:2 | | | | | |
| 21:3-6 | | | | | |
| 21:10-16 | | | | | |
| 21:17-21 | | | | | |
| 21:22-22:3 | | 22:4-16 | | | |
| 22:17-21 | | | | | |
| 24:6-9 | | | | | |
| 24:13-16 | | | | | |
| 24:17-21 | | | | | |
| 24:22-25:1 | | | | | |
| 25:2-5 | | | | | |
| 25:8-9 | | | | | |
| 29:21-24 | | | | | |
| 29:25-30:2 | | | | | |
| 30:3-5 | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Jordan Alexander Mesry**<br>**December 14, 2018** | | | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 31:12-15 | | | | | |
| 31:16-17 | | | | | |
| 31:18-21 | | | | | |
| 31:22-32:1 | | | | | |
| 32:2-3 | | | | | |
| 32:4-8 | | | | | |
| 32:9-12 | 402, 403 | | | | |
| 32:13-14<br>32:18-19 | L, 402, 403 | | | | |
| 32:20-21 | L, 402, 403 | | | | |
| 32:22-24 | 402, 403 | | | | |
| 32:25-33:5 | 402, 403 | | | | |
| 33:6-8<br>33:10-13 | 402, 403 | | | | |
| 33:15-18<br>33:20-21 | 402, 403 | | | | |
| 33:23-25<br>34:2 | 402, 403 | | | | |
| 34:3-8 | 402, 403 | | | | |
| 34:11-12<br>34:14-16 | 402, 403 | 34:18-25 | OBJ; IMP | | |
| 37:21-23 | 402, 403 | | | | |
| 38:4-6 | 402, 403 | | | | |
| 38:9-11 | 402, 403 | | | | |
| 38:12-14<br>38:16 | 402, 403 | 38:18-39:4 | OBJ | | |
| 39:6-7 | 402, 403 | | | | |
| 39:8-9<br>39:12-14 | 402, 403 | | | | |
| 39:15-16<br>39:18-19 | 402, 403 | | | | |
| 39:21-24 | 402, 403 | | | | |
| 39:25-40:5 | 402, 403 | | | | |
| 40:6-9<br>40:11 | 402, 403 | | | | |
| 40:13-14 | H, 402, 403 | | | | |
| 40:15-21 | H, 402, 403 | 40:22-41:20 | OBJ; IMP | | |

| | Jordan Alexander Mesry<br>December 14, 2018 | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 44:7-12 | | | | | |
| 44:13-45:3 | | | | | |
| 45:4-15 | | 45:16-47:14 | IMP; OBJ; CM | | |
| 47:16-19 | | 45:16-47:14 | IMP; OBJ; CM | | |
| 47:20-23 | | | | | |
| 47:24-48:3 | | | | | |
| 48:4-16 | | | | | |
| 48:17-22<br>48:24-49:6 | Arg, M, L, 402, 403 | 53:5-54:3 | CM; OBJ; IMP | | |
| 49:8-12<br>49:14-18 | Arg, L, 402, 403 | 53:5-54:3 | CM; OBJ; IMP | | |
| 49:20-50:2<br>50:4-6 | Arg, L, 402, 403 | 53:5-54:3 | CM; OBJ; IMP | | |
| 50:8-9<br>50:11 | 402, 403 | 53:5-54:3 | CM; OBJ; IMP | | |
| 60:14-18 | H, 402, 403 | | | | |
| 60:19-23 | | 60:24-61:2 | IMP | | |
| 61:12-15<br>61:17-18<br>61:20-24 | | | | | |
| 61:25-62:2 | | 62:3-14 | OBJ; IMP | | |
| 62:22-63:2 | H, 402, 403 | | | | |
| 63:3-7 | H, 402, 403 | | | | |
| 63:8-12 | H, 402, 403 | | | | |
| 63:13-16 | H, 402, 403 | | | | |
| 63:17-19 | H, 402, 403 | | | | |
| 71:17-22 | H, 402, 403 | | | | |
| 71:23-72:4 | | | | | |
| 72:5-7 | | | | | |
| 72:8-9<br>72:11-12 | | | | | |
| 72:14-19 | 402, 403 | | | | |
| 72:20-23<br>72:25 | 402, 403 | | | | |
| 73:2-3 | 402, 403 | | | | |
| 73:4-7<br>73:21-25 | 402, 403 | 73:8-15 | NR | | |

145

| | | Jordan Alexander Mesry December 14, 2018 | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 74:2-5 74:8 | 402, 403 | 76:25-77:4; 77:6-21 | INC; NR; OBJ; IMP | 76:19-21 | L, Arg, 402, 403 |
| 77:23-78:4 78:7-9 | 402, 403 | 76:25-77:4; 77:6-21; 78:11-20 | INC; NR; OBJ; IMP | 76:19-21 | L, Arg, 402, 403 |
| 78:22-24 79:1-2 | 402, 403 | | | | |
| 79:4-6 79:8 | 402, 403 | | | | |
| 79:10-11 | 402, 403 | | | | |
| 79:12-13 | 402, 403 | | | | |
| 79:14-19 | 402, 403 | | | | |
| 79:20-23 79:25 | 402, 403 | | | | |
| 80:2-5 80:8-12 | 402, 403 | | | | |
| 80:14-15 80:18 | 402, 403 | | | | |
| 80:20-23 80:25 | 402, 403 | | | | |
| 81:6-8 81:11 | 402, 403 | | | | |
| 81:13-17 | 402, 403 | | | | |
| 81:18-22 81:25-82:1 | 402, 403 | | | | |
| 82:3-4 82:6 | 402, 403 | | | | |
| 82:8-9 | 402, 403 | | | | |
| 82:12-13 | | | | | |
| 82:16-17 | | | | | |
| 82:19-83:1 83:4 | 402, 403 | | | | |
| 83:6-12 83:15-18 | 402, 403 | 83:20-84:7 | OBJ; IMP | | |
| 84:9-13 | Arg, L, M, 402, | 84:20-85:3 | OBJ; NR; IMP; CM | | |
| 84:16-18 | 403 | | | | |
| 85:5-9 | 402, 403 | 85:19-86:23 | OBJ; FND; 403 | | |

| | | | | | |
|---|---|---|---|---|---|
| **Jordan Alexander Mesry** **December 14, 2018** | | | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 85:11-17 | | 86:24-87:13 | CM; OBJ; IMP | | |
| 87:16-23 88:4-11 | 402, 403 | | | | |
| 88:12 88:14 | 402, 403 | | | | |
| 88:16-21 | 402, 403 | 88:22-89:5 | IMP; REL; OBJ | | |
| 89:7 89:9 | | | | | |
| 89:11-13 89:14-18 | | | | | |
| 89:19-20 89:22 | 402, 403 | | | | |
| 89:24-90:1 | 402, 403 | | | | |
| 90:2-4 | 402, 403 | | | | |
| 90:5 90:9-10 90:13-16 | 402, 403 | | | | |
| 90:18-19 | 402, 403 | | | | |
| 90:20-21 | 402, 403 | | | | |
| 90:22-25 | | | | | |
| 91:1-5 | 402, 403 | | | | |
| 92:8-10 | 402, 403 | | | | |
| 92:18-20 | | | | | |
| 92:23-25 93:2 | 402, 403 | | | | |
| 93:4-5 | 402, 403 | | | | |
| 93:6-8 | 402, 403 | | | | |
| 93:9-10 | 402, 403 | | | | |
| 93:11-13 93:16-17 | 402, 403 | | | | |
| 93:18-19 93:21 | M, L, 402, 403 | 93:23-94:7 | OBJ; NR; IMP | | |
| 94:9-95:1 | 402, 403 | 93:23-94:7 | OBJ; NR; IMP | | |
| 95:2-3 95:5 | 402, 403 | | | | |
| 95:7-10 | 402, 403 | 95:11-96:2 | OBJ; NR; IMP; CM | | |

147

| | | Jordan Alexander Mesry<br>December 14, 2018 | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 96:11<br>96:14<br>96:16<br>96:18 | 402, 403 | 96:20-97:11 | IMP; OBJ; NR; CM | | |
| 97:21-25 | | | | | |
| 98:1-4 | | | | | |
| 98:5-10 | | | | | |
| 100:18-21 | | | | | |
| 100:22-24 | | | | | |
| 100:25-101:3 | | | | | |
| 101:4-9 | | | | | |
| 101:10<br>101:12-14 | | | | | |
| 101:16-19<br>101:22-102:5 | | | | | |
| 102:7-9<br>102:11 | | | | | |
| 102:13-19<br>102:22-23 | | | | | |
| 103:1-8 | | | | | |
| 103:12-14<br>103:17 | | | | | |
| 103:19-21<br>103:23 | | | | | |
| 103:25-104:1 | | | | | |
| 104:2-5 | | | | | |
| 104:6-9 | | | | | |
| 104:10-12 | | | | | |
| 104:13-14 | | | | | |
| 104:15-17<br>104:20 | | | | | |
| 104:22-105:2 | | | | | |
| 105:5-8<br>105:10 | | | | | |
| 105:18-106:8 | 402, 403 | | | | |
| 106:9-10 | 402, 403 | | | | |
| 106:11-17 | 402, 403 | | | | |

| Jordan Alexander Mesry December 14, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 106:18-20 | 402, 403 | | | | |
| 106:21-25 | 402, 403 | 107:1-4 | IMP | | |
| 107:8-12 | H, 402, 403 | | | | |
| 107:13-15 | H, 402, 403 | | | | |
| 107:16-21 | H, 402, 403 | | | | |
| 107:22-24 | H, 402, 403 | | | | |
| 107:25-108:4 | H, 402, 403 | | | | |
| 108:5-6 108:8-9 | H, 402, 403 | | | | |
| 108:11-23 | H, 402, 403 | | | | |
| 109:1-2 | H, 402, 403 | | | | |
| 109:3-5 | H, 402, 403 | | | | |
| 109:7-13 | H, 402, 403 | | | | |
| 109:14-16 | | | | | |
| 109:17-19 | | | | | |
| 109:20-23 | H, 402, 403 | | | | |
| 109:24-25 | | | | | |
| 110:1 110:3-5 | H, 402, 403 | | | | |
| 110:7-9 110:11-14 | Arg, H, 402, 403 | | | | |
| 110:16-21 110:23-25 | Arg, H, L, M, 402, 403 | | | | |
| 111:2-6 | 402, 403 | | | | |
| 111:7-13 111:15 | 402, 403 | | | | |
| 111:17-21 | 402, 403 | | | | |
| 111:22-112:1 112:3-4 | 402, 403 | | | | |
| 112:6-7 112:11 112:13-14 | 402, 403 | | | | |
| 112:16-18 112:21-23 | 402, 403 | | | | |
| 112:25-113:3 | 402, 403 | | | | |
| 113:4-8 | 402, 403 | | | | |
| 113:9-11 | Arg, M, 402, | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Jordan Alexander Mesry**<br>**December 14, 2018** | | | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 113:14-20 | 403 | | | | |
| 113:22-114:3<br>114:5-7 | Arg, 402, 403 | | | | |
| 114:9-10<br>114:13 | 402, 403 | 114:19-115:4 | OBJ; IMP | | |
| 116:20-23 | 402, 403 | | | | |
| 116:24-117:2 | 402, 403 | | | | |
| 117:3-8 | 402, 403 | | | | |
| 117:9-10<br>117:13-14 | 402, 403 | | | | |
| 117:16-19<br>117:21-23 | 402, 403 | | | | |
| 117:25-118:4<br>118:6-7 | 402, 403 | | | | |
| 118:9-11<br>118:13 | 402, 403 | | | | |
| 118:15-19<br>118:21 | 402, 403 | | | | |
| 119:13-18<br>119:24 | 402, 403 | | | | |
| 120:1<br>120:4 | 402, 403 | | | | |
| 120:6-8<br>120:10-11 | 402, 403 | | | | |
| 120:13-14 | 402, 403 | | | | |
| 120:15<br>120:19<br>120:22-23 | 402, 403 | | | | |
| 120:25-121:1<br>121:3 | 402, 403 | | | | |
| 121:5-10<br>121:13 | 402, 403 | | | | |
| 121:15-16<br>121:18 | 402, 403 | | | | |
| 121:20-21<br>121:24-25 | 402, 403 | | | | |
| 122:2-3<br>122:6 | 402, 403 | | | | |

| Jordan Alexander Mesry December 14, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 122:8-10 | 402, 403 | | | | |
| 122:11 122:13 | 402, 403 | | | | |
| 122:15 122:17 | 402, 403 | | | | |
| 122:19-21 | 402, 403 | | | | |
| 122:22-23 | 402, 403 | | | | |
| 122:24-123:1 | 402, 403 | | | | |
| 123:2-3 123:5 | 402, 403 | | | | |
| 123:7-9 123:11 | 402, 403 | | | | |
| 123:13-15 123:17-18 | 402, 403 | | | | |
| 123:20-21 123:24-25 | Spec, 402, 403 | | | | |
| 124:2-4 | H, 402, 403 | | | | |
| 124:5-7 124:9 | 402, 403 | | | | |
| 124:11-14 124:16-18 | H, L, 402, 403 | | | | |
| 124:20-125:1 125:4 | 402, 403 | | | | |
| 125:6-9 125:11-15 | 402, 403 | 125:17-23 | OBJ | | |
| 126:9-12 126:14 | 402, 403 | | | | |
| 127:7-10 | | | | | |
| 127:11-13 127:15-16 | | | | | |
| 127:18-19 | | | | | |
| 127:20-24 | | | | | |
| 127:25-128:2 | | | | | |
| 128:7 128:12-16 | | | | | |
| 128:17-21 | | | | | |
| 128:22-24 | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Jordan Alexander Mesry** **December 14, 2018** | | | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 129:3-5 | | | | | |
| 129:6-9 | | | | | |
| 129:10-12 | | | | | |
| 129:13-18 | | | | | |
| 130:17-20 130:22 | | | | | |
| 130:24-131:1 131:3 | | | | | |
| 135:6 135:11-17 | H, 402, 403 | | | | |
| 136:9-16 136:18 | H, 402, 403 | | | | |
| 136:20-21 136:24-25 | H, 402, 403 | | | | |
| 137:2-3 137:5-6 | H, 402, 403 | | | | |
| 137:8-11 | H, 402, 403 | | | | |
| 137:12-13 | H, 402, 403 | | | | |
| 137:14-20 | H, 402, 403 | | | | |
| 137:21-23 | H, 402, 403 | | | | |
| 137:24-138:3 138:5-6 | H, 402, 403 | | | | |
| 138:8-9 | 402, 403 | | | | |
| 138:10-11 | 402, 403 | | | | |
| 138:12-14 138:17-19 | M, 402, 403 | | | | |
| 138:21-24 139:1-2 | H, 402, 403 | | | | |
| 139:4-7 | 402, 403 | | | | |
| 139:8-10 139:13-16 | 402, 403 | | | | |
| 139:18-24 | 402, 403 | | | | |
| 139:25-140:3 | 402, 403 | | | | |
| 140:4-10 | 402, 403 | | | | |
| 140:11-15 | 402, 403 | | | | |
| 140:16-21 | H, 402, 403 | | | | |
| 140:22-25 | H, 402, 403 | | | | |

| Jordan Alexander Mesry December 14, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 141:1-8 | | | | | |
| 141:9-12 | 402, 403 | | | | |
| 141:13-15 | 402, 403 | | | | |
| 141:16-19 | 402, 403 | | | | |
| 141:21 | | | | | |
| 141:23-24 | 402, 403 | | | | |
| 141:25-142:2 | 402, 403 | | | | |
| 142:5-7 | | | | | |
| 142:9-12 | 402, 403 | | | | |
| 142:13 | Spec, 402, 403 | | | | |
| 142:16-19 | | | | | |
| 142:21-143:3 | M, 402, 403 | | | | |
| 143:6-9 | | | | | |
| 143:11-19 | L, 402, 403 | | | | |
| 143:22 | | | | | |
| 143:24 | | | | | |
| 144:1-13 | 402, 403 | | | | |
| 144:14-19 | 402, 403 | | | | |
| 144:22-23 | | | | | |
| 145:4-13 | M, 402, 403 | | | | |
| 145:14-17 | 402, 403 | | | | |
| 145:18-19 | 402, 403 | | | | |
| 145:22 | | | | | |
| 145:24-146:1 | 402, 403 | | | | |
| 146:2-5 | 402, 403 | | | | |
| 146:6-10 | 402, 403 | | | | |
| 146:12-20 | | | | | |
| 146:22-24 | 402, 403 | | | | |
| 147:1-5 | | | | | |
| 147:7-10 | 402, 403 | | | | |
| 147:17 | | | | | |
| 147:18-19 | 402, 403 | | | | |
| 148:1-4 | 402, 403 | | | | |
| 148:6-13 | | | | | |
| 148:15-16 | 402, 403 | | | | |
| 148:17-24 | 402, 403 | | | | |
| 149:5-10 | H, 402, 403 | | | | |

| Jordan Alexander Mesry December 14, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 149:11-12 | | | | | |
| 149:13-14 | | | | | |
| 149:15-17 | | | | | |
| 149:18-19 | | | | | |
| 149:20-23 150:3-6 150:8-10 | | | | | |
| 150:12-16 | | | | | |
| 150:17-18 | | | | | |
| 150:19-22 | | | | | |
| 150:23-24 | | | | | |
| 150:25-151:1 | | | | | |
| 151:2-5 151:7-8 | | | | | |
| 151:10-13 151:15-16 | | 151:18-156:19 | OBJ; IMP | | |
| 156:20 156:25-157:3 | | 151:18-156:19 | OBJ; IMP | | |
| 158:15-17 158:19 | F, 402, 403, 701 | 158:9-13 | NR; OBJ; IMP | | |
| 158:21-22 158:25-159:3 | F, 402, 403, 701 | | | | |
| 159:5-12 | F, 402, 403, 701 | 159:13-160:13 | OBJ; NR; IMP | | |
| 160:15-17 | | | | | |
| 160:18-20 | | | | | |
| 160:21-22 160:25-161:1 | | | | | |
| 161:3-6 | | | | | |
| 161:7-8 | | | | | |
| 161:9-10 | | | | | |
| 161:11-13 161:16-17 | | | | | |
| 161:19-20 | | | | | |
| 161:21-23 162:1-2 | | | | | |
| 162:15-20 | | | | | |

154

| Jordan Alexander Mesry December 14, 2018 | | | | | |
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 162:21-163:1 | | | | | |
| 163:2-4 | | | | | |
| 163:6 | | | | | |
| 163:8-13 | H, 402, 403 | | | | |
| 163:19-21 | H, 402, 403 | | | | |
| 163:23-24 | | | | | |
| 164:3-5 | | | | | |
| 164:6-17 | H, 402, 403 | | | | |
| 164:19 | | | | | |
| 164:21-25 | Spec, F, 402, 403, 701 | | | | |
| 165:2-3 | | | | | |
| 165:5-11 | Spec, F, M, L, 402, 403, 701 | | | | |
| 165:12-16 | M, L, 402, 403 | | | | |
| 165:18-20 | | | | | |
| 165:22-25 | 402, 403 | | | | |
| 166:1-2 | H, 402, 403 | | | | |
| 166:3-9 | H, 402, 403 | | | | |
| 166:10-11 | F, 402, 403, 701 | | | | |
| 166:13-14 | | | | | |
| 166:16-17 | F, Spec, 402, 403 | | | | |
| 166:19-21 | | | | | |
| 166:23-25 | F, Spec, 402, 403 | | | | |
| 167:3-5 | | | | | |
| 167:7-8 | F, Spec, 402, 403 | | | | |
| 167:10 | | | | | |
| 167:14-16 | H, 402, 403 | | | | |
| 167:21-23 | | | | | |
| 168:3-6 | H, 402, 403 | | | | |
| 168:7-9 | 402, 403 | | | | |
| 168:10-12 | M, L, 402, 403 | | | | |
| 168:14-16 | | | | | |
| 168:18-20 | Arg, M, L, 402, 403 | | | | |
| 168:22-169:2 | | | | | |
| 169:4-9 | Arg, M, L, 402, 403 | | | | |
| 170:10-13 | | 170:14-21 | | | |

| Rivka Monheit December 17, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 4:24-5:3 | | | | | |
| 6:21-25 | | 5:22-6:5 | | | |
| 7:1-4 | | 6:7-11 | | | |
| 7:5-11 | | | | | |
| 7:12-14 | | | | | |
| 7:15-18 | 402 | 6:13-19 | | | |
| 7:19-25 | | | | | |
| 8:6-8 | | | | | |
| 8:9-20 | | | | | |
| 8:21-23 | | | | | |
| 9:7-10 | | | | | |
| 9:11-15 | | | | | |
| 9:16-10:1 | | | | | |
| 10:2-8 | | | | | |
| 11:9-14 | 402, I, V | | | | |
| 11:15-18 | 402 | | | | |
| 11:19-22 | 402, I, V | | | | |
| 12:12-14 | 402 | | | | |
| 12:15-20 | 402 | | | | |
| 13:4-8 | | | | | |
| 13:9-16 | 402, V | | | | |
| 13:17-23 | 402, I, V | | | | |
| 14:8-11 | 402, I, V, C | | | | |
| 14:14-18 | 402, I, V | | | | |
| 14:19-15:3 | 402, I, V | | | | |
| 15:4-6 | 402, I, V | | | | |
| 15:7-10 | 402, I, V | | | | |
| 15:11-12 | 402, I, V | | | | |
| 15:13-17 | 402, 403, I, V | | | | |
| 16:11-15 | 403, 403, I, V, M | | | | |
| 16:16-20 | 402, 403, I, V | 17:14-18:23 | | | |
| 19:10-20:2 | 402 | | | | |
| 20:3-7 | 402, 403, I, V | | | | |
| 20:8-13 | 402, I ,V | | | | |
| 20:14-18 | 402, I, V | | | | |
| 20:19-22 | 402, 403, I, V | | | | |

| Rivka Monheit December 17, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 20:23-21:5 | 402, 403, I, V | | | | |
| 21:6-8 | 402 | | | | |
| 21:9-12 | 402 | | | | |
| 21:13-15 | 402 | | | | |
| 21:16-19 | 402 | | | | |
| 21:20-24 | 402 | | | | |
| 21:25-22:4 | 402, I, V | | | | |
| 22:5-15 | 402 | | | | |
| 22:16-18 | 402 | | | | |
| 22:19-23:3 | 402, I, V | | | | |
| 23:4-5 23:10-11 23:13-17 | 402, I, V | | | | |
| 23:19-24:5 | 402 | | | | |
| 26:24-27:9 | 402 | | | | |
| 29:1-4 | 402 | | | | |
| 29:5-12 | 402, 403, I, V | | | | |
| 29:21-30:6 | 402, 403, I, V | | | | |
| 31:18-22 | 402, 403, I, V | | | | |
| 31:23-32:1 32:7-8 | 402, 403, I, V | | | | |
| 32:9-33:1 | 402, 403, I, V | | | | |
| 34:5-15 | 402, 403, I, V | | | | |
| 34:16-24 | 402, 403, I, V | | | | |
| 34:25-35:2 | 402, 403, I, V | | | | |
| 35:3-4 | 402, 403, I, V | | | | |
| 35:5-7 | 402, 403, I, V | | | | |
| 42:5-9 42:13-16 | 402, I, V | 42:2-3, 42:10-11 | | | |
| 42:17-22 | | | | | |
| 42:23-43:1 | | | | | |
| 43:2-5 | | | | | |
| 45:15-18 | 402, I, V | | | | |
| 45:19-22 | 402, Spec, I, V | | | | |
| 45:23-46:2 | 402, Spec, I, V | | | | |
| 46:3-5 | 402, I, V | | | | |
| 46:6-9 | 402, I, V | | | | |

| Rivka Monheit December 17, 2018 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 46:10-12 | 402, I, V | | | | |
| 46:13-15 | 402, I, V | | | | |
| 49:11-15 | 402, 403, I, V | | | | |
| 49:16-19 49:21-50:4 | 402, 403, I, V | | | | |
| 50:6-9 | 402, 403, I, V | | | | |
| 50:10-51:7 | 402, 403, I, V | | | | |
| 51:8-16 | 402, 403, I, V | | | | |
| 51:22-52:17 | 402, 403, I, V | | | | |
| 52:23-53:10 | 402, 403, I, V | | | | |
| 53:11-16 | 402, I, V | | | | |
| 53:17-19 | 402, I, V | | | | |
| 53:20-25 | 402, I, V | | | | |
| 54:1-3 | 402, I, V | | | | |
| 54:4-5 | 402, I, V | | | | |
| 54:6-8 | 402, I, V | | | | |
| 54:9-13 | 402, I, V | | | | |
| 54:14-17 | 402, I, V | | | | |
| 54:18-19 55:1-8 | 402, I, V | | | | |
| 55:10-20 | 402, I, V | | | | |
| 55:21-25 | 402, I, V | | | | |
| 56:1-9 | 402, I, V | | | | |
| 57:23-58:20 | 402, I, V | | | | |
| 70:17-20 | 402, 403, I, V | | | | |
| 70:21-71:1 | 402, 403, I, V | | | | |
| 71:2-5 | 402, 403, I, V | | | | |
| 71:11-14 | 402, 403, I, V | | | | |
| 71:15-18 71:20-23 | 402, 403, I, V, M | | | | |
| 71:25-72:4 72:7-10 | 402, 403, I, V | | | | |
| 72:12-16 72:19-73:2 | 402, 403, I, V | 73:4-8 | | | |
| 73:4-8 | 402, 403, I, V | | | | |
| 73:9-10 73:18-74:8 | 402, 403, I, V | | | | |

| Rivka Monheit December 17, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 74:9-11 | 402, 403, I, V | | | | |
| 74:12-13 74:16-17 74:23-75:5 | 402, 403, I, V | | | | |
| 75:7-9 75:12-17 | 402, 403, I, V | | | | |
| 75:19-20 76:3-12 | 402, 403, I, V | | | | |
| 76:16-21 77:10-17 | | | | | |
| 77:18-21 | | | | | |
| 77:22-78:7 | | | | | |
| 78:8-11 | | | | | |
| 78:12-16 | | | | | |
| 78:17-19 | 402, F, I, V | | | | |
| 78:20-79:3 | 402, F, I, V | | | | |
| 79:4-8 | 402, F, I, V | | | | |
| 79:9-11 | 402, F, I, V | | | | |
| 79:12-13 | 402, F, I, V | | | | |
| 79:14-18 79:21-22 80:6-7 80:15-16 | 402, 403, F, I, V | | | | |
| 81:6-10 81:14 | 402, 403, F, I, V | | | | |
| 81:16 | 402, F, I, V | | | | |
| 81:21-82:4 | 402, 403, F, I, V | | | | |
| 83:6-11 | 402, 403, I, V | | | | |
| 83:12-14 83:17-18 | 402, 403, I, V | | | | |
| 83:20-84:2 84:5-8 | 402, 403, I, V, LC | | | | |
| 84:10-11 | 402, 403, I, V, LC | | | | |
| 86:9-11 86:15-19 | | | | | |

| Rivka Monheit December 17, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 87:6-8 87:14-25 | 402, 403, I, V, M | | | | |
| 88:2-8 | 402, 403, Spec, I, V, | | | | |
| 88:9-23 | 402, 403, I, V | | | | |
| 88:24-89:10 | 402, 403, I, V | | | | |
| 89:11-17 | 402, 403, I, V, LC | | | | |
| 89:18-22 | | | | | |
| 89:23-25 | | | | | |
| 90:1-5 90:8-11 | 402, 403, I, V, LC | | | | |
| 90:13-14 90:17 90:20-22 | 402, 403, I, V, LC | | | | |
| 90:24-91:1 91:4-10 91:12-23 | 402, 403, I, V, LC | | | | |
| 91:25-92:1 92:3-8 | 402, 403, I, V, LC | | | | |
| 92:9-11 | 402, 403, I, V, LC | | | | |
| 92:12-19 | 402, 403, I, V, LC | | | | |
| 93:6-14 | 402, 403, I, V, LC | | | | |
| 93:15-17 | 402, 403, I, V, LC | | | | |
| 93:18 93:21-23 | 402, 403, I, V, LC | | | | |
| 93:25-94:2 | 402, 403, I, V, LC | | | | |
| 94:3-7 | 402, 403, I, V, LC | | | | |
| 94:8-12 | 402, 403, I, V, LC | | | | |
| 94:13-15 | 402, 403, I, V | | | | |
| 94:16-21 | 402, 403, I, V | | | | |

160

| Rivka Monheit December 17, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 94:22-95:1 | 402 | | | | |
| 96:3-5 96:13-17 | 402, 403, I, V | | | | |
| 96:19-21 | 402, 403, I, V | | | | |
| 96:22-97:5 | 402, 403, I, V | | | | |
| 98:7-15 | 402, 403, I, V | | | | |
| 98:16-18 | 402, 403, I, V | | | | |
| 98:19-22 | 402, 403, I, V | | | | |
| 98:23-99:4 | 402, 403, I, V | | | | |
| 99:5-8 | 402, 403 | | | | |
| 99:9-12 99:19-100:1 | 402, 403, I, V | | | | |
| 100:3-6 | 402, 403, I, V | | | | |
| 100:7-14 | 402, 403, I, V | | | | |
| 104:4-8 104:15-25 | 402, 403, I, V | | | | |
| 109:3-6 | 402, 403, I, V | | | | |
| 109:7-13 | 402, 403, I, V | | | | |
| 109:14-17 | 402, 403, I, V | | | | |
| 109:18-110:1 | 402, 403, I, V | | | | |
| 111:24-112:1 | 402, 403, I, V | | | | |
| 112:2-3 | 402, 403, I, V | | | | |
| 112:4-6 | 402, 403, I, V | | | | |
| 112:7-10 | 402, 403, I, V | | | | |
| 112:11-15 | 402, 403, I, V | | | | |
| 112:16-20 | 402, 403, I, V | | | | |
| 112:21-23 113:1-11 | 402, 403, I, V | | | | |
| 113:13-114:7 | 402, 403, I, V | | | | |
| 114:10-23 | 402, 403, I, V | | | | |
| 117:20-118:4 | 402, 403, I, V | | | | |
| 118:5-8 | 402, 403, I, V | | | | |
| 118:9-11 | 402, 403, I, V | | | | |
| 118:12-17 | 402, 403, I, V | | | | |
| 118:18-21 | 402, 403, I, V | | | | |
| 118:22-119:2 | 402, 403, I, V | | | | |
| 119:3-5 | 402, 403, Spec, | | | | |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| | Rivka Monheit December 17, 2018 | | | | |
| | I, V | | | | |
| 119:6-9 | 402, 403, I, V | | | | |
| 119:10-17 | 402, 403, Spec, I, V | | | | |
| 119:18-20 | 402, 403, I, V | | | | |
| 119:21-23 | 402, 403, I, V | | | | |
| 119:24-120:4 120:9-10 | 402, 403, I, V, LC | | | | |
| 120:11-121:6 | 402, 403, I, V, LC | | | | |
| 121:7-9 121:13-19 | 402, 403, I, V, LC | | | | |
| 121:21-122:3 | 402, 403, I, V | | | | |
| 122:4-6 122:9-13 | 402, 403, I, V, LC | | | | |
| 122:15-17 122:20-23 | 402, 403, I, V, LC | | | | |
| 122:25-123:4 | 402, 403, I, V, LC | | | | |
| 123:5-7 123:10-12 | 402, 403, I, V, LC | | | | |
| 123:22-24 124:2-4 | 402, 403, I, V, LC | | | | |
| 124:6-9 | 402, 403, I, V, LC | | | | |
| 124:10-13 124:17-23 | 402, 403, I, V | | | | |
| 124:24-25 | 402, 403, I, V | | | | |
| 125:1-3 | 402, 403, I, V | | | | |
| 125:4-6 | 402, 403, I, V | | | | |
| 125:7-14 | 402, 403, I, V | | | | |
| 125:15-16 | 402, 403, I, V | | | | |
| 125:17-19 | 402, 403, I, V | | | | |
| 126:1-11 | 402, 403, I, V | | | | |
| 126:12-13 | 402, 403, I, V | | | | |
| 126:14-19 | 402, 403, I, V | | | | |
| 127:3-7 | 402, 403, I, V, | | | | |

162

| | | | Rivka Monheit<br>December 17, 2018 | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| | LC | | | | |
| 127:8-12<br>127:16-128:18 | 402, 403, I, V, LC | | | | |
| 128:22-25<br>129:3-10 | | | | | |
| 129:11-14 | | | | | |
| 129:15-17 | | | | | |
| 129:18-23 | | | | | |
| 129:24-130:3 | | | | | |
| 130:4-6 | 402, I, V | | | | |
| 130:7<br>130:10-14<br>130:16-23 | 402, 403, I, V, LC | | | | |
| 130:25-131:5 | 402, 403, I, V | | | | |
| 131:6<br>131:9-12 | 402, 403, I, V, LC | | | | |
| 131:14-15<br>131:18-22 | 402, 403, I, V, LC | | | | |
| 131:24-25<br>132:3-10 | 402, 403, I, V, LC | | | | |
| 132:12-14 | | | | | |
| 132:15-18<br>132:22-133:5 | 402, 403, I, V, LC | 132:19 | | | |
| 133:7-9<br>133:12-17 | 402, 403, I, V, 701, LC | | | | |
| 133:19-21 | 402, 403, I, V, 701 | | | | |
| 133:22-134:9 | 402, 403, I, V, LC | | | | |
| 134:10-12<br>134:16-18 | 402, 403, I, V, 701 | | | | |
| 134:20-23<br>135:2-3 | 402, 403, I, V, 701 | | | | |
| 135:5-6<br>135:9-12 | 402, 403, I, V, 701 | | | | |
| 135:14-16<br>135:19-21 | 402, 403, I, V, 701 | | | | |
| 135:23-25 | 402, 403, I, V, | | | | |

| | | Rivka Monheit<br>December 17, 2018 | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 136:3-10 | 701 | | | | |
| 136:12-13<br>136:16-18 | 402, 403, I, V, 701 | | | | |
| 136:20-21<br>136:24-137:2 | 402, 403, I, V, 701 | | | | |
| 137:4-6 | 402, 403, I, V, 701 | | | | |
| 137:7-10 | 402, 403, I, V, 701 | | | | |
| 137:11-13<br>137:16-23 | 402, 403, I, V, 701 | | | | |
| 137:25-138:3 | 402, 403, I, V, 701 | | | | |
| 138:8-9 | 402, 403, I, V, 701 | | | | |
| 138:10<br>138:13-14 | 402, 403, I, V, 701 | | | | |
| 138:15-16 | 402, 403, I, V, 701 | | | | |
| 139:5-6 | 402, 403, Spec, I, V, 701 | | | | |
| 139:7-8 | 402, 403, Spec, I, | | | | |
| 139:11-15 | V, 701 | | | | |
| 139:17-18 | 402, 403, I, V | | | | |
| 139:19-22 | 402, 403, I, V | | | | |
| 139:23-25 | 402, 403, Spec, I, | | | | |
| 140:3-7 | V, 701 | | | | |
| 140:9-10 | 402, 403, I, V | | | | |
| 140:11-13 | 402, 403, I, V | | | | |
| 140:14-16 | 402, 403, I, V | | | | |
| 140:17-18<br>140:21-23 | 402, 403, I, V, 701 | | | | |
| 140:25-141:2 | 402, 403, I, V | | | | |
| 141:3-5 | 402, 403, Spec, I, | | | | |

| Rivka Monheit December 17, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 141:8-11 | V, 701 | | | | |
| 141:13-18 | 402, 403, Spec, I, V, 701 | | | | |
| 141:19-142:1 | 402, 403, Spec, I, V, 701 | | | | |
| 142:2-5 | 402, 403, Spec, I, V, 701 | | | | |
| 142:15-17 | 402, 403, Spec, I, | | | | |
| 142:21-23 | V, 701, Arg | | | | |
| 143:6-7 | | | | | |
| 143:8-9 | 402, 403, Spec, I, | | | | |
| 143:12-13 | V, 701 | | | | |
| 143:15-16 | 402, 403, Spec, I, | | | | |
| 143:19-24 | V, 701 | | | | |
| 144:1-2 | 402, 403, I, V | | | | |
| 144:3-6 | 402, 403, Spec, I, | | | | |
| 144:9-12 | V, 701, Arg | | | | |
| 144:15-20 | | | | | |
| 144:22 | 402, 403, Spec, I, | | | | |
| 144:25-145:3 | V, 701 | | | | |
| 145:5-7 | 402, 403, Spec, I, | | | | |
| 145:10-14 | V, 701 | | | | |

165

| Eric Pressly December 19, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 137:16-17 | | | | | |
| 137:21-138:10 | | | | | |
| 138:14-16 | M | | | | |
| 138:19-22 | M; S | | | | |
| 138:24-139:4 | | | | | |
| 139:5-6 | | | | | |
| 139:10-14 | F; S; Spec | | | | |
| 139:21-140:1 | F; Spec; S; 701 | | | | |
| 140:4-6 | F; Spec; S; 701 | | | | |
| 140:9 | F; Spec; S; 701 | | | | |
| 141:19-20 | Spec; S; 701; V | | | | |
| 141:22-142:6 | Spec; S; 701; H | | | | |
| 142:9-14 | Spec; S | | | | |
| 142:16-143:2 | 611; 602; Spec; S | | | | |
| 143:6-10 | 611; 602; Spec; S | | | | |
| 143:13-18 | 602; Spec; S | | | | |
| 143:21-145:3 | 602; Spec; S | | | | |
| 145:7-17 | S; Spec | | | | |
| 145:20-146:3 | S; Spec | | | | |
| 146:4-6 | S; Spec; 701; M | | | | |
| 146:9-17 | S; Spec; 701; M | | | | |
| 146:19-21 | S | | | | |
| 146:23-25 | S; V | | | | |
| 147:2-4 | S; F; V | | | | |
| 147:7 | S; F; V | | | | |
| 147:19-25 | V | | | | |
| 148:3-6 | S | | | | |
| 148:8-9 | S | | | | |
| 148:13-15 | S | | | | |
| 148:17-18 | S | | | | |
| 148:23-149:6 | S; 701 | | | | |
| 149:9-13 | S | | | | |
| 149:15-22 | | | | | |
| 150:20-22 | S | | | | |
| 150:24-151:4 | | | | | |

166

| Eric Pressly December 19, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 151:6-9 | S | | | | |
| 151:11-13 | S | | | | |
| 152:9-15 | NT | | | | |
| 152:21-23 | S | | | | |
| 152:25-153:4 | S | | | | |
| 153:9-13 | S | | | | |
| 153:15-16 | | | | | |
| 153:23-154:9 | S | | | | |
| 154:14-17 | | | | | |
| 156:19-21 | P | | | | |
| 157:2-5 | P | | | | |
| 157:9 | | | | | |
| 159:17-18 | I; V | | | | |
| 159:22-158:3 | I; V | | | | |
| 163:17-22 | | | | | |
| 164:12-13 | M | | | | |
| 164:15-18 | | | | | |
| 164:20-23 | S | | | | |
| 164:25-165:4 | S | | | | |
| 165:6 | | | | | |

| Joseph Santy May 14, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 6:12-15 | | 71:23-72:5 | IMP, OBJ | 72:7-10, 72:12-14, 72:16-21 | H, 402, 403 |
| 6:16-17 | | 78:12-78:23 | IMP, OBJ, NR | | |
| 6:18-20 | | 141:11-141:16 | IMP, OBJ | | |
| 6:21-23 | | | | | |
| 6:24-7:1 | | | | | |
| 7:2-4 | | | | | |

| Joseph Santy May 14, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 7:5-11 | | | | | |
| 7:12-13 7:15-16 | V | | | | |
| 7:18-21 | | | | | |
| 7:22-23 8:1-2 | V | | | | |
| 8:4-7 | V | | | | |
| 8:10-13 8:16-18 | | | | | |
| 8:20-23 8:25-9:3 | V, C | | | | |
| 12:18-20 12:22-13:1 | V | | | | |
| 17:9-14 | V | | | | |
| 17:15-19 | V | | | | |
| 18:3-6 18:8-9 | V | | | | |
| 18:11-14 18:16-19 | V | | | | |
| 19:5-6 19:8-10 | V | | | | |
| 19:12-16 19:18 | V | | | | |
| 19:20-23 19:25-20:2 | V | | | | |
| 20:4 20:6-7 | V | | | | |
| 20:9-10 | V | | | | |
| 20:11-15 20:19-21 | V, AF | | | | |
| 20:23-21:5 21:7-8 | V, AF | | | | |
| 21:10-13 | I | | | | |
| 21:14-16 21:18-23 | V, C | | | | |
| 38:18-21 38:23-24 | V, M | | | | |
| 39:2-5 | V, M | | | | |

| Joseph Santy May 14, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 39:7-10 | | | | | |
| 41:11-14 | | | | | |
| 41:15-16 | | | | | |
| 41:17-19 | | | | | |
| 41:20-21 | | | | | |
| 41:22-42:6 | V, H | | | | |
| 42:7-17 | | | | | |
| 43:4-6 | V, H | | | | |
| 43:8-15 | | | | | |
| 43:17-25 | V, C | | | | |
| 44:1-5 | | | | | |
| 44:6-8 | | | | | |
| 44:9-12 | | | | | |
| 44:13-18 | | | | | |
| 44:19 | V, H | | | | |
| 44:21-25 | | | | | |
| 45:8-9 | V | | | | |
| 45:11-12 | | | | | |
| 46:1-2 | V | | | | |
| 46:4 | | | | | |
| 46:6-9 | | | | | |
| 46:10-13 | V | | | | |
| 47:3-5 | V, AF, H | | | | |
| 47:7-9 | | | | | |
| 48:20-49:5 | N, V | | | | |
| 49:6-7 | V | | | | |
| 49:9-13 | | | | | |
| 52:25-53:5 | | | | | |
| 53:6-7 | V, C | | | | |
| 53:9-10 | | | | | |
| 53:12-14 | | | | | |
| 53:15-16 | V | | | | |
| 53:17 | V | | | | |
| 53:19-21 | | | | | |
| 53:23-25 | V | | | | |
| 54:1-5 | V | | | | |
| 54:25-55:4 | V | | | | |

169

| Joseph Santy May 14, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 55:5-11 | V | | | | |
| 55:12-13 | V | | | | |
| 55:14-15 | V | | | | |
| 55:16-20 | | | | | |
| 55:21-24 | V | | | | |
| 55:25-56:1 | V, AF | | | | |
| 56:3-4 | | | | | |
| 56:6-7 | | | | | |
| 56:8-12 | V | | | | |
| 56:13-18 | V, C | | | | |
| 56:20-24 | | | | | |
| 57:2-8 | V, C | | | | |
| 57:10-14 | | | | | |
| 57:16-19 | V, C, AF | | | | |
| 57:21-22 | | | | | |
| 58:2-7 | V, C, AF | | | | |
| 58:9-16 | | | | | |
| 63:8-11 | V, C, AF | | | | |
| 63:13 | | | | | |
| 63:15-17 | V, AF | | | | |
| 63:20-23 | | | | | |
| 63:24-64:2 | V, I | | | | |
| 70:17-20 | | | | | |
| 70:25 | | | | | |
| 71:2-4 | | | | | |
| 71:5-8 | | | | | |
| 71:9-16 | H | | | | |
| 71:17 | F, S | | | | |
| 71:19-21 | | | | | |
| 72:22-73:1 | V, C, AF | | | | |
| 73:3-4 | | | | | |
| 73:6-7 | V | | | | |
| 73:9-13 | | | | | |
| 73:15-17 | V, AF | | | | |
| 73:19-21 | | | | | |
| 73:23-24 | | | | | |
| 73:25-74:1 | | | | | |

170

| Joseph Santy<br>May 14, 2018 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 74:2-4 | | | | | |
| 74:5-7 | | | | | |
| 74:8-10<br>74:12 | V, AF | | | | |
| 74:14-15<br>74:17-18 | V, AF | | | | |
| 74:20-21<br>74:23 | V | | | | |
| 74:25-75:2<br>75:4 | V, AF | | | | |
| 75:6-8<br>75:10 | V | | | | |
| 75:12-16<br>75:18-20 | V, AF | | | | |
| 75:22-76:1<br>76:3-4 | V, AF | | | | |
| 76:6-8 | V, C | | | | |
| 76:24-77:2<br>77:4 | V, AF | | | | |
| 77:22-78:1 | V, AF, C | | | | |
| 78:4-9 | V, AF, C | | | | |
| 87:24-88:1<br>88:3 | V, AF, M | | | | |
| 88:5-10 | I, V | | | | |
| 89:6-11 | | | | | |
| 89:12-14 | | | | | |
| 89:15<br>89:17-21 | V, F, S, 701 | | | | |
| 89:23-90:1<br>90:3-12 | V, F, H | | | | |
| 90:14<br>90:16-22 | V, F, H | | | | |
| 93:16-18 | V, I, H | | | | |
| 93:19-21 | V, I | | | | |
| 93:24-94:1 | V, I | | | | |
| 94:2-3<br>94:5-6 | V, AF | | | | |

171

| Joseph Santy May 14, 2018 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 94:8-11 | | | | | |
| 94:12-13 94:15-16 | V, F | | | | |
| 94:18-23 94:25 | V, F, C, Hyp | | | | |
| 95:2 95:4-5 | V, I | | | | |
| 95:7-8 | | | | | |
| 95:9-13 | | | | | |
| 95:14-16 | | | | | |
| 95:17-18 95:20-22 | V, C | | | | |
| 95:24-25 96:2-4 | V | | | | |
| 96:12-14 96:16-18 | V | | | | |
| 96:20-22 96:24 | V, F, 701 | | | | |
| 97:2-4 97:6-8 | V, F | | | | |
| 97:10-13 | | | | | |
| 97:14-16 97:18 | V, Hyp | | | | |
| 97:20-22 | V | | | | |
| 97:23-98:4 | | | | | |
| 98:5-8 | V, I | | | | |
| 98:9-12 98:14-15 | V, C, F, Hyp | | | | |
| 98:17-20 | I | | | | |
| 98:21-99:3 99:5-6 | V, C, F, Hyp, 701 | | | | |
| 99:8-11 99:13-14 | V, C, F, Hyp, 701 | | | | |
| 99:16-19 99:21 | V, Hyp, 701, Spec | | | | |
| 100:18-25 101:2-17 | V, C, AF | | | | |

| Joseph Santy May 14, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 107:20-24 | | | | | |
| 107:25-108:2 | | | | | |
| 108:3-7 | | | | | |
| 113:12-13 113:17-19 | | | | | |
| 113:20-21 | | | | | |
| 113:22-25 114:3-4 | H, V | | | | |
| 114:5 | V | | | | |
| 114:7 | | | | | |
| 116:21-117:3 | | | | | |
| 117:4-9 | | | | | |
| 120:14-24 | | | | | |
| 120:25-121:1 | V, C | | | | |
| 121:2-5 | V, F | | | | |
| 121:6-8 121:10-12 | V, F, AF | | | | |
| 124:19-23 | | | | | |
| 124:24-125:3 125:5-7 | V, F, S, Hyp | | | | |
| 125:9-11 125:13 | V, AF | | | | |
| 125:15 125:17-19 | V, F | | | | |
| 125:21-22 125:24-25 | V, F, M | | | | |
| 126:2-3 | V | | | | |
| 126:6 126:8-10 | V, F | | | | |
| 126:12-13 126:15-127:3 | V, F, AF | | | | |
| 133:11-14 133:16-19 | V, AF, M | | | | |
| 133:21-24 | V | | | | |
| 133:25-134:3 134:5 | V, C | | | | |
| 134:7-10 | V | | | | |

| Joseph Santy May 14, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 134:13-17 | V, M | | | | |
| 134:18-22 | V | | | | |
| 134:23-25 | V | | | | |
| 135:1-4 | V, I | | | | |
| 135:5-7 | V | | | | |
| 135:8-9 | V, I | | | | |
| 136:15-18 | V | | | | |
| 136:19-20 | V | | | | |
| 136:21-23 | V | | | | |
| 136:24-25 | V | | | | |
| 137:1-5 137:7-9 | V | | | | |
| 137:11-14 | V | | | | |
| 137:15-19 | V | | | | |
| 137:23-24 | | | | | |
| 137:25-138:2 138:4-11 | V | | | | |
| 138:13-25 | V | | | | |
| 139:1-5 | V, C | | | | |
| 139:8-10 | V | | | | |
| 139:11-14 139:19-20 139:23-25 | I, C | | | | |
| 140:2-11 | V, C | | | | |
| 140:12-14 | I | | | | |
| 140:15-18 | Hyp | | | | |
| 140:19-22 140:24-141:1 | V, AF | | | | |
| 141:3-5 141:7-9 | V, M | | | | |
| 144:10-14 144:15-18 144:22 | | | | | |
| 144:24-25 145:1-9 | | | | | |
| 145:10-13 | V | | | | |
| 145:15-17 | | | | | |

| Joseph Santy May 14, 2018 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 145:19-21 | | | | | |
| 145:22-25 | V | | | | |
| 146:1-3 | | | | | |
| 146:4 | | | | | |
| 146:8-13 | | | | | |
| 146:14-16 | | | | | |
| 149:6-8 | V, F, Spec | | | | |
| 149:10-12 | | | | | |
| 149:14-19 | V, M | | | | |
| 149:21-23 | | | | | |
| 149:25-150:4 | V | | | | |
| 150:5-6 | V | | | | |
| 150:8-10 | | | | | |
| 150:12-20 | I, V | | | | |
| 150:21-151:6 | | | | | |
| 178:13-17 | | | | | |
| 178:18-19 | | | | | |
| 178:20-22 | | | | | |
| 178:23-24 | | | | | |
| 178:25-179:4 | V, M | | | | |
| 179:5-7 | V | | | | |

| Joseph Santy December 17, 2018 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 5:20-22 | | 117:13-118:6 | IMP, OBJ, LDG | | |
| 5:23-25 | | 118:14-119:1 | IMP, OBJ, LDG, FND | | |
| 6:1-3 | | 120:20-121:12 | IMP, OBJ, LDG | | |
| 6:4-5 | | | | | |
| 6:6-8 | | | | | |

| Joseph Santy<br>December 17, 2018 | | | | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 6:9-21 | | | | | |
| 7:1-3 | | | | | |
| 7:4-6 | | | | | |
| 16:13-16 | | | | | |
| 16:17-18 | | | | | |
| 16:19-23 | | | | | |
| 17:13-16 | | | | | |
| 17:17-21 | | | | | |
| 18:5-7 | | | | | |
| 18:8-13 | | | | | |
| 18:14-18 | | | | | |
| 18:19-20 | | | | | |
| 18:22-25 | | | | | |
| 19:1-5 | | | | | |
| 19:6-14 | | | | | |
| 20:22-21:2 | | | | | |
| 22:7-8 | | | | | |
| 22:9-10 | | | | | |
| 22:25-23:2 | | | | | |
| 23:3-6 | | | | | |
| 24:23-25:1 | | | | | |
| 25:2-8 | | | | | |
| 26:12-14 | | | | | |
| 26:15-16 | | | | | |
| 26:17-19 | | | | | |
| 26:20-25 | | | | | |
| 27:1-3 | | | | | |
| 27:4-6<br>27:12 | V, H | | | | |
| 27:18-22 | | | | | |
| 28:1-3<br>28:7-10 | V | | | | |
| 28:12-23 | V, AF | | | | |
| 29:12-15<br>29:19-22 | V, AF | | | | |
| 29:24-30:2<br>30:5-20 | V, AF, H | | | | |

| Joseph Santy December 17, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 30:22-25 31:3-12 | | | | | |
| 32:13-16 | | | | | |
| 36:10-12 | | | | | |
| 36:13-14 | | | | | |
| 36:15-18 | | | | | |
| 36:19-20 | | | | | |
| 36:21-23 37:2-3 | V, AF | | | | |
| 37:5-6 | | | | | |
| 37:7-9 | | | | | |
| 37:10-13 | | | | | |
| 37:14-20 | | | | | |
| 37:21-38:3 | | | | | |
| 38:4-9 | | | | | |
| 38:10-16 | V, I | | | | |
| 38:17-22 | V | | | | |
| 38:23-39:1 | | | | | |
| 39:2-5 | | | | | |
| 39:6 -12 | | | | | |
| 39:20-23 | | | | | |
| 39:24-25 40:3-4 40:6-9 | V, Spec | | | | |
| 41:6-15 | | | | | |
| 41:19-21 | | | | | |
| 42:3-4 | | | | | |
| 42:5-7 | | | | | |
| 42:8-10 | | | | | |
| 42:11-18 | V, Spec | | | | |
| 42:25-43:3 | | | | | |
| 43:17-18 43:20 | | | | | |
| 43:24-44:2 | | | | | |
| 45:13-16 | | | | | |
| 45:18-21 | | | | | |
| 45:22-46:8 | V, C, M, N | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Joseph Santy**<br>**December 17, 2018** | | | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 46:13-17 | | | | | |
| 47:2-17 | | | | | |
| 47:18-20 | | | | | |
| 47:21-23 | | | | | |
| 47:24-48:4 | | | | | |
| 48:5-15 | H | | | | |
| 48:16-17 | F, Spec | | | | |
| 48:21-49:1 | | | | | |
| 54:7-9 | V | | | | |
| 54:12-16 | | | | | |
| 54:18-19 | | | | | |
| 54:20-24 | | | | | |
| 55:24-56:7 | V, M | | | | |
| 56:8-11 | Privacy | | | | |
| 56:14-15 | | | | | |
| 56:22 | | | | | |
| 56:24-25 | | | | | |
| 60:2-8 | | | | | |
| 60:9-19 | | | | | |
| 60:20-25 | | | | | |
| 61:1-6 | | | | | |
| 61:7-8 | V, F, Spec | | | | |
| 61:11-14 | V, F, Spec | | | | |
| 61:16-19 | V, F, Spec | | | | |
| 61:20-62:2 | V, F, Spec | | | | |
| 64:8-12 | | | | | |
| 64:13-16 | | | | | |
| 64:17-21 | | | | | |
| 64:22-65:1 | | | | | |
| 77:8-12 | N, I, Arg | | | | |
| 77:13-19 | V | | | | |
| 78:17-22 | | | | | |
| 78:23-79:4 | | | | | |
| 79:5-11 | | | | | |
| 79:12-16 | | | | | |
| 79:17-20 | | | | | |
| 79:21-24 | | | | | |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 79:25-80:1 | | | | | |
| 80:2-3 | | | | | |
| 80:4-7 | | | | | |
| 80:8-12 | | | | | |
| 80:13-16 | I, V | | | | |
| 80:17-18 | | | | | |
| 80:19-21 | V | | | | |
| 80:22-81:2 | V | | | | |
| 81:3-6 | V | | | | |
| 84:1-2 | V, F | | | | |
| 84:7-11 | | | | | |
| 84:13-17 | N, Arg, V | | | | |
| 85:6-9 | | | | | |
| 85:11-86:1 | | | | | |
| 86:2-8 | | | | | |
| 89:1-11 | | | | | |
| 89:12-18 | I, V | | | | |
| 89:19-21 | V | | | | |
| 89:24-90:16 | V | | | | |
| 90:18-21 | V, LC, 701 | | | | |
| 91:2-12 | | | | | |
| 92:19-21 | | | | | |
| 92:22-23 | | | | | |
| 92:24-93:1 | | | | | |
| 93:2-5 | | | | | |
| 93:6-11 | | | | | |
| 93:12-13 | | | | | |
| 93:14-94:2 | | | | | |
| 94:3-8 | | | | | |
| 94:9-14 | | | | | |
| 94:15-18 | | | | | |
| 94:19-23 | V, LC, 701 | | | | |
| 95:1 | | | | | |
| 95:4-8 | | | | | |
| 95:10-96:9 | | | | | |
| 96:10-13 | | | | | |
| 96:14-15 | | | | | |

The table above is titled:

**Joseph Santy**
**December 17, 2018**

| Joseph Santy<br>December 17, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 96:16-20 | | | | | |
| 96:21-24 | | | | | |
| 98:16-18 | | | | | |
| 98:19-20 | | | | | |
| 98:21-24 | | | | | |
| 98:25-99:1 | | | | | |
| 103:12-14<br>103:18<br>103:20-104:8 | V, F, Spec, 702 | | | | |

| Vanessa Schneider<br>December 11, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 6:7-8 | | | | | |
| 14:10-12 | | | | | |
| 14:13-15 | | | | | |
| 14:16-19 | | | | | |
| 14:20-24 | | | | | |
| 17:21-18:3 | | | | | |
| 18:4-10 | | | | | |
| 18:11-14 | | | | | |
| 18:15-18 | | | | | |
| 18:19-25 | | | | | |
| 19:1-6 | | | | | |
| 19:7-14 | | | | | |
| 19:15-18 | | | | | |
| 19:19-23 | | | | | |
| 19:24-20:5 | | | | | |
| 20:6-8 | | | | | |
| 20:9-11 | | | | | |
| 20:12-15 | | | | | |

| Vanessa Schneider December 11, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 20:16-20 | | | | | |
| 20:21-25 | | | | | |
| 21:1-4 | | | | | |
| 21:5-7 | | | | | |
| 21:8-11 | | | | | |
| 21:12-14 | | | | | |
| 21:15-16 | | | | | |
| 21:17-18 | | | | | |
| 30:14-16 | | | | | |
| 30:17-19 | | | | | |
| 30:20-21 | | | | | |
| 30:22-31:1 | | | | | |
| 31:2-13 | | | | | |
| 31:14-20 | | | | | |
| 31:21-32:5 | | | | | |
| 32:6-15 | | | | | |
| 32:16-20 | | | | | |
| 32:21-33:1 | | | | | |
| 33:2-3 | | | | | |
| 33:4-7 | | | | | |
| 33:8-13 | | | | | |
| 33:14-15 | | | | | |
| 33:19-20 | | | | | |
| 34:5-8 | | | | | |
| 34:13-17 | | | | | |
| 34:18-21 | | | | | |
| 34:25 | | | | | |
| 35:2-6 | | | | | |
| 35:7-12 | | | | | |
| 35:16-21 | | | | | |
| 35:22-24 | | | | | |
| 35:25-36:1 | | | | | |
| 36:2-4 | | | | | |
| 36:5-7 | | | | | |
| 36:8-11 | | | | | |
| 36:12-17 | | | | | |
| 36:18-21 | | | | | |

| Vanessa Schneider December 11, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 36:22-25 | | | | | |
| 37:1-3 | | | | | |
| 37:4-7 | | | | | |
| 37:12-16 | | | | | |
| 37:17-24 | | | | | |
| 37:25-38:4 | | | | | |
| 38:9-11 | | | | | |
| 38:12-16 | | | | | |
| 39:4 | | | | | |
| 39:5-8 | | | | | |
| 39:9-13 | | | | | |
| 39:14-16 | | | | | |
| 39:17-20 | | | | | |
| 39:21-25 | | | | | |
| 40:1-7 | | | | | |
| 40:8-10 | | | | | |
| 40:11-14 | | | | | |
| 43:8-17 | | | | | |
| 43:18-23 | | | | | |
| 43:24-44:1 | | | | | |
| 44:2-5 | | | | | |
| 44:6-10 | | | | | |
| 44:11-14 | | | | | |
| 44:15-17 | | | | | |
| 44:18-22 | | | | | |
| 44:23-25 | | | | | |
| 45:15-22 | | | | | |
| 45:23-46:7 | | | | | |
| 46:8-12 | | | | | |
| 46:16-19 | | | | | |
| 50:5-10 | | | | | |
| 50:11-18 | | | | | |
| 50:19-20 | | | | | |
| 50:21-23 | | | | | |
| 50:24-51:3 | | | | | |
| 54:14-21 | | | | | |
| 54:22-24 | | | | | |

| Vanessa Schneider December 11, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 54:25-55:2 | | | | | |
| 55:3-5 | | | | | |
| 55:6-9 | | | | | |
| 55:10-12 | | | | | |
| 55:13-15 | | | | | |
| 55:16-19 | | | | | |
| 55:20-22 | | | | | |
| 55:23-56:5 | | 56:6-16 | IMP | | |
| 60:18-22 | H, 402, 403 | | | | |
| 61:3-6 | | | | | |
| 64:12-20 | | | | | |
| 64:21-65:2 | | | | | |
| 65:3-6 | | | | | |
| 65:7-12 | | | | | |
| 65:13-18 | | | | | |
| 65:19-22 | | | | | |
| 65:23-66:1 | | | | | |
| 66:2-6 | | | | | |
| 71:11-17 | | | | | |
| 71:18-22 | | | | | |
| 71:23-72:1 | | | | | |
| 72:2-4 | | | | | |
| 72:5-6 | | | | | |
| 72:7-10 | | | | | |
| 72:11-15 | | | | | |
| 72:16-17 | | | | | |
| 72:18-23 | | | | | |
| 72:24-25 | | | | | |
| 73:1-4 | | | | | |
| 73:5-8 | | | | | |
| 73:9-13 | | | | | |
| 73:14-25 | | | | | |
| 74:1-5 | | | | | |
| 74:6-13 | | | | | |
| 74:14-16 | | | | | |
| 74:17-20 | | | | | |
| 74:21-24 | | | | | |

| | | Vanessa Schneider December 11, 2018 | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 74:25-75:3 | | | | | |
| 75:4-7 | | | | | |
| 75:8-12 | | 75:13-20 | REL; IMP | | |
| 75:21-25 | | | | | |
| 76:1-2 | | | | | |
| 76:3-5 | | | | | |
| 76:6-9 | | | | | |
| 76:10-12 | | | | | |
| 76:13-19 | | | | | |
| 76:20-22 | | | | | |
| 76:23-77:1 | | | | | |
| 77:2-3 | | | | | |
| 77:4-8 | | | | | |
| 77:9-15 | | | | | |
| 77:16-22 | | | | | |
| 77:23-24 | | | | | |
| 77:25-78:2 | | | | | |
| 78:4-8 | | | | | |
| 78:10-14 | | | | | |
| 78:15-24 | | | | | |
| 78:25-79:1 | | | | | |
| 79:2-6 | | | | | |
| 79:7-12 | | | | | |
| 79:13-15 | | | | | |
| 79:16-19 | | | | | |
| 79:20-23 | | | | | |
| 79:24-25 | | | | | |
| 80:1-3 | | | | | |
| 80:4-16 | | | | | |
| 80:17-25 | | | | | |
| 81:1-4 | | | | | |
| 81:5-8 | | | | | |
| 81:9-11 | | | | | |
| 81:12-18 | | | | | |
| 81:19-20 | | | | | |
| 81:21-22 | | | | | |
| 81:23-25 | | | | | |

| Vanessa Schneider December 11, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 82:1-2 | | | | | |
| 82:3-5 | | | | | |
| 82:6-7 | | | | | |
| 82:8-13 | | | | | |
| 82:14-22 | | | | | |
| 82:23-83:1 | | | | | |
| 83:2-5 | | | | | |
| 83:6-7 | | | | | |
| 83:8-11 | | | | | |
| 83:12 83:15-17 | H, 402, 403 | | | | |
| 83:18-20 | 402, 403 | | | | |
| 83:21-23 | 402, 403 | | | | |
| 83:24-84:3 | H, Spec, F, 402, 403 | | | | |
| 84:4-5 | 402, 403 | | | | |
| 84:6-8 | 402, 403 | | | | |
| 84:9-15 | 402, 403 | | | | |
| 85:9-16 | H, 402, 403 | | | | |
| 85:17-20 86:3-6 | 402, 403 | | | | |
| 86:7-12 | Spec, F, 402, 403 | | | | |
| 86:13-14 | 402, 403 | | | | |
| 86:15-17 | 402, 403 | | | | |
| 86:18-87:3 | 402, 403 | | | | |
| 87:4-6 | F, 402, 403 | | | | |
| 87:7-13 | 402, 403 | | | | |
| 87:14-17 | 402, 403 | | | | |
| 87:18-19 | 402, 403 | | | | |
| 87:20-21 | 402, 403 | | | | |
| 87:22-88:3 | Hyp, 402, 403 | | | | |
| 88:4-6 | Arg, 402, 403 | | | | |
| 88:7-9 | Arg, L, 402, 403 | | | | |
| 88:10-12 | Arg, L, 402, 403 | | | | |

| Vanessa Schneider December 11, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 88:13-17 | 402, 403 | | | | |
| 88:18-20 | 402, 403 | | | | |
| 88:21-25 | 402, 403 | | | | |
| 89:1-3 | M, 402, 403 | | | | |
| 89:4-10 | | | | | |
| 89:11-14 | | | | | |
| 89:15-20 | | | | | |
| 89:21-22 | | | | | |
| 89:23-24 | | 89:25-90:7 | IMP | | |
| 95:23-96:1 | | | | | |
| 96:2-4 | | | | | |
| 96:5-7 | | | | | |
| 96:8-14 | | | | | |
| 96:15-17 | | | | | |
| 97:24-98:10 | | | | | |
| 98:11-16 | | | | | |
| 98:17-18 | | | | | |
| 98:19-24 99:3-14 | M, L, 402, 403 | | | | |
| 99:16 99:20-22 | 402, 403 | | | | |
| 99:23-24 | | | | | |
| 99:25-100:1 | | | | | |
| 100:2-3 | AF, 402, 403 | | | | |
| 100:4-5 | | | | | |
| 100:6-11 | | | | | |
| 100:12-14 | | | | | |
| 100:15-16 | | | | | |
| 100:17-20 | | 100:21-101:15 | NR; IMP | | |
| 101:16-23 | M, 402, 403 | 100:21-101:15 | NR; IMP | | |
| 101:24-102:3 | | | | | |
| 102:5-19 | | 102:20-103:21 | OBJ | | |
| 116:2-4 | | | | | |
| 116:5-7 | | | | | |
| 116:10-11 | | | | | |
| 116:13-16 | | | | | |
| 116:17-20 | | | | | |

| Vanessa Schneider December 11, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 116:21-25 | | | | | |
| 117:1-3 | | | | | |
| 117:4-9 | | | | | |
| 117:10-12 | | | | | |
| 117:13-14 117:25-118:3 | | 117:15-19 | NR | | |
| 118:4-7 | | | | | |
| 118:8-13 | | | | | |
| 118:14-21 | | | | | |
| 118:22-119:3 | | | | | |
| 119:4-8 | | | | | |
| 119:13-14 | | | | | |
| 119:18-120:1 | | | | | |
| 120:2-4 | | | | | |
| 120:5-14 | | | | | |
| 120:15-16 | | | | | |
| 120:17-18 | | | | | |
| 120:19-25 | | | | | |
| 121:1-4 | | | | | |
| 121:5-6 | | | | | |
| 121:7-12 | | | | | |
| 121:13-16 | | | | | |
| 121:17-21 | | | | | |
| 121:22-122:9 | | | | | |
| 122:10-13 122:20-21 122:23-25 | 402, 403 | | | | |
| 123:2 123:4 | 402, 403 | | | | |
| 123:6-7 | 402, 403 | | | | |
| 123:8-17 | 402, 403 | | | | |
| 123:18-22 123:24-124:3 | 402, 403 | | | | |
| 124:5-7 | 402, 403 | | | | |
| 124:8-13 124:15-21 | 402, 403 | | | | |
| 124:23-25 | 402, 403 | | | | |

| Vanessa Schneider December 11, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 125:1-5 | 402, 403 | | | | |
| 125:6-9 | 402, 403 | | | | |
| 125:10-13 | 402, 403 | | | | |
| 125:14-20 | 402, 403 | | | | |
| 125:21-22 | 402, 403 | | | | |
| 125:23-126:3 | 402, 403 | | | | |
| 126:4-7 | 402, 403 | | | | |
| 126:8-17 | 402, 403 | | | | |
| 126:18-19 | 402, 403 | | | | |
| 126:20-22 | 402, 403 | | | | |
| 126:23-127:3 | 402, 403 | | | | |
| 127:4-7 | 402, 403 | | | | |
| 127:8-9 | 402, 403 | | | | |
| 127:10-11 | 402, 403 | | | | |
| 127:12-13 | 402, 403 | | | | |
| 127:14-16 | 402, 403 | | | | |
| 127:17-19 | 402, 403 | | | | |
| 127:20-22 | 402, 403 | | | | |
| 127:23-24 | 402, 403 | | | | |
| 127:25-128:2 | 402, 403 | | | | |
| 128:3-4 | 402, 403 | | | | |
| 128:5-7 | 402, 403 | | | | |
| 128:8-9 | 402, 403 | | | | |
| 128:12-14 | 402, 403 | | | | |
| 128:16-18 | 402, 403 | | | | |
| 128:19-24 | 402, 403 | | | | |
| 128:25-129:9 | 402, 403 | | | | |
| 129:24-130:5 | 402, 403 | | | | |
| 130:6-13 | 402, 403 | | | | |
| 130:14-19 | 402, 403 | | | | |
| 130:20-22 | 402, 403 | | | | |
| 130:23-131:3 | 402, 403 | | | | |
| 131:4-6 | 402, 403 | | | | |
| 131:7-14 | 402, 403 | | | | |
| 131:15-19 | 402, 403 | | | | |
| 131:20-25 | 402, 403 | | | | |
| 132:1-3 | 402, 403 | | | | |

| Vanessa Schneider December 11, 2018 | | | | | |
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 132:5-6 | | | | | |
| 132:8-13 | 402, 403 | | | | |
| 132:14-16 | 402, 403 | | | | |
| 132:17-21 132:24-133:4 133:9-15 | 402, 403 | | | | |
| 133:16-20 133:23-134:4 | 402, 403 | | | | |
| 134:6-9 | 402, 403 | | | | |
| 134:10-16 | 402, 403 | | | | |
| 134:17-19 | 402, 403 | | | | |
| 136:11-14 | 402, 403 | 136:15-24; 138:18-139:3 | IMP; AMB; OBJ; CM | | |
| 139:14-17 139:20-25 | 402, 403 | | | | |
| 140:2-5 140:7-13 | 402, 403 | | | | |
| 140:15-20 | 402, 403 | | | | |
| 140:21-141:2 | 402, 403 | | | | |
| 141:3-8 | 402, 403 | | | | |
| 141:9 141:12-13 | 402, 403 | | | | |
| 141:15-20 | Spec, F, 402, 403 | 141:25-142:2 | | | |
| 142:12-13 142:16-17 142:19-22 | | | | | |
| 142:23-143:2 143:10-11 | 402, 403 | | | | |
| 143:13-17 | 402, 403 | | | | |
| 143:18-20 143:25-144:1 | 402, 403 | | | | |
| 144:2-4 144:8-10 | 402, 403 | | | | |
| 144:11-14 144:17-18 | 402, 403 | | | | |
| 144:20-21 | 402, 403 | | | | |

| | | Vanessa Schneider December 11, 2018 | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 144:22-23 145:1 | 402, 403 | | | | |
| 145:17-20 | 402, 403 | | | | |
| 145:21-23 | 402, 403 | | | | |
| 145:24-146:1 | 402, 403 | | | | |
| 146:2-6 | 402, 403 | | | | |
| 147:7-9 | 402, 403 | | | | |
| 147:10-14 | 402, 403 | | | | |
| 147:15-17 | 402, 403 | | | | |
| 148:8-11 | 402, 403 | | | | |
| 148:12-15 | 402, 403 | | | | |
| 148:16-18 148:21-149:2 | 402, 403 | | | | |
| 149:4-14 | 402, 403 | | | | |
| 149:15-16 | 402, 403 | | | | |
| 149:17-19 | 402, 403 | | | | |
| 149:20-25 | 402, 403 | | | | |
| 150:1-9 | 402, 403 | | | | |
| 150:10-17 | 402, 403 | | | | |
| 150:18-20 | 402, 403 | | | | |
| 150:21-22 | 402, 403 | 151:5-24 | IMP | | |
| 152:17-19 153:12-14 | H, 402, 403 | | | | |
| 153:15-18 | | | | | |
| 153:19-21 | | | | | |
| 153:22-23 | | | | | |
| 153:24-154:1 | | | | | |
| 154:2-3 | | | | | |
| 154:4-6 | | | | | |
| 154:7-10 | | | | | |
| 154:11-14 | | | | | |
| 154:15-19 | | | | | |
| 154:20-22 | | | | | |
| 154:23-155:1 | | | | | |
| 155:2-17 156:1-2 | H, Spec, F, 402, 403, 701 | | | | |
| 156:4-9 | H, Spec, F, 402, | | | | |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| | 403, 701 | | | | |
| 156:10-14 | H, Spec, F, 402, 403, 701 | | | | |
| 156:15-16 156:19-22 | H, Spec, F, 402, 403, 701 | | | | |
| 156:24-157:1 157:7-11 | 402, 403 | | | | |
| 157:12-13 157:16-19 | M, F, 402, 403 | | | | |
| 157:21-158:2 158:8-15 | M, 402, 403 | | | | |
| 158:17-19 158:23-24 | M, L, 402, 403 | | | | |
| 159:2-5 | | | | | |
| 159:6-7 | | | | | |
| 159:8-10 | | | | | |
| 159:11-13 | | | | | |
| 159:14-15 | 402, 403 | | | | |
| 159:16-18 | Spec, F, 402, 403 | | | | |
| 159:19-23 | Spec, F, 402, 403 | | | | |
| 159:24-160:1 | Spec, F, 402, 403 | | | | |
| 160:2-9 | Spec, F, 402, 403 | | | | |
| 160:10-13 160:16-17 | Spec, F, 402, 403 | | | | |

The above table has the title:

**Vanessa Schneider**
**December 11, 2018**

| Jeff Schwartz December 18, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 8:8-9 | | | | | |
| 12:5-8 | | | | | |
| 12:9-10 | | | | | |
| 12:14-16 | | | | | |
| 12:20-22 | | | | | |
| 13:4-6 | | | | | |
| 13:7-9 | | | | | |
| 13:10-13 | | | | | |
| 13:14-15 | | | | | |
| 16:1-4 | | | | | |
| 16:9-12 | | | | | |
| 16:13-17 | | | | | |
| 16:18-21 | | | | | |
| 16:22-25 | | | | | |
| 17:1-8 | | | | | |
| 17:17-21 | | | | | |
| 18:8-12 | | 47:6-47:11 | IMP | | |
| 18:13-15 | | 53:7-53:10 | IMP | 53:11-14, 53:19-54:9 | H, 402, 403 |
| 18:18-19 18:23-24 | | 58:7-58:9 | IMP | | |
| 19:1-6 | | 66:3-66:11 | IMP | | |
| 19:7-9 | | 67:1-67:5 | IMP | | |
| 19:10-12 | | 69:6-69:23 | IMP, OBJ | | |
| 20:10-15 | | 69:25-70:11 | IMP, OBJ | | |
| 20:16-19 | | 70:13-70:17 | IMP | 70:18-71:3, 71:15-20, 71:23-72:7 | H, L, 402, 403 |
| 24:22-25:2 25:5 | | 72:8-72:18 | IMP | 72:20-23 | Spec, L, 402, 403, 701 |
| 26:3-6 26:10-11 | | 76:12-78:1 | IMP, OBJ | | |
| 27:12-17 | | | | | |
| 27:18-21 | | | | | |
| 27:22-28:2 | | | | | |
| 32:7-11 | | | | | |
| 32:12-14 | | | | | |

| Jeff Schwartz December 18, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 32:15-18 | | | | | |
| 32:19-22 | | | | | |
| 33:23-34:1 | | | | | |
| 34:2-3 | | | | | |
| 34:8-14 | | | | | |
| 34:24-35:3 35:8-9 | F, Spec, V, 402, 403 | | | | |
| 35:10-11 35:14-15 | F, Spec, V, 402, 403 | | | | |
| 36:11-13 | F, Spec, V, 402, 403 | | | | |
| 36:14-16 36:19-20 | F, Spec, V, 402, 403 | | | | |
| 36:22-37:2 37:5-6 | F, Spec, V, 402, 403 | | | | |
| 37:13-15 | F, Spec, V, 402, 403 | | | | |
| 37:18-19 | | | | | |
| 38:10-13 | | | | | |
| 38:14-15 38:19 | F, Spec, V, 402, 403 | | | | |
| 39:1-2 | | | | | |
| 41:1-11 41:14-15 | F, Spec, V, 402, 403 | | | | |
| 41:17-24 | | | | | |
| 41:25-42:8 | | | | | |
| 42:9-12 42:15-19 | F, Spec, V, 402, 403 | | | | |
| 46:20-22 | | | | | |
| 46:23-25 | | | | | |
| 47:1-5 | | 47:6-47:11 | | | |
| 54:19-22 | | 53:7-53:10 | | 53:11-14, 53:19-54:9 | H, 402, 403 |
| 55:20-23 | | | | | |
| 55:24-56:5 | | | | | |
| 56:8-11 56:14-16 | F, Spec, V, 402, 403 | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Jeff Schwartz**<br>**December 18, 2018** | | | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 56:18-20<br>56:23-25 | F, Spec, V, 402, 403 | | | | |
| 57:17-19<br>57:22-58:2 | F, Spec, V, 402, 403 | | | | |
| 58:10-21 | | 58:7-58:9 | | | |
| 58:22-25<br>59:3-5 | Hyp, F, Spec, V, 402, 403 | | | | |
| 59:7-8 | | | | | |
| 59:9-10<br>59:13-17 | F, Spec, V, 402, 403 | | | | |
| 63:6-9 | | | | | |
| 63:19-25 | | | | | |
| 64:1-3 | | | | | |
| 64:4-7 | | | | | |
| 64:19-23<br>65:1-5 | | | | | |
| 65:7-11<br>65:14-15 | | | | | |
| 65:23-66:2 | | | | | |
| 66:12-22 | | 66:3-66:11 | | | |
| 66:23-25 | | 67:1-67:5 | | | |
| 67:16-23 | | 69:6-69:23 | OBJ | | |
| 67:24-68:2 | | | | | |
| 68:3-6<br>68:10-12 | | | | | |
| 68:14-16 | | | | | |
| 68:17-19<br>68:22-25 | V, C | | | | |
| 69:2-3 | | | | | |
| 69:4-5 | | 69:25-70:11 | OBJ | | |
| 72:24-73:1<br>73:4-7 | F, Spec, V, 402, 403 | 70:13-70:17 | | 70:18-71:3, 71:15-20, 71:23-72:7 | H, L, 402, 403 |
| 73:16-19<br>73:23-25 | AF, Spec, V, 402, 403 | 72:8-72:18 | | 72:20-23 | Spec, L, 402, 403, 701 |
| 74:1-2<br>74:7-12 | | | | | |

| Jeff Schwartz December 18, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 75:3-6 | | | | | |
| 75:7-14 | | | | | |
| 75:15-21 | | | | | |
| 75:22-76:1 | | | | | |
| 76:2-8 | | 76:12-78:1 | | OBJ | |
| 88:1-4 | V, C | | | | |
| 88:7-12 | | | | | |
| 88:14-19 | | | | | |
| 97:6-7 | F, Spec, V, 402, 403 | | | | |
| 97:9-10 | | | | | |
| 97:12-13 | F, Spec, V, 402, 403 | | | | |
| 97:16-17 | F, Spec, V, 402, 403 | | | | |
| 97:18-25 | F, Spec, V, 402, 403 | | | | |
| 98:1-6 | | | | | |
| 98:7-9 | F, Spec, V, 402, 403, LC | | | | |
| 98:12-16 | | | | | |
| 98:18-20 | F, Spec, V, 402, 403, LC | | | | |
| 98:25-99:2 | | | | | |
| 99:4-6 | F, Spec, V, 402, 403, LC | | | | |
| 101:2 101:5-7 | | 100:10-101:1 | OBJ, HRS, REL, 403 | | |
| 103:3-5 | | | | | |
| 103:6-9 | | | | | |
| 104:10-13 104:16-17 | Hyp, F, Spec, V, 402, 403 | | | | |
| 104:19-105:6 105:11-12 | Hyp, F, Spec, V, 402, 403 | | | | |
| 105:14-16 | F, Spec, V, 402, 403 | | | | |

| Mark Spinks May 11, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 9:5-6 | | | | | |
| 9:7-10 | | | | | |
| 9:11-13 | | | | | |
| 9:14-16 | | | | | |
| 9:17-18 | | | | | |
| 9:19-20 | | | | | |
| 9:21-24 | | | | | |
| 9:25-10:2 | | | | | |
| 11:6-8 | | | | | |
| 33:4-6 | | | | | |
| 33:7-11 | | | | | |
| 33:12-14 | | | | | |
| 33:15-18 | | | | | |
| 33:19-21 | | | | | |
| 33:22-25 | | | | | |
| 34:1-5 | | | | | |
| 34:6-7 | | | | | |
| 34:8-11 | | | | | |
| 37:25-38:2 | | | | | |
| 38:3-5 | | | | | |
| 38:6-7 | | | | | |
| 38:8-12 | | | | | |
| 38:13-16 | | | | | |
| 38:17-18 | | | | | |
| 38:19-20 | | | | | |
| 53:1-4 | 402, 403 | | | | |
| 53:8-9 | | | | | |
| 71:7-13 | | | | | |
| 71:14-17 | | | | | |
| 71:18-21 | | | | | |
| 71:23-72:1 | | | | | |
| 72:2-8 | L, F, 402, 403 | 72:9-24 | | | |
| 73:3-9 | H, 402, 403 | | | | |
| 73:10-14 | H, 402, 403 | | | | |
| 73:15-19 | H, 402, 403 | | | | |
| 73:20-23 | H, 402, 403 | | | | |
| 73:24-74:1 | H, 402, 403 | | | | |

| Mark Spinks May 11, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 74:2-11 | H, 402, 403 | | | | |
| 74:12-14 | | | | | |
| 74:15-19 | H, 402, 403 | | | | |
| 74:20-22 | | | | | |
| 74:23-75:4 | | | | | |
| 75:5-8 | | | | | |
| 75:9-13 | | | | | |
| 75:14-18 | | | | | |
| 75:23-76:5 | H, 402, 403 | | | | |
| 76:6-9 | H, 402, 403 | | | | |
| 76:10-16 | H, 402, 403 | | | | |
| 76:17-20 | | | | | |
| 77:1-4 | | | | | |
| 77:5-7 | | | | | |
| 79:7-10 | 402, 403 | | | | |
| 79:15-20 | H, 402, 403 | | | | |
| 79:21-24 | H, 402, 403 | | | | |
| 82:13-19 | H, 402, 403 | | | | |
| 82:20-24 | 402, 403 | | | | |
| 82:25-83:3 | 402, 403 | | | | |
| 84:25-85:7 | H, 402, 403 | | | | |
| 85:8-11 | F, 402, 403 | | | | |
| 85:12-14 | L, F, 402, 403 | | | | |
| 85:15-17 | L, F, 402, 403 | | | | |
| 86:12-16 | 402, 403 | | | | |
| 86:17-20 | 402, 403, 701 | | | | |
| 87:5-12 | H, 402, 403 | | | | |
| 87:13-17 | 402, 403 | | | | |
| 87:18-20 | 402, 403 | | | | |
| 87:21-22 | 402, 403 | | | | |
| 87:23-25 | 402, 403 | | | | |
| 88:1-5 | 402, 403 | | | | |
| 88:6-10 | 402, 403 | | | | |
| 88:11-13 | 402, 403 | | | | |
| 88:14-17 | 402, 403 | | | | |
| 88:18-23 | 402, 403 | | | | |
| 88:24-25 | 402, 403 | | | | |

| | | | Mark Spinks<br>May 11, 2018 | | | |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 89:2-3 | | | | | |
| 90:3-5<br>90:9-12 | Spec, F, 402, 403, 701 | | | | |
| 90:13-17<br>90:20 | Spec, F, 402, 403, 701 | | | | |
| 90:21-25 | F, 402, 403 | | | | |
| 91:1-4 | Spec, F, 402, 403 | | | | |
| 91:9-14 | H, Spec, F, 402, 403, 701 | | | | |
| 91:15-20 | H, 402, 403 | | | | |
| 91:21-23<br>91:25 | H, 402, 403 | | | | |
| 92:1-19 | H, 402, 403 | | | | |
| 92:20-22<br>92:24-25 | Spec, F, 402, 403 | | | | |
| 93:1-4 | 402, 403 | | | | |
| 93:5-9 | F, 402, 403 | | | | |
| 93:10-12 | F, 402, 403 | | | | |
| 93:13-15 | F, 402, 403 | | | | |
| 94:9-16 | H, 402, 403 | | | | |
| 94:17-18 | H, 402, 403 | | | | |
| 94:19-23 | H, 402, 403 | | | | |
| 94:24-25 | 402, 403 | | | | |
| 95:1-4 | H, 402, 403 | | | | |
| 95:8-13 | H, 402, 403 | | | | |
| 95:14-18 | H, 402, 403 | | | | |
| 95:19-21 | 402, 403 | | | | |
| 95:22-25 | 402, 403 | | | | |
| 96:1-7 | H, 402, 403 | | | | |
| 96:8-13 | 402, 403 | | | | |
| 96:17-22 | H, 402, 403 | | | | |
| 96:23-25 | F, 402, 403 | | | | |
| 97:1-3 | 402, 403 | | | | |
| 97:4-7 | 402, 403 | | | | |
| 97:8-11 | 402, 403 | | | | |
| 97:12-17 | 402, 403 | | | | |

| | | Mark Spinks<br>May 11, 2018 | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 97:18-20 | 402, 403 | | | | |
| 98:9-14 | H, 402, 403 | | | | |
| 98:20-23 | 402, 403 | | | | |
| 99:16-19 | 402, 403 | | | | |
| 99:20-100:1 | H, 402, 403 | | | | |
| 100:2-5 | H, 402, 403 | | | | |
| 100:6-9 | 402, 403, 701 | | | | |
| 103:5-10 | H, 402, 403 | | | | |
| 103:11-15 | H, 402, 403 | | | | |
| 103:16-104:2 | H, 402, 403 | | | | |
| 104:3-5<br>104:7-8 | Spec, F, 402, 403 | | | | |
| 104:9-12 | L, 402, 403 | | | | |
| 104:13-17 | L, 402, 403 | | | | |
| 104:18-20<br>104:22-23 | 402, 403 | | | | |
| 104:24-25<br>105:2 | 402, 403 | | | | |
| 105:3-7 | Spec, F, 402, 403, 701 | | | | |
| 105:8-13 | L, 402, 403 | | | | |
| 105:18-21 | L, 402, 403 | | | | |
| 105:22-24 | | | | | |
| 105:25-106:4 | | | | | |
| 106:5-9 | | | | | |
| 106:10-14 | | | | | |
| 106:15-19 | | | | | |
| 106:20-22 | | | | | |
| 106:23-107:4 | | | | | |
| 109:8-15 | | | | | |
| 109:16-19 | | | | | |
| 109:20-110:2 | | | | | |
| 110:3-9 | | | | | |
| 110:10-11 | | | | | |
| 110:12-14 | F, 402, 403 | | | | |
| 110:15-17<br>110:19-20 | Arg, 402, 403 | | | | |

| Mark Spinks May 11, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 110:21-23 | | | | | |
| 110:24-111:1 | | | | | |
| 111:2-4 | | | | | |
| 118:1-4 118:6-7 | | | | | |
| 118:13-17 118:21-22 | | | | | |
| 123:12-17 | | | | | |
| 123:18-21 | | | | | |
| 123:22-124:1 | | | | | |
| 124:2-10 | | | | | |
| 124:11-18 | | | | | |
| 124:24-125:1 | | | | | |
| 125:3-6 | | | | | |
| 125:7-10 | | | | | |
| 125:11-14 | | | | | |
| 127:15-18 | | | | | |
| 127:19-25 128:3-4 | Spec, F, 402, 403 | | | | |
| 128:17-20 | Spec, F, 402, 403 | | | | |

| Dustin Stone December 14, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 5:13-16 | N/A | N/A | | | |
| 10:13-15 | 402, 403 | N/A | | | |
| 11:12-14 | 402, 403 | N/A | | | |
| 11:23-25 | 402, 403 | N/A | | | |
| 18:16-19 | 402, 403 | N/A | | | |
| 18:20-21 | 402, 403 | N/A | | | |

| Dustin Stone December 14, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 18:22-24 | 402, 403 | N/A | | | |
| 18:25-19:2 | 402, 403 | N/A | | | |
| 19:3-5 | 402, 403 | N/A | | | |
| 19:6-7 | 402, 403 | N/A | | | |
| 19:8-9 | 402, 403 | N/A | | | |
| 19:10-11 | 402, 403 | N/A | | | |
| 19:12-14 | 402, 403 | N/A | | | |
| 19:15-16 | 402, 403 | N/A | | | |
| 19:17-18 | 402, 403 | N/A | | | |
| 19:19-22 | 402, 403 | N/A | | | |
| 19:23-25 | 402, 403 | N/A | | | |
| 20:1-2 | 402, 403, NT | N/A | | | |
| 20:3 20:5 | 402, 403, NT | 52:13-53:3 | OBJ | | |
| 20:7-8 | 402, V | 52:13-53:3 | OBJ | | |
| 20:9-11 | 402, V | 52:13-53:3 | OBJ | | |
| 26:11-14 | 402 | N/A | | | |
| 26:15-16 | 402 | N/A | | | |
| 26:17-19 | 402 | N/A | | | |
| 26:20-22 | 402 | N/A | | | |
| 26:23-24 | 402 | N/A | | | |
| 26:25-27:2 | 402 | N/A | | | |
| 27:3-4 | 402 | N/A | | | |
| 27:5-7 | 402 | N/A | | | |
| 27:8-10 | 402 | N/A | | | |
| 27:11-13 | 402 | N/A | | | |
| 27:14-16 | 402 | N/A | | | |
| 31:12-15 | 402 | N/A | | | |
| 31:16-18 | 402 | N/A | | | |
| 31:19-21 | 402 | N/A | | | |
| 31:22-25 | 402 | N/A | | | |
| 35:14-17 | 402 | 36:5-12; 75:4-21 | LDG, AMB | 74:21-75:3 | H, L, 402, 403 |
| 35:18-19 | 402 | 36:5-12; 75:4-21 | LDG, AMB | 74:21-75:3 | H, L, 402, 403 |
| 35:20-22 | 402 | 36:5-12; 75:4-21 | LDG, AMB | 74:21-75:3 | H, L, 402, 403 |

| Dustin Stone December 14, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 35:23-25 | 402 | 36:5-12; 75:4-21 | LDG, AMB | 74:21-75:3 | H, L, 402, 403 |
| 36:1-4 | 402 | 36:5-12; 75:4-21 | LDG, AMB | 74:21-75:3 | H, L, 402, 403 |
| 36:13-14 | 402 | 36:5-12; 75:4-21 | LDG, AMB | 74:21-75:3 | H, L, 402, 403 |
| 36:15-17 | 402 | 36:5-12; 75:4-21 | LDG, AMB | 74:21-75:3 | H, L, 402, 403 |
| 36:18-20 | 402 | 36:5-12; 75:4-21 | LDG, AMB | 74:21-75:3 | H, L, 402, 403 |
| 36:21-23 | 402 | 36:5-12; 75:4-21 | LDG, AMB | 74:21-75:3 | H, L, 402, 403 |
| 36:24-37:1 | 402 | 36:5-12; 75:4-21 | LDG, AMB | 74:21-75:3 | H, L, 402, 403 |
| 37:2-3 37:5 | 402 | 36:5-12; 75:4-21 | LDG, AMB | 74:21-75:3 | H, L, 402, 403 |
| 37:7-9 | 402 | 36:5-12; 75:4-21 | LDG, AMB | 74:21-75:3 | H, L, 402, 403 |
| 37:10-14 | 402 | 36:5-12; 75:4-21 | LDG, AMB | 74:21-75:3 | H, L, 402, 403 |
| 37:15-18 | 402 | 36:5-12; 75:4-21 | LDG, AMB | 74:21-75:3 | H, L, 402, 403 |
| 37:19-21 | 402 | 36:5-12; 75:4-21 | LDG, AMB | 74:21-75:3 | H, L, 402, 403 |
| 37:22-23 | 402 | 36:5-12; 75:4-21 | LDG, AMB | 74:21-75:3 | H, L, 402, 403 |
| 37:24-38:1 | 402 | 36:5-12; 75:4-21 | LDG, AMB | 74:21-75:3 | H, L, 402, 403 |
| 38:2-4 | 402 | 36:5-12; 75:4-21 | LDG, AMB | 74:21-75:3 | H, L, 402, 403 |
| 38:5-8 | 402 | 36:5-12; 75:4-21 | LDG, AMB | 74:21-75:3 | H, L, 402, 403 |
| 38:13-15 | 402 | 36:5-12; 75:4-21 | LDG, AMB | 74:21-75:3 | H, L, 402, 403 |
| 38:16-17 | 402 | 36:5-12; 75:4-21 | LDG, AMB | 74:21-75:3 | H, L, 402, 403 |
| 39:9 39:11-13 | 402 | 40:14-41:9 | | 39:22-25 40:1-2 | H, L, 402, 403 |

| Dustin Stone December 14, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|  |  |  |  | 40:4-12 |  |
| 39:14-15 | 402 | 40:14-41:9 |  | 39:22-25 40:1-2 40:4-12 | H, L, 402, 403 |
| 39:16-18 | 402 | 40:14-41:9 |  | 39:22-25 40:1-2 40:4-12 | H, L, 402, 403 |
| 39:19-21 | 402 | 40:14-41:9 |  | 39:22-25 40:1-2 40:4-12 | H, L, 402, 403 |
| 41:10-11 | 402 | 40:14-41:9 |  | 39:22-25 40:1-2 40:4-12 | H, L, 402, 403 |
| 41:12-14 | 402 | 40:14-41:9 |  | 39:22-25 40:1-2 40:4-12 | H, L, 402, 403 |
| 42:3-5 | 402 | N/A |  |  |  |
| 42:6-8 | 402 | N/A |  |  |  |
| 42:9-12 | 402 | N/A |  |  |  |
| 42:13-14 | 402 | N/A |  |  |  |
| 42:15-16 | 402 | N/A |  |  |  |
| 42:17-18 | 402 | N/A |  |  |  |
| 42:19-21 | 402 | N/A |  |  |  |
| 42:22-24 | 402 | N/A |  |  |  |
| 42:25-43:3 | 402 | N/A |  |  |  |
| 43:4-6 | 402 | N/A |  |  |  |
| 43:7-10 | 402 | N/A |  |  |  |
| 43:11-13 | 402 | N/A |  |  |  |
| 43:14-16 | 402 | N/A |  |  |  |
| 43:17-19 | 402 | N/A |  |  |  |
| 43:20-23 | 402 | N/A |  |  |  |
| 43:24-25 | 402 | N/A |  |  |  |
| 44:1-2 | 402 | N/A |  |  |  |
| 44:3-5 | 402 | N/A |  |  |  |
| 44:6-7 | 402 | N/A |  |  |  |
| 44:8-10 | 402 | N/A |  |  |  |
| 44:11 | 402 | N/A |  |  |  |

| Dustin Stone December 14, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 44:13 | | | | | |
| 44:15-17 | 402 | N/A | | | |
| 44:18-21 | 402 | N/A | | | |
| 44:22-23 44:25 | 402 | N/A | | | |
| 45:2-3 | 402 | N/A | | | |
| 45:4-5 | 402 | N/A | | | |
| 45:6-7 | 402 | N/A | | | |
| 45:8-9 | 402 | N/A | | | |
| 45:10-14 | 402 | N/A | | | |
| 48:17-20 | 402 | N/A | | | |
| 48:21-23 | 402 | N/A | | | |
| 48:24-49:1 | 402 | N/A | | | |
| 49:2-4 | 402 | N/A | | | |
| 49:5-7 | 402 | N/A | | | |
| 52:13-14 52:16 | 402 | N/A | | | |
| 52:18-19 | 402 | N/A | | | |
| 52:20-22 | 402 | N/A | | | |
| 52:23-53:1 | 402 | N/A | | | |
| 53:2-3 | 402 | N/A | | | |
| 53:4-5 | 402 | N/A | | | |
| 53:6-7 | 402 | N/A | | | |
| 53:8-11 | 402 | N/A | | | |
| 53:12-15 | 402 | N/A | | | |
| 53:16-17 | 402 | N/A | | | |
| 53:18-20 | 402 | N/A | | | |
| 53:21-22 | 402 | N/A | | | |
| 56:6-8 | 402, 403 | 57:2-5 | | 57:6-15 | |
| 56:9-11 | 402, 403 | 57:2-5 | | 57:6-15 | |
| 56:12-14 | 402, 403 | 57:2-5 | | 57:6-15 | |
| 56:15-16 56:18 | 402, 403 | 57:2-5 | | 57:6-15 | |
| 56:20-23 | 402, 403 | 57:2-5 | | 57:6-15 | |
| 60:14-17 | 402, 403 | 69:3-9; 70:3-12 | | 69:10-11 | 402, 403 |
| 62:11-15 | 402, 403 | 63:15-18; 64:3-13; | IMP | 74:3-5 | F, Hyp, 402, 403 |

| | | | | Dustin Stone | |
|---|---|---|---|---|---|
| | | | | December 14, 2018 | |
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| | | 64:21-25; 71:24-72:24; 73:3-9; 73:25-74:2 | | | |
| 62:16-18 | 402, 403 | 63:15-18; 64:3-13; 64:21-25; 71:24-72:24; 73:3-9; 73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 62:19-21 | 402, 403 | 63:15-18; 64:3-13; 64:21-25; 71:24-72:24; 73:3-9; 73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 62:22-63:1 | 402, 403 | 63:15-18; 64:3-13; 64:21-25; 71:24-72:24; 73:3-9; 73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 63:2-3 | 402, 403 | 63:15-18; 64:3-13; 64:21-25; 71:24-72:24; 73:3-9; 73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 63:4-5 | 402, 403 | 63:15-18; 64:3-13; 64:21-25; 71:24-72:24; 73:3-9; 73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 63:6-7 | 402, 403 | 63:15-18; 64:3-13; 64:21-25; 71:24-72:24; | IMP | 74:3-5 | F, Hyp, 402, 403 |

| | | | Dustin Stone<br>December 14, 2018 | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| | | 73:3-9;<br>73:25-74:2 | | | |
| 63:8-10 | 402, 403 | 63:15-18; 64:3-13;<br>64:21-25;<br>71:24-72:24;<br>73:3-9;<br>73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 63:11-12 | 402, 403 | 63:15-18; 64:3-13;<br>64:21-25;<br>71:24-72:24;<br>73:3-9;<br>73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 64:17-20 | 402, 403 | 63:15-18; 64:3-13;<br>64:21-25;<br>71:24-72:24;<br>73:3-9;<br>73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 65:4-13<br>65:21<br>65:23-24 | 402, 403; H;<br>NT | 63:15-18; 64:3-13;<br>64:21-25;<br>71:24-72:24;<br>73:3-9;<br>73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 66:1-4 | 402, 403 | 63:15-18; 64:3-13;<br>64:21-25;<br>71:24-72:24;<br>73:3-9;<br>73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 66:5-7 | 402, 403 | 63:15-18; 64:3-13;<br>64:21-25;<br>71:24-72:24;<br>73:3-9;<br>73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |

| | Dustin Stone December 14, 2018 | | | | | |
|---|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 67:21-68:7 | 402, 403; H; NT | 63:15-18; 64:3-13; 64:21-25; 71:24-72:24; 73:3-9; 73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 68:8-9 | 402, 403 | 63:15-18; 64:3-13; 64:21-25; 71:24-72:24; 73:3-9; 73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 68:10-13 | 402, 403 | 63:15-18; 64:3-13; 64:21-25; 71:24-72:24; 73:3-9; 73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 68:14-16 | 402, 403 | 63:15-18; 64:3-13; 64:21-25; 71:24-72:24; 73:3-9; 73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 68:17-20 | 402, 403 | 63:15-18; 64:3-13; 64:21-25; 71:24-72:24; 73:3-9; 73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 68:21-22 | 402, 403 | 63:15-18; 64:3-13; 64:21-25; 71:24-72:24; 73:3-9; 73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 71:16-18 71:22 | 402, 403 | 63:15-18; 64:3-13; | IMP | 74:3-5 | F, Hyp, 402, 403 |

| | | | | | |
|---|---|---|---|---|---|
| **Dustin Stone**<br>**December 14, 2018** | | | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| | | 64:21-25; 71:24-72:24; 73:3-9; 73:25-74:2 | | | |
| 71:24-72:1 | 402, 403 | 63:15-18; 64:3-13; 64:21-25; 71:24-72:24; 73:3-9; 73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 72:2-3 | 402, 403 | 63:15-18; 64:3-13; 64:21-25; 71:24-72:24; 73:3-9; 73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 72:4-12 | 402, 403 | 63:15-18; 64:3-13; 64:21-25; 71:24-72:24; 73:3-9; 73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 72:13-14 | 402, 403 | 63:15-18; 64:3-13; 64:21-25; 71:24-72:24; 73:3-9; 73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 72:15-16 | 402, 403 | 63:15-18; 64:3-13; 64:21-25; 71:24-72:24; 73:3-9; 73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 72:17-19 | 402, 403 | 63:15-18; 64:3-13; 64:21-25; 71:24-72:24; | IMP | 74:3-5 | F, Hyp, 402, 403 |

| | | | | | |
|---|---|---|---|---|---|
| **Dustin Stone**<br>**December 14, 2018** | | | | | |
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| | | 73:3-9;<br>73:25-74:2 | | | |
| 72:20-22 | 402, 403 | 63:15-18; 64:3-13;<br>64:21-25;<br>71:24-72:24;<br>73:3-9;<br>73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 72:23-24 | 402, 403 | 63:15-18; 64:3-13;<br>64:21-25;<br>71:24-72:24;<br>73:3-9;<br>73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 72:25-73:2 | 402, 403 | 63:15-18; 64:3-13;<br>64:21-25;<br>71:24-72:24;<br>73:3-9;<br>73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 73:3-5 | 402, 403 | 63:15-18; 64:3-13;<br>64:21-25;<br>71:24-72:24;<br>73:3-9;<br>73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 73:6-9 | 402, 403 | 63:15-18; 64:3-13;<br>64:21-25;<br>71:24-72:24;<br>73:3-9;<br>73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 73:10-13 | 402, 403 | 63:15-18; 64:3-13;<br>64:21-25;<br>71:24-72:24;<br>73:3-9;<br>73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |

| Dustin Stone December 14, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 73:14-15 | 402, 403 | 63:15-18; 64:3-13; 64:21-25; 71:24-72:24; 73:3-9; 73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |
| 73:16-17 73:21-24 | 402, 403 | 63:15-18; 64:3-13; 64:21-25; 71:24-72:24; 73:3-9; 73:25-74:2 | IMP | 74:3-5 | F, Hyp, 402, 403 |

| Kerry Sullivan May 8, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 5:12-16 | | | | | |
| 5:17-18 | | | | | |
| 5:19-23 | | | | | |
| 6:19-21 | | | | | |
| 7:20-22 | | | | | |
| 7:23-25 | | | | | |
| 8:1-5 | | | | | |
| 8:6-9 | 611 | | | | |
| 8:10-12 | | | | | |
| 8:13-15 | | | | | |
| 8:16-18 | | | | | |
| 8:19-24 | | | | | |
| 8:25-9:2 | | | | | |
| 9:3-5 | | | | | |
| 9:6-7 | | | | | |
| 9:8-9 | | | | | |

| Kerry Sullivan May 8, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 9:10-12 | | | | | |
| 9:13-17 | | | | | |
| 13:23-14:1 | | | | | |
| 14:2-3 | | | | | |
| 14:4-7 | | | | | |
| 17:6-12 | | | | | |
| 17:13-15 | | | | | |
| 17:16-17 | | | | | |
| 17:18-20 | | | | | |
| 17:21-22 17:24 | 401, 403, V, Spec. | | | | |
| 17:25-18:1 | 401, 403, Spec. | | | | |
| 18:2-3 18:6 | | | | | |
| 18:7-8 | I, 401, 403 | | | | |
| 18:9-11 | | | | | |
| 20:17-21 | 611 | | | | |
| 20:22-24 | | | | | |
| 25:6-7 | | | | | |
| 25:8-9 | | | | | |
| 25:10-12 | | | | | |
| 25:13-15 | | | | | |
| 25:16-19 | Spec, F | | | | |
| 25:20-23 | Spec, F | | | | |
| 25:24-25 26:3-4 | I, F, Arg | | | | |
| 26:5-7 | I, F, Arg | | | | |
| 26:8-9 26:11 | I, F, Arg | | | | |
| 27:10-15 | | | | | |
| 27:16-19 | | | | | |
| 28:19-24 | M | | | | |
| 28:25-29:5 | | | | | |
| 29:6-8 | | | | | |
| 29:9-11 | | | | | |
| 29:12-17 | 402 | | | | |
| 29:25-30:2 | 402 | | | | |

211

| | | | Kerry Sullivan May 8, 2018 | | |
|---|---|---|---|---|---|
| **Defendants' Designations** | **Plaintiffs' Objections** | **Plaintiffs' Counter-Designations** | **Defendants' Objections to Plaintiffs' Counter-Designations** | **Defendants' Counter-Designations** | **Plaintiffs' Objections to Defendants' Counter-Counter Designations** |
| 30:3-4 | 402 | | | | |
| 32:13-15 | | | | | |
| 32:16-19 | 611 | | | | |
| 32:20-22 | 611 | | | | |
| 33:1-2 33:4 | V | | | | |
| 33:5-8 | | | | | |
| 33:9-14 | | | | | |
| 33:15-17 | | | | | |
| 33:18-20 | I | 33:21-34:4 | | | |
| 34:5-7 | | | | | |
| 34:8-12 | | | | | |
| 34:13-14 | | | | | |
| 34:15-17 | | | | | |
| 34:24-25 35:2 | | | | | |
| 35:3-5 | | | | | |
| 35:6-7 | | | | | |
| 35:8-10 | | | | | |
| 35:11-13 | | | | | |
| 35:14-15 35:17 | | | | | |
| 35:18-21 | | | | | |
| 35:22-24 | | | | | |
| 38:20-23 | | | | | |
| 39:10-13 | V | | | | |
| 39:14-16 | 611 | | | | |
| 39:17-19 | V | | | | |
| 39:20-24 | | | | | |
| 39:25-40:2 | | | | | |
| 40:3-4 | | | | | |
| 40:5-6 | | | | | |
| 40:7-9 | | | | | |
| 40:10-12 | | | | | |
| 40:13-14 | | | | | |
| 40:15-17 | | | | | |
| 40:18-20 | | | | | |

212

| Kerry Sullivan May 8, 2018 | | | | | |
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 40:21-23 | | | | | |
| 40:24-41:1 | | | | | |
| 41:8-11 41:13-15 | 701, Arg, F, 401 | | | | |
| 42:3-4 42:6-7 | 701, Arg, F, 401, 611 | | | | |
| 42:8-9 | | | | | |
| 42:10-11 | | | | | |
| 42:12-14 | | | | | |
| 43:2-5 | | | | | |
| 43:6-8 | | | | | |
| 43:9-11 | | | | | |
| 43:12-13 | I, M, F, V | | | | |
| 43:18-20 | | | | | |
| 43:21 43:23-24 | V, F, Spec | 43:25-44:2 | | 44:3-13 | Spec, F, 402, 403, 701 |

| Courtney Tallman March 5, 2019 | | | | | |
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 8:24-9:7 | H, 402, 403 | | | | |
| 10:19-23 11:2-4 | H, 402, 403 | | | | |
| 13:18-19 13:21-22 | 402, 403 | | | | |
| 16:7-12 | H, 402, 403 | | | | |
| 16:13-15 16:20 | 402, 403 | | | | |
| 33:10-11 33:13 | 402, 403 | | | | |
| 33:15-17 | 402, 403 | | | | |

| Courtney Tallman March 5, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 33:18-19 | 402, 403 | | | | |
| 33:21-24 | 402, 403 | | | | |
| 33:25-34:3 | H, 402, 403 | | | | |
| 45:25 46:3 | H, 402, 403 | | | | |
| 46:5-9 46:15 | H, 402, 403 | | | | |
| 46:16-19 46:21 | H, 402, 403 | | | | |
| 46:23-25 47:2 | | | | | |
| 49:11-13 49:15 | | | | | |
| 49:17-18 | | | | | |
| 49:19-21 | | | | | |
| 49:23-24 | | | | | |
| 49:25-50:2 | | | | | |
| 50:3-5 | | | | | |
| 50:6-8 | | 50:9-14; 50:22-24 | | 50:15-21 | 402, 403 |
| 50:25-51:2 | | 50:9-14; 50:22-24; 51:21-52:5 | OBJ | 50:15-21 52:6-12 52:14-19 | H, 402, 403 |
| 51:9-11 | | | | | |
| 52:20-23 | | | | | |
| 53:8-10 | | | | | |
| 53:11-15 | | | | | |
| 53:16-19 | | | | | |
| 53:20-24 54:4-6 | | | | | |
| 54:7-9 | | | | | |
| 54:10-13 | | | | | |
| 54:14-16 | | | | | |
| 55:7-9 | | | | | |
| 56:12-13 56:15-20 | | | | | |
| 56:22-24 | | | | | |

| Courtney Tallman March 5, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 56:25-57:4 | | | | | |
| 57:5-9 | | | | | |
| 57:11 | | | | | |
| 57:13-14 | | | | | |
| 57:16 | | | | | |
| 57:18-22 | | | | | |
| 57:23-24 | | | | | |
| 58:1 | | | | | |
| 58:3-7 | | | | | |
| 58:8-9 | | | | | |
| 58:11 | | | | | |
| 58:13-14 | | | | | |
| 58:16-20 | | | | | |
| 58:22-23 | | | | | |
| 58:25 | | | | | |
| 59:2-5 | | | | | |
| 59:6-7 | | | | | |
| 59:9 | | | | | |
| 59:11-15 | | | | | |
| 59:16-18 | | | | | |
| 59:20 | | | | | |
| 59:22-24 | | | | | |
| 59:25-60:1 | | | | | |
| 60:3 | | | | | |
| 60:5-8 | | | | | |
| 60:9-11 | | 60:23-62:20 | OBJ | | |
| 60:13-21 | | | | | |
| 66:17-19 | | | | | |
| 66:22-24 | | | | | |
| 67:1 | | | | | |
| 67:3-4 | | | | | |
| 67:6-7 | | | | | |
| 67:9-11 | | | | | |
| 67:13-14 | | | | | |
| 67:16-19 | 402, 403 | | | | |
| 67:21 | | | | | |
| 67:23-25 | Hyp, 402, 403 | | | | |

| Courtney Tallman March 5, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 68:3 | | | | | |
| 68:5-7 | Hyp, 402, 403 | | | | |
| 68:10 | | | | | |
| 68:12-14 | Hyp, 402, 403 | | | | |
| 68:17-18 | | | | | |
| 68:20-25 | 402, 403 | | | | |
| 72:8-11 | | | | | |
| 72:13-17 | | | | | |
| 72:19-21 | | | | | |
| 72:23 | | | | | |
| 72:25-73:3 | | | | | |
| 73:5-9 | | | | | |
| 73:11-12 | | | | | |
| 73:13-16 | | | | | |
| 73:18 | | | | | |
| 73:20-21 | | | | | |
| 73:23-24 | | | | | |
| 77:10-23 | | 76:16-77:9 | OBJ | | |
| 78:3-5 | | | | | |
| 78:6-7 | | | | | |
| 78:8-10 | | | | | |
| 78:11-13 | | 79:4-24 | OBJ | | |
| 78:15-18 | | | | | |
| 80:1-8 | H, 402, 403 | | | | |
| 80:9-10 | | | | | |
| 80:11-17 | H, 402, 403 | | | | |
| 80:19-20 | | | | | |
| 80:22-23 | H, 402, 403 | | | | |
| 81:1 | | | | | |
| 87:14-17 | 402, 403 | | | | |
| 87:19 | | | | | |
| 90:19-23 | | | | | |
| 91:3-7 | | | | | |
| 91:8-13 | H, 402, 403 | | | | |
| 91:14-16 | H, 402, 403 | | | | |
| 91:17-19 | H, 402, 403 | | | | |
| 91:20-23 | H, 402, 403 | | | | |

| Courtney Tallman March 5, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 91:24-25 92:2-3 | H, 402, 403 | | | | |
| 92:5-8 | H, 402, 403 | | | | |
| 92:9-10 92:13-14 | H, 402, 403 | | | | |
| 94:9-11 94:14 | 402, 403 | | | | |
| 94:16-18 94:20-22 | | | | | |
| 94:24-95:2 95:4 | | | | | |
| 95:6 95:8 | | | | | |
| 95:10-14 | 402 | | | | |
| 95:15-17 | 402 | | | | |
| 96:10-15 | | | | | |
| 96:16-17 96:19-21 | | | | | |

| Esther Vasquez March 4, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 8:9-11 | 402, 403 | | | | |
| 8:12-13 | 402, 403 | | | | |
| 8:14-15 | 402, 403 | | | | |
| 8:16-18 | 402, 403 | | | | |
| 8:19-20 | 402, 403 | | | | |
| 8:21-22 | 402, 403 | | | | |
| 8:23-9:3 | 402, 403 | | | | |
| 9:4-5 | 402, 403 | | | | |
| 9:6-8 | 402, 403 | | | | |

| Esther Vasquez March 4, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 9:9-11 | 402, 403 | | | | |
| 9:12-14 | 402, 403 | | | | |
| 9:15-17 | 402, 403 | | | | |
| 9:18-21 | 402, 403 | | | | |
| 9:22-24 | 402, 403 | | | | |
| 9:25-10:1 | 402, 403 | | | | |
| 10:2-3 | 402, 403 | | | | |
| 10:4-5 10:7 | 402, 403 | | | | |
| 10:9-10 10:12 | 402, 403 | | | | |
| 10:14-16 | 402, 403 | | | | |
| 10:17 10:20 | 402, 403 | | | | |
| 10:22-23 11:1 | 402, 403 | | | | |
| 11:3-5 | 402, 403 | | | | |
| 15:20-24 | | | | | |
| 15:25-16:4 | | | | | |
| 16:5-9 16:12 | | | | | |
| 16:14-15 | | | | | |
| 16:16-23 | 402, 403 | | | | |
| 16:24-17:1 17:4-8 | 402, 403 | | | | |
| 17:10-13 | 402, 403 | | | | |
| 17:17-18 17:20-23 | 402, 403 | | | | |
| 17:25-18:4 | 402, 403 | | | | |
| 20:12-14 | | | | | |
| 20:15-17 | | | | | |
| 20:18-20 | | | | | |
| 21:9-11 | 402, 403 | | | | |
| 21:12-14 | 402, 403 | | | | |
| 21:15-16 | 402, 403 | | | | |
| 21:25-22:2 | | | | | |
| 22:3-5 | | | | | |

<table>
<tr><td colspan="6" align="center"><b>Esther Vasquez<br>March 4, 2019</b></td></tr>
<tr><th>Defendants' Designations</th><th>Plaintiffs' Objections</th><th>Plaintiffs' Counter-Designations</th><th>Defendants' Objections to Plaintiffs' Counter-Designations</th><th>Defendants' Counter-Designations</th><th>Plaintiffs' Objections to Defendants' Counter-Counter Designations</th></tr>
<tr><td>22:6-8</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>22:9-10</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>22:11-15</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>22:16-19</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>22:20-23</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>22:24-23:2</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>23:6-8</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>23:9-11</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>23:12-14</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>23:15-17</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>24:2-4</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>24:5-7</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>24:8-12</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>24:13-14</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>24:15-16</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>24:17-19</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>24:20-21</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>24:23</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>24:25-25:2</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>25:5</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>25:7-9</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>25:11-12</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>25:16-17</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>25:20</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>25:22-26:1</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>26:2-6</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>26:7-9</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>26:10-14</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>27:24-28:4</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>28:5-7</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>28:17-18</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>28:19-21</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>28:22-24</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>28:25-29:2</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>29:3-5</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>29:6-7</td><td></td><td></td><td></td><td></td><td></td></tr>
<tr><td>29:8-13</td><td>H, 402, 403</td><td></td><td></td><td></td><td></td></tr>
</table>

| Esther Vasquez March 4, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 29:16-22 | | | | | |
| 32:21-33:2 | | | | | |
| 33:3-5 | | | | | |
| 34:10-12 | | | | | |
| 34:15-16 | | | | | |
| 34:18-20 | | | | | |
| 34:21-23 | | | | | |
| 34:24-25 35:3-4 | | | | | |
| 35:6-8 35:11-17 | | | | | |
| 35:19-23 35:25 | | | | | |
| 36:2-3 | | | | | |
| 36:4-6 | | | | | |
| 47:8-9 | | | | | |
| 47:11-14 | | | | | |
| 47:16-22 | | | | | |
| 47:23-25 | | | | | |
| 48:1-3 | | | | | |
| 48:6-8 48:10-19 | H, 402, 403 | | | | |
| 48:21-23 | H, 402, 403 | | | | |
| 48:24-49:1 49:7-11 | H, 402, 403 | | | | |
| 49:12-13 | H, 402, 403 | | | | |
| 49:14-16 | H, 402, 403 | | | | |
| 49:17-21 | H, 402, 403 | | | | |
| 49:22-24 50:1-2 | H, 402, 403 | | | | |
| 50:4-7 50:9-10 | H, 402, 403 | | | | |
| 50:12-13 50:15 | H, 402, 403 | | | | |
| 50:17-20 50:23-51:3 | H, 402, 403 | | | | |
| 51:5-8 | 402, 403 | | | | |

| Esther Vasquez March 4, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 51:9-11 | 402, 403 | | | | |
| 51:12-14 | 402, 403 | | | | |
| 51:15-17 51:19 | H, 402, 403 | | | | |
| 51:21-52:1 | H, 402, 403 | | | | |
| 52:2-6 | | 52:7-12 | | | |
| 53:10-12 53:14-15 | | | | | |
| 53:17-19 53:21-54:2 | | | | | |
| 54:4-7 | | | | | |
| 54:8-9 | | | | | |
| 54:10-11 | | | | | |
| 54:12-13 | | | | | |
| 54:14-15 | | | | | |
| 57:4-5 57:8 | H, 402, 403 | | | | |
| 57:10-12 | 402, 403 | | | | |
| 57:13-16 | 402, 403 | | | | |
| 57:17-20 | 402, 403 | | | | |
| 57:21-25 | 402, 403 | | | | |
| 58:1-4 | 402, 403 | | | | |
| 58:5-8 | 402, 403 | | | | |
| 58:9-11 | 402, 403 | | | | |
| 58:12-13 | 402, 403 | | | | |
| 61:5-8 | 402, 403 | | | | |
| 61:9-11 | 402, 403 | | | | |
| 61:12-16 | 402, 403 | | | | |
| 61:17-20 | 402, 403 | | | | |
| 61:21-24 | 402, 403 | | | | |
| 61:25-62:4 | 402, 403 | | | | |
| 62:5-8 | 402, 403 | | | | |
| 62:9-11 | 402, 403 | | | | |
| 62:12-24 63:1 | H, 402, 403 | | | | |
| 63:3 63:5 | 402, 403 | | | | |

221

| Esther Vasquez March 4, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 63:7-8 63:10-11 | 402, 403 | | | | |
| 63:13-21 | H, 402, 403 | | | | |
| 63:23 | 402, 403 | | | | |
| 63:25-64:1 64:3-4 | 402, 403 | | | | |
| 64:6-7 64:9-11 | 402, 403 | | | | |
| 64:13-15 | 402, 403 | | | | |
| 64:16-19 | 402, 403 | | | | |
| 64:20-22 64:25-65:6 65:8-9 | 402, 403 | | | | |
| 65:11-15 | | | | | |
| 65:18-19 65:22 | | 65:24-66:8 | | 65:20 66:9-67:1 | H, Spec, F, 402, 403 |
| 74:9-14 74:16-17 | H, 402, 403 | | | | |
| 74:19 74:21-22 | 402, 403 | | | | |
| 77:6-12 77:14-15 | | | | | |
| 77:17-20 | | | | | |
| 77:21-22 77:24-78:4 | | | | | |
| 78:6-9 | | | | | |
| 78:10-12 78:14 | | | | | |
| 78:16-21 | | | | | |
| 78:22-79:1 79:3 | | | | | |
| 79:16-20 79:23-80:1 | | | | | |
| 80:3-4 80:6 | | | | | |
| 80:8-11 80:13-15 | | | | | |
| 80:17-20 | | | | | |

| | | | Esther Vasquez | | |
| | | | March 4, 2019 | | |

| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
|---|---|---|---|---|---|
| 80:21-22 | | | | | |
| 80:23-24 81:3-6 81:8 | | | | | |
| 81:10-11 81:14 | | | | | |
| 82:6-12 | | | | | |
| 82:13-14 | | | | | |
| 82:15-18 | | | | | |
| 82:19-20 82:23 | | | | | |
| 82:25-83:3 | | | | | |
| 83:4-5 83:8 | | | | | |
| 83:10-12 | | | | | |
| 83:13-15 83:17 | | 83:19-23 | OBJ | | |
| 83:25-84:6 84:9-11 | | | | | |
| 86:19-22 | H, 402, 403 | | | | |
| 86:23-25 | 402, 403 | | | | |
| 87:1-2 87:4 | 402, 403 | | | | |
| 87:7-10 | H, 402, 403 | | | | |
| 89:10-14 | 402, 403 | | | | |
| 89:15-17 89:19 | 402, 403 | | | | |
| 89:20-23 | H, 402, 403 | | | | |
| 92:8-12 | 402, 403 | | | | |
| 92:14-15 | 402, 403 | | | | |
| 92:17-19 | 402, 403 | | | | |
| 98:17-19 | Spec, F, 402, 403 | | | | |
| 98:21 | | | | | |
| 98:23-24 99:1-2 | Spec, F, 402, 403 | | | | |
| 99:4 | Spec, F, 402, | | | | |

| Esther Vasquez March 4, 2019 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 99:6 | 403 | | | | |
| 99:8-9 99:11-16 | Spec, F, 402, 403 | | | | |
| 99:18-21 | | | | | |
| 99:22-23 | | | | | |
| 99:24-100:2 | | | | | |
| 103:11-15 | | 103:16-105:23; 115:6-116:7 | OBJ, LDG | | |
| 105:25-106:4 | Hyp, Spec, F, 402, 403 | 103:16-105:23; 115:6-116:7 | | | |
| 106:7-11 106:13-14 | Hyp, Spec, F, 402, 403 | | | | |
| 106:16-18 | Hyp, Spec, F, 402, 403 | 106:19-107:18; 115:6-116:7 | OBJ | | |
| 111:2-3 111:6-9 | | | | | |
| 111:10-12 | | | | | |
| 111:13-15 | | 112:12-115:5 | LDG, IMP | | |
| 116:25-117:5 | | | | | |
| 117:6-8 | 402, 403 | 119:12-121:3 | LDG | | |
| 117:9-11 | 402, 403 | 119:12-121:3 | LDG | | |
| 117:12-15 | 402, 403 | 119:12-121:3 | LDG | | |
| 117:16-18 117:20-21 | 402, 403 | 119:12-121:3 | LDG | | |
| 117:22-118:13 | NT, 402, 403 | | | | |
| 118:15-16 118:18 | 402, 403 | | | | |
| 118:20-21 | 402, 403 | | | | |

| Louis Zehil December 6, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 6:22-23 | | 24:3-24:18 | IMP | | |
| 9:18-19 9:23-24 | F, 402, 403, V | 46:12-46:14 | IMP | | |
| 9:25 10:2 10:7-17 | F, 402, 403, V, LC | 50:8-50:10 | IMP | | |
| 10:18-22 10:24-11:5 | F, 402, 403, V, LC | 51:6-51:7 | IMP | | |
| 12:8-14 12:16-17 | F, 402, 403, V, LC | | | | |
| 12:18-20 12:23-13:4 | F, 402, 403, V, LC | | | | |
| 14:14-18 | F, 402, 403, V, LC | | | | |
| 16:20-22 17:1-14 | F, 402, 403, V, AF | | | | |
| 17:22-24 18:3-17 | F, 402, 403, V, AF | | | | |
| 19:15-17 19:19 | F, 402, 403, V, AF | | | | |
| 20:10-12 | 402 | | | | |
| 23:5-7 23:10-24:2 | F, 402, 403, V | | | | |
| 24:19-24 25:2-15 | F, 402, 403, V, AF | | | | |
| 37:5-7 37:10-11 | F, 402, 403, V | | | | |
| 37:12 37:16-19 | F, 402, 403, V, Spec | | | | |
| 44:13-18 | 402 | | | | |
| 44:19-20 44:22-25 | 402 | | | | |
| 45:13-15 | 402 | | | | |
| 45:16-17 45:20-46:11 | F, 402, 403, V, LC | | | | |
| 47:3-5 47:8-9 | Spec, F, 402, 403, V | | | | |
| 47:17-19 | 402 | | | | |

| Louis Zehil December 6, 2018 | | | | | |
|---|---|---|---|---|---|
| Defendants' Designations | Plaintiffs' Objections | Plaintiffs' Counter-Designations | Defendants' Objections to Plaintiffs' Counter-Designations | Defendants' Counter-Designations | Plaintiffs' Objections to Defendants' Counter-Counter Designations |
| 47:20-24 | 402 | | | | |
| 47:25-48:12 | 402 | | | | |
| 48:13-14 48:18-25 | Spec, F, 402, 403, V | | | | |
| 49:24-25 50:3-7 | Spec, F, 402, 403, V | | | | |
| 50:11-15 50:23-51:5 | Spec, F, 402, 403, V | | | | |
| 51:17-19 | 402, 403 | | | | |
| 52:2-4 | H, 402, 403 | | | | |
| 52:8-11 | H, 402, 403 | | | | |
| 52:18-20 52:25-53:4 | F, 402, 403, Spec, AF, V | | | | |
| 53:5-7 | 402 | | | | |
| 53:8-11 | F, 402 | | | | |
| 53:12-14 53:17 | F, 402, 403, Spec, H | | | | |
| 54:12-14 54:18-24 | F, 402, 403, Spec, H | | | | |
| 66:8-11 | F, 402, 403 | | | | |
| 66:22-23 67:16-68:1 | F, 402, 403 | | | | |
| 68:2-3 68:6-20 | F, 402, 403, Spec, LC | | | | |
| 68:23-69:10 | F, 402, 403, Spec, LC | | | | |
| 74:10-75:4 | V, F, 402, 403 | | | | |
| 76:9-12 | 402 | | | | |
| 76:13-16 | 402, 403 | | | | |
| 76:17-77:11 | F, 402, 403 | | | | |
| 81:12-14 81:17-23 | F, 402, 403, Spec | | | | |

**EXHIBIT 9**

**L'ORÉAL USA'S OBJECTION CODES**

| CODE | DESCRIPTION | BASIS |
|------|-------------|-------|
| REL | Not Relevant | FRE 401-402 |
| 403 | Prejudice Outweighs Probative Value | FRE 403 |
| FND | Lacks Foundation/Personal Knowledge (assumes facts not in evidence, speculative, lacking reasonable basis or logical support) | FRE 602, 611, 901 |
| CM | Cumulative | FRE 611 |
| HRS | Hearsay | FRE 801-802, 805 |
| CMP | Multiple Exhibits / Improper Compilation | FRE 611, 403, 901 |
| INC | Incomplete Designation or Exhibit | FRE 106, 403 |
| IMP | Improper Counter-Designation | |
| NP | Not Produced / Produced Untimely | FRCP 26, 37 |
| ILO | Improper Expert Testimony by Non-Expert or Calls for Expert Testimony | FRE 701 |
| LC | Calls for Legal Conclusion | |
| LDG | Leading | |
| MIS | Mischaracterizes Evidence or Testimony or Misleading | FRE 611 |
| NR | Non-Responsive Answer | FRE 611 |
| SPC | Calls for Speculation | FRE 401-403, 602, 701 |
| ARG | Argumentative | |
| 30(b)(6) | Outside Scope of 30(b)(6) Topic | FRCP 30(b)(6) |
| OBJ | Not Testimony, Includes Attorney Objections, Discussions | |
| AA | Asked and Answered | |
| AMB | Vague and ambiguous | |
| CPD | Compound | |
| HYP | Improper Hypothetical | FRE 501-502 |
| PRV | Attorney Client Privilege or Work Product | FRE 501-502 |
| *Daubert* | Document Subject to *Daubert* Motion | FRE 701-703 |
| *Markman* | Document relates to Claim Construction Issues Already Decided | *Markman* |

_____ **Plaintiffs' Objections** _____

## Objection Key

| DESCRIPTION | OBJECTIONS |
|---|---|
| FEDERAL RULES OF EVIDENCE 401/402 (IRRELEVANT) | **402** |
| FEDERAL RULE OF EVIDENCE 403 (UNDULY PREJUDICIAL, CONFUSING, MISLEADING, DELAY, AND/OR WASTE OF TIME) | **403** |
| FEDERAL RULE OF EVIDENCE 602 (LACK OF PERSONAL KNOWLEDGE OR COMPETENCY) | **602** |
| LACKS FOUNDATION | **F** |
| CALLS FOR SPECULATION | **Spec** |
| DESIGNATION INCOMPLETE / INCOMPREHENSIBLE / INCOMPLETE QUESTION / ANSWER | **I** |
| VAGUE AND AMBIGUOUS | **V** |
| IMPROPER / INCOMPLETE HYPOTHETICAL | **Hyp** |
| COMPOUND | **C** |
| ASSUMES FACTS NOT IN EVIDENCE | **AF** |
| FEDERAL RULE OF EVIDENCE 408 (COMPROMISE OFFERS AND NEGOTIATIONS) | **408** |
| FEDERAL RULE OF EVIDENCE 501 (PRIVILEGE) | **P** |
| FEDERAL RULE OF EVIDENCE 611(C) (LEADING) | **611** |
| IMPROPER LAY OPINION / IMPROPER EXPERT TESTIMONY BY NON-EXPERT | **701** |
| IMPROPER TESTIMONY BY EXPERT WITNESS | **702/703** |
| FEDERAL RULE OF EVIDENCE 802 (HEARSAY) | **H** |
| FEDERAL RULE OF EVIDENCE 611(B) (BEYOND SCOPE OF DESIGNATIONS) | **BSD** |
| NOT TESTIMONY – INCLUDES ATTORNEY OBJECTIONS AND/OR DISCUSSIONS BETWEEN ATTORNEYS | **NT** |
| BEYOND SCOPE OF 30(B)(6) NOTICE / QUESTIONS | **S** |
| ARGUMENTATIVE | **Arg** |
| MISCHARACTERIZATION | **M** |
| CALLS FOR LEGAL CONCLUSION | **LC** |
| NON-RESPONSIVE | **NR** |
| NARRATIVE | **N** |

EXHIBIT 10

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 1 | 1/11/2017 | Pgs. 1-4 | | | Declaration of Sara Lim ISO Olaplex Motion for PI | |
| 2 | 4/1/2015 | Pgs. 1-7 | | | Archesnews.com Web article "Olaplex: The Science Behind the Strand" | |
| 3 | 6/2/2014 | Pgs. 1-4 | | | Mechessalonla.com web article" Shay Mitchell's Sun-kissed Tips" | |
| 4 | 3/31/2016 | Pgs. 1-2 | | | USPTO- Declaration undre 37 CFR Sectio 1.132 by Dean Christal | |
| 5 | 11/22/2016 | Pgs. 1-16 | | | USPTO - Patent No. 9,498,419 "Keratin Treatment Formulation and Methods | |
| 6 | 2/5/2015 | Pgs. 1-22 | | | USPTO - Publication US 2015/0034117 AI "Methods for Fixing Hair and Skin" | |
| 7 | 9/17/2015 | Pgs. 1-10 | | | Modern Salon web article: "Hero Complex: An Interview with Dean Christal of Olaplex" | |
| 8 | 5/8/2014 | OLA 0000015590 | OLA 0000015590 | Confidential | Christal email to Owens re Allure Magazine breakthrough feature | |
| 9 | 4/14/2015 | Pgs. 1-2 | | | Joe Santy Facebook Page | |
| 9A | 8/8/2014 | Pgs. 1-2 | | | Joe Santy Facebook Page | |
| 10 | 8/13/2016 | OLA 0000025375 | OLA 0000025376 | Confidential | Christal email to Holz re Mondays launch email with forwarded message from Walden to Auer, Christal cc: Darcy Christal, Holz, Berkshire | |
| 11 | 12/6/2012 | OLA 000025876 | OLA 000025878 | Confidential | Pressly email to Christal re Working agreement        11-30-12/5% updated | |
| 12 | | Pgs. 1-65 | | | Liqwd, Inc. and Olaplex First Amended Complaint, USDC-DE 17-14 | |
| 13 | 5/20/2014 | OLA 0000000027 | OLA 0000000031 | Confidential | Liqwd Inc. License Agreement to Olaplex LLC, executed | |
| 14 | 1/11/2017 | Pgs. 1-17 | | | Declaration of Tiffany Walden ISO Olaplex Motion for PI | |
| 15 | 3/21/2017 | Pgs. 1-7 | | | Vanguard Law web article: Tiffany Walden - Olaplex: A hair-raising case for Olaplex Legal Consel | |
| 16 | 1/14/2003 | Pgs. 1-13 | | | Unexamined Kim Patent Publication No. 2003-0003970 by LG Household  & Health Care, Ltd, Seoul, Korea | |
| 17 | 12/29/2014 | OLA 0000025883 | OLA 0000025885 | Confidential | Christal email to Hernand re Agreement with Chemist #1/Olaplex with forwarded email from Pressly to Christal | |
| 18 | 10/23/2016 | OLA 0000025890 | OLA 0000025891 | Confidential | Hawker email to King re Working Agreement 12-6-2012 forwarding email chain between Hawker and Christal | |
| 19 | 12/6/2012 | OLA 0000025886 | OLA 0000025889 | Confidential | Mutual Non-Disclosure Agreement, unsigned | |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 20 | 7/17/2013 | OLA 0000025879 | OLA 0000025882 | Confidential | Mutual Non-Disclosure Agreement, unsigned | |
| 21 | 8/28/2014 | Pgs 1-4 | | | Assignment between Pressly, Hawker and Liqwd, Inc. | |
| 22 | 2/24/2017 | Pg 1 of 1 | | | Intellectual Property Theft Investigation NC Conference of District Attorneys | |
| 23 | 3/15/2017 | OLA 0000024712 | OLA 0000024713 | Confidential | Email exchange between Walden and Sutin re Hello & Jennifer Lopez | |
| 24 | 4/13/2015 | Pgs 1-114 | | | www.labmuffin.com web article "How does Olaplex Hair Treatment Work" | |
| 25 | 1/12/2017 | Pg. 1-21 | | | Declaration of Craig J. Hawker, Ph.D ISO Motion for PI | |
| 26 | | Pg. 1-40 | | | Provisional Applicaton for United States Patents by Pressly and Hawker for Hair Treatment Compositions and Methods | |
| 27 | 10/6/2014 | OLA 0000023756 | OLA 0000023757 | Confidential | Nikitilakis (Director of Cosmetic Chemistry) letter to Christal re Application 4-07-2014-2449 | |
| 28 | 8/4/2015 | Pgs. 1-23 | | | USPTO Pressly Patent No. 9,095,518 B2 | |
| 30 | 3/10/2014 | OLA 0000015035 | OLA 0000015040 | Confidential | Sample 29261 Notes | |
| 31 | 1/25/2017 | OLA 0000017608 | OLA 0000017608 | Confidential | Hawker email to Pressly re Another with forwarded email from McNie,Engineering UCSB to Hawker | |
| 32 | 1/12/2017 | Pgs. 1-31 | | | Declaration of Edward T. Borish, Ph.D ISO Motion for PI | Hearsay, Lacks foundation / personal knowledge |
| 33 | 1/12/2017 | Pgs. 1-5 | | | Exhibit G to Borish Declaration ISO Motion for PI | Hearsay, Lacks foundation / personal knowledge, Incomplete Document, Authentication, Best Evidence Rule |
| 34 | 1/12/2017 | Pgs. 1-7 | | | Exhibit E to Borish Declaration ISO Motion for PI | Hearsay, Lacks foundation / personal knowledge, Incomplete Document, Authentication, Best Evidence Rule |
| 35 | 1/12/2017 | Pgs. 1-2 | | | Exhibit F to Borish Declaration ISO Motion for PI | Hearsay, Lacks foundation / personal knowledge, Incomplete Document, Authentication, Best Evidence Rule |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 36 | 1/12/2017 | Pgs. 1-2 | | | Exhibit C to Borish Declaration ISO Motion for PI | Hearsay, Lacks foundation / personal knowledge, Incomplete Document, Authentication, Best Evidence Rule |
| 37 | 1/12/2017 | Pgs. 1-4 | | | Exhibit D to Borish Declaration ISO Motion for PI | Hearsay, Lacks foundation / personal knowledge, Incomplete Document, Authentication, Best Evidence Rule |
| 38 | 5/15/2015 | Pgs. 1-6 | | | UPSTO Pressly Declaraton Under CFR Section 1.1132 for Keratin Treatment Formulations and Methods | Hearsay, Lacks foundation / personal knowledge, Authentication |
| 39 | 1/12/2017 | Pgs. 1-14 | | | Exhibit B to Borish Declaration ISO Motion for PI | Hearsay, Lacks foundation / personal knowledge, Incomplete Document, Authentication, Best Evidence Rule |
| 41 | 1/11/2017 | Pgs. 1-14 | | | Declaration of Nisha M. Mody, Ph.D ISO Motion for PI | |
| 42 | 1/11/2017 | Pgs. 1-6 | | | Exhibit A to Mody Declaration ISO Motion for PI | |
| 43 | 3/31/2017 | Pgs.1-340 | | | Mody Deposition Binder | |
| 44 | 3/20/2017 | Pgs 1-15 | | | Notice of Subpoena to Pressly | Incorrect description |
| 46 | 00/00/0000 | Pg. 1 of 1 | | | Pressly Handwritten Notes | |
| 47 | 6/26/2013 | OLA 0000025911 | OLA 0000025912 | Confidential | Pressly email to Christal  re Disclosure of External Activity with forwarded email from Englander to Hawker cc Pressly | |
| 48 | 9/5/2016 | OLA 00000015682 | OLA 00000015683 | Confidential | Christal email to Pressly re small change in last paragraph with attached Legrand argument doc | |
| 49 | 7/12/2015 | OLA 00000017599 | OLA 0000017501 | Confidential | Christal email exchange with Pressly re Olaplex with fowarded email from Halal to Christal | |
| 51 | 00/00/0000 | Pg 1 of 1 | | | L'Oreal Smartbond instruction sheet | Authentication |
| 52 | 00/00/0000 | Pg 1 of 1 | | | Redken Bonder instruction sheet | Authentication |
| 53 | 00/00/0000 | Pg 1 of 1 | | | Matrick Bond Ultim8 instruction sheet | Authentication |
| 54 | 00/00/0000 | Pg 1 of 1 | | | Pravana Chroma Silk WIld Orchid product label | Authentication, Hearsay, Foundation, Relevance, Incomplete Document |
| 55 | 00/00/0000 | Pg 1 of 1 | | | Pravana Chroma Silk Pastels product label | Authentication, Hearsay, Foundation, Relevance, Incomplete Document |

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 56 | 4/7/2017 | Pgs. 1-66 | | HC | Declaration of Robert JW Hefford Ph.D. ISO of Opposition to Plaintiffs' Motion for PI (Under Seal) | Hearsay |
| 57 | 4/7/2017 | Pgs. 1-87 | | HC | Declaration of Robert JW Hefford Ph.D. ISO of Opposition to Plaintiffs' Motion for PI (Under Seal) with Exhibits attached. | Hearsay |
| 58 | 4/7/2017 | Pgs. 1-28 | | | Exhibit H to Hefford Declaration ISO of Opposition to Plaintiffs' Motion for PI | Authentication, Relevance |
| 59 | 00/00/0000 | Pgs. 1-2 | | | Photos of test samples | Authentication, Hearsay, Foundation, Relevance, Incorrect description, |
| 60 | 00/00/0000 | Pgs. 1-12 | | | Pages 31-42 of Title 32- Food and Drugs Section 321 | Authentication, Relevance |
| 61 | 00/00/0000 | Pgs. 1-19 | | | Mowery Declaration Exhibit I | |
| 63 | 3/31/2016 | Pgs. 1-12 | | | USPTO Third Part Submission Under 37 CFR Section 1.290 in Support of Application of Pressly No. 15/087,415 | Relevance, incomplete document |
| 64 | 1/10/1984 | Pgs. 1-15 | | | USPTO Grollier Patent No. 4,425,132 - Two-Stage Process for Dyeing Keratin Fibres | |
| 65 | 5/15/2015 | Pgs. 1-10 | | | USPTO Office  Communication to Pressly, Application No. 14/713,885 | Incomplete document |
| 66 | 5/2/2017 | Pgs. 1-7 | | | Olaplex First Amended Rule 30b6 Deposition Notice to Defendants No. 2 | |
| 67 | 5/7/2017 | Pgs. 1-2 | | | Linkedin.com web page - Leslie Marino | |
| 68 | 5/7/2017 | Pgs. 1-2 | | | Modern Salon web article: Redken GM Leslie Marino on 2014 and Beyond | |
| 69 | 5/10/2017 | Pgs. 1-10 | | HC | Defendants' Objections and Responses to Plaintiffs' Second Interrogatory | |
| 70 | 5/2/2017 | Pgs. 1-3 | | | L'Oreal Finance web article: L'Oreal USA's Saloncentric to Acquire Key assets from Four Star Salon Services to Expand Northeast Service | Hearsay, Authentication, Lacks foundation/personal knowledge |
| 71 | 00/00/0000 | Pg 1 of 1 | | Confidential | Spreadsheet, annotated re Redken, Matrix, L'Oreal, Olaplex Bond | Hearsay, Authentication, Lacks foundation/personal knowledge, 403 |
| 72 | 00/00/0000 | Pg 1 of 1 | | HC | Spreadsheet- Units Sold/Revenues | Hearsay, Authentication, Lacks foundation/personal knowledge, 403 |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 73 | 8/28/2015 | LO USA0000563 | LO USA0000581 | HC | L'Oreal Key Points/Scope of Study/Additives for Chemical Services - Custodian C. Goget | |
| 74 | 4/27/2016 | LO USA0001318 | LO USA0001386 | Confidential | Overview of Hair Protecting Additives - Author Julie Miller | |
| 75 | 8/15/2016 | LO USA0001824 | LO USA0001826 | HC | Stults email to Wefer, Lawton, Caffey cc: Brooke Fletcher re Olaplex Survey | Hearsay, Lacks foundation/personal |
| 76 | 00/00/0000 | Pgs 1-8 | | | SalonCentric Bond Additive/Bond Multiplier Product Survey | Hearsay, Lacks foundation/personal |
| 77 | 5/7/2017 | Pgs 1-2 | ` | | Linkedin.com web page - Lisa Morris | |
| 78 | 5/7/2017 | Pgs 1-2 | | | Modern Salon web article: Lisa Morris Names General Manager of L'Oreal Professional USA | |
| 79 | 00/00/0000 | Pgs 1-4 | | | L'Oreal Smartbond instruction sheet | Hearsay, Authentication, Lacks foundation/personal knowledge |
| 80 | 5/8/2017 | Pg 1 of 1 | | | SalonCentric Corporate Structure Tree | Hearsay, Authentication, Lacks foundation/personal knowledge |
| 81 | 2/10/2015 | LO USA0000864 | LO USA0000865 | HC | Sow email to Provot, Goget, Douin, Legrand, Sabbagh, Crim, Huff, Potin, Boulineau, Leung, Hamilton cc Lemaire re Brazilian Bond Build with attached email chain (Custodian Goget) | |
| 82 | 7/19/2016 | LO USA0000876 | LO USA0000877 | | Team Olaplex letter to Our Customers (Custodian Dreher) | |
| 83 | 5/7/2017 | Pgs 1-2 | | | LinkedIn.com web page-Paul Schiraldi | |
| 84 | 5/7/2017 | Pgs 1-2 | | | Salontoday.com web article - Matrix Announces Leadership Changes | |
| 85 | 2/13/2016 | LO USA0001632 | LO USA0001633 | HC | Bethelmy-Rada email to Azancot, Verhulst, Roos, Schiraldi, Parenty, Fontaine re Matrix Bonder Update | Hearsay, Incomplete document, 403 |
| 86 | 10/3/2016 | LO USA0000374 | LO USA0000377 | HC | Bond Ultim8 Launch Details | |
| 87 | 10/31/2016 | OLA USA0000416 | LO USA0000417 | HC | Vissat email to Mann cc: Baris re Bond comparisons with attachment Bond competitive inclusive overview ppt. | |
| 88 | 4/7/2017 | Pgs. 1-31 | | Confidential | Declaration of Todd Schoettelkotte ISO of Oppositon to Plaintiffs' Motion for PI | Hearsay, Lacks foundation / personal knowledge, Authentication |
| 89 | 5/15/2017 | Pgs 1-2 | | | saloncentric.comSearch Results "bonder" | Hearsay, Lacks foundation / personal knowledge, Authentication |

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 90 | 12/31/2016 | Pgs 1-25 | | HC | Olaplex LLC Quantity and Sales Report for USA - April 1, 2015-December 31, 2016 | Hearsay, Lacks foundation / personal knowledge, Authentication |
| 91 | 8/20/2015 | LO USA0000271 | LO USA0000276 | HC | Redken Bond Expert (Custodian: brand managers) | Hearsay, Lacks foundation / personal knowledge, Authentication |
| 92 | 2/14/2016 | LO USA0000110 | LO USA0000122 | HC | PPD BonderTarget Pad: July 2016 (Custodian: S. Schienvar) | Hearsay, Lacks foundation / personal knowledge, Authentication |
| 93 | 6/17/2015 | LO USA0000075 | LO USA0000092 | HC | A New Market Category: The Bond Buiders (Custodian: R. Dolden) | Hearsay, Lacks foundation / personal knowledge, Authentication |
| 94 | 7/29/2015 | LO USA0000366 | LO USA0000367 | HC | Hair Protecting Additives Chart (Custodian: brand managers) | Hearsay, Lacks foundation / personal knowledge, Authentication |
| 95 | 00/00/0000 | LO USA0000211 | LO USA0000211 | HC | # 1 Bet: PH Bonder | Hearsay, Lacks foundation / personal knowledge, Incomplete Document, Authentication |
| 96 | 7/22/2014 | Pgs 1-147 | | Confidential-OAEO | Expert Report of Todd Schoettlekotte Relating to Irreparable Harm in American Petroleum Institute v. Bullseye Automotive Products USDC - Indiana 1:13cv112TWP-DML | Hearsay, Lacks foundation / personal knowledge |
| 97 | 6/00/2015 | Pgs 1-56 | | | Salon Hair Care: US Market Analysis and Opportunities | Hearsay, Lacks foundation / personal knowledge |
| 98 | 5/2/2017 | Pgs 1-8 | | | Olaplex First Amended Rule 30b6 Deposition Notice to Defendants No. 1 | |
| 99 | 5/18/2017 | Pgs. 1-11 | | Confidential | Defendants' First Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories (No.1) | |
| 100 | 7/20/2016 | LO USA0000136 | LO USA0000138 | HC | Impact of the dyes used in Bonding Additive P4 (Custodian: R&I) | Hearsay |
| 101 | 3/11/2016 | LO USA0000949 | LO USA0000957 | HC | Dreher Laboratory Notebook (1)  L11616 | Incomplete Document, Hearsay, Authentication, Lacks Foundation / personal knowledge |
| 102 | 9/30/2015 | LO USA0000171 | LO USA0000172 | HC | DeGeorge email to Goget, Habif, Chin, Potin, Hamilton, Velkov, Kanji, Hobby, Boulineau, Applebaum, Norwood re Weekly Bonding Project Update | Hearsay, Authentication, Lacks Foundation / personal knowledge |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 103 | 9/23/2015 | LO USA0000653 | LO USA0000653 | HC | DeGeorge email to Boulineau, Goget, Hamilton, Puco referencing Hair Repair GPS competitors pptx (not attached) | |
| 105 | 6/16/2016 | LO USA 0000878 | LO USA0000884 | HC | L'Oreal Research & Innovation Offiialization Notification International for Reken ReBond | Authentication, Lacks Foundation / personal knowledge, Hearsay |
| 106 | 6/16/2016 | LO USA0000144 | LO USA0000158 | HC | L'Oreal Research & Innovation Offiialization Notification International for Reken ReBond | |
| 107 | 00/00/0000 | LO USA0000470 | LO USA00000471 | HC | Dye Capacity to PH and for modified PH | Incomplete Document, Authentication, Hearsay, Lacks Foundation / personal knowledge, Best Evidence Rule |
| 108 | 7/22/2016 | LO USA0000139 | LO USA00000140 | HC | Impact of the dyes used in Bonding Additive P4 | Authentication, Hearsay, Lacks Foundation / personal knowledge |
| 109 | 11/3/2015 | LO USA0000937 | LO USA0000937 | HC | Dreher Laboratory Notebook (1) L11580 | Incomplete Document, Hearsay, Authentication, Lacks Foundation / personal knowledge |
| 110 | 00/00/0000 | Pg 1 of 1 | | | Redken Bio - Jeremy Puco | Authentication, Hearsay, Lacks Foundation / personal knowledge, Relevance |
| 111 | 9/21/2016 | LO USA0000141 | LO USA0000141 | HC | Goget email to Duez, Vandall cc: Puco, Boulineau re Patent Pending or Olaplex kits | Authentication, Hearsay, Lacks Foundation / personal knowledge |
| 112 | 1/29/2016 | LO USA0000942 | LO USA0000948 | HC | Dreher Laboratory Notebook (2) L11616 | Incomplete Document, Hearsay, Authentication, Lacks Foundation / personal knowledge |
| 113 | 5/25/2017 | Pgs 1-41 | | Confidential | Rebuttal Declaration of Nisha Mody PhD ISO Olaplex Moion for PI | |
| 113A | 00/00/0000 | OLA 0000057157 | OLA 000057203 | | Group of Bonder images, Safety Data Sheets | Improper compilation of separate documents, Hearsay, Lacks foundation/personal knowledge, Authentication |

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 114 | 4/26/2018 | Pgs 1-265 | | HC | Supplemental Declaration of Nisha Mody PhD ISO Olaplex Renewed Motion for PI | |
| 114A | 9/9/2016 | OLA 0000064066 | OLA 0000064066 | HC | Schwartz email to Orzel cc: Beard, Jeffries, Stewart re Sales Info | Hearsay, authentication |
| 115 | 4/26/2018 | Pgs 1-3 | | HC | Exhibit W to Supplemental Declaration of Nisha Mody PhD ISO Olaplex Motion for PI | |
| 115A | 2/14/2017 | OLA 0000064128 | OLA 0000064131 | HC | Kalz email to Schwartz cc: Jeffries re Olaplex Sales with attached sales by channel MTD and by Item MTD | Hearsay, authentication |
| 116 | 4/30/2018 | Pgs. 1-19 | | | Plaintiffs' First Supplemental Objections and Response to Defendants' Fifth Interrogatory | |
| 116A | 4/11/2017 | OLA 0000064140 | OLA 0000064144 | HC | Kalz email to Schwartz re March Sales Out with attached Sales Olaplex spreadsheet | Hearsay, authentication |
| 117 | 4/26/2018 | Pgs 1-16 | | HC | Exhibit G to Supplemental Declaration of Nisha Mody PhD ISO Olaplex Motion for PI | |
| 117A | 5/8/2017 | OLA 0000064150 | OLA 0000064154 | HC | Kalz email to Schwartz cc: Orzel re Olaplex April Sales out with Sales Olaplex spreadsheet | Hearsay |
| 118 | 5/25/2017 | Pgs 1-2 | | Confidential | Exhibit B to Rebuttal Declaration of Nisha Mody PhD ISO Olaplex Motion for PI (?) | |
| 118A | 8/9/2017 | OLA 0000064180 | OLA 0000064184 | HC | Kalz email to Schwarts re Sales Olaplex with attached Sales Olaplex spreadsheet | Hearsay, authentication |
| 119 | 9/20/2017 | OLA 0000064165 | OLA 00000170 | HC | Kalz email to Stewart, Schwartz cc: Beard re Q3 Buy in with attached Sales Olaplex spreadsheet | Hearsay, authentication |
| 120 | 11/6/2017 | OLA 0000064105 | OLA 0000064109 | HC | Kalz email to Schwartz cc: Jefferies, Beard re Sales Olaplex with attached Olaplex Sales spreadsheet | Hearsay, authentication |
| 120A | 4/26/2018 | Pgs 1-35 | | Confidential | Supplemental Declaration of Edward T. Borish PhD ISO Olaplex Renewed Motion for PI | Hearsay, Lacks foundation/personal knowledge |
| 121 | 2/5/2018 | OLA 0000064095 | OLA 0000064099 | HC | Kalz email to Schwartz cc: Jefferies, Beard re Sales Olaplex with attached Olaplex Sales spreadsheet | Hearsay, authentication |
| 121A | 4/26/2018 | Pgs 1-78 | | Confidential | Exhibit B to Supplemental Declaration of Edward T. Borish PhD ISO Olaplex Renewed Motion for PI (Rebuttal Declaration) | Hearsay, Lacks foundation/personal knowledge |
| 122 | 3/1/2018 | OLA 0000064171 | OLA 0000064175 | HC | Kalz email to Schwartz cc: Jefferies, Beard re Sales Olaplex with attached Olaplex Sales spreadsheet | Hearsay, authentication |
| 122A | 11/22/2016 | Pgs 1-16 | | | US Patent 9,498,419 B2 - Pressly Patent | Incomplete document |
| 123 | 4/2/2018 | OLA 0000064145 | OLA 0000064149 | HC | Kalz email to Schwartz cc: Jefferies re Sales Olaplex with attached Olaplex Sales spreadsheet | Hearsay, authentication |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 123A | 4/26/2018 | Pgs 1-56 | | Confidential | Exhibit AF-1 to Supplemental Declaration of Edward T. Borish PhD ISO Olaplex Renewed Motion for PI | Improper compilation of separate documents, Hearsay, Lacks foundation/personal knowledge, Authentication |
| 124 | 7/28/2016 | OLA 0000064119 | OLA 0000064127 | HC | Doerrler email to Schwartz cc: Stevens re Olaplex Sales Out with attached Olaplex spreadsheet | Hearsay, authentication |
| 124A | 4/26/2018 | Pgs 1-13 | | Confidential | Exhibit AF-28 to Supplemental Declaration of Edward T. Borish PhD ISO Olaplex Renewed Motion for PI | Authentication, Hearsay, Lacks foundation/personal knowledge |
| 125 | 2015-2018 | Pg 1 of 1 | | | SalonCentric Out the Door Sales 2015-201 | Incomplete document, Authentication, Lacks foundation/personal knowledge, Hearsay, 403 |
| 126 | 00/00/0000 | Pg 1-2 | | | Store Locations Distsribution Area | Hearsay, Authentication, Lacks foundation/personal knowledge |
| 126A | 6/29/2017 | Pgs 1-45 | | | Second Amended Complaint - Liqwd and Olaplex v. L'Oreal | Incomplete document, Hearsay, Lacks foundation/personal knowledge |
| 127 | 00/00/0000 | Pg 1-3 | | | B3 Brazilian Bond Builder SDS/MSDS Sheets | Hearsay, Authentication, Lacks foundation/personal knowledge |
| 128 | 12/00/2015 | Pgs 1-6 | | | Safety Data Sheet - b3 Brazilian Bond Builder - Manufacturer Global Concepts Unlimited | Hearsay, Authentication, Lacks foundation/personal knowledge, 403 |
| 128A | 8/4/2015 | Pgs 1-23 | | | USPTO Patent No. 9, 085,519 B2 - Pressly Patent | |
| 129 | 6/4/2015 | OLA 000004067 | OLA 000004068 | HC | Baswell email to Jeff @ Olaplex re Announcement from Steve Orzel with attached Olaplex Lauch at BSG.pdf | Hearsay, Authentication, Lacks foundation/personal knowledge |
| 129A | 1/14/2003 | Pgs. 1-13 | | | Unexamined Patent Publication No. 2003-0003970 by LG Household & Health Care, Ltd, Seoul, Korea | |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 130 | 5/9/2017 | Pgs 1-3 | | | Declaration of Brad Champion ISO of Olaplex Reply | Hearsay, Lacks foundation / personal knowledge |
| 130A | 00/00/0000 | Pges 1-3 | | HC | Olaplex v. L'Oreal USA Documents and Other Information Considered - Appendix 2 | Hearsay, Lacks foundation/personal knowledge, Authentication |
| 131 | 4/25/2018 | Pgs 1-3 | | | Declaration of Brad Champion ISO Olaplex's Renewed Motion for PI | Hearsay, Lacks foundation / personal knowledge |
| 131A | 2/12/2019 | Pgs 1-4 | | | Schoettlekotte Declaration Exhibit G | Hearsay, Lacks foundation/personal knowledge, Authentication |
| 132 | 7/6/2017 | Pgs 1-15 | | | Liqwd and Olaplex v. L'Oreal Memorandum Order | MIL, Relevance, 403, Hearsay |
| 133 | 5/21/2018 | Pgs 1-25 | | HC | Declaration of Todd Schoettlekotte ISO of Defendants' Opposition to Plaintiffs' Renewed Motion for PI | Hearsay, Lacks foundation / personal knowledge |
| 134 | 5/00/2017 | Pgs 1-3 | | | Declaration of Kerry Sullivan ISO Olaplex's Reply | Hearsay |
| 134A | 5/21/2018 | Pgs 1-15 | | Confidential | Declaration of Nisha M. Mody, Ph.D ISO Motion for PI | Hearsay, Lacks foundation / personal knowledge |
| 135 | 4/25/2018 | Pgs 1-3 | | | Declaration of Kerry Sullivan ISO Olaplex's Renewed Motion for PI | Hearsay |
| 135A | 5/25/2017 | Pgs 1-43 | | | Rebuttal Declaration of Nisha Mody PhD ISO Olaplex Motion for PI | Hearsay, Lacks foundation / personal knowledge |
| 136 | 5/17/2017 | Pgs 1-3 | | | Declaration of Mark Spinks ISO Olaplex's Reply | Hearsay |
| 136A | 4/26/2018 | Pgs 1-27 | | | Supplemental Decaration of Nisha Mody PhD ISO Olaplex's Renewed Motion for PI | Hearsay, Lacks foundation / personal knowledge |
| 137 | 5/7/2017 | Pgs 1-5 | | | www.cosmoprofbeauty.com "shop by brand" web pages | |
| 137A | 9/6/2016 | OLA 0000064068 | OLA 000006472 | HC | Schwartz email to Bobitt, Meggo cc: Orzel re Our New Shelf with photo attachments | Hearsay, Lacks foundation / personal knowledge, Authentication, 403 |
| 138 | 00/00/0000 | Pg 1 of 1 | | | www.cosmoprofbeauty.com Color Products portal - Shop by category web page | |
| 138A | 1/11/2017 | Pgs 1-8 | | | Declaration of Tiffany Walden ISO Olaplex Motion for PI | Hearsay, Lacks foundation / personal knowledge |
| 139 | 00/00/0000 | Pg 1 of 1 | | | www.cosmoprofbeauty.com Color Products portal - Shop by category web page | |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 139A | 11/22/2016 | OLA 0000064056 | OLA 0000064056 | HC | Bobitt email to Schwartz, Russell, Acker cc Orzel re Another basher | Hearsay, Lacks foundation / personal knowledge, 403 |
| 140 | 5/22/2018 | Pgs 1-10 | | | Olaplex's Rule 30b6 Deposition Notice to Defendants related to Renewed Motion for PI | |
| 141 | 6/12/2018 | Pg 1 of 1 | | | Mowery email to Blumenfeld, Thakur Paunovich, Blackburn, Moghaddas, DiClemente, Cottrell, Moyer, Modi, Murray, Palys, Reich, Zeilberger Olpalex Loreal  USDC, Peachman, Rawnsley, re Liqwd v. Olaplex with attached Highly Confidential Defendants' Fourth Supplemental Objections and Responses to Plaintffs' Second Interrogatory (no Attachment) | Hearsay, Lacks foundation/personal knowledge |
| 142 | 6/12/2018 | Pgs 1-46 | | HC |  Defendants' Fourth Supplemental Objections and Responses to Plaintffs' Second Interrogatory | Hearsay |
| 143 | 6/10/2018 | Pgs 1-2 | | | Smartbond Salon Kit and Smartbond Trial Kit  - SalonCentric | Hearsay, Authentication, Lacks foundation/personal knowledge, 403 |
| 144 | 6/10/2018 | Pgs 1-4 | | | Matrix Bond Ultim8 Salon Intro Kit - SalonCentric | Hearsay, Authentication, Lacks foundation/personal knowledge, 403 |
| 145 | 00/00/0000 | LO USA 0004226 | LO USA 0004253 | HC | NYTS Matrix Bond Ultim8 | |
| 146 | 00/00/0000 | LO USA0003085 | LO USA0003112 | HC | Matrix Bond 8 | Hearsay, Lacks foundation/personal knowledge, 403 |
| 147 | 4/8/2016 | LO USA0002623 | LO USA0002626 | HC | Kunetz email exchange with  Marino CC: Banks, Lawton re Bond Protectors | |
| 148 | 00/00/0000 | LO USA0002698 | LO USA0002749 | HC | Redken Fifth Avenue NYC | |
| 149 | 6/10/2018 | Pgs 1-13 | | | www.saloncentric.com "Redken pH-Bonder Single Use Kit" | Hearsay, Authentication, Lacks foundation/personal knowledge, 403 |
| 149A | 5/7/2018 | Pgs 1-3 | | | www.cosmoprofbeauty.com "Matrix Bond Ultim8 Travel Kit" | Hearsay, Authentication, Lacks foundation/personal knowledge, 403 |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 150 | 00/00/0000 | Pg 1 of 1 | | | Total Core Chart | Incomplete document, Hearsay, Authentication, Lacks foundation/personal knowledge, 403 |
| 151 | 00/00/0000 | Pgs 1-14 | | | Redken Color is the New Makeup | Incomplete document, Hearsay, Lacks foundation/personal knowledge, 403 |
| 152 | 9/6/2016 | OLA 0000064068 | OLA 0000064072 | HC | Schwartz email to Bobitt, Meggo cc: Orzel re Our New Shelf with photo attachments | Hearsay, Authentication, Lacks foundation/personal knowledge, 403 |
| 153 | 5/27/2018 | OLA 0000064114 | OLA 000064118 | HC | Alexander email to Jordan@olaplex.com re Valley SalonCentric Store September 6, 2016 | Hearsay, Authentication, Lacks foundation/personal knowledge, 403 |
| 154 | 5/27/2018 | OLA 0000064092 | OLA 00000064094 | HC | Alexander email to Jordan@olaplex.com re  SalonCentric Store- Santa Barbara  September 6, 2016 photos | Hearsay, Authentication, Lacks foundation/personal knowledge, 403 |
| 155 | 4/30/2015 | LO USA0007909 | | HC | Ascione, Habif of L'Oreal to Hieronimus, Verhulst-Santos cc: Attal, Dolden, Goget, Gringauz, Kunetz, LeGrand, Pahin, Roze, Toutain re Olivia Project Executive Summary | |
| 156 | 11/8/2015 | LO USA0008147 | LO USA0008153 | HC | PPE Expert Evaluation Capacity | Hearsay, Authentication, Lacks Foundation / personal knowledge |
| 157 | 2/15/2018 | Pgs 1-24 | | | USPTO Dreher Patent Application Publication US 2018/0042830 | |
| 158 | 8/31/2017 | Pgs 1-34 | | | USPTO Dreher Patent Application Publication US 2017/0246094 | |
| 159 | 5/13/2015 | LO USA0008233 | LO USA0008236 | HC | Ali email to L'Oreal team re PEC Update - Hair Color | Hearsay, Authentication, Lacks foundation / personal knowledge |
| 162 | 00/00/1981 | Pgs 1-26 | | | Thomas A. Furia, Author - CRC Handbood of Food Additives, Chapter 6 - Sequestrants in Food (pgs. 271-294) | Lacks foundation/personal knowledge |
| 163 | 4/5/2018 | Pgs 1-10 | | | Defendants' Notice of Deposition of Olaplex LLC Pursuant to Rule 30b6 - Related to Motion for PI | |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 164 | 5/14/2018 | Pgs 1-2 | | | Excerpt of Rough draft of Deposition of Joe Santy - May 14, 2018 pg. 119:9 - 120:14 | |
| 164A | 7/28/2016 | LO USA0008237 | LO USA0008244 | HC | L'Oreal Professionals Smartbond Communications Desk | |
| 165 | 4/26/2019 | Pgs 1-32 | | | Declaration of Tiffany Walden ISO Olaplex Renewed Motion for PI | |
| 166 | 3/10/2015 | Pgs 1--6 | | | Trademark/Service Mark Statement of use SN 86106997 - Bond Multiplier | |
| 167 | 5/12/2015 | Dolden 0001 | Dolden 0015 | Confidential | Christal/Dolden Text messages | |
| 167A | 5/7/2018 | Pgs 1-12 | | | Olaplex Distributor List | |
| 168 | 9/2/2015 | LO USA0028275 | LO USA28277 | HC | Dolden email to Roze re Project Olivia - Confidential with attached notes-September 1 Meeting with Dean Christal | |
| 168A | 6/10/2018 | Pgs 1-5 | | | Website printout: Bartlett, Pringle & Wolf LLP Certified Public Accountants and Consultants | |
| 168B | 4/26/2018 | Pgs 1-16 | | | Exhibit G to Supplemental Declaration of Nisha Mody PhD ISO Olaplex Motion for PI | Hearsay, Lacks foundation / personal knowledge, Authentication |
| 169 | 9/2/2015 | LO USA0049930 | LO USA0049930 | HC | Roze email to Dolden re Project Olivia - Confidential, redacted | Hearsay, Lacks foundation/personal knowledge, 403 |
| 169A | 6/4/2018 | Pgs 1-9 | | Confidential | Declaration of Lisa Lorden ISO Olaplex's Renewed Motion for PI | |
| 169B | 5/13/2018 | Pgs 1-33 | | | Plaintiffs' Second Supplemental Objections and Response to Defendants' Fifth Interrogatory | Hearsay, Lacks foundation/personal knowledge |
| 170 | 10/5/2015 | LO USA0026934 | LO USA0026935 | HC | Dolden email to Habif cc: Kanji, Cervantes re Olaplex IP with attached Dean Christal Facebook Posting | |
| 170A | 4/5/2018 | Pgs 1-10 | | | Defendants' Second Set of Interrogatories to Plaintffs related to Motion for PI | |
| 170B | 00/00/0000 | Pgs 1-15 | | | www.influenster.com website printout re "Ion Color Brilliance Absolute Perfectic Booster Step One" | |
| 171 | 10/15/2015 | LO USA0049928 | LO USA0049928 | HC | Habif email to Dolden cc: Kanji, Cervantes re Olaplex IP | |
| 171A | 00/00/0000 | Pgs 1-13 | | | www.uberliss.com website "Bond Treatment" | |
| 172 | 9/25/218 | Pgs 1-3 | | | LinkedIn Bio of Roger Dolden, EVP at L'Oreal | |
| 172A | 6/4/2018 | Pgs 1-56 | | | Supplemental Rebuttal Declaration of Edward T. Borish PhD ISO Olaplex's Renewed Motion for PI | Hearsay, Lacks foundation / personal knowledge |
| 173 | 4/16/2015 | LO USA0026489 | LO USA0026491 | HC | Dolden email to Morgan re Olivia Owner's Intention/Structure - Confidential | Hearsay, 403 |

13

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 173A | 11/22/2016 | Pgs 1-4 | | | USPTO Certificate of Correction re Patent No. 9,498,419 B2 | Incomplete Document, Hearsay |
| 174 | 2/26/2015 | LO USA0035375 | LO USA0035375 | HC | Parenty email to Dolden re Olaplex | Hearsay, 403 |
| 174A | 5/21/2018 | Pgs 1-114 | | HC | Declaration of Benny D. Freeman, PhD,  ISO Defendants' Opposition to Plaintiffs' Motion for PI,  Exhibit J | Hearsay, Lacks foundation / personal knowledge |
| 175 | 3/30/2015 | LO USA0029197 | LO USA0029199 | HC | Kunetz email to Dolden, Evrard, Parenty, Fontaine, Verhulst-Santos, Roze cc: Roze, Hieronimus, Pivet re Confidential: Olaplex with attached feedback from meeting with Christal | |
| 175A | 5/21/2018 | Pgs 1-18 | | HC | Declaration of Benny D. Freeman, PhD,  ISO Defendants' Opposition to Plaintiffs' Motion for PI,  Exhibit K | Hearsay, Lacks foundation / personal knowledge |
| 176 | 4/7/2015 | LO USA0028565 | LO USA0028565 | HC | Dolden email to Cervantes re Project Olivia | Hearsay, REL, 403 |
| 176A | 5/21/2018 | Pgs 1-53 | | HC | Declaration of Benny D. Freeman, PhD,  ISO Defendants' Opposition to Plaintiffs' Motion | Hearsay, Lacks foundation / personal knowledge |
| 177 | 7/4/2015 | LO USA0026528 | LO USA0026539 | HC | L'Oreal Project Olivia Presentation | Hearsay, Lacks foundation/personal knowledge, 403 |
| 177A | 5/21/2018 | Pgs 1-44 | | HC | Declaration of Benny D. Freeman, PhD,  ISO Defendants' Opposition to Plaintiffs' Motion for PI,  Exhibit I | Hearsay, Lacks foundation / personal knowledge |
| 178 | 4/16/2015 | LO USA0028233 | LO USA0028233 | HC | Dolden email to Scharnsky re Project Olivia | Hearsay, REL, 403 |
| 179 | 4/20/2015 | LO USA0028585-R | LO USA0028587-R; 28582R to 28584R | HC | Redacted Dolden email to Dolden re Project Olivia - Our Call today with attached email summaries of conversations | Privileged - document was clawed back, Hearsay, Improper compilation of separate documents, 403 |
| 180 | 7/2/2015 | LO USA0049952 | LO USA0049953 | HC | Project Olivia Data Room/Clean Room Permission List for Confidential Information | Incomplete document, Hearsay, Foundation, 403 |
| 181 | 5/20/2015 | LO USA0035071 | LO USA00035074 | HC | Allard email to Dolden, Kunetz cc Gringauz Cervantes re Olivia Meeting May 19th R&I assessment | |
| 182 | 5/22/2015 | LO USA0035264 | LO USA0035270 | HC | Niz, Cervantes, Cokleski, Dolden,  Gigliotti, Goget, Habif email to Habif,Huether, Kanji, Land, Martin, Potin, Rabinowitz, Re, Srinivasan cc: Gringauz,Sarakatsannis re Project Olivia - Summary of Confidentiality Requirements and Data Room-Clean Room Access with attached persmission list and summary requirements | |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 183 | 4/27/2015 | LO USA0036260 | LO USA0035263 | HC | Gringauz email to Dolden, Habif re Project Olivia Clean Team Guidelines v. 2 Confidential with attached guidelines | |
| 184 | 5/19/2015 | LO USA0025370 | LO USA0025374 | HC | Project Olivia Detailed Notes of May 19 Meeting | |
| 185 | 5/5/2015 | LO USA0028279 | LO USA0028279 | HC | Dolden email to Dolden re Project Olivia -Notes on R&I Meeting | |
| 186 | 4/29/2015 | LO USA0028663 | LO USA0028664 | HC | Dolden email to Verhulst-Santos, Roze, Hieronimus, Attal, Ascione, Evrard, Dubrule cc Dubrule, Pagliano, Parenty, Morgan, Kunetz, Gringauz, Habif, Allard re Project Olivia Status - Confidential | |
| 187 | 5/13/2015 | LO USA0028264 | LO USA0028273 | HC | Dolden email to Christal  cc: Kunetz, Gringauz, Allard re Project Olivia- Confidential with attached negotiation agreement, initial request List-pre due diligence, discussion points | |
| 188 | 5/15/2015 | OLA 0000065778 | OLA 0000065783 | HC | L'Oreal/Olaplex Confidentiality Agreement - executed | |
| 189 | 5/15/2015 | Pgs 1-6 | | | L'Oreal/Olaplex Confidentiality Agreement - executed | |
| 190 | 4/20/2015 | LO USA0026738 | LO USA0026740 | HC | Dolden email to Kunetz cc: Roze, Gringauz re Project Oliva Status - Confidential with attached memo | |
| 191 | 5/11/2015 | LO USA0060083 | LO USA0060087 | HC | O'Rourke email to Dolden re Project Olivia Status - Confidential with attached email chain between Hieronimus, Ascione, Verhulst-Santos cc: Attal,Roze, Gringauz, Habif, Kunetz | |
| 192 | 6/29/2015 | LO USA0035379 | LO USA0035380 | HC | O'Rourke email to Dolden re Olivia with attached email chain between Kunetz, Morgan, Dolden forwarding JPA email | |
| 192T | 6/29/2015 | LO USA0035379 | LO USA0035380 | HC | Certified translation of O'Rourke email to Dolden re Olivia with attached email chain between Kunetz, Morgan, Dolden forwarding JPA email | Authentication, Hearsay, Foundation, Not produced |
| 193 | 5/19/2015 | LO USA0060088 | LO USA00600893 | HC | Gringauz email to Habif, Cervantes, Dolden cc: Sarakatsannis re Project Oliva Summary of Confidentiality Requirements with attached summary | |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 194 | 5/22/2015 | LO USA 0028284 | LO USA0028306 | HC | Dolden email to Pivet, Kunetz, Mulliez, Hieronimus, Verhults-Santos, Evrard, Schmitt, Ascione, Allard, Chabot, Roze, Pagliano cc: Parenty, Morgan, Fluck, Habif, Cervantes, Gringauz, Rabinowitz, Huether, Kerschner, Carillon re Project Olivia - Meeting with Owner - Strictly Confidential with attached notes, sales detail, bills and materials | |
| 195 | 6/11/2015 | LO USA0028218 | LO USA 0028220 | HC | Dolden email exchange with Christal re Project Olivia | |
| 196 | 6/17/2015 | LO USA0030672 | LO USA003673, 59967-59984 | HC | Kunetz email to Dolden re update data with attached Olivia Investment Committee document and email chain between Kunetz and Pivet, David, Morgan, Fontaine | |
| 197 | 7/1/2015 | LO USA0066944 | LO USA0066970 | HC | Dolden email to O'Rourke re Olivia BP V1-1-D with attached Project Olivia Discussion Materials 20150701 and email chain between Gianni and Kerschner, Evrard, Milosh, Dauchy, Rabinowitz, Huether, Pagliano, Roze, Verhulst-Santos cc: Pivet, Morgan, Fluck, Dolden, Varieras, Staats, Benais, Pasqual,George, Ahmed | |
| 198 | 5/19/2015 | LO USA0060088 | LO USA0060093 | HC | Gringauz email to Habif, Cervantes, Dolden cc: Sarakatsannis re Project Olivia Summary of Confidentiality Requirements with attached summary | Authentication, Incomplete document, Hearsay, Foundation, 403 |
| 199 | 8/27/2014 | LO USA000197 | LO USA000197 | HC | Zellner email to Hamilton, DeGeorge, Aelsen, Goget, Bryant, Leung, shaw re Olaplex Crosslinker with attached powerpoint | |
| 200 | 6/4/2015 | LO USA0013801 | LO USA0013813 | HC | Project Olivia Formula Screening Results to Habif, Kanji, Velkov, Goget, Potin, cc: Ascione, Legand, Lee, Norwood - Authors Applebaum, de la Bandera, Boulineau | |
| 201 | 6/10/2015 | LO USA0039744 | LO USA0039746 | HC | Soliman email to Goget, Boulineau cc: Norwood Velkov, Lee, Hamilton re Topline EV1506-Olaple 3x MTT Maleic Acid and Diamine investigation with attachment | |
| 202 | 6/10/2015 | LO USA0065454 | LO USA0065456 | HC | Hamilton email to Goget cc; Danielski, Boulineau re AU1506-0031 Request for Cystic Acid | |
| 203 | 6/22/2015 | LO USA0039233 | LO USA0039235 | HC | Goget email to Hamilton, Boulineau re TR Bonding" project - Action plan for next week with attached email chain | |

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 204 | 6/22/2015 | LO USA0065361 | LO USA0065362 | HC | Boulineau email to Loisel-Joubert, Re, Goget, Assaf-Vandescasteele, Javelot, Perez re maleac acid- diamine in bleach with attached email chain | |
| 205 | 7/17/2015 | LO USA0063822 | LO USA0063823 | HC | Boulineau email to Provot, Dalko-Osiba, Zellner, Danielski, adman, Kuntz, Jeulin, Greaves, Potter, Jegou, Bahdadli, Chodorowski, Legrand, Bryant, Keuong cc: Spenlehauer, Gireaud, Angevin, Goget, Hamilton, Jarrousse re Analytical chemistry action plan for Bonding - 17Jul15 | |
| 206 | 9/00/2015 | LO USA0039877 | LO USA39894 | HC | L'Oreal Bonding September 2015 - Authors Goget, Boulineau, Hamilton, Puco, DeGeorge | |
| 207 | 11/24/2015 | Pgs 1-67 | | | USPTO Electronic Acknowledgement Receipt - Application Number 62259564, Title of Invention "Composition for Treating the Hair", Inventor Provot | |
| 208 | 12/14/2015 | LO USA0065390 | LO USA006536391 | HC | Danielski analysis to Hamilton copy: Boulineau, Goget - Cysteic Acid Analysis - Project 2014-4285/A | Authentication, Hearsay, Lacks foundation / personal knowledge |
| 209 | 3/8/2016 | LO USA0065394 | LO USA 0065395 | HC | Danielski analysis to Hamilton copy: Boulineau, Goget - Cysteic Acid Analysis - Project 2014-4285/A | Authentication, Hearsay, Lacks foundation / personal knowledge |
| 210 | 3/8/2016 | LO USA0065392 | LO USA0065393 | HC | Danielski analysis to Hamilton copy: Boulineau, Goget - Cysteic Acid Analysis - Project 2014-4285/A | Authentication, Hearsay, Lacks foundation / personal knowledge |
| 211 | 2/22/2007 | LO USA0067926 | LO USA0068083 | HC | Danielski Laboratory Notebook L 10005 | |
| 212 | 7/24/2014 | LO USA0022327 | LO USA0022419 | HC | Boulineau Laboratory Notebook L11145 | |
| 213 | 1/15/2015 | LO USA0039236 | LO USA0039239 | HC | Goget email to Hamilton, Leung, Boulineau re TR Discussion on hydrolyzed bismaleimido with attached email chain | |
| 214 | 7/23/2015 | LO USA0067297 | LO USA0067303 | HC | Danielski, Boulineau, Zellner-Pauker, Badman Summar Memo to Goget, Provot, Poti, Legrand, Ascione, Bouez, Spenlehauer, cc; Bryant, Garnier re Formation of sulfur-nitrogen bonds with diamines and cystine under oxidative bleaching | |
| 215 | 4/15/2015 | LO USA0039453 | LO USA0039456 | HC | Hamilton email to Lam, Goget, Boulinea, Re cc: Chang, Guerra re Fox-RM and safety Action Plan | |
| 216 | 1/5/2015 | LO USA0065366 | LO USA0065383 | HC | Goget email to Ascione, Legrand cc: Rollet re TR Cystic acid level changes with attached presentation 04Nov14 | |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 217 | 5/1/2015 | LO USA0063799 | LO USA0063809 | HC | Boulieau email to Shaw, Elsen, Hamilton, Garnier, Potin, Goget, Bryant cc: Provot, Danielski, Zellner, Badman, Isidor re Olaplex 1st generation analytical report with attached report | |
| 218 | 6/1/2015 | LO USA0035278 | LO USA0035279 | HC | Project Olivia - Data Room/Clean Room Permission List for Confidential Information | Incomplete document, 403, Hearsay, Lacks foundation/personal knowledge |
| 220 | 10/18/2018 | Pgs 1-18 | | | Notice of Second Amended Subpoena Duces Tecu and Ad Testificandum to the Univerity of California, Santa Barbara | |
| 221 | 6/23/1958 | UCSB00013 | UCSB00019 | | General University Policy Regarding Academic Appointees | |
| 222 | 7/1/2014 | UCSB00020 | UCSB00036 | | General University Policy Regarding Academic Appointees | |
| 224 | `/26/2015 | UCSB000886 | UCSB000889 | HC | Hawker email to Pressly re Liqd 100 CP the examiner indicated that claim 9 is allowable and would search for some specific component too- please review and respond, with attached slides | |
| 225 | 3/3/20013 | UCSB000150 | UCSB000166 | | Office of the President correspondence to Chancellors, Laboratory Directors, Vice President Gomes, Academic Counsel Chair Binion  with attached Guidance for Faculty and other Academic Employees on Issues Related to Intellecual Property and Consulting | |
| 229 | 11/18/2014 | UCSB000425 | UCSB000426 | HC | Hawker email to Hawker re Working Agreement 12/6/2012 with attached email from Hawker to Christal | |
| 230 | 11/14/2015 | UCSB000704 | UCSB000705 | HC | Hawker email to Christal re Serendipity | |
| 231 | 2/19/2015 | UCSB000241 | UCSB000250 | Confidential | Nomination of Craig Hawker for Provisional Citation to Dreyfus Foundation | |
| 232 | 00/00/0000 | UCSB000251 | UCSB000272 | Confidential | UCSB Central Role of Chemistry - Hair Care | |
| 233 | 00/00/0000 | UCSB000342 | UCSB000372 | Confidential | UCSB Olaplex Hair Care System | |
| 234 | 00/00/0000 | UCSB000373 | UCSB000384 | Confidential | UCSB New Hair Care System | |
| 236 | 12/23/2014 | UCSB000412 | UCSB00421 | HC | Hawker email  re Olaplex RIPT test results | |
| 238 | 00/00/0000 | UCSB000596 | UCSB000621 | | Claim Summary - Method for Treating Hair | |
| 240 | 00/00/0000 | BTC PL 000681.001 | BTC PL 000681.002 | | Behindthechair.com web article: This could (and will) Change Everything | |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 253 | 9/11/2016 | OLA 0000015667 | OLA 0000015668 | Confidential | Christal email to Mason Berkshire re new usage email blast, please review with attached Auer email and attachment. | |
| 271 | 12/5/2018 | Pgs 1-2 | | | Defendants' Notice of Deposition of Vanessa Schneider | |
| 272 | 12/6/2018 | Pgs 1-3 | | | www.linkedin biography of Vanessa Schneider, Social Media Manager and Senion Educator at Olaplex LLC | |
| 273 | 5/6/2016 | OLA 0000077099 | OLA 0000077149 | HC | Schneider email to Walkder re Employee Handbook and related documents with attached Employee NDA, Handbook, Background Check authorization | |
| 274 | 5/9/2016 | OLA 0000095691 | OLA 0000095695 | HC | Olaplex LLC Confidentiality, NDA and Assignment Agreement | |
| 275 | 8/16/2015 | OLA 0000023295 | OLA 0000023298 | Confidential | Kimberly email to Martine re Relaxer Piece with forwarded email exchange from McDonald email to Schnieder, Lagomarino, Kimberly Helmers re Relaxer Piece | |
| 276 | 6/21/2015 | OLA 0000016060 | OLA 0000016062 | Confidential | Christal email to McDonald re An important discussion I think it is important for you to see with forwarded email from Abams to Christal | |
| 277 | 4/00/2016 | OLA 0000077106 | OLA 0000077148 | HC | Olaplex LLC Employee Handbook | |
| 280 | 12/12/2018 | Pgs 1-3 | | | Twitter  biography of Dustin Stone | |
| 281 | 12/12/2018 | Pgs 1-3 | | | LinkedIn biography of Dustin Stone | |
| 282 | 10/3/2016 | OLA 0000093591 | OLA 0000093634 | HC | Walden email to Stone cc: Martine re Welcome to Olaplex with attached Olaplex Employee Handbook 2016; Employee NDA; Background Chek authorization, Letter to Stone | |
| 283 | 10/6/2015 | OLA 0000071533 | OLA 00000071533 | HC | Iturrraide email chain with  Schwatz cc: Bell re Stylist comments about  Charlotte | |
| 284 | 12/16/2015 | OLA 0000074726 | OLA 0000074727 | HC | Stone email to Martine  with mailing address | |
| 286 | 11/16/2016 | OLA 0000024572 | OLA 000002481 | Confidential | Walden email Martine cc: Berkshire, Christal, Schwartz, Holz, Christal re Salon Outreach Update | |
| 287 | 9/7/2016 | Pgs 1-9 | | | SalonGreek Forum re Olaplex new directions of use | |
| 290 | 12/5/2018 | Pgs 1-2 | | | Defendants' Notice of Deposition of Jordan Alexander | |
| 291 | 12/11/2018 | Pgs 1-2 | | | LinkedIn Biography of Jordan Alexander | |
| 292 | 11/29/2017 | OLA 0000067577 | OLA 0000067580 | | Witness Statement of Jordan Alexander | |
| 293 | 4/00/2016 | OLA 0000077106 | OLA 0000077147 | HC | Olaplex LLC Employee Handbook | |
| 294 | 4/28/2016 | OLA 0000093494 | OLA 0000093498 | HC | Alexander email to Walden re Employee Handbook and related documents | |

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 295 | 7/15/2015 | OLA 0000023103 | OLA 00000023105 | Confidential | Alexander email to Christal re Olaplex Contact Form with email chain and attached instagram comment | |
| 296 | 00/00/0000 | BTC PL 044860 | BTC PL 044860 | | Olaplex Advertisement | |
| 297 | 8/7/2015 | OLA 0000017720 | OLA 0000017720 | Confidential | Alexander email to Pressly re Response | |
| 299 | 5/16/2016 | OLA 0000082661 | OLA 0000082661 | HC | Rebecca email exchange with Berkshire cc: Holz, Alexander, Ed, Russell, Darcy Christal re Outgoing emails to distributors regarding passwords | |
| 300 | 9/21/2015 | OLA 0000016618 | OLA 0000016620 | Confidential | Helmers email to Christal , Alexander re Reply from NuBond with attached email from Killinger to Dreamer | |
| 301 | 6/15/2015 | Pg 1 of 1 | | | Jordanstylist instagram post with Olaplex image | |
| 304 | 1/24/2015 | OLA 0000015102 | OLA 0000015102 | Confidential | Santy email to Christal re First Test Olaplex | |
| 306 | 7/17/2013 | OLA 0000063667 | OLA 00000063668 | HC | Christal email exchange with Santy re Ligwd Perm NDA | |
| 331 | 11/27/2018 | Pgs 1-9 | | | Subpoena - Tracey Cunningham | |
| 332 | 2/17/2014 | Pg 1 of 1 | | | Tracey Cunningham Instagram post re Dubai | |
| 333 | 2/23/2014 | Pg 1 of 1 | | | Tracey Cunningham Instagram post re Fozaza | |
| 334 | 2/18/2014 | DEFS0006149 | DEF0006150 | Confidential | Cunningham email exchange with Christal re Colorists in your salon | |
| 335 | 2/21/2014 | DEFS0006151 (OLA 0000109313) | DEFS0006151 (OLA 0000109313) | Confidential (HC) | Cunningham email exchange with Christal re your Olaplex post | |
| 336 | 00/00/0000 | OLA 0000024543 | OLA 0000024543 | | Rector-Grable article "This could change everything" | |
| 337 | 5/14/2014 | DEFS0003898 (OLA0000107060) | DEFS0003899 (OLA 0000107061) | HC | Cunningham email exchange with Christal re Can you read now | |
| 338 | 2/26/2014 | Pg 1 of 1 | | | Cunningham Instagram Post | |
| 339 | 2/20/2014 | Pg 1 of 1 | | | Meche Salon web article-Tracey Cunningham on Christy Teigen's Hair | |
| 340 | 2/21/2014 | Pg 1 of 1 | | | Cunningham Instagram Post - Christy Teigen | |
| 341 | 2/18/2014 | Pg 1 of 1 | | | Cunningham Instagram Post - Meagan Camper | |
| 342 | 3/13/2014 | Pg 1 of 1 | | | Cunningham Instagram Post - Meche Salon | |
| 343 | 3/6/2014 | OLA 0000057388 | OLA 0000057388 | | Cunningham Instagram Post - Sienna Miller | |
| 344 | 3/8/2014 | OLA 0000067397 | OLA 0000067397 | | Cunningham Instagram Post - Kate Beckinsale | |
| 345 | 11/2/2018 | LO USA0072107 | LO USA0072119 | | Modern Salon- An Interview with Dean Christal of Olaplex | |
| 346 | 2/18/2014 | DEFS0003053 (OLA 00000106215) | DEFS0003053 (OLA 00000106215) | HC | Cunningham email to Christal re Colorists in your salon | |
| 347 | 3/26/2014 | Pg 1 of 1 | | | Cunningham Instagram Post re 10 yr. old | |
| 348 | 4/25/2014 | Pg 1 of 1 | | | Cunningham Instagram Post re new client | |
| 349 | 5/5/2014 | Pg 1 of 1 | | | Cunningham Instgram Post re NY Met Ball | |
| 350 | 5/6/2014 | Pg 1 of 1 | | | Cunningham Instagram Post re NY Met Ball | |

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 351 | 5/14/2018 | Pg 1-91 | | | Second Amended Complaint - Liqwd and Olaplex v. L'Oreal | |
| 352 | 10/26/2018 | Pg 1-31 | | | Plaintiffs' Answering Brief in Opposition to Defendants' Motion for Redactions | |
| 353 | 11/22/2016 | OLA 0000077009 | OLA 0000077039 | HC | Walden email to Ziobro, Homes, Anders cc: Chu re Olaplex suing L'Oreal with attached press release, complaint | |
| 354 | 11/21/2018 | Pgs. 1-23 | | | Defendants' Notice of Deposition of Plaintiffs per 30b6 | |
| 355 | 1/6/2016 | OLA 0000024562 | OLA00000024563 | Confidential | Walden email chain with Christal re L'Oreal Suit | |
| 356 | 1/4/2017 | OLA 0000017609 | OLA 0000017610 | Confidential | McKenna email chain with Pressly re Checking In/NY Edition | |
| 357 | 12/13/2018 | Pg 1-5 | | | Market Watch web article: L'Oreal sued by California startup over patent | |
| 358 | 4/28/2016 | OLA 000082785 | OA 0000082840 | HC | Walden email to Maslo, Lagomarino, Dave, Holz, Schwartz, Alexander, Helmers, Martine, Berkshire, Schnieder, Santy, Indra cc: Darcy Christal re Employee Handbook and related documents with attachments | |
| 359 | 12/3/2009 | Pgs 1-3 | | | 16 CFR Section 255.5 - Disclosure of Material Connections | |
| 360 | 3/5/2015 | DEFS0003747 (OLA 0000106909) | DEFS0003754 (OLA 0000106916) | Confidential/HC | Holz email to Christal cc: Darcy Christal re Hair Forums - Corrected with attached excel sheets | |
| 362 | 8/9/2016 | OLA 0000098285 | OLA 0000098286 | HC | Walden email exchange with Darcy Christal re Advocate Guide | |
| 363 | 3/7/2016 | OLA 0000097873 | OLA 0000097874 | HC | Christal email exchange with Walden re Two Social Media Posts | |
| 364 | 12/31/2015 | OLA 0000075795 | OLA 0000075795 | HC | Olaplex Income Statement from April 2015 to December 2015 | |
| 364A | 12/31/2015 | Pgs 1-6 | | HC | Olaplex Income Statement from April 2015 to December 2015 | Hearsay, Lacks foundation / personal knowledge |
| 365 | 10/24/2016 | OLA 0000097503 | OLA 0000097503 | HC | Walden email to Christal re Sales history with attached email from Schwartz | |
| 366 | 10/00/2018 | OLA 00000075799 | OLA 00000075799 | HC | April 2015-October 2018  Revenue/Gross Profit Chart | |
| 367 | | OLA 0000064224 | OLA 0000064224 | HC | Schwartz email to Lim with attached email from Schwartz to Fulco, Boyd,  Harvey cc: Spinks, Frankln re Earthly Body/Colorplex | |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 368 | 5/4/2016 | OLA 0000019657 | OLA 0000019659 | Confidential | Iturrralde email chain to Heines, Schwartz Gaspard, Spinks, Franklin re Nashville Show with attached emails from Schwartz to Franklin Garspard, Heines; Sudiovenica email to Schwartz | |
| 369 | 8/7/2015 | OLA 0000015991 | OLA 0000016003 | Confidential | Christal email chain with Povalej for Sudhoff re Olaplex/Sexy Hair Patent Infringement | |
| 400 | 3/27/2017 | Pgs 1-18 | | | Expert Report of Karl Kronenberger on Behalf of Plaintiff BehindTheChair.com | |
| 401 | 11/9/2018 | Pgs 1-21 | | | Plaintiffs' Amended Notice of Deposition and Subpoena duces tecum and ad testicandum to Saloncentric | |
| 402 | 11/5/2018 | OLA 0000075802 | OLA 0000075807 | HC | Doerrler email to Tiffany cc: Orzel re Olapex Declaraton with attached spreadsheets | Hearsay, Authentication, Lacks foundation/personal knowledge |
| 403 | 12/31/2016 | SC0001419 | SC0001429 | HC | Saloncentric 2016 Product Spreadsheet | |
| 404 | 5/25/2017 | SC0000011 | SC0000012 | HC | Orzel email to Schwartz cc: Christal, Fontaine, Meggo, bobbitt, Patel, Stewart re Olaplex in SC stores | Hearsay, Incomplete document |
| 405 | 12/6/2016 | OLA 0000024738 | OLA 0000024740 | Confidential | Christal email to Pressly re Redken Letter/Olaplex with forwarded email from Christal to Fontaine cc: Sharnsky with Redken memo from Doud | Hearsay, Lacks foundation/personal knowledge, Authentication |
| 406 | 8/5/2014 | OLA 00000080755 | OLA 00000080755 | HC | Sharnsky email exchange with Christal, Fontaine re Call today | Hearsay, Lacks foundation/personal knowledge |
| 407 | 8/8/2014 | OLA 0000015419 | OLA 0000015419 | Confidential | Christal email to Sharnsky re Olaplex | Hearsay, Lacks foundation/personal knowledge |
| 408 | 8/27/2014 | LO USA0038996 | LO USA0039007 | HC | Fontaine email to Goget with attached Olaplex pdfs and email chain between Sharsky, Stewart, Orzel re Olaplex MDS - urgent | |
| 409 | 2/13/2016 | LO USA0073573 | LO USA0073574 | HC | Kunetz email to Bethelmy-Rada cc: Azancot, Verhulst-Santos, Roos, Schiraldi, Parenty, Fontaine re Matrix Bonder Update | Hearsay, Lacks foundation/personal knowledge |
| 410 | 3/16/2016 | SC0000234 | SC0000234 | HC | Jobanputra email Stewart cc: Reddy, Orzel, Beard re Olaplex Sales with attached email from Jobanpurtra to Stewart cc: Reddy, Orzel | Hearsay, Lacks foundation/personal knowledge |
| 411 | 8/16/2016 | LO USA0073581 | LO USA0073582 | HC | Schiraldi email exchange with Fonataine re Bonder Survey Results | |

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 412 | 8/26/2016 | LO USA0073527 | LO USA 0073528 | HC | Lawton email to Wohlwend, Meggo, Bobitt cc: Marino, Cole, Roby re Redken 2016 Jingle Bell Doorbuster SKUs | Hearsay |
| 413 | 9/27/2016 | LO USA007369 | LO USA0073650 | HC | Rousseau email to Lawton with attached Lawton email to Meggo, Lopez, Palladino cc: Cole, Roby, Sproul, Crank, Mchan, Indermuhle, Seidel, Mahar, Marino, Parenty re PH Bonder Updates - Do not forward or print for verbal communication only | Hearsay, Lacks foundation/personal knowledge |
| 414 | 11/7/2016 | SC0000236 | SC0000236 | HC | Patel email to Sharnksy cc: Orzel re Olaplex | Hearsay, Lacks foundation/personal knowledge |
| 415 | 8/25/2016 | OLA 0000064000 | OLA 0000064001 | HC | Orzel email exchange with Christal cc: Schwartz, Fontaine, Gelorme re New item launch planning | Hearsay, Lacks foundation/personal knowledge |
| 416 | 9/6/2016 | OLA 0000064068 | OLA 00000064072 | HC | Schwartz email to Bobbitt, Meggo cc: Orzel re our new shelf with attached photos | |
| 417 | 9/21/2016 | OLA 0000077659 | OLA 00000077662; 77614-77623; 77681-77699; 77726-77781 | HC | Willgus email to Christal re Augusta, GA Guru with attached photos | Hearsay, Improper compilation of separate documents, Lacks foundation/personal knowledge, Authentication |
| 418 | 10/4/2016 | OLA 0000077710 | OLA 0000077710 | HC | Fontaine email to Christal cc: Funk re LA hotel | Hearsay, Lacks foundation/personal knowledge |
| 419 | 10/7/2016 | LO USA0073522 | LO USA0073535 | HC | Cavett email to Zheng, Allan, Shum cc; Kashap, Wachtel, Schienvar re Redken PH  Bonder Single Use Kit with attached email from Roby to Exsparza, Moran, Baer, Bittencourt, Chung, Crank, Gallotti, Heath, Howe Indermuhle, Johnston, Kashyap, Lavsi, Lawton, ore, Mchan, Scott, Seidel, Sproul, Stern , Vadagriff, Wefer, Cavett, Gonzalez, Walloga, Lopez, Nunziato, McNeice, Rousseau, Young, Yau, Meggo, Bobitt, Stults, Rolston, Tucker, Okawa, Muller cc: Marino, Cole, Mahar with attached Redken PH Bonder Leverage Activity Chart | Hearsay, Lacks foundation/personal knowledge |
| 420 | 1/20/2017 | LO USA0073531 | LO USA0073533 | HC | Marino email to Palladino re: Saloncentric plans: pH Bonder and City Beats with attached detailed recap for pHBonder and City Beats | Hearsay, Lacks foundation/personal knowledge, Incomplete document |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 421 | 8/22/1016 | SC0000115 | SC0000117 | HC | Schwartz email to Orzel, Fontaine, Meggo, Lopez, Palladino, Newton-Smith, Sharnsky, Christal, David cc: Patel, Beard, Reed, Stewart, Jeffires, Bryant re Olaplex Promotoion with attached email from Orzel with Olaplex letter to Salons and Stylist Partners | Hearsay |
| 422 | 2/4/2017 | SC0000265 | SC0000266 | HC | Schwartz email to Bobitt cc: Orzel re Spreading Misinformation with attached Facebook post | Hearsay, Lacks foundation/personal knowledge |
| 423 | 00/00/0000 | SC0000981 | SC00001010 | HC | Olaplex Performance Chart | |
| 423A | 11/2/2018 | Pgs 1-21 | | | Plaintiffs' Amended Third Notice of Deposition and to L'Oreal USA Products, Inc., L'Oreal USA S/D Inc. and Redken 5th Avnued NYC pursuant to 30b6 | |
| 424 | 7/31/2016 | SC0000221 | SC0000232 | HC | Spreadsheet - Partner Brands Net Sold Dec 2014-Jul 2016 | Hearsay, Lacks foundation/personal knowledge |
| 424A | 7/6/2017 | Pgs 1-2 | | | Youtube: How to Use Redken pH Bonder featuring Ellebangs | Hearsay, Lacks foundation/personal knowledge, Incomplete document, Improper compilation of separate documents, Authentication, Best Evidence Rule |
| 425 | 10/31/2016 | SC0001413 | SC0001418 | HC | Spreadsheet - Partner Brands Units Sold Jan 2016-Oct 2016 | Hearsay, Lacks foundation/personal knowledge |
| 425A | 5/17/2018 | Pg 1 of 1 | | | Youtube: How to Fix Damaged Hair - Product & Tips | Hearsay, Lacks foundation/personal knowledge, Incomplete document, Improper compilation of separate documents, Authentication, Best Evidence Rule |
| 426 | 7/7/2015 | SC0000142 | SC0000162 | HC | Spreadsheet - Olaplex Analysis- Purchases 7/8/2014-7/7/2015 | Hearsay, Lacks foundation/personal knowledge |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 426A | 12/14/2018 | Pg 1 of 1 | | | Flash drive contents | Hearsay, Lacks foundation/personal knowledge, Incomplete document, Improper compilation of separate documents, Authentication |
| 427 | 00/00/0000 | OLA 0000076375 | OLA 0000076375 | | Daltan Robertson text to Olaplex Users | Hearsay, Lacks foundation/personal knowledge, Authentication, Incomplete document |
| 427A | 12/26/2014 | SC0000095 | SC0000096 | HC | Spreadsheet - Net Sales | Hearsay, Lacks foundation/personal knowledge |
| 428 | 5/13/2018 | LO USA0040712 | LO USA0040722 | HC | Goget email to Wolf, Boulineau, Puco, Crim re pH Bonder assets for division video with attached RDK presentation | Hearsay, Lacks foundation/personal knowledge |
| 429 | 12/13/2018 | Pgs 1-14 | | | www.saloncentric.com "Haircolor -Category- Lightener" | Hearsay, Authentication |
| 430 | 12/7/2018 | Pgs 1-14 | | HC | Defendants' Amended Objections and Responses to Plaintiffs' Sixth Set of Interrogatories, Interrogatory No. 24 | Incomplete document, Hearsay |
| 431 | 7/1/2018 | LO USA0026528 | LO USA0026670 | HC | Dolden email to Poidevin, Balleret, Deher, Terrade, Beauche-Terrade, Gerault, Rigaud, Laloy, Jen, Levon Dean, Duvert, Boschet, Evrard, Theret, De La Sauzay, Boussau, Roze, Duvert cc: Milosh, Evrard, Schmitt re presentation for Olivia meeting with attached Project Olivia Invt Committee, Olivia pre-due deligence, Project Olivia Discussion materials | |
| 432 | 8/15/2016 | LO USA0040083 | LO USA0040588 | HC | Kunetz email to Marino, Dautzenberg, Teixeira, Schiraldi Morris, Ingraham, Fourteau re Bond protection launch - confidential with attached Bond Launch 18 May Final Codir powerpoint | Hearsay |
| 433 | 10/20/2015 | LO USA0040954 | LO USA0040956 | HC | McMahon email exchange with Kremer, Charon, Duez, Konakova, Lanotte, Philbert, Wolf re Calendar update post 3YP Meeting | Hearsay, Lacks foundation/personal knowledge |
| 434 | 4/13/2016 | LO USA0039995 | LO USA 0039997 | HC | Wolf email exchange with Marino re Bond protectors with attached email from Schiraldi to Fontaine, Marino cc: Lopez | Hearsay, 403, Lacks foundation/personal knowledge |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 435 | 4/22/2016 | LO USA0073568 | LO USA0073570 | HC | Cheow, Roze, Gulin-Merle, Parenty, Fontaine, Bethelmy-Rada email to Bethelmy, Rada, Schiraldi, Wolf, Marino, Costanza, Sampson, Morris, Mahar cc: Densk, Seibert, Verbitsky Ostrovsky re Kline article on Professional Outlook | Hearsay |
| 436 | 5/9/2016 | LO USA0040038 | LO USA00040075 | HC | Marino email to Kunetz re Bond protectors with attached pH Bonder Dossier - Marketing slides | |
| 437 | 9/22/2016 | LO USA0039136 | LO USA0039151 | HC | Goget email to Ascione, Habif, Kanji, Legrand, Pataut, Potin, DeConnick, Sellier, Crim, Boulineau, Puco DeGeorge re pH Bonder Launch - Status to date with attached Bonding 9 21 16 Final | Hearsay, Lacks foundation/personal knowledge |
| 438 | 7/18/2016 | OLA 0000094192 | OLA 00000094193 | HC | Walden email exchange with Sarakatsannis re Letter from Olaplex with attached email from Walden to Roze cc: Christal | Hearsay, Lacks foundation/personal knowledge |
| 439 | 4/13/2016 | LO USA0040595 | LO USA0040598 | HC | Marino email exchange with Schiraldi, Fontaine, Kunetz, Morris, Parenty re Bond protectors | Hearsay |
| 441 | 12/13/2018 | Pgs 1-11 | | | www.saloncentric.com web pages - Haircolor - category - Lightener - Applied filter - Matrix | Hearsay, Lacks foundation/personal knowledge, Authentication, Incomplete document |
| 442 | 12/13/2018 | Pgs. 1-13 | | | www.saloncentric.com web pages - Haircolor - category - Lightener - Applied filter - L'Oreal Professional | Hearsay, Lacks foundation/personal knowledge, Authentication, Incomplete document |
| 443 | 11/10/2016 | LO USA0008529 | LO USA0008529 | HC | Vandall email to Bethelmy-Rada, Schiraldi, Gebhart, Glenn re Bond Ultim8 Sales Presenter | Hearsay, Incomplete document |
| 444 | 11/15/2016 | LO USA0041030 | LO USA0041039 | HC | Glenn remail to Gebhard re FYI Paul working on SMM deck through tonight with attached Novx3MG powerpoint | Hearsay, Lacks foundation/personal knowledge |
| 445 | 2/7/2017 | LO USA0008496 | LO USA0008497 | HC | Shiraldi email exchange with Roos re Matrix Q1 Boost Plan Review - Revised | Hearsay, Incomplete document |

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 446 | 1/11/2017 | LO USA0040076 | LO USA0040082 | HC | Berry email to Shaikh, Kim, Mate-Dayrit, Grunberg, Howe, O'Keefe, Cole, Gebhart, Culver, Mahar, Tucker, Kunetz, Rose, Finnerty, Chung, Strong, Flecker Parenty Schirdaldi, Nunziato, Marino, Levitt cc: Alevit, Duffner, Ryan, Davis, Vandagriff, Banks, Lopez, Fontaine re FY 2016: Management Division Reports with attached email from Berry with 16-9123116 PPD Brands Dashboards powerpoint | Hearsay, Lacks foundation/personal knowledge |
| 447 | 8/14/2016 | Pg 1 of 1 | | | Youtube - How does Smartbond technology work ? By L'Oreal Professional | Hearsay, Lacks foundation/personal knowledge, Authentication, Incomplete document, Best Evidence Rule |
| 448 | 12/21/2018 | Flashdrive | | | Flashdrive contents | Hearsay, Lacks foundation/personal knowledge, Authentication, Incomplete document |
| 460 | 11/21/2018 | Pgs 1-6 | | | Plaintiffs' Notice of Subpoena to David M. Hernand | MIL, 403 |
| 461 | 3/20/2017 | Pgs 1-2 | | | Declaration of David M. Hernand | MIL, 403 |
| 462 | 5/18/2015 | OLA 0000096270 | OLA 00000096275 | HC | Hernand email to Gringauz cc: Buehler, Dolden re L'O Confidentiality Agreement with attachment | MIL, Hearsay, 403, Incomplete document |
| 463 | 5/15/2015 | OLA 00000096276 | OLA 00000096281 | | Confidentiality Agreement signed by Dolden and accepted by Christal | MIL |
| 464 | 5/12/2015 | LO USA 0028259 | LO USA0028259 | HC | Dolden email to Sharnsky re Project Olivia - Confidential | |
| 465 | 5/14/2015 | OLA 0000095912 | OLA 0000095912 | HC | Buehler email exchange with Gringauz, Dolden, Hernand re L'O Confidentiality Agreement | MIL, Hearsay, 403, Incomplete document |
| 466 | 5/00/2015 | OLA 0000095913 | OLA 0000095918 | HC | Draft Confidentiality Agreement | MIL, Hearsay, 403, Incomplete document |
| 467 | 5/00/2015 | OLA 0000095919 | OLA 0000095925 | HC | Redline Confidentiality Agreement | MIL, Hearsay, 403, Incomplete document |
| 468 | 5/15/2018 | OLA 0000096526 | OLA 0000096527 | HC | Gringauz email exchange with Buehler cc Dolden, Hernand re L'O Confidentiality Agreement | MIL, Hearsay, 403, Incomplete document |
| 469 | 5/00/2015 | OLA 00000096528 | OLA 0000096534 | HC | Redline Confidentiality Agreement | MIL, Hearsay, 403, Incomplete document |
| 470 | 5/15/2015 | OLA 0000096003 | OLA 0000096005 | HC | Gringauz email exchange with Hernand cc: Buehler, Dolden re L'O Confidentiality Agreement | MIL, Hearsay, 403, Incomplete document |
| 470A | 12/17/018 | Pgs 1-2 | | | LinkedIn Bio - Paul Sharnsky | |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 471 | 5/00/2015 | OLA 0000096006 | OLA 0000096012 | HC | Redline Confidentiality Agreement | MIL, Hearsay, 403, Incomplete document |
| 471A | 9/15/2014 | OLA 0000080520 | OLA 00000 | HC | Funk email to Fountaine, Christal cc: Sharnsky re Agenda - Olaplex call 2014 09 14 with attached agenda | |
| 472 | 5/19/2015 | OLA 0000095926 | OLA 0000095939 | HC | Buehler email exchange with Hernand, Gringauz, Dolden, Hernand re L'O Confidentiality Agreement | MIL, Hearsay, 403, Incomplete document |
| 472A | 12/17/2019 | Pg 1 of 1 | | | www.saloncentric.com webpage - Who We Are | |
| 473 | 5/15/2015 | OLA 0000095940 | OLA 000094945 | HC | Draft Confidentiality Agreement | MIL, Hearsay, 403, Incomplete document |
| 473A | 11/4/2014 | Pg 1 of 1 | | | SalonCentric post: Olaplex  - Pre order today | Hearsay, Authentication, Lacks foundation/personal knowledge, Incomplete document |
| 474 | 10/25/2016 | OLA 0000089877 | OLA 00000898 | HC | Schwartz email to Orzel re SC Contract with attached DISTR K.pdf | |
| 475 | 4/6/2015 | LO USA0035575 | LO USA0035576 | HC | Sharnsky email exchange with Dolden re Project Olivia | |
| 476 | 4/15/2015 | LO USA0007916 | LO USA0007917 | HC | Dolden email to O'Rourke re Olivia next steps with forwarded email from Dolden | |
| 477 | 4/19/2015 | LO USA0028564 | LO USA0028564 | HC | Dolden email exchange with Sharnsky cc: Fontaine re Project Olivia | Hearsay |
| 478 | 6/3/2015 | LO USA0035555 | LO USA0035557 | HC | Sharnsky email exchange with Funk, Dolden cc: O'Rourke re Project Olivia | Hearsay |
| 479 | 6/22/2015 | LO USA0029482 | LO USA0029532 | HC | Sharnsky email to Dolden re Olaplex with attached Olaplex Bleach Comparison spreadsheet and emails from Nunziato to Sharnsky cc: Cau;  from Sharnsky to Lopez | |
| 500 | 12/7/2018 | Pgs 1-3 | | | Plaintiffs' Amended Notice of Deposition of Kimberly Dreher | |
| 501 | 11/2/2018 | Pgs 1-13 | | HC | Plaintiffs' Amended Third Notice of Deposition and to L'Oreal USA Products, Inc., L'Oreal USA S/D Inc. and Redken 5th Avnued NYC pursuant to 30b6 | |
| 502 | 8/25/2016 | Pgs 1-9 | | | Exhibit 2006 - August 25, 2016 Third Party Submission (Singleton and DE '969) | |

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 503 | 8/22/2014 | LO USA0064698 | LO USA0064700 | HC | Hamilton email to Goget, Leung, Degeorge, Singer, Elsen, Shaw, Sood, Zellner, Badman, Danielski, Isidor, Bryant, Boulineau, Nguyen, Salese, Kluck Applebaum, Norwood, Soliman re Olaple Update Meeting Recap | |
| 504 | 9/16/2014 | LO USA0065184 | LO USA0065187 | HC | Hamilton email to Goget re Olaplex Calculations with attached email chain re Olaplex Meeting recap to aand handwritten notes | |
| 505 | 9/30/2016 | LO USA 0039166 | LO USA0039167; 39168-39187 (public) | HC | DeGeorge email to Goget, Habif, Chin, Potin, Hamilton, Velkov, Kanji, Hobby, Boulineau, Applebaum, Norwood re Weekly Bonding Project Update with attached email chain and Pressly Patent 9,144 537 B1 | Hearsay, Authentication, Lacks foundation / personal knowledge |
| 506 | 4/10/2015 | LO USA0039285 | LO USA0039289 | HC | Tom Re email to Hamilton, Lam, Goget, Boulineau cc: Chang re Fox - RM and safety Action Plan with attched email chain | |
| 507 | 00/00/0000 | LO USA0039907 | LO USA0039907 | HC | Smartbond Booster Chart | |
| 508 | 00/00/0000 | LO USA0039957 | LO USA0039982 | HC | Bonding Protection Routine for Stronger Reinforced Cared for Hair | |
| 509 | 00/00/0000 | LO USA0064029 | LO USA0064030 | HC | Bonding Test with Bleach Chart | |
| 510 | 10/6/2014 | LO USA0064108 | LO USA0064122 | HC | Effect of pH, Olaplex No1, "Homemade" Olaplex No1 on Cysteic Acide Levels After Bleaching - Fabien Boulineau, Dariusz Danielski | Hearsay, Authentication, Lacks foundation / personal knowledge |
| 511 | 8/18/2014 | LO USA0064683 | LO USA0064685 | HC | Hamilton email to Elsen cc:  Goget re Olaplex data forTCEP with attached email chain between Elsen, Badman, Kluck, Singer, DeGeorge, Leung, Shaw, Sood, Nguyen cc: Boulineau, Zellner, Danielski, Isidor, Bryant | |
| 512 | 1/6/2016 | LO USA0065396 | LO USA0065404 | HC | Tri Princeton Contract Research Services Report to L'Oreal on Repeated Grooming | Hearsay, Authentication, Lacks foundation / personal knowledge |
| 513 | 7/20/2015 | LO USA0067470 | LO USA0067497 | HC | L'Oreal Bonding Additive w/Treatment Workshop Program to Chin, Hamilton cc: Applebaum, Ascione, Boulineau Collaudin, de la Bandera, Goget, Habif, Iancau, Kanji, Lebarbanchor, Legrand, Mecce, Muller, Pataut, Potin, Stroever, Troch, Velkov. Author: de la Banera, Gauer | |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 514 | 8/27/2014 | LO USA008203 | LO USA00203 | HC | Hamilton email to Leung, Goget, DeGeorge, Singer, Elsen, Shaw, Sood, Nguyen Boulineau, Zellner, Danielski, Isidor, Bryant, Applebaum, David, Soliman, Norwood, Gonzalez-Toro re Olaplex Update Meeting Recap | |
| 515 | 4/22/2019 | LO USA0074958 | LO USA0074980 | HC | L'Oreal Hair Fiber Transformation - Evaluation of Bis-Maleimides | |
| 516 | 12/20/2018 | Pgs 1-107 | | HC | Defendants' Objections and Responses to Plaintiffs' Fifth Set of Interrogatories (Nos. 13-20) | |
| 517 | 4/21/2015 | LO USA0021275 | LO USA0021458 | HC | Hamilton 2  Laboratory Notebook No L11455 - L'Oreal USA Restricted | |
| 600 | 12/12/2018 | Pgs 1-2 | | | Defendants' Amended Notice of Deposition of Rivka Monheit | |
| 601 | 12/12/2018 | Pgs 1-2 | | | Defendants' Amended Notice of Deposition of Pabst Patent Group LLP | |
| 602 | 11/21/2018 | Pgs 1-23 | | | Defendants' Notice of Deposition of Plaintiffs per 30b6 | |
| 603 | 11/22/2016 | Pgs 1-20 | | | US Patent 9,498,419 B2 - Pressly Patent | |
| 604 | 6/7/2017 | Pgs 1-20 | | | US Patent 9,668,954 B2 - Pressly Patent | |
| 605 | 2/25/2014 | PABST002507 | PABST002553 | | Demande de Brevet D'Invention No. 3 007 642 "Composition d'6claircissement capillaire comportant deux agents basiques, un acide et un agent oxydant" | |
| 606 | 00/00/0000 | PABST000408 | PABST000409 | HC | Kim Korean Patent App No. GCI16HK357O | |
| 607 | 8/28/2014 | Pgs 1-4 | | | Pressly Assignment to Liqwd | |
| 608 | 2/5/2015 | PABST00003 | PABST00024 | HC | USPTO Pressly Patent Application Publication No. US 2015/0034117 AI | |
| 610 | 5/6/2014 | Pg 1 of 1 | | | Cunningham Twitter page | |
| 614 | 3/14/2014 | OLA 0000109315 | OLA 0000109315 | Confidential | Christal email to Cunningham re Olaplex Agreement | |
| 615 | 5/00/2014 | LO USA0010391 | LO USA0010392 | | Beauty Launchpad article: The Power of One | |
| 616 | 4/9/2014 | OLA 0000015593 | OLA 0000015593 | Confidential | Christal email to Cunningham re Read asap for Launchpad with attached email from Amy Dodds | |
| 617 | 3/23/2014 | DEFS0004694 OLA 0000107856 | DEFS0004694 OLA 0000107856 | Confidential (HC) | Christal email to Cunningham re Letter of Intent | |
| 618 | 2/17/2016 | DEFS0000013016 OLA 0000110731 | DEFS0000013016 OLA 0000110731 | Confidential (HC) | Christal email to Cunningham re Olaplex/Liqwd deal | |
| 621 | 12/5/2018 | Pgs 1-2 | | | Defendants' Notice of Deposition of Tyler Krebs | |
| 622 | 12/17/2018 | Pgs 1-3 | | | Tyler Krebs. Olaplex -  LinkedIn Biography | |
| 623 | 9/19/2018 | OLA 0000098495 | OLA 0000098496 | HC | Jeff email exchange with Spinks, Murphy re EXT #4 and #5 | |

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 735 | 2/16/2015 | OLA 0000022020 | OLA 0000022020 | Confidential | Schwartz email to Palladino, Massie re Olaplex Knock-off | |
| 739 | 11/21/2018 | Pgs 1-23 | | | Defendants' Notice of Deposition of Plaintiffs per 30b6 | |
| 740 | 00/00/0000 | Pgs 1-3 | | | Thermo Scientific Instructions - BM(PEG)x and MB(PEG)3 | |
| 741 | 6/00/2014 | LO USA0008192 | LO USA0008196 | HC | Material Safety Data Sheet Finished Product - Olaplex Bond Multiplier No. 1 | |
| 742 | 8/10/2012 | Pgs 1-7 | | | Langmuir article- Improved Methodology for the Preparation of Water-Soluble Malemide-Functionalized Small Gold Nanoparticles, Authors Gobbo and Workentin | |
| 743 | 11/12/2013 | LO USA0010810 | LO USA0010868 | | WIPO - Pressly/Hawker Inventors, Title: Hair Color Smoothing Compositions and Methods;  International App No. PCT/US2014/049388, Certified date 8/29/2014, filing date 11/12/2013 | |
| 744 | 7/15/2014 | OLA 0000080790 | OLA 0000080790 | HC | Pressly email to Kingle, Goff cc: Christal re Alternate Olaplex recipe | |
| 745 | 12/00/214 | LO USA0010745 | LO USA0010749 | | Material Safety Data Sheet Finished Product -  Olaplex Bond Multiplier No. 1 | |
| 746 | 5/15/2015 | LO USA0068275 | LO USA0068284 | | USPTO Declaration of Pressly ISO Patent Application  for Keratin Treatment Formulations and Methods | |
| 747 | 11/22/2016 | Pgs 1-16 | | | Pressly US Patent No. 9,3998,419 B2 | |
| 748 | 8/27/2015 | OLA 000015922 | OLA 000015922 | Confidential | Christal email to Pressley re Henkel Bonding v. Olaplex | |
| 749 | 4/00/2015 | Pgs 1-4 | | | Material Safety Data Sheet - RO Topia Fractal Entergizer - DS Laboratories | |
| 800 | 5/14/2014 | OLA 0000100184 | OLA 0000100186 | HC | Christal email to Rector-Gable re My Letter | |
| 801 | 12/2/217 | OLA 0000067603 | OLA 0000067620 | HC | Confidential Binding Settllement Term Sheet between Behind the Chair and Christal, Olaplex, Liqwd Inc. | |
| 802 | 7/10/2014 | Pgs 1-2 | | | Instagram Post - Olaplex re Santy | |
| 803 | 10/11/2014 | OLA 0000095575 | OLA 0000095576 | HC | Christal email exchange with Berglass re Exchange with Lanza/Olaplex | |
| 804 | 7/22/2015 | OLA 0000097251 | OLA 0000097251 | HC | Christal email to  Sharnsky re Big Sexy Patent Infringement with forwarded email from Christal to Fontaine cc : Sharnsky | |
| 805 | 12/20/2017 | Pgs 1-12 | | | Witness Statement of Dean V. Christal in the High Court of Justice - Business and Property Courts of England | |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 806 | 4/20/2015 | OLA 0000092270 | OLA 0000092272 | HC | Schwartz email exchange with Spinks cc: Christal re resending original data sent 4/9/2015 with email from Franklin to Christal cc: Neuts | |
| 807 | 10/7/2015 | OLA 0000015867 | OLA 0000015869 | Confidential | Christal email to Russell, Schwartz, Mesry, Jordan, Taylor, Connaughan re Letter to post starting tomorrow early with attached letter | |
| 808 | 2/21/2014 | Pgs 1-35 | | | Instagram Posts - Tracey Cunningham | |
| 809 | 8/13/2014 | OLA 000001443434 | OLA 000001443437 | HC | Reiss email exchange with Christal re Olaplex and Modern Salon with attached email from Reiss to Connaughan, Russell cc: McConnell | |
| 810 | 9/18/2015 | OLA 000024064 | OLA 000024067 | Confidential | Christal email exchange with Reiss re Olaplex story picked up by Google Alert | |
| 812 | 1/27/2017 | OLA 000067413 | OLA 00067416 | | Declaration of Christal ISO Defendants' Motion for Summary Judgment | |
| 813 | 6/11/2015 | Pgs 1-3 | | | Dolden email exchange with Christal re Project Olivia with forwarded emails from Indra and Angela to Darcy | |
| 850 | 12/18/2018 | Pgs 1-10 | | | USDC Subpoena to Testify in a Civil Action to Evanice Holtz | |
| 851 | 12/20/2018 | Pgs 1-3 | | | LinkedIn Biography - Evanice Holtz | |
| 865 | 4/00/2016 | OLA 0000063122 | OLA 0000063164 | HC | Olaplex Employee Handbook | |
| 880 | 00/00/0000 | Pgs 1-7 | | | Tracey Cunningham Instagram printout | Hearsay, Lacks foundation / personal knowledge, Authentication |
| 883 | 11/27/2018 | Pgs 1-9 | | | Subpoena to Appear at Deposition and Produce Documents to Vicki Laris | |
| 884 | 12/4/2017 | OLA 0000067601 | OLA 0000067602 | | Witness Statement of Vicki Laris in the High Court of Justice - Business and Property Courts of England | |
| 885 | 3/6/2014 | DEFS0000017143 | DEFS0000017143 | Confidential | Laris email to Info@olaplex.com re Interested in product | |
| 886 | 3/7/2014 | DEFS00000019102 OLA 0000116817 | DEFS00000019103 OLA 0000116817 | Confidential Highly Confidential | Laris email exchange with Dean, Info@olaplex.com re Olaplex | |
| 887 | 3/21/2014 | DEFS0000016992 OLA 0000114707 | DEFS0000016994 OLA 0000114709 | Confidential Highly Confidential | Laris email exchange with Dean, Info@olaplex.com re Olaplex | |
| 888 | 4/5/2014 | DEFS0000016589 OLA 0000114304 | DEFS0000016591 OLA 0000114306 | Confidential Highly Confidential | Laris email exchange with Dean, Info@olaplex.com re Olaplex | |

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 889 | 5/9/2014 | DEFS0000019264 OLA 0000116979 | DEFS0000019266 OLA 0000116981 | Confidential Highly Confidential | Laris email exchange with Dean, Info@olaplex.com re Olaplex | |
| 890 | 6/2/2014 | DEFS0000019197 OLA 0000116912 | DEFS0000019199 OLA 0000116914 | Confidential Highly Confidential | Laris email exchange with Dean, Info@olaplex.com re Olaplex | |
| 891 | 6/13/2014 | DEFS0000013362 OLA 0000111077 | DEFS0000013365 OLA 0000111080 | Confidential Highly Confidential | Laris email exchange with Dean, Info@olaplex.com re Olaplex | |
| 892 | 10/30/2014 | OLA 0000015191 | OLA 0000015191 | Confidential | Laris email to Christal re Salon West Tampa | |
| 900 | 1/29/2019 | Pgs 1-58 | | HC | Expert Report of Douglas S. Schoon, M.S. | |
| 901 | 2/2/2012 | LO USA0008849 | LO USA0008874 | | Pratt US Patent App. No. 2012/0024309 | |
| 902 | 8/4/2015 | LO USA0009520 | LO USA00009542 | | US Patent No. 9,095,518 B2 (Pressly) | |
| 903 | 2/26/2019 | Pgs 1-5 | | | www.schoonscientifice.com website article "Innovation Awards, 1st Place: The Most Innovative Idea for 2015" | Lacks foundation/personal knowledge |
| 904 | 2/27/2015 | Pgs 1-4 | | | Facebook Post - Olaplex - We-re absolutely thrilled to receive 1st Place" | Hearsay, Lacks foundation/personal knowledge, Authentication |
| 905 | 9/16/2014 | LO USA0065164 | LO USA0065167 | HC | Hamilton email to Goget re Olaplex Update Meeting Recap 12 Sept 2014 with attached calculations | Authentication, Lacks foundation/personal knowledge |
| 906 | 7/24/2014-4/17/2015 | LO USA0021096 | LO USA0021274 | HC | Hamilton, Loreal Restricted  Notebook - L11363 | Authentication, Lacks foundation/personal knowledge |
| 907 | 5/26/2015 | LO USA0039163 | LO USA0039165 | HC | LeHaye email to Legrand, Goget, Potin, Lee, De La Bandera cc: Boulineau re Olaplex experiement - Need your input asap with attached Design of Experiments Diamine MA 2015. excel | Authentication, Lacks foundation/personal knowledge |
| 908 | 7/24/2014-6/09/2014 | LO USA0022328 | LO USA0022419 | HC | Boulineau, Loreal Restricted  Notebook - L11145 | Authentication, Lacks foundation/personal knowledge |
| 909 | 6/27/2018 | OLA 0000065453 | OLA 0000065504 | HC | Final Written Decision in USPTAB - L'Oreal USA, Inc. v Liqwd, Inc. | |
| 910 | 11/21/2018 | Pgs 1-10 | | | Subpoena to Appear at Deposition and Produce Documents to Esther Vasquez | |
| 911 | 4/15/2014 | Pgs 1-2 | | | Esther Vasquez Instagram printout re Olaplex | |
| 911A | 00/00/0000 | Pgs 1-4 | | | James Pooley Linkedin Biography | |

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 912A | 00/00/0000 | Pg 1 of 1 | | | Web page printout from Pooley.com: James Pooley PLC Services | |
| 913 | 1/30/2019 | Pgs 1-15 | | | Declaration of Esther Vasquez re Subpoena | |
| 913A | 6/30/2015 | Pgs. 1-23 | | | Chapter 5, "Secrets: Managing Information Assets in the Age of Cyberespionage", by James Pooley | Hearsay, Authentication, Lacks foundation/personal knowledge |
| 914 | 6/21/2014 | Pgs 1-2 | | | Esther Vasquez instagram printout re Olaplex | |
| 914A | 00/00/2018 | Pgs. 1-11 | | | Create.org Whitepaper: "Protecting Trade Secrets From Cyber and Other Threats" | Hearsay, Authentication, Lacks foundation/personal knowledge |
| 915 | 6/23/2014 | Pgs 1-2 | | | Esther Vasquez instagram printout re hair color | |
| 916 | 4/13/2018 | Pg 1 of 1 | | | Witness Statement of Esther Vasquez | |
| 916A | 3/8/2018 | OLA 0000068563 | OLA 0000067574 | | Witness Statement of Dean V. Christal in the High Court of Justice - Business and Property Courts of England | Hearsay |
| 919 | 11/28/2018 | Pgs. 1-6 | | | Chapter from James Pooley treatise, "Trade Secrets" 41st Edition | Authentication, Lacks foundation/personal knowledge |
| 920 | 2/12/2019 | Pgs. 1-186 | | | Thomas Shultz, PH.D Expert Report | Hearsay, Lacks foundation / personal knowledge |
| 921 | 5/16/2014 | OLA 0000094755 | OLA 0000094804 | HC | Utility application for United States Letters Patent, by Eric D. Pressly and Craig J. Hawker, for Keratin Treatment Formulations and Methods | Hearsay, Lacks foundation / personal knowledge, Authentication, Incomplete Document |
| 923 | 2/28/2019 | Pgs. 1-52 | | | Report and Recommendation signed by Magistrate Judge Sherry R. Fallon | Relevance, 403, Hearsay, Lacks foundation / personal knowledge |
| 924 | 6/28/2015 | LO USA0002413 | LO USA0002430 | HC | Project Olivia - Investment Committee presentation | |
| 925 | 7/24/2014 | LO USA0021096 | LO USA0021274 | HC | L'Oreal USA Laboratory Notebook- "Hamilton 1" | Hearsay, Lacks foundation / personal knowledge, Authentication |
| 926 | 8/27/2017 | LO USA0008203 | LO USA0008203 | HC | Hamilton email to Leung, Goget, DeGeorge, Singer, Elsen, Shaw, Sood, Nguyen Boulineau, Zellner, Danielski, Isidor, Bryant, Applebaum, David, Soliman, Norwood, Gonzalez-Toro re Olaplex Update Meeting Recap | Hearsay, Lacks foundation / personal knowledge, Authentication |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 926 | 8/27/2017 | LO USA0008203 | LO USA0008203 | HC | Hamilton email to Leung, Goget, DeGeorge, Singer, Elsen, Shaw, Sood, Nguyen Boulineau, Zellner, Danielski, Isidor, Bryant, Applebaum, David, Soliman, Norwood, Gonzalez-Toro re Olaplex Update Meeting Recap | |
| 927 | 2/21/2019 | Pgs. 1 | | | Maritime Beauty web page | Hearsay, Lacks foundation / personal knowledge, Authentication |
| 928 | 2/21/2019 | Pgs. 1 | | | Olaplex web page printout- Material Safety Data Sheet Finished Product | Hearsay, Lacks foundation / personal knowledge, Authentication |
| 929 | 8/27/2014 | LO USA0038996 | LO USA0039007 | | Fontaine email to Goget with attached Olaplex pdfs and email chain between Sharsky, Stewart, Orzel re Olaplex MDS - urgent | Hearsay, Lacks foundation / personal knowledge, Authentication |
| 930 | 6/27/2018 | OLA 0000065453 | OLA 0000065482 | HC | Final Written Decision in USPTAB - L'Oreal USA, Inc. v Liqwd, Inc. | Incomplete Document, Lacks foundation / personal knowledge, Best Evidence Rule, Authentication |
| 930A | 11/21/2018 | Pgs. 1-9 | | | Subpoena- Alan Gold | |
| 931 | 2/27/2019 | Pgs. 1-13 | | | Liqwd and Olaplex v. L'Oreal Memorandum Order | |
| 932 | 1/30/2019 | Pgs. 1-2 | | | Gold Declaration | |
| 933 | 3/2/2019 | Pgs. 1 | | | Alan Gold Instagram Post | |
| 950 | 1/29/2019 | Pgs. 1-77 | | HC | Domnique M. Hanssens Expert Report | Hearsay, Lacks foundation / personal knowledge |
| 951 | 6/6/2016 | Pgs. 1-32 | | | Dominque M. Hanssens Declaration In Support of Plaintiff's Reply to Motion for Preliminary Injunction in L'Oeal v. Spatz Laboratories | Hearsay, Lacks foundation / personal knowledge, Relevance |
| 952 | 2/12/2019 | Pgs. 1-92 | | HC | Domnique M. Hanssens Rebuttal Expert Report | Hearsay, Lacks foundation / personal knowledge |
| 953 | 6/12/1985 | Pgs. 1-9 | | | Patrica Goering article, "Effects of Product Trial on Consumer Expectations, Demand, and Prices" | Hearsay, Lacks foundation / personal knowledge |
| 954 | 6/9/2011 | Pgs. 1-39 | | | Hanssens M. Declaration in Support of Defendant's Opposition to Plaintiff's Motion for Class Action Certification in Hsiang, et al. v. L'Oeal | Hearsay, Lacks foundation / personal knowledge, Relevance |
| 955 | 00/00/2015 | Pgs. 1-8 | | | Marketing Science Institute publication, "Emperical Generalizations about Marketing Impact", edited by Domnique Hanssens | Hearsay, Lacks foundation / personal knowledge |

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 961 | 4/6/2012 | Pgs. 1-38 | | | Dominque M. Hanssens Declaration in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification in Altamura v. L'Oreal | Hearsay, Lacks foundation / personal knowledge, Relevance |
| 962 | 2/12/2019 | Pgs. 1-42 | | HC | Second Expert Report of George G. Strong | Hearsay, Lacks foundation / personal knowledge |
| 963 | 9/00/2016 | LO_USA0003439 | LO_USA0003544 | HC | Salon Hair Care: US Market Analysis and Opportunities | Hearsay, Lacks foundation / personal knowledge, authentication |
| 964 | 5/00/2018 | Pgs. 1-80 | | | Salon Hair Care: US Market Analysis and Opportunities | Hearsay, Lacks foundation / personal knowledge, Authentication |
| 965 | 1/29/2019 | Pgs. 1-191 | | HC | Expert Report of George G. Strong | Hearsay, Lacks foundation / personal knowledge |
| 966 | 00/00/0000 | Pgs. 1 | | | Strong Hand written notes | Hearsay, Lacks foundation / personal knowledge, Authentication, Relevance |
| 1000 | 2/12/2019 | Pgs 1-193 | | HC | Rebuttal Expert Report of W.  Todd Schoettelkotte | Hearsay, Lacks foundation / personal knowledge |
| 1000A | 1/29/2019 | Pgs. 1-283 | | HC | Opening Expert Report of Edward T. Borish | Hearsay, Lacks foundation / personal knowledge |
| 1001 | 12/21/2018 | Pgs 12/21/2018 | | | Defendants' Sixth Supplemental Objections and Responses to Interrogatory No. 2 and First Supplemental Objections and Responses to Plaintiffs' Interrogatory Nos. 9 and 24 | Hearsay, Lacks foundation / personal knowledge |
| 1001A | 00/00/0000 | Pgs. 1-36 | | | Exhibit AF-6- Photograph of styling product | Hearsay, Lacks foundation / personal knowledge, Authentication, Incomplete Document |
| 1002 | 12/31/2016 | LO USA0075976 | Pgs. 1-34 | | L'Oreal PH Bonder 2016 Sales Chart | |
| 1003 | 12/31/2016 | LO USA0075977 | Pgs 1-34 | | L'Oreal PH Londer 2016 Units Chart | Hearsay, Lacks foundation / personal knowledge, Authentication |
| 1005 | 10/31/2016 | OLA 0000000032 | OLA 0000000048 | Confidential | Amendment No. 1 to Liqwd Inc. License Agreement to Olaplex LLC | |
| 1005A | 5/8/2017 | Pgs. 1-13 | | | Exhibit AF-28- Uberbliss webpage printout | |
| 1006 | 7/1/2015 | LO USA0026570 | LO USA0026593 | HC | L'Oreal Professional Products - Project Olivia Investment Committee presentation document | Hearsay, Lacks foundation / personal knowledge, Authentication |

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 1008 | 2/12/2019 | Pgs 1-298 | | HC | Rebuttal Expert Report of Edward T. Borish | Hearsay, Lacks foundation / personal knowledge |
| 1009 | 00/00/0000 | LO USA0010257 | LO USA0010275 | | Exhibit 9 to Expert Report of Benny D. Freeman on Invalidity | |
| 1010 | 00/00/000 | LO USA0075042 | LO USA0075259 | | Exhibit 15 to Expert Report of Benny D. Freeman on Invalidity | |
| 1012 | 6/19/2008 | LO USA0075919 | LO USA0075975 | | Exhibit 11 to Expert Report of Benny D. Freeman on Invalidity | |
| 1013 | 2/12/2019 | Pgs 1-42 | | HC | Second Expert Report of George G. Strong, J.R. | Hearsay, Lacks foundation / personal knowledge |
| 1015 | 4/24/2013 | Pgs. 1-36 | | | Exhibit D- The Science of Persulfate Activation, "Soil and Ground Water Remediation" | Hearsay, Lacks foundation / personal knowledge, Authentication |
| 1018 | 1/11/1972 | LO USA0075788 | LO USA0075801 | | Exhibit 26 to Expert Report of Benny D. Freeman on Invalidity | |
| 1019 | 00/00/1970 | Pgs. 1-11 | | | Journal of Polymer Science: Part A-1- "Endgroup Analysis of Isolated (Methyl Methacrylate) from Graft Colpolymers of Wood" | |
| 1020 | 7/00/2016 | Pgs. 1-15 | | | J. Soc. Cosmet. Chem., "Reduction of human hair by cysteamine and ammonium thioglyocalte: A correlation of amino acid analysis and single-fiber tensile kinetic data" | |
| 1021 | 12/12/2017 | Pg 1 of 1 | | | DiSpenza NY Cosmetology License | Authentication, Hearsay, Relevance |
| 1021A | 10/14/1969 | LO USA0070499 | LO USA0070503 | | Exhibit 6 to Expert Report of Benny D. Freeman on Invalidity - Dasher Patent 3,472,604 | |
| 1022 | 12/12/2017 | Pg 1-5 | | | Olaplex web printout - Olaplex-How it Works | |
| 1022A | 8/00/1974 | LO USA0075746 | LO USA0075760 | | Exhibit 25 to Expert Report of Benny D. Freeman on Invalidity - J. Soc. Cosmet. Chem 24,407-421 Article: Polymerization into Human Hair by Robbins, etc. | |
| 1023 | 00/00/0000 | Pgs 1-32 | | | Chromatics - The Evoluction of Hari Color - Technical and Training Manual | Authentication, Hearsay, Lacks Foundation / personal knowledge, Relevance |
| 1026 | 7/1/2015 | LO USA0041358 | LO USA0041382 | HC | L'Oreal Professional Products - Project Olivia Investment Committee presentation document | Hearsay, Lacks foundation / personal knowledge, Authentication |
| 1027 | 8/31/2018 | Pg 1 of 1 | | HC | Exhibit 23- Comparison of Olaplex and L'Oreal Margins | |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 1028 | 10/31/2016 | OLA 0000000032 | OLA 0000000048 | Confidential | Amendment No. 1 to Liqwd Inc. License Agreement to Olaplex LLC | |
| 1029 | 6/19/1988 | Pgs 1-15 | | | Strategic Management Journal: First-Mover (Dis)Advantages: Retrospective and Link with the Resource-Based View -Authors: Marvin B. Lieberman and David B. Montgomery | Hearsay, Lacks foundation / personal knowledge |
| 1030 | 7/6/2017 | Pgs 1-15 | | | Liqwd and Olaplex v. L'Oreal Memorandum Order | MIL, Hearsay 403, Relevance, Lacks foundation / personal knowledge |
| 1031 | 10/14/2018 | Pgs 1-45 | | Under Seal | Liqwd and Olaplex v. L'Oreal Report and Recommendation | MIL, Hearsay, 403, Relevance, Lacks foundation / personal knowledge |
| 1032 | 1/16/2018 | Pgs 1-20 | | | US Court of Appeals for the Federal Circuit Notice of Entry of Judgment accompanied by Opinon | MIL, Hearsay, 403, Relevance, Lacks foundation / personal knowledge |
| 1033 | 5/16/2017 | Pg 1 of 1 | | HC | Schoettelkotte Deposition Excerpt 37:10-19 | Hearsay, Lacks foundation / personal knowledge Incomplete Document |
| 1034 | 5/25/2017 | Pgs 1-7 | | Confidential | Rebuttal Declaraton of Edward T. Borish, Ph.D. in support of Olaplex's Motio for Preliminary Injunction Volume 1 of 2 | Hearsay, Lacks foundation / personal knowledge |
| 1035 | 5/11/2017 | Pg 1 of 1 | | HC | Leslie Marino Deposition Excerpt 59:16-25 | Hearsay, Lacks foundation / personal knowledge Incomplete Document |
| 1036 | 5/11/2017 | Pg 1 of 1 | | HC | Leslie Marino Deposition Excerpt 44:2-8 | Hearsay, Lacks foundation / personal knowledge Incomplete Document |
| 1050 | 3/18/2018 | Pgs 1-3 | | | Tallman email exchange with Walden re deposition | |
| 1051 | 12/3/2018 | Pgs 1-19 | | | Tallman Deposition Subpoena | |
| 1052 | 5/3/2014 | Pgs 1-17 | | | Tallman text messages exchange with Christal re perm | |
| 1053 | 4/1/2014 | Pg 1 of 1 | | | Tallman instagram post - brunette to blonde | |
| 1054 | 4/12/2014 | Pg 1 of 1 | | | Tallman instagram post - lightening | |
| 1055 | 4/13/2014 | Pg 1 of 1 | | | Tallman instagram post - hair color | |
| 1056 | 4/18/2014 | Pg 1 of 1 | | | Tallman instagram post - hair color | |
| 1057 | 5/2/2014 | Pg 1 of 1 | | | Tallman instagram post - perm | |
| 1058 | 5/7/2014 | Pg 1 of 1 | | | Tallman instgram post - Olaplex products | |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 1059 | 6/21/2014 | Pgs 1-2 | | | Tallman email exchange with Christal re testimonial, product order | |
| 1079 | 10/29/2015-7/27/2018 | Gelest 0436 | Gelest 0535 | HC | Gelest and Cosway email exchanges with Olaplex | |
| 1081 | 3/6/2019 | Pgs 1-6 | | | Webarchive.org Olaplex.com Printout | |
| 1082 | 12/00/2014 | Pgs 1-5 | | | Material Safety Data Sheet - Finished Product - Olaplex Bond Multiplier No. 1 | |
| 1083 | 6/00/2014 | Pgs. 1-5 | | | Material Safety Data Sheet - Finished Product - Olaplex Bond Perfector No. 2 | |
| 1086 | 10/18/2017 | Pgs. 1-39 | | | Olaplex to Conde re #Olaplex Holiday | |
| 1089 | 3/27/2014 | Pgs. 1-2 | | | West Hollywood Colorist Instagram post printout | |
| 1090 | 6/1/2014 | Pgs. 1-2 | | | West Hollywood Colorist Instagram post printout | |
| 1090A | 6/19/2014-6/24/2014 | Pgs. 1-60 | | | Cosway Batch Card Control Check Review assorted documents | |
| 1091 | 6/1/2014 | Pgs. 1-2 | | | Instagram post printout | |
| 1091A | 8/22/2014-8/28/2014 | Pgs. 1-73 | | | Cosway Batch Card Control Check Review assorted documents | |
| 1092 | 6/18/2014 | Pgs. 1-2 | | | Instagram post printout | |
| 1092A | 8/29/2014-9/2/2014 | Pgs 1-25 | | | Cosway Batch Card Control Check Review assorted documents | |
| 1093 | 4/1/2014 | Pgs. 1-2 | | | West Hollywood Colorist Instagram post printout | |
| 1093A | 4/4/2017-4/10/2017 | Pgs 1-44 | | | Hamilton email to Leung, Goget, DeGeorge, Singer, Elsen, Shaw, Sood, Nguyen Boulineau, Zellner, Danielski, Isidor, Bryant, Applebaum, David, Soliman, Norwood, Gonzalez-Toro re Olaplex Update Meeting Recap | |
| 1094 | 5/22/2014 | Pgs. 1-2 | | | Instagram post printout | |
| 1094A | 1/29/2015-4/1/2015 | Pgs 1-27 | | | Cosway Batch Card Control Check Review assorted documents | |
| 1095 | 9/14/2016 - 1/9/2017 | Pgs 1-8 | | | Olaplex Purchase Order, Cosway invoices billed to Olaplex | |
| 1096 | 4/22/2014 | Pg 1 of 1 | | | Martinez email to McCarthy, More re Olaplex Status | |
| 1097 | 4/22/2014 | Pg 1 of 1 | | | Olaplex Order Status spreadsheet | |
| 1098 | 5/6/2014 | Pgs 1-2 | | | Christal email chain with McCarthy re Hair perfector | |
| 1099 | 5/27/2014 | Pg 1 of 1 | | | Darcy Christal email to McCarthy, Dean and Darcy Christal re Lables | |
| 1100 | 7/11/2014 | Pgs 1-4 | | | Sandoval email with McCarthy cc: Simon, Aquino, Mora re MSDS Sheets | |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 1100A | 00/00/0000 | Pg 1 of 1 | | | Edward T. Borish Rebuttal Report Errata | Hearsay, Lacks foundation/personal knowledge |
| 1101 | 3/6/2019 | Pgs. 1-5 | | | Material Safety Data Sheet - Olaplex Bond Perfector No. 2/Olaplex Hair Perfector No. 3 | |
| 1101A | 3/15/2019 | Pgs 1-6 | | | Tracey Cunningham Instagram Post | Hearsay |
| 1102 | 7/21/2014 | Pg 1 of 1 | | | Mora email to Martinez, Camacho, Mina, Garcia cc; Kaprielian, McCarthy re 545-6500 | |
| 1103 | 7/24/2014 | Pg 1 of 1 | | | Martinez email to McCarthy, More re Gelest | |
| 1103A | 9/29/2013 | Pg 1 of 1 | | | 38 Surprising facts about trust in social media posted by Rob Petersen | Hearsay, Lacks foundation/personal knowledge |
| 1104 | 11/7/2014 | Pg 1 of 1 | | | Mora email to Martinez, Camacho, Mina, Garcia cc; Kaprielian, McCarthy re 545-6500 | |
| 1104A | 7/10/2012 | Pgs 1-9 | | | Webbed Feet article: Influence of social media on travel posted by Fabienne Wintle | Hearsay, Lacks foundation/personal knowledge |
| 1105 | 11/4/2014 | Pg 1 of 1 | | | Gelest Packing List for Order No. 1488676 | |
| 1106 | 11/11/2014 | Pg 1 of 1 | | | Martinez email exchange with Kaprielian, Chevez, McCarthy cc: Lai, Farrell, Mora, Camacho re 545-6500 | |
| 1107 | 11/18/2014 | Pgs 1-2 | | | Russo email exchange with McCarthy cc: Roeber, Mora re Olaplex | |
| 1108 | 2/3/2015 | Pg 1 of 1 | | | Simon email to Hough, Kaprielian, McCarthy, Mora, Garcia, Mina, Lozano, Friedman, Strange, Farrell, Martinez, Chevez, Villanueva, Mamalayan cc: Flores re Olaplex 545-7035 | |
| 1109 | 9/4/2014 | Pgs 1-10 | | | Cosway Invoice 168649 to Olaplex with supporting documents | |
| 1110 | 9/5/2014 | Pgs 1-8 | | | Cosway Invoice 168669 to Olaplex with supporting documents | |
| 1111 | 8/6/2014 | Pgs 1-8 | | | Cosway Invoice 168034 to Olaplex with supporting documents | |
| 1112 | 9/4/2014 | Pgs 1-10 | | | Cosway Invoice 168648 to Olaplex with supporting documents | |
| 1113 | 7/17/2015 | Pgs 1-8 | | | Cosway Invoice 175768 to Olaplex with supporting documents | |
| 2001 | 11/22/2016 | | | | Certified Copy of US Patent 9,498,419 B2 | |
| 2002 | 6/6/2017 | | | | Certified Copy of US Patent 9,668, 954 B2 | |
| 2003 | 1/4/2019 | Pgs 1-83 | | | Defendants' Objections and Answers to Plaintiffs' First Set of Requests for Admission | Hearsay |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 2004 | 3/8/2017 | Pgs. 1-10 | | Confidential | Defendants' Objections and Reponses to First Set of Interrogatories Set No. 1 | Hearsay, Incomplete document, 403 |
| 2005 | 4/12/2018 | Pgs 1-19 | | HC | Defendants' Objections and Responses to Third Set of Preliminary Injunction Interrogatories ( Nos. 3-4) | Hearsay, Incomplete document, 403 |
| 2006 | 4/12/2018 | Pgs 1-37 | | HC | Defendants' Objections and Responses to Plaintiffs' Fourth Set of Interrogatories (Nos. 5-12) | Hearsay, Incomplete document, 403 |
| 2007 | 4/25/2018 | Pgs 1-17 | | HC | Defendants' Objections and Responses to Plaintiffs' Second Interrogatory | Hearsay, Incomplete document, 403 |
| 2008 | 4/26/2018 | Pgs 1-23 | | HC | Defendants' Second Supplemental Objections and Responses to Plaintiffs' Second Interrogatory | Hearsay, Incomplete document, 403 |
| 2009 | 5/8/2018 | Pgs 1-31 | | HC | Defendants' Third Supplemental  Objections and Responses to Plaintiffs' Second Interrogatory | Hearsay, Incomplete document, 403 |
| 2010 | 11/13/2018 | Pgs 1-82 | | HC | Defendants' Fifth Supplemental Objections and Responses to Plaintiffs' Second Interrogatory | Hearsay, Incomplete document, 403 |
| 2011 | 12/3/2018 | Pgs 1-51 | | HC | Defendants' Objections and Responses to Plaintiffs'  Fifth Set of Interrogatories (Nos. 13-20) | Hearsay, Incomplete document, 403 |
| 2012 | 12/3/2018 | Pgs 1-39 | | HC | Defendants' Objections and Responses to Plaintiffs' Sixth Set of Interrogatories (Nos. 21-24) | Hearsay, Incomplete document, 403 |
| 2013 | | | | | Intentionally Blank | |
| 2014 | 2/15/2019 | Pgs 1-376 | | HC | Defendants' First Supplemental Objections and Responses to Plaintiffs' Interrogatory Nos. 3-7 and 11; Defendants' Second Supplemental Objections and Responses to Plaintiffs' Interrogatory Nos. 1, 9 and 24; and Defendants' Seventh Supplemental Objections and Responses to Plaintiffs' Interrogatory No. 2 | Hearsay |
| 2015 | 3/8/2017 | Pgs 1-16 | | | Defendants' Objections and Responses to Plaintiffs' First Set of Preliminary Injunction Requests for Production of Documents and Things | Hearsay, Lacks foundation/personal knowledge |
| 2016 | 5/10/2017 | Pgs 1-7 | | | Defendants' Objections and Responses to Plaintiffs' Second Set of Preliminary Injunction Requests for Production of Documents and Things | Hearsay, Lacks foundation/personal knowledge |
| 2017 | 5/18/2017 | Pgs 1-12 | | | Defendants' Objections and Responses to Plaintiffs' Third Set of Preliminary Injunction Requests for Production of Documents and Things | Hearsay, Lacks foundation/personal knowledge |
| 2018 | 5/30/2017 | Pgs 1-11 | | | Defendants' Objections and Responses to Plaintiffs' Fourth Set of Preliminary Injunction Requests for Production of Documents and Things | Hearsay, Lacks foundation/personal knowledge |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 2019 | 4/12/2018 | Pgs 1-15 | | HC | Defendants' Objections and Responses to Plaintiffs' Fifth Set of Preliminary Injunction Requests for Production of Documents and Things (Nos. 8-10) | Hearsay, Lacks foundation/personal knowledge |
| 2020 | 4/12/2018 | Pgs 1-81 | | HC | Defendants' Objections and Responses to Plaintiffs' Sixth Set of Preliminary Injunction Requests for Production of Documents and Things (Nos. 10-42) | Hearsay, Lacks foundation/personal knowledge |
| 2021 | 4/30/2018 | Pgs 1-20 | | HC | Defendants' Objections and Responses to Plaintiffs' Seventh Set of Preliminary Injunction Requests for Production of Documents and Things (Nos. 43-45) | Hearsay, Lacks foundation/personal knowledge |
| 2022 | 11/13/2018 | Pgs 1-30 | | HC | Defendants' Objections and Responses to Plaintiffs' Eighth Set of Preliminary Injunction Requests for Production of Documents and Things (Nos. 46-52) | Hearsay, Lacks foundation/personal knowledge |
| 2023 | 1/31/2019 | Pgs 1-45 | | Confidential-Filed Under Seal | Plaintiffs' Third Amended Complaint | Hearsay, Lacks foundation/personal knowledge |
| 2024 | 6/4/2018 | Pgs 1-33 | | HC-Filed Under Seal | Rebuttal Supplemental Declaration of Nisha Mody, PhD in Further Support of Olaplex's Renewed Motion for a Preliminary Injunction | Hearsay, Authentication, Lacks foundation / personal knowledge |
| 2025 | 4/26/2017 | Pgs 1-9 | | | USPTO Notice of Allowance and Fees Due - Title of Invention: Keratin Treatment Formulations and Methods | Incomplete Document, Authentication |
| 2026 | 12/30/2016 | OLA 0000094551 | OLA 0000094552 | HC | Monheit email to Warlden forwarding 5/18/2015 email exchange with Christal re Patent applications | Hearsay, Authentication, Lacks foundation/personal knowledge, Incomplete document, 403 |
| 2027 | 3/2/2015 | OLA0000025561 | OLA0000025563 | Confidential | Christal email exchange with Schwartz re L'Oreal with forwarded email from Hawker | MIL, Hearsay, Relevance, 403 |
| 2028 | 5/26/2015 | LO USA0038593 | LO USA0038595 | HC | Allard email to Attal, Habif, Ascione, Pahin, Evrard, Verhults-Santos, Pivet, Roze, Kunetz, Parenty, Morgan, Mulliez, Schmitt, Milosh cc: Cervantes, Dolden, Gringauz, Deroy, Vermlee re Olivia Meeting with Owner/Scientist on May 19th -R&I Assessment Executive Summary - Strictly Confidential | |
| 2029 | 00/00/0000 | LO USA0039240 | LO USA0039249 | HC | L'Oreal Corporate Strategic Marketing USA CMO Alert - Brand Snapshot Olaplex | |
| 2030 | 6/11/2015 | LO USA0028752 | LO USA0028752 | HC | Kunetz email to Pivet cc: Dolden re 15618 Olivia Investment Committee | Incomplete document, 403, Hearsay, Lacks foundation/personal knowledge |

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 2031 | 5/27/2015 | LO USA0039210 | LO USA0039211 | HC | Habif email exchange with Boulineau re Olaplex lab screening | Hearsay, Authentication, Lacks foundation / personal knowledge |
| 2032 | 5/28/2015 | LO USA0039417 | LO USA0039419 | HC | LaHaye email to Habif, Ascione, LeGrand, Kanji, Goget, Potin, DeGeorge, Applebaum, De La Bandera, Hamilton, Boulineau are Olaplex lab screening | Hearsay, Authentication, Lacks foundation / personal knowledge |
| 2033 | 5/00/2015 | OLA 0000017829 | OLA0000017829 | HC | Olivia - R&I Initial Assessment - May 2015 - Illustrative Discussion Points | |
| 2034 | 7/14/2016 | OLA 0000097214 | OLA 0000097217 | HC | Christal email to Rose re Olaplex patent situation wth attached Letter Henkel and L'Oreal | Hearsay, Lacks foundation/personal knowledge |
| 2035 | 7/00/2016 | LO USA0001955 | LO USA0001986 | HC | Redken PH-Bonder - Target Pad July 2016 | Hearsay, Lacks foundation/personal knowledge, Incomplete document, 403 |
| 2036 | 1/29/2019 | Pgs 1-4 | | | Exhibit 119 to the Expert Report of Benny D. Freeman, Ph.D. on Invalidity of U.S. Patent Nos. 9,489,419 and 9,668,954 | |
| 2037 | 6/21/2015 | LO USA0002479 | LO USA0002481 | HC | Christal email exchange with Dolden re Income Statement/Licensing/Liqwd Inc. IP | |
| 2038 | 6/16/2016 | LO USA0002576 | LO USA0002590 | HC | L'Oreal Officialization International re Matrix Bond Utim8 - Step 1 from Boulineau, Santiago to DGO-Information Technique Demandes | |
| 2039 | 00/00/0000 | LO USA0003693 | LO USA0003696 | HC | Matrix Bond Utim8 Launch Details | Incomplete document, Hearsay, Lacks foundation/personal knowledge, 403 |
| 2040 | 6/4/2015 | LO USA0013612 | LO USA0013625 | HC | Olivia Project | |
| 2041 | 10/31/2016 | LO USA0018677 | LO USA0018677 | HC | L'Oreal R&I Product Performance Evaluation | |
| 2042 | 5/26/2015 | LO USA0026726 | LO USA0026727 | HC | Dolden email to Staats, Lazard.com re Project Olivia-Meeting with Owner/Scientis - Stricty Confidential with forwarded emails from Dolden to Agon with attached notes | |
| 2043 | 6/13/2015 | LO USA0026801 | LO USA0026802 | HC | Dolden email to Kunetz forwarding Christal email re Olivia | |
| 2044 | 5/12/2015 | LO USA0028226 | LO USA0028226 | HC | Dolden email to Kunetz re Project Olivia | |
| 2045 | 3/27/2015 | LO USA0029198 | LO USA0029198 | HC | Kunetz memo to Evrard, Dolden cc: Fontain, Parenty,Pivet, Verhulst-Santos, Roze, Hieronimus re Object: Olaplex | |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 2046 | 5/23/2016 | LO USA0038819 | LO USA0038821 | HC | Chin email exchane with Bemlouka cc: Wilkerson, Cielenski, Lee, Nashed, Schienvar, Mill, Deschryver, Dorne, Potin, Shum, Kunkel, Marino re Standards | |
| 2047 | 5/28/2015 | LO USA0039327 | LO USA0039329 | HC | Habif email to Ascione, LeGrand, Goget, Lahaye, Potin, DeGeorge, Kanji, Boulineau re Olaplex lab screening | |
| 2048 | 6/19/2015 | LO USA0039436 | LO USA0039437 | HC | Goget email to LeGrand, Ascione, Kanji, Habif, Velkov, Applebaum, Norwood, Soliman, Potin cc: Boulineau, Hamilton, DeGeorge re Bonding project - Action plan f or next week | |
| 2049 | 7/23/2014 | LO USA0039541 | LO USA0039548 | HC | DeGeorge email to Crim cc: Goget, LeGrand re Olaplex MSDS with attachments | |
| 2050 | 4/8/2016 | LO USA0040000 | LO USA0040001 | HC | Roby email to Marino re Bond Protectors | |
| 2051 | 6/30/2015 | LO USA0041492 | LO USA0041493 | HC | Dolden email exchange with Milosh, Pivet, Kunetz cc: Schmitt, Morgan, Fluck, Kerschner, Chabot re Olivia - Make Launch Dates | Hearsay, Lacks foundation/personal knowledge, 403 |
| 2052 | 6/9/2015 | LO USA0053860 | LO USA0053865 | HC | Roze email exchange wit Dolden, Attal, Challes, Ascione cc: Evrard, Schmitt, Morgan, Mulliez re Olivia | Hearsay, Lacks foundation/personal knowledge, 403 |
| 2052 | 00/00/0000 | LO USA0063784 | LO USA0063797 | HC | Experiment Chart of number of swatches for cysteic acid | |
| 2053 | 00/00/0000 | LO USA0063972 | LO USA0063973 | HC | Topline Results - Additive Bonding Brushing 3X - EV1511-0770 | Authentication, Hearsay, Lacks foundation / personal knowledge, incomplete document |
| 2054 | 12/7/2015 | LO USA0067643 | LO USA0067643 | HC | L'Oreal R&I Bonding Additive w/ Treatment - Workshop December 7, 2015, Clark NJ | |
| 2055 | 4/21/2016 | LO USA0072274 | LO USA0072279 | | London Evening Standard article: Olaplex: Everything you need to know about the 'Holy Grail' of hair treatments by Jordanna Cobella | Hearsay, Authentication, Lacks foundation/personal knowledge |
| 2056 | 7/30/2010 | LO USA0075336 | LO USA0075352 | | Evans, Park Article in J. Cosmet. Sci. 61, 439-455 (November/December 2010: A statistical analysis of hair breakage.II. Repeated grooming experiments | |
| 2057 | 3/22/2019 | Pgs.1-22 | | HC | Defendants' Privilege Log | Hearsay, Lacks foundation/personal knowledge, 403 |
| 2058 | 6/30/215 | LO USA0026595 | LO USA0026645 | HC | Project Olivia Pre d/d Business Plan Draft includes: Acquisition Scenario, Make (18) Scenario v. 1-1-0 | Hearsay, Lacks foundation/personal knowledge, 403 |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 2059 | 4/2/2019 | Pgs 1-9 | | | Cosmetics Filling Service a webpage at https://www.thomasnet.com/products/cosmetics-filling-services-95902011-1.html | Hearsay, Authentication, Lacks foundation / personal knowledge, 403 |
| 2060 | 6/14/2018 | Pgs 1-37 | | | Exane BNP Paribas presentation at https://www.loreal-finance.com/_docs/0000000195/Exane_June2018.pdf, | Hearsay, Authentication, Lacks foundation / personal knowledge, 403 |
| 2061 | 12/7/2018 | Pgs. 1-80 | | | Plaintiffs' Objections and Response to L'Oreal's 30b6 Deposition Notice | Hearsay, Relevance, 403 |
| 2062 | 3/23/2016 | OLA 0000026822 | OLA 0000026829 | | L'Oreal Safety Data Sheet: Product Name: Redken pH Bonder Step 1 | Authentication, Hearsay, Lacks foundation / personal knowledge |
| 2063 | 5/3/2016 | OLA 0000026830 | OLA 0000026837 | | L'Oreal Safety Data Sheet: Product Name: Redken Bonding Technical Step 2 & Pre-Cleanse Treatment | Authentication, Hearsay, Lacks foundation / personal knowledge |
| 2064 | 8/25/2016 | OLA 0000026838 | OLA 0000026845 | | L'Oreal Safety Data Sheet: Product Name: L'Oreal Professional Bonding Technical Step 2 | Authentication, Hearsay, Lacks foundation / personal knowledge |
| 2065 | 00/00/0000 | OLA 0000026867 | OLA 0000026867 | | Bond Ultim8 Bond Protecting System Label | Authentication, Hearsay, Lacks foundation / personal knowledge |
| 2066 | 00/00/0000 | OLA 0000026868 | OLA 0000026870 | | Matrix Bond Utim8 Protecting System Instructions | Authentication, Hearsay, Lacks foundation / personal knowledge |
| 2067 | 00/00/0000 | OLA 0000026871 | OLA 0000026876 | | Redken PH-Bonder Brochure | Authentication, Hearsay, Lacks foundation / personal knowledge |
| 2068 | 00/00/0000 | OLA 0000026882 | OLA 0000026883 | | L'Oreal Smart Blond Instructions | Authentication, Hearsay, Lacks foundation / personal knowledge |
| 2069 | 12/16/2016 | OLA 0000026884 | OLA 0000026985 | | Summary Report of three kits of haircare products received from SalonCentric 12/1/2016 | Hearsay, Lacks foundation/personal knowledge, Authentication, Incomplete document, 403 |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 2070 | 00/00/0000 | OLA 0000026987 | OLA 0000026987 | | Matrix Ultim8 Box Label | Hearsay, Lacks foundation/personal knowledge, Authentication, Incomplete document, 403 |
| 2071 | 00/00/0000 | OLA 0000026988 | OLA 0000026988 | | Redken Bond Protecting Additive Box Label | Authentication, Hearsay, Lacks foundation / personal knowledge, Incomplete document |
| 2072 | 8/24/2016 | OLA 0000026989 | OLA 0000026996 | | L'Oreal USA Safety Data Sheet Product Name: L'Oreal Professional Smartbond Step 1 Additive | Authentication, Hearsay, Lacks foundation / personal knowledge |
| 2073 | 00/00/0000 | OLA 0000026998 | OLA 0000026998 | | L'Oreal Bottle ingredients Screenshot | Authentication, Hearsay, Lacks foundation / personal knowledge, Incomplete Document |
| 2074 | 00/00/0000 | OLA 0000027677 | OLA 0000027677 | | Redken PH- Bonder bond protecting additive Label | Authentication, Hearsay, Lacks foundation / personal knowledge, Incomplete Document |
| 2075 | 00/00/0000 | OLA 0000094553 | OLA 0000094600 | HC | LIQ 103 PCT: Keratin Treatment Formulations and Methods Cross-Reference to Related Applications | Incomplete Document, Authentication, Lacks foundation / personal knowledge |
| 2076 | 6/11/2015 | OLA 0000095279 | OLA 0000095281 | HC | Christal email exchange with Dolden re Project Olivia | Hearsay, Lacks foundation/personal knowledge |
| 2077 | 2/8/2014 | DEFS000017386/OLA 0000115101 | DEFS000017386/OLA 0000115101 | Confidential/HC | Devries email  to info@olaplex.com re salons in Maryland using Olaplex | Hearsay, Authentication, Lacks foundation/personal knowledge, 403 |
| 2078 | 2/8/2014 | DEFS000017387/OLA 0000115102 | DEFS000017387/OLA 0000115102 | Confidential/HC | Thavenius email to info@olaplex.com re Salon Locations | Hearsay, Authentication, Lacks foundation/personal knowledge, 403 |
| 2079 | 2/8/2014 | DEFS000017389/OLA 0000115104 | DEFS000017389/OLA 0000115104 | Confidential/HC | Gemienhardt email to info@olaplex.com re salon in Columbus Ohio | Hearsay, Authentication, Lacks foundation/personal knowledge, 403 |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 2080 | 2/6/2014 | DEFS000017390/OLA 0000115105 | DEFS000017390/OLA 0000115105 | Confidential/HC | Pryal email to info@olaplex.com re salon in Pittsburgh PA | Hearsay, Authentication, Lacks foundation/personal knowledge, 403 |
| 2081 | 2/6/2014 | DEFS000017391/OLA 0000115106 | DEFS000017391/OLA 0000115106 | Confidential/HC | Lisa Gee email to info@olaplex.com re salon in Danville Illinois | Hearsay, Authentication, Lacks foundation/personal knowledge, 403 |
| 2082 | 2/5/2014 | DEFS000017392/OLA 0000115107 | DEFS000017392/OLA 0000115107 | Confidential/HC | Finnan email to info@olaplex.com re salon in Sarasota/Bradenton Florida | Hearsay, Authentication, Lacks foundation/personal knowledge, 403 |
| 2083 | 2/4/2014 | DEFS000017396/OLA 0000115111 | DEFS000017396/OLA 0000115111 | Confidential/HC | Envebeauty email to info@olaplex re Product Info | Hearsay, Authentication, Lacks foundation/personal knowledge, 403 |
| 2084 | 2/4/2014 | DEFS000017397/OLA 0000115112 | DEFS000017397/OLA 0000115112 | Confidential/HC | Glass email to info@olaplex re salons in Idaho and services | Hearsay, Authentication, Lacks foundation/personal knowledge, 403 |
| 2085 | 2/14/2014 | DEFS000017405/OLA 0000115120 | DEFS000017405/OLA 0000115120 | Confidential/HC | Martin email to info@olaplex re need information on Olaplex | Hearsay, Authentication, Lacks foundation/personal knowledge, 403 |
| 2086 | 1/31/2016 | OLA 00000119197 | OLA 00000119204 | | L'Oreal USA Safety Data Sheet Product Name: Matrix Bonding Conditioner | Authentication, Hearsay, Lacks foundation / personal knowledge |
| 2087 | 5/13/2015 | LO USA0028442 | LO USA0028463 | HC | Dolden email to Milosh, Schmitt, Pagliao, Parenty, Kunetz, Morgan, Fluck, Raginowitz, Huether, Carillon, Cervantes, Gringauz, Kerschner re Olivia Confidential with attachments and email from Kerschner to Milosh cc: Dolden, Morgan, Fluck re Oliva; Dolden 4/15/15 email to Kunetz cc: Hieronimus, Verhulst-Santos, Evrard, Pivet, Roze, Pagliano, Parenty, Fontaine re Oliva Owner's Intention/Structure-Confidential | |
| 2088 | 5/8/2015 | LO USA0056074 | LO USA0056074 | HC | Allard email exchange with Dolden re Olivia Initial Seller Request List with forwarded email from Kerschner to Dolden, Chabot cc: Pivet, Morgan, Parenty, Kunetz, Fluck with draft intial request | |

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 2089 | 7/24/2015 | LO USA0023987 | LO USA0023990 | HC | Dolden email to Kunetz re L'Oreal is against Olaplex - serious local issue with forwarded email from Ivanoff to Christal | |
| 2090 | 3/2/2015 | OLA 0000015028 | OLA 0000015029 | Confidential | Recruitment email from L'Oreal to Eric Pressly | MIL, Hearsay |
| 2091 | 7/21/2015 | LO USA0030591 | LO USA0030591 | HC | L'Oreal S.A. July 2015 meeting notes. | |
| 2092 | 3/23/2015 | LO USA0029434 | O USA0029434 | HC | Kunetz email exchange with Habif cc: Roze, Parenty, Pivet, Dolden re Confidential Olaplex | Hearsay, Lacks foundation/personal knowledge |
| 2093 | 3/23/2015 | LO USA0035353 | LO USA0035354 | HC | Kunetz email exchange with Habif cc: Roze, Parenty, Pivet, Dolden re Confidential Olaplex | |
| 2094 | 4/17/2015 | LO USA0026698 | LO USA0026699 | HC | Dolden email to Dolden re Project Olivia -Our call today | |
| 2095 | 4/28/2015 | LO USA0028229 | LO USA0028229 | HC | Dolden email to Habif, Kunetz cc: Verhulst-Santos, Roze re Project Olivia | |
| 2096 | 4/29/2015 | LO USA0028263 | LO USA0028263 | HC | Dolden email to Allard cc: Habif, Gringauz re Project Olivia - Confidential | |
| 2097 | 4/29/2015 | LO USA0028567 | LO USA0028567 | HC | Dolden email to Habif cc Gringauz re  Project Olivia - Confidential | |
| 2098 | 4/29/2015 | LO USA0049678 | LO USA0049678 | HC | Dolden email exchange with Habif, Gringauz re Project Olivia - Confidential | |
| 2099 | 4/30/2015 | LO USA0049679 | LO USA0049681 | HC | Dolden email to Kunetz cc: O'Rourke  with forwarded emails from Dolden, Ascione re Project Olivia - Confidential | Hearsay, Lacks foundation/personal knowledge |
| 2100 | 5/1/2015 | LO USA0026556 | LO USA0026561 | HC | Dolden email to Kerschner, Fluck cc: Morgan re pre DD R&I assessment deck with atttached Olivia Review Pre DD April 28 pptx | |
| 2101 | 5/1/2015 | LO USA0026562 | LO USA0026568 | HC | Dolden email to Habif cc: Kunetz, Pahin, Toutain, Ascione, Cervantes, Goget, Land re Pre DD R&I assessment deck with attached Olivia Review Pre DD April 28 pptx | |
| 2102 | 5/1/2014 | LO USA0056203 | LO USA0056205 | HC | Kunetz email exchange with Ascione, Habif, Dolden, Pivet, Roze cc Verhulst-Santos, Roman re Project Oliva - Confidential | |
| 2103 | 5/4/2015 | LO USA0029477 | LO USA0029478 | HC | Sharnsky email to Dolden re Olaplex Surveys - Results to date with forwarded email from Stults to Sharnsky, Fontaine cc: Meggo, Orzel | Hearsay, Lacks foundation/personal knowledge |
| 2104 | 5/5/2015 | LO USA0028644 | LO USA0028646 | HC | Dolden email exchange with Evrard cc: Schmitt, Parenty, Kunetz re Project Olivia - Confidential | Hearsay, Lacks foundation/personal knowledge, 403, MIL, Relevance |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 2105 | 5/5/2015 | LO USA0028654 | LO USA0028656 | HC | Dolden email exchange with Hieronimus, Attal, Evard, Verhulst-Santos, Ascione cc: Roze, Gringauz, Habif, Kunetz re Project Olivia - Confidential | |
| 2106 | 5/5/2015 | LO USA0035259 | LO USA0035259 | HC | Dolden email to Dolden re Project Olivia Notes on R&I Meeting | |
| 2107 | 5/7/2015 | LO USA0024119 | LO USA0024120 | HC | Dolden email to Allard re Olivia Request List - pre due diligence with attachment | |
| 2108 | 5/13/2015 | LO USA0028313 | LO USA0028313 | HC | Dolden email to Evrard cc: Schmitt, Milosh, Kunetz re Project Olivia Update | Hearsay, Lacks foundation/personal knowledge, 403, MIL, Relevance |
| 2109 | 5/15/2015 | LO USA0035853 | LO USA0035854 | HC | Pagliano email to Dolden cc: Morgan re Project Olivia Concept of Incremental Sales/Value | Hearsay, Lacks foundation/personal knowledge |
| 2110 | 5/19/2015 | LO USA0037107 | LO USA0037108 | HC | Cervantes email to Gringauz cc: Sarakatsannis, Dolden, Habif re Project Olivia Summary of Confidentiality Requirements | |
| 2111 | 5/202015 | LO USA0028507 | LO USA0028507 | HC | Dolden email exchange with Allard, O'Rourke cc: Kunetz, Gringauz, Cervantes re Olivia Meeting May 19th - R&I Assessment | Hearsay, Lacks foundation/personal knowledge |
| 2112 | 5/20/2015 | LO USA0030581 | LO USA0030588 | HC | Cervantes email to Gringauz cc: Allard, Dolden, Habif, Kunez, O'Rourker re Olivia Meeting May 19th - R&I Assessment with attached Project Olivia Summary of Confidentiality Requirements | |
| 2113 | 5/21/2015 | LO USA0035519 | LO USA0035519 | HC | Gringauz email exchange with Allard, Dolden re Olivia Meeting May 19th - R&I Assessment | |
| 2114 | 5/28/2015 | LO USA0030594 | LO USA0030601 | HC | Niz email to Dolde, Gigliotti, Goget, Kunetz, Kanji, Land, Potin, Sarakatsannis, Srinivasan re Project Olivia Summary of Confidentiality Requirements with attachments | Hearsay, Lacks foundation/personal knowledge |
| 2115 | 5/22/2015 | LO USA0035067 | LO USA0035068 | HC | Allard email to Dolden, Gringauz cc: Cervantes re Olivia Meeting R&I assessment - Executive Summary with attached May 19th doc | |
| 2116 | 5/25/2015 | LO USA0028510 | LO USA0028510 | HC | Dolden email exchange with Gringauz cc: Allard, Cervantes re Olivia Meeting R&I assessment - Executive Summary | |
| 2117 | 5/18/2015 | LO USA0026542 | LO USA0026551 | HC | Dolden email exchange with Kunetz re Project Olivia Confidential with attachments | Hearsay, Lacks foundation/personal knowledge |

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 2118 | 5/26/2015 | LO USA0048257 | LO USA0048257 | HC | Dolden email exchange with Gringauz cc: Allard re Olivia meeting with owner/scientist on May 19th-R&I assessment, executive summary - Strictly Confidential | Hearsay, Lacks foundation/personal knowledge |
| 2119 | 5/27/2015 | LO USA0023859 | LO USA0023859 | HC | Dolden email to Evrard cc: Attal, Ascione, Habif, Gringauz re Olivia/Olaplex with forwarded email from De LA Sauzay | Hearsay, Lacks foundation/personal knowledge |
| 2120 | 5/27/2015 | LO USA0039195 | LO USA0039197 | HC | Habif email exchange with DeGeorge cc: Boulineau, LaHaye re Olaplex experiement - need your input asap | Hearsay, Lacks foundation/personal knowledge |
| 2121 | 5/00/2015 | LO USA0028272 | LO USA0028273 | HC | Olivia-R&I Initial Assesment - May 2015- Illustrative Discussion Points | Hearsay, Lacks foundation/personal knowledge, Incomplete document |
| 2122 | 5/28/2015 | LO USA0026503 | LO USA0026503 | HC | Dolden email exchange with Kerschner re Opportunities in the Current Olivia BP | Hearsin, Lacks foundation/personal knowledge |
| 2123 | 6/2/2015 | LO USA0028647 | LO USA0028647 | HC | Dolden email exchange with Milosh re Project Olivia Plan B | |
| 2124 | 6/3/2015 | LO USA0039372 | LO USA0039375 | HC | Goget email exchange with Danielski cc: Boulineau re Olaplex lab screening | |
| 2125 | 6/4/2015 | LO USA0023858 | LO USA0023858 | HC | Dolden email to Dolden with attached emial from Milosh re debrief | Hearsay, Lacks foundation/personal knowledge |
| 2126 | 6/4/2015 | LO USA0024123 | LO USA0024187 | HC | Dolden email exchange with Kerschner re Olivia International BP with attachment | Hearsay, Lacks foundation/personal knowledge |
| 2127 | 6/9/2015 | LO USA0028307 | LO USA0028307 | HC | Dolden email to Ascione, Allard, Habif cc: Pivet, Roze, Kunetz, Cervantes re Project Olivia Patent | |
| 2128 | 6/12/2015 | LO USA0046570 | LO USA0046570 | HC | Dolden email to Evard, Roze, Pagliano cc: Schmitt re Olivia Purchase Price - Confidential | Hearsay, Lacks foundation/personal knowledge |
| 2129 | 6/16/2015 | LO USA0023995 | LO USA00234043 | HC | Dolden email exchange with Milosh cc: Kerschner re Latest Olivia Draft with Olivia pre due diligence attachment | Hearsay, Lacks foundation/personal knowledge |
| 2130 | 6/18/2015 | LO USA0023886 | LO USA0023886 | HC | Dolden email to Kerschner re Next Steps on Project Olivia with forwarded email from Pivet | Hearsay, Lacks foundation/personal knowledge |

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 2131 | 6/18/2015 | LO USA0026885 | LO USA0026885 | HC | Dolden email exchange with Roze re Offer to Olivia | Hearsay, Lacks foundation/personal knowledge |
| 2132 | 6/18/2015 | LO USA0046522 | LO USA0046522 | HC | Dolden email to Staats re Olivia Earnout | Hearsay, Lacks foundation/personal knowledge |
| 2133 | 6/18/2015 | LO USA0053866 | LO USA0053866 | HC | O'Rourke email to Dolden re Project Olivia w/C. Muliez/DGAF with forwarded email from K. Funk | Hearsay, Lacks foundation/personal knowledge |
| 2134 | 5/21/2015 | LO USA0035504 | LO USA0035504 | HC | Allard email exchange with Gringauz, Dolden re Olivia Meeting - R&I assessment | |
| 2135 | 6/19/2015 | LO USA0039204 | LO USA0039205 | HC | Hamilton email exchange with Boulineau re Olivia Summary from last week and pending results | Hearsay, Lacks foundation/personal knowledge |
| 2136 | 6/23/2015 | LO USA0046503 | LO USA0046503 | HC | Dolden email exchange with Kunetz re Project Olivia BP Approval | Hearsay, Lacks foundation/personal knowledge |
| 2137 | 5/22/2015 | LO USA0025369 | LO USA0025369 | HC | Dolden email exchange with Kunetz re Olivia Memo - Draft | Hearsay, Lacks foundation/personal knowledge, Incomplete document |
| 2138 | 00/00/0000 | LO USA0028202 | LO USA0028202 | HC | Olivia - Comparative Outcomes for L'Oreal | Hearsay, Lacks foundation/personal knowledge, Incomplete document |
| 2139 | 6/26/2015 | LO USA0034050 | LO USA0034050 | HC | Kerschner email to Dolden re Olivia | Hearsay, Lacks foundation/personal knowledge, 403, MIL, Relevance |
| 2140 | 6/26/2015 | LO USA0023993 | LO USA0023994 | HC | Dolden emailto Pagliano with forwarded email from Staats re Olivia | Hearsay, Lacks foundation/personal knowledge |
| 2141 | 6/26/2015 | LO USA0026506 | LO USA0026507 | HC | Dolden email exchange with Kerschner re Oliva | Hearsay, Lacks foundation/personal knowledge |
| 2142 | 6/26/2015 | LO USA0026799 | LO USA26800 | HC | Dolden email to Pagliano with forwarded email from Dolden to Chabot re Olivia - Challenge to the Brand | |
| 2143 | 6/26/2015 | LO USA0028437 | LO USA0028439 | HC | Dolden email exchange with Pagliano cc: Roze re Olivia - Challenge to the Brand | Hearsay, Lacks foundation/personal knowledge |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 2144 | 6/26/2015 | LO USA0028469 | LO USA0028471 | HC | Dolden email exchange with Pagliano cc: Roze re Olivia - Challenge to the Brand | Hearsay, Lacks foundation/personal knowledge |
| 2145 | 6/26/2015 | LO USA0035466 | LO USA0035470 | HC | Dolden email exchange with Pagliano cc: Roze re Olivia - Challenge to the Brand | Hearsay, Lacks foundation/personal knowledge |
| 2146 | 6/26/2015 | LO USA0038579 | LO USA0038586 | HC | Projet Olivia - June 26, 2015 | |
| 2147 | 6/28/2015 | LO USA0041504 | LO USA0041504 | HC | Dolden email to Kunetz cc: Morgan re Olivia: preparing for JPA July 1 with forwarded email from Chabot | Hearsay, Lacks foundation/personal knowledge |
| 2148 | 6/29/2015 | LO USA0035856 | LO USA0035863 | HC | Staats email exchange with Dolden, Gringauz cc: Gianni re Project Olivia Earn Out with attachment | |
| 2149 | 6/30/2015 | LO USA0024121 | LO USA0024122 | HC | Dolden email exchange with Kunetz cc Morgan re Olivia International BP Buy Scenario | Hearsay, Lacks foundation/personal knowledge, MIL, 403, Relevance |
| 2150 | 6/30/2015 | LO USA0025366 | LO USA0025367 | HC | Dolden email to Staats, Kerschner re Olivia International BP Buy Scenario with forwarded email to Kunetz , Morgan | Hearsay, Lacks foundation/personal knowledge, MIL, 403, Relevance |
| 2151 | 6/30/2015 | LO USA0025368 | LO USA0025368 | HC | Dolden email to Kunetz, Morgan cc: Kirschner re Olivia International BP Buy Scenario Post AVS with forwarded email to Chabot | Hearsay, Lacks foundation/personal knowledge, MIL, 403, Relevance |
| 2152 | 6/30/2015 | LO USA0028681 | LO USA0028682 | HC | Dolden email exchange with Schmitt, Milosh cc: Morgan, Kerschner, Chabot, Varieras, Kunetz re SC Olivia Distribution | Hearsay, Lacks foundation/personal knowledge, MIL, 403, Relevance |
| 2153 | 5/26/2015 | LO USA00038587 | LO USA00038589 | HC | Allard email to Attal, Habif, Ascione, Pahin, Evrard, Cervantes, Dolden, Gringauz, Deroy, Vermlee re Olivia Meeting with Owner/Scientist on May 19th -R&I Assessment Executive Summary - Strictly Confidential with attachment | |
| 2154 | 5/26/2015 | LO USA0038590 | LO USA0038592 | HC | Dolden email to Gringauz cc: Allard re Olivia Meeting with Owner/Scientist on May 19th -R&I  Assessment Executive Summary - Strictly Confidential  with forwarded email from Allard | |
| 2155 | 7/20/2015 | LO USA0041188 | LO USA0041188 | HC | Dolden email to Evrard cc: O'Rourke re Project Olivia Investment Committee | Hearsay, Lacks foundation/personal knowledge, Relevance |

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 2157 | 7/20/2015 | LO USA0064661 | LO USA0064662 | HC | Ascione email to LeGrand, Habif, Norwood, Applebaum, Goget, DeGeorge, Kanji, Boulineau, Lee, Velkov,Hamilton,LeBarbanchon, Chin, Loussouarn, Pataut, Collaudin, Potin re Bonding Project with JPA Meeting attachment | Hearsay, Lacks foundation/personal knowledge |
| 2158 | 5/26/2015 | LO USA0038596 | LO USA0038596 | HC | Gringauz email exchange with  Dolden cc: Allard re Olivia Meeting with Owner/Scientist on May 19th -R&I Assessment Executive Summary - Strictly Confidential | |
| 2159 | 7/21/2015 | LO USA0038597 | LO USA0038598 | HC | Evrard email to Dolden  re Olivia with Olaplex JPA meeting 21 July 2015 attachment and forwarded email from Ascione | Hearsay, Lacks foundation/personal knowledge |
| 2160 | 7/24/2015 | LO USA0049940 | LO USA0049940 | HC | Sharnsky email exchange with Dolden re Project Olivia | Hearsay, Lacks foundation/personal knowledge |
| 2161 | 8/17/2015 | LO USA0064912 | LO USA0064922 | HC | Habif email to LeGrand, Applebaum, Ascione, Goget, Potin, Boulineau, Velkov, Hamilton cc: Kanji re bonding with attachment - bonding update | Hearsay, Lacks foundation/personal knowledge |
| 2162 | 8/19/2015 | LO USA0023877 | LO USA0023877 | HC | Dolden email to Kunetz cc: O'Rourke  with forwarded emails from Fontaine re Olaplex patent system | Hearsay, Lacks foundation/personal knowledge, 403, MIL, Relevance |
| 2163 | 8/25/2015 | LO USA0028668 | LO USA0028668 | HC | Dolden email exchange with Kunetz re Project Olivia/Sylvia | Hearsay, Lacks foundation/personal knowledge |
| 2164 | 8/25/2015 | LO USA0037111 | LO USA0037111 | HC | Kunetz email  exchange with Dolden re re Project Olivia/Sylvia | Hearsay, Lacks foundation/personal knowledge |
| 2165 | 5/27/2015 | LO USA0039369 | LO USA0039371 | HC | Lee email to Potin, LeGrand, LaHaye, Goget, De La Bandera cc: Boulineau, Pataut, Applebaum re Olaplex experiment - Need your input ASAP | Hearsay, Lacks foundation/personal knowledge |
| 2166 | 9/2/2015 | LO USA0026853 | LO USA0026854 | HC | Dolden email to Dolden re Project Olivia - Notes of Yesterday's Meeting with Dean Christal - Confidential | Hearsay, Lacks foundation/personal knowledge |
| 2167 | 10/10/2015 | LO USA0049927 | LO USA0049927 | HC | Sharnsky email exchange with Dolden re Olivia | Hearsay, Lacks foundation/personal knowledge |
| 2168 | 6/11/2015 | LO USA0023900 | LO USA0023958 | HC | Dolden email exchange with Kerschner re 150618 Olivia Investment Committee  with attachment and forwarded email from Chabot | Hearsay, Lacks foundation/personal knowledge |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 2169 | 6/19/2015 | LO USA0023891 | LO USA0023891 | HC | Dolden email to Kerschner re New Assumptions with forwarded email from Kunetz | Hearsay, Lacks foundation/personal knowledge |
| 2170 | 6/30/2015 | LO USA0023829 | LO USA0023829 | HC | Dolden email to Morgan, Kunetz cc: Parenty, Fluck, Kerschner re Buy Plan Partner Brands? | Hearsay, Lacks foundation/personal knowledge |
| 2171 | 9/1/2015 | LO USA0026736 | LO USA0026737 | HC | Project Oliva - Notes of September 1 Meeting with Dean Cristal - Confidential | |
| 2172 | 9/14/2016 | LO USA0020777 | LO USA0020783 | HC | L'Oreal Product Performance Evaluation- Evaluation of the Fiber Integrity Treated with Perm Products by Means of Tensile Test | |
| 2173 | 00/00/0000 | LO USA0023857 | LO USA0023857 | HC | Penetration or Achievement of Theoretical Potential in Bleach versus Color Markets chart | Hearsay, Lacks foundation/personal knowledge, Incomplete document |
| 2174 | | | | | Olaplex Salon Intro Kit:  No. 1 Bond Multiplier and No. 2 Bond Perfector Kit | Defendants object to this exhibit because Plaintiffs identified this exhibit for the first time at 9:42 pm on May 14, 2019, without providing the exhibits or access to them to enable Defendants to adequately assess the exhibit for potential objections. Further, to the extent Defendants understand what this exhibit is, Defendants object to the exhibit under the following:  Relevance, 403, Lacks foundation / personal knowledge, Authentication, not produced in discovery |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 2175 | | | | | Olaplex Step 3 | Defendants object to this exhibit because Plaintiffs identified this exhibit for the first time at 9:42 pm on May 14, 2019, without providing the exhibits or access to them to enable Defendants to adequately assess the exhibit for potential objections. Further, to the extent Defendants understand what this exhibit is, Defendants object to the exhibit under the following: Relevance, 403, Lacks foundation / personal knowledge, Authentication, not produced in discovery |
| 2176 | | | | | Olaplex Traveling Stylist Kit | Defendants object to this exhibit because Plaintiffs identified this exhibit for the first time at 9:42 pm on May 14, 2019, without providing the exhibits or access to them to enable Defendants to adequately assess the exhibit for potential objections. Further, to the extent Defendants understand what this exhibit is, Defendants object to the exhibit under the following: Relevance, 403, Lacks foundation / personal knowledge, Authentication, not produced in discovery |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 2177 | | | | | L'Oreal Smartbond Systems | Defendants object to this exhibit because Plaintiffs identified this exhibit for the first time at 9:42 pm on May 14, 2019, without providing the exhibits or access to them to enable Defendants to adequately assess the exhibit for potential objections. Further, to the extent Defendants understand what this exhibit is, Defendants object to the exhibit under the following: Relevance, 403, Lacks foundation / personal knowledge, Authentication, not produced in discovery |
| 2178 | | | | | Redken pH Bonder Systems | Defendants object to this exhibit because Plaintiffs identified this exhibit for the first time at 9:42 pm on May 14, 2019, without providing the exhibits or access to them to enable Defendants to adequately assess the exhibit for potential objections. Further, to the extent Defendants understand what this exhibit is, Defendants object to the exhibit under the following: Relevance, 403, Lacks foundation / personal knowledge, Authentication, not produced in discovery |

Plaintiffs' Trial Exhibit List – Exhibit 10

| Trial Exhibit/ Deposition Exh. No. | Document Date | Begin Bates No. | End Bates No. | Confidentiality Designation | Description | Defendants' Objections |
|---|---|---|---|---|---|---|
| 2179 | | | | | Matrix Bond Utim8 Bond Protecting Systems | Defendants object to this exhibit because Plaintiffs identified this exhibit for the first time at 9:42 pm on May 14, 2019, without providing the exhibits or access to them to enable Defendants to adequately assess the exhibit for potential objections. Further, to the extent Defendants understand what this exhibit is, Defendants object to the exhibit under the following:  Relevance, 403, Lacks foundation / personal knowledge, Authentication, not produced in discovery |

## **DEFENDANTS' OBJECTION CODES TO PLAINTIFFS' TRIAL EXHIBIT LIST**

| CODE | DESCRIPTION | BASIS |
|------|-------------|-------|
| Relevance | Not relevant | FRE 401-402 |
| 403 | Prejudice outweighs probative value | FRE 403 |
| Lacks foundation/ personal knowledge | Lacks foundation/personal knowledge (assumes facts not in evidence, speculative, lacking reasonable basis or logical support) | FRE 602, 611, 901 |
| Hearsay | Hearsay if offered for the truth of the matter asserted | FRE 801-802, 805 |
| Improper compilation of separate documents | Improper compilation of separate documents | FRE 403, 901 |
| Incomplete document | Incomplete document | FRE 106, 403 |
| Not produced in discovery | Exhibit was not produced during discovery | FRE 403; FRCP 26, 37 |
| Authentication | Requires authentication or identification | FRE 901 |
| Best Evidence Rule | Best evidence rules prohibit introduction | FRE 1001-1002 |
| Privileged | Attorney Client Privilege or Work Product | FRE 501-502 |
| MIL | Exhibit Subject to Motion *in Limine* | FRE 103 |