IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LIQWD, INC. and OLAPLEX LLC,

        Plaintiffs,

    v.

L'ORÉAL USA, INC., L'ORÉAL USA
PRODUCTS, INC., L'ORÉAL USA S/D,
INC., and REDKENS 5TH AVENUE, NYC,
L.L.C.,

        Defendant.

**CIVIL ACTION NO. 17-14-JFB-SRF**

**MEMORANDUM AND ORDER**

      This matter is before the Court on plaintiffs' motion in limine, D.I. 805, Ex. 12, at 182.  Plaintiffs move to preclude testimony of defendants' experts outside of the scope of their expert reports.

      Plaintiff contends that L'Oréal's Amended Counter-complaint, D.I. 650, alleges that plaintiffs violated the Lanham Act through false advertising.  D.I. 650 at 60-69.  Plaintiffs contend that these opinions are not disclosed in a written report and are "inadmissible for any purpose."  *Hologic, Inc. v. Minerva Surgical, Inc.*, 2018 WL 3348998, at *1(D. Del. Jul. 9, 2018).  For example, plaintiffs state that Mr. Nolte, defendants' expert, has no basis for the opinion that Olaplex's conduct caused damages to L'Oréal.  With regard to the expert Ms. Harper, Harper claims that Olaplex "deceived millions of consumers," and according to plaintiffs, she offered no explanation as to how the "millions" figure was determined.  D.I. 687 at 13-14.  During her later deposition, for the first time she opined that the plaintiffs deceived half a million and/or at least 33 million people.  D.I. 687 at 18. All of these opinions, urge the plaintiffs, are outside the Rule 26 reports submitted by the

defendants.  Plaintiffs contend that permitting these opinions will unfairly prejudice them at this point in the trial, given the trial date in six weeks away.

Defendants respond to plaintiffs' motion in limine.  D.I. 805-2 at 189.  Defendants argue that this motion is premature and vague.  Defendants further contend that these arguments should await trial, and a decision should be made at that time.

The Court "will, as it must, limit the expert testimony at trial to that disclosed in the expert reports." *Stored Value Sols., Inc. v. Card Activation Techs., Inc.*, 2010 WL 3834457, at *2 n.1 (D. Del. Sep. 27, 2010); accord *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 2015 WL 10457176, at *4 (D. Del. April 23, 2015) ("Absent approval of the Court, all experts for all parties are PRECLUDED from testifying beyond the scope of their reports...).  Federal Rule of Civil Procedure 26(a)(2)(B) requires an expert to disclose in his or her report "a complete statement of all opinions the witness will express and the basis and reasons for them." *Id.* (emphasis added).  The Court will not permit any expert testimony that goes beyond the scope of expert reports.  The opinions must be properly disclosed in advance pursuant to the rules.  The Court also notes its previous ruling concerning the defendant's Lanham Act false advertising claim. D.I. 903.  However, with that said, it is difficult at this stage to determine what goes beyond the scope of the original designation and what is relevant.  Consequently, the Court will grant the motion as set forth herein and will otherwise allow testimony that has been properly disclosed.  If defendants vary from this directive, plaintiffs are free to make the appropriate objection.

THEREFORE, IT IS ORDERED THAT:

Plaintiffs' motion in limine, D.I. 805-2, Ex. 12, at p. 183, is granted to the extent that the Court will not permit any expert testimony that goes beyond the scope of expert reports.  However, the Court will allow defendants to develop the record at trial, and the plaintiffs may object to any evidence or testimony that exceeds the scope, and the Court will rule on the specifics at that time.

Dated this 25th day of June 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge