IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIQWD, INC. and OLAPLEX LLC,<br><br>Plaintiffs,<br><br>v.<br><br>L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., L'ORÉAL USA S/D, INC., and REDKENS 5TH AVENUE, NYC, L.L.C.,<br><br>Defendant. | **CIVIL ACTION NO. 17-14-JFB-SRF**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on plaintiffs' motion in limine, D.I. 831. Plaintiffs ask this Court to preclude the testimony of three employees of defendants. These employees were allegedly not offered up for deposition until May 2, 2019, five months after the close of discovery, two weeks after the close of expert discovery, and weeks after the submitted summary judgment motion deadline. Plaintiffs contend that they attempted to obtain testimony and documents from two of these witnesses, Delphine Allard and Carline Goget; and the third witness, Stephan Habif, was not disclosed until after the close of fact discovery. Trial is scheduled in 30 days, and plaintiffs argue they will be unable cure the prejudice if these proposed witnesses are allowed to testify.

This Court's Scheduling Order requires trial witnesses to have "previously been disclosed during discovery." D.I. 192 § 3(j)(i)[1]. Further, "[i]t is expected that all such witnesses will have been disclosed, vetted, and deposed, if a party elects, during the fact

---

[1] The magistrate judge stated: "J. Fact Witnesses to be Called at Trial. 1. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial.

D.I. 192 § 3(j)(i).

1

discovery process." *Id.* § 3(j)(iii) (emphasis added).  Summary judgment and Daubert briefing was completely filed by April 18, 2019.  Motions in limine and the joint Pretrial Order were filed on May 15, 2019.  Plaintiffs content the first time these persons were disclosed as trial witnesses was May 2, 2019.

"If a party fails to provide information or identify a witness … the party is not allowed to use that information or witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Courts must evaluate whether failure to provide a witness is harmless.  *Meyers v. Pennypack Woods Home Ownership Assoc.*, 559 F.2d 894, 904-05 (3d Cir. 1977).  In addition, the Court must look at the following factors: "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order." *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Pennypack*).

Plaintiffs argue that the prejudice and surprise to them is significant.  In addition to the above, defendants produced twenty-three new documents as trial exhibits in the pretrial order.  D.I. 805-2, Ex. 11.  The witnesses would allegedly offer testimony about defendants' receipt of plaintiffs' trade secrets at the May 15 meeting.  Plaintiffs contend they have no time to conduct discovery or defend against these allegations.  Further, any evidence produced by these witnesses that would go to damages can likewise not be defended on such short notice. *See Lamb v. Montgomery Township*, 734 F. App'x 106, 110-11 (3d Cir. 2018) (affirming exclusion of late-disclosed witnesses where "litigation

2

conduct deprived [movant] of the opportunity to depose" witnesses prior to summary judgment); see also Greater N.Y. Mut. Ins. Co. v. N. River Ins. Co., 85 F.3d 1088, 1097 (3d Cir. 1996) (affirming exclusion of a "central witness[]" when that witness was added to trial list after, as here, the "discovery deadline had long since passed" and "[s]o had the date for submitting pretrial memoranda" passed).

Defendants argue that plaintiffs erred in waiting nearly five months before seeking foreign depositions, and further, plaintiffs will not be prejudiced by allowing these witnesses to testify. Defendants contend that they identified Ms. Allard in their January 5, 2017 Complaint and in its Rule 26 disclosures on February 26, 2018, and again in its initial disclosures on March 15, 2018. D.I. 2 at ¶¶ 45, 48. L'Oreal claims it only opposed Olalex's document requests as improper under French law. D.I. 502 at 11-12 (Magistrate Judge Fallon's Memorandum Opinion).

With regard to witness Goget, defendants told plaintiffs that she resided in France. Defendants contend that when Ms. Goget was offered for deposition, plaintiff refused.

As for potential witness Stephan Habif, defendants contend that plaintiffs have known about this witness for more than a year, as his name appeared on many documents. He was also identified in defendants Rule 26 disclosures and his documents on its trial exhibit list state defendants.

In short, defendants contend they have complied with their Rule 26 requirements. They argue the evidence is important; unique in terms of the May 19, 2015 meeting; and Olaplex identified these witnesses in its own Rule 26 disclosures. See In re Joy Glob., Inc., 423 B.R. 445, 451 (D. Del. 2010) ("[T]he Court fails to see the harm to [defendant] from permitting [the witness] to testify, given that [defendant] itself identified [him]").

"[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Pennypack*, 559 F.2d at 905. "Courts in the Third Circuit should exercise particular restraint in considering motions to exclude evidence [,]" as "[t]he Third Circuit has, on several occasions, manifested a distinct aversion to the exclusion of important testimony absent evidence of extreme neglect or bad faith on the part of the proponent of the testimony." *ABB Air Preheater, Inc. v. Regenerative Envtl. Equip. Co.*, 167 F.R.D. 668, 671 (D.N.J. 1996).

The Court agrees with the plaintiffs. The defendants did not timely disclose trial witnesses and there is no way to cure the prejudice at this late date. Defendants have far exceeded their deadlines and allowing the witnesses to testify would greatly prejudice the plaintiffs. See *Stambler v. RSA Security, Inc.*, 212 F.R.D. 470, 471-72 (D. Del. 2003) (prejudice found where plaintiff would be forced to depose fact weeks six weeks before trial). Permitting discovery would likewise necessitate that trial would have to be rescheduled, and the Court is unwilling to do so. Further, as mentioned previously, the Court's Scheduling Order states that trial "witnesses will have been disclosed, vetted and deposed . . . during the fact discovery process." D.I. 192 § 3(j)(iii). It does in fact appear that these witnesses were not offered for deposition until very recently. *Bridgestone Sports Co. Ltd. v. Acushnet Co.*, 2007 WL 521894, at *4 (D. Del. Feb. 15, 2007) ("Courts applying [Pennypack] in the case of sophisticated, complex litigation involving parties represented by competent counsel have been less indulgent in their application and more willing to exclude evidence without a strict showing that each of the *Pennypack* factors has been satisfied"). Ms. Allard lived abroad. Olaplex states that they used the Hague

4

Convention to specifically designate her as a "person to be examined." Further, it does not appear that Ms. Goget, who also lives in France, was ever offered up for a deposition. Accordingly, the Court will grant this motion in limine and deny defendants' request to call these three witnesses at trial.

THEREFORE, IT IS ORDERED THAT plaintiffs' motion in limine, D.I. 831, is granted and Delphine Allard, Carline Goget and Stephan Habif will not be permitted to testify at trial and the newly produced documents will not be admissible at trial.

Dated this 25th day of June 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge