IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIQWD, INC. and OLAPLEX LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., L'ORÉAL USA S/D, INC., and REDKENS 5TH AVENUE, NYC, L.L.C.,<br><br>    Defendant. | **CIVIL ACTION NO. 17-14-JFB-SRF**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the following motions:

1. Motion to exclude improper opinion testimony and evidence of Dr. Benny D. Freeman filed by Liqwd, D.I. 684;

2. Motion to exclude expert opinion of Rhonda Harper filed by Liqwd, D.I. 686;

3. Motion to exclude expert opinion of David Nolte filed by Liqwd, D.I. 688;

4. Motion to exclude the expert opinion of James Pooley filed by Liqwd, D.I. 690;

5. Motion to exclude the expert opinion of Todd Schoettelkotte filed by Liqwd, D.I. 692;

6. Motion to exclude expert opinion of Thomas Schultz filed by Liqwd, D.I. 697;

7. Motion to exclude expert testimony and opinion of George G. Strong, Jr. and any opinions regarding two-party market theory filed by L'Oréal, D.I. 699;

8. Motion to exclude the expert opinion of Peter Smith filed by Liquid, D.I. 700; and

9. Motion to exclude expert testimony and opinion of Douglas D. Schoon filed by L'Oréal, D.I. 707.

**BACKGROUND**

In this patent infringement action filed by plaintiffs Liqwd, Inc. and Olaplex LLC (together, "Olaplex" or "plaintiffs" or "Liqwd") against defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, LLC (collectively, "L'Oréal" or "defendants"), Olaplex alleges infringement of United States Patent Nos. 9,498,419 ("the '419 patent") and 9,668,954 ("the '954 patent") (D.I. 262 at ¶¶ 90-138). Plaintiffs brought this action alleging patent infringement under 35 U.S.C. § 1 et seq., misappropriation of trade secrets under Defend Trade Secrets Act and Delaware Trade Secrets Act, and breach of contract (specifically, a nondisclosure agreement ("NDA")). D.I. 636, Third Amended Complaint. In particular, Plaintiffs argue that Defendants have infringed U.S. Patent No. 9,498,419 (the "'419 Patent") owned by Plaintiffs. D.I. 240, at 1. Defendants have alleged they are not infringing Plaintiffs' patents, the patents are invalid, and Plaintiffs have engaged in false advertising and breach of contract. D.I. 650.

The patents involve "Keratin Treatment Formulations and Methods" for hair care products. Olaplex filed the present action on January 5, 2017 against L'Oréal after dismissing a previously filed California case known as the "California Action," asserting causes of action for the alleged infringement of the '419 patent, misappropriation of trade secrets under the Defend Trade Secrets Act, misappropriation of trade secrets under the Delaware Trade Secrets Act, unjust enrichment, breach of contract, and breach of the implied covenant of good faith and fair dealing. D.I. 2.

2

**LAW**

In *Daubert,* the Supreme Court explained that Federal Rule of Evidence 702 creates "a gatekeeping role for the [trial] judge" in order to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597.  The rule requires that expert testimony "help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702(a).  Expert testimony is admissible only if "the testimony is based on sufficient facts or data," "the testimony is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case."  Fed. R. Evid. 702(b)–(d); *see generally Elcock v. Kmart Corp.*, 233 F.3d 734, 741–46 (3d Cir. 2000) (noting the requirements of Rule 702 embody "three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability and fit").

"[T]he language of Rule 702 requiring the expert to testify to scientific knowledge means that the expert's opinion must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation.'"  *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3rd Cir. 1994) (quoting *Daubert*, 509 U.S. at 590).  The proponent of the expert testimony has the burden of establishing its admissibility by a preponderance of the evidence.  *Padillas v. Stork–Gamco, Inc.*, 186 F.3d 412, 418 (3d Cir. 1999).

The Third Circuit recognizes a "liberal policy of admissibility" regarding Rule 702. *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008) (quoting *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997); *see also United States v. Schiff*, 602 F.3d 152, 173 (3d Cir. 2010).  "Vigorous cross-examination, presentation of contrary

evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. "Rule 702 and Daubert put their faith in an adversary system designed to expose flawed expertise." *U.S. v. Mitchell*, 365 F.3d 215, 244-45 (3d Cir. 2004) (citations omitted).

An expert's opinion on a legal conclusion "is neither necessary nor controlling." *See High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1313 (Fed. Cir. 2013) (quoting *Avia Grp. Int'l, Inc. v. L.A. Gear Cal., Inc.*, 853 F.2d 1557, 1564 (Fed. Cir. 1988), *abrogated on other grounds by Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (*en banc*)). An expert cannot usurp the role of the judge or jury. *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006). That said, an expert's opinion may be relevant to the factual aspects of the analysis leading to that legal conclusion. *Id.* When an expert's methodology is sound, and the evidence relied upon is sufficiently related to the case at hand, disputes about the degree of relevance or accuracy (above this minimum threshold) may go to the testimony's weight, but not its admissibility." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 852 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91 (2011).

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would

be inadmissible for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* The Eighth Circuit has noted that "[e]videntiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial." *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000). "Evidentiary rulings, especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *See Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 854 (Fed. Cir. 2010).

**DISCUSSION**

1. <u>Motion to exclude improper opinion testimony and evidence of Dr. Benny D. Freeman filed by Liqwd, D.I. 684</u>

Plaintiff contends that Dr. Freeman relies on erroneous claim constructions in opposition to the claim constructions issued in this case. *See* D.I. 602 (R&R); D.I. 217-1 (Fed. Cir. 2018 decision). All testimony as to Dr. Freeman's expert opinion that is based on impermissible claim construction will not be permitted. *See EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 109 (D. Del. 2016) ("Expert testimony based on an impermissible claim construction is properly excluded as irrelevant and on the basis that the evidence could confuse the jury"). Dr. Freeman is free to testify within those

5

boundaries. As the Court has made abundantly clear, it does not intend to retry the previously determined claim constructions in this case.

2. Motion to exclude expert opinion of Rhonda Harper filed by Liqwd, D.I. 686

Plaintiffs contend that after more than two years into this case, L'Oréal asserted a counterclaim alleging that "Olaplex engaged in false advertising violating the Lanham Act. L'Oréal asserts that Olaplex conducted an extensive program to manipulate the market using "fake" accounts and undisclosed endorsers (D.I. 650 ¶¶ 136-45 ("ACC")), and contends—absent evidence—that Olaplex's entire success is a result of this conduct." D.I. 687 at 1. The defendants offer the expert opinion of Ms. Rhonda Harper. Ms. Harper was retained four days prior to the date the opening reports were due. Her reports contend plaintiffs are not reliable and do not support L'Oréal's claims. First, argues plaintiffs, Ms. Harper admits she did not have time to research the issues; second, she relied on incorrect law; third, her opinion is not supported by any facts or apparent methodology, or any valid survey; fourth, her opinions are speculative, and last, her causation opinion applies a wrong standard and is unsupported by the relevant facts.

Ms. Harper is defendants' marketing expert and she has 30 years of experience in the marketing industry. Defendants contend that Ms. Harper is qualified to testify, and that plaintiffs' claims are without merit.

The Court has reviewed the credentials of Ms. Harper and finds she qualifies as an expert. However, the Court will not allow her to offer opinions that are not grounded in fact and established methodology. Much of her testimony concerns conduct a year and a half before L'Oréal's product launched; second, she has no valid methodology for concluding that injury occurred; third, she had no idea how many advertisements were

6

involved; fourth, she did not investigate the potential impact on consumers; and fifth, it appears she worked on this issue for only four days.  There is little or no foundation for her opinions; there is no evidence of causation; there is no evidence of injury.  Likewise, to the extent that Ms. Harper attempts to testify contrary to law, the Court will exclude that evidence.  Otherwise, her testimony will go to the weight of the evidence and will be judged by the jury.

      3.   <u>Motion to exclude expert opinion of David Nolte filed by Liqwd, D.I. 688</u>

Plaintiffs contend that the Court should exclude the opinions of defendants' damages expert, David Nolte, regarding its counterclaims for false patent marking and false advertising.  Plaintiffs contend that the opinions are speculative, lack any reliable methodology, and depend on unreliable and untested date, and are contrary to law in violation of Daubert and Rule 702.  First, argues plaintiffs, Mr. Nolte's lost profit damages and disgorgement opinions should be excluded, as he has not conducted any type of causation analysis that links false advertising and marking misconduct to diversion of sales or any harm to L'Oréal.  Second, plaintiffs contend that Mr. Nolte erred as a matter of law by calculating disgorgement of revenues rather than profits.  Third, Mr. Nolte should not be permitted to give opinions at trial based on Olaplex's domestic sales since that analysis is not even in his report.  Fourth, his opinions on lost profits should be excluded because he relies on L'Oréal's sales projection document that is likewise wholly speculative.  He allegedly knows nothing about these projections or if they are reliable. Fifth, plaintiffs contend that Mr. Nolte should not be permitted to render opinions that Olaplex and L'Oréal do not compete in a two-player market, as he has not done a proper economic or technical analysis to provide this opinion. Last, any credibility attacks by Mr.

7

Nolte on plaintiffs that they should not be trusted are not expert testimony and must be excluded.

Defendants disagree and argue as follows. Defendants first contend that its expert is not a causation one but is a damages expert. Second, defendants argue that plaintiffs are shifting the burden of proving how much of their profits were not derived by wrongful conduct from them to the defendants. *See also* Keurig, Inc. v. Sturm Foods, Inc., 2013 WL 633574, at *1 (D. Del. Feb. 19, 2013) (the party defending against a claim "bears the burden of proving how much, if any, of its profits were not derived from its wrongful conduct").

The Court does not have enough information at this point to make a final determination on these arguments. However, the Court will not permit opinions that are not factual, lack foundation, are not supported with reliable evidence and methodology. There will be no guessing, no speculation, and Mr. Nolte may not testify as to causation. With that said, Mr. Nolte may testify. If plaintiffs believe he is testifying on any inappropriate matters that violate Rule 702 and *Daubert*, plaintiffs may make their objections at that time.

    4. <u>Motion to exclude the expert opinion of James Pooley filed by Liqwd, D.I. 690</u>

Plaintiffs contend that Mr. Pooley's opinions should be excluded. First, plaintiff contends that Mr. Pooley, a California attorney, is going to attempt to testify that Olaplex did not take reasonable efforts to protect the confidentiality of its trade secrets. Mr. Pooley has no industry or technical experience. He is a trade secrets litigator. Plaintiffs contend that his methodology is flawed and unreliable; that this expert cannot explain the law of "reasonable efforts" to the jury; his opinion regarding plaintiffs' failure to identity its trade

8

secrets with particularity is wrong as a matter of law; plaintiffs cannot test the reliability of his trade secrets as defendants claim attorney client privilege; his report is not a proper rebuttal report; and his opinions regarding mental states and credibility of fact witnesses are inappropriate.

Defendants argue that if the Court permits Mr. Schoon to testify about reasonable efforts to protect its trade secrets, then the Court should allow Mr. Pooley to offer narrow rebuttal testimony that Olaplex "failed to demonstrate reasonable efforts to protect any alleged trade secrets, and that the Schoon Report fails to provide a reasonable basis for any contrary conclusion." See D.I. 720, Ex. 6 ¶ 10.

The Court agrees that to the extent Mr. Pooley is attempting to give legal opinions, his testimony will be excluded. "[T]he District Court must ensure that an expert does not testify as to the governing law of the case." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006). Mr. Pooly is an attorney; has written a book on trade secrets; has given business advice to clients regarding trade secrets and risk management; and has spent five years as the Deputy Director General of the World Intellectual Property Organization where he was responsible for overseeing approximately 200,000 patent applications each year. He has also served as an arbitrator, special master and temporary judge in trade secret and patent litigation for nearly 40 years, and he has served as a practicing attorney in the area of trade secrets, patent law, and litigation.[1]

---

[1] Mr. Pooley states in his expert report:
  In this report, I offer my opinions concerning whether Plaintiffs [Olaplex] have, during relevant times, exercised "reasonable efforts" to protect what they claim as trade secrets, and to respond to relevant portions of the Opening Expert Report of Douglas D. Schoon ("Schoon Report"). I base my opinions on my experience, training, research, scholarship, and actual practice in the field of trade secret protection. I am not basing my opinion on any specific advice given to any specific client in a given instance. I do not intend to offer any opinions on questions of law; rather, my opinions deal with the reasonableness of the efforts taken by the Plaintiffs to protect information they claim to constitute a trade secret.

9

The Court is going to withhold ruling at this time, as it needs to hear the evidence and then determine whether it is admissible. If it appears Mr. Pooley is going to testify as to a legal opinion, the Court will exclude the testimony. If there is not sufficient foundation for Mr. Pooley's opinions, the Court will exclude the testimony. If plaintiffs are unable to conduct a cross examination of Mr. Pooley because his methodology is shielded by attorney client privilege, the Court will exclude the testimony. Mr. Pooley cannot testify as to how he would apply the law to the facts, nor is he permitted to explain the law of "reasonable efforts." Mr. Pooley's testimony must be supported by reliable evidence.

5. <u>Motion to exclude the expert opinion of Todd Schoettelkotte filed by Liqwd, D.I. 692</u>

Plaintiffs contend that (1) Mr. Schoettelkotte's opinion that L'Oréal's Counterclaims impact plaintiffs' damages is unsupported and is speculative; (2) that Mr. Schoettelkotte has failed to provide support for his opinion that 7% is a reasonable royalty; and (3) that Mr. Schoettelkotte lacks any basis to opine that Olaplex is not entitled to lost profits.

Defendants disagree with each of these arguments. Defendants contend that Mr. Schoettelkotte focused on the impact that the counterclaims has on damages. Further, Mr. Schoettelkotte relies on the opinions of Ms. Harper who provided the marketing-based opinions cited herein. In addition, defendants contend that the royalty rate is reasonable and well supported. Mr. Schoettelkotte, argues defendant, reviewed multiple relevant factors to come up with the 7% royalty figure. Likewise, defendants contend that Mr. Schoetteklotte's opinions on lost profits are well supported, as he contends Mr. Strong, plaintiffs' expert, incorrectly analyzed the demand for plaintiffs' products; and he focused

---

D.I. 720, Ex. 6 ¶ 4 (emphasis added).

10

on non-infringing alternatives; as well as acknowledged the problem of speculation with regard to future damages.

At this point the Court will permit the testimony of Mr. Schoettelkotte and see how it is presented at trial. The disagreements appear to go to the weight of the testimony, and many of these issues can be addressed during cross-examination. If, however, at trial plaintiffs feel the opinions lack foundation; are not relevant; are speculative; or are inadmissible, the plaintiffs may object at that time.

6. <u>Motion to exclude expert opinion of Thomas Schultz filed by Liqwd,</u> D.I. 697

Plaintiff asks the Court to exclude the opinions of Mr. Schultz as they are merely summaries; exclude the opinion that Olaplex did not provide its unpublished patent application to L'Oréal; exclude the opinion regarding the existence of Olaplex's trade secret; and exclude the opinions regarding witness' states of mind.

First, plaintiffs contend that Mr. Schultz recites arguments based on the testimony of L'Oréal documents and does not rely on any technical/industry expertise or conduct his own investigation. Further, he did not conduct any independent interviews.

Defendants contend that Mr. Shultz is qualified, and all of his opinions are admissible under Rule 702.

The Court will not permit Mr. Schultz to testify as to the state of mind of multiple witnesses and parties. *AstraZeneca LP v. Tap Pharm. Prods., Inc.*, 444 F. Supp. 2d 278, 293 (D. Del. 2006) (Expert witnesses are not "permitted to testify ... regarding [the defendant's] intent, motive, or state of mind, or evidence by which such state of mind may be inferred", citing *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F.Supp.2d 431, 443 (D.Del.2004)).

11

Second, Mr. Schultz may rely on testimony of others that support his relevant opinions, but the Court will not permit him to summarize witness testimony just for the sake of summarizing it or offering inappropriate opinions. Likewise, the Court will not permit Mr. Schultz to offer an opinion on whether Olaplex provided L'Oréal with an unpublished patent application during the May 19, 2015 meeting. There is no basis for such an opinion, and it will not assist the trier of fact in making their determinations. An expert opinion must be based on "methods and procedures of science" rather than "subjective belief or unsupported speculation." *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). "Unless the expertise adds something, the expert is at best, offering a gratuitous opinion, and at worst is exerting undue influence on the jury . . .." *United States v. Hall*, 93 F.3d 1337, 1343 (7th Cir. 1996), aff'd, 165 F.3d 1095 (7th Cir. 1999). The Court agrees this is not appropriate subject matter on which the expert should render an opinion. Likewise, Mr. Shultz will not be permitted to testify as to whether an unpublished patent application is also a trade secret. When an expert witness's "understanding of the law is incorrect," it can "render[] his opinion unreliable." *Intellectual Ventures I LLC v. Xilinx, Inc.*, No. CV 10-1065-LPS, 2014 WL 1814384, at *3 (D. Del. Apr. 14, 2014) (Stark, C.J.).

7. <u>Motion to exclude expert testimony and opinion of George G. Strong, Jr. and any opinions regarding two-party market theory filed by L'Oréal, D.I. 699</u>

L'Oréal contends that the Court should exclude Mr. Strong's damages calculations as they assume that the relevant market comprises only two players. Defendants also argue that Strong fails to account for non-fringing uses of the accused products; that his damages calculations ignore the facts which underlie the defendants' Lanham Act Claims;

that his lost profits figure is speculative; and that his opinion that a 40% royalty rate is reasonable and based on a faulty premise.

Plaintiffs disagree with all of these contentions. Plaintiffs contend that the evidence will support the two-player market assumption. The plaintiffs further argue that Mr. Strong's calculations do account for the non-infringing uses of the accused products. The lost profit calculations are not speculative and are based on sound evidence and methodology, assert plaintiffs, as is the royalty rate analysis.

At this point in the argument it is difficult to discern what is and is not admissible. The Court will allow Mr. Strong to testify. Most likely, these will go to the weight of the testimony and the credibility of Mr. Strong. The defendants can address these issues during cross-examination. The defendants are free to raise their objections at the appropriate time during trial.

    8.  <u>Motion to exclude the expert opinion of Peter Smith filed by Liquid, D.I. 700</u>

Mr. Smith is presented as an expert in "digital computer forensics." Plaintiffs contend that Mr. Smith's methodology for identifying accounts is based on subjective belief and is not a reliable expert opinion. Second, the information used by Mr. Smith, argues plaintiffs, are unreliable. Third, in any event, Mr. Smith has failed to apply the novel subjective methodology to the claims he has established.

According to plaintiffs, Mr. Smith captured internet posts made by identified accounts and took screen images of the same "fake" posts. Mr. Smith opines that these posts fit a pattern. In total Mr. Smith identified twenty-five posts. Plaintiffs argue that these beliefs must be excluded under Rule 702 and *Daubert.* Mr. Smith is not an expert

in pattern recognition determination.[2]  There is no methodology.  Mr. Smith just looked and copied the posts.  He admitted there was no way to know for certain whether some of what he did was relevant and stated it was just a best-guess estimate and he admitted it was subjective.  See *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994) ("[T]he expert's opinion must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation'; the expert must have 'good grounds' for his or her belief.")  He admitted one could not devise a methodology to support his conclusions.  He just determined these were patterns and could not determine if it was a fraudulent post.

Defendants argue otherwise.  Defendants contend that Mr. Smith is both qualified and his opinion is reliable.  Defendants assert that Mr. Smith is only going to testify about four additional accounts, other than the burner accounts that plaintiffs have already agreed exist.

The Court finds that Mr. Smith is a digital forensic investigator.  He has 15 years of experience in digital forensics and data analysis.  Mr. Smith holds a Master of science degree with a concentration in National Security from the University of New Haven, and a Bachelor of Science degree in Criminal Justice and Investigations from California State University-Sacramento.  D.I. 720, Ex. 9 ¶ 2.  The Court agrees that Mr. Smith is qualified.

The real question is whether his opinion is reliable.  Mr. Smith says he reviewed the known burner accounts and through those accounts found others.  Further, Olaplex's own expert identified over 10,000 Instagram posts related to the alleged false advertising by the plaintiffs.  The Court has some doubt about the reliability and methodology used.

---

[2] Mr. Smith used three parameters: date of creation; number of total postings; and content of postings.

However, the Court will allow Mr. Smith to testify.  If he fails to adequately set forth his reasoning in a reliable way, the plaintiffs may object.  In that case, the Court will decide then whether the testimony goes to weight or is excludable.

9. <u>Motion to exclude expert testimony and opinion of Douglas D. Schoon filed by L'Oréal,</u> D.I. 707

Defendants move to exclude the expert testimony and opinion of Douglas D. Schoon, M.S., contending that Mr. Schoon is not qualified to testify, and if he is qualified, his opinions are not reliable.[3]  Further, defendants contend that all but one of his opinions require legal conclusions.  The one opinion dealing with the timelines of hair care development, argue defendants, exceeds the scope of Mr. Schoon's expertise.

Plaintiffs counter, arguing that Mr. Schoon does not intend to offer any legal conclusions at trial.  His testimony will be based on his expertise and experience.

Again, the Court reiterates that to the extent any expert tries to give legal opinions and conclusions, the expert will not be permitted to do so.  Schoon holds a bachelor's degree and a Master of Science Degree, both in Chemistry.  He is an internationally known chemist with many years of experience in the cosmetic industry.  He is clearly qualified to testify.  Again, the Court finds it must wait and see how the testimony is

---

[3] Mr. Schoon offers the following five opinions:
  (1) "Olaplex made many reasonable efforts to maintain the secrecy of all of its asserted trade secrets;"
  (2) "Olaplex's asserted trade secrets are in fact trade secrets;"
  (3) "trade secret information was provided to L'Oréal, which has fast-tracked L'Oréal entry in the market created by Olaplex;"
  (4) "[A]s a result of L'Oréal's receipt of trade secret information from Olaplex, the 'head start' time that L'Oréal obtained in the development process is at least twenty months (20) months to about thirty-two months;" and
  (5) L'Oréal USA used trade secret information from Olaplex in violation of the parties' non-disclosure agreement ("NDA"). (Declaration of Katharine L. Mowery in support hereof ("Mowery Decl."), D.I. 709, Ex. A ¶¶ 33-37.)

introduced and listen to the foundation established by the plaintiffs. For the moment, the Court will allow Mr. Schoon to testify. If he crosses over into areas outside of his expertise, the defendants may object, and the Court will hear further argument at that time.[4]

THEREFORE, IT IS ORDERED THAT:

1. The motion to exclude improper opinion testimony and evidence of Dr. Benny D. Freeman filed by Liqwd, D.I. 684, is granted and denied as set forth herein;

2. The motion to exclude expert opinion of Rhonda Harper filed by Liqwd, D.I. 686, is granted and denied as set forth herein;

3. The motion to exclude expert opinion of David Nolte filed by Liqwd, D.I. 688, is granted and denied as set forth herein;

4. The motion to exclude the expert opinion of James Pooley filed by Liqwd, D.I. 690, is granted and denied as set forth herein;

5. The motion to exclude the expert opinion of Todd Schoettelkotte filed by Liqwd, D.I. 692, is granted and denied as set forth herein;

6. The motion to exclude expert opinion of Thomas Schultz filed by Liqwd, D.I. 697, is granted and denied as set forth herein;

7. The motion to exclude expert testimony and opinion of George G. Strong, Jr. and any opinions regarding two-party market theory filed by L'Oréal, D.I. 699, is granted and denied as set forth herein;

---

[4] As an aside, the Court wishes to point out to the parties that they are on the clock for this trial. The parties appear to have witnesses that might be duplicative of each other, and in any event, they certainly have many witnesses and experts in this case. However, how each party chooses to litigate this case is their business. But please remember you are on the clock, and each of these witnesses' testimony should be tailored with that in mind.

8. The motion to exclude the expert opinion of Peter Smith filed by Liquid, D.I. 700, is granted and denied as set forth herein;

9. The motion to exclude expert testimony and opinion of Douglas D. Schoon filed by L'Oréal, D.I. 707, is granted and denied as set forth herein.

Dated this 25th day of June 2019.

                                                    BY THE COURT:

                                                   s/ Joseph F. Bataillon
                                                 Senior United States District Judge