IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIQWD, INC. and OLAPLEX LLC,<br><br>  Plaintiffs,<br><br>v.<br><br>L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., L'ORÉAL USA S/D, INC., and REDKENS 5TH AVENUE, NYC, L.L.C.,<br><br>  Defendant. | **CIVIL ACTION NO. 17-14-JFB-SRF**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the following motions filed by plaintiffs[1]:

A. Plaintiffs' motion in limine No. 2 to preclude reference to or use of post grant review proceedings relating to the patents in suit, D.I. 805-2, p. 199.

B. Plaintiffs' motion in limine No. 3 to preclude reference to L'Oréal's patents as evidence of non-infringement, D.I. 805-2, p. 558.

C. Plaintiffs' motion in limine No. 4 to preclude use of alleged "false advertising" posts or accounts beyond those specifically identified in L'Oréal's pleadings and expert reports, D.I. 805-2, p. 572.

D. Plaintiffs' motion in limine No. 5 to preclude defendants from referring to or reliance on matters dismissed from the Amended Counter-Complaint pursuant to Rule 12(b)(6) or from asserting claim construction arguments rejected in the claim construction order, D.I. 805-2, p. 588.

---

[1] Plaintiffs' motion in limine No. 1 to preclude testimony of experts' outside of their expert reports has been previously decided in D.I. 904.

1

# DISCUSSION

A. <u>Plaintiffs' motion in limine No. 2 to preclude reference to or use of post-grant review proceedings relating to the patents in suit, D.I. 805-2, p. 199.</u>

Plaintiffs argue that defendants "should be precluded from referencing or using at trial any Post Grant Review ("PGR") proceedings or decisions regarding the Patents-in-Suit, including reference or use of any decision that issues between now and trial." D.I. 805-2 at 200. Defendants contend this is part of the intrinsic and the extrinsic evidence and might go to the issue of willfulness. An appeal from the patent office to the Federal Circuit is still active and pending. The Court agrees that this is inadmissible evidence to the extent that the parties want to talk about the "proceedings." *See Hologic, Inc. v. Minerva Surgical, Inc.*, 2018 WL 3348998, at *4 (D. Del. July 9, 2018) (issuing order in limine "because the patent office proceeding and decision are not binding and are on appeal, the prejudicial and confusing effect of the evidence almost certainly outweighs any probative value"). There will be no references to any of these proceedings during trial. However, the Court will allow information that occurred in these proceedings if it is relevant and not unduly prejudicial, if the parties do not refer to the holdings of these proceedings. *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) ("Evidentiary rulings, especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." (citations omitted)). This District has recently recognized that it is entirely permissible for "evidence that has been developed in [a post-grant patent office proceeding, such as a PGR] – including testimonial as well as documentary evidence – [to] be used at trial, provided that it is done without referencing the [proceeding]." *Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*, No. 16-284-LPS, 2019 WL 77046, at *1 (D. Del. Jan. 2, 2019).

B. <u>Plaintiffs' motion in limine No. 3 to preclude reference to L'Oréal's patents as evidence of non-infringement, D.I. 805-2, p. 558</u>.

This motion is denied as moot pursuant to the summary judgment memorandum and order, D.I. 903, at 35 and 37 determining this issue in favor of the plaintiffs.

C. <u>Plaintiffs' motion in limine No. 4 to preclude use of alleged "false advertising" posts or accounts beyond those specifically identified in L'Oréal's pleadings and expert reports, D.I. 805-2, p. 572</u>.

Plaintiffs contend that defendants should be precluded from using evidence or the existence of "fake" online posts or online accounts which were not identified by the expert report of Peter Smith. Plaintiffs argue there is no specificity regarding the false advertisements alleged by defendants. *See* D.I. 650. Defendants have not identified the specific evidence used to support this claim, assert plaintiffs.

Defendants contend that there will be no "unfair surprise" as all burner accounts and posts are listed on their exhibit list. Failure to disclose such claims does negatively affect the strategy and defenses that plaintiffs are entitled to pursue they argue.

The Court addressed the qualifications of expert Peter Smith. D.I. 906 at 14. As discussed previously by this Court, there must be an injury that flows directly from the deception of the false advertising. Most of these arguments have already been determined in the summary judgment memorandum and order, D.I. 906 at 13-15. To the extent they have not, the Court will apply the same tests as it set forth in D.I. 903. If the evidence and testimony are not reliable, if there is insufficient foundation, if there is not an appropriate methodology, if it does not connect the injury to the evidence, the evidence will not be permitted. Further, the Court agrees that defendants can only submit those 25 posts which have been identified and marked as exhibits with Mr. Smith's expert report, absent a showing that indicates compliance with the rules of disclosure.

D. <u>Plaintiffs motion in limine No. 5 to preclude defendants from referring to or reliance on matters dismissed from the Amended Counter-Complaint pursuant to Rule 12(b)(6) or from asserting claim construction arguments rejected in the claim construction order, D.I. 805-2, at 588</u>

This motion also relates to defendants' Lanham Act claim. Plaintiffs contend that the previous order by the magistrate judge, and affirmed by this Court, eliminated Counterclaim (points A-F, and H, I). D.I. 791; D.I. 903. Allowing any of this evidence, contend plaintiffs, will mislead and confuse the jury. Since these counterclaims are no longer at issue in the case, plaintiffs argue that any reference to them is irrelevant. Likewise, plaintiffs contend that any mention of the court rejected claim constructions is irrelevant. Defendants contend these requests by plaintiff are overly broad. At the time this response was made by the defendants, they also argued that this Court had not yet ruled on the objections to the R&R. The Court has now done so and overruled defendants' objections in this regard. D.I. at 903. Defendants argue that matters A through F relate to plaintiffs' representations to gain market share by touting their products and negatively discussing competitors and relevant to plaintiffs' two-party market theory. Defendants argue that this evidence is related to the unjust enrichment claim and to damages and to invalidity.

The Court ~~is not going~~ will not ~~to~~ issue a blanket order at this time. *See Leonard, 981 F. Supp. 2d at 276* ("[T]he court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded."); *id.* ("Evidentiary rulings, especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context"). The Court will not, however, allow a back-door approach to admit evidence that is clearly not admissible or upon which this Court has

4

already ruled. The defendants may submit evidence during trial that does not violate the previous orders herein, but the plaintiffs may object at that time. Defendants' evidence can only be admitted as to the claims remaining at issue in this lawsuit.

THEREFORE, IT IS ORDERED THAT:

1. Plaintiffs' motion in limine No. 2 to preclude reference to or use of post-grant review proceedings relating to the patents in suit, D.I. 805-2, p. 199, is granted and denied as set forth herein.

2. Motion in limine No. 3 to preclude reference to L'Oréal's patents as evidence of non-infringement, D.I. 805-2, p. 558, is denied as moot.

3. Plaintiffs' motion in limine No. 4 to preclude use of alleged "false advertising" posts or accounts beyond those specifically identified in L'Oréal's pleadings and expert reports, D.I. 805-2, p. 572, is granted and denied as set forth herein.

4. Plaintiffs motion in limine No. 5 to preclude defendants from referring to or reliance on matters dismissed from the Amended Counter-Complaint pursuant to Rule 12(b)(6) or from asserting claim construction arguments rejected in the claim construction order, 805-2, p. 588, is granted and denied as set forth herein.

Dated this 26th day of June 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge