IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LIQWD, INC. and OLAPLEX LLC,

    Plaintiffs,

v.

L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., L'ORÉAL USA S/D, INC., and REDKENS 5TH AVENUE, NYC, L.L.C.,

    Defendants.

**CIVIL ACTION NO. 17-14-JFB-SRF**

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motions in limine, D.I. 805-2:

1. Defendants' motion in limine No. 1 to exclude evidence of net worth, D.I. 805-2 at 605;
2. Defendants' motion in limine No. 2 to preclude reference to any findings and conclusions made in connection with plaintiffs' motions for preliminary injunction, D.I. 805-2 at 620;
3. Defendants' motion in limine No. 3 to preclude reference to defendants' participation in and dismissal from this proceeding and the U.K. litigation decision, D.I. 805-2 at 635;
4. Defendants' motion in limine No. 4 to exclude evidence of or reference to potential employment of Craig Hawker and Eric Pressly, D.I. 805-2 at 656;
5. Defendants' motion in limine No. 5 to preclude reference to Paul Hastings LLP as former counsel to Olaplex, D.I. 802-2 at 697.

**DISCUSSION**

    1. <u>Defendants' motion in limine No. 1 to exclude evidence of net worth, D.I. 805-2 at 605</u>

Defendants move this Court to exclude any evidence of their net worth, and in particular, financial condition, profitability, and/or net worth of any defendant or their parent entity. Defendants contend that courts hold such information inadmissible unless evidence shows that punitive damages are appropriate. *Johnson v. Fed. Express Corp.*, 2014 WL 805995, at *12 (M.D. Pa. Feb. 28, 2014). *See also Waters v. Genesis Health Ventures, Inc.*, 400 F. Supp. 2d 808, 813 (E.D. Pa. 2005). Plaintiff argues that both the Delaware Uniform Trade Secrets Act, Del. Code Ann. Tit. 6, § 2003(b), and the federal Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(3)(C), authorize recovery of punitive damages; and they argue that the evidence of net worth is relevant and highly probative in this case.

1

The Court agrees that any evidence as to defendants' overall financial status is irrelevant and is potentially prejudicial. However, evidence as to profits relating to the allegations in this case are admissible and relevant. If during trial conduct that would support punitive damages becomes apparent, the Court will entertain a motion at that time to permit such testimony. Further, if defendants raise issues that go to their financial ability and resources to develop the accused products, or their ability to pay chemists, the plaintiffs may likewise move to permit evidence of financial status.

2. Defendants' motion in limine No. 2 to preclude reference to any findings and conclusions made in connection with plaintiffs' motions for preliminary injunction, D.I. 805-2 at 620

Defendants contend that any findings or conclusions made by the magistrate Judge in this Court or the Federal Circuit are irrelevant to the issues decided by the jury. In the alternative, defendants contend that they should be excluded as substantially prejudicial. *See Judkins v. HT Window Fashions Corp.*, 2009 WL 3400989, at *1 (W.D. Pa. Oct. 20, 2009); *Altana Pharma AG v. Teva Pharm. USA Inc.*, 2010 WL 11470982, at *1 (D.N.J. Apr. 5, 2010); *King Pharm., Inc. v. Sandoz, Inc.*, 2010 WL 4789950, at *1 (D.N.J. Sept. 8, 2010). "[A]ll findings of fact and conclusions of law at the preliminary injunction stage are subject to change upon the ultimate trial on the merits," and are not binding on the trial court. *Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*, 237 F.3d 1359, 1363 (Fed. Cir. 2001).

Plaintiffs oppose this motion in limine, arguing that certain preliminary injunction findings are probative and admissible for proper purposes. This is relevant to the issue of active infringement, the issue of willfulness, and this relates to the dates of infringement, argue plaintiffs. Also, plaintiffs contend that evidence of preliminary injunction decisions may be relevant for impeachment purposes at trial. Further, contends plaintiffs, several of defendants' experts relied on preliminary injunction materials and decisions to form their opinions. *See, e.g.,* D.I. 719, Ex. 1, at ¶¶ 25, 29 (Dr. Benny Freeman's Opening Report); D.I. 720, Ex. 4, at ¶ 14 & n.2 (Rhonda Harper's Report); D.I. 720, Ex. 6, at Ex. B, Items 7, 12 (James Pooley's Report); D.I. 720, Ex. 8, at Ex. B, Items 6, 10 (Thomas Shultz's Report); D.I. 719, Ex. 3, at ¶¶ 23, 27, 77 & n.44 (Dr. Benny Freeman's Rebuttal Report).

The Court has already concluded that infringement occurred in this case. So, no evidence on that issue is required. The Court has made no determinations yet on damages and on the issue of willfulness. To the extent that any remaining witnesses testify at trial regarding either of these issues, the Court will permit plaintiffs to cross-examine as is

appropriate. The parties may object or motion the Court if this occurs, and the Court will make a ruling at that time on those issues.

3. <u>Defendants' motion in limine No. 3 to preclude reference to defendants' participation in and dismissal from this proceeding and the U.K. litigation decision, D.I. 805-2 at 635</u>

Defendants request that the Court preclude the plaintiffs from referencing or using particular information regarding the non-party, L'Oreal S.A., and in particular from referencing L'Oreal S.A.'s temporary involvement and dismissal from the case, and a decision that is currently on appeal in the United Kingdom known as L'Oréal S.A, Liqwd, Inc. v. L'Oréal (U.K.) Ltd. (the "U.K. Decision"). Defendants are concerned that plaintiffs will refer to L'Oreal S.A. as a foreign company to prejudice the jury. Further, these topics are irrelevant to the case, argue defendants.

Plaintiffs disagree and contend the U.K Decision is relevant to the fact that identical products were determined to infringe the foreign patent, that witness statements expressed by Olaplex founder Dean Christal lacked credibility as determined by the presiding judge, and any harm can be rectified by an instruction given by this Court.

The Court notes that L'Oreal S.A. is not a party to this lawsuit. Further, the Court agrees with the defendants that mentioning the decision of the lawsuit and dismissal from the case and the appeal are not relevant to this lawsuit. Defendants agree that they do not seek to prohibit the parties from mentioning L'Oreal S.A. from the lawsuit. Other references to L'Oreal S.A. that are relevant and probative will be admitted at trial, absent an appropriate objection.

4. <u>Defendants' motion in limine No. 4 to exclude evidence of or reference to potential employment of Craig Hawker and Eric Pressly, D.I. 805-2 at 656</u>

Defendants believe that plaintiffs may try to introduce email correspondence between a recruiter from L'Oreal and Drs. Hawker and Pressly to support their claim that defendants sought to steal plaintiffs' confidential information. D.I. 805-2 at 663. Defendants contend this inquiry is irrelevant and likely to confuse the jury and not helpful with regard to plaintiffs' trade secrets claims. Likewise, defendants contend that Mr. Shoon, plaintiffs' expert on trade secrets, did not mention L'Oreal's single employment inquiry in his expert report.

Plaintiffs oppose this motion arguing that evidence that defendants attempted to hire both of plaintiffs' inventors in the same day is highly probative, stating that "in the context it

occurred—is compelling evidence that (1) Olaplex's trade secrets were not generally known or readily ascertainable; (2) L'Oréal was unable to independently invent Olaplex; and (3) L'Oréal resorted to any means necessary to obtain Olaplex's secrets when proper channels failed." D.I. 802-2 at 690. Plaintiffs also contend that there is nothing unfairly prejudicial about this evidence.

The Court needs to hear this evidence in context at trial. Accordingly, the Court will deny the motion, subject to reassertion at trial.

    5. <u>Defendants' motion in limine No. 5 to preclude reference to Paul Hastings LLP as former counsel to Olaplex, D.I. 802-2 at 697</u>

Defendants ask this Court to preclude any reference to certain attorneys at Paul Hastings LLP, the law firm representing defendants in this matter and that previously represented plaintiffs years ago in reference to other matters. Further, certain corporate attorneys at Paul Hastings LLP served as counsel to Olaplex LLC in connection with the non-disclosure agreement (NDA) it executed with L'Oreal. Defendants contend these representations have no bearing on any issue that will be submitted to the jury. This evidence should be excluded, argue defendants, as it is irrelevant and more prejudicial than probative.

Plaintiffs contend that the identity of Olaplex's counsel during a critical time period is probative. Plaintiffs contend that defendants breached a pair of May 2015 non-disclosure agreements. D.I. 636 at 41. Further, plaintiffs contend that two of L'Oreal's counterclaims are for breach of the NDA's. To defend a fraud scheme as alleged by L'Oreal, plaintiffs contend they must be able to discuss the circumstances surrounding these negotiations which include "the fact that Olaplex retained and was represented by the same large, well respected law firm that L'Oreal hired to represent it and file a claim for breach of the very same NDA's that Paul Hastings negotiated on behalf of Olaplex; these actions make the existence of deceptive intent null. Olaplex should be allowed to argue to the jury, among other defenses, that the Paul Hastings law firm represented it during the negotiation of the NDAs, did not and would have never facilitated the fraudulent scheme that L'Oréal's Paul Hastings counsel now alleges." D.I. 805-2 at 703. Further, defendants contend that Olaplex did not attempt to protect its trade secrets. Plaintiffs counter that their retention of Paul Hastings LLP is evidence of protecting its trade secrets.

The Court finds that plaintiffs are likely correct in their arguments on these issues. However, the Court will not make a definitive decision until trial, so it can hear the evidence in context.

4

THEREFORE, IT IS ORDERED THAT:

1. Defendants' motion in limine No. 1 to exclude evidence of net worth, D.I. 805-2 at 605, is granted and denied as set forth herein;
2. Defendants' motion in limine No. 2 to preclude reference to any findings and conclusions made in connection with plaintiffs' motions for preliminary injunction, D.I. 805-2 at 620, is granted and denied as set forth herein;
3. Defendants' motion in limine No. 3 to preclude reference to defendants' participation in and dismissal from this proceeding and the U.K. litigation decision, D.I. 805-2 at 635, is granted and denied as set forth herein;
4. Defendants' motion in limine No. 4 to exclude evidence of or reference to potential employment of Craig Hawker and Eric Pressly, D.I. 805-2 at 656, is denied subject to reassertion at trial;
5. Defendants' motion in limine No. 5 to preclude reference to Paul Hastings LLP as former counsel to Olaplex, D.I. 802-2 at 697, is denied subject to reassertion at trial.

Dated this 2nd day of July 2019.

BY THE COURT:
s/ Joseph F. Bataillon
Senior United States District Judge