**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LIQWD, INC. and OLAPLEX LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 17-14-JFB-SRF |
| | ) |
| L'ORÉAL USA, INC., L'ORÉAL USA | ) |
| PRODUCTS, INC., L'ORÉAL USA S/D, | ) |
| INC. and REDKEN 5TH AVENUE NYC, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION**
**TO STAY OR CONTINUE TRIAL**

Of Counsel:

Dennis S. Ellis
Katherine F. Murray
Adam M. Reich
Paul Hastings LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
(213) 683-6000

Naveen Modi
Joseph E. Palys
Daniel Zeilberger
Paul Hastings LLP
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1990

Scott F. Peachman
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

Dated: July 12, 2019

Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
Katharine L. Mowery (#5629)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
moyer@rlf.com
mowery@rlf.com

*Attorneys for Defendants*
*L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc. and Redken 5th Avenue NYC, LLC*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................... ii

I.      Statement Of The Nature And Stage Of The Proceedings ................................. 1

II.     Summary Of Argument ........................................................................................ 1

III.    Statement Of Facts .............................................................................................. 3

        A.      Relevant Procedural History ................................................................... 3

        B.      Delphine Allard Is A Critical Witness Capable Of Representing L'Oréal
                S.A. As Regards Olaplex's Trade Secrets Claims ................................. 4

        C.      The California Case Pleads Redundant Trade Secrets Claims And Tries To
                Lump L'Oréal S.A. In With Defendants ................................................. 6

        D.      L'Oréal S.A. Intends To Move To Dismiss The California Case Pursuant
                To Rule 12(B)(2) ..................................................................................... 8

IV.     The California Case Has Effectively Rendered L'Oréal S.A. An Indispensable
        Party To This Action Unless And Until The California Case Is Dismissed ....... 8

                1.      L'Oréal S.A. Meets The "Required" Standard Of Rule 19(A) ................. 9

                2.      L'Oréal S.A. Cannot Be Joined Due To An Absence Of Personal
                        Jurisdiction, And The Court Must Assess Dismissal Under Rule
                        19(B) .......................................................................................... 10

V.      The Court Should Continue Or Stay The Trial Of This Action Pending Resolution
        Of L'Oréal S.A.'S Forthcoming Motion To Dismiss The California Case ................... 13

VI.     In The Alternative, The Court Should Exercise Its Discretion To Reconsider Its
        Preclusion Order Regarding Allard ................................................................... 17

VII.    Conclusion ......................................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acton Co., Inc. of Mass. v. Bachman Foods, Inc.*,
  668 F.2d 76 (1st Cir. 1982)......................................................................................1

*Collins v. D.R. Horton, Inc.*,
  505 F.3d 874 (9th Cir. 2007) ...............................................................................17

*Dickson v. Murphy*,
  202 F. App'x 578 (3d Cir. 2006) ................................................................10, 12, 13

*Downs v. Andrews*,
  639 F. App'x 816 (3d Cir. 2016) .............................................................................9

*Gen. Refractories Co. v. First State Ins. Co.*,
  500 F.3d 306 (3d Cir. 2007)....................................................................................9

*Gov't of Virgin Islands v. Charleswell*,
  115 F.3d 171 (3d Cir. 1997)....................................................................................3

*In re Howmedica Osteonics Corp.*,
  867 F.3d 390 (3d Cir. 2017)....................................................................................9

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936)..................................................................................13, 14, 16

*Luce v. United States*,
  469 U.S. 38  (1984).............................................................................................3, 18

*Martsolf v. Seilhamer*,
  2010 WL 1462375 (M.D. Pa. Apr. 9, 2010), *aff'd sub nom. Martsolf v. Brown*,
  457 F. App'x 167 (3d Cir. 2012) ...........................................................................18

*Rajput v. Synchrony Bank*
  221 F. Supp. 3d 607 (M.D. Pa. 2016) ....................................................................15

*Tax Matrix Techs., LLC v. Wegmans Food Mkts., Inc.*,
  736 F. App'x 326 (3d Cir. 2018) ...........................................................................18

*Tullett Prebon PLC v. BGC Partners, Inc.*,
  427 F. App'x 236 (3d Cir. 2011) ................................................................10, 11, 12

*United States v. Cargill, Inc.*,
  508 F. Supp. 734 (D. Del. 1981)................................................................13, 14, 15

*United States v. Jerry*,
  487 F.2d 600 (3d Cir. 1973) ...................................................................18

*United States v. Mellon Bank, N.A.*,
  545 F.2d 869 (3d Cir. 1976)...................................................................14

*Universal Secure Registry, LLC v. Apple, Inc.*,
  2018 WL 4486379 (D. Del. Sept. 19, 2018) ........................................15

*Wilson v. The Canada Life Assurance Co.*,
  2009 WL 532830 (M.D. Pa. Mar. 3, 2009).............................................9

**Statutes**

Defend Trade Secrets Act ("DTSA") ...........................................................3

Uniform Trade Secrets Act ..........................................................................4

**Other Authorities**

Fed. R. Civ. P. 19(a) ...............................................................................9, 10

Fed. R. Civ. P. 19(b) .........................................................................2, 9, 10

# I. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

This action is presently scheduled for trial on August 5, 2019, and the parties have recently completed submission of pre-trial documents. The Court has ruled on motions *in limine* and summary judgment motions filed by the parties.

# II. SUMMARY OF ARGUMENT

Defendants L'Oréal USA, Inc. ("L'Oréal USA"), L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, L.L.C. (together, "Defendants") bring this Motion at this late stage solely as a result of avaricious conduct by Plaintiffs Liqwd, Inc. and Olaplex LLC (together, "Olaplex"), which will result in substantial prejudice to L'Oréal USA and its parent company, L'Oréal S.A., a non-party that is not subject to personal jurisdiction in this Court. (*See* D.I. 234.) Simply put, Olaplex seeks to exploit this Court's exclusion order regarding trial testimony from Delphine Allard and the inability of L'Oréal S.A. to defend itself in this forum to try to extract additional damages from L'Oréal S.A. in the Central District of California in *Liqwd, Inc. v. L'Oréal S.A.*, Case No. 2:19-cv-5869 ("California Case"), for the same alleged conduct, which will put L'Oréal USA in the precarious position of litigating this matter at trial without the presence of a potentially indispensable party, namely L'Oréal S.A.[1]

---

[1] L'Oréal USA does not believe, nor does L'Oréal S.A., that the lawsuit in the California Case is valid or that personal jurisdiction can be asserted against L'Oréal S.A. However, if the Central District of California deviates from the ruling of this Court (*see* D.I. 186, 234 (granting L'Oréal S.A.'s motion to dismiss for lack of personal jurisdiction)), and asserts jurisdiction over L'Oréal S.A., the consequences to L'Oréal USA and L'Oréal S.A. could be devastating and irreparable. With respect to L'Oréal USA, it would be facing a trial without any witness from L'Oréal S.A. (namely, Delphine Allard) to rebut the claim that its parent company stole Olaplex's trade secrets for its benefit, as is alleged in the California Case. With respect to L'Oréal S.A., the consequences are potentially even greater: an adverse decision could be rendered in this case that might result in res judicata or collateral estoppel against it in the Central District of California. *See Acton Co., Inc. of Mass. v. Bachman Foods, Inc.*, 668 F.2d 76 (1st Cir. 1982*)*. Hence, at a minimum, L'Oréal USA **and** L'Oréal S.A. should be afforded the time necessary for L'Oréal S.A. to seek dismissal of the California Case, as it did successfully in the case previously brought by Olaplex against it in this Court.

Absent exigent relief from this Court, L'Oréal S.A. stands to suffer significant prejudice.

Just a few days ago, on July 8, 2019, Olaplex filed the California Case, which asserts substantively the same trade secrets claims that Olaplex first tried to plead against L'Oréal S.A. in this case on March 20, 2017, and which Olaplex is scheduled to try against different Defendants in a matter of weeks. (*See* Declaration of Katherine F. Murray, filed herewith, Ex. A; *see also* D.I. 53.) In support of the California Case, Olaplex relies heavily on Orders of this Court, presenting them to the United States District Court of the Central District of California as conclusive findings of fact and law against L'Oréal S.A., even though L'Oréal S.A. is not a party to and has thus not defended itself in this action. (*See* Murray Decl. Ex. A.) In other words, Olaplex is trying to win a case against L'Oréal S.A. before L'Oréal S.A. has had an opportunity to adequately defend itself, knowing full well that L'Oréal S.A. cannot defend itself and is not adequately represented in this case. Olaplex's actions are irreconcilable with the principles underlying the Federal Rules of Civil Procedure ("Rules"), and have caused a situation where dismissal of this action is procedurally appropriate. *See* Fed. R. Civ. P. 19(b).

Surely this Court did not contemplate that Olaplex would engage in such tactics against L'Oréal S.A. when it dismissed (as it should have) L'Oréal S.A. from this action due to insufficient personal jurisdiction. (*See* D.I. 186, 234.) Nor could this Court have contemplated that Olaplex would file the California Case on the eve of trial in this action, and seek to exploit orders and rulings from this Court to win a trade secrets case against L'Oréal S.A. based on the same central allegations as pled in this action against L'Oréal USA (a different entity), when the Court precluded Defendants from introducing witness testimony at trial from the one critical L'Oréal S.A.-affiliated witness who might be able to represent L'Oréal S.A.'s interests as it concerns those same trade secrets claims, Ms. Allard. (*See* D.I. 905.) On its surface, Olaplex

has forced an untenable situation.

Nonetheless, while Rule 19(b) weighs in favor of the Court dismissing this action in the interests of equity and good conscience as a direct result of Olaplex's filing the California Case against L'Oréal S.A., which party cannot be joined to this action, Defendants respectfully request that the Court instead exercise its discretion to continue or stay the trial of this action until the United States District Court of the Central District of California resolves the threshold question as to whether it can exercise personal jurisdiction over L'Oréal S.A. *See Gov't of Virgin Islands v. Charleswell*, 115 F.3d 171, 174 (3d Cir. 1997) ("The matter of a continuance is traditionally within the discretion of the trial judge who must be given wide latitude in arranging the court's schedule.") In the alternative, if the Court is disinclined to enter a stay or continuance given the late stage of this action, Defendants respectfully request that the Court reconsider its preclusion order regarding testimony at trial from Delphine Allard, a former L'Oréal S.A. employee capable of providing rebuttal testimony to Olaplex's allegations regarding trade secret misappropriation in both this action and its newly filed case against L'Oréal S.A. in the Central District of California. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984). (*See also* Declaration of Delphine Allard, filed herewith ("Allard Decl.").)

## III. STATEMENT OF FACTS

### A. <u>Relevant Procedural History</u>

On November 22, 2016, Olaplex filed a lawsuit against Defendants alleging patent infringement and false advertising in the United States District Court for the Central District of California (the "Original California Complaint"). (Murray Decl. Ex. B.) On January 5, 2017, Olaplex dismissed the Original California Complaint, re-filed it in Delaware, and replaced its false advertising claim with five new claims, including claims for trade secret misappropriation in violation of the federal Defend Trade Secrets Act ("DTSA") and Delaware's version of the

Uniform Trade Secrets Act.  (*See* D.I. 2.)  On March 20, 2017, Olaplex filed a First Amended

Complaint ("FAC"), naming L'Oréal S.A. as an additional defendant for the trade secrets claims

and all causes of action other than patent infringement.  (*See* D.I. 53 at n.2.)

On February 28, 2018, Magistrate Judge Fallon issued a Report and Recommendation

that the Court dismiss L'Oréal S.A. from this action for insufficient personal jurisdiction, which

the Court adopted and Ordered on April 23, 2018.  (*See* D.I. 186, 234.)  In pertinent part, the

Court found that personal jurisdiction was lacking because L'Oréal S.A. was not a party to, a

third-party beneficiary of, or even closely related to the Confidentiality Agreement containing

the Delaware forum selection clause, which prompted Olaplex to file its lawsuit in Delaware.

(*See* D.I. 186 at § III.F.2.)

Thus, as early as April 2018, Olaplex could have filed a lawsuit against L'Oréal S.A. in

the United States District Court for the Central District of California.  Rather than do that,

however, Olaplex proceeded to engage in substantive discovery and motion practice in this

action as regards Defendants for nearly one year thereafter, including summary judgment

motions and motions *in limine*.  Now, this case is scheduled to go to trial on August 5, 2019.

### B.      Delphine Allard Is A Critical Witness Capable Of Representing L'Oréal S.A. As Regards Olaplex's Trade Secrets Claims

Since June 2016, Delphine Allard has served as the Director of Research and Innovation

("R&I") for L'Oréal Brazil.  (Allard Decl., ¶ 1.)  Prior to that, from March 2014 through June

2016, Ms. Allard was the Director of L'Oréal S.A.'s R&I Division.  (*Id.*)  Olaplex has identified

Ms. Allard as a critical witness for its trade secrets claims since the inception of this action.

Indeed, in the Complaint that initiated this action on January 5, 2017, Olaplex alleged that Ms.

Allard prepared so-called "talking points" that "requested detailed technical information," which

Olaplex alleges led to violations of trade secrets statutes.  (*See* D.I. 2, ¶ 45.)  Olaplex also alleged

4

in its initial Complaint that Ms. Allard, along with Roger Dolden and Hugo Kunetz, were present at a May 19, 2015 meeting with Dean Christal and Eric Pressly, where purported trade secrets were shared by Olaplex. (*See id*., ¶ 48.) Of the five people allegedly present at the alleged May 19 meeting, only Ms. Allard was a L'Oréal S.A. employee. (*See* Allard Decl., ¶¶ 3-4.) Olaplex repeated its allegations about Ms. Allard's critical role as it relates to its trade secrets claims in every subsequent version of its pleading, and even added in its FAC and all subsequent versions that a supposedly unpublished patent application, which forms the crux of Olaplex's trade secrets claims, "was handed to Ms. Allard (**an employee of L'Oréal S.A.**) at the May 19 meetings." (*See* D.I. 53, ¶¶ 46, 49-51 (emphasis added); D.I. 262, ¶¶ 45, 48-50 (emphasis added); D.I. 636, ¶¶ 45, 48-50 (emphasis added).) Olaplex has included the same allegations regarding Ms. Allard in its California Case. (*See* Murray Decl., Ex. A, ¶¶ 37, 42-43.)

Curiously, despite Olaplex's repeated identification of Ms. Allard as a critical witness in all versions of its pleadings, and even though both Olaplex and Defendants identified her as a key witness in their respective Rule 26 Initial Disclosures (*see* Murray Decl., Ex. C at 8; *id*., Ex. D. at 8), Olaplex never sought the personal deposition of Ms. Allard in this action. In April 2019, Olaplex ambiguously identified Ms. Allard as an exemplary witness that L'Oréal S.A. could produce as a corporate representative for deposition in France pursuant to Letters Rogatory. (Murray Decl., ¶ 6.) Ms. Allard was at that time not a L'Oréal S.A. employee, resided and worked in Brazil, and was unable to travel to France in April 2019, but nonetheless agreed to make herself available for a personal deposition in Brazil. (Allard Decl., ¶ 5.) Indeed, on May 2, 2019, Defendants indicated to Olaplex that Defendants' counsel would accept service of a deposition subpoena on Ms. Allard's behalf and produce her for deposition. (Murray Decl., Ex. E.)

Rather than depose Ms. Allard—who continues to maintain that she is available for a deposition by Olaplex (*see* Allard Decl., ¶ 6)—Olaplex, on June 7, 2019, moved *in limine* to preclude Ms. Allard from testifying at trial in this action. (*See* D.I. 831.) Less than three weeks later, on June 25, 2019, this Court entered an Order granting Olaplex's motion *in limine*. (D.I. 905.) The Court's June 25, 2019 Memorandum and Order erroneously identifies Ms. Allard as one "of three employees of defendants." (*Id*.) By precluding Ms. Allard's testimony, the Court has prevented Defendants from introducing testimony at trial from the only L'Oréal S.A.-affiliated witness remotely capable of representing L'Oréal S.A.'s interests and telling L'Oréal S.A.'s story as regards Olaplex's trade secrets claims that stemmed from the meeting that Ms. Allard attended.

### C. The California Case Pleads Redundant Trade Secrets Claims and Tries to Lump L'Oréal S.A. in With Defendants

On July 8, 2019, after the Court had ruled on motions for summary judgment and entered an order precluding Ms. Allard from testifying at trial in this action, Olaplex filed the California Case against L'Oréal S.A. The trade secrets claims pled by Olaplex in the California Case are, as in this action, premised on the same alleged May 19 meeting supposedly attended by Ms. Allard, as the sole representative of L'Oréal S.A. (*Compare* Murray Decl. Ex. A *with* D.I. 636.) Olaplex likewise attempted to plead this same story in the FAC that it filed against L'Oréal S.A. in this action, but the Court dismissed L'Oréal S.A. pursuant to Rule 12(b)(2) in April 2018. (*See* D.I. 53, 186, 234.)

The California Case extensively relies on Orders from this Court, and attempts to lump L'Oréal S.A. in with the Defendants in this action despite it not being a party to this action, going so far as to use a confusing umbrella term, "L'Oréal," to refer to both Defendants and L'Oréal S.A. (*See* Murray Decl. Ex. A.) For example, Olaplex cites a Report and

Recommendation dated February 28, 2018 from this action, and based thereon, tells the United

States District Court for the Central District of California that it has met its burden as it concerns

pleading trade secrets **against L'Oréal S.A.**:

> 81. On February 18, 2018, the Delaware Court held that Olaplex had sufficiently pleaded and identified legally actionable trade secrets. The publicly available version of that order is attached as **Exhibit B**. Specifically, the Delaware Court concluded that Olaplex's unpublished patent application—provided to L'Oréal at the May 19 meeting—was adequately plead, identified and subject to trade secret protection. *See* Exhibit B at 29 (holding that Olaplex "adequately pleads trade secret misappropriation based on the unpublished patent application for the period between May 19, 2015 meeting where the unpublished application was disclosed, and the subsequent publication date of the applications."). The Delaware Court further concluded that Olaplex's confidential information regarding its testing methodologies was also adequately pleaded, identified and subject to trade secret protection. *See* Exhibit B at 31 (holding that Olaplex "adequately identifies the testing methodologies as trade secrets disclosed during the May 19, 2015 meeting.").

(*Id.*, ¶ 81 and Ex. B thereto.)  Olaplex also seeks in the California Case to use this Court's Order

denying Defendants' motion for summary judgment as to Olaplex's claims against them for

misappropriation of trade secrets to substantiate its same claims for trade secrets

misappropriation against L'Oréal S.A., which did not participate in discovery in this action or

file or argue that summary judgment motion:

> On June 25, 2019, the Delaware Court issued an Order denying L'Oréal's motion for summary judgment as to Olaplex's claims for misappropriation of trade secrets, finding in connection with the 2015 acquisition discussions between the parties, among other things, that: "It is clear that during the alleged negotiations that plaintiffs shared substantial [trade secret] information by way of interrogatories; documents; and their Rule 30(b)(6) witness with defendants about their products. . . .  After the May [19, 2015] meeting, L'Oréal developed products containing maleic acid.  In June 2015 defendants tested maleic acid and determined it performed well.  Thereafter, it began shifting to the use of maleic acid as an active agent. . . .  The Court finds that the Plaintiff has established sufficient facts to support a prima facia trade secrets claim. . . . .  The plaintiffs have clearly identified trade secrets.

> The Court finds there is substantial evidence that plaintiffs had trade secrets, including the issues surrounding new uses of maleic acid and its testing methods."

(*Id*., ¶ 82 and Ex. E thereto.)

In light of Olaplex's inappropriate use of the umbrella term "L'Oréal" to confusingly lump L'Oréal S.A. in with Defendants, and its concurrent attempts to bind L'Oréal S.A. in the California Case based on findings of this Court concerning alleged violations of trade secrets statutes by Defendants, it is clear that Olaplex will try to hold any adverse verdict in this action regarding its trade secrets claims against L'Oréal S.A. in the United States District Court for the Central District of California. As L'Oréal S.A. is not a party to this action, and because the only L'Oréal S.A.-affiliated witness with testimony relevant to rebutting Olaplex's trade secrets claims (Delphine Allard) has been precluded from testifying in this action, if the Court does not grant immediate relief, L'Oréal S.A. will suffer prejudice as a result.

### D. L'Oréal S.A. Intends to Move to Dismiss The California Case Pursuant to Rule 12(b)(2)

Defendants understand that L'Oréal S.A. has not yet been served with the California Case, but that upon service L'Oréal S.A. will promptly move to dismiss the California Case for lack of personal jurisdiction, pursuant to Rule 12(b)(2). (Murray Decl., ¶ 1.)

## IV. THE CALIFORNIA CASE HAS EFFECTIVELY RENDERED L'ORÉAL S.A. AN INDISPENSABLE PARTY TO THIS ACTION UNLESS AND UNTIL THE CALIFORNIA CASE IS DISMISSED

By filing the California Case on the eve of trial in this action, Olaplex has created a situation whereby the Court, pursuant to Rule 19 of the Federal Rules of Civil Procedure, needs to dismiss this action if the United States District Court for the Central District of California concludes that it may exercise personal jurisdiction over L'Oréal S.A. for the same trade secrets claims at issue here. Rule 19 requires an entity to be joined if the entity has an interest relating

to the action and disposing of the action without the entity may impair or impede that entity's ability to protect its interests. Fed. R. Civ. P. 19(a)(1)(B)(i). As long as "some outcome of the federal case [] is reasonably likely [to] preclude the absent party with respect to an issue material to the absent party's rights or duties[,]" joinder under Rule 19(a) is required to the extent possible. *See Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 316 (3d Cir. 2007) (citation omitted). Rule 19(b), meanwhile, indicates that where an entity is "required" to be joined by Rule 19(a) but cannot be joined, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b); *see also In re Howmedica Osteonics Corp.*, 867 F.3d 390, 408 (3d Cir. 2017) ("To be an indispensable party under Federal Rule of Civil Procedure Rule 19(b), a party must also be a 'required' party under Rule 19(a)."). An entity cannot be joined to an action when the entity is not subject to the personal jurisdiction of the Court presiding over that action. *See, e.g.*, *Downs v. Andrews*, 639 F. App'x 816, 823-24 (3d Cir. 2016); *Wilson v. The Canada Life Assurance Co.*, 2009 WL 532830, at *8 (M.D. Pa. Mar. 3, 2009).

### 1. L'Oréal S.A. Meets The "Required" Standard of Rule 19(a)

Given that Olaplex has asserted the same trade secrets claims against L'Oréal S.A. in the California Case that it pleads in this action against Defendants, and similarly premises those trade secrets claims on identical allegations about a May 19 meeting attended by then-L'Oréal S.A. employee Ms. Allard, Olaplex has made L'Oréal S.A. a "required" party under Rule 19(a). Indeed, Olaplex unabashedly cites the Court's orders in this action as binding precedent for its trade secrets claims against L'Oréal S.A. in the California Case (*see* Murray Decl. Ex. A), and it is thus more than "reasonably likely" that Olaplex will seek to exploit any adverse trial judgment against Defendants regarding its trade secrets claims as similarly binding on L'Oréal S.A. in the Central District of California. *See Gen. Refractories Co.*, 500 F.3d at 316. L'Oréal S.A.'s

satisfaction of Rule 19(a)'s standard is even more clear when considering that L'Oréal S.A. is not a party to this action, has not been able to defend itself in this action, and not a single L'Oréal S.A.-affiliated witness has been permitted to testify at trial, because under such circumstances, disposing of this action would surely impair or impede L'Oréal S.A.'s ability to protect its interests as to the same trade secrets claims.  *See* Fed. R. Civ. P. 19(a).

### 2.  L'Oréal S.A. Cannot Be Joined Due To An Absence of Personal Jurisdiction, And The Court Must Assess Dismissal Under Rule 19(b)

As this Court does not have and cannot exercise personal jurisdiction over L'Oréal S.A. (*see* D.I. 186, 234), it cannot be joined under Rule 19(a), and thus the Court needs to determine whether the pending California Case requires dismissal of this action pursuant to Rule 19(b).  In evaluating whether to dismiss an action because of unfeasible joinder, courts consider at least four factors:  (1) the extent to which a judgment rendered in the absence of the non-joined entity might prejudice that entity or the existing parties; (2) the extent to which said prejudice could be lessened or avoided; (3) whether a judgment rendered in the absence of the entity would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.  Fed. R. Civ. P. 19(b).  "This is not an exhaustive list of factors that can be considered, but they are the most important factors."  *Dickson v. Murphy*, 202 F. App'x 578, 581 (3d Cir. 2006).

The Third Circuit's decision in *Tullett Prebon PLC v. BGC Partners, Inc.*, 427 F. App'x 236 (3d Cir. 2011) is instructive as regards Rule 19's applicability to parents and subsidiaries.  In that case, the Third Circuit affirmed the district court's Rule 19 dismissal of an action filed by a parent company because the wholly-owned subsidiaries were involved in separate litigation (an arbitration) with the same defendant, could not practically be joined in the action and had interests necessarily affected by the alleged wrongful conduct by the defendant.  *Id.* at 238-40.

Among other things, the Third Circuit noted that the subsidiaries were directly and immediately related to the alleged misconduct, were employers of personnel involved in the alleged misconduct underlying the parent company's action, and adjudication of the plaintiff's right to relief necessarily required an evaluation as to alleged conduct relating to the absent subsidiaries. *Id*. The Third Circuit also found that Rule 19 dismissal was appropriate because of the multiple proceedings involving the same issues, possible prejudice of rights to the subsidiaries involved in an arbitration against the defendant that were not parties to the action, and a real threat of duplicative recovery and contradictory rulings. *Id*. at 240.

Equity and the unique circumstances here warrant dismissal under Rule 19(b). Indeed, this case is just like *Tullett*, where Rule 19(b) dismissal was deemed an appropriate use of judicial discretion. As in *Tullett*, there are two actions pending involving the same alleged misconduct (trade secret misappropriation at or resulting from the May 19 meeting), but one involves a parent (the California Case), and the other involves subsidiaries (this action). Additionally, as in *Tullett*, the parent (L'Oréal S.A.) cannot be joined with its wholly-owned subsidiary in this action, even though the two actions involve the same trade secrets claims arising from the same alleged wrongful conduct. As a result of the allegations of the California Case regarding the May 19 meeting and Ms. Allard, L'Oréal S.A., like the non-joinable subsidiaries in *Tullett*, is directly and immediately related to the alleged misconduct underlying the same trade secrets claims in this action, employed personnel involved in the same alleged misconduct (Ms. Allard), and adjudication of Olaplex's right to relief for its trade secrets claims now necessarily requires an evaluation as to alleged conduct relating to L'Oréal S.A. *See Tullett*, 427 F. App'x at 238-40. Because permitting this action to proceed concurrently with the California Case poses a substantial risk of prejudice to L'Oréal S.A., Rule 19(b) dismissal is

therefore as appropriate here as it was in *Tullett*.

Furthermore, the four factors set forth in Rule 19(b) are all easily met here. The first factor favors dismissal because a judgment regarding Olaplex's trade secrets claims rendered in this action in the absence of L'Oréal S.A. or, at minimum, its key affiliated witness, Ms. Allard, could subject L'Oréal S.A. to an adverse judgment in the Central District of California without the benefit of a full and fair opportunity to defend itself against such claims, not to mention posing a risk of multiple and/or inconsistent judgments for the same alleged underlying conduct. *See also Dickson*, 202 F. App'x at 582 (generally indicating that the first factor is satisfied if, as here, the Rule 19(a) analysis is met). The second factor favors dismissal because there is no feasible way to avoid or lessen the prejudice L'Oréal S.A. stands to face given that L'Oréal S.A. is not a party to this action, not adequately represented in this action, and the only L'Oréal S.A.-affiliated witness who could potentially protect its interests at trial in this action, Ms. Allard, has been barred from testifying by Order of this Court.[2]  (*See* D.I. 905.)  The third factor likewise favors dismissal, as permitting this action to go forward in parallel with the essentially identical California Case prevents a single, efficient, complete, and potentially consistent resolution of Olaplex's trade secrets claims and L'Oréal S.A.'s alleged liability. *See Dickson*, 202 F. App'x at 582 ("The United States Supreme Court has interpreted this [third] factor to be a determination of the interest of the public in having a dispute completely, consistently and efficiently resolved.").  Finally, the fourth factor likewise militates in favor of dismissal, as Olaplex could pursue its trade secrets claims against Defendants and L'Oréal S.A. in the Central District of

---

[2] Defendants respectfully submit that the Court could lessen such prejudice and avoid having to dismiss this action pursuant to Rule 19(b), if the Court were to exercise its discretion to reconsider its exclusion order and permit Allard to testify at trial. *See infra* VI.

California divorced of its contract claims.[3]

In short, Olaplex has created an untenable situation—by suing L'Oréal S.A. in California for the same trade secrets claims pled against Defendants here, Olaplex has rendered dismissal of this action pursuant to Rule 19(b) appropriate and equitable.

## V.    THE COURT SHOULD CONTINUE OR STAY THE TRIAL OF THIS ACTION PENDING RESOLUTION OF L'ORÉAL S.A.'S FORTHCOMING MOTION TO DISMISS THE CALIFORNIA CASE

Although Olaplex has forced a situation where dismissal would be the appropriate result under Rule 19, in light of the late stage of this proceeding, Defendants respectfully request that the Court not dismiss this action, but instead continue or stay the trial of this action until the United States District Court for the Central District of California resolves the threshold question as to whether it can exercise personal jurisdiction over L'Oréal S.A.  The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Id.* at 255.

In any event, this Court has the "inherent discretionary power to stay proceedings pending the disposition of parallel proceedings in a second court."  *See United States v. Cargill, Inc.*, 508 F. Supp. 734, 747 (D. Del. 1981).  For example, in *United States v. Mellon Bank, N.A.*,

---

[3] To the extent that the Court were to conclude that the trade secrets claims asserted by Olaplex against Defendants cannot be divorced from the contract claims, this still does not weigh against dismissal as, (1) this fourth factor "is not dispositive," *Dickson*, 202 F. App'x at 582, and (2) if the United States District Court for the Central District of California were to conclude that it has personal jurisdiction over L'Oréal S.A., then L'Oréal USA would be inclined to waive the forum selection clause in its contract with Olaplex, which necessitated this action to proceed in Delaware in the first instance.

545 F.2d 869, 872-73 (3d Cir. 1976), the Third Circuit affirmed the district court's discretionary

decision to stay the trial of a civil case pending the resolution of a related criminal case in a

different state because the two cases "involved 'substantial matters of the same nature[,]'" and

"the similarity of the issues left open the possibility" that the common party to both actions

"might improperly exploit civil discovery" in one action for the advancement of the party's

positions in the second action.  Courts may execute discretion to stay one action pending

resolution of a second action even if the two actions do not have identical parties and identical

issues.  *See Landis*, 299 U.S. at 254.

A stay here would be eminently appropriate and consistent with the Third Circuit's

decision in *Mellon Bank*, as Olaplex's California Case pleads the same trade secrets claims as in

this action based on the same alleged May 19 meeting and purported actions of Ms. Allard, and

Olaplex will surely attempt to use any orders of this Court regarding those trade secrets claims

against L'Oréal S.A. in the Central District of California.  Indeed, both actions at issue here, as in

*Mellon Bank*, involve "substantial matters of the same nature," and, without a stay of this action,

Olaplex is more than likely to improperly exploit not just discovery but also orders from this

action to unfairly and improperly obtain an advantage, or even a pre-determination of liability,

against L'Oréal S.A. in the Central District of California.

Further, a stay or continuance of the trial here would be consistent with the "exceptional

circumstances" test that courts apply when determining the somewhat analogous question as to

whether to stay a federal case pending the outcome of a parallel state case.  *See Cargill*, 508 F.

Supp. at 748.  Under that standard, "[t]here is no set formula for determining the existence of

exceptional circumstances.  Although at a minimum there must be parallel proceedings, this

alone is insufficient to warrant the grant of a stay or dismissal." *Id*. at 748-49.  Among other

things, courts have also considered "the desirability of avoiding piecemeal litigation," and whether inequity would result absent a stay. *Id*. at 748-49. Inasmuch as Olaplex has sought and would surely continue to seek to use adverse rulings from this Court regarding its trade secrets claims against L'Oréal S.A. in the Central District of California, despite L'Oréal S.A. not being represented or able to defend itself in this action, it would be fundamentally unfair not to stay this action pending resolution of the question as to whether the Central District of California may exercise personal jurisdiction over L'Oréal S.A. If the Central District of California concludes that it cannot exercise personal jurisdiction, then this Court can dissolve any such stay and permit this action to proceed to trial expeditiously. But if the Central District of California concludes that it does have personal jurisdiction over L'Oréal S.A., that conclusion would result in the kind of piecemeal litigation, inefficiencies, and potentially inconsistent verdicts that favor a stay and eventual dismissal pursuant to Rule 19(b).

To the extent that Olaplex contends that the Court should not stay or continue the trial because the typical three factors applied to stay requests are not met here—*i.e.*, (1) whether a stay will simplify the issues for trial; (2) the status of the litigation; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage—Olaplex is mistaken. *See Universal Secure Registry, LLC v. Apple Inc.*, 2018 WL 4486379, at *2 (D. Del. Sept. 19, 2018) (identifying the three typical factors and considering as a fourth factor, "whether a stay . . . will reduce the burden of litigation on the parties and on the court").[4] First, there does not appear to be any case in the Third Circuit which

---

[4] Although the fourth factor considered in *Universal Secure* was done so in the context of a stay request pending resolution by the Patent Trial and Appeal Board of covered business method review, other courts in the Third Circuit have applied this fourth factor in evaluating stay requests in distinct cases. *See, e.g.*, *Rajput v. Synchrony Bank*, 221 F. Supp. 3d 607, 616 (M.D. Pa. 2016) (granting a stay of an action brought under the Telephone Consumer Protection Act in

involves a directly analogous situation to the one at bar, let alone a mandate from the Third Circuit or a court in this District that the Court must apply the typical three-factor test here. As the Supreme Court long ago counseled, the decision as to whether to stay or continue is a judgment call for this Court to make, *Landis*, 299 U.S. at 255, and a fair balance of the interests here favors a stay. Second, even if the Court were to apply the three factor test, it should still enter the narrowly-tailored stay requested by Defendants. Although this action is at a late stage, Olaplex bears responsibility for causing this issue by filing the California Case, and Olaplex would thus not suffer undue prejudice from a delay of the trial of this action pending resolution of a threshold claim in the near identical action that it filed against L'Oréal S.A. Moreover, staying the trial of this action pending resolution of the jurisdictional question in the Central District of California would result in one simplified trial on Olaplex's trade secrets claims, without a question as to whether all appropriate parties are present and able to represent their own interests. To be sure, if the United States District Court for the Central District of California determines that it cannot exercise personal jurisdiction over L'Oréal S.A., trial can proceed in this District without the risk of double recovery or potentially inconsistent judgments, while, conversely, if the United States District Court for the Central District of California determines that it can exercise personal jurisdiction over L'Oréal S.A., then, as noted above, *supra* III, n.2, one trial on the trade secrets claims could proceed against L'Oréal S.A. and Defendants in the Central District of California.

Olaplex may also contend erroneously that this is a problem of "L'Oréal's" own making. The Court should first ask, to whom is Olaplex referring? L'Oréal S.A., for not agreeing to a

---

part because the court determined that a stay would "reduce the burden of litigation on the parties and the Court by allowing the Court to avoid issuing a dispositive order in the midst of an uncertain legal environment") (internal quotation marks and citations omitted).

tolling agreement that would allow it to be sued after this case is concluded, which could provide Olaplex a second chance to try its claims even if L'Oréal USA prevails in this case?[5]  Or, L'Oréal USA, for its unwillingness to proceed to trial without any witness from its parent company to deny Olaplex's allegation that one of its employees stole Olaplex's technology? There is no allegation that L'Oréal USA cannot satisfy any judgment in this case that would make Olaplex whole.  Thus, the only logical reason for Olaplex to file its case at the eleventh hour against L'Oréal S.A. is because it does not want to allow this case (and the PGR proceedings and appeals) to decide the rights and remedies of the parties.  Until the filing of the California Case L'Oréal USA and L'Oréal S.A. were prepared to do just that.  Now, they cannot.[6]

In sum, in order to mitigate risks of prejudice and avoid having to dismiss this action pursuant to Rule 19(b) at this time, *see infra* III, the Court can and should exercise its discretion to stay or continue the August 5, 2019 trial pending the resolution of L'Oréal S.A.'s inevitable motion to dismiss Olaplex's California Case for insufficient personal jurisdiction.

## VI.     IN THE ALTERNATIVE, THE COURT SHOULD EXERCISE ITS DISCRETION TO RECONSIDER ITS PRECLUSION ORDER REGARDING ALLARD

If the Court is disinclined to stay or continue the trial of this action pending resolution of

---

[5] While L'Oréal S.A. would assert in the California Case that defensive collateral estoppel precludes Olaplex from relitigating any claims it has lost in this action, given that Olaplex still has not identified the trade secrets at issue in this case, Olaplex is likely to argue in the California Case that the issues in both cases are not identical.  *See Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 881 (9th Cir. 2007) (noting that defensive use of collateral estoppel precludes a plaintiff from relitigating *identical* issues by merely switching adversaries.)  To protect against this, at the very least, the special verdict form submitted in this action should require the jury to specifically delineate the alleged trade secrets being tried in this case.

[6] Furthermore, Olaplex has a case pending against L'Oréal S.A. in the U.K., *Liqwd, Inc. v. L'Oréal (U.K.) Ltd.*, Claim No. HP-2016-000056, which involves the same products at issue in this action and the California case, and Olaplex has even gone so far as to tell this Court that "L'Oréal S.A. plays a central role in this case."  (*See* Murray Decl., Ex. F.)

the threshold jurisdictional question in the California Case, in order to mitigate the prejudice to L'Oréal S.A. that warrants Rule 19(b) dismissal of this action, Defendants respectfully request that the Court exercise its discretion to reconsider its Order precluding Ms. Allard from testifying at trial.  Supreme Court precedent counsels that "the district judge is free, in the exercise of sound judicial discretion to alter a previous *in limine* ruling."  *See Luce*, 469 U.S. at 41-42. Consistent therewith, the Third Circuit has affirmed a district court's discretionary reconsideration of a prior ruling deeming evidence inadmissible, and subsequently allowing said evidence to be used at trial.  *See Tax Matrix Techs., LLC v. Wegmans Food Mkts., Inc.*, 736 F. App'x 326, 331 n.2 (3d Cir. 2018) (indicating such reconsideration of a prior *in limine* ruling "was well-within the discretion of the District Court").  As Ms. Allard is the central witness for Olaplex's trade secrets claims against Defendants in this action and also against L'Oréal S.A. in the California Case, and because she is a former L'Oréal S.A. employee and the only person affiliated with L'Oréal S.A. who can remotely represent L'Oréal S.A.'s interests concerning the alleged trade secret misappropriation, the Court should, at minimum, reverse its prior *in limine* ruling and permit her to testify at trial.  *See Martsolf v. Seilhamer*, 2010 WL 1462375, at *1 (M.D. Pa. Apr. 9, 2010), *aff'd sub nom. Martsolf v. Brown*, 457 F. App'x 167 (3d Cir. 2012) ("the court possesses inherent power to reconsider its interlocutory orders 'when it is consonant with justice to do so'") (citing *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)).

## VII.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court order an emergency hearing take place, grant this Motion, and stay or continue trial of this action until the resolution of L'Oréal S.A.'s forthcoming motion to dismiss the California Case pursuant to Rule 12(b)(2), or, at minimum, exercise its discretion to permit Ms. Allard to testify at trial in this action.

Of Counsel:

Dennis S. Ellis
Katherine F. Murray
Adam M. Reich
Paul Hastings LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
(213) 683-6000

Naveen Modi
Joseph E. Palys
Daniel Zeilberger
Paul Hastings LLP
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1990

Scott F. Peachman
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

Dated: July 12, 2019

*/s/ Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
Katharine L. Mowery (#5629)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
moyer@rlf.com
mowery@rlf.com

***Attorneys for Defendants***
*L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc. and Redken 5th Avenue NYC, LLC*