IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIQWD, INC. and OLAPLEX LLC,<br><br>    Plaintiffs,<br> v.<br><br>L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., L'ORÉAL USA S/D, INC., and REDKEN 5TH AVENUE, NYC, L.L.C.,<br><br>    Defendants. | **C.A. NO. 17-14-JFB-SRF**<br><br>**ORDER** |

  This matter is before the Court on the emergency motion of defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, LLC (together, "defendants") to stay or continue the trial of this action (D.I. 1012), the plaintiffs' motion to strike the emergency motion, (D.I. 1016).

  Defendants seek a stay or continuance until the United States District Court for the Central District of California determines as a threshold matter whether it may exercise personal jurisdiction over L'Oréal USA, Inc.'s parent company, L'Oréal S.A., in connection with action *Liqwd, Inc. v. L'Oréal S.A.*, Case No. 2:19-cv-5869, filed in the United States District Court for the Central District of California on July 8, 2019. Defendants also ask to reconsider its June 25, 2019, decision (D.I. 905) on Olaplex's motion in limine to preclude certain witnesses, including Delphine Allard, from testifying at trial (*see* D.I. 1013 at 17–18).[1]

---

[1] Defendants present the declaration of Delphine Allard, who earlier offered to be deposed in Brazil, but now states she will come to the United States to do so (D.I. 1015). Frankly, the offer is too late. The Court stands by its earlier ruling.

Defendants motion is premised on the argument that "[b]y filing the California Case on the eve of trial in this action, Olaplex has created a situation whereby the Court, pursuant to Rule 19 of the Federal Rules of Civil Procedure, needs to dismiss this action if the United States District Court for the Central District of California concludes that it may exercise personal jurisdiction over L'Oréal S.A. for the same trade secrets claims at issue here." D.I. 1013 at 8. Defendants rely on Federal Rule of Civil Procedure 19 for that proposition, and state that it is "more than 'reasonably likely'" that that "Olaplex will seek to exploit any adverse trial judgment against Defendants regarding its trade secrets claims as similarly binding on L'Oréal S.A. in the Central District of California." *Id.* at 9.

Plaintiffs Liqwd, Inc. and Olaplex LLC oppose the motion (D.I. 1012). They argue that contrary to L'Oréal's speculation of exploitation of these proceedings, Olaplex seeks to protect its rights under the statute of limitations, after Loreal, S.A., represented by the same counsel representing defendant in this action, declined to offer a tolling agreement (D.I. 1012-1, Exhibit A). Further, they contend that the California action will not duplicate the recovery that Olaplex would recover here since Olaplex's damages in the instant action are limited to domestic sales of L'Oréal's Infringing Products and the California case would involve damages for L'Oréal S.A.'s international sales of the Infringing Products.

This matter is set for trial on August 5, 2019. The Court has reviewed the parties' submissions and agrees with the plaintiffs that there is no logic or legal support for the defendants' position. L'Oréal, S.A. was dismissed for lack of personal jurisdiction early in this trial (D.I. 117). That is law of the case and the defendants are bound by the

decision to move to dismiss under Federal Rule of Civil Procedure 12(b)(2) and make representations to the court contrary to those it is now asserting. *See* D.I. 117, Motion; D.I.118, Brief; D.I. 153, Reply Brief; D.I. 186, R&R; D.I. 234 order adopting R&R. The Court is not inclined to continue or stay this trial. The motion to strike is rendered moot by this decision. Accordingly,

    IT IS HEREBY ORDERED:

    1. The defendants' motion to stay or continue the trial of this action (D.I. 1012) is denied;

    2. The plaintiffs' motion to strike the emergency motion (D.I. 1016) is denied as moot.

    Dated this 22nd day of July 2019.

                                                   BY THE COURT:

                                                 s/ Joseph F. Bataillon
                                                 Senior United States District Judge