**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LIQWD, INC. and OLAPLEX LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> L'ORÉAL USA, INC., L'ORÉAL USA ) <br> PRODUCTS, INC, L'ORÉAL USA S/D, ) <br> INC., and REDKEN 5TH AVENUE NYC, ) <br> L.L.C., ) <br> ) <br> Defendants. ) | C. A. No. 17-14 (JFB) (SRF) |

### **DEFENDANTS' PROPOSED JURY VERDICT FORM**

*Of Counsel:*

Dennis S. Ellis
Katherine F. Murray
Adam M. Reich
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
(213) 683-6000

Naveen Modi
Joseph E. Palys
Daniel Zeilberger
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1990

Scott F. Peachman
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

Dated: July 30, 2019

Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
Katharine L. Mowery (#5629)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
moyer@rlf.com
mowery@rlf.com

*Attorneys for Defendants L'Oréal USA, Inc.,
L'Oréal USA Products, Inc., L'Oréal
USA S/D, Inc. and Redken 5th Avenue NYC,
LLC*

**Instructions:** When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Please refer to the Jury Instructions for guidance on the law applicable to the subject matter covered by each question.

## QUESTIONS AND ANSWERS

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

**I.      U.S. PATENT NO. 9,498,419 (THE '419 PATENT)**

1.  Have L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken Fifth Avenue NYC, LLC's (collectively referred to as "L'Oréal USA") proven that any of the following claims of the '419 Patent is invalid as being anticipated and/or obvious?  For each claim, check ("x") in the appropriate boxes below to indicate the claim that is invalid and the reason why:

| '419 Patent | Anticipated | Obvious |
|---|---|---|
| Claim 1 | | |
| Claim 10 | | |

2.  Has L'Oréal USA proven that any of the asserted claims of the '419 Patent is invalid for lack of written description and/or lack of enablement?  For each claim, check ("x") in the appropriate boxes below to indicate the claim that is invalid and the reason why:

| '419 Patent | Insufficient Written Description | Lack of Enablement |
|---|---|---|
| Claim 1 | | |
| Claim 10 | | |

*Go to Section II.*

**II.    U.S. PATENT NO. 9,668,954 (THE '954 PATENT)**

3.    Has L'Oréal USA proven that one or more of the following claims of the '954 Patent is invalid as anticipated and/or obvious?  For each claim, check ("x") in the appropriate boxes below to indicate the claim that is invalid and the reason why:

| '954 Patent | Anticipated | Obvious |
|---|---|---|
| Claim 1 | | |
| Claim 4 | | |
| Claim 11 | | |
| Claim 12 | | |
| Claim 13 | | |
| Claim 14 | | |
| Claim 15 | | |
| Claim 16 | | |
| Claim 19 | | |
| Claim 20 | | |
| Claim 24 | | |
| Claim 25 | | |
| Claim 26 | | |
| Claim 30 | | |

4.  Has L'Oréal USA proven that one or more of the following claims of the '954 Patent is invalid for lack of written description and/or lack of enablement? For each claim, check ("x") in the appropriate boxes below to indicate the claim that is invalid and the reason why:

| '954 Patent | Insufficient Written Description | Lack of Enablement |
|---|---|---|
| Claim 1 | | |
| Claim 4 | | |
| Claim 11 | | |
| Claim 12 | | |
| Claim 13 | | |
| Claim 14 | | |
| Claim 15 | | |
| Claim 16 | | |
| Claim 19 | | |
| Claim 20 | | |
| Claim 24 | | |
| Claim 25 | | |
| Claim 26 | | |
| Claim 30 | | |

*If you have found all of the asserted claims of the '419 Patent and the '954 Patent invalid then skip to Section III, Question 7.*

*If you have not found all of the asserted claims of the '419 Patent and the '954 Patent invalid then go to Question 5.*

    5.      What is the total dollar amount of damages that Olaplex is entitled to recover for L'Oréal USA's infringement of the '419 Patent and/or the '954 Patent?

           $_____.

    6.      Has Olaplex proven that L'Oréal USA's infringement was willful?

           *Yes* _____        *No* _____

*Go to Section III.*

## III. TRADE SECRET MISAPPROPRIATION

    7.      Has Olaplex proven that on May 19, 2015, it possessed specific, identifiable trade secrets as identified in Jury Instruction Nos. 5.2 through 5.5?

           Yes_____    No _____

*If you answered "No" to Question 7, skip to Section IV.*
*If you answered "Yes" to Question 7, go to Question 8.*

    8.      Has Olaplex proven that L'Oréal USA misappropriated Olaplex's trade secret information in violation of the Defend Trade Secrets Act or the Delaware Uniform Trade Secrets Act, as set forth in Jury Instruction Nos. 5.6 through 5.9?

           Yes_____    No _____

*If you answered "No" to Question 8, skip to Section IV, Question 13.*
*If you answered "Yes" to Question 8, go to Question 9.*

    9.       Identify the specific, identifiable trade secrets L'Oréal USA misappropriated:

*Go to Question 10.*

    10.      Is Olaplex entitled to damages for misappropriation of trade secrets beyond the damages awarded for infringement in response to Question 5?

            Yes_____  No _____

    11.      If you answered "Yes" to Question 10, what amount of damages is Olaplex entitled to recover for the misappropriation of its trade secret information that is not already covered by the damages awarded in response to Question 5?

            $_____.

    12.      Has Olaplex proven that L'Oréal USA's misappropriation of Olaplex's trade secret information was willful and malicious as set forth in Jury Instruction No. 5.14?

            Yes_____  No _____

*Go to Section IV.*

## IV. BREACH OF CONTRACT

    13.    Has Olaplex proven that L'Oréal USA, Inc. breached one or more contractual obligations under the parties' May 2015 Non-Disclosure Agreements as required by Jury Instruction Nos. 4.2 and 4.3?

        Yes_____    No _____

*If you answered "No" to Question 13, skip to Section V.*
*If you answered "Yes" to Question 13, proceed to Question 14.*

    14.    Is Olaplex entitled to damages beyond any damages you already awarded for infringement in response to Question 5 and for trade secret misappropriation in response to Question 11?

        Yes_____    No _____

*If you answered "No" to Question 14, skip to Section V.*
*If you answered "Yes" to Question 14, proceed to Question 15.*

    15.    If you answered "Yes" to Question 14, what is the total dollar amount that Olaplex is entitled to recover for the breach of contract beyond any damages already awarded for infringement in response to Question 5 and for trade secret misappropriation in response to Question 11?

        $_____

*Go to Section V.*

## V.   CONCLUSION

You have reached the end of the verdict form.  Review the completed form to ensure that it accurately reflects your unanimous determinations.  All jurors should then sign the verdict form in the space below and notify the Court Security Officer that you have reached a verdict.  The Foreperson should retain possession of the verdict form and bring it to the courtroom with the jury.

Date _____

_____
Foreperson

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror