IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIQWD, INC. and OLAPLEX LLC,<br><br>                        Plaintiffs,<br><br>vs.<br><br>L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., L'ORÉAL USA S/D, INC. and REDKEN 5TH AVENUE NYC, LLC,<br><br>                        Defendants. | **CIVIL ACTION NO. 17-14-JFB-SRF**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendants' motion for judgment as a matter of law, D.I. 1051, and defendants' supplemental motion for judgment as a matter of law ("JMOL"), D.I. 1055. Plaintiffs objected to and responded to this motion. D.I. 1052.[1] The Court tried this case to a jury, and the jury returned a verdict in favor of the plaintiffs. D.I. 1059. The defendants have now asked this Court to find in their favor pursuant to Fed. R. Civ. P. 50(a).

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 50(a) provides for the grant of JMOL at the close of a plaintiff's case of a "reasonable jury would not have a legally sufficient evidentiary basis to find" for the plaintiff. In the Third Circuit, when determining whether to grant to JMOL motion "[t]the question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the

---

[1] Also pending is joint stipulation to extend time, D.I. 1011, which the Court denies as moot.

1

jury could properly find a verdict for that party." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993) (citations and internal quotation marks omitted). "Although judgement as a matter of law should be granted sparingly," it is granted "where the record is critically deficient of the minimum quantum of evidence" necessary to support a jury verdict. *Eshelman v. Agere Sys. Inc.*, 554 F.3d 426, 433 (3d Cir. 2009) (internal quotation marks omitted).

Judgment as a matter of law is appropriate only if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for [a] party" on an issue. Fed. R. Civ. P. 50(a)(1).

> Entry of judgment as a matter of law is a "sparingly" invoked remedy, granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability.

*Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007) (citation omitted).

**DISCUSSION**

Defendants move for judgment as a matter of law on the issues of trade secret misappropriation, breach of contract, patent invalidity, and damages.[2] Defendants contend that plaintiff has failed to present evidence so that a jury could identify a trade secret; failed to show that any such information qualifies as a trade secret; failed to adduce evidence of a misappropriation; failed to establish evidence of a breach of contract; and failed to establish evidence of willfulness. With regard to the damages for

---

[2] Defendants likewise moved for judgment as a matter of law in their invalidity arguments in oral arguments made on August 9, 2019 which the Court denied.

2

patent infringement, defendants contend that plaintiffs failed to show defendants' direct infringement that there is no evidence to prove that the induced infringement caused lost-profit damages. Any claim to lost profit damages and royalty damages, argues defendants, is speculative. Further, defendants argue that are entitled to JMOL on the issue of independent development, contending that they put on considerable evidence showing that they independently developed their products. The Court disagrees with the defendants and will deny the JMOL. The plaintiffs submitted specific evidence on each of these claims. The evidence was sufficient to submit the matter to the jury.

Defendants also contend that the plaintiffs abandoned their argument on future damages during trial. The Court agrees that for purposes of this case and during the time periods in question, the plaintiffs abandoned this claim for future damages. The Court need not grant JMOL on this issue, but it does determine that future damages were not a part of this trial. No judgment in favor of future damages will be entered in this case on behalf of the plaintiffs.

Defendants also allege that this Court erred in collectively combining the defendants in this case. Defendants contend that plaintiffs failed to prove that any specific defendant induced infringement or the resulting damages. The Court finds this argument, again, is without merit. The Court listened to argument from the defendants in this regard and determined the claims are without merit. In short, the offered instruction was improper; and more importantly, the request is so belated as to be prejudicial to the plaintiffs in all respects. All phases of this case from discovery forward have been treated as to the defendants' liability collectively. No legitimate evidence was offered that would

support the defendants' arguments. If this issue were so important to defendants, it should have been raised earlier in this case. No end-runs will be permitted in this regard.

THEREFORE, IT IS ORDERED THAT:

1. Defendants' joint stipulation to extend time, D.I. 1011, is denied as moot.
2. Defendants' motions for JMOL and supplemental motion, D.I.'s 1051 and 1055, are denied.

Dated this 15th day of August 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge