IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIQWD, INC. and OLAPLEX LLC,<br><br>                      Plaintiffs,<br><br>vs.<br><br>L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., L'ORÉAL USA S/D, INC. and REDKEN 5TH AVENUE NYC, LLC,<br><br>                      Defendants. | **PERMANENT INJUNCTION**<br><br>1:17CV14-JFB-SRF |

      This matter is before the Court on plaintiffs' letter request, D.I. 1061, to enter an injunction in this case. The history of this request is as follows. Plaintiffs initially sought injunctive relief. D.I. 14. The magistrate judge found that plaintiffs were entitled to a preliminary injunction. D.I. 430. This Court adopted that recommendation and concluded it would issue a preliminary injunction. D.I. 785. The Court, thereafter, determined that it would hold the ruling in abeyance, pending the outcome of the motions for summary judgment and the trial in this case. D.I. 828. The parties tried the case to a jury, and the jury found in favor of the plaintiffs on all causes of action and awarded damages for infringement of the two patents in questions, awarded damages for breach of contract, and awarded damages for misappropriate of trade secrets, and for willfulness. D.I. 1059.

      Defendants ask the Court to allow more briefing as well as a hearing on this matter and asks the Court to await post-trial briefings prior to ruling on this injunction. The Court

will decline to do so.  There has already been ample briefing, previous hearings, and a trial in this case.  That is sufficient.

Next, defendants contend that the Court should not issue the injunction with regard to non-infringing uses, such as the use in color treatment not requiring a bleaching step. The Court agrees that non-infringing uses are not included in this injunction and will not order the same.

**THEREFORE, IT IS ORDERED** that Defendants and their parents, subsidiaries, affiliates, officers, directors, agents, employees, successors, assigns, and attorneys, and any and all persons in active concert or participation with any of them, and, until further order of the Court, are restrained and enjoined from using, making, causing to be made, selling, offering to sell, causing to be sold, importing and/or exporting, the Matrix Bond Ultim8 Step 1 Amplifier, the Matrix Bond Ultim8 Step 2 Sealer, the Matrix Bond Ultim8 Step 3 Sealing Treatment, the Redken pH–Bonder #1 Bond Protecting Additive, the Redken pH-Bonder #2 Fiber Restorative Pre-Wash Concentrate, the Redken pH-Bonder #3 Post-Service Perfector, the L'Oréal Professionnel Smartbond Step 1 Additive, the L'Oreal Professionnel Smartbond Step 2 Pre Shampoo, and the L'Oreal Professionnel Smartbond Step 3 Conditioners (collectively the "Infringing Products"), and all other products only colorably and/or trivially different therefrom.

IT IS SO ORDERED this 16th day of August 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge