IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LIQWD, INC. and OLAPLEX LLC,

                Plaintiffs,

vs.

L'ORÉAL USA, INC., L'ORÉAL USA PRODUCTS, INC., L'ORÉAL USA S/D, INC. and REDKEN 5TH AVENUE NYC, LLC,

                Defendants.

**CIVIL ACTION NO. 17-14-JFB-SRF**

**MEMORANDUM AND JUDGMENT**

On August 12, 2019, the Jury in this case returned a verdict in favor of the plaintiffs. D.I. 1059. The Court instructed in the Initial and Closing Jury Instructions, D.I.'s 1049 and 1056, that the jury should determine damages for each claim, and following entry of the verdict, the Court would calculate the damages, so as not to award a double recovery. The Court will do so now as well as review damages for willfulness.

**THE VERDICT**

    A. *The jury made the following findings as to damages:*

    1. Trade secret misappropriation: $22,265,000

        Plus, a finding of willfulness

    2. Breach of contract: $22,265,000

    3. Infringement of the '419 patent: $21,810,000

        Plus, a finding of willfulness

    4. Infringement of the '954 patent: $24,960,000

        Plus, a finding of willfulness

B. *Date of Commencement of Damages:*

1. The Court instructed the jury that the damage period for the '419 Patent may not commence earlier than November 22, 2016.

2. The Court instructed the jury that the damage period for the '954 Patent may not commence earlier than June 6, 2017.

3. The date the trade secrets were disclosed to the defendants was May 19, 2015.

C. *Calculation*

The Court has carefully reviewed the verdict and finds that in the event the plaintiff is entitled to recover the aggregate amount of $24,960,000 for all four of its causes of action. The individual damages for each claim are as follows: For damages arising from infringement of the '419 patent, $21,810,000.00; for damages arising from the infringement of the '954 patent, $24,960,000.00; for damage arising from plaintiff's causes of action for Trade Secrets and Breach of Contract $9,499,732.48.

The Court finds that damages for trade secrets and breach of contract are limited to the time the defendants possessed trade secrets. The '815 patent was published on February 5, 2015, approximately 9 months (256 days) after the jury found the plaintiff conveyed its trade secrets to the defendant. The jury's verdict is exactly the amount opined by plaintiff's damages expert, George Strong. He calculated $22,265,000.00 for twenty months of damages arising from trade secret misappropriation and breach of the NDA contract. The date the '419 patent was published the trade secrets the defendants misappropriated were no longer trade secrets. The plaintiff offered no specific testimony concerning the value of any information the defendant received at the March 19, 2015

meeting other than the active ingredient in its product, maleic acid. Maleic acid is disclosed in the '419 patent. Mr. Strong based his assertion, that the defendant gained a 20-32 month advantage, on the laboratory notebook analysis conducted by the defendants' expert, Mr. Schoon. Mr. Schoon testified that if the defendant misappropriated the information in the unpublished patent or in the conversations between the parties that maleic acid was the active ingredient in the plaintiff's formula, the defendant would have gained a twenty to thirty-two month advantage in bringing the infringing product to market. However, any advantage ended when the trade secret was made public. By definition, there can be no further trade secret damages after the date the trade secret is made public. Any advantage the defendants gained started on the date they became aware of the trade secret and ended when the information was no longer a trade secret. Patent infringement damages are the only damages the plaintiff can recover for its trade secrets once they are made public.

The Court's best recourse to rectify this issue is to divide the jury's damages award for trade secrets and breach of contract by the number of days in twenty months to determine daily damages, $37,108.33. The per day damages then is multiplied by the number of days between the date the trade secret was disclosed, May 19, 2015, and the date the trade secret was published, February 5, 2016. The Court finds the damages for the trade secret violation and breach of contract is $9,499,732.48.

### D. *Willfulness*

The Court must also compute the amount of damages for the willfulness finding. With regard to the trade secrets claim, the Court finds that the plaintiffs are entitled to up to two times the amount awarded as actual damages for misappropriation of trade

secrets. 18 U.S.C. § 1836(b)(3)(C); 6 Del. C. § 2003. The Court finds there is ample evidence to support a full award of exemplary damages, the Court orders an amount twice the award set forth in the verdict, as modified herein, in an amount of $18,999,464.96 plus attorney fees and court costs.

The Court also must compute the amount of damages for willfulness due to the defendants' patent infringement. The jury awarded the exact amount plaintiffs requested for lost profits. The Court finds the jury's award substantially makes the plaintiffs whole. Additionally, the Court may award up to three times damages for willful infringement. Additionally, the Court finds that a willfulness award of one time the verdict is appropriate along with attorney fees and court costs, i.e. an additional $24,960,000.00 plus attorney fees and court costs.

IT IS HEREBY ORDERED AND ADJUDGED that judgment be and is hereby entered on the August 14, 2019 verdict for plaintiffs causes of action for trade secrets misappropriation and breach of contract as set forth in D.I. 1059, and as modified herein, in the amount of $9,499,732.48, plus attorney fees and court costs.

IT IS HEREBY FURTHER ORDERED AND ADJUDGED that judgement be and is hereby entered on the August 14, 2019 verdict as set forth in D.I. 1059 for plaintiffs' causes for of action for willful trade secrets misappropriation in the amount of $18,999,464.96 plus attorney fees and court costs.

IT IS HEREBY FURTHER ORDERED AND ADJUDGED that judgment be and is hereby entered on the August 14, 2019 verdict as set forth in D.I. 1059, as modified herein, the amount of $24,960,000.00 and, additionally, for willfulness in the amount of

$24,960,000.00., which judgment wholly includes the judgment for trade secrets misappropriation, trade secrets willfulness and breach of contract hereinabove provided.[1]

IT IS FURTHER ORDERED THAT THE MAGISTRATE JUDGE SHALL assist with the scheduling and timelines for post-trial motions, including calculation for attorney fees and court costs and interest.

IT IS FURTHER NOTED that this Judgment Following Jury Verdict is subject to revision pursuant to any rulings on post-trial motions.

DATED this 20th day of August 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[1] The Court notes that the damages and willfulness damages for the trade secrets misappropriate and breach of contract are subsumed within the $49,920,000 amount.