**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LIQWD, INC. and OLAPLEX LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-14-JFB-SRF |
| | ) | |
| L'ORÉAL USA, INC., L'ORÉAL USA | ) | |
| PRODUCTS, INC., L'ORÉAL USA S/D, INC. | ) | |
| and REDKEN 5TH AVENUE NYC, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO ALTER OR AMEND THE JUDGMENT

Of Counsel:

Dennis S. Ellis
Katherine F. Murray
Adam M. Reich
Paul Hastings LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
(213) 683-6000

Naveen Modi
Joseph E. Palys
Daniel Zeilberger
Paul Hastings LLP
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1990

Scott F. Peachman
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

Dated:  September 17, 2019

Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
Katharine L. Mowery (#5629)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
moyer@rlf.com
mowery@rlf.com

*Attorneys for Defendants*
*L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc. and Redken 5th Avenue NYC, LLC*

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   NATURE AND STAGE OF PROCEEDINGS ................................................... 1

III.  THE COURT'S ENHANCED DAMAGES AND ATTORNEYS' FEES AWARDS SHOULD BE VACATED PENDING FURTHER BRIEFING AND ARGUMENT ON THOSE MATTERS ........................................................... 2

      A.   The Court May Not Enhance Patent Infringement Damages Without A Plaintiff's Motion, Briefing And Independent Factfinding ................................... 2

      B.   The Court May Not Award Exemplary Damages Without Further Briefing And Independent Factfinding ................................................................. 5

      C.   The Court May Not Award Attorneys' Fees After a Patent Infringement Verdict Without a Separate Finding That the Case Is "Exceptional" ................... 8

IV.   THE COURT'S CALCULATION OF TRADE SECRET MISAPPROPRIATION DAMAGES WAS ERRONEOUS .................................... 10

      A.   The February 5, 2015 Disclosure of the Alleged Trade Secrets Precludes Damages for Misappropriation or Breach of Contract. ...................................... 10

      B.   To the Extent The Court Meant to Find Disclosure of the Trade Secrets in November 2015, That Would Require Reduction of Trade Secret Damages ...... 11

V.    CONCLUSION ................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acevedo-Garcia v. Monroig*,
   351 F.3d 547 (1st Cir. 2003)................................................................................................12

*AdjustaCam, LLC v. Newegg, Inc.*,
   861 F.3d 1353 (Fed. Cir. 2017)...........................................................................................9

*Agilent Techs., Inc. v. Kirkland*,
   2010 WL 610725 (Del. Ch. Feb. 18, 2010) ........................................................................7

*Amgen Inc. v. Sanofi*,
   227 F. Supp. 3d 333 (D. Del. 2017).....................................................................................2

*Arctic Cat Inc. v. Bombardier Recreational Prods.*,
   876 F.3d 1350 (Fed. Cir. 2017)...........................................................................................3

*Bayer CropScience AG v. Dow AgroSciences LLC*,
   851 F.3d 1302 (Fed. Cir. 2017)...........................................................................................9

*Beard Research, Inc. v. Kates*,
   8 A.3d 573 (Del. Ch.), *aff'd sub nom.*
   *ASDI, Inc. v. Beard Research, Inc.*, 11 A.3d 749 (Del. 2010)....................................................6

*ClearOne Commc'ns, Inc. v. Bowers*,
   643 F.3d 735 (10th Cir. 2011) .............................................................................................7

*Elliott v. Kiesewetter*,
   98 F.3d 47 (3d Cir. 1996)......................................................................................................6

*Evonik Degussa GmbH v. Materia, Inc.*,
   305 F. Supp. 3d 563 (D. Del. 2018).....................................................................................9

*Georgetown Rail Equip. Co. v. Holland L.P.*,
   867 F.3d 1229 (Fed. Cir. 2017)........................................................................................4, 5

*Great Am. Opportunities, Inc. v. Cherrydale Fundraising, LLC*,
   2010 WL 338219 (Del. Ch. Jan. 29, 2010).........................................................................7

*Greatbatch Ltd. v. AVX Corp.*,
   2016 WL 7217625 (D. Del. Dec. 13, 2016).........................................................................4

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016)......................................................................................................3, 4

*Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*,
    572 U.S. 559 (2014)............................................................................................................8

*Horatio Washington Depot Techs. LLC v. Tolmar, Inc.*,
    2019 WL 4038557 (D. Del. Aug. 27, 2019) .............................................................................9

*Idenix Pharm. LLC v. Gilead Scis., Inc.*,
    271 F. Supp. 3d 694 (D. Del. 2017)....................................................................................4, 5

*Kennon v. Gilmer*,
    131 U.S. 22 (1889)............................................................................................................12

*Mattel, Inc. v. MGA Entm't, Inc.*,
    801 F. Supp. 2d 950 (C.D. Cal. 2011) ....................................................................................7

*Mattern & Assocs., L.L.C. v. Seidel*,
    678 F. Supp. 2d 256 (D. Del. 2010)........................................................................................7

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    572 U.S. 545 (2014)............................................................................................................8

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
    2019 WL 3290369 (D. Del. July 22, 2019) .............................................................................4

*Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*,
    875 F.3d 1369 (Fed. Cir. 2017)..............................................................................................4

*Reactive Metals and Alloys Corp. v. ESM, Inc.*,
    769 F.2d 1578 (Fed. Cir. 1985)..............................................................................................8

*Read Corp. v. Portec, Inc.*,
    970 F.2d 816 (Fed. Cir. 1992)................................................................................................5

*In re Rembrandt Techs. LP Patent Litig.*,
    899 F.3d 1254 (Fed. Cir. 2018)..............................................................................................8

*Uhlig, LLC v. Shirley*,
    895 F. Supp. 2d 707 (D.S.C. 2012)........................................................................................7

*WCM Indus., Inc. v. IPS Corp.*,
    721 F. App'x 959 (Fed. Cir. 2018) .........................................................................................4

**Statutes**

18 U.S.C. § 1836(b)(3)(c) .......................................................................................................5

35 U.S.C.
  § 284.................................................................................................................3
  § 285..............................................................................................................8, 9

6 *Del. C.* § 2003(b) .........................................................................................5

Delaware Uniform Trade Secrets Act ("DUTSA") ...........................................1, 5, 6, 7

Federal Defend Trade Secrets Act ("DTSA") ...................................................1, 5, 6, 7

Uniform Trade Secrets Act ("UTSA")
  § 3(b)...........................................................................................................5, 7

## Other Authorities

Fed. R. Civ. P.
  R. 52(a)(1)....................................................................................................6
  R. 59(e) ...................................................................................................1, 2, 13

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 59(e), Defendants L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc., and Redken 5th Avenue NYC, LLC (collectively "L'Oréal USA") respectfully submit this opening brief in support of their Motion to Alter or Amend the Judgment (D.I. 1078).  Specifically, L'Oréal USA moves the Court to alter or amend the Judgment to:

1. Vacate its enhancement of patent infringement damages;

2. Vacate its award of exemplary damages based on willful and malicious trade secret misappropriation;

3. Vacate its award of attorney fees to the plaintiffs; and

4. Correct an error in the damages calculation.

## II.    NATURE AND STAGE OF PROCEEDINGS

Plaintiffs Liqwd, Inc. and Olaplex LLC (collectively "Olaplex") originally filed suit against L'Oréal USA in the U.S. District Court for the District of Delaware on January 5, 2017, claiming patent infringement and misappropriation of trade secrets under both the Federal Defend Trade Secrets Act and the Delaware Uniform Trade Secrets Act, as well as various related state law causes of action, and requesting a jury trial. D.I. 2.  The trial occurred in August 2019.

The jury received its initial instructions, in which the Court delivered, *inter alia*, its understanding of the relevant willfulness standards, on August 6, 2019.  D.I. 1049 at 64, 66. After receiving closing instructions, which did not discuss willfulness, *see* D.I. 1056, the jury returned a verdict in favor of Olaplex on August 12, 2019, D.I. 1059.  The jury awarded Olaplex $22,265,000 total damages for trade secret misappropriation and found that L'Oréal USA's misappropriation had been willful and malicious "as outlined in [the Initial] Jury Instructions."

1

D.I. 1060 at 2.  The jury awarded Olaplex $21,810,000 for infringement of the '419 patent and

$24,960,000 for infringement of the '954 patent, and again found that L'Oréal USA's conduct

had been willful.  *Id.* at 5.

The Court's Memorandum and Judgment was signed and entered on August 20, 2019.

D.I. 1078.  The Court ultimately awarded Olaplex $24,960,000, before enhancement, for all

causes of action.  *Id*. at 2, 5.  Finding "ample evidence to support . . . exemplary damages," the

Court doubled its modification of the jury's misappropriation award, doubled the '954 patent

infringement damages, and added attorneys' fees and costs without any prior briefing on those

issues.  *Id.* at 4.  Olaplex's modified trade secret misappropriation damages were ultimately

"subsumed within" a total award, before attorneys' fees and costs, of $49,920,000, that is, the

jury's award for infringement of the '954 patent doubled.  *Id.* at 5.

## III. THE COURT'S ENHANCED DAMAGES AND ATTORNEYS' FEES AWARDS SHOULD BE VACATED PENDING FURTHER BRIEFING AND ARGUMENT ON THOSE MATTERS

The Court "should exercise its discretion to alter or amend its judgment" under Federal

Rule of Civil Procedure 59(e) when there is "a need to correct a clear error of law or fact."

*Amgen Inc. v. Sanofi*, 227 F. Supp. 3d 333, 349 (D. Del. 2017).  Because, as explained below,

clear errors of both law and fact were present in the Court's entry of judgment, alteration or

amendment of that Judgment is proper under Rule 59(e).

### A. The Court May Not Enhance Patent Infringement Damages Without a Plaintiff's Motion, Briefing and Independent Factfinding

The Court erred in awarding Olaplex enhanced patent infringement damages based solely

on the jury's finding of willfulness and the Court's unelaborated statement that there was "ample

evidence to support . . . exemplary damages," and its determination that doubling of patent

infringement damages was "appropriate."  D.I. 1078 at 4.  The Court's discretionary role in

2

determining damages enhancements for patent infringement is separate from the jury's role in determining willful infringement, as Supreme Court and Federal Circuit precedent both confirm.

Olaplex bears the burden of proving entitlement to enhanced damages by a preponderance of the evidence. *Arctic Cat Inc. v. Bombardier Recreational Prods.,* 876 F.3d 1350, 1371 (Fed. Cir. 2017). Courts must consider factors both not before juries and not reflected in juries' findings to make that determination. The Court therefore should have awaited a motion from Olaplex requesting enhancement, and briefing and argument on the motion, prior to entering its ruling, and should have made findings of fact considering all circumstances bearing on enhancement.

The Patent Act permits District Courts to "increase [infringement] damages up to three times the amount found or assessed." 35 U.S.C. § 284. The Supreme Court explained that such enhancements "are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). *Halo* abrogated the then-operative test used by the Federal Circuit in evaluating enhanced damages, reaffirming instead that "courts should continue to take into account the particular circumstances of each case in deciding whether to award damages, and in what amount," subject to the condition that "such punishment should generally be reserved for egregious cases typified by willful misconduct." *Id.* at 1933-34. *Halo* also ruled that the party seeking enhanced damages must prove enhancement by a preponderance of the evidence, and that enhancement decisions would be reviewed for abuse of discretion. *Id.* at 1934.

*Halo* and its progeny make it impermissible for the Court to rely solely on the jury's finding of willfulness to justify enhanced infringement damages. Here the Court's Initial

3

Instruction 44 outlined five factors the jury "may" consider in making its willfulness determination. D.I. 1049 at 64. But the Court then enhanced infringement damages in its Judgment based solely on the jury's answer of "yes" to the willfulness question and the Court's perfunctory statement—covering, conceivably, both the patent and trade secrets claims—that there was "ample evidence to support . . . exemplary damages." D.I. 1078 at 4.

That is insufficient. Only "detailed factual findings" can support an award of enhanced damages, and the Court may not "merely look to the jury's finding" to settle the issue. *Georgetown Rail Equip. Co. v. Holland L.P.*, 867 F.3d 1229, 1245 (Fed. Cir. 2017). A jury's willfulness decision "does not command the enhancement of damages" but instead merely "assist[s] the trial court . . . in determining whether to exercise its discretion to award enhanced damages at all." *WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 972 (Fed. Cir. 2018); *see also Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.* 2019 WL 3290369, at *7 (D. Del. July 22, 2019) ("[T]he role of the jury in determining willfulness and the role of the judge in determining enhancement of damages are distinct."); *Greatbatch Ltd. v. AVX Corp.*, 2016 WL 7217625, at *6 (D. Del. Dec. 13, 2016) ("A finding of willfulness may be a necessary—but is not a sufficient—condition to permit the Court to exercise its discretion."). *Halo* "requires the district court to consider the particular circumstances of the case to determine whether it is egregious," which is a different question than the one put to a jury making a willful infringement determination. *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1383 (Fed. Cir. 2017). That is why, when evaluating exemplary infringement damages, "it is entirely appropriate, even required, for the Court to consider" aspects of the case not before a jury (like litigation conduct), or "substantial contrary evidence" not reflected in a jury's yes-or-no willfulness finding. *Idenix Pharm. LLC v. Gilead Scis., Inc.*, 271 F. Supp. 3d 694, 697 (D. Del.

4

2017).  Courts typically consider the non-exclusive factors outlined in *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992), in determining egregiousness.  *Georgetown Rail Equip. v. Holland L.P.*, 867 F.3d 1229, 1244 (Fed. Cir. 2017).

At the time this Court issued the Judgment, Olaplex had not yet moved for enhancement of damages or marshaled the evidence to carry its burden of proof (and L'Oréal USA had not had any opportunity to be heard on the issue).  Post-trial briefing and argument is therefore required to support any enhanced patent infringement damages.  *See, e.g., Idenix Pharm. LLC*, 271 F. Supp. 3d at 697 ("Applying [] law to the facts and circumstances presented here, and after carefully reviewing the trial record and the parties' briefing, and also having heard extensive oral argument, the Court concludes that it should not enhance damages.").  The Judgment should be amended to strike its doubling of patent infringement damages pending a motion from Olaplex, further briefing, and argument on this matter.

**B.    The Court May Not Award Exemplary Damages Without Further Briefing And Independent Factfinding**

The Delaware Uniform Trade Secrets Act ("DUTSA"), a wholesale adoption of the Uniform Trade Secrets Act ("UTSA"), states that "[i]f willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award made under . . . this section."  6 *Del. C.* § 2003(b).  The federal Defend Trade Secrets Act ("DTSA") similarly allows courts to "award exemplary damages" up to double the actual loss, unjust enrichment or reasonable royalty damages awarded "if the trade secret is willfully and maliciously misappropriated."  18 U.S.C. § 1836(b)(3)(c).

Commentary to the damages section of the UTSA explains that "[t]his provision follows federal patent law in leaving discretionary [enhancement] to the judge even though there may be a jury," citing the Patent Act treble damages provision then in force.  Uniform Trade Secrets Act

§ 3(b) cmt. (1985).  This indicates that the District Court's "discretionary" role in enhancing a trade secrets misappropriation award based on willfulness and maliciousness tracks that in the patent context.  Indeed, this Court has specifically declared the jury would render only "an advisory opinion on willfulness."  (Declaration of Naveen Modi ("Modi Decl."), Ex. A at 1584:7-13.)

This Court is the finder of fact on willfulness and maliciousness and exemplary damages. "In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately."  Fed. R. Civ. P. 52(a)(1).  Appellate courts will vacate orders if the district court's ruling "are inadequate to explain the basis for its ruling or to permit meaningful review of its ruling." *Elliott v. Kiesewetter*, 98 F.3d 47, 55 (3d Cir. 1996) (internal quotation marks and brackets omitted).

Therefore, as with the patent infringement verdict, this Court may not enter an enhancement based solely on the jury's finding of willfulness and maliciousness.  Here, again, the Court's Memorandum and Judgment referred to "ample evidence [] support[ing] . . . exemplary damages," D.I. 1078 at 4, but said nothing about what such evidence was, whether such evidence spoke to patent infringement or trade secret misappropriation or both, or why such evidence supported the jury's findings.  It did not allow either party the opportunity to be heard. Further briefing and development of the record is thus required to support exemplary damages under either the DUTSA or the DTSA.

In *Beard Research, Inc. v. Kates*, 8 A.3d 573, 580, 600 (Del. Ch.), *aff'd sub nom. ASDI, Inc. v. Beard Research, Inc.*, 11 A.3d 749 (Del. 2010), the Delaware Chancery Court explained that "post-trial findings of fact and conclusions of law," based on "plaintiffs . . . specify[ing] which evidence they believe shows that Defendants' misappropriation was malicious" were

required to award exemplary damages.  Similarly, in *Mattern & Assocs., L.L.C. v. Seidel*, 678 F. Supp. 2d 256 (D. Del. 2010), the District Court, applying a DUTSA jury verdict, awarded exemplary damages only after post-trial motions and independent factfinding.  *See id.* at 271 (citing the facts from which"[t]he jury's finding derives substantial support"); *see also Great Am. Opportunities, Inc. v. Cherrydale Fundraising, LLC*, 2010 WL 338219, at *1 (Del. Ch. Jan. 29, 2010) (holding as to exemplary damages was "based on the parties' post-trial briefs and oral argument"); *Agilent Techs., Inc. v. Kirkland,* 2010 WL 610725, at *34 (Del. Ch. Feb. 18, 2010) (holding that Plaintiff "met its burden of demonstrating that the conduct of [Defendants] was both willful and malicious" and citing demonstrated facts).  District Courts applying other states' adoptions of the UTSA adhere to the same practice.  *See, e.g., Uhlig, LLC v. Shirley*, 895 F. Supp. 2d 707 (D.S.C. 2012) (finding misappropriation willful under the South Carolina Trade Secrets Act based on post-trial motions); *Mattel, Inc. v. MGA Entm't, Inc.*, 801 F. Supp. 2d 950, 952 (C.D. Cal. 2011) (court "consider[ed ] moving, opposing, and replying papers, the evidence in the record [and] parties' oral argument" in post-trial ruling on exemplary trade secret misappropriation damages); *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 758–59 (10th Cir. 2011).

To whatever extent, then, that the Court's final judgment incorporates its enhancement of damages under either the DTSA or the DUTSA based on a willfulness and maliciousness finding, that judgment should be amended.  L'Oréal USA therefore respectfully asks the Court to vacate its entry of judgment as to willful trade secret misappropriation and solicit further briefing on the matter.

**C.**  **The Court May Not Award Attorneys' Fees After a Patent Infringement Verdict Without a Separate Finding That the Case Is "Exceptional"**

The Patent Act's fee-shifting provision allows district courts discretion to award attorney fees "in exceptional cases." 35 U.S.C. § 285. In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014), the Supreme Court invalidated the Federal Circuit's then-operative framework for attorneys' fees awards. The Supreme Court defined "an 'exceptional' case [as] simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 554. The Court affirmed that district courts were henceforth to determine exceptionality "in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* The party seeking attorneys' fees must prove entitlement by a preponderance of the evidence, *id.* at 557–558, and fee-shifting decisions are reviewed for abuse of discretion, *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559 (2014).

Because Olaplex bears the burden of proof of proving exceptionality, this Court again should have awaited a motion in which it adduced evidence (if any) that this case was exceptional. This Court is not permitted to award "exceptional" attorneys' fees on top of a patent infringement verdict automatically without allowing the parties to be heard and putting findings into the record that will "shed [] light on its justifications for its decisions on these fact-intensive issues." *In re Rembrandt Techs. LP Patent Litig.*, 899 F.3d 1254, 1266 (Fed. Cir. 2018); *Reactive Metals and Alloys Corp. v. ESM, Inc.*, 769 F.2d 1578, 1582 (Fed. Cir. 1985) ("In order to provide a basis for meaningful review, it is incumbent on the trial court not only to make the ultimate finding that the case is exceptional, but also to articulate the more particular factual findings from which the finding of 'exceptional circumstances' follows."). At the very least, this

8

requires that Olaplex file a Section 285 motion to which L'Oréal USA may then respond. *Compare AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1357, 1360 (Fed. Cir. 2017) (district court instructed to solicit "briefing on the § 285 issue" and "actually assess the totality of the circumstances"; abuse of discretion found because "there is no evidence that the district court properly weighed the issues") *with Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1303 (Fed. Cir. 2017) (Attorneys' fees award upheld where "[t]he magistrate judge who had managed the case, having been briefed on the § 285 issue by both parties and having conducted a two-day hearing on the matter, issued a thorough report"); *see also Horatio Washington Depot Techs. LLC v. Tolmar, Inc.*, 2019 WL 4038557, at *2 (D. Del. Aug. 27, 2019) ("A party ***moving*** for attorney fees must ***demonstrate***, by a preponderance of the evidence, that a case is 'exceptional'" (emphases added));.*Evonik Degussa GmbH v. Materia, Inc.*, 305 F. Supp. 3d 563, 575 (D. Del. 2018) ("[plaintiff] intends to move for attorneys' fees under § 285 . . . to advance [] bases for finding this case exceptional").

The Court's error in this regard is particularly prejudicial when there is nothing in the patent infringement case that marks it as exceptional. L'Oréal USA had substantial litigation positions on liability and damages; indeed, it initially prevailed on a claim construction that would have exonerated it from infringement liability. And certainly L'Oréal USA is not guilty of any litigation misconduct that would warrant attorneys' fees.

L'Oréal USA thus respectfully asks the Court to vacate the attorneys' fees award and solicit a Section 285 motion from Olaplex in the first instance so that the issue can be fully briefed and argued.

IV.    **THE COURT'S CALCULATION OF TRADE SECRET MISAPPROPRIATION DAMAGES WAS ERRONEOUS**

The Court's Judgment also contains factual errors that require amendment of the judgment.  Although the Court's intent is not entirely clear, the Court should either eliminate trade-secret misappropriation and contract damages altogether, or reduce the amount.

A.    **The February 5, 2015 Disclosure of the Alleged Trade Secrets Precludes Damages for Misappropriation or Breach of Contract.**

The Court's Judgment explains its baseline trade secret misappropriation and contract damages calculation as follows:

> [D]amages for trade secrets and breach of contract are limited to the time the defendants possessed trade secrets.  The '815 patent was published on February 5, 2015, approximately 9 months (256 days) after the jury found the plaintiff conveyed its trade secrets to the defendant. . . . The date the '419 patent was published the trade secrets the defendants misappropriated were no longer trade secrets. . . . The Court's best recourse to rectify this issue is to divide the jury's damages award for trade secrets and breach of contract by the number of days in twenty months to determine daily damages, $37,108.33.  The per day damages then is multiplied by the number of days between the date the trade secret was disclosed, May 19, 2015, and the date the trade secret was published, February 5, 2016. The Court finds the damages for the trade secret violation and breach of contract is $9,499,732.48.

D.I. 1078 at 2-3.  The Court's underlying bases for finding damages contains several errors that must be clarified or amended to reflect the factual record of this case.

First, L'Oréal USA assumes the Court's reference to the "'815 patent [] published on February 5, 2015" was inadvertent, as no such patent or patent application was presented at trial. Presumably, the Court instead intended to identify Olaplex's published patent application for the '518 patent, which, as the Court correctly noted, published on February 5, 2015.  The Court also correctly noted that what Olaplex identified as its trade secret, "the active ingredient in its product, maleic acid," was published on February 5, 2015, the publication date of the '518 patent

10

application.  (D.I. 1078 at 2-3; Modi Decl., Ex. A at 755:17-20, 756:9-19, 758:5-23.)  The Court, however, incorrectly assumed that this February 5, 2015 date was "approximately 9 months (256 days) after the jury found the plaintiff conveyed its trade secrets to the defendant" at the May 19, 2015 meeting, but in fact, this February 5, 2015 date was *over three months before* Olaplex purportedly revealed any information to L'Oréal USA at the May 19, 2015 meeting.  As such, by the time of the May 19, 2015 meeting, Olaplex did not possess any trade secret information, and it could not therefore, recover on its trade secrets claim.  Indeed, the evidence at trial confirmed that L'Oréal USA became aware of maleic acid in Olaplex's product as early as August 2014 — *nine months* before the May 19, 2015 meeting.  (Modi Decl., Ex. A at 1189:2-22, 1191:15-1192:8, 1203:22-1204:8, 1206:11-21 ("Q. Was the sole basis of your discovery of maleic acid in Olaplex just the deformulation thing that you were doing, or was it the collection of the things you described? A. It's the collection of what I described.  . . .  Q. And this happened somewhere between August 22nd and 29, 2014? A: That's correct.")  As there was no maleic acid trade secret by the time the parties met in May 2015, the Court should correct the Judgment to reflect as much and eliminate trade secret damages.

**B.    To the Extent The Court Meant to Find Disclosure of the Trade Secrets in November 2015, That Would Require Reduction of Trade Secret Damages**

Even if the Court meant to refer to the publication date of the '926 patent application which published on November 16, 2015 (not February 5, 2015), the Judgment still would require amendment.  The Judgment notes that the jury's award accounts for damages for a nine-month period (256 days)—*i.e.*, the period between the trade secret's revelation and the patent application's publication.  (D.I. 1078 at 2.)  But even if the '926 patent application was shared at the parties' May 19, 2015 meeting, this would have been only **181 days**, not 256 days, prior to the publication on November 16, 2015.

11

As L'Oréal USA argues in its Motion for a New Trial, filed concurrently herewith, this Court should not have undertaken independent factfinding in derogation of the parties' Seventh Amendment rights, and there is no evidence to support this Court's calculation; the proper remedy for a verdict that does not comport with the evidence is a new trial. (*See* New Trial Mot. § V.) Indeed, the one document from which such a determination could have been made was inadmissible as acknowledged by Olaplex. (Modi Decl., Ex. A at 1270:20, 1271:12-14.)

Without prejudice to its new trial or JMOL motions, L'Oréal USA therefore requests that the Court (if it adheres to the analysis set forth in the Judgment) at a minimum amend the Judgment to rectify the above factual errors and clarify that 181 days is the maximum possible time period Olaplex could be found to have incurred trade secret misappropriation damages, assuming that the '518 patent application did not disclose maleic acid and that L'Oréal USA did not discover maleic acid in Olaplex's product nine months prior. At the daily rate adopted by this Court ($37,108.33) times 181 days, that would suggest misappropriation/contract damages of no more than $6,716,607.73.[1]

---

[1] Olaplex has indicated in its briefing on the supersedeas bond that it plans to move for an amendment of the judgment to *increase* the damages award. (D.I. 1091 at 2.) Although L'Oréal USA will address Olaplex's arguments fully in its response to that motion, Olaplex may be attempting to renew its proposal that total damages should be $37,410,000.00. (*See* Modi Decl., Ex. A at 1302:24-1303:19.) Under no circumstances, however, can the Court increase the damages to that amount. As it stands, the Judgment is based on a jury verdict that impermissibly awarded Olaplex double recovery for the same injury. Specifically, the jury awarded: $22.265 million for Olaplex's trade secrets claim, $22.265 million for the breach of contract claim, $21.81 million for infringement of the '419 patent, and $24.96 million for infringement of the '954 patent. "It is well-settled that double awards for the same injury are impermissible." *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 567 (1st Cir. 2003). Given the amounts provided in the jury's verdict, the total damages award cannot exceed $24.96 million. Olaplex counsel appears to concede that Olaplex's recovery would be limited to the highest of all the numbers awarded by the jury, (Modi Decl., Ex. A at 1303:8-1304:1), which in this case would be $24.96 million. Any increase in the judgment would be impermissible. *See, e.g.*, *Kennon v. Gilmer*, 131 U.S. 22, 29 (1889) (a court cannot render "an absolute judgment for any other sum than that

12

## V.    CONCLUSION

For the foregoing reasons, L'Oréal USA asks the Court to amend or alter the Judgment, D.I. 1078, pursuant to Federal Rule of Civil Procedure 59(e), to vacate the damages enhancements and attorneys' fees award pending further briefing on those matters, and to correct the mistakes in calculating trade secret misappropriation and patent infringement damages as discussed above.


Of Counsel:

Dennis S. Ellis
Katherine F. Murray
Adam M. Reich
Paul Hastings LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
(213) 683-6000

Naveen Modi
Joseph E. Palys
Daniel Zeilberger
Paul Hastings LLP
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1990


Scott F. Peachman
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

Dated:  September 17, 2019

*/s/ Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
Katharine L. Mowery (#5629)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
moyer@rlf.com
mowery@rlf.com

**Attorneys for Defendants**
*L'Oréal USA, Inc., L'Oréal USA Products, Inc., L'Oréal USA S/D, Inc. and Redken 5th Avenue NYC, LLC*

---

assessed by the jury").  Indeed, the proper course is to reduce the judgment by remittitur to $861,898.00, as set forth in L'Oréal USA's motion for new trial, § IX.